```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS



   * * * * * * * * * * * * *
   UNITED STATES OF AMERICA    *
                               *  CRIMINAL ACTION
              v.               *  No. 19-mj-06087-MPK-13, 14, 16
                               *
   ELIZABETH HENRIQUEZ,        *
   MANUEL HENRIQUEZ, and       *
   FELICITY HUFFMAN            *
              Defendants       *
   * * * * * * * * * * * * *




             BEFORE THE HONORABLE M. PAGE KELLEY
                UNITED STATES MAGISTRATE JUDGE
                      INITIAL APPEARANCE
                        April 3, 2019





                                 Courtroom No. 18
                                 1 Courthouse Way
                                 Boston, Massachusetts 02210


                     JAMES P. GIBBONS, RPR/RMR
                       Official Court Reporter
                    1 Courthouse Way, Suite 7205
                    Boston, Massachusetts  02210
                       jamesgibbonsrpr@gmail.com
```

```
 1   APPEARANCES:

 2
            UNITED STATES ATTORNEY'S OFFICE, (By AUSA Eric S.
 3      Rosen, AUSA Justin D. O'Connell, and AUSA Leslie Wright,
        AUSA) 1 Courthouse Way, Suite 9000, Boston,
 4      Massachusetts, 02210, on behalf of the United States of
        America
 5
            ROPES & GRAY, LLP - MA, (By Aaron M. Katz, Esq.)
 6      Prudential Tower, 800 Boylston Street, Boston,
        Massachusetts, 02199-3600, on behalf of Elizabeth
 7      Henriquez

 8          ORRICK, HERRINGTON & SUTCLIFFE, LLP, (By Melinda
        Haag, Esq., and Walter Brown, Esq.) 405 Howard Street,
 9      San Francisco, California  94105, on behalf of Manuel
        Henriquez
10
            FOLEY HOAG, LLP, (By Martin F. Murphy, Esq., and
11      Julia G. Amrhein, Esq.) Seaport World Trade Center West,
        155 Seaport Boulevard, Boston, Massachusetts, 02210, on
12      behalf of Felicity Huffman

13          WHITE & CASE, LLP, (By Michael Kendall, Esq., and
        Yakov Malkiel, Esq.) 75 State Street, Boston,
14      Massachusetts 02109, on behalf of John Wilson

15          MINER ORKAND SIDDALL, LLP, (By Tracy A. Miner,
        Esq.) 470 Atlantic Avenue, 4th Floor, Boston,
16      Massachusetts  02210, on behalf of Homayoun Zadeh

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2                         E X C E R P T
 3                       *  *  *  *  *  *  *
 4           THE CLERK:  All rise.
 5       (Whereupon, the Court entered the courtroom.)
 6           THE CLERK:  Today is Wednesday, April 3, 2019, and
 7   we are on the record in Magistrate Case No. 19-6087, the
 8   United States of America versus John Wilson and Homayoun
 9   Zadeh, the Honorable M. Page Kelley presiding.
10       Counsel, please identify yourselves for the record.
11           MR. ROSEN:  Good afternoon, your Honor.  Eric Rosen
12   for the government.
13           THE COURT:  Good afternoon.
14           MR. O'CONNELL:  Good afternoon, your Honor.  Justin
15   O'Connell for the government.
16           THE COURT:  Good afternoon.
17           MS. WRIGHT:  And Leslie Wright for the government,
18   your Honor.
19           THE COURT:  Good afternoon.
20           MR. KENDALL:  Good afternoon, your Honor.  Mike
21   Kendall and Yakov Malkiel for John Wilson, and we thank the
22   Court for the schedule to deal with our trial disruption.
23           THE COURT:  You're welcome.
24       Good afternoon, Mr. Wilson.
25           MS. MINER:  Good afternoon, your Honor.  Tracy
```

1   Miner for Mr. Zadeh, and I join in the thanks.
2           THE COURT:  Thank you very much.
3       Good afternoon, Mr. Zadeh.
4           DEFENDANT ZADEH:  Good afternoon.
5           THE COURT:  So, I just want to address those who
6   are here for their initial appearance today, and I want to
7   make a few general announcements and just explain how we are
8   going to proceed here this afternoon.
9       So, the rules of criminal procedure require me to go
10  through a certain colloquy with a person at their initial
11  appearance, and we can streamline things quite a bit here
12  today if everyone will just listen to what I say to
13  Mr. Wilson; and then I can just ask you, when it is your
14  turn, whether you heard what I said and understand the
15  various things on the list that I have to go through.
16          Specifically, I need to make sure everyone understands
17  their right to remain silent, that they heard the government
18  state the charges and the maximum penalties.
19      I need to make sure you understand the charges against
20  you.
21      I need to know what you plan to do regarding your right
22  to have a preliminary hearing, and I don't know if everyone
23  has seen the form.  If you are going to waive it, you need
24  to sign a form, and we have those on the tables here.
25          And I'm going to go through the conditions of release

1   for each person.
2         So, with regard to the bonds, I am just going to leave
3   the bonds as they were in the district in which you got
4   released originally.  I am happy to hear argument on that,
5   but otherwise the bond will just remain the same.  It will
6   be transferred here, and you need not do anything about
7   that.
8         I just want to say a few general things about the
9   conditions.  I am trying to give everyone an individualized
10  look with regard to your conditions, but, at the same time,
11  I am trying to be fair and impose the same burdens on
12  everyone.
13        And so I think everyone knows that I am not inclined to
14  allow personal international travel.  If you want me to
15  consider an exception to that, I am happy to do that.  You
16  can file a motion, but, in general, I am discouraging that.
17        With regard to business travel, I really expect that
18  business travel should be for a significant purpose and
19  necessary to the person's livelihood.  So I would just ask
20  you to be choosy about the business travel that you request.
21        I am not going to mention international travel on each
22  person's Conditions of Release, but the process will be that
23  you will file a motion for business travel, and you need to
24  consult with Probation and the government first.  And then
25  you will return -- if the motion is granted, you'll collect

1    your passport from Probation prior to the travel and return
2    it afterward, and I am really asking that you try to keep
3    those requests to a minimum.
4         With regard to travel within the United States, I am
5    going to let each person just work out the terms of that
6    with their pretrial release officer.  So if your officer
7    wants you to tell them in so many days in advance and give
8    them an itinerary, et cetera, you can just work that out
9    with your individual person.  And if that proves to be
10   troublesome and you're having disagreements about that, you
11   can just talk to your lawyer and bring it to the Court.
12        I am going to ask everyone not to have firearms in
13   their homes, and the Condition will state that you are not
14   to possess a firearm.  And what I am asking -- I know many
15   people do have firearms -- that you just get them out of
16   your house, because if you are going to be supervised by
17   Pretrial Services, there should not be firearms in your
18   house when they are coming to your house.  And so for the
19   pendency of the case just put the firearms somewhere else,
20   and give your Pretrial Services officer some kind of
21   validation that you did that.
22        One of the conditions is that you do not violate any
23   federal, state, or local law while on release, and,
24   typically, there is a box on the Conditions for not
25   possessing any narcotic drugs illegally.  And I have not

1    been checking that off, because I do not think it is
2    necessary because I think it is covered under the admonition
3    that you not commit any further crimes.  But, just for
4    everyone, you are not to possess any narcotic drugs unless
5    they are prescribed by a doctor.
6         And, finally -- and I am happy to hear the government's
7    argument on this -- I have been imposing a condition that
8    people are not to speak or have direct or indirect contact
9    with victims or witnesses in the case and co-defendants
10   except in the presence of counsel.  And one of the
11   conditions I had imposed earlier on other people was that
12   that included -- they could have contact with family members
13   but not discuss the case except in the presence of counsel.
14   And I have rethought that, and I am not inclined to not
15   allow family members to discuss the case.
16          I just do not think that is realistic, and I do not
17   think it is good for parents not to be able to talk to their
18   children, for example, except in the presence of their
19   lawyer about the case.
20       So I am not going to impose that, and for people who
21   had that imposed earlier, I am going to revisit that.
22       I am happy to hear you, Mr. Rosen.
23           MR. ROSEN:  Just -- I don't oppose -- we don't
24   oppose a general, you know, nonprohibition on discussing of
25   the case in terms of proceedings and what's going on and

Case 1:19-cr-10080-LTS   Document 320   Filed 04/10/19   Page 8 of 17

8

1    where they are in the case and that type of thing.
2        I do think, though, it would be problematic to -- for a
3    father or a mother to discuss the factual events that went
4    into making the case, for example, what they knew and sort
5    of shaping of various testimony.  Because they are --
6    technically, children are witnesses to these events.  They
7    all have various levels of knowledge.
8        So I would ask that any discussions about the actual
9    facts as they occurred at that time be limited to with their
10   counsel.
11            MR. KENDALL:  Your Honor, if I may address that?
12            THE COURT:  Yes.
13            MR. KENDALL:  We certainly understand and don't
14   need to be instructed or admonished about rules of integrity
15   of witnesses.
16       He's a father.  He's got a son enrolled in a
17   university.  We may need to deal with things with the
18   university or with the son's education.  To tell the father
19   that I have to be present for every discussion with his son
20   about his education, I think, is unrealistic.
21       We understand the obligation of not, you know,
22   affecting somebody and their integrity as a witness, but a
23   father has to advise his son, and I'd ask that there not be
24   any specific rules restricting that.
25            THE COURT:  Okay.

1       Yes, Mr. Miner?

2          MS. MINER: Your Honor, I would join in that. I
3   think it's unrealistic, especially when you're talking about
4   college kids. You can't control what they say. You can't.
5   Obviously, it's a family issue, and I don't know how you
6   would even monitor it, to tell you the truth. So I think
7   that family members should be excluded.

8          THE COURT: Okay.

9       I hear you, Mr. Rosen, and I understand why you are
10  saying that, and I do not think it is an outlandish
11  requirement, but I do think it is just unmanageable. And on
12  some level I just do not think it is right to impose that
13  condition.

14      I would just admonish everyone to talk to your
15  lawyer -- if you are involved in this case, to talk to your
16  lawyer about obstruction of justice because that -- you
17  don't want to get in trouble for trying to influence
18  someone's testimony. And also, if a child ever was a
19  witness in the case, they could certainly be asked what they
20  had discussed, and you just want to be careful about that.
21  So I would just ask you to please discuss that with your
22  lawyer.

23      Okay. So after I finish with each person, the people
24  who are sitting here in front of the bar, I am going to just
25  give them a minute to look at their Conditions and sign

1     them, and then the clients need to go down to the Probation
2     Office and meet with a probation officer.  And also we'll
3     need to have the signed Preliminary Hearing Waiver Form, if
4     you have that.
5          And, finally, before we get started, I would just like
6     to kind of warn everyone that the microphones are live, and
7     they don't necessarily amplify your voice, but they are
8     picking up what you're saying.  So if a lawyer and their
9     client are talking in the proximity of one of those
10    microphones, it can be streamed to another courtroom or
11    otherwise picked up.  So you will want to just reach down
12    and press the tab and make sure that green light goes off if
13    you're talking privately.
14         So, Mr. Wilson, I am going to address my comments to
15    you.
16         First of all, you have a right to remain silent.
17    Anything you say can be used against you.  If you decide to
18    answer questions or make a statement, you can stop talking
19    at any time if you change your mind, and you also have the
20    right to have a lawyer with you if you decide to answers
21    questions or make a statement.
22         Do you understand your right to remain silent?
23         DEFENDANT WILSON:  Yes, your Honor.
24         THE COURT:  I am going to ask the government to
25    state the charges and the maximum possibly penalties.

1   MR. ROSEN:  There is only one charge for all the
2   defendants present here, except for the Colburns, who will
3   be arraigned later, but it's a one-count conspiracy to
4   commit mail fraud and honest services mail fraud; a maximum
5   penalty of the 20 years in prison; supervised release for
6   three years; a fine of $250,000, or twice the gross gain or
7   loss, whichever is more; a special assessment of $100 per
8   count, the one count here; restitution and forfeiture, if
9   there's any applicable, at a later date.
10       (Whereupon, the Court conducted inquiry of
11   co-defendants.)
12       THE CLERK:  Elizabeth Henriquez, Manuel Henriquez,
13   Felicity Huffman, and counsel come up to the tables.
14       (Pause in proceedings.)
15       THE CLERK:  Would Counsel please identify
16   themselves for the record.
17       MR. BROWN:  Good afternoon, your Honor.  Walter
18   Brown on behalf of Manuel Henriquez.
19       MS. HAAG:  And Melinda Haag, also on behalf of
20   Manuel Henriquez, your Honor.
21       THE COURT:  Good afternoon.
22       MR. KATZ:  Good afternoon, your Honor.  Aaron Katz
23   on behalf of Elizabeth Henriquez.
24       THE COURT:  Good afternoon.
25       MR. MURPHY:  Good afternoon, your Honor.  Martin

```
 1    Murphy on behalf of Ms. Huffman.
 2             MS. AMRHEIN:  Good afternoon, your Honor.  Julia
 3    Amrhein, also on behalf of Ms. Huffman.
 4             THE COURT:  Good afternoon.
 5        Mrs. Henriquez, did you hear me explain your right to
 6    remain silent, and do you understand that right?
 7             DEFENDANT ELIZABETH HENRIQUEZ:  Yes, I do.
 8             THE COURT:  Do you understand the charges against
 9    you?
10             DEFENDANT ELIZABETH HENRIQUEZ:  Yes, I do.
11             THE COURT:  You heard the government state the
12    maximum possible penalties?
13             DEFENDANT ELIZABETH HENRIQUEZ:  Yes.
14             THE COURT:  And you understand that you have the
15    right to a preliminary hearing, and what would you like to
16    do with regard to that?
17             MR. KATZ:  We've executed the waiver, your Honor.
18             THE COURT:  Okay.  So you have the right to the
19    hearing, but you don't wish to have it?
20             DEFENDANT ELIZABETH HENRIQUEZ:  Yes, your Honor.
21             THE COURT:  So I will find that your waiver is
22    knowing and voluntary.
23        And with regard to the conditions of your release, they
24    are the same as I read out for Mr. Wilson.  Any questions
25    about that?
```

```
 1              DEFENDANT ELIZABETH HENRIQUEZ:  No, your Honor.
 2              THE COURT:  Okay.
 3         Anything from the government?
 4              MR. ROSEN:  No, your Honor.
 5              THE COURT:  Probation?
 6              PROBATION OFFICER:  Your Honor, I just want to make
 7    it clear that the Henriquezes have ten firearms, and that
 8    they have to be removed from the home, where they previously
 9    had a passcode change, a friend's in possession of the
10    passcode, and that your Honor wishes that they be completely
11    removed from the home.
12              THE COURT:  Okay.
13         So, you will need to have the firearms out of your
14    primary residence, okay?
15              MS. HAAG:  Your Honor, we're happy to work with law
16    enforcement.  In my experience, it can be somewhat
17    complicated to transport weapons like that, so we'll
18    certainly talk with Pretrial Services and work with law
19    enforcement to accomplish that.
20              THE COURT:  Okay.  And I'm not going to set any
21    deadlines for that, but you should talk to the Pretrial
22    Services officer where you live, and whatever conditions
23    they set, the time line, et cetera, you need to abide by
24    that, okay?
25              DEFENDANT ELIZABETH HENRIQUEZ:  Yes, your Honor.
```

```
 1              THE COURT:  Mr. Henriquez, you heard me explain
 2   your right to remain silent?
 3              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
 4              THE COURT:  You understand that right?
 5              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
 6              THE COURT:  And you have been over the charges with
 7   your lawyer and understand the charges against you?
 8              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
 9              THE COURT:  And you heard the government state the
10   maximum possible penalty?
11              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
12              THE COURT:  And you also have the right to a
13   preliminary hearing, and what would you like to do about
14   that?
15              MS. HAAG:  We have executed the waiver as well.
16              THE COURT:  Okay.
17         So you have the right to the hearing, but you have
18   chosen not to have it?
19              DEFENDANT MANUEL HENRIQUEZ:  Yes, your Honor.
20              THE COURT:  So I'll find that your waiver is
21   knowing and voluntary.
22         And your conditions are the same as well.  Any
23   questions about that?
24              DEFENDANT MANUEL HENRIQUEZ:  No, your Honor.
25              THE COURT:  The government?
```

```
 1              MR. ROSEN:  Nothing, your Honor.
 2              THE COURT:  And, Probation, other than the
 3   firearms?
 4              PROBATION OFFICER:  No.
 5              THE COURT:  Okay.
 6         So, Ms. Huffman, you heard me explain your right to
 7   remain silent?
 8              DEFENDANT HUFFMAN:  Yes, your Honor.
 9              THE COURT:  And you understand that?
10              DEFENDANT HUFFMAN:  Yes.
11              THE COURT:  And you understand the charges against
12   you?
13              DEFENDANT HUFFMAN:  Yes, your Honor.
14              THE COURT:  And you heard the government state the
15   charges and the maximum possible penalties?
16              DEFENDANT HUFFMAN:  Yes, your Honor.
17              THE COURT:  And what is your wish with regard to
18   your preliminary hearing?
19              MR. MURPHY:  Your Honor, I have spoken about it
20   with Ms. Huffman, and she and I have each executed the
21   waiver.
22              THE COURT:  Thank you, Mr. Murphy.
23         So you do not wish to have the hearing, Ms. Huffman?
24              DEFENDANT HUFFMAN:  No, your Honor.
25              THE COURT:  So I will find that your waiver is
```

```
 1    knowing and voluntary.
 2         You have the same conditions.
 3         Anything to say about that?
 4             MR. O'CONNELL:  No, your Honor.
 5             THE COURT:  Mr. Murphy?
 6             MR. MURPHY:  No, your Honor.  Thank you.
 7             THE COURT:  Nothing from Probation?
 8             PROBATION OFFICER:  No, your Honor.  Thank you.
 9             THE COURT:  All right.  So, we'll just print those
10    out.  You can sign them and go downstairs.
11         (Pause in proceedings.)
12             MR. MURPHY:  Thank you, your Honor.
13             MR. KATZ:  Thank you.
14             MR. BROWN:  Thank you, your Honor.
15         ...end of excerpt.
16
17
18
19
20
21
22
23
24
25
```

# **C E R T I F I C A T E**

   I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

<u>/s/James P. Gibbons</u>                     April 10, 2019
   James P. Gibbons

JAMES P. GIBBONS, CSR, RPR, RMR
Official Court Reporter
1 Courthouse Way, Suite 7205
Boston, Massachusetts 02210
jamesgibbonsrpr@gmail.com