UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

DAVID SIDOO, *et al.*,

Defendants.

Case No. 1:19-CR-10080-NMG

## VARIOUS DEFENDANTS' MOTION TO INCLUDE AN ADDITIONAL PROVISION IN THE PROPOSED PROTECTIVE ORDER

The undersigned Defendants hereby move for the addition of a provision to the Proposed Protective Order submitted as Exhibit A to the April 25, 2019 Joint Status Report (ECF # 365). After conferring at the direction of the Court in an effort to resolve disagreements regarding the Government's initial proposed protective order in this case (ECF # 317), the Parties reached a general agreement that the discovery provided by the Government may be governed by the Proposed Protective Order if entered by this Court. However, the Parties could not reach an agreement regarding the restrictions placed on individual defendants' use of Discovery Materials that only reference or relate to that defendant or the defendant's family members. Accordingly, the undersigned Defendants hereby move this Court to enter a protective order in the form of the Second Proposed Protective Order attached hereto as Exhibit A. Other than the addition of the requested provision at issue, described more fully below, the Second Proposed Protective Order is identical to the version agreed to by the Government (ECF # 365, Ex. A).

The provision at issue provides relief to the individual defendants from the Government's

indiscriminate lumping together of all Discovery Materials in the case in much the same way as it has lumped the defendants together in one big conspiracy.  Whether the Government has properly charged Defendants with, and joined them all together in, a single mail and wire fraud conspiracy count will be argued and adjudicated as the case develops. The fact that these issues have not yet been litigated does not mean that indiscriminate treatment of the defendants is appropriate during the discovery process.  The Government's blanket Proposed Protective Order is not appropriate, and there is no just or good cause to support its entry without the requested additional provision.

As described in the Joint Status Report (ECF # 365), the undersigned Defendants request that the Court include the following provision in the protective order it enters:

> FURTHER ORDERED that after 60 days following production of Discovery Materials by the Government, the requirements of this Order shall no longer apply to Primary Materials for each defendant, defined, with respect to each individual defendant, as any Discovery Materials that specifically reference or relate to that defendant or any of the defendant's family members, or that relate to any action taken by an alleged co-conspirator with respect to the defendant or any of the defendant's family members.  If the Government believes that any Primary Materials for a particular defendant should remain subject to this Order, it shall so designate such materials and the "good cause" for such designation within 60 days of production, after which that defendant may challenge such designation at any time in a motion to the Court to modify the application of this Order.  This provision only applies to Primary Materials for each defendant.  As to all other defendants, the requirements of this Order remain in place for materials that are not Primary Materials as to them.

This proposed provision would leave in place, for each defendant, restrictions on the use of Discovery Materials that do <u>not</u> relate to them or their alleged  conduct (i.e., the vast majority of the Discovery Materials).  The proposed provision would only remove restrictions on a defendant's ability to use, as he or she and his or her counsel sees fit, Discovery Materials that directly relate to the defendant or his or her own conduct.  Simply put, with the inclusion of this provision, each defendant would not be restricted in how he or she may use the "Primary Materials" that relate to him or her, but would remain restricted, according to the requirements of

the Proposed Protective Order, in how he or she may use the materials that do not pertain directly to him or her or to his or her conduct.

## ARGUMENT

Federal Rule of Criminal Procedure 16(d) permits a judge to enter a protective order "for good cause." "Good cause ordinarily requires 'a particularized, specific showing'" of "potential harm." *United States v. Williams*, Case No. 15-CR-10145-RGS, 2015 U.S. Dist. LEXIS 138261, at *12 (D. Mass. Oct. 9, 2015) (quoting *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012); other internal quotation marks and citations omitted). The burden is on the party seeking the order to demonstrate good cause. *Id.* at *12-13. Moreover, any protective order must be "'no broader than is necessary' to serve the intended purposes." *Williams*, 2015 U.S. Dist. LEXIS 138261, at *13 (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 545 (S.D.N.Y. 2013)).

The Government has not demonstrated good cause to warrant a blanket protective order over all Discovery Materials as applied to each defendant, and has not shown that the Proposed Protective Order is as narrowly drawn as possible. Specifically, there is not good cause to impose the restrictions in the Proposed Protective Order to Primary Materials as defined above for a particular defendant.

The Government contends that a blanket protective order is required in this case to safeguard the privacy rights of defendants, their children and sensitive information of third parties. *See* Gov't's Motion for a Protective Order (ECF # 317) at 2-3. The undersigned Defendants agree that safeguarding privacy is important, and agree that the Proposed Protective Order should protect each defendant's personal information and that of their family members and other third parties from dissemination by the other defendants or their counsel. However, as to Primary Materials for each particular defendant, there is no good cause for the same restrictions.

Unlike other cases in which a blanket protective order has been warranted because of the possibility of violence or risk to ongoing investigations, no such risk has been articulated by the Government here.  Judges in this district have rejected or modified such blanket protective orders absent a particularized showing in cases with more significant concerns regarding the overall sensitivity of the discovery materials and the potential risks associated with disclosure.  *See, e.g.*, *United States v. Williams*, Case No. 15-CR-10145-RGS, 2015 U.S. Dist. LEXIS 138261, at *12-13 (D. Mass. Oct. 9, 2015) (involving active members of the Columbia Point Dawgs gang); *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) (presenting well supported risk of witness intimidation).

Given that the Government charged this case as one single conspiracy—the propriety of which the undersigned Defendants fundamentally dispute—the Government is obligated to provide the same Discovery Materials to each of the defendants in this case.  That does not mean, however, that the same all-inclusive approach should be taken with respect to the Proposed Protective Order in this case.  The proposed additional provision the undersigned Defendants request as incorporated in the Second Proposed Protective Order reasonably addresses the Government's expressed concerns about privacy while also allowing each defendant the ability to use his or her own materials as he or she sees fit.  There is no good cause for any restriction on each defendant's own materials.

For these reasons, the undersigned Defendants respectfully ask that the Court enter the Second Proposed Protective Order in the form attached hereto as Exhibit A.

Dated: April 26, 2019                                Respectfully Submitted

**GAMAL ABDELAZIZ**

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549556)
Joshua C. Sharp (BBO # 681439)
Nixon Peabody LLP
53 State Street
Boston, MA 02109
Tel: (617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com


**DIANE BLAKE AND TODD BLAKE**

By their attorneys,

*/s/ David E. Meier*
David E. Meier (BBO #341710)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 624-4732
dmeier@toddweld.com

Stephen H. Sutro, Esq.
Duane Morris LLP
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: (415) 957-3008
shsutro@duanemorris.com


**I-HSIN "JOEY" CHEN**

By his attorneys,

*/s/ Reuben Camper Cahn*
Reuben Camper Cahn *(pro hac vice)*
Jennifer L. Keller *(pro hac vice)*
Chase A. Scolnick *(pro hac vice)*
KELLER/ANDERLE LLP
18300 Von Karman Avenue, Suite 930

5

        Irvine, CA 92612
        Tel: (949) 476-8700
        rcahn@kelleranderle.com

**AMY COLBURN AND GREGORY COLBURN**

By their attorneys,

*/s/ David S. Schumacher*

David S. Schumacher (BBO # 647917)
HOOPER, LUNDY & BOOKMAN, P.C.
470 Atlantic Avenue, Suite 1201
Boston, MA 02210
(617) 532-2700
dschumacher@health-law.com

Patric Hooper (*Pro Hac Vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
(310) 551-8111
phooper@health-law.com

Jordan Kearney (*Pro Hac Vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
575 Market Street, Suite 2300
San Francisco, CA 94105
(415) 875-8500
jkearney@health-law.com

**ELIZABETH HENRIQUEZ**

By her attorneys,

*/s/ Aaron M. Katz*
Aaron M. Katz (BBO # 662457)
Ropes & Gray LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 951-7117
aaron.katz@ropesgray.com

6

Laura G. Hoey *(pro hac vice)*
Ropes & Gray LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
laura.hoey@ropesgray.com

Colleen A. Conry *(pro hac vice)*
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
colleen.conry@ropesgray.com

**DOUGLAS HODGE**

By his attorneys,

Brien T. O'Connor (BBO # 546767)
Joan McPhee (BBO # 547869)
Ropes & Gray - MA
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
617-951-7385
boconnor@ropesgray.com
jmcphee@ropesgray.com

Miranda Hooker (BBO # 661569)
Pepper Hamilton LLP
125 High Street
19th Floor, High Street Tower
Boston, MA 02110
617-204-5160
hookerm@pepperlaw.com

**MANUEL HENRIQUEZ**

By his attorneys,

*/s/ Walter Brown*
Walter Brown *(pro hac vice)*
Orrick, Herrington & Sutcliffe, LLP
405 Howard Street

7

San Fransciso, CA 94105
Tel: (415) 773-5700
wbrown@orrick.com

**MICHELLE JANAVS**

By her attorneys,

*/s/ John L. Littrell*
Thomas H. Bienert, Jr. *(pro hac vice)*
John Littrell *(pro hac vice)*
Bienert I. Katzman PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
tbienert@bienertkatzman.com
jlittrell@bienertkatzman.com

Jonathan L. Kotlier (BBO # 545491)
Nutter, McClennen & Fish, LLP
155 Seaport Boulevard
Boston, MA 02210-2604
Tel: 617-439-2000
jkotlier@nutter.com

**ELISABETH KIMMEL**

By her attorneys,

*/s/ Eóin P. Beirne*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1707 (telephone)
(617) 542-2241 (fax)
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com

**WILLIAM McGLASHAN, JR.**
By his attorneys,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
jpirozzolo@sidley.com
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel: (617) 223-0304

Joan M. Loughnane *(pro hac vice)*
jloughnane@sidley.com
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
Tel: (212) 839-5567

*/s/ John C. Hueston*
John C. Hueston *(pro hac vice)*
Marshall Camp *(pro hac vice)*
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
Tel: (213) 788-4340
jhueston@hueston.com
mcamp@hueston.com


**MARCI PALATELLA**

By her attorneys,

Michael K. Loucks (BBO # 305520)
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116
617-573-4840
michael.loucks@skadden.com

Jack P. DiCanio *(pro hac vice)*
Allen J. Ruby *(pro hac vice)*
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, CA 94301
650-470-4500

9

allen.ruby@skadden.com
jack.dicanio@skadden.com

**JOHN WILSON**

By his attorneys,

*/s/ Michael Kendall*
Michael Kendall (BBO #544866)
Yakov Malkiel (BBO #689137)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Tel: (617) 979-9310
michael.kendall@whitecase.com

Andrew E. Tombak *(pro hac vice)*
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8428
Andrew.tomback@whitecase.com

**DR. HOMAYOUN ZADEH**

By his attorneys,

*/s/ Tracy A. Miner*
Tracy A. Miner (BBO # 547137)
Megan A. Siddall (BBO # 568979)
Seth B. Orkand (BBO # 669810)
Miner Orkand Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02110
Tel.: (617) 273-83 77
tminer@mosllp.com
msiddall@mosllp.com
sorkand@mosllp.com

**ROBERT ZANGRILLO**

By his attorneys,

*/s/ Nicholas Theodorou*
Nicholas Theodorou (BBO # 495730)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1163
ntheodorou@foleyhoag.com

Martin G. Weinberg, Esq. (BBO # 519480)
20 Park Plaza, Suite 1000
Boston, MA 02116
Tel: (617) 227-3700
owlmgw@att.net

Matthew L. Schwartz
Boies Schiller Flexner
55 Hudson Yards, 20th Floor
New York, NY 1001
Tel: (212) 303-3646
mlschwartz@bsfllp.com

## CERTIFICATE OF SERVICE

I, Eóin P. Beirne, hereby certify that on April 26, 2019, this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

/s/ *Eóin P. Beirne*

## RULE 7.1 CERTIFICATION

I hereby certify that on April 25, 2019, I conferred with counsel for the government in an effort to resolve this dispute before filing this motion.

/s/ *Eóin P. Beirne*