UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                            )<br>                                                    ) No. 19-CR-10080-NMG<br>)<br>)<br>)<br>DAVID SIDOO, *et al.*                  )<br>)<br>        Defendants                    )<br>                                                    ) | |

## [SECOND PROPOSED] PROTECTIVE ORDER

Upon consideration of the Stipulation for Entry of a Protective Order in connection with documents and information disclosed to the defendants in this case, it is hereby:

**ORDERED** that for purposes of this Order, all discovery materials provided by the Government to defense counsel of record in whatever form (hereinafter, the "Discovery Materials"), are presumptively governed by this Order, subject to amendment by further agreement of the parties or order of this Court or the District Court;

**FURTHER ORDERED** that the Discovery Materials shall be used solely in connection with the preparation and litigation of the defendants' legal defense in this case;

**FURTHER ORDERED** that the Defense Team (defined as attorneys of record or attorneys employed by or retained by attorneys of record or by defendants, support staff, investigators, and agents of attorneys of record retained and/or consulted by defense counsel for the purpose of assisting in the legal defense of this case) may take reasonable steps necessary to load the Discovery Materials onto secure servers or networks or

password-protected encrypted electronic drives from which the Defense Team and defendants may access, review, download, print and copy the Discovery Materials;

**FURTHER ORDERED** that the defendants, and others as permitted by this Order and as directed by the Defense Team, may access and review the Discovery Materials on the secure servers or networks or hard drives as well as in hard copy form where needed;

**FURTHER ORDERED** that the defendants may maintain one physical and/or electronic copy of the Discovery Materials, and Defense Team members and defendants may exchange Discovery Materials via e-mail;

**FURTHER ORDERED** that this Order shall not be construed to limit the Defense Team from disclosing or providing access to Discovery Materials and/or information contained in the Discovery Materials to potential witnesses and/or pursuant to joint defense or common interest agreements in connection with the preparation and litigation of the legal defense in this case, provided that such individuals are not permitted to retain physical copies of the Discovery Materials absent further order of this Court;

**FURTHER ORDERED** that in the event that the Defense Team wishes to e-mail or electronically share Discovery Materials with potential witnesses and/or pursuant to joint defense or common interest agreements in connection with the preparation and litigation of the legal defense in this case, that is permissible provided that the potential witness deletes the Discovery Materials after use as directed by the Defense Team;

**FURTHER ORDERED** that all persons who are provided access to information contained in the Discovery Materials in connection with the preparation and defense of this matter shall be advised of the privacy and confidentiality of such information and his or

her obligation not to disclose the information, and defense counsel of record shall require such persons outside the Defense Team to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information;

**FURTHER ORDERED** that no person who accesses or receives information contained in the Discovery Materials from defense counsel of record is permitted to further disseminate or further disclose any such information, other than as permitted by this Order;

**FURTHER ORDERED** that, as to all persons who are provided access to information contained in the Discovery Materials, as authorized by this Order, in connection with the preparation and defense of this matter, the Defense Team shall advise each of these persons of his or her obligation not to further disseminate or further disclose the information;

**FURTHER ORDERED** that counsel of record shall maintain all copies of this Order in their files until the conclusion of this litigation, including all appeals;

**FURTHER ORDERED** that after 60 days following production of Discovery Materials by the Government, the requirements of this Order shall no longer apply to Primary Materials for each defendant, defined, with respect to each individual defendant, as any Discovery Materials that specifically reference or relate to that defendant or any of the defendant's family members, or that relate to any action taken by an alleged co-conspirator with respect to the defendant or any of the defendant's family members.  If the Government believes that any Primary Materials for a particular defendant should remain subject to this Order, it shall so designate such materials and the "good cause" for such designation within 60 days of production, after which that defendant may challenge such

designation at any time in a motion to the Court to modify the application of this Order. This provision only applies to Primary Materials for each defendant. As to all other defendants, the requirements of this Order remain in place for materials that are not Primary Materials as to them.

**FURTHER ORDERED** that Discovery Materials falling within the following categories shall be filed with the Court for the purposes of litigation under seal[1]:

1. Any information for which redaction is required under Fed. R. Civ. P. 5.2;

2. Any reference to a child;

3. Any health information, including mental health or psychological information;

4. Any reference to an un-charged client or un-charged co-conspirator of Rick Singer;

5. Any academic records or information containing academic records;

6. Any college applications, including grades, test scores and essays (both draft and final)

7. Any legal process, including affidavits, which as of the date of filing remain under seal;

8. Any wiretap or consensual recordings that contain information about children or uncharged co-conspirators;

---

[1] This does not apply to information contained within legal briefs or memorandums. Further, exhibits derived from the Discovery Materials that are used at trial or in pre-trial hearings do not have to be filed under seal, although they still must have the necessary redactions.

**FURTHER ORDERED** that within 120 days the Government shall designate – by category of documents – which category of documents continue to be governed by this Protective Order. Categories of documents not so designated shall no longer be subject to this Protective Order. If any defendants wish to challenge the designation of materials as confidential, they may do so at any time after the Government has so designated, and the Court will then decide whether any specific categories of documents will continue to be appropriately protected by this Protective Order;

**FURTHER ORDERED** that at the conclusion of this litigation, including all appeals, all Discovery Materials, not to include attorney work-product incorporating information from Discovery Materials, shall be returned to the United States Attorney's Office or destroyed.

SO ORDERED, this __ day of April, 2019.

                                                      _____
                                                     THE HONORABLE M. PAGE KELLEY
                                                     UNITED STATES MAGISTRATE JUDGE