UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

                                              NO. 19-cr-10080-NMG

    v.

DAVID SIDOO,
GREGORY COLBURN,
AMY COLBURN,
GAMAL ABDELAZIZ,
DIANE BLAKE,
TODD BLAKE,
I-HSIN CHEN,
MOSSIMO GIANNULLI,
ELIZABETH HENRIQUEZ,
MANUEL HENRIQUEZ,
DOUGLAS HODGE,
MICHELLE JANAVS,
ELISABETH KIMMEL,
LORI LOUGHLIN,
WILLIAM MCGLASHAN, JR.,
MARCI PALATELLA,
JOHN WILSON,
HOMAYOUN ZADEH,
ROBERT ZANGRILLO

    Defendants

## STATUS REPORT AND ORDER ON EXCLUDABLE DELAY

KELLEY, U.S.M.J.

    Defendants had an interim status conference today, October 2, 2019. The government reported that discovery is voluminous, consisting of over 2 million documents, and thousands of audio files, and the government is still producing documents recently seized pursuant to search warrants. The

government expects to complete that discovery within two months. Defendants are still reviewing discovery and requested additional time to do so.

The parties were informed that Judge Gorton expects to hold a trial or trials in this matter in 2020.

A further interim status conference was scheduled for January 17, 2020 at 11:00 a.m.

On January 17, the court will set dates for the filing of motions pertaining to the scope of the conspiracy in this case, and will set dates for the filing of discovery motions.

No defendant will raise a defense of insanity, public authority, or alibi.

The government agrees to provide expert witness disclosures 90 days prior to trial and defendants, 30 days prior to trial.

With the agreement of the parties, the court finds that the interests of justice in this case, *i.e.*, to allow the parties time to exchange discovery and prepare the case for trial, outweigh the best interests of the public and defendants for a trial within seventy days of the date of the indictment.

Accordingly, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this Court enter excludable time for the period from October 2, 2019, up to and including January 17, 2020.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge