*MARTIN G. WEINBERG, P.C.*
*ATTORNEY AT LAW*

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*

*(617) 227-3700*

*FAX (617) 338-9538*

*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL ADDRESSES:*

*owlmcb@att.net*
*owlmgw@att.net*

January 3, 2020

**Via Electronic Mail**
Eric Rosen
Justin O'Connell
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
eric.rosen@usdoj.gov
justin.O'Connell@usdoj.gov

RE: **USA v. Zangrillo; 19-CR-10080-19**

Dear Eric and Justin:

We are in receipt of your December 20, 2019 email requesting reciprocal discovery under Fed. R. Crim. P. 16(b). The defense is aware of its reciprocal discovery obligations and intends to fully comply with them.

While the government is obligated to produce exculpatory information in its possession pursuant to Brady v. Maryland, the defense has no analogous obligation to produce information to the government, whether it be exculpatory or inculpatory. Rather, Rule 16(b) limits the scope of a defendant's reciprocal discovery obligations to documents he "intends to use" in his "case-in-chief at trial." At this point, where the government has yet to make complete productions required by Rule 16 and Brady, where the government has not yet made any production from its seizure of Mr. Zangrillo's emails of documents that it has reviewed and identified as discoverable, and where significant pre-trial motions (including motions for severance and motions to dismiss) have yet to be decided or even filed, it is not possible for the defense to determine what, if any, documents it intends to use in its case-in-chief. Finally, given that there is no trial date set in this matter, the defense does not believe the government will suffer prejudice as a result of any delay in Mr. Zangrillo's Rule 16 disclosures.

Yours Truly,

Martin G. Weinberg, Esq.
Matthew L. Schwartz, Esq.
Nicholas Theodorou, Esq.