UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

***************************

UNITED STATES OF AMERICA,
          Plaintiff

vs.                              Case No. 1:19-cr-10080-NMG

DAVID SIDOO ET AL,
          Defendants

***************************

TRANSCRIPT OF INTERIM STATUS CONFERENCE
BEFORE THE HONORABLE M. PAGE KELLEY
AT BOSTON, MASSACHUSETTS
ON JANUARY 17, 2020

APPEARANCES:

<u>For the Government:</u>
Eric S. Rosen, Assistant United States Attorney
Justin D. O'Connell, Assistant United States Attorney
Kristen A. Kearney, Assistant United States Attorney
Leslie Wright, Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3412

Prepared by:  Karen M. Aveyard,
              Approved Federal Court Transcriber

------------------------------------------------------

**TRANSCRIPTION PLUS**
**1334 ELM STREET**
**LEOMINSTER, MASSACHUSETTS 01453**
**(978) 466-9383**
**k.aveyard@comcast.net**

APPEARANCES (continued):

For Defendant David Sidoo:
Martin G. Weinberg, Esquire
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
617-227-3700

For Defendant Amy and Gregory Colburn:
David S. Schumacher, Esquire
Hooper Lundy & Bookman, PC
470 Atlantic Avenue, Suite 1201
Boston, Massachusetts 02210
617-532-2704

For Defendant Gamal Abdelaziz:
Brian T. Kelly, Esquire
Nixon Peabody, LLP
100 Summer Street
Boston, Massachusetts 02110
617-345-1000

Joshua C.H. Sharp, Esquire
Nixon Peabody, LLP
53 State Street,
Boston, Massachusetts 02109
617-345-1135

For Defendant Diane Blake:
David E. Meier, Esquire
Todd & Weld
1 Federal Street, 27th Floor
Boston, Massachusetts 02110
617-720-2626

Stephen H. Sutro, Esquire
Duane Morris, LLP
1 Market Plaza, Suite 2200
San Francisco, California 94105
415-957-3000

For Defendant I-Hsin Chen:
Janice Bassil, Esquire
Bassil & Budreau
20 Park Plaza, Suite 1005
Boston, Massachusetts 02116
617-366-2200

APPEARANCES (continued):

For Defendants Lori Loughlin and Mossimo Giannulli:
George W. Vien, Esquire
Donnelly Conroy & Gelhaar, LLP
260 Franklin Street
Boston, Massachusetts 02110
617-720-2880

Sean M. Berkowitz, Esquire
Latham & Watkins, LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
312-777-7016

For Defendant Elisabeth Kimmel:
Cory S. Flashner, Esquire
R. Robert Popeo, Esquire
Eoin P. Beirne, Esquire
Mark E. Robinson, Esquire
Mintz Levin Cohn Ferris Glovsky & Popeo, PC
1 Financial Center, 42nd Floor
Boston, Massachusetts 02111
617-542-6000

For Defendant William McGlashan, Jr.:
John C. Hueston, Esquire
Hueston Hennigan
620 Newport Center Drive, Suite 1300
Newport Beach, California 90014
949-226-6740

Jack W. Pirozzolo, Esquire
Sidley Austin, LLP
60 State Street, 34th Floor
Boston, Massachusetts 02109
617-223-0304

For Defendant Marci Palatella:
Michael K. Loucks, Esquire
Skadden Arps Slate Meagher & Flom, LLP
500 Boylston Street
Boston, Massachusetts 02116
617-573-4840

APPEARANCES (continued):

For Defendant John Wilson:
Michael Kendall, Esquire
Yakov Malkiel, Esquire
White & Case, LLP
75 State Street
Boston, Massachusetts 02109
617-939-9310

For Defendant Homayoun Zadeh:
Tracy A. Miner, Esquire
Miner Orkand Siddall, LLP
470 Atlantic Avenue, 4th Floor
Boston, Massachusetts 02210
617-273-8421

<u>P R O C E E D I N G S</u>

        THE CLERK:  Today is Friday, January 17, 2020, and we
are on the record in Criminal Case No. 19-10080, the United
States versus David Sidoo et al, the Honorable M. Page Kelley
presiding.

        Would counsel please identify themselves for the
record.

        MR. ROSEN:  Good morning, your Honor.  Eric Rosen,
Kristen Kearney, Leslie Wright and Justin O'Connell for the
Government.

        THE COURT:  Good morning.

        MR. WEINBERG:  Good morning, your Honor.  Martin
Weinberg on behalf of both David Sidoo and Robert Zangrillo.

        THE COURT:  Good morning.

        MR. HUESTON:  Good morning, your Honor.  John Hueston
on behalf of William McGlashan.

        MR. POPEO:  Good morning, your Honor.  Robert Popeo on
behalf of Elisabeth Kimmel, and I'm here with Corey Flashner
and Eoin Beirne.

        THE COURT:  Okay.  Good morning to everyone.

        MS. MINER:  Good morning, your Honor.  Tracy Miner for
Homayoun Zadeh.

        MR. KELLY:  Good morning, your Honor.  Brian Kelly and
Josh Sharp on behalf of Mr. Gamal Abdelaziz.

```
 1              THE COURT:  Good morning.
 2              MR. BERKOWITZ:  Good morning, your Honor.  Sean
 3    Berkowitz on behalf of Lori Loughlin and Mossimo Giannulli.
 4              THE COURT:  Good morning.
 5              MR. PIROZZOLO:  Good morning, your Honor.  Jack
 6    Pirozzolo on behalf of Bill McGlashan.
 7              MR. VIEN:  Good afternoon, your Honor.  George Vien on
 8    behalf of Mossimo Giannulli.
 9              MS. BASSIL:  Good morning, your Honor.  Janice Bassil
10    standing in for Ruben Cahn for I-Hsin Chen.
11              THE COURT:  Okay.
12              MR. ROBINSON:  Mark Robinson, Mintz Levin, for
13    Elisabeth Kimmel.
14              THE COURT:  Good morning.
15              MR. KENDALL:  Good morning, your Honor.  Mike Kendall
16    and Yakov Malkiel for John Wilson.
17              MR. SCHUMACHER:  Good morning, your Honor.  David
18    Schumacher on behalf of Amy and Gregory Colburn.
19              THE COURT:  Good morning.
20              MR. LOUCKS:  Good morning.  Mike Loucks for Marci
21    Palatella.
22              THE COURT:  Good morning.
23              Okay, that's everyone.  That's enough.
24              So I have a few housekeeping matters and then I'm
25    going to go over the Joint Status Report that the parties
```

1    filed, which is No. 730 on the docket.  So I'm going to talk

2    for a little while, and then at the end I'm happy to hear

3    anything anyone has to say or any questions.

4           So just a reminder that by January 29th the Government

5    will file a memorandum to assist Judge Gorton in setting trial

6    dates, and defendants will file responses by February 12th.  I

7    know this seems early to be dividing people up for trial, but I

8    think Judge Gorton wants to do this, and obviously it will be a

9    tentative sorting out of the defendants.  I think everyone

10   understands that whatever is proposed now may well change, so

11   you can just keep that in mind.  It's not going to be set in

12   stone.  But I think Judge Gorton is particularly interested in

13   whether it's likely there will have to be more than one trial,

14   and if there is more than one trial, how will the Government

15   want to group the defendants.

16          Some of you may be familiar with the MS-13 case where

17   there were a ton of defendants and Judge Saylor did something

18   similar to this.  I guess the real point of it is just that

19   Judge Gorton doesn't want the case to finish here before me and

20   then go up, and then numerous counsel have scheduling conflicts

21   so the trial has to be scheduled way, way out.  That's really

22   the purpose of your meeting with him so early.  The case will

23   still be referred to me, and we'll keep coming back here for

24   status conferences as long as there's work for me to do on the

25   case.

1          So there's obviously a Fourth Superseding Indictment

2     and everyone needs to be arraigned or waive arraignment

3     pursuant to Federal Rule of Criminal Procedure 10(b).  There's

4     kind of a minor dispute about what is required when you waive

5     arraignment under the rule, that is waive the presence of your

6     client at arraignment, and some think that I should have a

7     hearing and the attorneys should appear and formally waive the

8     presence of their client at the arraignment, and I happen to

9     think that's not necessary.  So the way I've been doing it is

10    I've just been accepting the written waivers and then

11    continuing on excluding the time as I have been doing under the

12    previous Indictment.

13         So if anyone has any objection to this or wants to

14    raise an issue that this is inappropriate, I'm very happy to

15    have you appear and you can waive your client's presence, and

16    we'll start the speedy trial clock again and so on.  But if you

17    want me to do that, I'm happy to do it.  Unless we hear from

18    you, I'm going to assume that there are no objections to my

19    doing it the way that I'm doing it.

20         Really, I think these are very sophisticated

21    defendants.  I think there's probably no question you're all

22    going to discuss very thoroughly with them the new Indictment

23    and all of its ramifications for them, and so I'm happy to take

24    the waivers and not have them appear.  But if you have a

25    difference of opinion on that, then just let Ms. Belmont know

1    and we're happy to schedule a hearing for you.

2         I would like to have the waivers to the arraignments

3    filed by January 31st if possible.  If that poses some

4    difficulty, that's fine.  You can let Ms. Belmont know.  But

5    I'd just like to get that done.

6         So we have some outstanding issues regarding foster

7    hearings.  After argument, I took several of these matters

8    under advisement.  One of these matters, for example, was Boies

9    Schiller's joint representation of Mr. Zangrillo and

10   Ms. Isackson.  Judge Saris is now considering this, and I do

11   not intend to return to that issue with regard to Mr. Zangrillo

12   until Judge Saris has ruled on that.  Obviously, her ruling

13   concerning the joint representation of Ms. Isackson is going to

14   have a lot of bearing on what I do with the motion that I have

15   under advisement here.

16        I also took under advisement the issue of the joint

17   representation of Mr. Giannulli and Ms. Isackson by Donnelly

18   Conroy & Gelhaar, and, again, I think Judge Saris is also

19   considering this matter.  I'm going to return to that issue

20   after she has made her ruling.

21        I also took the matter of Mr. Abdelaziz's

22   representation by Nixon Peabody, which also represents the

23   University of Southern California, under advisement.  I have

24   been waiting to rule on these things because I've been waiting

25   for some of the issues concerning the specific conflicts to

1    sort of gel, and I think we're at that point now.  I think

2    these issues need to be decided now that the case is kind of

3    moving toward resolution.

4         So with regard to Mr. Abdelaziz's situation, I invite

5    the parties to review their previous filings and file any

6    supplemental pleadings, if possible, by January 31st.  If not

7    possible, you can contact Ms. Belmont and propose some dates.

8    I would also ask the attorneys for Mr. Abdelaziz to consider

9    providing the Government with a redacted version of No. 510-1

10   that's on the docket.  It's presently, I think, not provided to

11   the Government.  If it's not possible to provide even a

12   redacted version of that to the Government, I'd like you to

13   file something ex parte explaining why, and I may schedule a

14   further hearing on that matter in February.

15        Finally, I have an outstanding matter concerning the

16   17(c) subpoena in Mr. Zangrillo's case that I intend to address

17   in the near future.  I'm going to ask the parties to contact --

18   well, I'm going to ask Ms. Belmont to contact you to schedule

19   something in the near future.

20        So I'm going to turn to the Joint Status Report unless

21   there are specific questions about anything I just said.

22        Yes?

23        MR. WEINBERG:  Just one, your Honor.  In terms of the

24   filings that are due for Judge Gorton in terms of breaking up

25   the megatrial and making proposings for different groupings,

1    can we get some guidance as to what the maximum number of

2    defendants Judge Gorton would consider in any one grouping and

3    whether he would consider three groupings rather than two?  I

4    know that information may not be readily available, but would

5    help us in our determinations about what kind of groupings to

6    propose.

7            THE COURT:  So I don't think he has a firm idea about

8    the number of defendants.  I'll just say I once tried a

9    five-defendant case before him and that seemed like enough

10   defendants to me.  But yeah, I think -- I don't know.  I mean,

11   I assume he would include husbands and wives in the same trial,

12   but I think three groupings, I mean, depending on how many

13   defendants the Government thinks will make it that far, could

14   well be a good resolution.

15           MR. WEINBERG:  And just so it's clear on the record

16   since we're discussing this, our proposals to Judge Gorton

17   would be subject to and reserving our kind of overriding theory

18   that the bases of joinder of the single conspiracy allegation

19   is legally in dispute and will be the subject of later motions?

20           THE COURT:  Yes.  I think it seems to me that motion

21   may be ripe in late June, so it might well be that you just

22   have to revisit the whole groupings issue after that.  In other

23   words, I just think whatever gets proposed and adopted by Judge

24   Gorton as a result of these filings now will be tentative on

25   his part, obviously, because it might still be a lot of things

1    that could develop between the time he groups people and the

2    time for trial.

3            MR. KELLY:  Judge, just with respect to Docket 510-1,

4    which you referenced Abdelaziz matter, can we get a copy of the

5    redacted version prior to filing any briefing on the 31st?

6            THE COURT:  Sure.  Why don't you just work that out

7    with the defendant and see if that can -- if you can work that

8    out.  The 31st is not a firm date.  Whatever you want to do.

9          I don't know if there have been any further

10    developments.  I know some law firms, USC, terminated the

11    representation and that sort of thing.  So if there's any

12    updates, I expect the parties to discuss it and then we'll --

13    I'll just try to issue a final decision on that.  I think now,

14    kind of the sooner the better.

15          Anything else?

16          Okay.  So let's look at the Joint Interim Status

17    Report.  Thank you very much, it's very helpful.  I note the

18    Government is requesting reciprocal discovery first and I find

19    that it's premature for me to get involved with that issue at

20    this time.  I'm going to let the Government file a motion in

21    the future.  I do want to put the defendants on notice that

22    they are expected to fulfil their obligations under the rules,

23    which I'm sure they plan to do.  So I think it's just not ready

24    for my attention at this time.

25          Concerning the pending discovery requests, I would

1    like to ask the parties in the Abdelaziz motion that is ripe to

2    contact Ms. Belmont and we'll schedule a hearing date on

3    No. 648.  Then we have a lot of motions that are not going to

4    be ripe until February 4th, and I had originally said on the

5    docket that I would potentially have hearings on those motions

6    on February 11th.  It turns out the Government doesn't like

7    that date.  In fact, I'm not going to have hearings on the 11th

8    and I'm not going to have them all on the same day as I

9    thought.  Now that I've seen -- had a chance to preliminarily

10   look at the motions, I don't think it's a good idea to have

11   hearing after hearing on those motions.

12          So after the motions are ripe on February 4th,

13   assuming that works out and everything gets filed, then I'll

14   have Ms. Belmont reach out and schedule hearings on those

15   motions.  I know everyone needs their discovery, and if you're

16   going to get discovery, I want to settle that sooner rather

17   than later.  So I'll just ask you when we're setting up the

18   dates to keep in mind that we want to do that fairly quickly.

19          So the parties' proposed dates for additional

20   discovery motions, as set out in the Status Report, are

21   adopted, but I do want to caution the parties that when you get

22   trial dates before Judge Gorton, they're going to be firm

23   dates.  I don't know what the dates are, but he has previously

24   stated that the trials will need to be this year.

25          So I'm happy to adopt the dates, but once you get your

1    trial dates, you may want to revisit those dates and give

2    yourself enough time to get the discovery you're going to be

3    requesting and to digest it.  I would really urge defense

4    counsel to do as you've done so well up until now and file

5    discovery motions on a rolling basis and not wait until the

6    last date, because the trial date is probably not going to get

7    moved.  So I think we want to get the motions decided as

8    quickly as we can.

9         So the dates for pretrial motions under Rule 12(b) are

10   fine as well and I'll adopt them, although, again, you may want

11   to revisit those dates in light of the trial date when you get

12   it.  Of course, the dispositive motions dates that are set out

13   there will be subject to Judge Gorton's approval, which I

14   presume he will give, but that's really up to him.  If he does

15   not adopt them, I think you'll hear about it at the status

16   conference next month.

17        I will say that if the motions are ripe by the end of

18   June, then if that ends up being the date, you probably will

19   not get a further date.  So if that is the date for filing

20   them, I think it's unlikely you'll get extensions on that date.

21        The Colburns' motion that had been previously filed

22   will certainly be deemed to have been filed on April 1st when

23   the other motions are due.  That's no problem.  Obviously, if

24   the Colburns want to file a revised motion in light of anything

25   that you've learned or supplemental, that's perfectly fine too.

1    As you wish.

2              MR. SCHUMACHER:  Thank you, your Honor.

3              THE COURT:  I'm going to adopt the parties' agreement

4    regarding the timing of expert disclosures.  I'll revisit the

5    issue that has been raised about the Government giving the

6    defendants early notice of their experts at the next status

7    conference, also the scope of the disclosures, and I'm going to

8    order the parties to further confer about this prior to the

9    next conference and see if you can reach agreement on this

10   issue.  I would just say if it were up to me to decide such a

11   dispute, I do think it's better for the parties to alert the

12   other side if they plan on calling an expert just so people can

13   be getting ready for it and are not kind of shocked to get a

14   notice, you know, basically on the eve of trial.  Even if it's

15   60 days or so, that's not a lot of time to get ready.  So I

16   would just urge the parties to be collegial about their

17   witnesses.

18             I know the parties agreed on a June status date.  I'd

19   like to have a further interim status conference prior to that

20   date in early May, and I was considering May 5th at 11 a.m.  If

21   this poses a problem for a number of people, then I'll let the

22   parties agree on another date in early May.  So if that date is

23   just really impossible for you and you don't want someone to

24   stand in for you, you can let Ms. Belmont know by the close of

25   business today, and then I might just have the parties further

1    confer on a date.  I'm going to exclude the time between now

2    and the next date under the Speedy Trial Act.

3            So what else can I do for you?

4            Wow, no one has any complaint?

5            MR. WEINBERG:  I guess I would say one thing.  I think

6    it's probably more a subject for a later status conference or

7    even more a status conference with Judge Gorton, but we have

8    received an enormous amount of discovery.  It's almost

9    unquantifiable between the audio tapes, the document discovery,

10   the e-mail discovery, the discovery that comes in from third

11   parties.  We received on January 9 another rather significant

12   production of both new and old discovery, and we will be asking

13   the Court to consider requiring the Government to file a real

14   exhibit list well before any trial is scheduled by Judge

15   Gorton.  It's simply impossible for us to put our hands around,

16   you know, literally millions of e-mails, millions of documents,

17   thousands of audios, and prepare a meaningful targeted defense

18   without the Government being required at a time that's more in

19   advance than usual in a narrower case with less discovery.  We

20   simply need to know what the Government is choosing from this,

21   you know, I hate to say millions of pages of discovery, so that

22   we can respond and target our defenses, and have a manageable

23   trial and a manageable multi-defendant trial.

24           So we will be asking the Court at the May conference

25   to consider asking the Government, whether it's 90 days or 120

1    days before trial, to be required to give us their exhibit

2    list.  Obviously, it's not fixed in stone if they change

3    strategies.  They could supplement the list.  But at least we

4    can begin to zero in on the documents, e-mails and audios that

5    we need to master to be able to crystalize a defense to give

6    them responsive discovery that is not their discovery, but our

7    discovery, and will they prepare for a streamline trial that's

8    not, you know, completely chaotic.

9            THE COURT:  Okay.  Mr. Rosen, do you want to respond

10   to that?

11           MR. ROSEN:  I mean, Judge, we will of course provide

12   an exhibit list, you know, prior to trial.  We obviously change

13   the exhibits significantly as you approach trial, figure out

14   who is pleading guilty, who is not pleading guilty, who is

15   going forward and we streamline our case.  I think 90 or 120

16   days would be impossible to do, but we're open to a resolution,

17   provided that the defendants of course provide reciprocity to

18   that in their own exhibit list and we get some -- we get what

19   we believe is deserved to us as well, including the Rule 16(b)

20   reciprocal discovery.

21           So we're hoping to a resolution.  I think we can work

22   together with the parties to come up with a date for an exhibit

23   list, but I do want it to be reciprocal.

24           THE COURT:  Okay.  So I'll just table that for now and

25   it seems like there's some room for the parties to negotiate

1    with each other over that issue.

2         Let me also just encourage the defendants who do

3    intend to go to trial to talk to each other about potential

4    trial dates, or at least target time zones, and if you wanted

5    to file something with Judge Gorton prior to the hearing, that

6    would be really helpful, because he's going to have a hard time

7    just looking at his calendar at the conference and figuring out

8    when he is free and can match up with your dates.  So any

9    advance notice you could give him of your availability I think

10   would be very, very helpful, especially with so many counsel.

11        In that regard, if the Government, prior to their

12   filing, even could let the defendants know kind of what your

13   thoughts are and what your target dates would be, that would be

14   great.

15        I don't think there's been much mention so far about

16   the volume of discovery in this case, so that may be something

17   you want to kind of catalogue and provide to him so that he has

18   some idea about the material that the parties are trying to

19   digest prior to trial, because I don't think that's anywhere in

20   the record really.  So I would just urge you prior to your

21   conference with him to kind of be proactive about what you're

22   going to ask for at the conference because I think you're more

23   likely to get a date you want.

24        Yes?

25        MS. MINER:  Your Honor, I meant when the Government

1   files its proposed groupings, it would be very helpful to the

2   defense if they could let us know what they -- if their

3   groupings are adopted, how long each group trial would be.  Is

4   it two weeks, is it three weeks, is it four weeks?

5        THE COURT:  Sure.

6        MS. MINER:  And we could do the same for the defense

7   case.  I think that's only fair.

8        THE COURT:  Sure.  I think what happened in the MS-13

9   case was the Government grouped people in Group 1, 2, 3 and 4,

10  and then the trial dates were just staggered to give everyone

11  time to recover from one trial and get ready for the next

12  trial.  Then as it turns out, that ended up being kind of

13  fluid.  I think one trial maybe only had one defendant by the

14  end, but anyway.  I think that may be one model here.  But I do

15  think if the parties can talk to each other candidly before

16  your standing up before the District Court, that would really

17  streamline things.

18        Do you have any -- does the Government have any idea

19  about the -- I'm not asking you to talk about it now --

20        MR. ROSEN:  Right.

21        THE COURT:  -- but do you have some idea about it?

22        MR. ROSEN:  Sure.  We've been talking internally about

23  that, Judge, yeah.

24        THE COURT:  Okay.  So maybe after this conference you

25  want to -- I mean, you have all the defense counsel here.  You

1     want to give them some idea of what you're thinking?

2                No.  You're saying no.  Okay.

3                MR. ROSEN:  Probably not.

4                THE COURT:  Okay.  Never mind.  That was my idea.  So

5     here we go.

6                MR. ROSEN:  We'll confer.  We'll try to confer as best

7     we can.

8                MR. BERKOWITZ:  It was an excellent idea, your Honor.

9                THE COURT:  Thank you.

10               Okay.  So anything else to address today?

11               So if be -- I feel like May is a long time away.  If

12    you feel like we should have another status conference in the

13    meantime to address, you know, groups of issues, I'm happy to

14    have one, and you could just notify Ms. Belmont that you'd like

15    to have a status conference sooner than May and I'm happy to do

16    that.

17               Alright.  If there's nothing else, then I'll just try

18    to put all that I've said today on the docket.  Then if you

19    have any questions, just contact Ms. Belmont and we'll try to

20    clear up any questions.

21               Thank you.

22

23               (The hearing was concluded.)

24

25

<u>C E R T I F I C A T I O N</u>

I, Karen M. Aveyard, Approved Federal Court Transcriber, do hereby certify that the foregoing transcript, consisting of 20 pages, is a correct transcript prepared to the best of my skill, knowledge and ability from the official digital sound recording of the proceedings in the above-entitled matter.

<u>/s/ Karen M. Aveyard</u>

Karen M. Aveyard

<u>February 9, 2020</u>

Date