**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DAVID SIDOO, *et al.*, <br><br> Defendants. | Case No. 19-cr-10080 |

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S
MEMORANDUM REGARDING TRIAL GROUPINGS**

Defendants file this memorandum pursuant to the Court's order on December 23, 2019, *see* ECF No. 705, and in response to the Government's proposed trial groupings as set forth in its memorandum on January 29, 2020, *see* ECF No. 799.[1]  Defendants disagree with the Government's proposal because it lacks an organizing principle and makes no effort to treat like Defendants alike.  The Court should reject the Government's proposal for several reasons, including because it: (i) will render the proceedings highly inefficient by injecting into each trial varying and unrelated fact patterns and charges, eliminating any possibility of judicial efficiency, (ii) will greatly increase the motion practice necessary in order for the Defendants to attempt to protect themselves against the unfair prejudice attendant to being tried with other individuals whose conduct is unrelated, and (iii) substantially increases the likelihood that Defendants' trials will be affected by unrelated prejudicial evidence, thus greatly increasing the likelihood of prejudicial error.  To avoid such unfairness and inefficiency, Defendants offer an alternative proposal designed to group similar Defendants together.  In addition, given the volume of

---

[1] Defendants Gamal Abdelaziz, Diane Blake, Todd Blake, I-Hsin "Joey" Chen, Amy Colburn, Gregory Colburn, Mossimo Giannulli, Lori Loughlin, William McGlashan Jr., and John Wilson join in this Response Memorandum.

Case 1:19-cr-10080-NMG Document 846 Filed 02/12/20 Page 2 of 11

outstanding discovery, the timeline for resolving dispositive motions, and the general complexity of the case, Defendants disagree that a trial beginning in October 2020 is feasible. Accordingly, Defendants propose starting the first trial in February 2021.

## Relevant Background

The Government's Fourth Superseding Indictment charges fifteen Defendants with conspiring to commit bribery, fraud, and money laundering; *see* Fourth Superseding Indictment, ECF No. 732 ¶¶ 369-70, 373-74; eleven Defendants with conspiring to commit federal programs bribery, *id.* ¶¶ 371-72; four Defendants with substantive counts of bribery and fraud; *id.* ¶¶ 375-76; and one Defendant with a substantive count of federal programs bribery, *id.* ¶¶ 377-78, and filing a false tax return, *id.* ¶¶ 379-80.[2]

The Government alleges a wide range of conduct underlying those charges—conduct that spans a range of years and involves different alleged victims. The alleged conduct also involves distinct operative facts. Some Defendants are alleged to have defrauded solely the University of Southern California ("USC") by making "corrupt" donations to help secure the admission of their children; other Defendants allegedly defrauded different universities. Other Defendants, by contrast, are alleged to have defrauded testing companies by failing to follow certain exam rules.

Recognizing that a single trial for such Defendants would be unworkable, the Court asked the Government and Defendants to propose trial groupings that would render the proceedings administrable, fair, and efficient. To that end, Defendants submit this proposal. Defendants do so, however, while expressly reserving their rights to challenge the scope of the alleged conspiracy, the venue in which the conspiracy was charged, defects in the indictment, and to file individual

---

[2] The Government's memorandum claims that *four* Defendants have been charged with substantive counts of federal programs bribery, *see* ECF No. 799 at 1, but the Fourth Superseding Indictment charges only *one* Defendant with that offense, *see* ECF No. 732 ¶¶ 377-78.

motions to sever.  Defendants intend to move to dismiss the Fourth Superseding Indictment ("FSI") on several grounds, including that the Government has failed to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v), the FSI is duplicitous under Fed. R. Crim. P. 12(b)(3)(B)(i), and joinder is improper under Fed. R. Crim. P. 12(b)(3)(B)(iv).  *See Kotteakos v. United States*, 328 U.S. 750, 775 (1946) (reversing conspiracy convictions because defendants had been improperly "tried en masse for the conglomeration of distinct and separate offenses committed by others"); *United States v. Webb*, 827 F. Supp. 840, 841-42 (D. Mass. 1993) (Gorton, J.) (granting motion to sever where indictment alleged "[t]wo separate and distinct conspiracies, involving different participants," and thus "the indictment, on its face, d[id] not supply a rational basis in fact for joinder").  Individual Defendants also intend to file motions for severance on the basis that a joint trial will result in substantial prejudice.  *See* Fed. R. Crim. P. 14.

## Trial Groupings

Defendants propose that the Court divide Defendants into three trial groups as listed below.[3]  The proposal is designed—to the extent possible—to group together Defendants who share similar alleged conduct.  As discussed in the next section on timing, the labeling of these groups as A, B, and C is not intended to indicate the order of trials as the Court will have to confer with lead trial counsel to determine appropriate trial dates for each group.  In Group A, the Defendants' alleged conduct involves donations, some of which involve multiple universities, as well as allegations regarding exam testing.  Group B consists of Defendants who allegedly made improper donations solely to help secure the admission of their children at USC.  Group C consists of Defendants who have been charged with conduct solely related to exam testing.

---

[3] Based on considerations of courtroom management, Defendants have proposed three trial groups of six or fewer Defendants.  Should the Court wish to proceed with only two trial groups, however, Defendants request leave to submit an alternative proposal.

### Group A

| Defendant | Alleged Conduct |
|---|---|
| Elisabeth Kimmel | Georgetown and USC donations |
| Marci Palatella | Testing and USC donations |
| William McGlashan Jr. | Testing and USC allegations |
| Homayoun Zadeh | USC donations |
| Robert Zangrillo | USC donations |

### Group B

| Defendant | Alleged Conduct |
|---|---|
| Gamal Abdelaziz | USC donations |
| Diane Blake and Todd Blake | USC donations |
| Mossimo Giannulli and Lori Loughlin | USC donations |
| John Wilson | USC donations |

### Group C

| Defendant | Alleged Conduct |
|---|---|
| I-Hsin "Joey" Chen | Testing |
| Amy Colburn and Gregory Colburn | Testing |
| David Sidoo | Testing |

This form of organization is preferable to other alternatives for two interrelated reasons: It helps to ensure both that Defendants will receive fair trials and that those trials will proceed efficiently. As to fairness, Defendants' proposal seeks to form trial groups that minimize the instances in which evidence will be introduced that, while relevant to one Defendant, is irrelevant and prejudicial as to another Defendant. For example, evidence specific to the exam-testing allegations (Group C) will be largely if not wholly irrelevant for Defendants who are not alleged to have engaged in such conduct (Group B). And even if that evidence had *any* relevance for Group B, its probative value would be outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Similarly, evidence about admissions-related donations, which will be relevant for Groups A and B, will be largely if not wholly irrelevant and unfairly prejudicial in the trial of Group C. Although no division will be perfect, this proposal draws sensible delineations between

different types of alleged conduct, and that common-sense approach would create a useful foundation to help ensure both judicial efficiency and that Defendants receive a fair trial.

Relatedly, Defendants' proposal would help streamline the proceedings by substantially reducing the number of filings in each trial. Without Defendants' organizing principle, or another principle like it, Defendants in each trial will have to file numerous motions *in limine* to ensure that the jury does not unduly link particular Defendants with evidence that is wholly unrelated to them. For the same reason, Defendants' proposal would help to decrease wrangling over jury instructions—again, saving time and effort for the Court, the Government, and Defendants. A corollary benefit of these efficiencies is that the Court would need to make substantially fewer rulings on complex motions, thereby decreasing the chances that a reversible error occurs during one of the trials.

The Government's proposal, on the other hand, has none of these benefits. Indeed, the Government does not articulate *any* organizing principle for its trial groups whatsoever.[4] Whatever its logic may have been, the Government's proposal is seriously flawed because it makes no effort to group similar Defendants together. That problem is equally pervasive in the Government's two-trial proposal and its three-trial proposal. As illustrated below, both of those proposals completely mix and match Defendants whose alleged conduct involves exam testing, donations to a single university, donations to multiple universities, or some combination.

---

[4] The closest the Government comes to identifying such a principle is by acknowledging the obvious point "that spouses who have been charged together" should be "tried together." ECF. No. 799 at 3.

## The Government's Two-Trial Proposal

### Trial 1

| Defendant | Alleged Conduct |
|---|---|
| Gamal Abdelaziz | USC donations |
| I-Hsin "Joey" Chen | Testing |
| Mossimo Giannulli and Lori Loughlin | USC donations |
| Elisabeth Kimmel | Georgetown and USC donations |
| William McGlashan Jr. | Testing and USC allegations |
| Homayoun Zadeh | USC donations |

### Trial 2

| Defendant | Alleged Conduct |
|---|---|
| Diane Blake and Todd Blake | USC donations |
| Amy Colburn and Gregory Colburn | Testing |
| Marci Palatella | Testing and USC donations |
| David Sidoo | Testing |
| John Wilson | USC donations |
| Robert Zangrillo | USC donations |

## The Government's Three-Trial Proposal

### Trial 1

| Defendant | Alleged Conduct |
|---|---|
| I-Hsin "Joey" Chen | Testing |
| Mossimo Giannulli and Lori Loughlin | USC donations |
| Elisabeth Kimmel | Georgetown and USC donations |
| William McGlashan Jr. | Testing and USC allegations |

### Trial 2

| Defendant | Alleged Conduct |
|---|---|
| Gamal Abdelaziz | USC donations |
| Amy Colburn and Gregory Colburn | Testing |
| Marci Palatella | Testing and USC donations |
| Robert Zangrillo | USC donations |

### Trial 3

| Defendant | Alleged Conduct |
|---|---|
| Diane Blake and Todd Blake | USC donations |
| David Sidoo | Testing |
| John Wilson | USC donations |
| Homayoun Zadeh | USC donations |

Although no single division of Defendants will be perfect, the Government's arrangement is affirmatively counterproductive. Indeed, it appears likely to *maximize* both the spillover of prejudicial evidence and the resulting inefficiencies that would undoubtedly plague the proceedings. There is no sound reason to adopt such plan, and the Government has provided no rationale to support it.

### Timing of the Trials

The Government's memorandum specifies a particular order in which it would like the trials to proceed, and it proposes that the first trial begin in October 2020. *See* ECF No. 799 at 2. At this time, Defendants take no position on the order of the trials but disagree that the first trial could begin in October 2020. A trial at that time is not feasible in light of the large volume of outstanding discovery, the timeline for resolving dispositive motions, and the general complexity of the case.

Specifically, the Government is still in the process of producing a large volume of discovery to Defendants, including over 44,000 pages at the end of January. The Government has been providing discovery on a rolling basis and has not indicated how many additional productions are forthcoming. The Government has asked for reciprocal discovery, but the Court recently determined that it was premature to rule on that request. *See* Clerk's Note on Interim Status Conf. ECF. No. 744. In addition, Defendants are engaged in ongoing and extensive third-party discovery, including subpoenas issued to USC, which may require further motion practice.

Also pending before the Court are a series of motions to compel. *See* ECF Nos. 648, 681, 691, 693, 696, 699. Briefing and resolution of those motions has been delayed due to the Government's belated disclosure of material and exculpatory evidence. *See* Jan. 28, 2020 Letter from Andrew E. Lelling to Defs' Counsel, attached as Ex. 1 to Defs' Reply Br., ECF. No. 807.

The Court has yet to schedule a hearing date to address the motions to compel, and the Court acknowledged that additional motions to compel may be forthcoming.  *See* Clerk's Note on Interim Status Conf. ECF. No. 744.

In their interim status report of January 10, 2020, Defendants and the Government proposed a briefing schedule for Rule 12(b) motions that takes into account the current discovery status and the complexities of the case.  *See* ECF No. 730.  The Court conditionally accepted that briefing schedule, *see* ECF No. 744, which proceeds as follows:

- Motions and opening memoranda	April 1, 2020
- Opposition memoranda	May 15, 2020
- Reply briefs	June 1, 2020
- Proposed Hearing Date	Week of June 15 or June 22, 2020

In light of this timeline, the volume of outstanding discovery, and the complexity of the case, Defendants respectfully request that the Court schedule the first trial to begin no sooner than February 2021.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to adopt the trial groupings and timing set forth above.

Dated:  February 12, 2020	Respectfully submitted,

/s/ *Sean M. Berkowitz*
Sean M. Berkowitz (*admitted pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Phone: 312.777.7700
Fax: 312.993.9767
sean.berkowitz@lw.com

William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Phone: 617.948.6000
william.trach@lw.com

Perry J. Viscounty (*admitted pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Phone: 714.540.1235
perry.viscounty@lw.com

Roman Martinez (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Phone: 202.637.2200
roman.martinez@lw.com

*Counsel for Mossimo Giannulli and Lori Loughlin*

George W. Vien (BBO #547411)
Joshua N. Ruby (BBO #679113)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
Phone: 617.720.2880
Fax: 617.720.3554
gwv@dcglaw.com
jnr@dcglaw.com

Mark E. Beck  (*admitted pro hac vice*)
Mark Beck Law, A Professional Corporation
350 West Colorado Boulevard

9

Suite 200
Pasadena, CA 91105
Phone: 213.596.7828
mbeck@markbecklaw.com

*Counsel for Mossimo Giannulli*

David C. Scheper (*admitted pro hac vice*)
SCHEPER KIM & HARRIS LLP
601 West Fifth Street
12th Floor
Los Angeles, CA 90071
Phone: 213.613.4655
Fax: 213.613.4656
dscheper@scheperkim.com

*Counsel for Lori Loughlin*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on February 12, 2020 to those identified as non-registered participants.

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz