## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| DAVID SIDOO et al., | No. 1:19-cr-10080-NMG |
| Defendants. | |

## DEFENDANT JOHN WILSON'S MOTION TO COMPEL THE PRODUCTION OF TAX-RELATED EXCULPATORY EVIDENCE

### I.    INTRODUCTION

On December 18, 2019, defendant John Wilson filed his Supplemental Motion to Compel Production of Exculpatory Evidence.  One month later, the government obtained a Fourth Superseding Indictment, which charges Wilson with "Filing a False Tax Return" (the "Tax Charge").

Thereafter, Wilson made specific requests for exculpatory evidence relating to the Tax Charge.  Ex. 1.  In response, the government disclosed certain exculpatory facts, but failed: (a) to acknowledge that the categories of evidence Wilson requested were exculpatory in nature; and (b) to state whether the government is actually withholding information responsive to Wilson's requests, or simply has no responsive information.  Ex. 2.[1]  When Wilson asked the Government to clarify this latter point, the Government did not provide a timely response, and when queried again, would not state when it would respond.  Ex. 3.  Wilson makes the instant Motion now so that his right to tax-related exculpatory evidence can be adjudicated while the

---

[1] The government asserted that it has produced all "documentary" evidence responsive to Wilson's requests.  Ex. 2.

Court and the parties are actively engaged with his and his codefendants' motions on other *Brady* issues.

## II.   WILSON'S TAX -RELATED *BRADY* REQUESTS

The Tax Charge alleges that Wilson's tax return for tax year 2014 was incorrect insofar as it classified payments to Rick Singer and his organizations as charitable contributions and business expenses.  4th Super. Ind. § 380.  The payments were made from Wilson's S Corporation, Hyannis Port Capital.  *Id.* §§ 363, 380.  One hundred thousand dollars of Wilson's money were given as planned to "USC Men's Water Polo."  *Id.* § 364.  Singer embezzled another $100,000, which he had promised (to Wilson) that he would deliver to USC's water polo team.

The Tax Charge is entirely dependent on the government's earlier charges:  its *premise* is that Wilson's payments through Singer were illegal "bribes" (even though it is undisputed that that money was intended to go only to USC, and that not a cent went to any university employee).  The *Brady* evidence that Wilson has previously sought would consequently undermine the Tax Charge as well.  In addition, specific categories of evidence are exculpatory specifically in connection with the tax charge, particularly because that charge requires proof of a "voluntary, intentional violation of a known legal duty."  *Cheek v. United States*, 498 U.S. 192, 201 (1991).  The following sections discuss key categories of such evidence.

### A.   Evidence that Wilson Delegated Decision-Making Regarding His Payments and Tax Returns (Requests 1-4, 14-16)

During the period when Wilson made the relevant payments and filed the relevant tax return, he was running a major corporation.  The tax returns of Hyannis Port Capital were

prepared by one CPA, and Wilson's own returns were prepared by another CPA.  Wilson's bookkeeper made various payment-related and tax-related arrangements on his behalf.[2]

Wilson requested several categories of evidence relating to his lack of involvement in communications and decisions relating to the content of Singer's invoices and the details of Wilson's tax returns.  Ex. 1 ¶¶ 1-4, 14-16.  Such evidence directly negates the charge that Wilson willfully and intentionally caused payments to be misclassified on his returns.  The Court should order the government to produce all evidence in its possession responsive to these requests.

**B.      Evidence of Representations Regarding the Tax-Deductibility of Payments Made Through KWF (Requests 5-7)**

The payments that Wilson is alleged to have misclassified on his return went to Singer and Singer's organizations, including the Key Worldwide Foundation (KWF).  Discovery shows that it was common for Singer to instruct his clients to direct their donations through Singer and his organizations.  Singer's secret motive for this arrangement was that it allowed him to steal large portions of the donations for himself.

Singer represented to clients that KWF was a 501(c)(3) charity approved by the IRS; that payments to KWF were tax-deductible; that payments to Singer's organizations would be delivered to USC (or other colleges); and that payments delivered to colleges through Singer's organizations were also tax-deductible.  Evidence regarding such representations—from an experienced and authoritative admissions counselor—directly negates the charge that Wilson willfully intended to violate a known legal duty.  *See Cheeks*, 498 U.S. at 202 (a defendant's

---

[2] The government has already disclosed (after Wilson filed his Supplemental Motion to Compel Production of Exculpatory Evidence) that the CPAs preparing tax returns for both Wilson and his S Corporation recall working on those returns solely or primarily with Wilson's bookkeeper.

"good-faith belief that he was not violating any of the provisions of the tax laws" is a complete

defense "as incredible as such misunderstandings . . . and beliefs . . . might be").  Wilson

requested three categories of evidence concerning such representations.  Ex. 1 ¶¶ 5-7.  The Court

should require the government to produce all evidence responsive to those requests.

### C.      Evidence Regarding USC's Acceptance of Wilson's Donation (Requests 8-12)

The Tax Charge alleges that Wilson's return was "false" in that it classified Wilson's gift

to USC (and other money intended to be a gift to USC) as a donation.  That allegation is directly

negated by evidence that USC itself *did* understand Wilson to be making a donation, and by any

USC communications or expectations relating to Wilson's gift.  Wilson therefore requested all

evidence about his gift actually benefitting USC, all evidence about USC's reaction to that gift,

and all evidence suggesting that USC understood that Singer was raising funds on USC's behalf.

Ex. 1 ¶¶ 8-12.  The Court should order the government to produce all evidence in its possession

responsive to those requests.

### D.      Evidence Regarding the Content or Absence of Relevant IRS Guidance (Request 13)

The Tax Charge reflects the view that Wilson was not permitted to deduct a donation he

had made (and another donation he thought he had made) to a charitable institution.  This view

presumably relies on the theory that Wilson received a benefit in connection with his donation,

namely an increased likelihood that USC would admit his son.[3]  Wilson is not presently aware of

any Internal Revenue Service guidance regarding the circumstances in which (a) a taxpayer's

donation to an educational institution is not tax-deductible because a relative of the taxpayer was

---

[3] The evidence will show that Singer indicated to Wilson that the son's acceptance would *not* be guaranteed.

an applicant for admission at the institution; or (b) a donation to *any* public charity is not tax-deductible because of *any* type of preferential treatment from the charity to the donor.[4]  The absence of such guidance (or the content of any such guidance, if it exists) is material to "whether, based on all the evidence, the Government [will have] proved that the defendant was aware of the duty at issue," *Cheek*, 498 U.S. at 202, especially given that Wilson relied on two tax preparers and a bookkeeper to prepare his returns.  Wilson therefore asked the government to disclose any evidence about such IRS guidance.  The Court should require the government to comply with that request.

### III.    PROMISES, REWARDS, AND INDUCEMENTS RELATING TO SUPERSEDING INDICTMENTS (RELEVANT TO ALL CHARGES)

A category of exculpatory evidence relevant both to the Tax Charge and to other charges is all "promises, rewards, and inducements" to all witnesses that the government "anticipates" calling.  Wilson has requested and moved for all such evidence.  *See* ECF No. 699, at 10-11; ECF No. 699-1, at 6.  He supplements those request and motion to address the fact that the government in this case has promised numerous witnesses that, if those witnesses enter guilty pleas to existing charges by certain dates, then they will not be included in subsequent superseding indictments alleging additional charges.  The government has provided *no* information, regarding *any* witness, regarding such promises.  The Court should order the government to disclose all such information.

---

[4] Wilson is also presently unaware of any case in which either the Internal Revenue Service or the Department of Justice has challenged a taxpayer's deduction of a donation on the grounds that the taxpayer received preferential treatment from a charity, or that the taxpayer's relative was a candidate for admission at an educational institution.

## IV.   CONCLUSION

For the foregoing reasons, the Court should allow the Motion and instruct the government to produce all exculpatory evidence relating to the Tax Charge, including all documents and information responsive to Wilson's tax-related requests.

Given the government's disregard for, or inability to comply with, its *Brady* obligations thus far, the Court should instruct the government to produce to Wilson, forthwith, the complete FBI 302 memoranda containing tax-related exculpatory information (including any information responsive to Wilson's tax-related requests).

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Yakov Malkiel (BBO # 689137)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
yakov.malkiel@whitecase.com

Andrew E. Tomback (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8428
andrew.tomback@whitecase.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues.

/s/ Michael Kendall
Michael Kendall

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall