Exhibit 1

January 28, 2019

Eric S. Rosen, Justin D. O'Connell, Leslie A. Wright, and Kristen A. Kearney
Assistant United States Attorneys
United States Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

*United States v. Sidoo et al.*, No. 19-cr-10080

Dear Counsel,

On behalf of defendant John Wilson, and in accordance with *Brady* and the Local Rules, we ask that you produce the following categories of exculpatory evidence:

1. Evidence of any decisions that Wilson did not make regarding the number or wording of invoices from Rick Singer (or his organizations) to Wilson (or Hyannis Port Capital).

2. Evidence of any communications in which Wilson did not participate regarding the number or wording of such invoices.

3. Evidence of any decisions that Wilson did not make regarding the tax treatment of any payments from Wilson (or Hyannis Port Capital) to Singer, to his organizations, or to USC.

4. Evidence of any communications in which Wilson did not participate regarding the tax treatment of such payments.

5. Evidence of any communications to Wilson, from anyone, indicating that the Key Worldwide Foundation was an IRS-approved charity.

6. Evidence of any communications involving Deborah Rogers or any of Wilson's tax-preparers about whether the Key Worldwide Foundation was an IRS-approved charity, or any efforts by those people to determine this.

7. Evidence that Singer (or his employees or associates) communicated to Singer's clients (a) that the Key Worldwide Foundation was an IRS-approved charity, or (b) that payments to or through Singer and his organizations were tax-deductible, or (c) that payments intended to benefit USC were tax-deductible.

8. Evidence that any funds from Wilson benefitted USC or any of its programs.

9. Evidence that Singer (or his employees or associates) communicated to Wilson that any funds from Wilson would benefit USC or any of its programs.

10.   Evidence of any discussions between Singer and any USC employee suggesting that Singer could help to raise funds for USC or any of its programs.

11.   Evidence that any USC employee understood that Singer was raising money for USC or any of its programs.

12.   Evidence of any reaction by USC personnel to the receipt of a $100,000 check referencing Wilson.

13.   Evidence of any guidance ever issued by the IRS that (a) describes the circumstances in which a donation to a public charity is not tax-deductible because of preferential treatment granted to the donor by the charity, or (b) indicates that a donor to a school is not entitled to a tax deduction because a relative of the donor was an applicant for admission to the school.

14.   Evidence that Rogers, James Nahmens, Jeff DeMaio, or any personnel of the Ayco Company did not orally discuss invoices from Singer (or his organizations) with Wilson.

15.   Evidence that Nahmens did not orally discuss the preparation of Wilson's and Hyannis Port Capital's 2014 tax returns with Wilson or Rogers.

16.   Evidence that DeMaio and any personnel of the Ayco Company did not orally discuss the preparation of Wilson's and Hyannis Port Capital's 2014 tax returns with Wilson or Rogers.

These requests add to all previous requests we have made for exculpatory evidence. They include both documents and information from other sources, such as witness interviews. They are continuing in nature.

As you know, motion practice on *Brady*-related issues is ongoing, and began before the government obtained an indictment alleging a tax offense. We assume that, to make efficient use of the Court's time, we should aim to argue any disputes regarding the requests described above during the upcoming series of hearings that Magistrate Judge Kelley has indicated she will hold. Accordingly, please let us know as soon as you are able whether there are any requests among those listed above with which you do not intend to comply.

Sincerely,

Counsel to John Wilson