# Exhibit 2



**U.S. Department of Justice**

***Andrew E. Lelling***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 10, 2020

Michael Kendall, Esq.
White & Case LLP
75 State Street
Boston, MA 02109

    Re:   *United States v. John Wilson*,
           No. 19-cr-10080-NMG

Dear Mr. Kendall:

    We write in response to your letter dated January 28, 2019 [sic].

    We do not agree with your contention that all of the categories of information set forth in your January 28th letter are exculpatory, or even relevant. We also do not agree that your long list of negative statements on various topics complies with your obligation "to articulate with some specificity" what evidence you hope to find, why you think the government has it, and why it would be both favorable to your client and material. *United States v. Prochilo*, 629 F.3d 264, 269 (1st Cir. 2011). Notwithstanding the foregoing, we have previously produced all documentary evidence – including e-mails, recordings and other documents – in our possession, custody or control responsive to the categories set forth in your letter. We have also made supplemental disclosures concerning witness interviews on November 27, 2019 and January 27, 2020.

    We have also reviewed the FBI 302 reports of witness interviews in this case with your requests in mind and disclose the additional information set forth below in an abundance of caution.

- James Nahmens, during a July 31, 2019 interview, told the government, in substance, that he worked "almost exclusively" with Debbie Rogers, the administrative assistant for Wilson's Hyannis Port Capital ("HPC"), and Rogers typically provided requested information to Nahmens, although he would speak to Wilson from time to time regarding tax advice and tax planning related to HPC's operations.

- James Nahmens, during a November 19, 2019 interview, told the government, in substance, that with respect to the Singer/Key consulting invoices presented to him, he

"may have asked general questions about the consulting expenses but he does not think he did because he has not notes about it."

- Jeff DeMaio, during an August 14, 2019 interview, told the government, in substance, that although Wilson was very smart with a broad knowledge and skill set in regard to taxes, "Wilson would not know something technical like the allowable percentage of charitable donations."

We are aware of the continuing nature of our discovery obligations, and we will continue to make additional disclosures as required. We reiterate our request for reciprocal Rule 16 discovery.

    Sincerely,

    ANDREW E. LELLING
    United States Attorney

By: */s/ Eric S. Rosen*
    ERIC S. ROSEN
    JUSTIN D. O'CONNELL
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    Assistant U.S. Attorneys