UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| DAVID SIDOO, *et. al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL MEMORANDUM REGARDING TRIAL GROUPINGS

The government respectfully files this supplemental memorandum in advance of the February 27, 2020 status conference to address the defendants' memoranda concerning trial groupings.

While two of the defendants have effectively endorsed the second of the government's proposals (*see* Dkts. 848 and 849), the remaining defendants propose trial groupings based on the "type of conduct" in which the defendants allegedly engaged.  By so doing, the defendants purportedly seek to "minimize the instances in which evidence will be introduced that, while relevant to one Defendant, is irrelevant and prejudicial as to another Defendant."  Dkt. 846 at 4. The defendants' proposals should be rejected.

The defendants are charged with engaging in a *single* scheme, as part of a *single* conspiracy to use various forms of fraud to facilitate their children's admission to college.  To convict them of conspiracy, the government must prove the existence of an illicit agreement among each of the defendants and at least one co-conspirator to engage in the charged scheme.  Accordingly, "virtually all of the evidence relating to the other conspirators [is] also directly relevant to, and, therefore, independently admissible in, the prosecution's case against" each of them.  *United States v. Flores-Rivera*, 56 F.3d 319, 325-36 (1st Cir. 1995).  For that reason, where, as here, defendants are charged with conspiracy, "severance will rarely, if ever, be required due to evidentiary

spillover." *United States v. DeCologero*, 530 F.3d 36, 54 (1st Cir. 2008) (citation and further quotation marks omitted) (where four defendants charged with RICO conspiracy, evidence of murder was independently admissible against each, even though some were not directly charged with murder, because "it tended to prove the existence and nature of the RICO enterprise and conspiracy . . . even if the defendants had received separate trials" and " it is far from clear that the potentially prejudicial impact of that evidence would have rendered it inadmissible"). Likewise, in this case, the fact that some of the conspirators committed some acts in furtherance of the conspiracy, while others committed other acts, is not a valid basis to keep out evidence of the overall scheme, and thereby effectively sever the single conspiracy into multiple conspiracies, as the defendants seek to do through their proposed trial groupings.  Rather, all evidence of the conspiracy is admissible as to all the defendants, regardless of how many trials there are.

While "no division will be perfect," as the defendants acknowledge, Dkt. 846 at 4, the government respectfully submits that its proposals will achieve an efficient presentation of the evidence based on the charged conduct and the witnesses and evidence against each of the defendants.

ANDREW E. LELLING
United States Attorney

By:     /s/ Eric S. Rosen
        Eric S. Rosen
        Justin D. O'Connell
        Leslie A. Wright
        Kristen A. Kearney
        Assistant United States Attorneys
        617/748-3100

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/Eric S. Rosen*
Eric S. Rosen
Assistant United States Attorney