# EXHIBIT B



U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 30, 2019

All Defense Counsel of Record in
*United States v. David Sidoo et al.*

Re:   *United States v. David Sidoo et al.*
      Criminal No. 19-CR-10080-NMG

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the Government provides the following automatic discovery in the above-referenced case. **Please note that like in many complex cases, the Government anticipates that there will be supplemental discovery under the automatic discovery rules that will be provided when it is acquired, processed, and reviewed by the Government. This process is ongoing and additional discovery will be distributed on a rolling basis to all defendants pursuant to Local Rule 116.7 (duty to supplement discovery). The next delivery of discovery will be on or about June 30, 2019.**

A.   Rule 16 Materials

This letter is intended to supplement the May 12, 2019 letter that provided a specific breakdown of the discovery being provided to defendants on the hard drive and an accompanying DVD, as well as the May 29, 2019 letter regarding two additional volumes of discovery provided on a thumb drive estimated to be delivered to defense counsel by May 31, 2019.

1.   Statements of Defendant under Rule 16(a)(1)(A) & (a)(1)(B)

   a.   Written Statements

The Government has provided two databases of e-mails which contain written statements by the defendants that the Government intends to use in its case-in-chief.

   b.   Recorded Statements

Consensual tape recordings were made of the defendants. These recordings are available for your review and copies are enclosed on the previously provided hard drive. There are two

indexes of all the recordings also available on the hard drive.

      c.      Grand Jury Testimony of the Defendant

The defendants did not testify before a grand jury in relation to this case.

      d.      Oral Statements to Then Known Government Agents

Other than statements made by Robert Zangrillo, Elisabeth Kimmel, and Mossimo Giannulli, the Government is unaware of any oral statements made by the defendants before or after arrest, in response to interrogation by a person then known to the defendant to be a Government agent, which the Government intends to use at trial. The Government will fully review FBI 302 reports as they come in and are produced to the Government, and will supplement these disclosures as needed. The statements of Zangrillo, Kimmel, and Giannulli have been provided separately to counsel for each of these defendants.

2.      Defendant's Prior Record under Rule 16(a)(1)(D)

The Government is unaware at this time of any prior criminal record of the defendants.

3.      Documents and Tangible Objects under Rule 16(a)(1)(E)

The Government has provided two e-mail databases as well as a database of records. The Government intends to supplement these items in future disclosures as items are produced or obtained by the Government. These items are material to the preparation of the defendants' defense and are intended for use by the Government as evidence in its case-in-chief at trial. The Government anticipates that additional e-mails will be provided in the future.

4.      Reports of Examinations and Tests under Rule 16(a)(1)(F)

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.      Search Materials under Local Rule 116.1(C)(1)(b)

Numerous search warrants were executed on e-mail accounts and cellular telephone providers in connection with this case. Indexes of all the searches and accompanying legal process have been included on the hard drive. Copies of the search warrants, seizure warrants, applications, affidavits, and returns have also been provided.

In addition, multiple consent searches of Rick Singer's telephone were conducted by the FBI. Although these materials are not required to be produced by Local Rule 116.1(C)(1)(b), and despite that none of the defendants have standing to contest the searches of Singer's phone, the Government has provided copies of the written Consent to Search forms obtained in relation to these searches.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Wire and electronic communications, as defined in 18 U.S.C. § 2510, of the defendants relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance signed by District Court Judge Allison D. Burroughs.

The Government has provided copies of the applications for authorization to intercept communications relating to the charges contained in the indictment in which the defendants were named as an interceptee or pursuant to which the defendants were intercepted. Copies of the supporting affidavits of FBI Special Agent Laura Smith, the court orders authorizing the interceptions, and the court orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a) have also been provided.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

The hard drive provided by the Government contains a written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications relating to the charges contained in the indictment made with the consent of one of the parties to the communication ("consensual interceptions") in which the defendant was intercepted or which the Government intends to offer as evidence in its case-in-chief. The Government has also provided an index of the recordings made on the consensual and non-consensual wiretap ("singer_pertinent_sessions.xlsx") as well as a separate index of recordings made through other recording devices ("Singer Recordings Log"). The conversations on these recordings are in English.[1]



---

[1] There are one or two recordings that feature a Chinese speaker, although these have been translated.







6



F.   Identifications under Local Rule 116.1(C)(1)(f)

The Government has no information indicating that the defendants were the subject of an investigative identification procedure used with a witness the Government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread, or other display of an image of the defendants. In the event the Government becomes aware that such a procedure was used, we will advise you at that time and provide you with copies of any tangible evidence reflecting, used in, or memorializing the identification procedure.

G.   Exculpatory Evidence under Local Rule 116.2(B)(1)

With respect to the Government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the Government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H.   Other Matters

The Government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure. The Government will continue to produce automatic discovery as it becomes available to the Government.

The Government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

These materials are produced pursuant to the terms of the protective order entered by the Honorable M. Page Kelly, United States Magistrate Judge, on or about May 2, 2019. *See* D.E. 377. Accordingly, the Government requests that you treat all of these materials in accordance with that order.

*   *   *

Please call the undersigned Assistant U.S. Attorney at 617-748-3412 if you have any questions.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: *Eric S. Rosen*
Eric S. Rosen
Assistant U.S. Attorney