# EXHIBIT H



**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Brian Kelly**
*Partner*
T 617-345-1135
bkelly@nixonpeabody.com

Exchange Place
53 State Street
Boston, MA  02109-2835
617-345-1000

February 19, 2020

Eric Rosen, Esq.
Assistant United States Attorney
John Joseph Moakley United State Courthouse
1 Courthouse Way
Boston, MA 02110

Dear AUSA Rosen:

Among the almost two million documents your office produced to us in this matter are seven documents which purport to be extractions of Rick Singer's cellphones. The index you provided for these seven documents is copied below. We write to request further information regarding these documents. In particular, we are concerned that: (1) your production is incomplete; (2) Mr. Singer has committed further acts of obstruction of justice which the government has not disclosed; and (3) the government has permitted Mr. Singer to destroy exculpatory evidence to which the defendants are entitled under the United State Constitution, the Federal Rules of Criminal Procedure, and the District of Massachusetts Local Rules.

| No. | Name | Description | Bates |
|---|---|---|---|
| 1 | AppleDev.2019-04-08.20-04-58 | Various text messages sent and received by Rick Singer between 10/7/2016 and 10/5/2018 | SINGER-PHONE-000001-SINGER-PHONE-000080 |
| 2 | AppleDev.2019-04-08.20-10-41 | Various text messages sent and received by Rick Singer between 10/1/2018 and 10/5/2018 | SINGER-PHONE-000081 |
| 3 | AppleDev.2019-04-08.20-25-58 | Various text messages sent and received by Rick Singer between 10/7/2016 and 11/28/2018 | SINGER-PHONE-000082-SINGER-PHONE-000181 |
| 4 | AppleDev.2019-04-08.20-47-07 | Various text messages sent and received by Rick Singer between 10/7/2016 and 1/2/2019 | SINGER-PHONE-000182-SINGER-PHONE-000275 |
| 5 | AppleDev.2019-04-08.21-04-59 | Various text messages sent and received by Rick Singer between 10/7/2016 and 3/11/2019 | SINGER-PHONE-000276-SINGER-PHONE-000468 |
| 6 | AppleDev.2019-04-08.21-18-45 | Various text messages sent and received by Rick Singer between 10/26/2018 and 2/20/2019 | SINGER-PHONE-000469-SINGER-PHONE-000470 |
| 7 | Logical.2019-04-08.20-12-49 | Various text messages sent and received by Rick Singer between 9/28/2018 and 10/22/2018 | SINGER-PHONE-000471-SINGER-PHONE-000494 |

Eric Rosen, Esq.
February 19, 2020
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

As background, our concerns are primarily related to Mr. Singer's iMessages. iMessages are a type of text message between users of iPhones which typically display as blue, rather than green, on iPhones. Given the prevalence of iPhones, it is likely that the vast majority of Mr. Singer's text communications occurred by iMessage rather than SMS text message. Although court-ordered wiretaps can intercept regular SMS text messages, we understand that they cannot intercept iMessages. There were no iMessages provided to defendants in Title III disclosures or in disclosures from the consensual interceptions; they were provided to defendants only in the seven documents referenced above.

First, we would appreciate if you could provide further description of the documents listed above. Are all of the extractions of the same device? If not, which devices are the extractions from? Why are seven different reports provided? In particular, what is the difference between reports one, three, four, and five, all of which appear to provide iMessages from the same phone number during overlapping time periods?

Second, there was a surprisingly small number of iMessages provided to the defendants, considering that this was likely Mr. Singer's primary method of text communication. Has the government only provided the defendants with some portion of the iMessages extracted from Mr. Singer's phone, or has it provided all of the iMessages extracted from Mr. Singer's phone? Have the Assistant United States Attorneys assigned to this case reviewed all of the iMessages so that they can verify that none of the non-produced iMessages contain *Brady* information? The reasons set forth in Mr. Zangrillo's Motion for Production of Exculpatory Evidence Regarding Title III Interceptions and Consensual Recordings (Dkt. 681) apply equally to disclosure of all communications (including iMessages) extracted from Mr. Singer's mobile devices, and defendants hereby request all such communications.

Third, we note that it appears **all of Mr. Singer's iMessages prior to late September 2018 have been deleted.**[1] The government noted in a previous filing that it first approached Mr. Singer on September 21, 2018, and that Mr. Singer began cooperating with the government in late September 2018. *See* Dkt. 736 at 32. Defendants were not provided with any type of report showing when these messages were deleted, and hereby request such a report. Even without this information, however, the obvious implication is that Mr. Singer destroyed a substantial amount of evidence after being approached by government investigators and/or agreeing to cooperate. This is, of course, not only a violation of Mr. Singer's cooperation agreement, but also a federal crime punishable by up to twenty years in prison. *See, e.g.*, 18 USC § 1519. The decision not to prosecute Mr. Singer for deleting these iMessages is a "promise, reward, or inducement" and therefore should have been disclosed to defendants within twenty-eight days of arraignment, as required by *Brady* and the Local Rules. *See* Local Rule 116.2(b)(1)(C). Defendants hereby

---

[1] In the extraction format provided by the government, defendants are able to see the to/from and date information of deleted messages, but the content field is empty.

Eric Rosen, Esq.
February 19, 2020
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

request that the government provide defendants a list of all of Mr. Singer's crimes that the government has decided it will not prosecute.

Fourth, we note that it appears **a substantial number—approximately 250— of Mr. Singer's iMessages after late September 2018 (after Mr. Singer became a cooperator) have been deleted, including messages with defendants in this case.** *See, e.g.*, SINGER-PHONE-000104 (deleted record of October 13, 2018 iMessage conversation with Felicity Huffman); SINGER-PHONE-000094 (deleted record of November 1, 2018 iMessage conversation with ▆▆▆▆ ▆▆▆▆▆▆); SINGER-PHONE-000091 (deleted record of November 25, 2018 iMessage conversation with ▆▆▆▆▆▆); SINGER-PHONE-000281 (deleted record of March 7, 2019 iMessage conversation with ▆▆▆▆▆▆); SINGER-PHONE-000185 (deleted record of December 2, 2018 iMessage conversation with ▆▆▆▆▆▆). It appears Mr. Singer was violating his cooperation agreement when he deleted these text messages and that such deletion was a federal crime punishable by up to twenty years in prison. *See, e.g.*, 18 USC § 1519. The decision not to prosecute Mr. Singer for deleting these iMessages is a "promise, reward, or inducement" and therefore should have been disclosed to defendants within twenty-eight days of arraignment, as required by *Brady* and the Local Rules. *See* Local Rule 116.2(b)(1)(C). Again, defendants request that the government provide defendants a list of all of Mr. Singer's crimes that the government has decided it will not prosecute.

Fifth, defendants request all call logs extracted from Mr. Singer's phones. The call logs may constitute *Brady* for the reasons set forth in Mr. Zangrillo's Motion for Production of Exculpatory Evidence Regarding Title III Interceptions and Consensual Recordings (Dkt. 681) and, in any case, are required to be disclosed pursuant to Fed. R. Crim. P. 16(a)(1)(E) because they are material to preparing our defense. Relatedly, defendants request all metadata regarding Mr. Singer's FaceTime audio and video calls, including call logs and records of any deletions. As you are aware, FaceTime calls cannot be intercepted by the technology the government uses for Title III interceptions and consensual interceptions. However, we know that Mr. Singer used FaceTime technology on *at least* one occasion subsequent to his cooperation agreement.

Sixth, defendants request the full extraction reports for Mr. Singer's phones. The defendants must be able to review the full extraction reports because the extraction reports may show remnants of metadata from deleted messages. As you are aware, when a text message is deleted, the metadata remnants on an extraction report (usually referred to as "carved strings") can include the content of text messages without any corresponding to/from or date information. Because the government provided the defendants with an extraction report showing only messages to/from certain individuals, defendants cannot be assured that text messages lacking to/from information, but nonetheless required to be produced pursuant to *Brady* and/or Fed. R. Crim P. 16(a)(1)(E), have in fact been produced.

Eric Rosen, Esq.
February 19, 2020
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Seventh, defendants request that the government explain what efforts it undertook to recover the messages that Mr. Singer illegally deleted from his phone both before and after becoming a cooperating witness. What methods did the government use to recover the destroyed evidence or did the government simply hand Mr. Singer back his phone knowing full well that doing so would make it difficult or impossible to recover the data that Mr. Singer deleted? At the very least, the destroyed evidence was *Jencks* material. Defendants have serious concerns that, while Mr. Singer was a cooperating witness (and de facto government agent), the government became aware that Mr. Singer destroyed evidence, knew that such evidence was exculpatory (or at the very least subject to disclosure under the Rules of Criminal Procedure, the Local Rules, or *Jencks*), but took no steps to recover the destroyed evidence.

Thank you for your prompt attention to these matters.

Very truly yours,

Brian Kelly
*Counsel for Gamal Abdelaziz*

Michael Kendall
*Counsel for John Wilson*

David Meier
*Counsel for Todd and Diane Blake*

Tracy Miner
*Counsel for Homayoun Zadeh*

Robert Popeo
*Counsel for Elisabeth Kimmel*

B.J. Trach
*Counsel for Mossimo Giannulli and Lori Loughlin*

George Vien
*Counsel for Mossimo Giannulli*

Martin Weinberg
*Counsel for Robert Zangrillo*