# EXHIBIT KK


U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 17, 2019

Mr. Brian T. Kelly, Esq.
Nixon Peabody LLP
53 State Street
Boston, Massachusetts 02210

      Re: <u>United States v. Gamal Abdelaziz</u>

Dear Mr. Kelly:

      We write in response to your e-mail, dated August 29, 2019, concerning "certain core Brady material that has not yet been produced"—namely, "all of Singer's statements . . . and any records or other witness statements, regarding the second sentence in paragraph 187 of Special Agent Smith's March 11, 2019 Affidavit in Support of the Criminal Complaint" against your client, Gamal Abdelaziz. Specifically, in that e-mail you assert that the "memorialization of a subsequent agreement between Singer and Heinel, to which Abdelaziz was not a party, for Abdelaziz's donation to the university to be diverted as a personal bribe, is core Brady material (not just Jencks) for our client."

      As you are aware, *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny do not create a general right to criminal discovery.  *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."). Rather, *Brady* obligates the government to disclose evidence that is favorable to the accused and material to punishment.  *See, e.g.*, *United States v. Prochilo*, 629 F.3d 264 (1st Cir. 2011); *see also Strickler v. Greene*, 527 U.S. 263, 280 (1999) (evidence is "favorable to the accused" if it is exculpatory and "material" if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different).  It applies only to materials that are both known to the prosecution and unknown to the defense.  *See, e.g.*, *United States v. Bender*, 304 F.3d 161 (1st Cir. 2002) ("*Brady* applies to material that was known to the prosecution but unknown to the defense").  The government is familiar with its *Brady* obligations, and has complied with them, and will continue to do so as this case progresses.  *See Prochilo*, 629 F.3d at 268 ("The government is primarily responsible for deciding what evidence it must disclose to the defendant under *Brady*.").

Your client is charged, in part, with being part of a conspiracy to corrupt Donna Heinel and others through the payment of bribes. At USC, as alleged, Heinel directed payments both to accounts she controlled at the school as well as to her personal bank account. Accordingly, the entire premise of your August 29, 2019 request, which seeks to differentiate between bribes paid to accounts controlled or used by Heinel and bribes paid to Heinel personally, is wrong.[1]

The relevant inquiry here is not where the money paid by your client ended up; but, rather, the intent of your client in making the payments in the first place. *Cf.* 18 U.S.C. § 201(b)(1) (defining bribery of public officials as giving, offering, or promising anything of value to either a public official or to "**any other person or entity**" with intent). Regardless of where the money was ultimately spent by other co-conspirators, as alleged in the charging documents, at the outset of your client's involvement in the charged conspiracy your client agreed to make his payment as part of a *quid pro quo* exchange to secure his daughter's admission as a fake athletic recruit. *See* Second Superseding Indictment at ¶ 98 ("Beginning in or about the summer of 2017, GAMAL ABDELAZIZ agreed with Singer to pay an amount, ultimately totally $300,000, for facilitating his daughter's admission to USC as a purported basketball recruit."). Accordingly, even if your request was based on more than mere speculation, the evidence requested would not constitute *Brady* material as it is neither favorable[2] nor material[3] to Mr. Abdelaziz. *See Prochilo*, 629 F.3d at 268 (defendant's *Brady* request "cannot consist of mere speculation," and defendant "should be able to articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material").

---

[1] Notably, your request also appears to be premised on a misreading of the complaint affidavit. In short, you claim that "the first sentence of paragraph 187 indicates that Abdelaziz was requested to make a donation to the university" to secure his daughter's admission. That paragraph of the complaint affidavit, however, never uses the word donation. Rather, it refers to a $200,000 "payment" to Heinel that was to be made to secure the admission of your client's daughter. As explained in detail within the charging documents, the payment in question was a bribe payment to secure the admission of your client's daughter to USC.

[2] The requested evidence appears inculpatory. For example, if any statements or records exist of an agreement to send your client's bribe to Heinel's personal bank account, this evidence would, amongst other things, establish: (a) the existence of your client's agreement to funnel money through Singer to Heinel to secure his daughter's admission to USC as an athletic recruit in a sport she did not play; and (b) that your client never intended to make a legitimate donation to USC in the first instance since co-conspirators, and not the university, controlled where the funds were ultimately delivered.

[3] Your request claims that "Abdelaziz was not a party" to conversations between Heinel and Singer in question, and, in any event, those conversations occurred only after your client is alleged to have agreed to pay the bribe. It is difficult to image how such evidence—particularly when it was purportedly unknown to your client and/or occurred after he agreed to commit the charged offense—could be material to your client's defense.

2

If you are able to identify reasons why those materials constitute *Brady*, please let us know and we will be happy to consider such requests. At the same time, we should also discuss your production of any Rule 16(b) discovery to the Government. As you aware, despite our request for discovery, you have produced no such materials within Mr. Abdelaziz's possession or control that he intends use in his case-in-chief. We reiterate our request for such discovery, and, for illustrative purposes, highlight below certain materials that may fall within your client's discovery obligations:

- Records of donations made to USC, such as communications in which USC personnel and/or board members guaranteed your client that ▬ Adbelaziz's would be admitted to USC in exchange for a donation;

- Records of donations made to the Key Worldwide Foundation ("KWF"), including all communications concerning the $300,000 paid by your client on or about March 26, 2018;

- Records of ▬ Abdelaziz's involvement in basketball, including confirmation of her participation with the "Beijing Junior National Team" and/or in the "2016 China Cup;"

- Records of ▬ Abdelaziz's recruitment by or acceptance to college as recruited athlete, such as communications with coaching staff, records of scouting visits, and/or discussions of letters of intent;

- Records of ▬ Abdelaziz's involvement with the USC women's basketball team, including medical records reflecting the extent of the injury that purportedly prevented her participation with the team;

- Records of Rick Singer, The Key, and/or KWF's involvement with all of your client's children, including any communications about payments to secure the admission of his children to school.

Please advise of a time in the near future when you are available to discuss your request as well as the Government's reciprocal discovery request.

                                                    Sincerely,

                                                    ANDREW E. LELLING
                                                    United States Attorney

By:     /s Justin D. O'Connell
            Eric S. Rosen
            Justin D. O'Connell
            Kirsten A. Kearney
            Leslie A. Wright
            Assistant U.S. Attorneys