# EXHIBIT RR

**From:** Rosen, Eric (USAMA) <Eric.Rosen@usdoj.gov>
**Sent:** Tuesday, March 24, 2020 8:55 PM
**To:** Kendall, Michael <michael.kendall@whitecase.com>
**Cc:** Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>; O'Connell, Justin (USAMA)
<Justin.O'Connell@usdoj.gov>; Wright, Leslie (USAMA) <Leslie.Wright@usdoj.gov>; Kearney, Kristen
(USAMA) <Kristen.Kearney@usdoj.gov>; Tomback, Andrew <andrew.tomback@whitecase.com>;
Malkiel, Yakov <yakov.malkiel@whitecase.com>; Frank, Stephen (USAMA) 1
<Stephen.Frank@usdoj.gov>
**Subject:** RE: US v. Siddoo, Follow up on discovery

Mike –

In response to your further inquiry, Singer did inform the government that he had scheduled a
FaceTime call prior to the call, and the government directed Singer to maintain his regular college
counseling contacts with students during the period in which he was cooperating with investigators.

We believe we have now provided you with all the factual information we have about the call.

Eric

**From:** Kendall, Michael <michael.kendall@whitecase.com>
**Sent:** Tuesday, March 24, 2020 12:38 PM
**To:** Rosen, Eric (USAMA) <erosen2@usa.doj.gov>
**Cc:** Bell, Karin (USAMA)3 <KBell3@usa.doj.gov>; O'Connell, Justin (USAMA) <JOconnell@usa.doj.gov>;
Wright, Leslie (USAMA) <LWright4@usa.doj.gov>; Kearney, Kristen (USAMA) <KKearney@usa.doj.gov>;
Tomback, Andrew <andrew.tomback@whitecase.com>; Malkiel, Yakov
<yakov.malkiel@whitecase.com>
**Subject:** US v. Siddoo, Follow up on discovery

Eric,

Thanks for your prompt reply.  It was very helpful.  We need to clarify a few details:

What is the reason that the Government did not monitor the call?
Did Singer fail to tell the Government about the call before it occurred?
When and how did the Government first learn about the call—from our inquiries?

Mike

**Michael Kendall**  | Partner
**T** +1 617 979 9310   **M** +1 617 905 8206   **E** michael.kendall@whitecase.com
White & Case LLP  | 75 State Street | Boston, MA 02109-1814
**From:** Rosen, Eric (USAMA) <Eric.Rosen@usdoj.gov>
**Sent:** Tuesday, March 24, 2020 11:23 AM
**To:** Malkiel, Yakov <yakov.malkiel@whitecase.com>; Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>
**Cc:** O'Connell, Justin (USAMA) <Justin.O'Connell@usdoj.gov>; Wright, Leslie (USAMA)

<Leslie.Wright@usdoj.gov>; Kearney, Kristen (USAMA) <Kristen.Kearney@usdoj.gov>; Kendall, Michael <michael.kendall@whitecase.com>; Tomback, Andrew <andrew.tomback@whitecase.com>
**Subject:** RE: US v. Siddoo, Follow up on discovery

Yakov –

        We are responding to your emails of March 21, 23 and 24, 2020.

        *First*, as we indicated in our reply on March 19, 2020, we do not believe we have any additional information responsive to your request about the note.  As we have previously indicated, we are reviewing our productions to ensure that that is the case.  To the extent Singer drafted the note "in response" to anything, we do not believe it was a request from the government.  It may have been a request from his own counsel.  To the extent we find any information responsive to your request, we will produce it promptly.

        *Second*, we do not believe we have additional agent reports or notes of the September 28, 2018 meeting in California.  As you note, the call occurred during a break in the meeting and the government did not play a "role" in the call or monitor it. To the extent we find any information responsive to your request, we will produce it promptly.

                        Eric

**From:** Malkiel, Yakov <yakov.malkiel@whitecase.com>
**Sent:** Tuesday, March 24, 2020 11:15 AM
**To:** Bell, Karin (USAMA)3 <KBell3@usa.doj.gov>
**Cc:** Rosen, Eric (USAMA) <erosen2@usa.doj.gov>; O'Connell, Justin (USAMA) <JOconnell@usa.doj.gov>; Wright, Leslie (USAMA) <LWright4@usa.doj.gov>; Kearney, Kristen (USAMA) <KKearney@usa.doj.gov>; Kendall, Michael <michael.kendall@whitecase.com>; Tomback, Andrew <andrew.tomback@whitecase.com>
**Subject:** RE: US v. Siddoo, Follow up on discovery

Dear Karin,

We are writing to ask that you resolve a discovery problem that is impeding our efforts to meet Judge Gorton's Order that we file by tomorrow all motion practice relevant to sanctions over the delayed production of Singer's iPhone notes.  We have made repeated requests to the USAO for discovery related to two issues directly relevant to this motion practice:

1.    All information and documents in the government's possession relating to a FaceTime call Singer had with the Wilson family on September 28, 2018, apparently while he was in the Sacramento FBI office with two prosecutors and four agents from the prosecution team.  It appears that the team took a break from its debriefing to allow Mr. Singer to conduct this call.  The Government did not record this call, nor did it reference it in the FBI-1023 of the September 28 interview.
2.    All information and documents that describe the circumstances that lead to the creation of Singer's note on January 30, 2019 referencing John Wilson and USC.

We request that the government produce the requested information today, and respond forthwith and tell us what it intends to do.  If the government is going to refuse to provide complete disclosure, we will need to move for expedited discovery before Magistrate Judge Kelley.

We look forward to your response.  We are also available to discuss this today by telephone.

Mike, Andy, and Yakov

**Yakov Malkiel**  |  Associate
**T** +1 617 979 9322   **M** +1 617 407 0117   **E** yakov.malkiel@whitecase.com
White & Case LLP  |  75 State Street  |  Boston, MA 02109-1814
**From:** Kendall, Michael <michael.kendall@whitecase.com>
**Sent:** Monday, March 23, 2020 12:45 PM
**To:** Wright, Leslie (USAMA) <Leslie.Wright@usdoj.gov>; O'Connell, Justin (USAMA)
<Justin.O'Connell@usdoj.gov>; Kearney, Kristen (USAMA) <Kristen.Kearney@usdoj.gov>; Frank, Stephen
(USAMA) 1 <Stephen.Frank@usdoj.gov>; Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>; Rosen, Eric
(USAMA) <Eric.Rosen@usdoj.gov>
**Subject:** US v. Siddoo, Follow up on discovery

Leslie,

Thank you for your March 18, 2020 response to our questions.  We are writing to follow-up on item
4.  According to a recently produced FD-1023 report with a Date of Contact September 28, 2018, Mr.
Singer was at the FBI's Sacramento office on September 28, 2018.  Six agents and prosecutors had flown
out from Boston to conduct the interview.  Mr. Singer apparently made the 33-minute FaceTime call you
mention during a break that took place "at approximately 13:15 pst" (according to the FD-1023, at page
3 of 4).  There is no mention of the FaceTime conversation in the FD-1023 or the agents' handwritten
notes.  Does the USAO – including all agents and AUSAs present -- have any documents or information
describing this FaceTime call,  including participants, contents, etc. and the agents' and AUSAs' role in
it?  If so, could you please provide the relevant documents and reduce the participants' memories to a
narrative summary and produce that to us today?

Mike

**Michael Kendall**  |  Partner
**T** +1 617 979 9310   **M** +1 617 905 8206   **E** michael.kendall@whitecase.com
White & Case LLP  |  75 State Street  |  Boston, MA 02109-1814
**From:** Wright, Leslie (USAMA) <Leslie.Wright@usdoj.gov>
**Sent:** Wednesday, March 18, 2020 10:30 AM
**To:** Kendall, Michael <michael.kendall@whitecase.com>; O'Connell, Justin (USAMA)
<Justin.O'Connell@usdoj.gov>; Kearney, Kristen (USAMA) <Kristen.Kearney@usdoj.gov>; Frank, Stephen
(USAMA) 1 <Stephen.Frank@usdoj.gov>; Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>; Rosen, Eric
(USAMA) <Eric.Rosen@usdoj.gov>
**Cc:** William Trach <william.trach@lw.com>; Jack Dicanio <jack.dicanio@skadden.com>; CS Flashner
<csflashner@mintz.com>; Vicki Chou <vchou@hueston.com>; allison.blanco@lw.com;
jkeller@kelleranderle.com; Joshua N. Ruby <jnr@dcglaw.com>; P Hooper <phooper@health-law.com>; J
Sharp <jsharp@nixonpeabody.com>; Brittani A. Jackson <bjackson@hueston.com>; J Kearney
<jkearney@health-law.com>; nct@foleyhoag.com; S Hsutro <shsutro@duanemorris.com>; M Siddall
<msiddall@mosllp.com>; Malkiel, Yakov <yakov.malkiel@whitecase.com>; Martin G. Weinberg
<owlmgw@att.net>; D Meier <dmeier@toddweld.com>; R Cahn <rcahn@kelleranderle.com>; Maynard,
Lauren <lmaynard@nixonpeabody.com>; emily.reitmeier@skadden.com; ML Schwartz

<mlschwartz@bsfllp.com>; michael.clemente@lw.com; R Rpopeo <rrpopeo@mintz.com>; EP Beirne <epbeirne@mintz.com>; ME Robinson <merobinson@mintz.com>; Tomback, Andrew <andrew.tomback@whitecase.com>; Jack Pirozzolo <JPIROZZOLO@SIDLEY.COM>; D Zchesnoff <dzchesnoff@cslawoffice.net>; Sean Berkowitz <sean.berkowitz@lw.com>; D Meier <dmeier@toddweld.com>; Allen Ruby <allen.ruby@skadden.com>; Michael Loucks <michael.loucks@skadden.com>; B Kelly <bkelly@nixonpeabody.com>; G WV <gwv@dcglaw.com>; T Miner <tminer@mosllp.com>; D Schumacher <dschumacher@health-law.com>; Marshall A. Camp <mcamp@hueston.com>
**Subject:** RE: US v. Siddoo, Follow up on discovery


Counsel,


Please see attached in response to your email below.


Thanks,
Leslie


**Leslie Wright**
Assistant United States Attorney
U.S. Attorney's Office, District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3367
leslie.wright@usdoj.gov


**From:** Kendall, Michael <michael.kendall@whitecase.com>
**Sent:** Sunday, March 15, 2020 11:55 AM
**To:** O'Connell, Justin (USAMA) <JOconnell@usa.doj.gov>; Wright, Leslie (USAMA) <LWright4@usa.doj.gov>; Kearney, Kristen (USAMA) <KKearney@usa.doj.gov>; Frank, Stephen (USAMA) 1 <SFrank1@usa.doj.gov>; Bell, Karin (USAMA)3 <KBell3@usa.doj.gov>; Rosen, Eric (USAMA) <erosen2@usa.doj.gov>
**Cc:** William Trach <william.trach@lw.com>; Jack Dicanio <jack.dicanio@skadden.com>; CS Flashner <csflashner@mintz.com>; Vicki Chou <vchou@hueston.com>; allison.blanco@lw.com>; jkeller@kelleranderle.com; Joshua N. Ruby <jnr@dcglaw.com>; P Hooper <phooper@health-law.com>; J Sharp <jsharp@nixonpeabody.com>; Brittani A. Jackson <bjackson@hueston.com>; J Kearney <jkearney@health-law.com>; nct@foleyhoag.com; S Hsutro <shsutro@duanemorris.com>; M Siddall <msiddall@mosllp.com>; Malkiel, Yakov <yakov.malkiel@whitecase.com>; Martin G. Weinberg <owlmgw@att.net>; D Meier <dmeier@toddweld.com>; R Cahn <rcahn@kelleranderle.com>; Maynard, Lauren <lmaynard@nixonpeabody.com>; emily.reitmeier@skadden.com; ML Schwartz <mlschwartz@bsfllp.com>; michael.clemente@lw.com; R Rpopeo <rrpopeo@mintz.com>; EP Beirne <epbeirne@mintz.com>; ME Robinson <merobinson@mintz.com>; Tomback, Andrew <andrew.tomback@whitecase.com>; Jack Pirozzolo <JPIROZZOLO@SIDLEY.COM>; D Zchesnoff <dzchesnoff@cslawoffice.net>; Sean Berkowitz <sean.berkowitz@lw.com>; D Meier <dmeier@toddweld.com>; Allen Ruby <allen.ruby@skadden.com>; Michael Loucks <michael.loucks@skadden.com>; B Kelly <bkelly@nixonpeabody.com>; G WV <gwv@dcglaw.com>; T Miner <tminer@mosllp.com>; D Schumacher <dschumacher@health-law.com>; Marshall A. Camp <mcamp@hueston.com>
**Subject:** US v. Siddoo, Follow up on discovery

Dear Counsel,

In your email of March 12, you invited us to follow up on outstanding discovery requests after reviewing your next production.  We write now to raise a limited, preliminary set of issues given that (a) your production will not be delivered to us until March 16, (b) processing and reviewing the production will take time, (c) we are required to meet a March 20 filing deadline, and (d) your March 13 discovery cover letter already discloses basic information about the contents of the production.

1. We have asked you to produce the attachments/exhibits referenced in the Singer and USC FBI memoranda.  The discovery cover letter does not indicate that we will be receiving those documents.
2. We have asked whether the government has obtained information from USC's attorneys regarding USC persons and USC conduct.  We requested that you disclose any such information, if so.  It does not appear from the discovery cover letter that you are addressing this request.
3. We have requested information about whether the Government has made any promises, rewards or inducements to Mr. Singer or his relatives about possible criminal conduct by Singer and his relatives that is uncharged and unrelated to the parents charged in this case.  Further, we asked whether Mr. Singer has made any statements under oath or otherwise about his assets, whether the government has permitted Singer to keep any assets, and if so which ones.  It does not appear that your production will be addressing this request.
4. We are unable to tell from the discovery cover letter, but need to know urgently, whether your production provides detailed information about the following:
    a. An unrecorded conversation between Rick Singer and the Wilson family reflected by or immediately following interception session 9193.
    b. The list in Singer's iPhone note of January 30, 2019, 22:26 (at SINGER-PHONE-000664), which states, "John Wilson 20k nothing to do with USC plus donation to USC program for real polo player."
5. Finally, we have made various specific Brady requests to you, including in our letters of September 27, 2019 and January 28, 2020.  To date, you have declined to inform us whether you are withholding evidence responsive to those requests.

Given the pressing discovery and motion timelines, we request a teleconference to discuss these requests.  On Monday-Tuesday we are available beginning at 4:30 pm (earlier those days we are unavailable because of a trial at Middlesex Superior Court).

Thank you,

Mike

========================================================================
=========

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 617 979 9300. Please then delete the email and any copies of it. Thank you.
Our external privacy policy is available on https://www.whitecase.com/privacy-policy.