UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO et al.,<br><br>Defendants. | No. 1:19-cr-10080-NMG |

**DEFENDANT JOHN WILSON'S MOTION FOR LEAVE TO FILE
EXHIBIT TEMPORARILY UNDER SEAL, AND THEREAFTER
IN THE PUBLIC RECORD**

Defendant John Wilson hereby moves for leave to file a document (the "Exhibit") under seal, so that the Court may evaluate whether, thereafter, Wilson should file the Exhibit in the public record.  The grounds for this Motion are as follows.

Wilson is preparing motions and supporting documents due to be filed by April 1, 2020. The Exhibit is one of the documents that Wilson intends to submit in support of his motions. Wilson received the Exhibit from the University of Southern California (USC) in response to a pretrial subpoena.

The Exhibit sheds direct sunlight on a key issue in this case:  whether USC knew that Rick Singer delivered donations from applicants' parents to USC's athletic programs.  The Exhibit shows that USC knew about and approved of such donations, and consequently that the donations neither misled USC nor deprived USC of its right to honest services.

Wilson has requested USC's consent to file the Exhibit in the public record.  USC has refused.  In these circumstances, the governing Protective Order states that, "[e]xcept as otherwise ordered," Wilson must seek leave to file the Exhibit under seal.  *See* ECF No. 809 ¶ 13 (adopted at ECF No. 814).  Wilson believes that the Court should "otherwise order[]," because there does not appear to be any justification for impoundment.  The Exhibit does not contain the

types of information that the Protective Order deems worthy of protection, namely "sensitive personal information or information that is . . . commercially sensitive." ECF No. 809 ¶ 2. The only individuals named in the Exhibit are senior members of USC's Athletic Department.

"[P]ublic monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quoting *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002)). The First Circuit has therefore recognized a presumption that "judicial records" must be publically accessible. *Id.* The Exhibit will be a "judicial record" when it is submitted for the Court's consideration in connection with the merits of Wilson's motions. *See id.* at 54. No exception to the presumption of public access appears to apply here. The only apparent reason for USC's insistence on keeping this important record out of the public eye is that USC finds the document embarrassing.

Accordingly, Wilson seeks leave to file the Exhibit temporarily under seal, and thereafter—once the Court has assessed the propriety of impoundment—in the public record. Wilson's counsel is providing a copy of this Motion to USC's counsel.

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Yakov Malkiel (BBO # 689137)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
yakov.malkiel@whitecase.com

Andrew E. Tomback (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8428
andrew.tomback@whitecase.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with counsel to the University of Southern California to resolve or narrow the issue.

/s/ Michael Kendall
Michael Kendall

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall