UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                   :
:
Plaintiff,             :
:
:
-against-                        :  Criminal No. 1:19-cr-10080-NMG
:
DAVID SIDOO, ET AL,                         :
:
Defendant.             :
:
:
------------------------------------------------------------x

**NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S
OPPOSITION TO DEFENDANT JOHN WILSON'S MOTION FOR LEAVE TO FILE
EXHIBIT IN THE PUBLIC RECORD**

Defendant John Wilson's public request to file in the public record a document (the "Exhibit") that USC produced in reliance on the governing Protective Order (1) directly violates the Protective Order by making an improper request of the Court, (2) further violates the Order by purporting to describe publicly a document that Wilson could not file publicly, and (3) completely misstates the document at issue. Wilson's request that the document be publicly filed should be denied, and monetary sanctions should be awarded against Wilson for violating the Order.

Wilson, along with all of the Defendants who have requested documents from USC, voluntarily entered into the Protective Order, which was the result of an arm's length negotiation. *See* Exhibit 1. USC made clear that entering the Protective Order was a prerequisite to obtaining documents because USC was very concerned about producing sensitive information in this highly-publicized case. Defense counsel at large assured USC they would abide by the Protective Order, which was subsequently endorsed by the Court. Dkt. 814.

The Protective Order covers "information and material to be voluntarily produced by USC to the Defendant ('the Protected USC Material')." *See* Exhibit 1 at ¶ 1. Wilson's bald claim that the Exhibit "does not contain the types of information that the Protective Order deems worthy of protection" is not only inaccurate but also ignores the fact that the Protective Order protects ***all*** documents produced by USC regardless of the information reflected. Wilson knew this when he voluntarily signed the Protective Order. The magistrate judge signed off on this Protective Order. To be clear, the Exhibit reflects exactly the type of information that motivated USC to negotiate a protective order. This is "sensitive personal information" that would drag two USC employees into a highly publicized criminal case. *See* Exhibit 1 at ¶ 2. It is "commercially sensitive," as it references a daily contributions report. *Id.* Lastly, the document "would in the ordinary course be treated as confidential and not be disclosed to any third party." *Id.*

The Protective Order specifically requires any party wishing to file any Protected USC Material to "obtain written permission from USC to file such material in the public record." *Id.* at ¶ 13. Yesterday, at exactly 12 pm ET, Wilson raised the Exhibit for the first time and asked for USC's permission to file the Exhibit publicly. *See* Exhibit 2. USC, explaining that the Exhibit was plainly covered by the Protective Order, expressly declined. *Id.*

If written permission is not obtained, the party seeking to file Protected Material must "move the Court for leave to file the Protected USC Material under seal pursuant to Local Rule 7.2." *Id.* The Protective Order does ***not*** allow Wilson to lobby the Court for permission to file the Protected USC Material in the public record. When Wilson's counsel incorrectly cited paragraph 13 of the Protective Order as allowing Wilson "to ask Judge Gorton for permission to file without seal," USC explained to Wilson's counsel that he was attempting to do exactly the

\\BOS - 061612/000047 - 1230488 v1

opposite of what is required by the Protective Order.  *See* Exhibit 2.  USC further warned Wilson that proceeding this way would be "in direct violation of the Protective Order," and requested that Wilson refrain from filing the document in the public record until the dispute was resolved.  *Id.*  Wilson did not respond but instead moved forward with this improper request to file the Exhibit in the public record only hours after first raising the issue with USC.

Wilson opportunistically attempts to seize on language in the Protective Order which requires the Protected Material be filed under seal "[e]xcept as otherwise ordered" by the Court.  *See* Exhibit 1 at ¶ 13.  This language does not give Wilson permission to petition the Court to disregard the Protective Order he voluntarily signed.  Rather, the language simply acknowledges that if the Court were to find that, in spite of what the parties anticipated would be Wilson's good faith request to file under seal, the interests of justice somehow required overriding a validly executed protective order, Wilson, having done everything within reason to maintain confidentiality, would not be unfairly restrained from filing the Protective Material.  The plain language clearly does not provide him the right to ask the Court for permission to renege on his contractual agreement, and Wilson's supposed interpretation would render the Protective Order meaningless.

Wilson has not only disregarded the plain language of the Protective Order but also violated the spirit of the Order by summarizing (incorrectly) the text of the Exhibit in his public filing.  Of course, the Order does not permit Wilson to summarize in a public filing the document that the Order prevents him from filing.  Doing so would render the Order effectively worthless.  Yet that is exactly what Wilson has done here.

The damage to USC by Wilson's flagrant disregard for the Order is further compounded by the fact that in his public filing, Wilson grossly misrepresented the Exhibit.  USC is thus

3

compelled to set the record straight.  The Exhibit reflects two employees in USC's Athletics Department trying to figure out who Rick Singer was after seeing his name on a daily report listing donations to USC's Athletics Department.  The Exhibit makes clear that the employees did not know who Singer was or how that donation was secured.  *See* Exhibit 3.  There is no indication whatsoever that they understood Singer was involved in presenting students for admission under false pretenses.  There is also no reference to any applicant being presented or admitted as a recruited athlete through USC's Admissions Athletic Subcommittee, nor is there any reference to parents of applicants making donations.  Lastly, the individuals involved in the email exchange were employees in USC's Athletics Department; they were not employees in USC's Office of Admission and they had no role in deciding which students were admitted.  Thus, contrary to Wilson's description, there is ***no*** indication in the Exhibit that "Singer delivered donations from applicants' parents to USC's athletic programs" let alone that "USC knew about and approved of such donations."  Motion at 1.  Wilson has not only unilaterally gutted the purpose of the Order by publicly describing a document he could not put in the public record, but he also misrepresented the content of the Exhibit, to the further detriment of USC.

Regardless of Wilson's improper conduct with this filing, the Exhibit should remain sealed for several reasons.  First, the Exhibit squarely falls under the definition of Protected USC Material in the Protective Order, which is defined as material voluntarily produced by USC to the Defendant.  *See* Exhibit 1 at ¶ 1.  It constitutes sensitive personal information that would not only reveal the inner workings of USC, but also would embarrass individual employees.  *Id.* at ¶ 2.  Wilson's motion proves this point, as he has falsely and unfairly accused two individuals of knowing and approving of Singer's criminal scheme when in fact they had no idea who Singer was or that he was involved in wrongdoing.

\\BOS - 061612/000047 - 1230488 v1

Second, there is no reason for these documents to be filed publicly. Wilson claims there is "no exception to the presumption of public access," but "[t]hird-party privacy interests, in particular, have been referred to as a 'venerable common law exception to the presumption of access.'" *United States v. Kravetz*, 706 F.3d 47, 53 (citing *United States v. Amodeo* (*"Amodeo II"*), 71 F.3d 1044, 1051 (2d Cir.1995). Third-party privacy interests are particularly strong where, as here, USC specifically relied on the Protective Order when producing the document in question. In fact, the Protective Order was considered so essential to this matter that the magistrate judge brainstormed how to ensure documents produced by USC to Defendants would not be later transferred to the government without a protective order. See Dkt. 673, Nov. 26, 2019 Tr. at 34-35 ["So let's have the Government either enter into protective orders with Defendants or USC or someone. Let's make sure those documents are still protected if USC wants them to be, okay?"].[1] There has been no change in circumstances necessitating modification of the Protective Order, and none of the other Defendants in this matter has advocated for overriding the Protective Order. The only reason Wilson could possibly insist that the Exhibit be filed in the public record is for press consumption, which further underscores the good cause for enforcing the Protective Order as written in this heavily publicized criminal case. *See United States v. Dimasi*, 2011 WL 915349, at *4 (D. Mass. Mar. 16, 2011).

Lastly, Wilson's behavior warrants the continued enforcement of the Protective Order. Wilson flagrantly disregarded the requirements of the Protective Order that he voluntarily signed

---

[1] The significance of the Protective Order was a central reason relied upon by the magistrate judge in ordering USC, in an unrelated motion on this case, to un-redact highly sensitive information, including student names and academic records. The Court warned that "other defendants who may gain access to the documents [] are cautioned that the protective order will be strictly enforced," and later stated, "The court repeats that these documents will be under a strict protective order and the trial judge will have control over what information is made public at trial." See Dkt. 913 at 3, 17. Wilson's efforts to seek the reversal of this Protective Order proves USC's fears were correct. Even if the Court rules in favor of USC, Wilson's brazen, improper, and inaccurate summary of a document subject to the Protective Order in a public filing has already negatively impacted the University.

and that the Court endorsed. He publicly mischaracterized to USC's detriment the content of the Exhibit that was subject to the Protective Order. To make matters worse, Wilson sprung this issue on USC with almost no advance warning. When USC explained why his interpretation of the paragraph 13 of the Protective Order was incorrect, Wilson ignored USC's correspondence and filed his request with the Court only hours later. This type of sharp behavior should not be tolerated, much less rewarded. USC respectfully moves for the Court to reject Wilson's request and issue monetary sanctions for violating the terms of the Protective Order.

Respectfully submitted,
UNIVERSITY OF SOUTHERN CALIFORNIA,
By its attorneys,

/s/ Debra Wong Yang
Debra Wong Yang (Admitted *Pro Hac Vice*)
Douglas M. Fuchs (Admitted *Pro Hac Vice*)
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213)229-7000
dwongyang@gibsondunn.com
dfuchs@gibsondunn.com

/s/ Anthony E. Fuller
Anthony E. Fuller (BBO #633246)
William H. Kettlewell (BBO# 270320)
Elizabeth C. Pignatelli (BBO #677923)
HOGAN LOVELLS US LLP
125 High St., Suite 2010
Boston, MA  02110
(617) 371-1000
anthony.fuller@hoganlovells.com
bill.kettlewell@hoganlovells.com
elizabeth.pignatelli@hoganlovells.com

Dated: March 31, 2020

\\BOS - 061612/000047 - 1230488 v1

## **CERTIFICATE OF SERVICE**

I, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent those indicated as nonregistered participants on March 31, 2020.

*/s/ Anthony E. Fuller*