# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO et al.,<br><br>Defendants. | No. 1:19-cr-10080-NMG |

### [PROPOSED] REPLY BRIEF IN SUPPORT OF DEFENDANT JOHN WILSON'S MOTION FOR LEAVE TO FILE EXHIBIT TEMPORARILY UNDER SEAL, AND THEREAFTER IN THE PUBLIC RECORD (ECF NO. 989)

The University of Southern California (USC) has lost its way in these proceedings. In its zeal to obscure the facts concerning its admissions policies and practices—including those directly relating to this case—USC has repeatedly misled the Court, eventually compelling Magistrate Judge Kelley to issue findings regarding USC's untruthfulness.[1] Now USC advocates for a novel, USC-specific rule that subordinates this Court's authority to USC's wishes: USC would bar the Court from deciding, in the ordinary course, whether judicial documents submitted for the Court's consideration should be made public. The Court should reject this peculiar demand, and should instead consider simply whether the Exhibit is an appropriate candidate for impoundment.

The position for which USC advocates in its Opposition, ECF No. 998, turns first principles on their head. Every Protective Order is an exercise of the Court's discretion.

---

[1] *See* Nov. 26, 2019 Hr'g Tr. 21-22 ("I don't for a second believe [USC Dean of Admissions Tim] Brunold's affidavit that he submitted here, and I think it's belied by many of the documents that we've received."); Mar. 30, 2020 Order, at 17-18 (stating that "USC has been less than forthcoming about its admissions process," describing a "misleading" statement and "other misstatements" in Mr. Brunold's affidavit, and "find[ing] USC's attempt to explain and justify [a misrepresentation about USC's redactions] unpersuasive").

Consequently, the power to modify such orders is one that "courts undeniably retain . . . as part of their inherent authority over the discovery process." *United States v. Swartz*, 945 F. Supp. 2d 216, 219 (D. Mass. 2013) (citing *United States v. Bulger*, 283 F.R.D. 46, 53 (D. Mass. 2012)). The Protective Order at issue thus only states the obvious in recognizing that its provisions must yield when the Court "otherwise orders." *See* ECF No. 809 ¶ 13. The Protective Order does not presume to curtail the Court's authority to determine that any document(s) should be public; consequently, in opining that it would be appropriate for the Court to exercise that authority, Wilson strayed neither from the Order's letter nor from its spirit.

The other, related fundamental principle USC seeks to overthrow is the presumption that judicial records should be available to the public. *See United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013). In this District, the Local Rules bar litigants from submitting *any* documents under seal without first obtaining leave of the Court. L.R. 7.2(d). Impoundment must be sought and considered separately "each time a document or group of documents is to be filed." L.R. 7.2(e). And ordinarily, a party seeking impoundment must identify "the earliest date on which the impounding order may be lifted." L.R. 7.2(a).

The Rules thus make clear that impoundment is intended to be an exception, applied only where significant policy considerations so require. This worldview cannot allow for the singular protection that USC requests, whereby all documents USC has produced to the defendants under court-ordered subpoenas (though not the documents produced to the government) are categorically shielded from the public eye, subject only to USC's say-so.

As for the specific concerns that USC expresses about the particular Exhibit in question—those are frivolous on their face:

- The names and roles in this case of the USC individuals named in the Exhibit are disclosed in other documents that defendants received from the government.

    Those documents include additional, partial versions of the same email chain.  *See* Exhibit 1.  They are not subject to the particular Protective Order at issue, and may be filed in the public docket subject only to redactions of certain categories of names.  *See* ECF No. 377, at 4-5.  The Exhibit at issue thus poses no risk of disclosing information otherwise protected from publicity.  Moreover, professional activities relating to the case before the Court are not the type of "personal" information that ordinarily warrants impoundment.

- While it is true that the Exhibit references a "daily contribution report," USC's assertion that that reference is "commercially sensitive" beggars belief.  Abundant documents not subject to the USC Protective Order discuss USC's daily contribution report in greater detail.  Indeed, USC apparently saw no sensitivity in disclosing and discussing the report in its Opposition, even though Wilson's Motion had made no reference to that "sensitive" document.

Finally, USC's complaints about Wilson's course of conduct in connection with the Exhibit are false.  Wilson sought USC's consent to file the Exhibit publicly.  When USC refused—for no valid reason Wilson can discern—Wilson honored USC's wishes, and sought the Court's guidance prior to making the Exhibit public.  In his Motion seeking that guidance, Wilson disclosed none of the contents of the Exhibit; neither names, nor numbers, nor dialogue, nor narrative, nor context.  The Motion characterized only the conclusion that, in Wilson's view, an impartial reader would draw from the Exhibit:  that USC "knew about and approved of" donations from applicants' parents, through Rick Singer, to USC athletic programs.  ECF No. 989, at 1.  It is impossible to discern a single fact that, in USC's view, both originates from the Exhibit and appears in Wilson's Motion.

Magistrate Judge Kelley has already found that there is ample evidence that fundraising influenced USC's admissions decisions, and that USC and its counsel have not acted with appropriate candor in litigating discovery issues related to that topic.  *See supra* note 1.  USC's instant Opposition follows the same path, making groundless accusations and demands for sanctions merely because Wilson dared to point out essentially what Magistrate Judge Kelley

had already found, and what numerous documents (including the attached Exhibit 1) demonstrate.

In accordance with the Court's Order today, Wilson will file the Exhibit under seal (when the Clerk's Office reopens). The Court will then have the opportunity to consider, as Wilson requested, whether the Exhibit merits impoundment—or whether USC is again attempting to hide the facts and to impede the defendants' rights to mount their defenses.

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Yakov Malkiel (BBO # 689137)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
yakov.malkiel@whitecase.com

Andrew E. Tomback (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8428
andrew.tomback@whitecase.com

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall