# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
---------------------------------------------------------x
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                              Plaintiff,                 :
                                                         :
          -against-                                      :  Criminal No. 1:19-cr-10080-NMG
                                                         :
DAVID SIDOO, ET AL,                                      :
                                                         :
                              Defendant.                 :
                                                         :
                                                         :
---------------------------------------------------------x
```

**NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S**
**SUR-REPLY TO DEFENDANT JOHN WILSON'S MOTION FOR LEAVE TO FILE**
**<u>EXHIBIT IN THE PUBLIC RECORD</u>**

Having blatantly violated the Protective Order, Wilson disingenuously claims that USC is seeking to "bar the Court from deciding" whether the Exhibit should be sealed.  To the contrary, USC is simply seeking to enforce the express terms of the Protective Order, which require Wilson to ask the Court's permission to file the Exhibit under seal after USC declined permission to file the Exhibit in the public record.  Had Wilson done what he was obligated to do under the Protective Order, the Court would then have been free to decide, as it is with all sealing requests, whether the Exhibit should be sealed or not.  Of course, Wilson did the exact opposite, asking the Court for permission to file the document publicly.  Wilson then compounded his transgression by publicly mischaracterizing the Exhibit, usurping the court's role by effectively unsealing it himself, albeit a fictional version of the document.

Wilson complains that the Protective Order cannot cover "all documents USC has produced to the defendants," but that is exactly the Protective Order Wilson voluntarily signed. The magistrate judge, acknowledging that third-party USC's confidential information deserved

protection, signed off on the Protective Order.  Wilson does not offer any reason why the Protective Order should now suddenly be disregarded less than two months later.

Wilson also does not attempt to justify his need to file this document publicly.  Instead, he mischaracterizes the record and hurls inflammatory remarks, such as accusing USC of trying to "obscure the facts concerning its admission policies and practices."  But the Exhibit has *nothing* to do with USC's admission policies.  It does not involve or mention any employee in the Office of Admission, and it does not reference any admission policies or practices.  Wilson's reply brief underscores USC's concern.  Wilson wants the Exhibit in the public record for no reason other than to attack USC in the press in order to deflect from the underlying fraud charges.  USC respectfully requests that this Court not allow Wilson to get away with his misconduct and to sanction him accordingly.

Respectfully submitted,  
UNIVERSITY OF SOUTHERN CALIFORNIA,  
By its attorneys,

*/s/ Debra Wong Yang*  
Debra Wong Yang (Admitted *Pro Hac Vice*)  
Douglas M. Fuchs (Admitted *Pro Hac Vice*)  
GIBSON DUNN & CRUTCHER LLP  
333 South Grand Avenue  
Los Angeles, CA 90071-3197  
(213)229-7000  
dwongyang@gibsondunn.com  
dfuchs@gibsondunn.com  

*/s/ Anthony E. Fuller*  
Anthony E. Fuller (BBO #633246)  
William H. Kettlewell (BBO# 270320)  
Elizabeth C. Pignatelli (BBO #677923)  
HOGAN LOVELLS US LLP  
125 High St., Suite 2010  
Boston, MA  02110  
(617) 371-1000  
anthony.fuller@hoganlovells.com  
bill.kettlewell@hoganlovells.com  
elizabeth.pignatelli@hoganlovells.com  

Dated:  April 1, 2020

2

**CERTIFICATE OF SERVICE**

      I, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent those indicated as nonregistered participants on April 1, 2020.

                                        */s/ Anthony E. Fuller*
                                        Anthony E. Fuller