UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

DAVID SIDOO, et al.,

Defendants.

Case No. 19-cr-10080-NMG

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION REGARDING GOVERNMENTAL MISCONDUCT (ECF NO. 971)**

Pursuant to Local Rule 7.1(b)(3), Defendants respectfully seek leave to file a reply brief in support of their motion regarding governmental misconduct (ECF No. 971), to be due April 17, 2020, and not to exceed 15 pages.[1] Good cause for such leave is satisfied because Defendants' reply will address additional misconduct that has come to light since Defendants filed their opening brief and that Defendants thus could not have addressed in that brief. The Government's opposition brief also makes several unsupported factual assertions and legal arguments that warrant response. Allowing Defendants to address these issues is thus appropriate, and doing so will materially assist the Court in resolving Defendants' motion.

Defendants' original motion raised troubling questions about government misconduct. Most significantly, the Government recently produced notes taken by its principal cooperating witness, Rick Singer, that show the Government pressured him into fabricating evidence on recorded calls to his clients. *See* ECF No. 972. Defendants' opening brief explained the

---

[1] Counsel for Defendants Gamal Abdelaziz, Diane Blake, Todd Blake, I-Hsen "Joey" Chen, Amy Colburn, Gregory Colburn, Elisabeth Kimmel, William McGlashan, Jr., Marci Palatella, John Wilson, Robert Zangrillo, and Homayoun Zadeh have indicated to undersigned counsel that they join in the relief requested in this motion.

---

*Handwritten margin annotation (left side, dated 4/14/20, signed by Judge Gorton, USDJ):*

Motion allowed, in part, and denied, in part; defendants may file, on or before April 17, 2020, a reply, not to exceed 10 pages, limited to the alleged misconduct which is the subject matter of the original motion (Docket No. 971). The government may submit a sur-reply, similarly limited, on or before April 24, 2020. /s/ NMGorton, USDJ 4/14/20

significance of this revelation, and detailed how the Government's disclosures and actions throughout this case illustrate a pattern of deliberate misconduct.

Since Defendants filed their motion and opening brief, the Government has produced materials that further show its misconduct. On April 1, 2020, the Government produced approximately 230,000 files from Singer's laptop that have been in its possession since November 2018—four months before Defendants were charged. The Government produced these files unprocessed and unlabeled, which has significantly hindered Defendants' review.[2] But a preliminary review has already revealed that the files include substantial exculpatory material that undermines the Government's allegations, cast doubt on its evidence, and support Defendants' innocence—and thus should have been produced long ago.

Defendants could not have addressed this information in their opening brief because the Government had not yet produced the material. This new development provides necessary context to the scope of the Government's pattern of misconduct, and informs the appropriate remedy. The Government's opposition brief also includes numerous unsupported factual assertions and legal arguments, which merit response. Defendants thus respectfully submit that good cause exists to permit them to address these points in a reply brief.[3] Given the extraordinary nature of Defendants' motion—and the fact that it was filed jointly by all 14 Defendants, which requires Defendants to combine and incorporate facts and arguments that would otherwise be contained in individually

---

[2] The Government has told Defendants that they will need to wait until May 5, 2020, for a conventional production of the files. *See* ECF No. 1071 at 2.

[3] *See Klein v. MHM Corr. Servs., Inc.*, No. 08-cv-11814, 2010 WL 3245291, at *2 (D. Mass. Aug. 16, 2010) (granting motion for leave to file additional brief where opponent's brief "arguably incorporated new arguments" that movant could not reasonably have addressed earlier); *Kaplan v. First Hartford Corp.*, No. 04-cv-10402, 2006 WL 8458253, at *1 (D. Mass. Apr. 5, 2006) (Gorton, J.) (granting motion for leave to file reply brief that was directed at rebutting opponent's new legal argument).

filed briefs—Defendants believe that a 15-page reply brief is reasonable and appropriate. That is particularly true in light of the evidentiary record that Defendants have developed thus far, which contains extensive evidence of government misconduct. *Cf. LaFrance v. Bohlinger*, 499 F.2d 29, 35 (1st Cir. 1974) (faced with a substantial claim of "deliberate and unnecessary lawlessness" by the Government, due process requires that the court "conduct its own inquiry" into that claim).

Accordingly, Defendants respectfully seek leave to file a reply brief in support of their motion regarding governmental misconduct (ECF No. 971), to be due April 17, 2020, and not to exceed 15 pages.

Dated: April 10, 2020

Respectfully submitted,

*/s/ William J. Trach*
William J. Trach (BBO #661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Phone: 617.948.6000
william.trach@lw.com

Sean M. Berkowitz (*admitted pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Phone: 312.777.7700
Fax: 312.993.9767
sean.berkowitz@lw.com

Roman Martinez (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Phone: 202.637.2200
roman.martinez@lw.com

Perry J. Viscounty (*admitted pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Phone: 714.540.1235
perry.viscounty@lw.com

*Counsel for Mossimo Giannulli and Lori Loughlin*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I certify that I conferred with counsel for the Government in an attempt to resolve or narrow the issues raised in this motion. The Government takes no position on this motion.

*/s/ William J. Trach*
William J. Trach

## CERTIFICATE OF SERVICE

I certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those identified as non-registered participants.

*/s/ William J. Trach*
William J. Trach