# Exhibit 6

**From:** Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>
**Sent:** Wednesday, May 20, 2020 1:07 PM
**To:** Kendall, Michael; Frank, Stephen (USAMA) 1; Rosen, Eric (USAMA); O'Connell, Justin (USAMA); Kearney, Kristen (USAMA)
**Cc:** Tomback, Andrew; Malkiel, Yakov
**Subject:** RE: U.S. v. Wilson/Discovery Questions

Hi Mike,

The government already responded, in substance, to each of the letters you reference in question #1 below. If you have new discovery requests, we are happy to consider those now. Otherwise, our answer stands: we believe we have complied with our discovery obligations under Federal Rule of Criminal Procedure 16, the Local Rules, and *Brady*, and will continue to do so. We are not intentionally withholding any information under those Rules.

With regard to the FaceTime conversation on September 28, 2018, the government believes it has produced all materials concerning that conversation that it has obtained to date. With regard to your question whether the government "disputes" that Wilson and Singer spoke during that conversation, we have, to date, obtained no evidence corroborating Mr. Wilson's statement that he participated in the September 28, 2018 FaceTime conversation. Should we obtain such information, or other discoverable information concerning that conversation, from Singer or any other source, we will produce it to you.

With regard to the September 23 meeting and cancellation (the subject of your 5/18/20 email), on March 13, 2020 we disclosed the relevant FBI report documenting the Sept. 23, 2018 meeting between the agents and Singer concerning the cancellation of the meeting. We do not intend to disclose work-product as your request seeks.

Finally, with respect to your two remaining requests – given their breadth (*e.g.*, "all documents produced to the government in response to grand jury subpoenas in this matter") – our answers stand: The government believes it has produced all documents as required under Rule 16, the Local Rules and *Brady*, and will continue to do so.

While not specifically responsive to any of your requests, the government provides the following information obtained from a further review of AUSA notes from the September 28, 2018 Singer proffer:



Further, we have reviewed the grand jury testimony of . We do not believe that the following is exculpatory, but we are disclosing it to you in an abundance of caution:

Thank you,
Karin

Karin M. Bell
Deputy Criminal Chief
U.S. Attorney's Office
District of Massachusetts
Boston, MA
617-748-3112

---

**From:** Kendall, Michael <michael.kendall@whitecase.com>
**Sent:** Monday, May 18, 2020 7:11 PM
**To:** Bell, Karin (USAMA)3 <KBell3@usa.doj.gov>; Frank, Stephen (USAMA) 1 <SFrank1@usa.doj.gov>; Rosen, Eric (USAMA) <erosen2@usa.doj.gov>; O'Connell, Justin (USAMA) <JOconnell@usa.doj.gov>; Kearney, Kristen (USAMA) <KKearney@usa.doj.gov>
**Cc:** Tomback, Andrew <andrew.tomback@whitecase.com>; Malkiel, Yakov <yakov.malkiel@whitecase.com>
**Subject:** RE: U.S. v. Wilson/Discovery Questions

Karin,

Thanks for your response. I realize it can come across as presumptuous to suggest deadlines, so please indulge me. Can you get us a response by tomorrow, at least with respect to our inquiries about the September 23 and 28, 2018 events. We first sent written requests seeking information about these events weeks or months ago. We want to respect the Court's direction to get our filings in asap and this information is the only thing holding us back.

Mike

**Michael Kendall** | Partner
**T** +1 617 979 9310 **M** +1 617 905 8206 **E** michael.kendall@whitecase.com
White & Case LLP | 75 State Street | Boston, MA 02109-1814

---

**From:** Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>
**Sent:** Monday, May 18, 2020 3:32 PM
**To:** Kendall, Michael <michael.kendall@whitecase.com>; Frank, Stephen (USAMA) 1 <Stephen.Frank@usdoj.gov>; Rosen, Eric (USAMA) <Eric.Rosen@usdoj.gov>; O'Connell, Justin (USAMA) <Justin.O'Connell@usdoj.gov>; Kearney, Kristen (USAMA) <Kristen.Kearney@usdoj.gov>
**Cc:** Tomback, Andrew <andrew.tomback@whitecase.com>; Malkiel, Yakov <yakov.malkiel@whitecase.com>
**Subject:** RE: U.S. v. Wilson/Discovery Questions

Hi Mike,

Just letting you know we got this. We will respond at the same time we respond to your previous email. Today is very busy and so it will not be by 5pm, but as soon as we are able.

Thank you,
Karin

---

**From:** Kendall, Michael <michael.kendall@whitecase.com>
**Sent:** Monday, May 18, 2020 10:57 AM
**To:** Bell, Karin (USAMA)3 <KBell3@usa.doj.gov>; Frank, Stephen (USAMA) 1 <SFrank1@usa.doj.gov>; Rosen, Eric (USAMA) <erosen2@usa.doj.gov>; O'Connell, Justin (USAMA) <JOconnell@usa.doj.gov>; Kearney, Kristen (USAMA) <KKearney@usa.doj.gov>
**Cc:** Tomback, Andrew <andrew.tomback@whitecase.com>; Malkiel, Yakov <yakov.malkiel@whitecase.com>
**Subject:** U.S. v. Wilson/Discovery Questions

Karin,

In addition to responding to our requests of clarification below, we ask that you provide more information concerning the September 23, 2018 meeting that the Government asked Singer to cancel. In particular, we ask that you disclose what Singer informed the Government about Wilson prior to the cancellation of the September 23 meeting, what the agents said to Singer, why the agents told Singer to schedule the meeting, and why the agents decided to cancel the meeting. We believe these events include highly exculpatory statements and information, all of which is missing from the contemporaneous FBI reports produced to date. Combined with the government's failure to record the September 28 FaceTime conversation, this cancelled meeting is directly relevant to our pending Motion for Reconsideration. Judge Gorton has instructed the Government to respond specifically to the allegations surrounding Singer's Note dated October 2, 2018, yet we have still not received this critically relevant information. Given that the requested information is already known and readily available to the Government, and that we may need to present it to Judge Gorton forthwith, we ask that you provide such answers by 5 pm tonight.

---

**From:** Kendall, Michael
**Sent:** Saturday, May 16, 2020 11:35 AM
**To:** 'Bell, Karin (USAMA)3' <Karin.Bell@usdoj.gov>
**Cc:** Malkiel, Yakov <yakov.malkiel@whitecase.com>; Tomback, Andrew <andrew.tomback@whitecase.com>; 'USAMA-VarsityBluesTrial@usa.doj.gov' <USAMA-VarsityBluesTrial@usa.doj.gov>
**Subject:** RE: Your remaining discovery questions

Karin,

Thank you for the response. We found several of the answers below ambiguous and ask that you provide more clarity to help us narrow any disputes so we can decide if we need to present them to Judge Kelley. Our numbers immediately below correspond to the numbers we both have used in the prior emails. Given the impending deadlines, we would appreciate an answer forthwith.

1. You wrote, "The government believes it has complied with its discovery obligations under Federal Rule of Criminal Procedure 16, the Local Rules, and *Brady*, and the government will continue to do so. The government is not intentionally withholding any such information."

   Are you stating (a) the Government is not withholding any such information that we have requested and the Government possesses, or (b) the government is withholding information that the Defendants have requested but the Government believes it can do so based on how it interprets the applicable rules. If your answer is (b), can you describe the materials that fall within our requests but outside your interpretation of the rules.

   You wrote, " Nor will the government provide information about "intended" contacts between Singer and any defendant in this case. As noted in our reply to the defendant's discovery chart, the government has provided information about actual contacts between Singer and the Wilson family, and there is no requirement that the government produce work product regarding "intended contacts" between a cooperator and a target.

We understand your position with respect to the Sept. 23 appointment, but Wilson maintains that he had an exculpatory FaceTime conversation with Singer on September 28, 2018. The Government has not produced any materials describing that conversation. What is the Government's reason for not disclosing any such materials? Please unambiguously tell us if the Government disputes that defendant John Wilson and Singer spoke during the September 28 FaceTime conversation.

2. We asked you to affirm, "That, with the exception mentioned in your May 5 letter, you have now produced to the defendants (or made available for inspection, with respect to certain iPhone data) the following items:

   a. All documents produced to the government in response to grand jury subpoenas in this matter;

   The government believes it has produced all documents as required under Rule 16, the Local Rules and *Brady*."

   . . . .

   d. All recordings and other records resulting from the government's T-III wiretap and consensual recordings in this matter; and

   The government believes it has produced all of these documents as required under Rule 16, the Local Rules and *Brady.* "

Again, can you clarify, are you stating (a) the Government is not withholding any such information that we have requested and the Government possesses, or (b) the government is withholding information that the Defendants have requested but the Government believes it can do so based on how it interprets the applicable rules. If your answer is (b), can you describe the materials that fall within our requests but outside your interpretation of the rules.

Thanks,

Mike

**Michael Kendall** | Partner
**T** +1 617 979 9310 **M** +1 617 905 8206 **E** michael.kendall@whitecase.com
White & Case LLP | 75 State Street | Boston, MA 02109-1814

**From:** Bell, Karin (USAMA)3 <Karin.Bell@usdoj.gov>
**Sent:** Friday, May 15, 2020 10:53 AM
**To:** Malkiel, Yakov <yakov.malkiel@whitecase.com>; Kendall, Michael <michael.kendall@whitecase.com>; Tomback, Andrew <andrew.tomback@whitecase.com>
**Cc:** USAMA-Varsity Blues Trial (USA) <USAMA-VarsityBluesTrial@usa.doj.gov>
**Subject:** Your remaining discovery questions

Hi Yakov,

Sorry for the delay. The government's responses are in red, below.

Dear counsel,

In connection with your near-final production letter of May 5, 2020, we request that you confirm the following, or describe with specificity the materials you have not yet produced and state when you intend to produce them:

1. That you are not withholding any documents or information responsive to the *Brady* requests we have made in this case, including (without limitation) in:

    a. Our letters dated September 27, 2019, January 28, 2019, and February 29, 2020;
    b. Joint letters from multiple defendants dated February 19, 2020 and February 28, 2020; and
    c. All follow-up letters, emails, and filings relating to the foregoing.

The government believes it has complied with its discovery obligations under Federal Rule of Criminal Procedure 16, the Local Rules, and *Brady*, and the government will continue to do so. The government is not intentionally withholding any such information. As indicated in our reply to defendant's discovery chart (Docket #1071), the government will not provide an index of documents not yet produced as we are unaware of a legal basis to do so. Nor will the government provide information about "intended" contacts between Singer and any defendant in this case. As noted in our reply to the defendant's discovery chart, the government has provided information about actual contacts between Singer and the Wilson family, and there is no requirement that the government produce work product regarding "intended contacts" between a cooperator and a target.

2. That, with the exception mentioned in your May 5 letter, you have now produced to the defendants (or made available for inspection, with respect to certain iPhone data) the following items:

    a. All documents produced to the government in response to grand jury subpoenas in this matter;

The government believes it has produced all documents as required under Rule 16, the Local Rules and *Brady*.

    b. All documents the government has seized and retained pursuant to search warrants issued in this matter;

The government believes that it has produced all such documents as required under Rule 16, the Local Rules and *Brady* to the extent those documents were responsive to Attachments B of the relevant search warrants and did not contain presumptively privileged information. For instance, the government did not produce defendant Wilson's presumptively privileged emails (obtained via search warrant) to other co-defendants; although the government did provide them to Wilson. [Note, this does not include presumptively privileged documents obtained via search warrant from Singer. Those documents have been disclosed as any privilege was waived.]

    c. All documents that Rick Singer, and any other individuals, have produced to the government consensually in connection with this matter;

The government believes it has produced these documents as required under Rule 16, the Local Rules and *Brady*. To the extent the government has not produced any such documents, *e.g.*, any of Singer's *Jencks* or *Giglio* materials, the government will produce such documents pursuant to the pre-trial schedule set by the parties and the court, *i.e.*, July 17, 2020 for *Giglio* material and well before the deadline required by 18 USC 3500.

    d. All recordings and other records resulting from the government's T-III wiretap and consensual recordings in this matter; and

The government believes it has produced all of these documents as required under Rule 16, the Local Rules and *Brady*.

e. All documents memorializing, summarizing, or recording information that the government has obtained from witnesses in this matter (with the exception of grand jury transcripts).

The government has not yet compiled a witness list and thus has not produced all *Jencks* material. Pursuant to the schedule set by the parties and the Court, the government will produce all *Giglio*/impeachment information on or before July 17, 2020 and any remaining *Jencks* materials well before the deadline required by 18 USC 3500. As you are aware, the government has provided a significant number of law enforcement reports as well as an index of all FBI reports, even those not produced. The government has also provided agent notes for all FBI reports produced to date. Finally, the government has provided a summary of AUSA notes regarding interviews with Singer – to the extent such notes included information additional to or different from that in the relevant law enforcement report.

Thank you very much.

==========================================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 617 979 9300. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==========================================================================================