UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO et al.,<br><br>Defendants. | No. 1:19-cr-10080-NMG |

**DEFENDANT JOHN WILSON'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE MONEY LAUNDERING CONSPIRACY (COUNT III)**

Defendant John Wilson joins in the defendants' joint Reply (ECF No. 1238) in support of their Motion to Dismiss the Money Laundering Conspiracy (Count III) (ECF No. 1039). Wilson respectfully submits this brief supplement to address an additional deficiency in Count Three, specific to Wilson, that the government's Opposition (ECF No. 1170) lays bare.

In the Opposition, the government asserts that the transactions underlying the money-laundering charge are "donations to athletic programs, payments to Dvorskiy, Ernst, Heinel, and others personally, and payments to Riddell and others." Opp'n 56. The government recognizes that this charge requires proof of transactions designed "to conceal the nature, location, source, ownership, and control" of SUA proceeds. Opp'n 59; 18 U.S.C. § 1956(a)(1)(B)(i). Its theory of prosecution is that the defendants, including Wilson, agreed "to structure . . . transactions . . . so that the bribes and other payments would not be traced back to them." Opp'n 55.

The Indictment's allegations concerning Wilson refute the government's legal theory. To start with, the government alleges no payments—direct or indirect—from Wilson to Dvorskiy, Ernst, Heinel, Ridell, or any other individuals. It is uncontested that Singer had not even met Heinel in 2014; that Wilson's son did not participate in Singer's test-cheating scheme; and that Singer simply stole $100,000 of Wilson's intended $200,000 donation.

Instead, the *only* payment underlying the Indictment's money-laundering charge against Wilson is "a $100,000 cashier's check, made payable to 'USC Men's Water Polo,'" dated April 2014. Indictment ¶ 302. But the Indictment reveals that that same cashier's check disclosed the source and nature of the donation, by "stat[ing] that the 'purpose/remitter' was the 'Wilson Family.'" Indictment ¶ 343. The face of the Indictment thus shows that this transaction was the polar opposite of the government's money-laundering theory: the transaction ensured that the donation *would* be traced to Wilson. Indeed, the Government does not dispute that USC easily identified Wilson as the donor, recognized him as the parent of an incoming freshman water polo player, and thanked him by letter for his donation. ECF Nos. 995-7 to 995-9.[1]

The fact that, on the face of the Indictment, the payment in question involved no concealment presents another reason for dismissal of Count Three against Wilson.[2]

---

[1] The Indictment also overlooks the "concealment" requirement in alleging that various *direct* payments from parents to university programs support the money-laundering charges. *See* Indictment ¶¶ 284, 290, 299, 303, 306. Rather than concealing the source or nature of the payments, such transactions ensured that the payments could readily be traced back to the parents.

[2] The government only exposes the absurdity of this prosecution in arguing that the defendants "are liable for the acts of their co-conspirators," including all "payments . . . made to Singer's entities." Opp'n 57. The notion that an individual disclosing his own donation would enter into an agreement to conceal the identities of other donors is patently absurd.

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
| | |
|---|---|
| Michael Kendall (BBO # 544866) | Andrew E. Tomback (pro hac vice) |
| Yakov Malkiel (BBO # 689137) | WHITE & CASE LLP |
| WHITE & CASE LLP | 1221 Avenue of the Americas |
| 75 State Street | New York, NY 10020 |
| Boston, MA 02109-1814 | Telephone: (212) 819-8428 |
| Telephone: (617) 979-9310 | andrew.tomback@whitecase.com |
| michael.kendall@whitecase.com | |
| yakov.malkiel@whitecase.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall