UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>David Sidoo, et al., John Wilson (No.17) )<br>)<br>Defendants. ) | CASE NO. 1:19-cr-10080-NMG |

**NON-PARTY WILLIAMS & OLDS' AND WILLIAM RICK SINGER'S MOTION FOR AN EXTENSION OF TIME AND LEAVE TO FILE A MOTION TO QUASH A RULE 17(c)(1) SUBPOENA [Subpoena attached as Exhibit A], AND ORDER GRANTING ACCESS TO CM/ECF IN THIS MATTER FOR COUNSEL**

1. On May 14, 2020, defendant John Wilson, through counsel served a Rule 17(c)(1) subpoena [Subpoena attached as Exhibit A], on William Rick Singer's (Singer) Certified Public Accountancy firm, Williams & Olds (Williams & Olds) in Sacramento, CA. Attachment A to the Subpoena describes the Documents to be produced by Williams & Olds, which include as demanded production of Singer to financial records, including tax returns from 2007 to present. For multiple entities listed attachment A.

2. Defendant's counsel Michael Kendall of White & Case in email communication dated May 25, 2020, with Donald H. Heller, counsel for Singer and Williams & Olds advised that: "Williams & Olds's return date for the materials is May 29. Please file by then or we will consider your objections waived." In email communication with Mr. Kendell on May 27, 2020, Mr. Kendall advised Mr. Heller that he would not agree to any extensions of time.

3. William Rick Singer is defendant in pending criminal case in this Courthouse which is part of a group of 50 plus defendants charged in cases pending or resolved in this

1

District and which is commonly referred to as the 2019 College Admissions Bribery Scandal. Defendant John Wilson is one of those defendants.

4. Singer's case is assigned to the Honorable Rya Zobel, United States District Judge (United States v. William Rick Singer, Case 19-cr-10078-RWZ). On March 12, 2019, Singer pleaded guilty to multiple felony counts including RICO and Money Laundering of an Information and is awaiting the setting of a sentencing date.

5. John Wilson is a defendant in the above referenced matter and is charged with multiple felonies including conspiracy to commit mail and wire fraud and honest services mail and wire fraud; conspiracy to commit federal programs bribery; conspiracy to commit money laundering; wire fraud and honest services wire fraud — aiding and abetting; and federal programs bribery — aiding and abetting; filing a false tax return. Mr. Wilson's case is scheduled to begin trial on October 5, 2020, before the Honorable Nathaniel Gorton, U.S. District Judge. Mr. Singer is a potential witness but not disclosed as such against Mr. Wilson and his co-defendants to date.

6. Attachment A, Page 2 to the Subpoena Exhibit A, seeks a significant amount of Singer's financial and tax records from Williams & Olds for a period of from 2007 through present:

> **Instructions** In these requests, the term "Singer' includes William Rick Singer, any employees or agents working on Singer's behalf, any entities associated with Singer (including without limitation the Key Worldwide Foundation, the Edge College and Career Network, LLC, and RWS Management Inc.), and any employees or agents of those entities.
> The requests concern documents in your possession, custody, or control from the time period 2007-present. They are limited to documents that you have not produced to the Department of Justice in connection with its investigation of Singer.[1]
> **Requests**

---

[1] The Department of Justice was not the United States Department of Justice but California Department of Justice.

1. All documents in your possession relating to Singer's tax filings, business operations, and financial operations.
2. All other documents and communications in your possession relating to any work you have performed on Singer's behalf.
3. All communications in your possession between you and Singer.

7. On Sunday May 24, 2020, Mr. Heller wrote an email to Attorney Michael Kendall the requester of the Rule 17(c)(1) in an email, for the purpose of meeting and conferring of the intent to file a motion to quash the subpoena and stated:

> Rule 17(c) subpoenas are not discovery vehicles, Rule 16 serves that purpose. Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S. Ct. 675, 95 L. Ed. 879 (1951), held that Rule 17 must be read in light of Rule 16:
>
> "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Id., p.220. There is a very nice opinion written by Judge Lewis Kaplan in United States v. Stein, 488 F. Supp. 2d 350, 363-369. (SDNY 2017). I am sure Judge Gorton know this rule.

8. Mr. Kendall responded on May 25, 2020: "If you are looking to simply move to quash our subpoena, you can consider our email exchange a sufficient meet and confer conference. If you only object to part of our request, please let me know and I would be happy to discuss that with you. Williams & Olds's return date for the materials is May 29. Please file by then or we will consider your objections waived."

9. On May 26, 2020, Mr. Heller in examining the Subpoena again, as he was preparing a motion to quash noticed that there was no attached court order authorizing the document request nor was the subpoena itself sign by a Magistrate Judge. The subpoena itself

was signed by a deputy clerk and one with authority to sign the issuance of a subpoena, but not a judicial officer.

10. Rule 17(c)(1) requires that a records subpoena must be authorized by a United States District Judge or a United States Magistrate Judge. There was no such authorization in the Court Docket nor attached to the subpoena. "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. **The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.** [Emphasis added]. Fed.Rules of Criminal Procedure, Rule 17(c)(1).

11. In the instant case, the place of production was not the District Court, rather, the records were made returnable to defendant Wilson's lawyers at White & Case, 75 State Street, Boston, Massachusetts. [Exhibit A, p.1 highlighted for the Court convenience]. On May 27, 2020, Mr. Heller had the following email exchange with Mr. Kendall:

> Mike, do you have a court order authorizing your documents subpoena Rule 17(c)(1) and the return of said documents to your office instead of the District Court? I could not find a docket entry authorizing the same. "**A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them**". [Emphasis added]. Fed.Rules of Criminal Procedure, Rule 17(c)(1).

> Mr. Kendall responded: Thank you for your note. The subpoena application was ex parte and approved by Magistrate Judge Kelley. It does not appear in the public docket because it was done ex parte. Documents responsive to Rule 17(c) subpoenas are routinely returned to the defense counsel who served the subpoena. See U.S. v. Diamont. We are not agreeing to any extensions. The subpoena was not addressed to your client. If you think you have standing to litigate the subpoena, please provide us the authority.

> Mr. Heller responded: Would you send me a copy of the ex parte "subpoena application . . . approved by Magistrate Judge Kelley with her signature? I assume there was no written approval for your office being the place for the return. Unless your magistrate judge's are pretty loose with the rules, which I don't think is the case. This will be an interesting motion hearing. We will apply to the court for an extension. We have standing and I am also representing Williams & Olds. You will have a problem getting around Nixon in any event. See Judge Bowler's attached order on a similar matter.
>
> Mr. Kendall responded: The documents are ex parte and under seal. I do not have the authority or preference to disclose them. It appears that your representation of Williams raises a conflict that we will raise with the Court.

12. This case present significant legal issues which require additional time to investigate, including the manner of the issuance of the Subpoena requesting documents and records.

13. William & Olds and Singer believe that a judicial officer must make findings that there was legal and factual basis to order the issuance of a Rule 17(c)(1) subpoena predicated on the U.S. Supreme Court decision in, <u>United States v. Nixon</u> (418 U.S. 683, 699-700 (1974). Nixon states the rule, which is intended to prevent Rule 17(c) subpoenas from becoming a means of circumventing Rule 16.

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

14. Singer has the right to challenge the potential misuse of discovery vehicles and protect Mr. Singer's right to privacy of his financial and tax records and avoid his CPAs from divulging the same. Singer is a California resident and he has a right of privacy under California's Constitution Article I, § 1.

15. Additional time is needed to prepare a motion to quash and movants request they be granted a 14 day extension of time to file a well-crafted motion to quash.

16. Singer's and William & Olds's attorneys are Neil Hartzell of Freeman Mathis & Gary, LLP, a member of the Massachusetts Bar, and Donald H. Heller, a member of the New York and California Bars, and admitted pro hac vice by Judge Zobel in the Singer criminal case pending in this District do not have access to the CM/ECF system for filing in this case and to the extent necessary request an order adding both to the CM/ECF system for filing.

## Local Rule 7.1(a) Certificate

Pursuant to Local Rule 7.1(a)(2) counsel for Singer and Williams & Olds conferred with counsel for Mr. Wilson who did not agree to an extension.

Respectfully submitted,

William Rick Singer
Williams & Olds, CPAs
By their attorneys:

/s/ A. Neil Hartzell
A. Neil Hartzell, MA No. 544752
FREEMAN MATHIS AND GARY, LLP,
60 State Street
Suite 600
Boston, MA 02109-1800
617-963-5966
nhartzell@fmglaw.com

Of counsel,
Donald H. Heller (CA SBN No. 55717)
Donald H. Heller, A Law Corporation
(Admitted *pro hac vice* in *United States of America v. William Rick Singer*, Case No. 19cr10078-1-RWZ)
3638 American River Drive
Sacramento, CA 95864

Dated: May 29, 2020

916-974-3500
dheller@donaldhellerlaw.com

## Certificate of Service

I, A. Neil Hartzell, hereby certify that on May 29, 2020, I served a copy of the foregoing document(s) via first-class mail, postage-prepaid on all counsel of record. Additionally, I served copies of the foregoing document(s) via electronic mail on Attorney Michael Kendall and Assistant U.S. Attorney Eric Rosen.

s/ A. Neil Hartzell