**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

v.

DAVID SIDOO et al.,

Defendants.

No. 1:19-cr-10080-NMG

**DEFENDANT JOHN WILSON'S RESPONSE IN PARTIAL OPPOSITION**
**TO NON-PARTY WILLIAMS & OLDS' AND WILLIAM RICK SINGER'S**
**MOTION FOR AN EXTENSION OF TIME**

**I.      The Extension Motion**

Defendant John Wilson moved for a pretrial subpoena directed to Williams & Olds,

CPAs.  ECF No. 1093.  The Court allowed both the motion itself and Wilson's request for ex

parte adjudication.  ECF No. 1174.  Williams & Olds and William Rick Singer seek an extension

of time to file a motion to quash.  ECF No. 1248 ("Extension Motion").  Wilson hereby opposes

that request in part.

Wilson served his subpoena on May 14, 2020.  The subpoena required compliance within

fourteen days.  The movants have delayed until the very end of that period to request another

fourteen days, during which they plan to prepare a motion to quash.  They provide no valid

justification for their delay.  Wilson nevertheless assents to an extension of seven days.

**II.      The Upcoming Motion to Quash**

For efficiency's sake, Wilson respectfully proposes that the movants' motion-to-quash

papers should address, among other things, (a) the basis for Mr. Singer's standing, and (b) the

apparent conflict of interests between the two jointly represented movants.

By contrast, the issues flagged in the Extension Motion are unlikely to be fruitful areas

for inquiry and litigation.  The movants state that they intend to "investigate . . . the manner of

the issuance of the Subpoena."  Extension Motion ¶ 12.  But this outlandish plan overlooks the

propriety and prevalence of ex parte subpoenas returnable to defense counsel.  The First Circuit

has endorsed this practice, *United States v. Kravetz*, 706 F.3d 47, 53 n.4 (1st Cir. 2013), which

arises from the principle that "[f]orcing any defendant to . . . disclos[e] his defense to the

Government places an unconstitutional limitation on the defendant's right to compulsory

process."  *United States v. Diamont*, No. 05-cr-10154, slip op. at 5 (D. Mass. Nov. 22, 2005)

(quoting *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997)).

Relatedly, the movants express doubts regarding the subpoena's compliance with *United

States v. Nixon*'s requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity."  418

U.S. 683, 699-700 (1974).  *See* Extension Motion ¶ 13.  But Wilson addressed those

requirements in his ex parte application for the subpoena, relying primarily on confidential

defense-strategy information.  Wilson cannot reasonably reveal similar information to Mr.

Singer—given, among other things, his likely testimony for the government—or to Singer's

jointly-represented co-movant.  Accordingly, if the Court should determine that supplemental

submissions concerning the *Nixon* standard are necessary, Wilson will likely seek leave to make

his submissions primarily ex parte, for the eyes of the Court and its staff only.

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
Michael Kendall (BBO # 544866)          Andrew E. Tomback (pro hac vice)
Yakov Malkiel (BBO # 689137)            WHITE & CASE LLP
WHITE & CASE LLP                        1221 Avenue of the Americas
75 State Street                         New York, NY 10020
Boston, MA 02109-1814                   Telephone: (212) 819-8428
Telephone: (617) 979-9310               andrew.tomback@whitecase.com
michael.kendall@whitecase.com
yakov.malkiel@whitecase.com

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed through the ECF system, which will serve copies on counsel of record.  A copy is also being emailed to movants' counsel.

/s/ Michael Kendall
Michael Kendall