# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA,                   )
                        Plaintiff           )
v.                                          )   CASE NO. 1:19-cr-10080-NMG
                                            )
David Sidoo, et.al. John Wilson (No.17)     )
                                            )
                        Defendant.          )
_____ )

**WILLIAM RICK SINGER'S  AND WILLIAMS & OLDS'S MOTION TO QUASH RULE 17(C)(2) SUBPOENA SERVED BY DEFENDANT JOHN WILSON ON WILLIAM RICK SINGER'S ACCOUNTANT'S WILLIAMS & OLDS**

## INTRODUCTION

Pursuant to Federal Rules of Criminal Procedure, Rule 17(c)(2), William Rick Singer ("Singer") and Williams & Olds, CPAs ( Williams & Olds) interested parties [Movants], in the above captioned matter, move to quash a Rule 17(c)(1) Subpoena served by the attorneys for defendant John Wilson (Wilson). Rule 17(c)(2)  provides: "Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

The Subpoena, Exhibit A, attached, sought Singer's and related entities, tax records from 2007 to present, including tax returns. The subpoena was grossly overbroad and in glaring violation of the decision in  United States v. Nixon, (418 U.S. 683, 699-700 (1974), a thinly vailed and wily attempt to obtain discovery in a "fishing expedition", condemned in Nixon, Ibid.

1

Singer is a defendant in this District and one of the many defendants charged in what is commonly described as the "College Admissions Scandal of 2019". Singer case is assigned to the Honorable Rya Zobel, United States District Judge. (<u>United States v. William Rick Singer</u>, Case No. 19-cr-10078-RWZ). On March 12, 2019, Singer pleaded guilty to multiple counts of a filed Information and is awaiting the scheduling of a sentencing date.

Singer and Wilson are accomplices and co-conspirators, albeit, charged in separate cases. The counts charged against Wilson, in the Fourth Superseding Indictment, describes in particular detail the criminal behavior of Wilson and Singer. See, ECF 732, ¶¶ 225-244 (pp.35-38); and ¶¶ 340-344 (53-54). See, also, the Government's Opposition to the omnibus motions to dismiss, including defendant Wilson and the Government's recitation of the evidence developed against Wilson. Doc. 1066, pp.6-10, each paragraph was annotated to the Government exhibits filed.

Singer agreed to cooperate shortly after the FBI showed its hand in a made for TV staged arrest of Singer in a Boston hotel room on September 21, 2018. Shortly, after the 21st, Singer commenced cooperating in multiple debriefing and engaged in recorded telephone calls and email exchanges with Wilson.

It turned out that the "College Admissions Scandal " was first uncovered in a wiretap in an unrelated investigation concerning securities fraud conducted by the U.S. Attorney's office in Boston.  Sufficient discussions were overheard pertaining to buying students into prominent colleges upper-crust colleges, in a multidimensional bribery scheme, that the Government sought and obtained court approved wiretaps. The wiretaps were fruitful.

# ARGUMENT

## I.
## THE RULE 17(c)(1) SUBPOENA PROCESS

On May 14, 2020, Wilson through counsel served a Rule 17(c)(1) subpoena on Singer's Certified Public Accountancy firm, Williams & Olds in Sacramento, CA. [Subpoena attached as Exhibit A ]. Rule 17(c)(1) requires that a documents subpoena be authorized by a United States District Judge or a United States Magistrate Judge. "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. **The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.** [Emphasis added]. Fed.Rules of Criminal Procedure, Rule 17(c)(1).

    1.    Attachment A, Page 2 to the Subpoena Exhibit A, seeks a significant amount of Singer's financial and tax records from Williams & Olds for a period of from 2007 through present:

> **Instructions** In these requests, the term "Singer" includes William Rick Singer, any employees or agents working on Singer's behalf, any entities associated with Singer (including without limitation the Key Worldwide Foundation, the Edge College and Career Network, LLC, and RWS Management Inc.), and any employees or agents of those entities.
> The requests concern documents in your possession, custody, or control from the time period 2007-present. They are limited to documents that you have not produced to the Department of Justice in connection with its investigation of Singer.[1]
> **Requests**
> 1. **All documents in your possession** relating to Singer's tax filings, business operations, and financial operations. [Emphasis added].
> 2**. All other documents and communications** in your possession relating to any work you have performed on Singer's behalf. [Emphasis added.]
> 3. **All communications in your possession** between you and Singer. [Emphasis Added.

---

[1] The Department of Justice was not the United States Department of Justice but California Department of Justice.

3

Thirteen years of tax records estimated to be approximately 1500 pages are sought in this Rule 17(c)(1) Subpoena.

The place of production <u>was not</u> the District Court as required by Rule 17(c)(1), the records were made returnable to Wilson's lawyers at White & Case, 75 State Street, Boston, Massachusetts.[Exhibit A, p.1 highlighted for the Court convenience]. We found no rule allow such a deviation in the Local Rules of this Court or in Orders of this Court.[2]

Judicial authorization serves an important purpose, eliminating party mischief,". . . in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." <u>United States v. Nixon</u> (418 U.S. 683, 699-700 (1974)[3]; Followed in the First Circuit in <u>United States v. La Rouche Campaign,</u> 841 F.2d 1176, 1179 (1st Cir. 1988).

---

[2] In an email exchange on May 27, 2020 with the undersign Michael Kendall, Esq. Mr. Wilson counsel, the inquiry made was: "Mike, do you have a court order authorizing your documents subpoena Rule 17(c)(1) and the return of said documents to your office instead of the District Court? I could not find a docket entry authorizing the same." Mr. Kendall responded: "Thank you for your note. The subpoena application was ex parte and approved by Magistrate Judge Kelley. It does not appear in the public docket because it was done ex parte. Documents responsive to Rule 17(c) subpoenas are routinely returned to the defense counsel who served the subpoena. See U.S. v. Diamont. We are not agreeing to any extensions. The subpoena was not addressed to your client. If you think you have standing to litigate the subpoena, please provide us the authority."

[3] Superseded by statute on other grounds as stated in <u>Bourjaily v United States</u>, 483 US 171, 173 (1987).

Applying the Nixon, supra, elements for production, looking at the Subpoena, what is clear is that the subpoena seeks thirteen years of tax records estimated to be approximately 1500 pages. There is no mention of that ". . . any of the documents are evidentiary and relevant; or that "the application is made in good faith and is not intended as a "'general fishing expedition.'" Examining the unqualified Requests, 1. "All documents in your possession . . ."; 2. "All other documents and communications . . ."; and 3. "All communications in your possession . . .".

Rule 17(c) subpoenas are not discovery vehicles, Rule 16 serves that purpose. Bowman Dairy Co. v. United States, 341 U.S. 214 (1951), held that Rule 17 must be read in light of Rule 16:

> It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. Rule 17 provided for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials. Id., p.220.

An examination of what was sought and described in the Instruction on Attachment A to the Subpoena reflects a "fishing expedition", and violating Nixon, supra, and having it returnable at Wilson's lawyers' offices for an exparte review of confidential tax records without notification to the United States Attorney's office or Mr. Singer's counsel of whom Wilson's counsel is aware and whose contact information is plainly displayed on the Docket of Mr. Singer's case, (United States v. William Rick Singer, Case No. 19-cr-10078-RWZ).

In opposing Singer's and Williams & Olds motion for an extension counsel for Wilson makes revealing admissions. One Wilson "moved for pretrial subpoena directed to Williams & Olds CPA." ECF No. 1093.  "The Court allowed both the motion itself and Wilson's request for ex parte adjudication." ECF No. 1174. Wilson claims that this motion to Quash seeks to reveal defense strategies unsealing the application for the subpoena. Citing United States v. Kravetz, 706 F.3d 47, 53 n.4 (1st Cir. 2013). Kravetz concerned the media gaining access to sealed documents and not a motion quash a Rule 17(c)(1) subpoena. Movants in this motion to Quash challenge the exparte issuance of a subpoena without the provision of the motion to issue it, because of the face the subpoena the subpoena is defective and must quashed. See, United States Of America

v. Jack Ventola, Case 1:15-cr-10356-DPW Document 118 Filed 05/23/17, Magistrate Judge Bowler incisive opinion.

      A Rule 17(c) subpoena duces tecum applicant must show, inter alia, that "the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Nixon, 418 U.S. at 700. To obtain a subpoena duces tecum under the rule, defendant, as the party seeking production, has the burden to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. The subpoenas to the Brunos broadly request "any and all" documents during a six-year time period for 17 entities. The requests therefore fail the specificity hurdle, invariably include matters that are not admissible, and amount to "a general discovery device." Opinion attached as Exhibit 2 for the Court's Convenience.

      Wilson cannot turn this motion into Star Chamber proceeding without agreeing to the disclosure of ECF No. 1174. We have no interest in his defense strategy. There are hours of recorded conversations between Singer and Wilson plus emails which involve Wilson and Singer in the criminal conduct charged in the Wilson's Forth Superseding Indictment.  There is 2 million documents produced.  The Motion to Quash must be granted, Wilson cannot defend the issuance of the subpoena by ex parte

communications. Indeed, Wilson's objections for all intent and purposes would be "unreasonable and oppressive". Rule 17(c)(2).

### III.

### AUTHORITY TO QUASH AND STANDING

Rule 17(c)(2) provides: "(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

Williams & Olds, CPAs have standing to challenge the instant subpoena pursuant to 26 U.S.C. § 7525, "(1) With respect to tax advice, the same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney. "Neither of the two limitations[4] apply in Subsection (2) since this is not a matter before the Internal revenue service nor a noncriminal tax proceeding in federal court by or against the United States.

26 U.S.C. § 7216(1), makes it a criminal offense, a misdemeanor to: "(1) discloses any information furnished to him for, or in connection with, the preparation of any such return". It should be noted that §7216(b)(1)(B) includes an exception in cases where disclosure is made "pursuant to an order of a court." Subsection (f) of Treasury Regulation 301.7216-2 (26 CFR § 301.7216-2(f)) (permissible disclosures or uses without consent of the taxpayer) interprets the

---

[4] (2)Limitations Paragraph (1) may only be asserted in—
(A)any noncriminal tax matter before the Internal Revenue Service; and
(B)any noncriminal tax proceeding in Federal court brought by or against the United States.

exception as applicable to the "order of any court of record" along with five other exceptions.[5] Rule 17(c) subpoenas is not one of the exceptions.

Mr. Singer has a right to privacy under the California Constitution Article 1, Section 1. "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and **privacy**." [Emphasis added]. Mr. Singer is and has been a California resident currently and since before 2007. Mr. Singer has a right to privacy in his private records.

Wherefore, Singer respectfully requests that this Court quash said subpoena in its entirety and take such further action as the Court deems just and appropriate consistent with this Court's Order filed on April 2, 2020, Document 1054, in respect to potential monetary sanctions. [Order of Nathaniel M. Gorton, United States District Judge].

        Respectfully submitted,

        William Rick Singer and Williams & Olds, CPAs

        By their attorneys:

        */s/ A. Neil Hartzell*
        A.Neil Hartzell, MA No. 544752
        FREEMAN MATHIS AND GARY, LLP.
        60 State Street
        Suite 600
        Boston, MA  02109-1800

---

[5] The exceptions are (1) The order of any court of record; (2) a grand jury subpoena; (3) a subpoena issued by the U.S. Congress; (4) an administrative order, demand, summons or subpoena issued by a government agency; (5) a written request from a professional association ethics committee or board investigating the ethical conduct of the tax prepare; and (6) a written request from the Public Company Accounting Oversight Board.

/s/ Donald H. Heller
Donald H. Heller (CA SBN No. 55717
Admitted Pro Hoc Vice 3/12/2020 by Judge Zobel
Pro Hoc Vice motions pending in this case filed 6-5-2020
3638 American River Drive
Sacramento, CA 95864

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1**

I, hereby certify that, before filing this motion, undersigned counsel attempted in good faith to confer with Defendant Wilson's counsel, Michael Kendall, Esquire to resolve the issues raised in multiple email communications.

/s/ Donald H. Heller
Donald H. Heller

**Certificate of Service**

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Donald H. Heller
Donald H. Heller