UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO et al.,<br><br>Defendants. | No. 1:19-cr-10080-NMG<br><br>(Leave to file granted on June 12, 2020) |

**DEFENDANT JOHN WILSON'S REPLY BRIEF
IN SUPPORT OF HIS RENEWED MOTION TO COMPEL THE
PRODUCTION OF EXCULPATORY EVIDENCE**

Defendant John Wilson has moved for an order compelling the Government to provide meaningful responses to two simple requests.

The first request concerns Rick Singer's interactions with government agents and Wilson in September 2018. The government maintains, in essence, that its production of sanitized FBI reports mentioning those events eliminates its obligation to disclose exculpatory information that the reports carefully omit; but *Brady* focuses on substance, not form, and requires production of exculpatory information from any source and in any shape.

As for the second request, the Local Rules establish a process by which a defendant may challenge—in which case the Court meaningfully reviews—the government's compliance with its *Brady* obligations. The government is attempting to excuse itself from that process, putting an end to the Court's oversight and the government's accountability. It asks the Court for a precedent that eviscerates the Local Rules' anticipated division of labor, uniting in the government's hands the roles of prosecutor and adjudicator for all *Brady* issues. The Court should reject this attack on orderly and productive *Brady* practice.

### I. Requests Concerning the September 2018 Interactions

Wilson's Renewed Motion to Compel (ECF No. 1227) presents good reasons to believe that the facts surrounding two specific events are exculpatory: (a) the government's last-minute cancellation of a meeting it had arranged between Singer and Wilson for September 23, 2018; and (b) an unrecorded and unmemorialized FaceTime call, which Singer made to Wilson from the FBI's offices on September 28, 2018. The government's Opposition (ECF No. 1270) continues the government's prolonged pre-motion smokescreening, offering no satisfactory response:

The government first describes "records," as well as "considerable" facts, that it *has* produced in connection with those events. Opposition 3, 5. Those productions are entirely irrelevant to the government's remaining obligations. If any additional evidence is exculpatory, then it must be disclosed as well.

Next, the government insists that it is not required to turn over its work product. Opposition 4 & n.3. But Wilson has not requested any work product. He *does* seek—and is entitled to—any exculpatory *information* the government possesses, whatever the source or medium containing that information.

Lastly, the government asserts that the information Wilson seeks is not exculpatory. Opposition 2, 5. But the assertion is just that: it is not supported by an affidavit, by record evidence, or even by argument. Wilson's Motion explained the common-sense reasons indicating that the information he requests is exculpatory. That information includes, among other things, the facts that prompted the government to cancel the September 23 meeting, the facts that caused the government to refrain from recording the September 28 FaceTime call, and the agents' discussions with Singer about both decisions. The government's unsupported,

conclusory denials provide the Court with no basis to doubt the merits of Wilson's requests. The Court should order the government to disclose the information as described in the Motion.[1]

## II.    Renewal of Prior *Brady* Requests

The parties' *Brady* dispute began with Wilson's enumerated requests, by letter and email, beginning in September 2019. Upon receiving such requests, the government is required to state "whether [it] agrees or does not agree to furnish the requested discovery." LR 116.3(a). If the government does not agree, it must explain "the basis for its position." LR 116.3(c). Prior to motion practice, the parties must make a "good faith attempt . . . to eliminate or narrow the issues." LR 116.3(f); LR 7.1(a)(2). In their motion papers, both parties are required to describe their positions regarding each discovery request, with citations to authority. LR 116.3(g), (i).

The eminent purposes of these procedures are (a) to enable defense counsel to make an informed decision as to whether any dispute requires the Court's intervention; and (b) to enable the Court to assess the merits of any such dispute, so that it can rule efficiently and correctly. Thus, while the government's *Brady* obligations are intended to be self-enforcing, defense counsel and the Court both play roles in preventing violations of defendants' constitutional rights.

The government's stonewalling and refusal to address any specifics here reflect a rejection of this system. The only "information" the government agrees to provide to Wilson—and to the Court—goes without saying: that the government believes it is complying with its

---

[1] In some circumstances, the government may persuade the Court to review the requested information in camera before determining whether production is necessary. Here the government cites no such circumstances, and there is no basis to infer any.

obligations. Opposition 6; ECF No. 1217-6, at 1, 5.[2]  The government (a) refuses to confirm or deny that it is withholding information responsive to the defense's specific *Brady* requests; (b) has declined repeated entreaties to narrow the issues to requests that actually require a ruling; and (c) provides no basis for defense counsel to evaluate the need for motion practice, nor any basis for the Court to assess the merits of any disputes—because no one other the government knows *what* the disputes *are*.  Indeed, the government states outright that it declines to be "accountable" for its discovery decisions.  Opposition 7 n.7.

      The Court should not bless the government's request for a precedent granting prosecutors unreviewable discretion over discovery decisions.  Instead, the Court should require the government to identify the evidence that it has decided to withhold, by category,[3] so that the Court can determine whether that decision complies with *Brady* and the Local Rules.[4]

---

[2] Even that conclusory statement is unreliable given the government's conduct in the instant case.  The government denied in its automatic discovery letter that it possessed *any* exculpatory evidence, produced no information from witness interviews until six months after the Local Rules' deadline, and belittled the defendants' motions to compel while simultaneously making piecemeal *Brady* disclosures that the Court deemed inadequate.  Feb. 28, 2020 Hr'g Tr. 13-15, 17, 19, 22.  The government also withheld Singer's exculpatory iPhone notes until the defendants—through months of efforts and expenditures—were able to demonstrate to the government that its prior iPhone productions had been inadequate.

[3] Wilson does not seek, and has never requested, a detailed "log" of the evidence the government is withholding.  *Cf.* Opposition 7.

[4] In the alternative—one that Wilson cannot imagine is necessary—the Court should adjudicate *all* of the *Brady* motions that Wilson previously filed or joined (ECF Nos. 681, 693, 699, 865) based on the parties' previously submitted papers.  Defense counsel cannot, consistent with the Sixth Amendment, relinquish meritorious *Brady* requests concerning evidence that the government does not deny it is withholding, *especially* in a case where the parties disagree over the theories and types of evidence that negate guilt.  LR 116.2(b)(1)(A).

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Yakov Malkiel (BBO # 689137)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
yakov.malkiel@whitecase.com

Andrew E. Tomback (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8428
andrew.tomback@whitecase.com

## CERTIFICATE OF SERVICE

     I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall