UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                    Plaintiff       )
v.                                  )   CASE NO. 1:19-cr-10080-NMG
                                    )
David Sidoo, et.al. John Wilson (No.17) )
                                    )
                    Defendant.      )
_____ )

**INTERESTED PARTIES WILLIAM RICK SINGER'S
AND WILLIAMS & OLDS'S PROPOSED REPLY BRIEF TO DEFENDANT
JOHN WILSON'S OPPOSITION**

Interested parties William Rick Singer and William & Olds, CPAs (Movants') submit this reply brief to Defendant John Wilson's Opposition to Movants' Motion to Quash. (Opposition) (ECF No. 1295). Movants have never asserted that this Court has no authority to issue an order requiring that the documents requested be produced, and will comply with a Court order.

1. <u>Insufficiency Of The Factual Basis To Support The Subpoena..</u>

The defendant as the proponent of the Rule 17(c)(1)[1] subpoena ". . . in order to carry his burden must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." <u>United States v. Nixon</u> (1974) 418 U.S. 683, 700.

The Subpoena, Exhibit A[2], in its Attachment A, in its instructions states:

> In these requests, the term "Singer" includes William Rick Singer, any employees or agents working on Singer's behalf, any entities associated with Singer (including without limitation the Key Worldwide Foundation, the Edge College and Career Network, LLC, and RWS Management Inc.), and any employees or agents of those entities.

---

[1] All citations to "Rules", unless otherwise cited, refer to the Federal Rules of Criminal Procedure.
[2] Exhibit A to the Motion to Quash is attached for the Court convenience.

1

Exhibit A, page 2, lists the documents to be produced and qualifies the Request to " . . . documents in your possession, custody, or control from the time period 2007-present." A thirteen and half year period.

**Requests**
1. All documents in your possession relating to Singer's tax filings, business operations, and financial operations.
2. All other documents and communications in your possession relating to any work you have performed on Singer's behalf.
3. All communications in your possession between you and Singer.

The breadth of the subpoenaed documents is general and provides no assertion or suggestion of admissibility, relevance or specificity. What it does confirm is that the defendant intended the subpoenas to operate as a general fishing expedition in clear violation of the language of Rule 17(b)(1) and by its very non-specific demands violates the law as to the requirement that the application be made in good faith.  See, United States v. Nixon, 418 U.S. supra, at 699-700, United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007); United States v. La Rouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988).

**2.  Reliance On Ex Parte Communications**

Defendant Wilson asserts in his Opposition that:

On May 11, 2020, the Court authorized defendant John Wilson's proposed subpoena to Williams & Olds, CPAs. ECF No. 1174. ***The Court did so after considering the evidence and arguments that Wilson submitted ex parte.*** (Opposition p. 1). [Emphasis added].

 The penultimate issue is whether the Court in issuing the application for the subpoena relied on evidence that is not part of the record or disclosed to Movants' counsel, and was presented in Attachment A to the Subpoena?  Rule 17(c)(2) authorizes a Motion to Quash and by its plain intended language the Rule anticipates

2

an adversary proceeding. Defendant Wilson's counsel statement referenced above states the Court considered "evidence and arguments that Wilson submitted ex parte. Such evidence must be provided to Movants' counsel. Either with a sealing and confidentiality order to prevent disclosure to any party, or made part of the public docket. The other alternative is the granting of the motion to quash.

Movants do not challenge the Magistrate Judge's authority to issue an ex parte Rule 17(c)(1) subpoena, nor do they make any aspersion as to the Court. Movants' motion to quash challenges the breadth of the factual basis for the issuance of the ex parte application for the subpoena.

As stated in the motion to quash, all that exists publicly is the subpoena itself and Attachment A, p.2 of the subpoena, Exhibit A. Without the ex parte statements the subpoena is defective on its fact and should be quashed. If the basis for issuing the same exists in writings as well as the transcript of any argument defendant's lawyer made to the Court, those must be provided to counsel for Movants. Otherwise, the position articulated by defendant Wilson in opposing the Motion to Quash has an ex parte component playing a role in the Court's decision to issue the Rule 17(c)(1) subpoena. On its face, the subpoena fails to meet the test required in Nixon, supra, and the other cases cited in Movants' Motion and this Reply.

"A district judge may not adopt procedures that impair a . . . [party's] . . . right to due process or his other rights guaranteed by the constitution." United States v. Thompson, 827 F.2d 1254, 1258.(9th Circuit 1987).

"Our system is grounded on the notion that truth will most likely be served if the decisionmaker -- judge or jury -- has the benefit of forceful argument by both sides." Herring v. New York, 422 U.S. 853, 862. (1975).

3

### 3. Standing and alleged conflict of interest.

In <u>DeGrandis v. Children's Hosp. Boston,</u> 203 F. Supp. 3d 193, 198. (D.Mass. 2016) the court noted that: "As a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the information sought is privileged or implicates the party's privacy interests."[Citations omitted]. <u>Patrick Collins, Inc., v. Does 1-38</u>, 941 F. Supp.2d 153, 159-160 (D. Mass. 2013). "[H]owever minimal or 'exceedingly small' the Doe Defendants' interests . . . are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party." [Citations omitted]. <u>Patrick Collins, Inc., v. Does 1-38,</u><u>supra</u>, p.160.

    The argument that neither of the Movants' have standing is without merit. Mr. Singer's personal tax records belong to Mr. Singer and his personal entities Edge College and Career Network, LLC, and RWS Management Inc. and are protected from disclosure without a court order. Mr. Singer has a privacy interest in those records. Mr. Singer's tax records are in the possession of Williams & Olds, CPAs, and that firm owes a fiduciary duty to protect those records, absent a Court Order. The Key Worldwide Foundation, was created as a non-profit, which Mr. Singer controlled. The Key Worldwide Foundation is the entity that served as the "Enterprise", as to which was part of the RICO count that Mr. Singer pleaded guilty, along three other felonies. The Key Worldwide Foundation was the entity to which Defendant Wilson made payments as part of the alleged multiple felonies charged against him and as mentioned the multiple wiretap recordings and consensual recordings discovered to the defendants in this case, for the indictment alleged conduct of buying children into elite schools. Mr. Singer has standing to challenge the instant subpoena. We are informed that all of the

Foundation documents have been discovered to all of the defendants, including defendant Wilson as part of the 2 million pages of discovery by the government.

There is no conflict of interest. Williams & Olds, CPAs provide accounting services to Singer and the entities. They have a statutory duty to protect those documents. The documents in issue are in Williams & Olds possession subject to court order and concern the very same issues as raised in this matter concerning Mr. Singer.

There is no need to respond to defendant counsel's *ad hominem* comments.

Wherefore, the motion to quash should be granted.

Respectfully submitted,

William Rick Singer and Williams & Olds, CPAs

By their attorneys:

/s/ A. Neil Hartzell
A.Neil Hartzell, MA No. 544752
FREEMAN MATHIS AND GARY, LLP.
60 State Street
Suite 600
Boston, MA  02109-1800

/s/ Donald H. Heller
Donald H. Heller CA SBN No. 55717
Admitted Pro Hoc Vice
DONALD H. HELLER, A LAW CORPORATION
3638 American River Drive
Sacramento, CA 95864

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1**

I, hereby certify that, before filing this motion, undersigned counsel attempted in good faith to confer with Defendant Wilson's counsel, Michael Kendall, Esquire to resolve the issues raised in multiple email communications.

/s/ Donald H. Heller

Donald H. Heller

**Certificate of Service**

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Donald H. Heller
Donald H. Heller