UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO et al.,<br><br>        Defendants | No. 1:19-CR-10080-NMG |

**[PROPOSED]**
**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO STRIKE (ECF 1244)**

The government's Opposition does not dispute: (1) that the parents "knew" and "understood" their donations would be directed to USC athletics, *see* ECF 1245 at 2-3; and (2) that the government "never alleged" that "the parents understood Heinel to be personally pocketing money." *Id.* The Opposition reaffirms the government's theory that "[w]hether the payment went to Heinel personally or to USC is **not legally relevant** to whether it was a bribe." *See* Opp. at 4 (ECF 1304) (emphasis added). But the government nonetheless argues that "Evidence of how the defendants' payments were ultimately allocated is both admissible and **directly relevant** to the charges against [the parents]." *Id.* (emphasis added).

There is no way for the government to square this circle. The destination of the parents' donations simply cannot, at the same time, be both "**not legally relevant** to whether it was a bribe" and also "**directly relevant** to the charges against" the parents. The government has argued the former throughout these proceedings, including quite candidly in its Opposition to the Defendants' Motion to Strike. The government's new argument that the side-deal between

Singer and Heinel is somehow relevant to the charges against the parents is a transparent effort to retain the indictment's inflammatory *and patently irrelevant* allegations regarding the side-deal. The Court should reject the government's attempt to complicate the trial and sow confusion by including allegations that (by the government's own admission) are irrelevant to the parents' participation in the charged conspiracies.

There is no doubt that the government believes the jury could convict the defendants of joining the three charged conspiracies without any evidence whatsoever of the Singer-Heinel side-deal or of Heinel personally pocketing any money. The sole purpose of retaining these allegations is to prejudice defendants.