

**Cory S. Flashner**
617 348 1605
csflashner@mintz.com

One Financial Center
Boston, MA  02111
617 542 6000
mintz.com

June 23, 2020

Douglas Fuchs
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Re:  Government Subpoena to the University of Southern California
*United States v. Sidoo et al.* (19-10080-NMG)

Dear Doug:

I am writing on behalf of counsel for several of the defendants in the above-captioned matter ("Defendants").[1]

Based upon your email dated June 16, 2020, the Defendants understand that the government sent a Rule 17 trial subpoena to the University of Southern California ("USC") that includes a request for "[a]ll documents produced by USC" to the Defendants and that the "request is continuing." The Defendants object and request that USC decline to produce documents pursuant to that subpoena, because the government's request is inconsistent with prior rulings of the Court in this case, and constitutes an impermissible end-run around the work product doctrine.

Without any knowledge of the content of the requests in Defendants' respective subpoenas—which the Defendants made and the Court granted *ex parte*—the government's subpoena cannot be viewed as anything but a fishing expedition for the work product of the Defendants in the form of documents that the government is not entitled to at this time.[2] Indeed, Magistrate Judge Kelley has denied similar requests Defendants sought to make to USC for documents USC produced *to other defendants*, despite their being indicted as alleged co-conspirators.

More significantly, the government's obtaining of documents in this way would be a flagrant subversion of the attorney work product doctrine. As noted above, Defendants requested—and the court granted—permission to issue their respective Rule 17(c) subpoenas under seal and *ex parte*, *precisely because* the requests in the subpoenas would reveal defense counsel's impressions of the case and possible trial strategies. By requesting, on an ongoing basis, the documents Defendants have sought pursuant to those sealed, *ex parte* requests, the government is essentially seeking a window into those mental impressions and potential defense trial strategy in real time. This is precisely what the work product doctrine is intended to protect. As the First Circuit has explained,

> "[t]he work product doctrine grants attorneys 'a zone of privacy within which to prepare the client's case and plan strategy, without undue

---

[1] Defendants Elisabeth Kimmel, Gamal Abdelaziz, Diane Blake, Todd Blake, Marci Palatella, John Wilson, Robert Zangrillo, and Homayoun Zadeh join in this request. Defendant Donna Heinel (*U.S. v. Ernst, et al.* 19-10081-IT) also joins in this request.

[2] This is even clearer with regard to requests the Defendants *may yet make but have not yet made*, insofar as the Government's request is ongoing.

**MINTZ**

Douglas Fuchs
June 23, 2020
Page 2



        interference.'" [*United States v.*] *Horn*, 811 F. Supp. [739] at 745 [(D.N.H. 1992)] (quoting *In re San Juan DuPont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1014 (1st Cir. 1998)). Even more to the point, the First Circuit continued, "[c]ourts have held that defense counsel's selection and compilation of documents in preparation for pretrial discovery fall within the highly-protected category of opinion work product." *Id.* at 746 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 401, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)). These protections apply to both civil and criminal cases. *Id.* at 745.

*United States v. June*, No. 10-30021-MAP, 2011 U.S. Dist. LEXIS 127902, *5-6 (D. Mass. Oct. 19, 2011). Those protections are clearly infringed upon by the government's request. Moreover, the government will receive the documents Defendants intend to use in their cases in chief at trial, pursuant to their reciprocal discovery obligations (with which Defendants intend to comply). The government has no right, however, to a view into the process by which Defendants select those documents.[3]

In light of the above, Defendants object to the government's request and ask that USC decline to produce the documents and allow the Defendants and the government an opportunity to resolve this issue through negotiation or litigation before the Court. USC's production of these documents prior to the resolution of this critical issue will seriously impede the Defendants' right to have a fair trial.

Should USC decide to produce the documents to the government prior to resolution of the issues by the Defendants and the government, we request that you inform the Defendants of this decision 72 hours before the documents are provided so the Defendants can seek judicial intervention and resolution. Finally, the government is aware of the Defendant's request to USC and has spoken with undersigned counsel concerning these issues.

Please do not hesitate to contact me if you would like to discuss this matter. Thank you for your time and attention.

Sincerely,


Cory S. Flashner
Member



Cc: AUSA Karin M. Bell

---

[3] It is also notable that, if Defendants bear or share the costs associated with their respective subpoenas with USC, and USC then provides documents produced pursuant to those subpoenas to the Government, Defendants effectively will have paid for the Government to receive discovery that (1) the Government could have obtained for free during its investigation and (2) that the Government may then use against them at trial. This is a stunning inversion of the respective burdens our system places on the Government and criminal defendants.