United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,  )<br>   )<br>       Plaintiff,  )<br>   )<br>   v.  )<br>   )<br>Sidoo et al,  )<br>   )<br>       Defendants.  )<br>   ) | Criminal Action No.<br>19-10080-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

The government has charged defendants with conspiring with William "Rick" Singer ("Singer") to have their children fraudulently admitted to elite universities by, inter alia, fabricating applications, falsifying academic and athletic credentials, cheating on standardized tests, making payments to corrupt exam proctors and bribing university employees and athletic coaches.

Pending before this Court are two motions by defendant John Wilson ("Wilson" or "defendant"): (1) Renewed Motion to Compel the Production of Exculpatory Evidence (Docket No. 1227), and (2) Motion for Reconsideration Regarding the Applicability of the Court's May 8, 2020 Order to Defendant John Wilson (Docket No. 1184).

I.  **Renewed Motion to Compel**

Upon consideration of Wilson's Motion to Compel, the government's opposition thereto and Wilson's Reply Brief (Docket Nos. 1227, 1270 and 1310), the Court concludes that, while Wilson is entitled to all exculpatory evidence in the government's possession, he is not entitled to know why the government cancelled a meeting on September 23, 2018, or why it chose not to record all calls and virtual meetings in which its cooperating witnesses participated. Wilson will be permitted to inquire at trial of government witnesses about events that occurred in September, 2018, and to petition the Court that it should instruct the jury about adverse inferences regarding those events. Furthermore, the government will be directed to confirm with the Court and Wilson that it has reviewed its records and has produced all <u>Brady</u> material with respect to the subject events.

II. **Motion for Reconsideration**

Wilson has also moved for reconsideration of this Court's May 8, 2020, Order denying the defendants' motion to dismiss the indictment based on government misconduct (Docket Nos. 1184 and 971). The government responds that Wilson has not met the prerequisite standard for reconsideration.

Under Fed. R. Civ. P. 59(e), a party may "direct the district court's attention to newly discovered material evidence

or a manifest error of law or fact . . . enabl[ing] the court to correct its own errors . . . ." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). A motion for reconsideration should be granted only if the court has patently misunderstood a party or there is a significant change in the law or facts since the submission of the issues to the court by the parties. Reyes Canada v. Rey Hernandez, 224 F.R.D. 46, 48 (D.P.R. 2004) (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

This Court finds that Wilson has not met this rigorous standard. As suggested previously, cross-examination of Singer or proffering testimony of Wilson family members may be fully utilized at trial.

### ORDER

In accordance with the foregoing, defendant Wilson's Renewed Motion to Compel the Production of Exculpatory Evidence (Docket No. 1227) is **ALLOWED** to the extent that the government is directed to confirm that it has reviewed its records and has produced all Brady material with respect to the subject events but is otherwise **DENIED**. Defendant Wilson's Motion for Reconsideration Regarding the Applicability of The Court's May 8, 2020 Order to Defendant John Wilson (Docket No. 1184) is **DENIED**.

So ordered.

                                                        /s/ Nathaniel M. Gorton
                                                   Nathaniel M. Gorton
                                                   United States District Judge

Dated July 2, 2020