FILED
IN CLERKS OFFICE
2020 AUG -6  AM 8: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) Case No. 1:19-cr-10080-NMG |
| DAVID SIDOO, ET AL., | ) |

### NON-PARTY EDUCATIONAL TESTING SERVICE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, Educational Testing Service ("ETS"), by and through their undersigned attorney, hereby objects to the Subpoena to Produce Documents, Information, or Objects in a Criminal Case (the "Subpoena"), dated May 15, 2020. Nevertheless, in an attempt to avoid burdensome and costly litigation, and as discussed with Jack DiCanio, Esq. and Emily Reitmeier, Esq. on June 4, 2020, ETS has herewith provided non-privileged responsive documents and recordings, Bates numbered DS_0000001 through DS_0000634 (the "Responses") without prejudice to ETS's objections and privileges. ETS reserves the right to amend or supplement these Responses.

### GENERAL OBJECTIONS

The following General Objections apply to the Subpoena in its entirety, including the Definitions and Instructions, as well as each of the seven enumerated document requests (the "Requests"), and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the Requests.

1.     ETS objects to the Subpoena in its entirety on the grounds that it does not meet the standard set forth in *United States v. Nixon*, 418 U.S. 683 (1974) for pre-trial production of documents under Rule 17(c).  The *Nixon* standard is often reduced to "three hurdles" that the moving party must clear: "(1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700.  Defendants fail to specifically identify relevant and admissible evidence that they seek.  The Subpoena broadly requests all documents or communications related to several categories of subject matter, rather than specific evidentiary items.  As courts in the First Circuit have recognized, Rule 17(c) subpoenas were "not intended to provide a means of discovery for criminal cases." *United States v. Ventola,* No. CR 15-10356-DPW, 2017 WL 2260065, at *1 (D. Mass. May 23, 2017) (citations omitted).  Therefore, the Requests do not satisfy the *Nixon* standard because they "fail the specificity hurdle, invariably include matters that are not admissible, and amount to 'a general discovery device.'" *Id.; see also United States v. Manghis,* 2010 WL 349583, at *2 (D. Mass. Jan. 22, 2010) (finding that the Defendant's subpoena requesting "any and all documents" relating to two government agencies' "interpretation and implementation of certain regulatory provisions is overbroad and amounts to little more than a fishing expedition," and is an improper use of Rule 17(c)).

Nevertheless, as described herein, ETS will produce certain non-privileged, responsive documents that are within its possession, custody, or control, to the extent such documents exist.  ETS will promptly review any additional document requests by the defendant that identify specific non-privileged documents admissible in her criminal case that are within ETS's possession, custody, or control.

2. ETS objects to the Subpoena, including the Definitions, Instructions, and Requests made therein, to the extent that it is inconsistent with, or imposes obligations beyond those required by the Federal Rules of Criminal Procedure.

3. ETS objects to the Definition of the term "ETS" in the Subpoena on the grounds that it is overly broad and unduly burdensome. In responding to the Requests, ETS will construe "ETS" to only mean Educational Testing Service.

4. ETS objects to Instruction No. 5 in the Subpoena to the extent that the production specifications described therein are unduly burdensome and go beyond the Federal Rules of Criminal Procedure. Further, ETS will not produce a privilege log for any documents, if any, over which ETS asserts privilege in connection with these overbroad requests.

5. ETS reserves the right to move to quash the Subpoena.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Policies and procedures with respect to the auditing, review, examination, or evaluation of test scores, test locations, or proctors for possible fraud or cheating from January 1, 2015, through December 31, 2018.

**RESPONSE TO REQUEST NO. 1:**

In addition to reasserting the General Objections, ETS objects to Request No. 1 on the grounds that is overly broad and unduly burdensome, calls for the production of highly sensitive information, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS will not produce documents in response to Request No. 1.

**REQUEST NO. 2:**

Document destruction policies and procedures, including those that specifically relate to original test booklets and answer sheets.

**RESPONSE TO REQUEST NO. 2:**

In addition to reasserting the General Objections, ETS objects to Request No. 2 on the grounds that is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS will not produce documents in response to Request No. 2.

**REQUEST NO. 3:**

All documents and materials that reflect, relate or pertain to any review or investigation concerning: (i) Rick Singer; (ii) the Key, the Key Worldwide Foundation ("KWF"), or Counting Stars; or (iii) Igor Dvorskiy, or West Hollywood Prep; or (iv) Mark Riddell.

**RESPONSE TO REQUEST NO. 3:**

In addition to reasserting the General Objections, ETS objects to Request No. 3 on the grounds that is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS states that no responsive documents exist.

**REQUEST NO. 4:**

Documents sufficient to show any money, compensation, or anything of value paid by The College Board to Igor Dvorskiy or West Hollywood Prep.

**RESPONSE TO REQUEST NO. 4:**

In addition to reasserting the General Objections, ETS objects to Request No. 4 on the grounds that is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS produces herewith non-privileged documents identified by ETS that are responsive to Request No. 4.

**REQUEST NO. 5:**

All communications to, from, relating to, referring, or concerning Igor Dvorskiy.

4

**RESPONSE TO REQUEST NO. 5:**

In addition to reasserting the General Objections, ETS objects to Request No. 5 on the grounds that is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS produces herewith non-privileged documents identified by ETS that are responsive to Request No. 5.

**REQUEST NO. 6:**

All agreements or forms completed by or on behalf of Igor Dvorskiy and/or West Hollywood Prep, including, but not limited to, the Test Center Agreement, SAT Testing Staff Agreement, Center Master Form, or Student with Disabilities Coordinator Contract ("SSD"), or Non-Standard Administration Report ("NAR").

**RESPONSE TO REQUEST NO. 6:**

In addition to reasserting the General Objections, ETS objects to Request No. 6 on the grounds that is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS produces herewith non-privileged documents identified by ETS that are responsive to Request No. 6.

**REQUEST NO. 7:**

All SSD Coordinator Manual or Test Center Agreement Manual provided to Igor Dvorskiy or West Hollywood Prep.

**RESPONSE TO REQUEST NO. 7:**

In addition to reasserting the General Objections, ETS objects to Request No. 7 on the grounds that is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Subject to and without waiving the foregoing objections, ETS produces herewith

non-privileged documents identified by ETS that are responsive to Request No. 7.

Dated:  July 9, 2020                                     Respectfully submitted,


                                                         /s/ James P. Loonam
                                                         James P. Loonam
                                                         **JONES DAY**
                                                         250 Vesey Street
                                                         New York, NY 10281
                                                         Tel:  (212) 326-3808
                                                         Fax:  (212) 755-7306
                                                         jloonam@jonesday.com

                                                         *Attorney for Educational Testing Service*