UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No.: 19-10080-NMG |
| (14)   JOHN WILSON, | ) ) ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT JOHN WILSON'S AMENDED REPLY (Dkt. 1571)**

The government respectfully seeks leave to file a brief sur-reply, not to exceed 5 pages, to address the 150 new exhibits included with defendant John Wilson's amended reply to his motion for relief based on the search of his email account.

As grounds for the motion, the government notes that the Court directed Wilson either to produce to the government, by October 23, 2020, the *ex parte* materials he had previously filed in support of his motion, or to submit a revised declaration of his counsel. Dkt. 1534 at 2. The Court directed the government to respond to Wilson's submission by October 30, 2020. *Id.*

Wilson submitted a revised declaration of his counsel on October 23 that identified three emails he contended were improperly seized, but declined to identify additional emails, purportedly "to minimize the disclosure to the government." *See, e.g.*, Kendall Decl. at ¶¶ 11–13, 15, & 19. The government filed its response on October 30, and explained how the documents Wilson cited were not improperly seized.

Wilson has now filed a revised reply brief, along with over 150 new exhibits. The government respectfully submits that Wilson's belated identification of voluminous new exhibits violates the Court's Order and is improper in the context of a reply brief. Indeed, "[i]t is well-settled that it is generally inappropriate for a moving party to advance new arguments and

supporting facts in a reply brief." *Hilsinger Co. v. Kleen Concepts, LLC*, No. CV 14-14714-FDS, 2017 WL 3841468, at *7 (quoting *United States v. Tsarnaev*, 2015 WL 45879, at *2 (D. Mass. Jan. 2, 2015)) (internal quotation marks omitted). "Parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of the nonmoving party and to provide opposing counsel the chance to respond." *Id*. (citation and internal quotation marks omitted). *See also Shedlock v. Spencer*, No. CIV.A. 11-11603-NMG, 2014 WL 211712, at *3 n.5 (D. Mass. Jan. 10, 2014) ("The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum. Arguments presented for the first time in a reply brief are typically waived.") (further citation omitted).

Nevertheless, because Wilson's additional exhibits are now before the Court, the government respectfully requests that it be given an opportunity to supplement its prior response to address them. The defendant, through counsel, assents to this request.

                                                          Respectfully submitted,

                                                          ANDREW E. LELLING
                                                          United States Attorney

                                     By:    */s/ Justin D. O'Connell*
                                                       JUSTIN D. O'CONNELL
                                                       LESLIE A. WRIGHT
                                                       KRISTEN A. KEARNEY
                                                       STEPHEN E. FRANK
                                                       KARIN M. BELL
Date:  November 12, 2020                  Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  November 12, 2020             By:    */s/ Justin D. O'Connell*
                                                                            JUSTIN D. O'CONNELL
                                                                            Assistant United States Attorney