**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No. 19-10080-NMG |
| GREGORY COLBURN, et al., | |
| Defendants. | |

**DEFENDANT JOHN WILSON'S MOTION FOR
<u>TRIAL MANAGEMENT AND TO RECONSIDER SEVERANCE</u>**

During the June 15, 2021 status conference, it became apparent that the Government's calculation of the length of the September 2021 trial is not realistic.  The Government's case in chief, including defendants' cross-examinations, will take longer than six weeks.  The defense case, involving five defendants, will take additional time.

A trial with the five SubCo defendants will involve five basic factual clusters:

(a)     Admissions applications that Rick Singer submitted to USC with Donna Heinel's involvement, and to Georgetown;

(b)     Johnny Wilson's USC application with the involvement of the USC water polo coach (but not Heinel), his water polo and academic credentials in high school, and his membership on the USC water polo team;

(c)     The Government's claim that defendant John Wilson committed additional crimes with respect to his discussions with Rick Singer about using the "side door" to support his daughters' applications;

(d)     The Wilson tax count and affirmative defense case, which involves the testimony of at least two tax preparers, one bookkeeper, an IRS summary witness, and several likely defense witnesses; and

(e)      The SAT testing issues alleged against defendant Marci Palatella.

The Government is simply trying to prove too many different things in one trial.  By loading up the first trial, the Government has both increased the trial's length and created a risk of reversible error.

What makes the joint trial of this case even more complicated and time consuming is that each defendant's dealings with Singer, USC, etc., is wholly independent of every other defendant's.  Every communication that a defendant had with Singer, Singer's employees, or the universities only relates to that individual defendant.  To the extent there are taped telephone calls with defendants, each defendant will have a unique set of tapes that do not involve the other defendants.  The conspiracy alleged by the Government is truly a hub and spoke affair – and it is 100% rimless.  Each defense counsel will have to conduct their own independent examinations.  As a result, there will be far less overlap than in a case with a central event, i.e., a common drug deal or financial fraud.

Time limits on the defense case would raise severe Constitutional problems, because there is such limited overlap among the defendants' defenses.  Furthermore, "allocating" time with Wilson in the case will present serious issues of equity among the defendants.  The trial of Wilson's tax case and his likely defense case will consume at least four to seven days of trial and will not be relevant to the other defendants.[1]  He therefore will require substantially more time to defend against the multi-pronged Government prosecution than will his co-defendants.

Any defendant who chooses to put on a defense case will put on witnesses unique to that defendant.  Furthermore, their dealings with Singer will be wholly independent.  In short, the trial

---

[1] In Wilson's Consolidated Memorandum of Law in Support of his Motions to Sever, to Dismiss, and to Strike (Dkt. No. 995), Wilson provided explicit lists of witnesses and topics to show the good faith basis for severance based on trial management concerns.

will have five separate defense cases with no overlap or efficiencies.  It would violate the defendants' basic Constitutional rights to put any limit on a defense case.

Thus, Wilson respectfully suggests that the Court reconsider Wilson's prior Motion for Severance (*see* Dkt. Nos. 992, 995, 1202).  In addition to being inefficient, a joint trial would cause incurable prejudice to Wilson.  A joint trial would involve countless arguments and evidence on issues related to the conduct of Donna Heinel, which are irrelevant and highly prejudicial to Wilson.

Furthermore, severing Wilson will greatly simplify the jury instructions and jury deliberations.  The Government has indicted all five of the SubCo defendants on three conspiracy charges, Counts 1, 2, and 3.  It has also indicted Wilson, and no other trial defendants, on six additional Counts, including a tax charge, substantive wire frauds, and Federal program bribes.  Severing Wilson will reduce the trial to simply the core Counts: 1, 2, and 3.

A short while ago, Wilson's counsel had a trial in this Courthouse that took 14 weeks through verdict.  Mega-trials are not the best use of limited court resources.  Based upon that experience and other reasons, the undersigned believes severing Wilson from the September 2021 trial is the best option to simplify and shorten the September 2021 trial.  Defendants Mr. Gamal Abdelaziz and Dr. Homayoun Zadeh assent to the request for severance.

Dated: June 17, 2021

Respectfully submitted,

*Counsel to John Wilson,*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814

(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on June 17, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

_/s/ Michael Kendall_
Michael Kendall