UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG-17 |
| | ) | |
| JOHN WILSON, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF ORDER DENYING SEVERANCE [ECF NO. 1909]**

The government respectfully submits this response in opposition to the defendant John Wilson's motion "for trial management" and for reconsideration of the Court's order denying his prior motion for severance. ECF No. 1909.

In March 2020, Wilson moved to sever himself from the remaining defendants on the basis that a joint trial would be both "inefficient and unfairly prejudicial." *See* ECF Nos. 992, 995 at 1. In July 2020, after full briefing,[1] the Court denied Wilson's motion, citing the First Circuit's presumption that "those indicted together are tried together"—a presumption that is "particularly strong in conspiracy cases"—and concluding that Wilson had not satisfied his burden of demonstrating "prejudice so pervasive that a miscarriage of justice looms." ECF No. 1438 at 3– 4. The Court found that "it will not be inefficient to try the [side door] co-conspirators jointly," and that Wilson had not "shown that he would be unfairly prejudiced by evidence introduced against his co-conspirators." *Id.* at 7. Now, nearly a year later, Wilson moves again for severance based on the same grounds the Court previously rejected. ECF No. 1909 at 3.

---

[1] *See* ECF Nos. 995, 1135, 1202.

As this Court held in denying one of Wilson's prior motions for reconsideration in this case, such motions are subject to a "rigorous standard." *United States v. Sidoo*, 470 F. Supp. 3d 90, 93 (D. Mass. 2020). "A motion for reconsideration should be granted only if the court has patently misunderstood a party or there is a significant change in the law or facts since the submission of the issues to the court by the parties." *Id.*; *see also United States v. Iacaboni*, 667 F. Supp. 2d 215, 216 (D. Mass. 2009) (Gorton, J.) (denying motion for reconsideration and explaining that such motions are subjected to similar standards in both the criminal and civil context). The First Circuit has held that "[t]he granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Indeed, motions for reconsideration are not "an appropriate means to repeat old arguments previously considered and rejected." *Figueroa v. United States*, No. 06-40007-FDS, 2013 WL 4010550, at *4 (D. Mass. Aug. 2, 2013). Accordingly, motions that seek reconsideration based on recycled arguments "without pointing to any newly-discovered evidence or any intervening change in law" should "be denied summarily on that basis." *Thongseng v. United States*, No. 05-40037-FDS, 2009 WL 3678678, at *4 (D. Mass. Oct. 28, 2009).

Wilson's motion does not even cite, much less attempt to meet, this "rigorous" standard. It does not cite any intervening change of law, or any precedent at all. Nor does it identify any newly-discovered facts. Instead, it simply repackages the same efficiency and prejudice arguments the Court previously considered and rejected. *Compare, e.g.*, ECF No. 1909 at 2 (Wilson asserting joint trial inefficiencies due to the purported "100% rimless" conspiracy), *with* ECF No. 1438 at 5 (Court holding that this rimless conspiracy "argument has been previously addressed by this Court and found to lack force," citing ECF No. 1334). For these reasons alone, Wilson's motion should be "denied summarily." *Thongseng*, 2009 WL 3678678, at *4.

In any event, Wilson's severance arguments are no stronger now than they were a year ago. As to efficiency, as the Court previously noted, "[e]vidence pertinent to the side door scheme as a whole, Singer's *modus operandi*, his associates, USC admissions practices, etc., are all relevant to the charges against Wilson and his co-conspirators," and "[t]here will [also] be substantial overlap between the evidence regarding the conspiracy charges and the additional charges against Wilson of substantive federal programs bribery and tax fraud."  ECF No. 1438 at 7–8; *see also* ECF No. 1135 at 7.  Accordingly, severing Wilson from the remaining side door defendants would be less efficient than a joint trial.  And as to prejudice, Wilson has still not "identified a specific trial right that would be compromised by a joint trial," as the Court previously noted.  ECF No. 1438 at 7.

For these reasons, and the reasons set forth in the government's opposition to his prior motion for severance, Wilson's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney


By: */s/ Ian Stearns*_____
    JUSTIN D. O'CONNELL
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    KARIN M. BELL
    STEPHEN E. FRANK
    IAN STEARNS
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Ian Stearns*_____
Ian Stearns
Assistant United States Attorney