UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG |

**DEFENDANTS ABDELAZIZ, KIMMEL, PALATELLA, AND WILSON'S OPPOSITION TO GOVERNMENT'S MOTION FOR RE-CONSOLIDATION**

Defendants Gamal Abdelaziz, Elisabeth Kimmel, Marci Palatella, and John Wilson (the "donation defendants") oppose the government's Motion for Re-Consolidation (Dkt. No. 1932).

The Court recently noted that the maximum number of defendants that could be tried together was six. The government's request that seven defendants be tried together is greater than the maximum number of defendants that the Court stated it could accommodate. The Colburns may share a legal team but they are still two separate defendants that will have distinct interests and defenses.

Furthermore, omitting defendant Homayoun Zadeh from the trial of the donation defendants will not materially alter the length of the trial. On the other hand, adding the three testing defendants to the existing trial will significantly increase the length—and attendant complexity—of the trial. Specifically, removing defendant Zadeh from the trial is unlikely to materially shorten it because the trial will still need to cover virtually all of the same basic factual issues, including the submission of applications by Rick Singer to USC, the involvement of Donna Heinel and the USC water polo coach in these applications, and the substantive and tax charges against defendant Wilson. It appears that only two of the government's 38 witnesses will be eliminated by this development, though this change in the trial will necessitate the government

submitting revised witness and exhibit lists. The donation defendants believe the government is unlikely to save more than a day or two of time in its case-in-chief (which the government estimated at six weeks) from eliminating the Zadeh-specific evidence. The expected trial length is still in excess of six weeks, given the likelihood of a defense case.

Adding the three testing defendants to the existing trial, however, is likely to increase the length of the trial to closer to eight weeks. Not only will the government need to present evidence regarding the three additional defendants, but the defense case is also likely to take longer. In particular, the undersigned note that Defendant Chen requires a Mandarin Chinese translator, which his counsel anticipates will substantially increase the time for trial proceedings. The government provides no compelling reason for up-ending the Court's order and further complicating an already complicated, lengthy mega-trial.

Finally, there is a fairness and government disclosure issue. When breaking the case down into two trials, one to start in September and the second to start in January, the Court appropriately established disclosure schedules for each trial triggered off the start date of each trial. During the June conference, the Court also vocalized the concept that the trials could be consolidated if additional defendants were to plead guilty. Nevertheless, the government chose, when providing on June 25 its witness and exhibit lists to the defendants for the first trial, to cull out witnesses and exhibits for the second trial. All of the September trial defendants are deep in trial preparation based upon the government's clearly truncated disclosures.

Now, the government is proposing rejoining those January trial defendants with the September trial defendants, without also asking the Court to push the September start date back so that it can meet its duty to fulfill the Court's disclosure schedule to all defendants. If the Court grants the government's joinder motion, it should refuse the government's certain-to-follow

request that it be allowed to supplement the disclosures it has already made for the September trial date with the documents and witnesses that it deliberately culled from its June disclosures for the January trial defendants.

Dated: July 2, 2021

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO No. 457340)
One McKinley Square
Boston, MA 02109
617-367-3449
sheketoffr@aol.com

*Counsel for Gamal Abdelaziz*

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

3

*/s/ R. Robert Popeo*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605 (telephone)
(617) 542-2241 (fax)
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

*Counsel for Elisabeth Kimmel*

*/s/ Michael K. Loucks*
Michael K. Loucks (BBO #305520)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
Allen J. Ruby (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com
allen.ruby@skadden.com

*Counsel for Marci Palatella*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on July 2, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Brian T. Kelly*
Brian T. Kelly
