# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-cr-10080-NMG |
| GREGORY COLBURN et al., | **ORAL ARGUMENT REQUESTED** |
| Defendants | |

### DEFENDANT JOHN WILSON'S MOTION IN LIMINE TO EXCLUDE MARITAL PRIVILEGED COMMUNICATIONS AND THE FRUITS OF MARITAL COMMUNICATIONS THAT THE GOVERNMENT IMPROPERLY SEIZED

Defendant John Wilson moves to exclude all evidence and argument concerning or derived from marital privileged communications between John and Leslie Wilson.[1] Wilson moved to suppress these precise, privileged communications (and their fruits) given the government's improper search and seizure of Wilson's email server. ECF No. 1437 (motion under seal); ECF No. 1571 (reply brief). Wilson seeks the exclusion of all marital communications and the fruits of the illegal seizure of his marital communications, including:

1.  Portions of Government Exhibit 48 (USAO-VB-01708115),[2] which includes his marital communications;

2.  Any undisclosed Exhibits that the Government intends to use in cross examination or rebuttal that include Wilson's marital communications; and

3.  Any questions or argument by a government attorney that is a fruit of a marital communication.

---

[1]    This Motion is joined by Elisabeth Kimmel and Gamal Abdelaziz, and the same reasoning set forth in this memorandum of law applies to defendants' improperly seized marital communications.

[2]    Wilson asks that the Court order the redaction of the email at the top of USAO-VB-01708115 from Leslie Wilson to John Wilson on March 2, 2013, at 9:40 a.m.

In denying Wilson's earlier motion to suppress, the Court invited Wilson to revisit this issue before trial given the government's concession that it seized emails "unresponsive to the warrant": "To the extent Wilson seeks to exclude those emails from admission as evidence at trial, he may file a motion *in limine* specifically identifying the purportedly inadmissible emails." ECF No. 1649 at 15. The issue is now ripe for resolution.

No one disputes that the marital communications privilege's elements all apply here, which thus compels exclusion of all evidence and argument concerning those privileged communications enumerated above. *See United States v. Rakes*, 136 F.3d 1, 3 (1st Cir. 1998) (applying marital communications privilege "to any confidential communication made by the individual to the spouse during their marriage"); *Jiminez v. Amgen Mfg.*, 692 F. Supp. 2d 219, 221-223 (D.P.R. 2010) (enumerating privilege's elements; granting motion to quash subpoena seeking privileged marital communications; noting privilege "applies in both criminal and civil cases").

For reasons Wilson has already presented to the Court (and that he expressly incorporates herein), ECF No. 1571 at 11-14, no joint-participant exception applies to permit the government to introduce these confidential communications into evidence at trial. *See United States v. Tejeda*, Civ. No. 15-cr-215-01/02-JL, 2017 U.S. Dist. LEXIS 124851, at *5 (D.N.H. Aug. 8, 2017). Even after conceding that it has reviewed the Wilsons' confidential marital communications, the government has failed to proffer any evidence showing that Leslie Wilson jointly participated in any alleged criminal activity, and an ambiguous suspicion of criminal activity is insufficient to revoke the privilege. *See United States v. Bey*, 188 F.3d 1, 6 (1st Cir. 1999) (rejecting government contention that "mundane incidents of . . . [a] marital relationship" prove acts " 'in furtherance of the conspiracy' ").

The Court should also exclude all "fruits of the poisonous tree" and bar from any witness examination or argument the use of any evidence discovered as a result of the government's illegal search of the Wilsons' confidential marital communications. *Cf. United States v. Taylor*,

764 F. Supp. 2d 230, 235 (D. Me. 2011) (noting that the remedy for improper seizure is "suppression . . . and perhaps its fruit").

The government improperly gained an incalculable advantage by its unfettered access to thousands of the Wilsons' most private communications. The government's warrant application included statements (some of them materially false) about Wilson's alleged agreement that Singer provide fabricated information to USC in Wilson's son's USC application (without implicating Leslie) and that Wilson (not Leslie) communicated with Singer by email. *E.g.*, ECF No. 1437 at 3 (motion under seal). The government then: (a) did not respond to undersigned counsel's request to include Leslie on a list of individuals "so that [the government] can remove potentially privileged materials from our review"; (b) conceded (as the Court has already acknowledged) that it reviewed confidential marital communications improperly seized from Wilson's email server, ECF Nos. 1616 at 1-2 & 1649 at 6, 15; and (c) then compounded these errors by including in its April 28, 2020, document production to 22 defendants on the *Sidoo* and *Ernst* dockets 5,607 documents including marital communications, of which 3,103 John and Leslie Wilson exchanged with each other over five years.  ECF No. 1437 at 3-4.

The government's access to and use of thousands of marital privileged emails between the Wilsons, regardless of whether the government ultimately enters these communications into evidence, is wholly improper. But it is inevitable that the Wilson's confidential marital communications have provided prosecutors with both specific and intangible insights into the Wilsons' mindsets and conduct, violated Wilson's Fourth Amendment rights, and provided the government unfair advantages in multiple aspects of the trial.

Given the government's misconduct in seeking and then executing the warrant leading to the seizure of Wilson's email server, *e.g.*, ECF No. 1437, the Court should exclude all evidence and argument concerning Wilson or his children "discovered" by the government subsequent to its review of those privileged emails as fruits of the poisonous tree. *See, e.g.*, *United States v. Hamie*, 165 F.3d 80, 83-84 (1st Cir. 1999) (collecting cases) (noting courts have "suppress[ed] all evidence seized . . . when the officers flagrantly disregarded the terms of the warrant");

*United States v. Foster*, 100 F.3d 846, 849 (10th Cir. 1996); *United States v. Fuccillo*, 808 F.2d 173, 177-78 (1st Cir. 1987); *United States v. Rettig*, 589 F.2d 418, 423 (9th Cir. 1978) (blanket suppression where warrant pretext to search for other items); *United States v. Debbi*, 244 F. Supp. 2d 235, 238 (S.D.N.Y. 2003) (blanket suppression where "seizure was indiscriminate and substantially in excess of what the warrant provided").

### CONCLUSION

For the foregoing reasons, Wilson respectfully requests the exclusion of evidence and argument about marital privileged communications between John and Leslie Wilson, including all argument and witness examination derived from the government's unfettered review of their confidential marital communications following the government's improper search and seizure of Wilson's server.

Respectfully submitted,

John Wilson,

By his Counsel,
/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com
*Counsel for John Wilson*

/s/ Cory S. Flashner
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

One Financial Center
Boston, MA 02111
(617) 348-1605
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com
*Counsel for Elisabeth Kimmel*


<u>/s/ Brian T. Kelly</u>
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
(617)-367-3449
*Counsel for Gamal Abdelaziz*


Date: July 30, 2021

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues.

<u>/s/ Michael Kendall</u>
Michael Kendall

### CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

<u>/s/ Michael Kendall</u>
Michael Kendall