UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | Criminal Action<br>No. 19-10080-NMG<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT JOHN WILSON'S MOTION IN LIMINE TO PRECLUDE ARGUMENT OR EVIDENCE CONRARY TO LAW CONCERNING MONEY LAUNDERING

Defendant John Wilson respectfully moves the Court for an order in limine precluding the government from offering argument or evidence that is contrary to black letter law on money laundering, with respect to four payments that the Fourth Superseding Indictment ("Indictment") attributes to Wilson.[1] Of these four payments referenced in the money laundering section of the Indictment, the government alleges that only one of them qualifies as a financial transaction that violates the money laundering statute. But that transaction involved no concealment, a statutory requirement for money laundering. *See* 18 U.S.C. § 1956(a)(1)(B)(i). The government should not be allowed to argue that this overt transaction—which did not involve the proceeds of any crime, a second statutory requirement, *id.* § 1956(a)(1)—was an act of money laundering, because such argument would be contrary to the money laundering statute and controlling First Circuit case law.

In the alternative, the Court should require the government to identify a financial transaction that (1) the Indictment attributes to Wilson, and (2) that actually conceals the nature or source of criminal proceeds of specified unlawful activity, before permitting the government

---

[1] This Motion is joined by defendants Elizabeth Kimmel, Gamal Abdelaziz, and Marci Palatella, and the same reasoning set forth in this Motion and its accompanying memorandum of law applies to the money laundering conspiracy charge against these other defendants. Defendants Kimmel, Abdelaziz, and Palatella can identify specific evidence relating to the money laundering charges against them at the Court's request.

1

to introduce any evidence regarding its money laundering charge against Wilson.  *See* Fed. R. Evid. 104(b).

The grounds for this Motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

John Wilson,

By his Counsel,

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
atomback@mclaughlinstern.com

*Counsel for John Wilson*

/s/ Cory S. Flashner
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

*Counsel for Elisabeth Kimmel*

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP

53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

*Counsel for Gamal Abdelaziz*

/s/ Michael K. Loucks
Michael K. Loucks (BBO # 305520)
SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Counsel for Marci Palatella*


Date: July 30, 2021


## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants respectfully request oral argument on this motion.

*/s/ Michael Kendall*
Michael Kendall

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel hereby certifies that counsel for Defendants has conferred with counsel for the government and attempted in good faith to resolve or narrow the issues

3

raised by this motion, but could not obtain counsel's agreement to the relief sought by this motion.

                                                 */s/ Michael Kendall*
                                                 Michael Kendall