UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY COLBURN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cr-10080-NMG |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO DEFENDANTS WHO PLED GUILTY**

　　Defendants file this motion *in limine* to preclude the government from introducing and using at trial: (1) evidence or testimony in any form showing that individuals have pled guilty in this or a related Varsity Blues prosecution (*except* for any individuals who will be testifying at trial as cooperating witnesses for the government); and (2) out-of-court statements and related evidence pertaining to individuals who pled guilty in this or a related Varsity Blues prosecution. Introducing any of this evidence would be highly prejudicial and create an impermissible risk of guilt-by-association, and such evidence should accordingly be excluded under Federal Rules of Evidence 401 to 403.

**ARGUMENT**

　　Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence does not meet this test, it is inadmissible. Fed. R. Evid. 402. Even if evidence is relevant, it may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice 'speaks to the

1

capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. García-Sierra*, 994 F.3d 17, 32-33 (1st Cir. 2021) (quoting *United States v. DiRosa*, 761 F.3d 144, 153 (1st Cir. 2014)). In addition, relevant out-of-court statements may be excluded by the rule against hearsay where no exception applies, or when the Confrontation Clause bars their admission. *See* Rule 802; *Crawford v. Washington*, 541 U.S. 36 (2004); *United States v. Ackerly*, 981 F.3d 70 (1st Cir. 2020) (affirming district court order for new trial on basis of Confrontation Clause violation arising from government informing jury of non-testifying witness's guilty plea and failure of limiting instruction to cure it).

### I. The Government Should Be Precluded from Introducing Any Evidence of a Guilty Plea or "Confession" by Any Non-Testifying Varsity Blues Defendant.

The Court should exclude any evidence that parents, coaches or any other individuals have pled guilty as part of the Varsity Blues series of cases, except in the instance of a cooperating witness who testifies at trial.[1] Such evidence would be highly prejudicial and irrelevant, in addition to being inadmissible hearsay under Rule 801(c) and properly excluded pursuant to Rule 802 and the Confrontation Clause.

To begin with, evidence that a former co-defendant or other alleged participant indicted as part of the Varsity Blues prosecution pled guilty is "irrelevant to the guilt of those on trial." *United States v. Ofray-Campos*, 534 F.3d 1, 22 (1st Cir. 2008). The potential prejudice of such information is also obvious, particularly in a conspiracy prosecution such as this one, and even more so where, as here, the purported conspiracy stretches over many years and participants. *Ofray-Campos*, 534 F.3d at 23 ("Where, as here, the defendants are being tried for their participation in an alleged

---

[1] The admissibility of testimony from and evidence regarding cooperating parents is a separate question presenting other evidentiary and related challenges not addressed in this motion.

conspiracy that took place over the course of nearly a decade, the danger that the defendants will be found guilty by sheer association with guilty non-testifying co-defendants is great."). "Guilt by association is one of the ever present dangers in a conspiracy count that covers an extended period." *United States v. Izzi*, 613 F.2d 1205, 1210 (1st Cir. 1980) (citing *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946)). As such, "where a missing co-defendant does not testify, it is generally accepted that absent agreement, courts and prosecutors generally are forbidden from mentioning that a co-defendant has either pled guilty or been convicted." *Ofray-Campos*, 534 F.3d at 23 (internal quotation marks omitted); *United States v. Landrón-Class*, 696 F.3d 62, 70-71 (1st Cir. 2012) (same). The "abnormally high risk to co-defendants in a conspiracy trial of being found guilty by association," *Ofray-Campos*, 534 F.3d at 23, is at its obvious apex in this sprawling, "single conspiracy" Varsity Blues prosecution involving over a hundred purported co-conspirators.

In addition to the lack of relevance and obvious spill-over prejudice, guilty pleas—or statements attendant to such pleas—by non-testifying defendants would amount to inadmissible hearsay under Rule 801(c) and be properly excluded pursuant to Rule 802 and the Confrontation Clause. *United States v. Cabrera-Rivera*, 583 F.3d 26, 33-34 (1st Cir. 2009) (holding that admission of out-of-court confessions of co-defendants was improper where such out-of-court confessions would emphasize the guilt of the alleged accomplices); *United States v. Guevara*, No. 09-10092-PBS, 2015 U.S. Dist. LEXIS 106137, at *26 (D. Mass. Mar. 26, 2015) (reasoning that guilty pleas and testimonial out-of-court statements are inadmissible hearsay). There are no special circumstances here that would permit an exception to this basic Confrontation Clause mandate. Admission of any guilty plea or related testimonial statement from a non-testifying defendant would be reversible error.

**II.     The Government Should Not Be Permitted to Introduce Highly Prejudicial Evidence of Limited Relevance Pertaining to Purported Coconspirators Who Pled Guilty.**

As discussed in Defendants' concurrently-filed Motion *in Limine* concerning the application of *Petrozziello*, the government presumably will seek to introduce a significant number of hearsay statements from purported coconspirators who pled guilty and will not be testifying at trial.[2] The government maintains that "virtually all" of this evidence will be "independently admissible against each of the defendants." ECF No. 1136 at 5. Defendants, of course, strenuously object to admission of such statements under Rule 801(d)(2)(E) for the reasons set forth in the *Petrozziello* Motion in Limine, given the government's obvious problem in proving the single conspiracy alleged in the indictment.

In *addition* to the hearsay bar to admitting these statements, the court should exclude any such highly prejudicial, guilt-by-association evidence relating to defendants who pled guilty under Federal Rules of Evidence 401 to 403. Introduction of evidence pertaining to defendants who pled guilty would be of limited relevance and highly prejudicial to the defendants who maintain their innocence and have elected to exercise their Sixth and Seventh Amendment rights to a jury trial. The defendants standing trial are "entitled to have the question of [their] guilt determined upon the evidence against [them], ***not*** on whether a codefendant or government witness has been convicted of the same charge." *United States v. Dworken,* 855 F.2d 12, 30 (1st Cir. 1988) (internal quotation marks omitted, emphasis added).

Allowing the government to introduce hundreds of statements from declarants who pled guilty would severely undermine this principle of individual assessment, and risk "lur[ing] the factfinder into declaring guilt on a ground different from proof specific to the offense charged."

---

[2]     The government's exhibit list filed on June 25, 2021 includes communications from parents who pled guilty and who do not appear on the witness list.

*García-Sierra*, 994 F.3d at 32-33. It is beyond dispute that defendants who pled in this prosecution often did so very publicly, with significant coverage across every conceivable sort of news and social media platform.[3] The risk is far too great that the jury will come to understand, one way or another, that many of the hearsay statements and other evidence the government seeks to introduce pertains to individuals who pled guilty to the same conspiracy with which Defendants are charged.

And particularly where the defendants' specific intent is a critical element the government must prove, the risk is far too great that the government will suggest, even inadvertently, that if

---

[3] *See, e.g.*, Jacob Shamsian et al., *Here's the full list of people charged in the college admissions cheating scandal, and who has pleaded guilty so far*, Insider.com (July 2, 2021), https://www.insider.com/college-admissions-cheating-scandal-full-list-people-charged-2019-3; Melissa Korn, *Former TPG Executive William McGlashan Jr. to Plead Guilty in College Admissions Case*, The Wall Street Journal (updated Feb. 5, 2021), https://www.wsj.com/articles/former-tpg-executive-to-plead-guilty-in-college-admissions-case-11612565299; Alanna Richer, *Loughlin, Giannulli remain as they await prison fate*, Associated Press (August 20, 2020), https://apnews.com/article/ri-state-wire-ma-state-wire-ca-state-wire-entertainment-lifestyle-506cf1d4c484f1421a52e2eab54d96b8; Travis Andersen, *Lori Loughlin pleads guilty in 'Varsity Blues' college admissions scandal*, The Bos. Globe (May 22, 2020), https://www.bostonglobe.com/2020/05/22/metro/lori-loughlin-pleads-guilty-varsity-blues-college-admissions-scandal/; Joey Garrison, *College admissions scandal tracker: Who's pleaded guilty who's gone to prison – and who's still fighting*, USA Today (updated Feb. 21, 2020), https://www.usatoday.com/story/news/nation/2019/05/23/lori-loughlin-felicity-huffman-college-admissions-scandal-rick-singer-guilty-not-guilty-list/3704724002/; Eric Levenson, *4 parents in college admissions scam flip to guilty plea as some defendants may face more charges*, CNN.com (Oct. 22, 2019), https://www.cnn.com/2019/10/20/us/college-admissions-more-charges/index.html; *Joey Garrison, Third parent in 24 hours caves in college admissions scandal, agrees to plead guilty,* USA Today (updated Oct. 19, 2019), https://www.usatoday.com/story/news/nation/2019/10/18/second-parent-switches-guilty-plea-college-admissions-scandal/4020743002/; Kenzie Bryant, *Felicity Huffman Sentenced to Two Weeks for Role in College-Admissions Scandal*, Vanity Fair (Sep. 13, 2019), https://www.vanityfair.com/style/2019/09/felicity-huffman-sentenced-college-admissions-scandal; Brian Pascus, *Every charge and accusation facing the 33 parents in the college admissions scandal*, CBS News (updated June 3, 2019), https://www.cbsnews.com/news/college-admissions-scandal-list-operation-varsity-blues-every-charge-plea-accusation-facing-parents-2019-05-16/; Eric Levenson et al., *High-powered attorney and vineyard owner plead guilty in college admissions scam*, CNN.com (May 21, 2019), https://www.cnn.com/2019/05/21/us/college-admissions-guilty-attorney-vineyard/index.html; Ezra Kaplan et al., *Felicity Huffman tearfully pleads guilty in college admissions scandal,* NBC news (updated May 13, 2019), https://www.nbcnews.com/news/us-news/felicity-huffman-pleads-guilty-college-admissions-scandal-n1005056;
Joey Garrison, *Couple who paid $600k to get kids into UCLA, USC pleads guilty in college admissions scandal*, USA Today (updated May 1, 2019), https://www.usatoday.com/story/news/nation/2019/04/30/college-admissions-scandal-davina-bruce-isackson-plead-guilty-varsity-blues-ucla-usc/3625428002/; Mark Morales et al., *Former real estate president and his wife plead guilty in collect admissions scam*, CNN.com (May 1, 2019), https://www.cnn.com/2019/05/01/us/isackson-guilty-college-admissions/index.html; Christian Holub, *Felicity Huffman pleads guilty, admits 'deep regret and shame' over involvement in Operation Varsity Blues*, EW.com (Apr. 8, 2019), https://ew.com/celebrity/2019/04/08/felicity-huffman-pleads-guilty-operation-varsity-blues/; Laurel Wamsley, *Felicity Huffman And 12 Other Parents To Plead Guilty In College Cheating Scandal*, NPR.com (April 8, 2019), https://www.npr.org/2019/04/08/711136472/felicity-huffman-and-12-other-parents-to-plead-guilty-in-college-cheating-scanda; Emily Saul et al., *Couple who bribed to get daughter into UCLA to plead guilty*, New York Post (April 8, 2019), https://nypost.com/2019/04/08/couple-who-bribed-daughter-into-ucla-to-plead-guilty/.

5

the guilty-plea individuals had the requisite intent, so too did the defendants who maintain their innocence at trial. *See, e.g.*, *United States v. Dellosantos*, 649 F.3d 109, 125 (1st Cir. 2011) (vacating convictions where "under the guise of its single conspiracy theory, the government subjected the Defendants to voluminous testimony relating to unconnected crimes in which they took no part," which "created a pervasive risk of 'evidentiary spillover,' where the jury might have unfairly transferred to the Defendants the guilt relating to the other sixteen indicted individuals"); *Dworken,* 855 F.2d at 31 (holding that the inference the government created—that since a co-conspirator pleading guilty had requisite criminal intent, so too must the remaining defendants in the same scheme—was improper). In this sprawling conspiracy prosecution, the "dangers for transference of guilt" from a defendant who pled guilty to the defendants who maintain their innocence substantially outweighs any probative value of the evidence. *United States v. Martínez*, 994 F.3d 1, 16 (1st Cir. 2021) (quoting *Kotteakos v. United States*, 328 U.S. 750, 774 (1946)).

Not only is the potential for prejudice great, evidence pertaining to parents who pled guilty will be of little probative value in demonstrating the intent of each defendant *individually*, which is what the government must show. What another parent—particularly one who pled guilty—may have agreed with Singer does not prove anything about the intent of the defendants in *this* case, who had no meaningful interaction with those other parents. *See United States v. Monserrate-Valentin*, 729 F.3d 31, 43 (1st Cir. 2013) ("[T]he gist of the conspiracy offense remains the agreement, and it is therefore essential to examine what kind of agreement or understanding existed *as to each defendant.*" (quoting *United States v. Glenn*, 828 F.2d 855, 857 (1st Cir. 1987)) (emphasis in original)). Moreover, if the government is unable to prove the single conspiracy at trial, then clearly evidence related to parents who pled guilty as part of their individual, separate conspiracy with Singer would not be relevant to the defendants at trial. Statements that *other* co-

defendants made to Singer are not relevant to an agreement that any of the defendants may have reached with Singer individually. *See United States v. Pappathanasi*, 383 F. Supp. 2d 289, 297 (D. Mass. 2005) (entering judgment of acquittal based on improper admission of irrelevant evidence pertaining to defendant's alleged involvement in a broader conspiracy that was not proven by the government at trial, where evidence pertaining to unproven broader conspiracy "would not have been relevant to [defendant's] intent").[4]

Documents on the government's exhibit list pertaining to Lori Loughlin and Mossimo Giannulli, parents who pled guilty very publicly, provide just one example. The government presumably will seek to admit evidence of what *Giannulli and Loughlin* purportedly agreed to with Singer about, for example, "get[ting] a picture with [their child] on an ERG in workout clothes like a real athlete." *See* Ex. A (Ex. 217, VB-RECORDS-00247524). The government also will presumably seek to admit into evidence the picture of his daughter that Giannulli sent to Singer in response, see Ex. B (Ex. 220, USAO-VB-00074014), and evidence of Loughlin and Giannulli's daughter purportedly being admitted as a "coxswain at USC going through Donna," see Ex. C (Ex. 222, USAO-VB-00429382). Not only is this highly prejudicial, irrelevant evidence about defendants who pled guilty, it also risks misleading the jury about the allegations and evidence pertaining to the defendants *actually* on trial. Rule 403 bars its admission. *See, e.g.*, *United States v. Soto*, 799 F.3d 68, 92 (1st Cir. 2015) (affirming exclusion of evidence under Rule 403 where it could "improperly influence the jury's understanding" of issues in the case).

---

[4] Defendants recognize that the Court previously found, in the context of denying a motion for severance, that "[e]vidence pertinent to the admissions scheme as a whole, Singer's operation, his associates, college admissions practices, etc., is all relevant to the charges against each of the co-conspirators." ECF No. 1414 at 4. But this conclusion depends on the government proving the predicate: a single conspiracy "by which defendants sought to have their children fraudulently admitted to elite universities." *Id.* The court also did not have occasion to address the prejudicial effect of evidence the government seeks to admit about parents who will *not* be on trial.

7

The same is not true, however, of all of *Singer's statements* to co-defendants who may have pled guilty (as opposed to their statements to Singer). Singer is at the center of the alleged conspiracy, and Singer's side-door pitch—and his stream of lies and misdirection—is relevant evidence of how Singer operated his enterprise. By contrast, what the various parents may have said to Singer in response proves very little about the intent (or lack thereof) of the defendants in this case and would be highly prejudicial if introduced at trial. Singer and his inner orbit are the only common denominator in the purported "conspiracy" that the government has charged, as the government will be unable to show any meaningful connection between the various parents who used Singer's services in one way or another.[5]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the government may not introduce and use at trial: (1) evidence pertaining to or out-of-court statements from individuals who pled guilty in this or a related Varsity Blues prosecution and (2) evidence or testimony in any form showing that individuals have pled guilty in this or a related Varsity Blues prosecution (*except* for any individuals who will be testifying at trial as cooperating witnesses for the government). Defendants reserve the right to renew this motion (or raise similar objections) as to specific evidence that the government seeks to introduce at trial.

---

[5] Defendants reserve their rights to present additional arguments for the admission of Singer's statements to other parents, whether about the "side door" or otherwise, including as evidence of other acts under Rule 404(b).

Respectfully submitted,

| | |
|---|---|
| */s/ Cory S. Flashner* | */s/ Michael Kendall* |
| R. Robert Popeo (BBO # 403360) | Michael Kendall (BBO # 544866) |
| Mark E. Robinson (BBO # 423080) | WHITE & CASE LLP |
| Eóin P. Beirne (BBO # 660885) | 75 State Street |
| Cory S. Flashner (BBO # 629205) | Boston, MA 02109-1814 |
| MINTZ, LEVIN, COHN, FERRIS, | Telephone: (617) 979-9310 |
|   GLOVSKY AND POPEO, P.C. | michael.kendall@whitecase.com |
| One Financial Center | |
| Boston, MA 02111 | Andrew E. Tomback (*pro hac vice*) |
| (617) 348-1605 (telephone) | MCLAUGHLIN & STERN |
| (617) 542-2241 (fax) | 260 Madison Avenue |
| rpopeo@mintz.com | New York, NY 10016 |
| mrobinson@mintz.com | |
| ebeirne@mintz.com | *Counsel for John Wilson* |
| csflashner@mintz.com | |

*Counsel for Elisabeth Kimmel*

*/s/ Michael K. Loucks*
Michael K. Loucks (BBO #305520)
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Jack P. DiCanio (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Counsel for Gamal Abdelaziz*

*Counsel for Defendant Marci Palatella*

DATED: July 30, 2021

**LOCAL RULE 7.1 CERTIFICATION**

Undersigned counsel certifies that, on July 28, 2021, counsel for Defendant Elisabeth Kimmel conferred with counsel for the government, and the government does not assent to the Motion.

**CERTIFICATE OF SERVICE**

I, Cory S. Flashner, counsel for Defendant Elisabeth Kimmel, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants.

*/s/ Cory S. Flashner*
Cory S. Flashner