PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| UNITED STATES OF AMERICA v. GREGORY COLBURN et al., Defendants | Case No. 1:19-cr-10080-NMG |
|---|---|

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF**
**PRIVATE SCHOOL TUITION PAYMENTS**

Defendants John Wilson and Gamal Abdelaziz move under Federal Rules of Evidence 401, 402, and 403 to exclude all evidence and argument concerning William "Rick" Singer's unilateral decision to pay tuitions for the children of USC water polo coach Jovan Vavic. The government's proposed trial exhibit list includes documents related to payments from the Key Worldwide Foundation (KWF) totaling nearly $120,000 for Vavic's children dating from August 28, 2015 through July 3, 2018. The government also orchestrated a recorded call on January 2, 2019, after Singer became a government agent, between Singer and Vavic. In that recording, Singer proposed recruiting water polo players and gratuitously referred to Singer's past tuition payments ("scholarships for your boys") for the benefit of Vavic's children. The Court should preclude this evidence and argument for the following reasons:

1. The evidence is irrelevant. The government concedes Singer never told any of the four Defendants that he intended to give any money to any USC employee for that employee's personal use. *See* Dkt. 1104 at 7. Instead, he told the Defendants that he would give their donations to USC or to his Foundation for the school's benefit. Thus, the secret tuition payments were outside the scope of any alleged conspiratorial agreement. It is nonsensical for the government to introduce evidence to try to define the scope of an alleged conspiracy based on conduct that Singer concealed from the Defendants. Any purported probative value is far outweighed by its prejudice.

2.      The evidence is irrelevant, moreover, to these specific Defendants and would therefore confuse and mislead the jury. Exhibit A to this motion identifies, in part, the documents and recordings on the government's proposed trial exhibit list that the Defendants ask the Court to exclude. None is connected to any of the Defendants, and the reason is simple. Singer's secret tuition payments (first made in 2015) postdate the admission (in 2014) to USC of Wilson's son. And Vavic played absolutely no role in the admissions of the children of Defendants Abdelaziz, Kimmel, and Palatella.

I.      **SINGER'S SECRET TUITION PAYMENTS ARE IRRELEVANT TO THE CHARGED CONSPIRACY, AND THE COURT SHOULD THEREFORE EXCLUDE THEM**

Singer's secret tuition payments in 2015-2018 are irrelevant to the charged conspiracy. The Fourth Superseding Indictment ("FSI") does not allege that Singer (much less any Defendant) bribed Vavic with those payments. No evidence shows that Singer told any parent about these payments, or that any Defendant knew about them. The documents on the government's proposed trial exhibit list lack a single reference to any Defendant. *See generally* Ex. A. Singer's secret tuition payments for the benefit of Vavic's children did not start until August 2015—18 months after the admission of Wilson's son to USC. *Id.* (government proposed trial Ex. 154). Vavic had no role at all in the admission of any other Defendant's child. And Singer's January 2019 call with Vavic—made months after Singer became a government cooperator:

- only proposed identifying future water polo recruits to Vavic;
- did not name any Defendant;
- did not state that any Defendant supplied the KWF with the money Singer used to pay these tuitions; and
- did not connect "scholarships . . . to your boys" to any admissions candidate, ever, to USC.

The private school tuition payments thus are irrelevant to the charged conspiracy or substantive offenses and should be excluded as irrelevant under Rule 401. *See United States v. St. Michael's Credit Union*, 880 F.2d 579, 601 (1st Cir. 1989) (vacating convictions in tax evasion conspiracy

case based on prejudicial admission of irrelevant evidence of defendant's father's gambling activities given lack of "nexus between [the father's] alleged gambling activities and the defendants in this case").

These payments, moreover, could only be irrelevant gratuities—even under the facts as the government has alleged them in Vavic's indictment. The key feature of a bribe—as relevant to both the honest services and federal programs bribery counts—is an intent "to influence" an official act (i.e., an illegal exchange or *quid pro quo*). A gratuity, by contrast, need only be given "because of" an official act. Even as the government has alleged the facts in Vavic's indictment, the alleged official act (i.e., Wilson's son's admission) had already occurred at the time of the first secret payment. There was, therefore, nothing left to influence nor any money to be paid that could be a bribe. As the First Circuit has explained:

> Although the timing of the *payment* may not provide a conclusive answer as to whether that payment is a bribe or a gratuity, the timing of the *agreement to make or receive a payment* may: one cannot agree to perform an act in exchange for payment when that act has already been performed. Therefore, if the agreement to exchange a thing of value for an act is made after that act has been performed, that agreement cannot be properly viewed as an agreement to offer or accept a bribe.

*United States v. Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013). By the time Singer made the first of these payments, in August 2015, Wilson was not working with Singer. Wilson's son had been admitted to USC 18 months earlier, had already enrolled at USC, and had played on USC's water polo team.

Moreover, as uncharged extrinsic act evidence, the private school tuition payments are subject to Rule 404(b) analysis. But Rule 404(b) only allows the Government to admit evidence of prior bad acts *of the Defendant*. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) ("In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred *and that the defendant was the actor*." (emphasis added)). The

Defendants did not pay any private school tuition for Vavic's children; Singer did. The evidence thus fails Rule 404(b).

## II. EVEN IF RELEVANT, THE PREJUDICE OF THE TUITION PAYMENTS OUTWEIGHS THEIR PROBATIVE VALUE

Even assuming the government is able to establish relevance, the private school tuition payments evidence is far more prejudicial than probative. *See St. Michael's Credit Union*, 880 F.2d at 601. As to the three Defendants who utterly lack any connection to the USC water polo program, evidence of Singer's secret tuition payments for the benefit of the Vavic children risks an egregious, prejudicial evidentiary spillover that no limiting instruction could cure. *See e.g.*, *United States v. Portela*, 167 F.3d 687, 700 (1st Cir. 1999).

As to Wilson, he paid Singer $220,000 in 2013 with the intention for all of it to benefit USC. Of that amount, Singer paid $100,000 to USC, which acknowledged the donation with a thank-you note. Ex. B. Singer stole the rest, never disclosing to Wilson the true recipient of those payments. None of Wilson's donation was intended for, or was in fact given to, any individual coach. For the government to try to conjure a connection between the admission of Wilson's son in 2014 to the secret tuition payments evidence (including a phone call nearly five years later that does not mention Wilson or his son) would be prejudicial. The prejudice would be compounded here given that Wilson's son was actually on the USC water polo team, in stark contrast to *other* recruits whom Vavic characterized in his January 2019 call with Singer. It would be highly prejudicial for the jury to hear evidence of unidentified recruits who may have been part of other, hearsay communications between Wilson and Vavic when Wilson's son in fact was a talent high school water polo player who actually played on Vavic's team.

## III. THE PURPORTED PRIVATE SCHOOL TUITION "AGREEMENT," AS EVIDENCED IN THE JANUARY 2, 2019, RECORDED CALL, SHOULD BE EXCLUDED AS RELATING TO A SEPARATE AGREEMENT BETWEEN VAVIC AND SINGER

The private school tuition payments evidence, including the January 2, 2019, call that the Government contends evidences that agreement, should also be excluded as relating to a

separate, uncharged conspiracy.[1] The Indictment makes no allegation that the conspiracy charges in this case involved bribing individual coaches with private school tuition payments. Evidence relating to such a conspiracy is therefore irrelevant (and highly prejudicial). Moreover, statements by Vavic that relate to such a conspiracy should be excluded as hearsay as they are not in furtherance of the charged conspiracy under Rule 801(d)(2)(E).

To the extent the Government contends that the January 2 call itself is a conspiratorial agreement, that is impossible because at the time Singer was cooperating with the Government. *See United States v. Rivera-Ruperto*, 884 F.3d 25, 32 (1st Cir. 2018) ("[A] conspiracy may not be between one individual and a government agent."); *cf. United States v. Portela*, 167 F.3d at 700-701 (trial court instructed the jury to not consider as part of the single conspiracy the defendant's actions in a sting operation where the other participant was a government agent and admitted the defendant's actions only for the substantive charges against the defendant).

Moreover, even if the Court deems the January 2 call as relevant to a continuing conspiracy in which some Defendant participated, any statements made on that call would not have been in furtherance of the conspiracy because Singer was acting as a government agent. *See United States v. Meises*, 645 F.3d 5, 18 n.21 (1st Cir. 2011) ("There is no question that the hearsay exception for co-conspirator statements made during the course and in furtherance of the conspiracy, Fed. R. Evid. 801(d)(2)(E), does not apply to Rubis's post-arrest statements.").

## CONCLUSION

For the foregoing reasons, the Defendants respectfully ask that the Court exclude from the trial evidence or argument relating to Singer's secret tuition payments benefiting the Vavic children.

---

[1] Because the Court has already ruled on Defendants' Motion to Dismiss, ECF No. 1334, Wilson does not repeat those arguments here but incorporates them by reference.

Dated: July 30, 2021
      Boston, Massachusetts

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

*Counsel for Gamal Abdelaziz*


*/s/ Cory S. Flashner*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

*Counsel for Elisabeth Kimmel*

*/s/ Michael K. Loucks*
Michael K. Loucks (BBO # 305520)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500

jack.dicanio@skadden.com

*Counsel for Marci Palatella*

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues.

/s/ Michael Kendall
Michael Kendall

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall

**EXHIBIT A**

**Excerpt of Government Exhibit List**

| Exhibit No. | Date | Exhibit Name | Beg Bates | End Bates |
|---|---|---|---|---|
| 154 | 8/27/2015 | Email from Rick Singer to Steve Masera, re: ▇ High School Tuition | USAO-VB-00102098 | USAO-VB-00102099 |
| 155 | 8/27/2015 | Email from Rick Singer to Jovan Vavic, re: ▇ High School Tuition | USAO-VB-00102100 | USAO-VB-00102100 |
| 156 | 8/28/2015 | Check from The Key Worldwide Foundation to ▇ High School | VB-FINANCIALS-01078703 | VB-FINANCIALS-01078703 |
| 162 | 9/8/2015 | ▇ High School Deposit Report for 2015/2016 | VB-RECORDS-00331240 | VB-RECORDS-00331244 |
| 212 | 8/4/2016 | Email from Jovan Vavic to Rick Singer, re: ▇ Tuition | USAO-VB-00070914 | USAO-VB-00070914 |
| 213 | 8/4/2016 | Check from The Key Worldwide Foundation to ▇ High School | VB-FINANCIALS-01078845 | VB-FINANCIALS-01078845 |
| 218 | 8/25/2016 | ▇ High School Deposit Report for 2016/2017 | VB-RECORDS-00331242 | VB-RECORDS-00331244 |
| 350 | 8/7/2017 | Check from The Key Worldwide Foundation to ▇ High School | VB-FINANCIALS-01077861 | VB-FINANCIALS-01077861 |
| 359 | 8/14/2017 | ▇ High School Deposit Report for 2017/2018 | VB-RECORDS-00331233 | VB-RECORDS-00331233 |
| 534 | 7/3/2018 | Check from The Key Worldwide Foundation to ▇ High School | VB-FINANCIALS-01096126 | VB-FINANCIALS-01096126 |
| 536 | 7/10/2018 | ▇ High School Deposit Report for 2018/2019 | VB-RECORDS-00331235 | VB-RECORDS-00331237 |
| 537 | 7/19/2018 | Letter from ▇, Principal, ▇ High School to the Key Worldwide Foundation | VB-RECORDS-00331293 | VB-RECORDS-00331293 |
| 543 | 8/3/2018 | Call between Jovan Vavic and Rick Singer | Session 4676 | Session 4676 |
| 620 | 1/2/2019 | Call between Rick Singer and Jovan Vavic | Session 13889 | Session 13889 |

9

**EXHIBIT B**



**USC Department of Athletics**
3501 Watt Way, HER 203A
Los Angeles, CA 90089-0602
213-740-4155
Fax 213-740-1306
trojanathleticfund.com

July 28, 2014

John ███ Wilson
███
███

Dear John ███,

Thank you for your generous gift to USC Athletics Men's Water Polo in the amount of $100,000. Maintaining state-of-the-art facilities is an essential part of USC's commitment to excellence. Through your contribution, you are helping the University achieve this important goal.

On behalf of the young student-athletes that will benefit from your anonymous gift, thank you.

Fight On!

*[signature]*

Ron Orr
Associate Athletic Director

cc:   Jovan Vavic