UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No.: 19-10080-NMG |
| ) | |
| ELISABETH KIMMEL, *et al.*, ) | |
| ) | |
| ) | |
| Defendants ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
THE INTRODUCTION OF JUDICIAL STATEMENTS REGARDING CREDIBILITY**

The government respectfully submits this motion *in limine* to preclude the defendants from introducing or otherwise referencing before the jury statements by the Magistrate Court regarding the credibility of two affidavits by the Dean of Admission for the University of Southern California ("USC").

**I.    RELEVANT BACKGROUND**

In June 2019, defendant Robert Zangrillo (who has since accepted a presidential pardon) filed a motion seeking a Rule 17(c) subpoena to USC for documents related to USC's admissions practices. Dkt. 432. The Magistrate Court allowed the motion, and USC moved to quash. The Magistrate Court thereafter held several hearings regarding the materials to be produced by USC in response to the subpoena, and the form in which they were to be produced, including the appropriateness of certain redactions USC proposed.[1] In connection with those proceedings, USC submitted two affidavits by its Dean of Admission, Timothy Brunold. Dkt. 532-3, 557-2.

---

[1] This background is set forth at length in the Magistrate Court's March 3, 2020 order on the subject. *See* Dkt. 913.

The Magistrate Court thereafter made several statements – verbally at first, and later in a written order – regarding the credibility of the Brunold affidavits and of USC more generally. *See* Dkt. 673 at 21–22; Dkt. 913 at 3, 17–18. For example, the court concluded that "USC has been less than forthcoming about its admissions process," and noted that the initial Brunold affidavit was "misleading, because while each carefully-worded sentence may be true . . . the unmistakable import of the statement is that donations are not important to the decision whether to admit students," a "message" that she found to be "belied by many facts that have come to light in the course of this litigation." Dkt. 913 at 17, 18. The court also made statements regarding representations by USC, through counsel, regarding redactions to the materials it had produced. *See id.* at 3, 18. In addition, the court interpreted various emails produced by USC. *See id.* at 15–16, 17.

## II.     ARGUMENT

The defendants should be precluded from offering into evidence or otherwise referring to the above-referenced statements by the Magistrate Court. As set forth below, the statements are inadmissible hearsay, and are also inadmissible under Federal Rule of Evidence 608(b). Moreover, to allow the defendants to cross-examine witnesses with, or otherwise rely upon, the court's assessment of the credibility of a particular witness, or that of a corporate entity generally, based on the court's conclusions about what the underlying facts show, would usurp the jury's exclusive role in assessing witness credibility and interpreting the evidence.

### A.     Applicable Law

"Reliability and credibility of in-court witnesses are matters for the jury to determine . . . credibility of in-court witnesses is exclusively the jury's province." *United States v. Rosario-Perez*, 957 F.3d 277, 291 (1st Cir. 2020). While the right to cross-examine adverse witnesses – including

for the purpose of impeaching a witness's credibility – is constitutionally protected, "cross-examination is not a freestyle exercise, but, rather, must be conducted within reasonable limits." *United States v. Zaccaria*, 240 F.3d 75, 80 (1st Cir. 2001). "Suitable boundaries can and should be set by the trial judge." *Id.*

It is impermissible to introduce a prior judicial finding to impeach a witness on cross-examination. Indeed, judicial findings – including credibility determinations – are hearsay and are considered inadmissible extrinsic evidence under Fed. R. Evid. 608(b). *See United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) (agreeing with the Fourth, Tenth, and Eleventh Circuits that judicial findings of fact are hearsay, and noting that "the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay"). *See also United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir.), *amended*, 197 F.3d 662 (3d Cir. 1999) (documentation of an internal affairs determination that the defendant lied "would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)").

Courts distinguish between questioning a witness on cross-examination regarding *the facts underlying* an adverse credibility finding and introducing extrinsic evidence of the finding itself. For example, in *Davis*, the Third Circuit concluded that Rule 608(b) allowed the government to cross-examine the defendant, a former police officer, about the facts underlying an internal affairs determination that he had lied in an interview, but the government could not "make reference to . . . [the fact] that Internal Affairs found that he lied," or "put before the jury evidence that he was . . . deemed a liar by Internal Affairs." *Id.* at 257 n.12. The court explained that a contrary finding would "inject[] the views of a third person into the case to contradict the witness," which would "not only run[] afoul of Rule 608(b), but also set[] the stage for a mini-trial regarding a tangential

issue of dubious probative value that is laden with potential undue prejudice." *Id. See also United States v. Dawson*, 434 F.3d 956, 958–59 (7th Cir. 2006) (Rule 608(b) would not preclude defense counsel from asking a witness whether he had lied in previous hearings, or whether a judge had ever found him not to be a credible witness, but if the witness answered "no," Rule 608(b) would prevent counsel from introducing the judge's finding into evidence).

Of course, the admissibility of a prior credibility determination is also guided by Rule 403. *See United States v. Guerrier*, --- F. Supp. 3d ----, 2021 WL 674248, at *5–7 (M.D. Pa. 2021) (finding that prior judicial statements and findings regarding a police officer's credibility in an unrelated case were inadmissible extrinsic evidence as well as inadmissible hearsay, and holding that the defendant could not question the officer on the subject – even without referencing the court's findings or introducing the court's opinion – because such questioning would be too confusing to the jury); *United States v. Wright*, --- F. Supp. 3d ----, 2021 WL 1413093, at *8 (M.D. Pa. 2021) ("Even if this Court were to find that its prior judicial credibility determinations . . . were admissible under Rule 608(b) and did not constitute inadmissible hearsay, the probative value of such evidence is substantially outweighed by a danger of confusing the issues and misleading the jury.") (citing Fed. R. Evid. 403). As Judge Posner noted in *Dawson*, even if Rule 608(b) does not, by itself, prohibit simply asking a question about a judge's prior credibility finding, whether to allow such a question "is confided to the discretion of the trial judge[.]" 434 F.3d at 959. Indeed, Judge Posner wrote, "The trial judge has a responsibility not to allow cross-examination to get out of hand, confuse the jury, and prolong the trial unnecessarily." *Id*.

B. <u>Analysis</u>

As an initial matter, it is unclear that the Magistrate Court's statements constitute an adverse credibility finding at all. To the extent the court made reference to purportedly misleading

representations by USC and its counsel, its conclusions do not concern any particular witness. Likewise, while the court found "the import" of Brunold's affidavit to be "misleading," it did *not* find that he knowingly submitted false statements or lied. To the contrary, it found that "each carefully-worded sentence [in the affidavit] may be true," but concluded that the overall "message" that "donations are not important to the decision whether to admit students" was "belied by many facts that have come to light in the course of this litigation." Dkt. 913 at 18.

To the extent the Magistrate Court's statements are viewed as a credibility determination, the defendants should be prohibited from introducing them or otherwise inquiring about them on cross-examination. Both the transcript of the court's November 26, 2019 hearing and the text of its subsequent order of March 3, 2020 are inadmissible hearsay. Their introduction is further precluded by Rule 608(b)'s bar against the admission of extrinsic evidence to attack a witness's character for truthfulness.

Whether to allow questions about the Magistrate Court's statements is up to the discretion of this Court. But the government respectfully submits that such inquiry would run afoul of Rule 403, insofar as references to the Magistrate Court's conclusions would usurp the jury's role in assessing the credibility of witnesses and determining what the facts show. Indeed, particularly because the statements at issue were made by a federal judge, the jury is likely to give them undue weight, heightening the risk that the jurors would defer to the Magistrate Court's conclusions. And where, as here, a central focus of the trial will be the defendants' attempts to conflate legitimate donations and the illicit *quid pro quo* payments they are alleged to have made, references to the Magistrate Court's conclusion that the "facts" suggest that donations are "important to the decision whether to admit students," would be particularly dangerous – directly interfering with the jury's independent assessment of the evidence and leading to jury confusion. This would be highly

prejudicial to the government, which was not even a formal party to the proceedings before the Magistrate Court.

In short, the jury should be permitted to draw its own inferences and reach its own conclusions about these matters. While the defendants can certainly cross-examine Brunold about his affidavit itself – or about the underlying evidence that caused the Magistrate Court to reach its conclusions – it should be left to the jury alone to weigh the evidence and determine whether it belies Brunold's statements or any other representations made by USC representatives.

### III. CONCLUSION

For the foregoing reasons, the Court should preclude the defendants from introducing or otherwise referencing the statements by the Magistrate Court during the November 26, 2019 hearing and in its March 3, 2020 order.

> Respectfully submitted,
>
> NATHANIEL R. MENDELL
> Acting United States Attorney
>
> By: */s/ Leslie A. Wright*
> JUSTIN D. O'CONNELL
> KRISTEN A. KEARNEY
> LESLIE A. WRIGHT
> STEPHEN E. FRANK
> IAN J. STEARNS
> Assistant United States Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

> */s/ Leslie A. Wright*
> LESLIE A. WRIGHT
> Assistant United States Attorney