UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 19-10080-NMG |
| | ) |
| ELISABETH KIMMEL *et al.*, | ) |
| | ) |
| | ) |
| Defendants | ) |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE**
**EVIDENCE AND ARGUMENT SEEKING JURY NULLIFICATION**

The government respectfully moves to preclude the defendants from offering evidence and arguments concerning, *inter alia*, the defendants' (or their family members') medical conditions and family circumstances, the arrests in this case, and the potential consequences of conviction. The defendants should likewise be precluded from arguing that they have been selectively prosecuted, or that the scheme alleged in this case does not merit federal prosecution because lying on college applications is routine, or because the theory of prosecution is "novel."  Such evidence and argument have no relevance to the charged offenses and would be highly prejudicial.  It would invite the jury to ignore the Court's instructions on the law and to decide this case instead based on a general sense of fairness, justice, or policy, and thereby constitute an improper attempt at encouraging nullification.

I.   **APPLICABLE LAW**

"While a defendant has a 'wide-ranging' right to present a defense, that right is not absolute and does not include the right to present irrelevant evidence." *United States v. Gottesfeld*, 319 F. Supp. 3d 548, 553 (D. Mass. 2018) (Gorton, J.) (quoting *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001)).  Evidence is relevant only "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining

the action." Fed. R. Evid. 401.  Irrelevant evidence is not admissible. Fed. R. Evid. 402.  Any relevant evidence at trial must, therefore, relate to the elements of the crime charged or applicable defenses.  *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1998).

The First Circuit's distaste for irrelevant and unfairly prejudicial evidence and argument encouraging jurors to nullify is well-established.  *See, e.g.*, *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993).  "Neither the court nor counsel should encourage jurors to exercise their power to nullify." *United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010).  "A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *Sepulveda*, 15 F.3d at 1190.  For the same reason that courts may not instruct juries as to their power to nullify, "[a]n attorney's attempt to achieve the same end indirectly," through irrelevant evidence and argument, is improper.  *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996).  In short, "[n]ullification has no basis in law, [and . . .] it would undermine not only the rule of law, but also the values at the core of our democracy." *United States v. Luisi*, 568 F. Supp. 2d 106, 120 (D. Mass. 2008).

Evidence and argument regarding a defendant's health or medical history (or their family members' health and medical circumstances) has no relevance to any fact bearing on the elements of the crimes charged.  *See Smith*, 940 F.2d at 713; *see also United States v. Mejia*, 2016 WL 6662265, at *2 (S.D.N.Y. Nov. 10, 2016) (granting government's motion *in limine* because the "Defendant's and his family's health . . . are irrelevant to the merits of the case"); *United States v. Ahaiwe*, 2021 WL 2134922, at *2 (S.D.N.Y. May 26, 2021) (granting government's motion *in limine* to exclude evidence and argument regarding the defendant's health).  Such evidence is highly prejudicial under Rule 403, could serve to elicit an impermissible response from the jury based on emotion or sympathy, and would constitute an improper invitation to nullification.  *See*

*United States v. Mehanna*, 735 F.3d 32, 59 (1st Cir. 2013) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)) ("'[U]nfair prejudice' denotes 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"); *see also United States v. Rivas-Estrada*, 761 F. App'x 318, 327 (5th Cir. 2019) (affirming exclusion of evidence that defendant suffered from cancer during period of conspiracy because any probative value was outweighed by unfair prejudice and tendency to invite a verdict based on "jurors' sympathy").

Similarly, evidence regarding the circumstances of a defendant's arrest – unless it bears on facts related to elements of the crimes charged or evidence collected – is irrelevant, unfairly prejudicial, and improperly invites jury nullification. *See, e.g.*, *United States v. Laster*, 313 F. App'x 369, 372 (2d Cir. 2009) (affirming exclusion of evidence regarding injury suffered by defendant during execution of arrest as "irrelevant"); *see also United States v. Thompson*, 393 F. App'x 852, 856 (3d Cir. 2010) (same, where defendant "has not shown how evidence of the amount of force used to apprehend him and place him in custody is relevant to the question of whether he was guilty of the charges").

Further, it is well-established that arguments raising potential sentences and collateral consequences stemming from a conviction (*e.g.*, regulatory and licensing consequences) are irrelevant and improper. *See, e.g.*, *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996) (holding it is "impermissible" to "argu[e] the severity of the punishment to the jury"); *see also United States v. Gorski*, No. 12-10338-FDS, 2016 WL 2993612, at *1 (D. Mass. May 23, 2016) (granting government's motion *in limine* to exclude jury nullification evidence and argument, including "evidence of defendant's potential sentence").

Finally, evidence and argument directed toward nullification based on claims of selective prosecution are also impermissible. *See, e.g.*, *United States v. Valerio*, 676 F.3d 237, 242 (1st Cir.

2012) (affirming district court's denial of motion to dismiss based on "selective prosecution" where counsel "was reprimanded for it by the judge on many occasions"); *United States v. O'Brien*, 18 F. Supp. 3d 25, 36 (D. Mass. 2014) (Saylor, J.) (claims of "selective prosecution" are "improper"). Likewise, courts have long held that evidence that a practice is customary or widespread does not excuse criminal conduct. *See United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (holding that "only [the defendant's] actions and state of mind were material to her guilt" and the mere fact "that others may have been the beneficiaries of improper conduct does nothing to excuse [the defendant]," and also concluding that such evidence was properly excludable under Rule 403 because it was likely to create a "sideshow from which the jury could have gleaned little valuable information"); *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 991 (7th Cir. 1999) (concluding district court correctly excluded evidence of industry custom and practice "based on a fear that the jury might find [the defendant] not guilty because 'everyone does it'"); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir. 1998) (en banc) ("Even a universal industry practice may still be fraudulent.").

## II.      ARGUMENT

At times during this prosecution, the defendants have signaled that they may raise arguments or introduce evidence sounding in nullification. For example, defendant Kimmel has argued, at length, that her medical condition justifies dismissal of the charges against her, *see* Dkt. 1878 at 1–30, 1913 at 1–5, and has asserted that the FBI used "paramilitary tactics" and a "military-style assault" to arrest her. *Id.*; *but see* Dkt. 1927 at 9 (denying motion to dismiss and finding Kimmel's assertions "hyperbolic"). Kimmel has also maintained (incorrectly) that "the government agrees" that "she does not merit a prison sentence." Dkt. 1913 at 5.

4

None of this evidence or argument is relevant to whether the defendants conspired to use fraud and honest services fraud to secure their children's admission to college as purported athletic recruits. *See Smith*, 940 F.2d at 713 (explaining that relevant evidence must relate to the elements of the crime charged or applicable defenses). All of it invites jury nullification and poses a risk of unfair prejudice. *See Manning*, 79 F.3d at 219 (finding improper a defendant's attempt to offer irrelevant evidence to engender sympathy and achieve nullification, even "indirectly"). Further, the medical conditions of the defendants and their other family members – with the possible exception of the diagnosed learning differences of the children whose college admission and standardized tests are at issue here – are "irrelevant to the merits of the case." *Mejia*, 2016 WL 6662265, at *2. The nature and circumstances of the defendants' arrests are likewise irrelevant. *Laster*, 313 F. App'x at 372. And it is well-established that any mention of the potential consequences of conviction, including prison sentences or loss of licenses, is improper. *See, e.g.*, *Gorski*, 2016 WL 2993612, at *1.

In addition, although the defendants have not raised a formal selective prosecution defense pre-trial, *see United States v. Serafino*, 281 F.3d 327, 331 (1st Cir. 2002), they have marked as potential exhibits voluminous documents concerning other parents, and they have repeatedly decried what they describe as the government's "novel" prosecution theory in this case, which they have contended would criminalize an "exaggeration or fib" in a preschool application. Dkt. 1042 at 23. But as the government has argued in a separate motion *in limine*, evidence about the actions of other parents in using improper means to secure the admission of their children to college – absent evidence that the defendants knew about this and that it is relevant to their intent – has no probative value. Arguments about what other parents may have done would simply constitute an improper, back-door argument for nullification. *See, e.g.*, *Valerio*, 676 F.3d at 242. Similarly,

arguments that the government's theory of prosecution is novel, or that the defendants' conduct does not rise to the level of a federal criminal case because, for example, many people lie or exaggerate on college applications would be improper. *See, e.g.*, *United States v. Fowler*, 932 F.2d 306, 315-16 (4th Cir. 1991) (affirming district court's exclusion of testimony supporting "the everybody-does-it defense" as irrelevant).

### III. CONCLUSION

For the foregoing reasons, the Court should preclude the defendants from introducing evidence or asserting arguments that would tend to encourage jury nullification.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney
