UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30 and the Court's pre-trial order (Dkt. 1919), the government respectfully requests that the Court give the following jury instructions, in addition to any instructions the Court customarily provides in criminal cases.  The government reserves the right to supplement, modify, or withdraw these requested instructions in light of the requested instructions filed by the defendants and the evidence introduced at trial.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney

## **TABLE OF CONTENTS**

Duty of the Jury to Find Facts and Follow Law……………………………………………..1

Direct and Circumstantial Evidence…....……………………………………………………2

Charts and Summaries……………………………………………………………………….3

Stipulations………………………………………………………………………………….4

Caution as to Cooperating Witnesses…………………………………………….…………5

"On or About" – Explained……………………………………………………………….…6

Motive……………………………………………………………………………………....7

Punishment…………………………………………………………………………………...8

Specific Investigative Techniques etc. ……………………………………………......…9

Tapes and Transcripts………………………………………………………………………11

Persons Not on Trial……………………………………………………………………..…12

Weighing the Testimony of an Expert Witness……………………………………………13

Overview of the Indictment and Charges…………………………………………………...14

Count One – Conspiracy to Commit Mail, Wire, and Honest Services Mail/Wire Fraud………17

       Conspiracy – Generally………………………………………………………….…17

       Conspiracy – Count One....………………………………………………………….18

Count One – Underlying Offenses……………………………………………………….…22

       Mail Fraud and Wire Fraud……………………………………………………….…22

       Honest Services Mail Fraud and Honest Services Wire Fraud………………………..28

Count Two – Conspiracy to Commit Federal Programs Bribery………………………….…35

Count Two – Underlying Offense……………………………………………………………36

Count Three – Conspiracy to Commit Money Laundering………………………….....…41

Count Three – Underlying Offense…………………………………………………………42

Counts Six, Eight, and Nine – Wire Fraud and Honest Services Wire Fraud………………...43

      Aiding and Abetting…………………………………………………………………...43

Counts Eleven and Twelve – Federal Programs Bribery………………………………………...45

Impossibility Not a Defense…………………………………………………………………...48

Count Thirteen – Filing a False Tax Return……………………………………………...…49

### DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.[1]

---

[1] *See* Chief District Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter, "Pattern Crim. Jury Instr. 1st Cir."), § 3.01, *available at* https://www.med.uscourts.gov/pdf/crpjilinks.pdf.

## DIRECT AND CIRCUMSTANCIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[2]

---

[2] *See* Pattern Crim. Jury Instr. 1st Cir., § 3.05.

## CHARTS AND SUMMARIES

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.[3]

---

[3] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 14.02 (6th ed. 2008).

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  As with all evidence, you must accept the stipulation as fact to be given whatever weight you choose.[4]

---

[4] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.01.

## CAUTION AS TO COOPERATING WITNESSES

You have heard testimony from witnesses who provided testimony under an agreement with the government and participated in the crimes charged against the defendants.  The fact that these witnesses entered a guilty plea is not a factor that you may consider in assessing the guilt of the defendants.  The witnesses may be presumed to have acted after an assessment of their own best interests, for reasons that are personal to them, but that fact has no bearing on any other parties to this case.  A guilty plea and the accompanying plea agreement are to be considered only in assessing the credibility of the testimony of the witness who is affected by the plea.

A witness who admits to committing a crime and testifies against others pursuant to a plea agreement with the government almost always does so in the expectation of more lenient treatment as a reward for his cooperation.  A witness testifying in such circumstances may, of course, be completely truthful.  Still, you should consider the testimony of a witness testifying pursuant to a plea agreement with particular caution.  You should scrutinize the testimony carefully to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.[5]

---

[5] Adapted from *United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001); *United States v. Foley*, 783 F.3d 7, 17-18 (1st Cir. 2015).  *See also* Pattern Crim. Jury Instr. 1st Cir., § 2.08; *United States v. Paniagua-Ramos*, 251 F.3d 242, 245 (1st Cir. 2001) (there are "no magic words that must be spoken").

## "ON OR ABOUT" – EXPLAINED

The Indictment charges that the offenses alleged were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.[6]

---

[6] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 3-12 (2021); *United States v. Morris*, 700 F.2d 427, 429-30 (1st Cir. 1983); *United States v. Gorski*, No. 12-cr-10338-FDS (D. Mass.), ECF No. 346 at 82-83, *aff'd*, 880 F.3d 27 (1st Cir. 2018).

## MOTIVE

The question whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act.  Motive is what prompts a person to act or fail to act.  The concept of motive is different than the concept of knowledge or intent.  Intent and knowledge refer only to the state of mind with which the act is done or omitted.

Personal or familial advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

The government is not required to prove motive.  In addition, good motive, if any, is not a defense where the act done or omitted is a crime.  For purposes of determining guilt or innocence, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his or her state of mind or his or her intent.[7]

---

[7] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 17.06 (6th ed. 2008); *see also United States v. Casanova*, No. 13-CR-10077-DJC, 2021 WL 352350, at *2 (D. Mass. Feb. 1, 2021) ("Moreover, the Court instructed, consistent with applicable law, that motive is different from intent, the government did not have prove motive as to any of the charges against Casanova and that 'motive was immaterial, except insofar as evidence of motive may aid in determination of his state of mind or his intent.'").

## PUNISHMENT

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict, in any way, or in any sense, enter into your deliberations.[8]

---

[8] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 9-1 (2021); *see also United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018); Ninth Circuit Model Criminal Jury Instructions, § 7.4; Fifth Circuit Model Criminal Jury Instructions, § 1.22; Sixth Circuit Model Criminal Jury Instructions, § 8.05; Eighth Circuit Model Criminal Jury Instructions, § 3.12; Tenth Circuit Model Criminal Jury Instructions, § 1.20; Eleventh Circuit Model Criminal Jury Instructions, § B10.4; Third Circuit Model Criminal Jury Instructions, § 3.16.

### SPECIFIC INVESTIGATIVE TECHNIQUES; PROACTIVE, UNDERCOVER, AND STING INVESTIGATIONS; AND CONSENSUAL RECORDINGS

There is no legal requirement that the government prove its case through any particular means.  You are not to speculate as to why the government used the techniques it did, or why it did not use other techniques.  Law enforcement techniques are not your concern.  Your concern is to determine whether or not, based on the evidence or lack of evidence, the government has proven the defendants' guilt beyond a reasonable doubt.[9]

Further, you have heard evidence that the government conducted what is known as a "proactive" or "undercover" investigation. It is lawful for law enforcement officials to offer a defendant an opportunity to commit one or more crimes.  It is also proper for the government to use a "sting," at least where it amounts to providing a defendant with an opportunity to commit a crime.  Without this kind of law enforcement weapon, it would often prove difficult, or impossible, to stop certain seriously criminal activity.  The government need not have a reasonable suspicion that a person was engaged in criminal activity before offering that person an opportunity to commit a crime. Likewise, law enforcement officials are not precluded from engaging in stealth and deception, such as the use of cooperating witnesses, informants, and undercover agents, in order to apprehend persons engaged in criminal activities. It is sometimes necessary and permissible for the government to use stratagems, artifices, ruses, and cooperating witnesses, informants, or undercover agents who, in order to discover violators of the federal criminal laws, present opportunities to violate those laws to those who are ready and willing to violate those laws.  The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

---

[9] *See United States v. Lassend*, No. 10-cr-40019-FDS (D. Mass.), ECF No. 113 at 124-25; *United States v. Avenatti*, No. 19-cr-00373-PGG (S.D.N.Y.), ECF No. 261 at 13; Third Circuit Model Criminal Jury Instructions, § 4.14.

Whether or not you approve of certain investigative techniques, including use of a sting, to detect unlawful activities is not to enter into your deliberations in any way.[10]

During the course of this trial, you have also heard certain recorded conversations with the defendants.  These recordings were made without the direct knowledge of the defendants.  So long as you find that the other party to the conversation consented to the recording—in this case, the government's cooperating witness—then the use of this procedure by the government to gather evidence is perfectly lawful.[11]  Evidence that the government obtained through a court-authorized wiretap is likewise perfectly lawful.

---

[10] Adapted from Ninth Circuit Model Criminal Jury Instructions, § 4.10; L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 5-23 (2021); *United States v. Fera*, 616 F.2d 590, 596-97 (1st Cir. 1980) (approving of district court's instruction on the use of undercover agents, even in the absence of an entrapment instruction, when the defense had argued that the government's actions were improper); *see United States v. Hoyt*, 879 F.2d 505, 511 (9th Cir. 1989) (district court did not err in giving undercover agent instruction even without an entrapment instruction when the defense had suggested that government agent's behavior had been improper), amended on other grounds, 888 F.2d 1257 (9th Cir. 1989); *see generally United States v. Allibhai*, 939 F.2d 244, 249 (5th Cir. 1991) (courts which have addressed the issue "have uniformly dismissed the notion that the government must have a pre-existing basis for suspecting criminal activity before targeting an individual in an investigation.") (citing cases).

[11] *See* L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 4.04 (2021); *see generally United States v. White*, 401 U.S. 745, 751 (1971) (warrantless consensual recordings by an informant permissible).

## TAPES AND TRANSCRIPTS

During this trial, you have heard evidence of conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I have allowed you to have transcripts to read along as the tapes were played.  The transcripts are merely to help you understand what is said on the tapes.  If you believe at any point that the transcripts say something different from what you hear on the tapes, remember it is the tapes that are the evidence, not the transcripts.  Any time there is a variation between the tapes and the transcripts, you must be guided solely by what you hear on the tapes and not by what you see on the transcripts.[12]

---

[12] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.09; *United States v. Mazza*, 792 F.2d 1210, 1227 (1st Cir. 1986).

## PERSONS NOT ON TRIAL

You may not draw any inference, whether favorable or unfavorable, as to either side from the fact that no persons other than the defendants are on trial here.  You may not speculate as to the reasons why other people are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.[13]

---

[13] Adapted from *L. Sand et al., Modern Federal Jury Instructions: Criminal*, Instr. 1.21 (2021).

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion, even though they do not have first-hand, percipient knowledge of facts like other witnesses.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, their compensation, and all other evidence in the case.  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[14]

---

[14] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.07.

## OVERVIEW OF THE INDICTMENT AND CHARGES

Now I turn to the Indictment in this case and the statutes on which it is based.  First, I remind you that an Indictment is not evidence of any kind against the defendants.  The Indictment is just an accusation – a document filed with the court to bring a criminal charge against a defendant.  An Indictment can allege more than one charge against a defendant.  When it does, the different charges are stated separately in what we call "counts."  The Indictment in this case has nine counts against the defendants charged in this case.  You should disregard the gaps in the numbers of the counts.

Count One charges all of the defendants with conspiracy.  Specifically, it charges the defendants with conspiracy to commit four crimes, or what are called "underlying" or "substantive" crimes.  The four underlying or substantive crimes are also known as the "objects" of the conspiracy. Here, they are: (i) mail fraud; (ii) honest services mail fraud; (iii) wire fraud; and (iv) honest services wire fraud.  The defendants are accused of conspiring to commit these crimes by engaging in a fraudulent scheme to obtain property, specifically, admission to the University of Southern California ("USC") and Georgetown University, and SAT tests and test scores, and to deprive those universities of their intangible right to the honest services of their athletic coaches and university administrators and the College Board of its intangible right to the honest services of its test administrators.

Count Two also charges all of the defendants with conspiracy.  It charges the defendants with conspiracy to commit a different crime: federal programs bribery.  Specifically, the defendants are accused of conspiring to commit this crime by corruptly giving, offering, and agreeing to give anything of value to any person, with intent to influence and reward an agent of an organization that receives more than $10,000 per year in federal funding—here USC—in connection with any business, transaction, and series of transactions of USC involving anything

14

of value of $5,000 or more, that is, in exchange for facilitating the admission of the defendants'
children to USC as recruited athletes.

Count Three also charges all of the defendants with conspiracy.  It charges the defendants
with conspiracy to commit a different crime: money laundering.  Specifically, the defendants are
charged with agreeing to violate the portion of the federal money laundering statute that prohibits
concealment of the proceeds of certain unlawful activities.

Counts Six, Eight, and Nine charge the defendant John Wilson with substantive wire fraud
and honest services wire fraud.  Wilson is accused of committing these crimes by engaging in a
fraudulent scheme to obtain property, specifically, admission to Harvard and Stanford
Universities, and to deprive those universities of their intangible right to the honest services of
their athletic coaches and university administrators.

Counts Eleven and Twelve charge the defendant John Wilson with substantive federal
programs bribery.  Wilson is accused of committing this crime by corruptly giving, offering, and
agreeing to give anything of value to any person, with intent to influence and reward an agent of
an organization that receives more than $10,000 per year in federal funding—here Stanford
University and Harvard University—in connection with any business, transaction, and series of
transactions of Stanford and Harvard involving anything of value of $5,000 or more, that is, in
exchange for facilitating his children's admission to Stanford and Harvard.

Count Thirteen charges the defendant John Wilson with filing a false tax return.  Wilson is
accused of committing this crime by taking as deductions on his 2014 tax return certain charitable
contributions and business expenses that are alleged to not be true charitable contributions and
business expenses.

This is just a summary.  For each count, the government must prove several things, which we call elements, beyond a reasonable doubt.  I will next give you instructions regarding each count and the elements of each count.

## COUNT ONE – CONSPIRACY TO COMMIT MAIL, WIRE, AND HONEST SERVICES MAIL/WIRE FRAUD[15]

Again, Count One charges all of the defendants with conspiracy.  The objects of the conspiracy charged in Count One are mail fraud, honest services mail fraud, wire fraud, and honest services wire fraud.

I will now provide you with certain general instructions regarding conspiracy that apply to Counts One, Two, and Three.

### Conspiracy – Generally

A conspiracy is an agreement to commit a crime.  The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendants are alleged to have agreed to commit.

A simple example illustrates the difference between a crime and a conspiracy to commit that crime.  It is a federal crime to commit bank robbery.  If a person robs a bank, he has committed a bank robbery.  If three people agree to rob a bank – one thinks up the plan, one agrees to rob the bank, and one agrees to drive the getaway car – all three have conspired to rob the bank.

Again, a conspiracy is an agreement to commit a crime.  If a conspiracy exists – even if it does not succeed – the conspiracy itself is still a crime.  To find a defendant guilty of conspiracy, there is no need for the government to prove that the crime or crimes that were the objects or goals of the conspiracy were actually committed.

If there are multiple charged objects of a conspiracy, the government does not have to prove that the defendants agreed to commit all of, or even more than one of, the objects in order for you

---

[15] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 371, 1349 & cmt. 1 (no overt act required); *United States v. Iwuala*, 789 F.3d 1, 9-10 (1st Cir. 2015); *United States v. Wyatt*, 561 F.3d 49, 54 (1st Cir. 2009) (listing elements for Section 1349 conspiracy and excluding overt act requirement).

to find them guilty of the conspiracy charge.  For example, in the context of Count One, the government does not have to prove that the defendants agreed to commit all four objects (mail fraud, wire fraud, honest services mail fraud, and honest services wire fraud) in order for you to find them guilty of the conspiracy charge.  The government must, however, prove that a defendant agreed with one or more other persons to commit at least one of the four object crimes, and you must unanimously agree on which object crime that defendant agreed to commit.[16]  In making this determination, you must consider each defendant individually.

## Conspiracy – Count One

For you to find the defendants guilty of the conspiracy charged in Count One, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit at least one of the following:  mail fraud, honest services mail fraud, wire fraud, or honest services wire fraud; and

Second, that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  It is not necessary to show that the participants directly by spoken or written words stated among themselves exactly what their object or purpose was or exactly what the details of the

---

[16] *See Griffin v. United States*, 502 U.S. 46 (1991); *United States v. Mitchell*, 85 F.3d 800, 809-11 (1st Cir. 1996) (collecting cases, affirming trial court jury instruction that jury only had to find guilt unanimously as to one of the two objects of conspiracy); *United States v. Capozzi*, 486 F.3d 711, 718 (1st Cir. 2007) ("district court properly instructed the jury that guilt must be based upon proof of an agreement to commit any one of the three objects of the conspiracy and that the jury had to be unanimous as to which if any of the three objects were proved beyond a reasonable doubt").

scheme were or exactly what means they would adopt to achieve their goals.  Nevertheless, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

A conspiracy is, by its very nature, usually secret in its origin and in its execution.  Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.  In addition, because a conspiracy by its very nature is often secret, neither the existence of the agreement nor the fact of the defendant's participation in it must be proved by direct evidence.  They may be proved by circumstantial evidence.

Mere similarity of conduct among various people, or the fact that they may have met with each other or discussed common aims and interests, does not by itself establish the existence of a conspiracy.  Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy.  You may, however, consider such factors in deciding whether a conspiracy existed.

The extent of a defendant's participation in a conspiracy and the importance of his/her role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocence is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others may play minor parts in the scheme.

An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.[17]

The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  A conspiracy is complete, and the crime has occurred, once the agreement has occurred.  Returning to my bank robbery example, the three conspirators committed the crime of conspiracy as soon as they agreed to rob the bank.  Even if they had been arrested before the robbery occurred, or if the robbery had been attempted but failed, they would have nonetheless committed the crime of conspiracy to commit bank robbery.

To act willfully for the purposes of Count One means to act voluntarily and intelligently and with the specific intent that the underlying crime or crimes be committed; that is to say, with bad purpose, either to disobey or disregard the law, not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime or crimes be committed.  Intent need not be proved directly and instead may be inferred from surrounding circumstances and circumstantial evidence because, ordinarily, there is no way of directly scrutinizing the workings of the human mind.  Proof that the defendants willfully joined in the agreement must be based upon evidence of their own actions and/or words.

You need not find that the defendants agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator, or that a defendant participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that

---

[17] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 19-6 (2021).

he or she knew the essential features and general aims of the venture.  Even if a defendant was not part of the agreement at the very start, he or she can be found guilty of conspiracy if the government proves that he or she willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  In determining what a defendant knew or intended at a particular time, you may consider any statements he or she may have made; anything that he or she did, or failed to do; and any other evidence that may reflect his or her knowledge or intent. You may infer – although you are not required to – that a person intends the natural and probable consequences of his or her acts when those acts are done knowingly.

## COUNT ONE – UNDERLYING OFFENSES

As previously noted, Count One of the Indictment charges all of the defendants with conspiracy to commit four underlying crimes: mail fraud, honest services mail fraud, wire fraud, and honest services wire fraud.  So that you can determine whether a conspiracy between at least two people to commit one of these crimes existed, I will now provide you with instructions regarding the elements of the underlying crimes.  But before I do that, please remember two things about the underlying offenses or "objects" of the conspiracy in the context of Count One.

First, remember that a conspiracy is an agreement to commit a crime.  The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendants are alleged to have agreed to commit.  The government does not have to prove that the conspiracy succeeded or that its objects were achieved. A conspiracy is complete, and the crime has occurred, once the agreement has occurred.

Second, remember that the government does not have to prove that the defendant agreed to commit all four of these objects in order for you to find them guilty of the conspiracy charge. The government must, however, prove that a defendant agreed with one or more other individuals to commit at least one of the four object crimes and you must unanimously agree on which one. In making this determination, you must consider each defendant individually.

### Mail Fraud and Wire Fraud[18]

Count One of the Indictment charges the defendants with conspiracy to violate the federal statutes making mail fraud and wire fraud illegal.  The defendants are accused of conspiring to commit these crimes, mail fraud and wire fraud, by engaging in a scheme to defraud and to obtain

---

[18] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 1341, 1343.

property, specifically, admission to the Universities and SAT tests and test scores, from the Universities and the College Board, respectively, by means of false or fraudulent pretenses.

The crimes of mail fraud, Section 1341 of Title 18 of the United States Code, and wire fraud, Section 1343 of Title 18 of the United States Code, both have four elements, the first three of which are the same. Those elements are as follows:

First, that there existed a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property from the Universities and/or the College Board by means of false or fraudulent pretenses;

Second, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter;

Third, that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme the United States mail or delivery by a private or commercial interstate carrier (for mail fraud) or an interstate wire communication (for wire fraud) would be used.

I will now explain the four elements of mail and wire fraud in more detail.

### a.       Element One – Scheme to Defraud

The first element of mail fraud and wire fraud is that there was a scheme to defraud or to

obtain money or property by means of materially false or fraudulent pretenses, representations, or

promises.

A "scheme" includes any plan, pattern, or course of action.  The term "defraud" means to

deceive another in order to obtain money or property by misrepresenting or concealing a material

fact.

The term "false or fraudulent pretenses" means any false statements or assertions that were

either known to be untrue when made or were made with reckless indifference to their truth and

that were made with the intent to defraud.  The term includes actual, direct false statements as well

as half-truths, the knowing concealment of facts, and the knowing omission of material facts.  The

"false or fraudulent pretenses" part of the statute extends it to false promises and

misrepresentations as to the future.

The term "property" in this case means admission to the Universities and SAT tests and

test scores.  I am instructing you that for purposes of the mail and wire fraud statutes, SAT tests

and test scores are the property of the College Board, and admission spots are the property of the

Universities.

It is not necessary that the alleged scheme actually succeeded in defrauding anyone.  Put

another way, it is not necessary to establish that the intended victim was *actually* defrauded.  Mail

and wire fraud do not require that the victim be of pure heart.[19]  And there is no requirement that

---

[19] *See United States v. Allard*, 926 F.2d 1237, 1242 (1st Cir. 1991); *United States v. Camuti*, 78
F.3d 738, 742 (1st Cir. 1996) ("The crime with which Camuti was charged-mail fraud-did not
require that the victims be pure of heart or even that they have been effectively deceived by the
charged misrepresentations.").

the person deceived be the same person who is deprived of money or property.  There is likewise no requirement that the defendants know the identity of the fraud victim, only that there be a scheme to defraud.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme.  But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the Indictment.

The government is not required to prove that a particular defendant or defendants originated the scheme to defraud.  A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

It is not necessary for the government to prove that a defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss, so long as the goal of the scheme was to deprive the victim of money or property.  Although whether or not the scheme actually succeeded is not the question, you may consider whether it succeeded in determining whether the scheme existed.

You are not required to agree on a means or a particular false statement that a defendant used to carry out a fraudulent scheme.

### b.        *Element Two – Materiality*

The second element of mail fraud and wire fraud is that the false representation or fraudulent failure to disclose related to a material fact.  A "material fact or matter" is one that has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed.  Information is "material" for an employer if the employee had reason to believe the information would lead a reasonable employer to change its business conduct.  Put differently, if you find that a fact was intentionally withheld or omitted, you must determine

whether the fact was one that a reasonable person might have considered important in making his or her decisions.

The government, however, need not prove that anyone actually relied on a statement.  If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright.[20]

### c.      Element Three – Defendants' Knowing and Willful Participation in the Scheme

The third element of mail fraud and wire fraud is that the defendants participated in the scheme to defraud knowingly and willfully and with the intent to defraud.

The defendants acted "knowingly" if they were conscious and aware of their actions, realized what they were doing or what was happening around them, and did not act because of ignorance, mistake, or accident.

Note that, in deciding whether the defendants acted knowingly, you may infer that they had knowledge of particular facts if you find that they deliberately closed their eyes to facts that otherwise would have been obvious to them.  This is called "willful blindness."  In order to infer knowledge, you must find that two things have been established.  *First*, that the defendants were aware of a high probability of the existence of the facts in question.  *Second*, that the defendants consciously and deliberately avoided learning of those facts.  That is, the defendants willfully made themselves blind to those facts.  It is entirely up to you to determine whether they deliberately closed their eyes to the facts and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the facts is not sufficient.  There must be a deliberate effort to remain ignorant of the facts in question.[21]

---

[20] *See United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980).

[21] Pattern Crim. Jury Instr. 1st Cir., § 2.16; *see also United States v. Prange*, 11-cr-10415-NMG (D. Mass.), ECF No. 246 at 123-24 (willful blindness instruction).

As to acting "willfully," an act is wilful if done voluntarily and intentionally, and with the specific intent to do something the law forbids (here, defraud others), or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.  Note that, with regard to finding a specific intent to defraud, you may find such an intent, though you are not required to do so, if you find that the defendants acted with reckless disregard or reckless indifference to the truth or falsity of their statements or omissions. Conversely, if the defendants acted in good faith, they cannot be guilty of the crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendants knew or intended at a particular time, you may consider any statements made or acts done or omitted by them and all other facts and circumstances received in evidence that may aid in your determination of their knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

### d.        Element Four – Use of the Mail or Interstate Wire Communication

As to the fourth element of mail and wire fraud, the government must prove that the defendants caused the mail or an interstate wire communication to be used, or that it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, a mailing or an interstate wire communication would be used, on or about the date alleged.

A mailing can be via the United States mail or delivery by a private or commercial interstate – such as UPS or FedEx.  An interstate wire communication includes a telephone communication

from one state to another, an email transmission or other internet communication, or a financial or wire transaction from one state to another.

The mailing or interstate wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that the defendants themselves were responsible for the mailing/wire communication, that the mailing/wire communication itself was fraudulent, or that the use of the mail/wire communication in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that the defendants knew, or could reasonably have foreseen, that use of the mail/wire communication would follow in the course of the scheme, in furtherance of the scheme, or for the purpose of executing the scheme.

### Honest Services Mail Fraud and Honest Services Wire Fraud[22]

As noted earlier, Count One of the Indictment also charges the defendants with conspiracy to commit honest services mail fraud and honest services wire fraud.  Specifically, the defendants are charged with agreeing to deprive the Universities of the intangible right to the honest services of their athletic coaches and university administrators, and the College Board of its intangible right to the honest services of its test administrators.

Honest services mail fraud is comprised of two statutes, the first of which is the mail fraud statute that I previously noted.  Similarly, honest services wire fraud is comprised of two statutes, the first of which is the wire fraud statute that I previously noted.  The second relevant statute for both crimes is Section 1346 of Title 18 of the United States Code, which provides that the term

---

[22] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 1341, 1343, 1346.

"scheme to defraud," as set forth in the mail and wire fraud statutes – in the context of honest services fraud – includes a "scheme to deprive another of the intangible right of honest services."

Taken together, the mail fraud statute and this honest services fraud statute constitute the offense of honest services mail fraud, just as, taken together, the wire fraud statute and the honest services fraud statute constitute the offense of honest services wire fraud.  The elements of these offenses are as follows:[23]

First, the defendant knowingly devised or participated in a scheme to defraud the Universities of their intangible right to the honest services of their athletic coaches and/or university administrators, or to defraud the College Board of its intangible right to the honest services of its test administrators, through bribery or kickbacks;

Second, the defendant knowingly and willfully participated in this scheme with the intent to defraud;

Third, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, the United States mail or delivery by a private or commercial interstate carrier (for honest services mail fraud) or an interstate wire communication (for honest services wire fraud) would be used.

---

[23] *See Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Martin*, 228 F.3d 1, 16 (1st Cir. 2000); *United States v. Gaw*, 817 F.3d 1, 6-7 (1st Cir. 2016).

I have already instructed you on elements two, three, and four of honest services mail fraud and honest services wire fraud, which are the same as mail fraud and wire fraud, respectively, and I will not repeat those instructions here.  The first element, however, is different.

The first element that the government must prove is that the defendants knowingly devised or participated in a scheme to defraud the Universities of their right to the honest services of their athletic coaches and/or university administrators, and/or to defraud the College Board of its right to the honest services of its test administrators, through bribery or kickbacks.  As I previously described, a "scheme" is any plan or course of action formed with the intent to accomplish some purpose.  Thus, to find a defendant guilty of this offense, you must find that he or she devised or participated in a plan or course of action involving bribes or kickbacks given or offered to athletic coaches and/or administrators of the Universities or a test administrator for the College Board.

An employee owes a fiduciary duty to his or her employer. This fiduciary duty is a duty to act only for the benefit of the employer, and not for the employee's own enrichment or benefit.[24] When an employee devises or participates in a bribery or kickback scheme, that employee violates his employer's right to his honest services.  This is because the employee outwardly purports to be working solely for the employer, but instead has received benefits from a third party.   The employer is defrauded because the employer is not receiving what it expects and is entitled to, namely, the employee's honest services.  A defendant need not owe the fiduciary duty personally, so long as he or she devises or participates in a bribery or kickback scheme intended to deprive an

---

[24] *See, e.g.*, *United States v. Rybicki*, 354 F.3d 124, 141-42 & n.17 (2d Cir. 2003) (*en banc*) (in private sector, statute applies to an "officer or employee of a private entity (or a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers)").

employer of its right to a fiduciary's honest services.[25]  Similarly, an independent contractor may owe a fiduciary duty to the contracting entity.  A fiduciary duty for the purposes of the honest services fraud statute encompasses any trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.  Put differently, a fiduciary duty is owed by a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers.

The breach of the fiduciary duty must be by participation in a bribery or kickback scheme – which involves the actual, intended, or solicited exchange of a thing of value for something else, in other words, a *quid pro quo* (a Latin phrase meaning "this for that" or "these for those").[26]

The employee or fiduciary and the individuals providing the thing(s) of value need not state the *quid pro quo* in express terms, for otherwise the law's effect would be frustrated by knowing winks and nods.[27]  Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

---

[25] *United States v. Urcuioli*, 613 F.3d 11, 17-18 (1st Cir. 2010) (rejecting argument that mail fraud statute in honest services cases only covers public official who owes the duty).

[26] *See United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999) (interpreting § 201(b): "In other words, for bribery there must be a *quid pro quo*-a specific intent to give or receive something of value in exchange for an official act." (emphasis in original)); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("The Supreme Court has explained, in interpreting the federal bribery and gratuity statute, 18 U.S.C. § 201, that bribery requires a *quid pro quo*. . ."); *United States v. Whitfield*, 590 F.3d 325, 353 (5th Cir. 2009) (requiring a specific intent to give or receive a thing of value "in exchange for an official act to be performed sometime in the future" (citations, quotations omitted)); *United States v. Ganim*, 510 F.3d 134, 148-49 (2d Cir. 2007) (Sotomayor, J.) ("an intent to effect an exchange").

[27] *United States v. Urcuioli*, 613 F.3d 11, 15, n. 3 (1st Cir. 2010) (citing *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943-47 (9th Cir. 2009) (*quid pro quo* bribe need not be evidenced by any express agreement or statements of intent)); *United States v. Kemp*, 500 F.3d 257, 282-85 (3d Cir. 2007) (same)).

Bribery and kickbacks require the intent to effect an exchange of something of value for, as applicable here, action, but each payment need not be correlated with specific action.[28]  The requirement that there be payment of a thing of value in return for action is satisfied so long as the evidence shows a "course of conduct" of things of value flowing to an employee or fiduciary in exchange for the employee's/fiduciary's repeated action.  In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that."  Thus, all that must be shown is that things of value were provided to the employee or fiduciary, or for his or her benefit, with the intent of securing the employee's/fiduciary's action in return.[29]

A bribe is simply a payment (or other benefit) given in exchange for an employee's provision of influence or favorable treatment from his employer.  Payments to third parties, including even employer universities, may qualify as bribes or kickbacks.  In other words, payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts.  Put differently, money paid to a university account can constitute a bribe or kickback so long as the defendant entered into a corrupt or illegitimate agreement to

---

[28] *Skilling*, 561 U.S. at 413 (citing *Kemp*, 500 F.3d at 281-86 (bribery theory of honest services fraud satisfied by "stream of benefits" in exchange for some official action, without need to show specific benefit for specific action: "payments may be made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf."); *Whitfield*, 590 F.3d at 352-53 (specified act need not be identified at time of payment: "The law only requires that the Government prove the 'specific intent to give or receive something of value *in exchange* for an official act' to be performed sometime in the future." (emphasis in original)); *Ganim*, 510 F. 3d at 147-49 (no need to link each specific bribe with a single official act: "If the public official knows that he or she is expected as a result of the payment to exercise particular kinds of influence or decision making to the benefit of the payor, and, at the time the payment is accepted, intended to do so as specific opportunities arose, that is bribery.").

[29] *United States v. Urcuioli*, 613 F.3d 11, 14-15 & n. 3 (1st Cir. 2010).

receive something of value where a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received.[30]

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that anything of value was actually exchanged. What the government must prove is that the defendants knowingly devised or participated in a scheme to defraud the Universities and/or the College Board of their right to their employee's or fiduciary's honest services through bribes or kickbacks.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something. This includes a sum of money, favorable treatment, or career advancement. It may also include things of value given to a third party for the benefit of the employee or fiduciary at the employee or fiduciary's knowing direction.

Finally, "induce" in this context means to undertake to gain corrupt influence over the judgment of the employee or fiduciary. A person may act with a mixture of motives, but the

---

[30] *See United States v. Sidoo*, 468 F. Supp. 3d 428, 445 (D. Mass. 2020) ("Payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts."); *United States v. Ernst*, No. 19-10081-IT (D. Mass. July 28, 2021), Dkt. 733 at 3 ("The requirement that the government prove a 'private payment' or 'private gain' does not foreclose . . . a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a *corrupt or illegitimate* agreement to receive something 'of value' where 'a thing of value' is defined broadly to include the value which the defendant subjectively attaches to the items received."); *United States v. DeMizio*, 2012 WL 1020045, at *10 (E.D.N.Y. Mar. 26, 2012), *aff'd*, 741 F.3d 373 (2d Cir. 2014) (explaining that a scheme is "no less a kickback scheme when the employee directs the third party to share its profits with an entity designated by the employee in which the employee has an interest"); *United States v. Hausmann*, 345 F.3d 952, 954 (7th Cir. 2003) (kickback arrangement required payments to "individuals who had provided miscellaneous personal services to [the defendant] or his relatives. . . and . . . charities that [the defendant] supported"); *United States v. Sorich*, 523 F.3d 702, 709 (7th Cir. 2008) ("By 'private gain' we simply mean *illegitimate* gain, which usually will go to the defendant, but need not") (emphasis added).

government must prove that the provision of the thing of value is intended at least in part to corruptly induce, here, the admission of students to the Universities or cheating on SAT tests.

**COUNT TWO – CONSPIRACY TO COMMIT FEDERAL PROGRAMS BRIBERY**

Count Two charges all of the defendants with a second conspiracy. The object of the conspiracy charged in Count Two is federal programs bribery. Specifically, the defendants are accused of conspiring to commit this crime by corruptly giving, offering, and agreeing to give anything of value to any person, with intent to influence and reward an agent of an organization that receives more than $10,000 per year in federal funding, here the University of Southern California, in connection with any business, transaction, and series of transactions of USC involving anything of value of $5,000 or more, that is, in exchange for facilitating the admission of the defendants' children to USC.

All of the instructions that I previously gave you generally relating to conspiracy, in the context of Count One, apply to Count Two. Recall that a conspiracy is an agreement to commit a crime. The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendants are alleged to have agreed to commit. The government does not have to prove that the conspiracy succeeded or that its objects were achieved. A conspiracy is complete, and the crime has occurred, once the agreement has occurred.

For you to find the defendants guilty of the conspiracy charged in Count Two, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit federal programs bribery; and

<u>Second</u>, that the defendant willfully joined in that agreement.

I will now provide you with instructions regarding the elements of the underlying crime of the conspiracy charged in Count Two, federal programs bribery.

35

## COUNT TWO – UNDERLYING OFFENSE[31]

As previously noted, Count Two of the Indictment charges all of the defendants with conspiracy to commit the underlying offense of bribery relating to an organization that receives federal funds, in violation of Section 666(a)(2) of Title 18 of the United States Code.  That section provides, in relevant part:

> Whoever . . . corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more shall be [guilty of a crime].

Specifically, the Indictment alleges:

> From in or about 2007 through in or about February 2019, in the District of Massachusetts, and elsewhere, the defendants . . . conspired with others known and unknown to the Grand Jury to commit federal programs bribery, that is, to corruptly give, offer and agree to give anything of value to any person, with intent to influence and reward an agent of an organization, to wit, agents of USC, in connection with any business, transaction and series of transactions of USC involving anything of value of $5,000 or more, that is, in exchange for facilitating the admission to USC for the defendants' children, where USC received benefits in excess of $10,000 under federal programs involving grants, contracts, subsidies,

---

[31] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 27A.03 (2021); Third Circuit Model Criminal Jury Instructions, § 6.18.666A2; *see also United States v. Sotomayor-Vazquez*, 249 F.3d 1, 7-8 (1st Cir. 2001).

loan guarantees, insurance and other forms of federal assistance in any one-year period[.]

I will now instruct you regarding the elements of the underlying offense of federal programs bribery.

In order to prove the defendants guilty of bribery relating to an organization that receives federal funds, the government must prove each of the following elements beyond a reasonable doubt:

First, that at the time alleged in the Indictment, Donna Heinel and Jovan Vavic were agents of USC;

Second, that in a one-year period, USC received federal benefits in excess of $10,000;

Third, that the defendant gave, agreed to give, or offered something of value to an agent of USC;

Fourth, that the defendant acted corruptly with the intent to influence or reward an agent of USC with respect to a transaction or series of transactions of USC; and

Fifth, that the value of the transaction or series of transactions to which the payment related was at least $5,000.

As to the first element, an "agent" is a person authorized to act on behalf of another person, organization, or government.   Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

As to the second element, the government must establish that USC received, during a one-year period benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.  This does not include legitimate/valid/bona fide salary, wages, fees, or other compensation paid or expenses paid or

37

reimbursed in the ordinary course of business. The government does not have to prove that the defendants had the authority to administer these federal benefits.

As to the third element, the government must prove that the defendants gave, agreed to give, or offered something of value to an agent of USC as alleged in the Indictment. The statute makes no distinction between offering or giving a bribe, and the mere offer of a bribe is just as much a violation of the statute as the actual giving of one. The thing of value may be tangible property, intangible property, or services, of any dollar value, so long as it has value.

It is not necessary that the payment be made directly to the agent. If the payment was made to a third party or a conduit for the purpose of influencing the agent, that is sufficient to satisfy this element.

As to the fourth element, the government must prove that the defendants gave, agreed to give, or offered something of value to the recipient knowingly and corruptly and with the intent to influence or reward the recipient's actions in connection with some business or transaction of USC. To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to influence or reward the recipient's actions. This involves conscious wrongdoing. Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another.

In considering this element, remember that it is the defendant's intent at least in part to influence the recipient's actions that is important, not the subsequent actions of the recipient or the organization. Thus, the government does not have to prove that the recipient accepted the bribe offer or that the bribe actually influenced the final decision of the agent or USC. It is not even necessary that the recipient had the authority to perform the act that the defendant sought. Also, if you find that the defendant acted with the intent to reward the recipient for a decision already

made, it does not matter that the payment was not made or offered until after the business or transaction occurred.

A bribe is simply a payment (or other benefit) given in exchange for an employee's provision of influence or favorable treatment from his employer. Payments to third parties, including even employer universities, may qualify as bribes or kickbacks. In other words, payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts.[32]

Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.

As to the fifth element, the government must prove that the value of the transaction to which the payment related was at least $5,000. To establish this element, the government must prove that the defendants intended to influence or reward the recipient in connection with any business or transaction or series of transactions of USC involving anything of value of $5,000 or

_____

[32] *See United States v. Sidoo*, 468 F. Supp. 3d 428, 445 (D. Mass. 2020) ("Payments made to accounts controlled by university insiders, even if such payments were ultimately received by the universities, may still constitute a benefit to those insiders who exercise control over the accounts."); *United States v. Ernst*, No. 19-10081-IT (D. Mass. July 28, 2021), Dkt. 733 at 3 ("The requirement that the government prove a 'private payment' or 'private gain' does not foreclose . . . a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a *corrupt or illegitimate* agreement to receive something 'of value' where 'a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received."); *United States v. DeMizio*, 2012 WL 1020045, at *10 (E.D.N.Y. Mar. 26, 2012), *aff'd*, 741 F.3d 373 (2d Cir. 2014) (explaining that a scheme is "no less a kickback scheme when the employee directs the third party to share its profits with an entity designated by the employee in which the employee has an interest"); *United States v. Hausmann*, 345 F.3d 952, 954 (7th Cir. 2003) (kickback arrangement required payments to "individuals who had provided miscellaneous personal services to [the defendant] or his relatives. . . and . . . charities that [the defendant] supported"); *United States v. Sorich*, 523 F.3d 702, 709 (7th Cir. 2008) ("By 'private gain' we simply mean *illegitimate* gain, which usually will go to the defendant, but need not") (emphasis added).

more.  If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

The government is not required to prove that the defendants paid or offered at least $5,000. It is the value of the business or transaction that the bribe was intended to influence or reward that is important for the purposes of this element.

### COUNT THREE – CONSPIRACY TO COMMIT MONEY LAUNDERING

Count Three charges all of the defendants with a third conspiracy.  The object of the conspiracy charged in Count Three is money laundering.  Specifically, the defendants are charged with agreeing to violate the portion of the federal money laundering statute that prohibits concealment of the proceeds of certain unlawful activities.

All of the instructions that I previously gave you generally relating to conspiracy, in the context of Counts One and Two apply to Count Three.  Recall that a conspiracy is an agreement to commit a crime.  The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendants are alleged to have agreed to commit.  The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  A conspiracy is complete, and the crime has occurred, once the agreement has occurred.

For you to find the defendants guilty of the conspiracy charged in Count Three, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit money laundering; and

Second, that the defendant willfully joined in that agreement.

I will now provide you with instructions regarding the elements of the underlying crime of the conspiracy charged in Count Three, money laundering.

## COUNT THREE– UNDERLYING OFFENSE[33]

As previously noted, Count Three of the Indictment charges all of the defendants with conspiracy to commit the underlying offense of money laundering, in violation of Section 1956 of Title 18 of the United States Code.  The Indictment alleges that the defendants conspired to violate the federal statute that makes money laundering a federal crime by what is commonly known as "concealment money laundering." The elements of "concealment money laundering" are as follows:

First, that the defendant entered into a financial transaction or transactions, on or about the date alleged, with a financial institution engaged in interstate commerce;

Second, that the transaction or transactions involved the use of proceeds of unlawful activities, specifically, proceeds of mail fraud, wire fraud, honest services mail fraud, and honest services wire fraud;

Third, that the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

Fourth, that the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

A withdrawal, deposit, and transfer of funds from or to a bank is a "financial transaction." "Proceeds" means any profits and gross receipts that someone acquires or retains as a result of the commission of the unlawful activity.

---

[33] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.1956(a)(1)(B)(i), 4.18.1956(h).

## COUNTS SIX, EIGHT, AND NINE – WIRE FRAUD
## AND HONEST SERVICES WIRE FRAUD[34]

Counts Six, Eight, and Nine of the Indictment charge defendant John Wilson with substantive counts of wire fraud and honest services wire fraud, and aiding and abetting the same offenses.  Specifically:

Count Six charges defendant Wilson with wire fraud and honest services wire fraud in connection with a $500,000 wire transfer on or about October 17, 2018 to a bank account in the name of The Key Worldwide Foundation.

Count Eight charges defendant Wilson with wire fraud and honest services wire fraud in connection with an October 27, 2018 telephone call with William "Rick" Singer.

Count Nine charges defendant Wilson with wire fraud and honest services wire fraud in connection with a $500,000 wire transfer on or about December 11, 2018 to a bank account in the name of The Key Worldwide Foundation.

In explaining the conspiracy charged in Count One and the objects of that conspiracy, I have previously instructed you on the elements of wire fraud and honest services wire fraud, and I will not repeat those instructions here.

### **Aiding and Abetting**

Another way in which the government can prove that defendant Wilson is guilty of the substantive wire fraud and honest services wire fraud charges in Counts Six, Eight, and Nine, respectively, is as an aider and abetter.  To "aid and abet" means intentionally to help someone else commit the charged crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt:

---

[34] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.1343, 4.18.1346, 4.18.02(a), 4.18.371(2).

First, that the crimes of wire fraud or honest services wire fraud were actually committed by someone;

Second, that the defendant took an affirmative act to help or cause wire fraud or honest services wire fraud; and

Third, that the defendant intended to help or cause the commission of wire fraud or honest services wire fraud.

The second element, the "affirmative act" element, can be satisfied without proof that the defendant participated in each and every element of wire fraud or honest services wire fraud. It is enough if the defendant assisted in the commission of one of the charged crimes or caused one of the charged crimes to be committed.

The third element, the "intent" element, is satisfied if the defendant had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time the defendant can opt to walk away.

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that the crime is being committed are also not sufficient to constitute aiding and abetting. But you may consider these things among other factors in determining whether the government has met its burden.

### COUNTS ELEVEN AND TWELVE – FEDERAL PROGRAMS BRIBERY[35]

Counts Eleven and Twelve of the Indictment charge defendant Wilson with substantive counts of federal programs bribery, and aiding and abetting the same offense.  Specifically:

Count Eleven charges defendant Wilson with federal programs bribery in connection with a $500,000 wire transfer on or about October 17, 2018 to a bank account in the name of The Key Worldwide Foundation for the benefit of the sailing coach of Stanford University.

Count Twelve charges defendant Wilson with federal programs bribery in connection with a $500,000 wire transfer on or about December 11, 2018 to a bank account in the name of The Key Worldwide Foundation for the benefit of a senior women's administrator of Harvard University.

In explaining the conspiracy charged in Count Two, I have previously instructed you on the elements of the underlying offense of federal programs bribery, and I will not repeat those instructions fully here.  However, I will remind you of the five elements that the government must prove in the context of the Indictment's allegations in Counts Eleven and Twelve:

First, that at the time alleged in the Indictment, the sailing coach of Stanford University was an agent of Stanford (as to Count Eleven) and, per my earlier instruction regarding "sting" operations, the defendant believed that the "senior women's administrator" was an agent of Harvard (as to Count Twelve);

Second, that in a one-year period, Stanford and Harvard each received federal benefits in excess of $10,000;

---

[35] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 27A.03 (2021); Third Circuit Model Criminal Jury Instructions, § 6.18.666A2; *see also United States v. Sotomayor-Vazquez*, 249 F.3d 1, 7-8 (1st Cir. 2001).

Third, that the defendant gave, agreed to give, or offered something of value to an individual whom he believed to be an agent of Stanford (as to Count Eleven) and Harvard (as to Count Twelve);

Fourth, that the defendant acted corruptly with the intent to influence or reward an agent of Stanford (as to Count Eleven) and Harvard (as to Count Twelve) with respect to a transaction or series of transactions of Stanford and Harvard, respectively; and

Fifth, that the value of the transaction or series of transactions to which the payment related was at least $5,000.

As I previously instructed, it is not necessary that the payment be made directly to the agent. If the payment was made to a third party for the purpose of influencing the agent, that is sufficient to satisfy this element.

As to the fourth element, the government must prove that the defendant gave, agreed to give, or offered something of value to the recipient knowingly and corruptly and with the intent to influence or reward the recipient's actions in connection with some business or transaction of the university. To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to influence or reward the recipient's actions. This involves conscious wrongdoing. Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another. In considering this element, remember that it is the defendant's intent at least in part to influence the recipient's actions that is important, not the subsequent actions of the recipient or the organization. Thus, the government does not have to prove that the recipient accepted the bribe offer or that the bribe actually influenced the final decision of the agent or the university. It is not even necessary that the recipient had the authority to perform the act that the defendant sought. Also, if you find that the

defendant acted with the intent to reward the recipient for a decision already made, it does not matter that the payment was not made or offered until after the business or transaction occurred.

Another way in which the government can prove that defendant Wilson is guilty of the substantive federal programs bribery charges in Counts Eleven and Twelve is as an aider and abetter.  I have previously instructed you on aiding and abetting, and I will not repeat those instructions here.

## IMPOSSIBILITY NOT A DEFENSE

In an undercover operation or "sting" operation with a cooperating witness, it is technically impossible for the substantive crime to be *completed*.  Nevertheless, impossibility is not a defense to these charges.  The elements of knowledge and intent are satisfied if, under the circumstances as the defendant believed them to be, the defendant takes a substantial step planned to culminate in the crimes charged in the Indictment.  A defendant may be guilty of an attempt to engage in criminal activity without having actually succeeded, and even if success is impossible, as it was here.[36]

---

[36] *See, e.g.*, *United States v. Williams*, 553 U.S. 285, 300 (2008) ("All courts are in agreement that what is usually referred to as factual impossibility is no defense to a charge of attempt."); *United States v. Waldron*, 590 F.2d 33, 35 (1st Cir. 1979) (factual impossibility is no defense to conspiracy charge); *see also United States v. Prange*, 11-cr-10415-NMG (D. Mass.), ECF No. 246 at 132-33 (impossibility instruction); *United States v. Colburn*, 475 F. Supp. 3d 18, 25-26 (D. Mass. 2020) (rejecting the argument that factual impossibility is a defense to substantive wire fraud and federal programs bribery offenses, and noting that Wilson conceded that factual impossibility is not a defense to conspiracy charges).

## COUNT THIRTEEN – FILING A FALSE TAX RETURN[37]

Count Thirteen of the Indictment charges defendant Wilson with willfully filing a false federal income tax return.  It is against federal law to engage in such conduct.

The system of tax collection in the United States relies upon the honesty of taxpayers.  The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect the taxes due.  Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return, or to file no return, under certain circumstances.  An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.

Here, the Indictment alleges that:

On or about March 26, 2018 in the District of Massachusetts and elsewhere, the defendant John Wilson did willfully make and subscribe a joint Amended U.S. Individual Income Tax Return, Form 1040X, for the tax year 2014, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter, in that, among other items, the lines for adjusted gross income and itemized deductions, and the attached Form 1040, included HPC losses and gifts to charity based on payments from HPC to KWF, Singer and The Key as purported charitable contributions or business expenses.

---

[37] Adapted from Pattern Crim. Jury Instr. 1st Cir., § 7206(1); L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 59.03 (2021).

For you to find defendant Wilson guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made or caused to be made, a federal income tax return for the year in question that he verified to be true;

Second, that the tax return was false as to a material matter;

Third, that the defendant signed the return willfully and knowing it was false; and

Fourth, that the return contained a written declaration that it was made under the penalty of perjury.

A "material" matter is one that is likely to affect the calculation of tax due and payable, or to affect or influence the IRS in carrying out the functions committed to it by law, such as monitoring and verifying tax liability.  A return that omits material items necessary to the computation of taxable income is not true and correct.

"Willfully" means a voluntary, intentional violation of a known legal duty.  The defendant's signature on the tax return is sufficient to support a finding that he read the return and knew its contents.