UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

**DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE JUDICIAL STATEMENTS REGARDING CREDIBILITY**

Defendants submit this opposition to the government's motion seeking to preclude Defendants from introducing or referencing Magistrate Judge Kelley's determination that affidavits submitted by University of Southern California ("USC") Dean of Admissions Timothy Brunold are not credible. As even the government admits, the Federal Rules of Evidence do not prohibit cross-examining witnesses on judicial determinations of their credibility. And as shown below, numerous courts have held that denying defendants the right to cross-examine witnesses regarding adverse credibility determinations such as Judge Kelley's constitutes reversible error. Such cross-examination is proper, and the Court should not exercise its discretion to restrain the Defendants' cross-examination of Dean Brunold by restricting such inquiries.

**BACKGROUND AND ARGUMENT**

In 2019, when Defendant Zangrillo sought a Rule 17(c) subpoena to USC for documents related to its admissions practices, USC moved to quash the subpoena to prevent Defendants from learning about the significant role that donations play in the admissions process. In support of that effort, Dean Brunold submitted affidavits suggesting that donations to USC do not

influence admissions decisions. *See* Dkt. 532-3, 557-2. In a March 3, 2020 order regarding Zangrillo's subpoena, Judge Kelley reprimanded USC for being "less than forthcoming about its admissions process" and concluded that Dean Brunold's statement that donations are not important to admissions decisions was "belied by many facts that have come to light in the course of this litigation." Dkt. 913 at 17-18. In a related hearing, Judge Kelley also expressed that she did not find Dean Brunold credible. Dkt. 673.

Defendants have a constitutionally-protected right to cross-examine witnesses. *See Davis v. Alaska*, 415 U.S. 308, 315 (1974) ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested."). The government intends to call Dean Brunold as a witness to support its narrative that USC was "defrauded" by Defendants, and presumably to have him testify—consistent with his affidavit— that donations do not play a role in USC's admissions process. As Judge Kelley found, however, Dean Brunold is simply not credible on this point. Particularly in light of the government blocking testimony by refusing to grant immunity to key witnesses in this case, *see* Dkt. 1967, Judge Kelley's credibility determination is an important part of Defendants' cross-examination of Dean Brunold. The Defendants should be able to confront Dean Brunold with Judge Kelley's credibility determination, as is clearly permitted under the Federal Rules of Evidence.

### A. Rule 608(b) Permits Defendants To Question Brunold About The Adverse Credibility Determination

Pursuant to Federal Rule of Evidence 608(b), Defendants are permitted to inquire into "specific instances of a witness's conduct . . . . if they are probative of the character for truthfulness or untruthfulness" of the witness. Several courts of appeal have held that Rule 608(b) permits cross-examination regarding prior judicial determinations of a witness's credibility, and in fact, that it may constitute reversible error to restrict such examination. *See*

*United States v. White*, 692 F.3d 235 (2d Cir. 2012) (vacating conviction where trial court refused to allow defendant to cross-examine police officer about a judge's adverse credibility findings against the officer in a prior case); *United States v. Woodard*, 699 F.3d 1188 (10th Cir. 2012) (reversing conviction where trial court did not allow proposed cross-examination of state tractor-trailer inspector regarding judicial credibility determination in a prior similar case); *United States v. Dawson*, 434 F.3d 956, 957-59 (7th Cir. 2006) ("[T]he decision whether to allow a witness to be cross-examined about a judicial determination finding him not to be credible is confided to the discretion of the trial judge; it is not barred by Rule 608(b), which, to repeat, is a rule about presenting extrinsic evidence, not about asking questions."); *United States v. Whitmore*, 359 F.3d 609, 619-22 (D.C. Cir. 2004) (holding that district court erred in precluding defendant from cross-examining police officer about a judge's conclusion that officer lied in a prior proceeding). The same result should apply here.

The Second Circuit has identified a list of non-exhaustive factors to consider "in determining the probity and relevance of a prior incident in which a court has criticized a witness's testimony as unworthy of belief: (1) 'whether the prior judicial finding addressed the witness's veracity in that specific case or generally'; (2) 'whether the two sets of testimony involved similar subject matter'; (3) 'whether the lie was under oath in a judicial proceeding or was made in a less formal context'; (4) 'whether the lie was about a matter that was significant'; (5) 'how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness'; (6) 'the apparent motive for the lie and whether a similar motive existed in the current proceeding'; and (7) 'whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible.'" *White*, 692 F.3d at 249 (quoting *United States v. Cedeño*, 644 F.3d 79, 82-83 (2d Cir. 2011)).

Applying these factors here, it is clear that Judge Kelley's credibility determination[1] is a proper topic for cross examination. All of the factors favor the Court *not* exercising its discretion to restrict the cross-examination of Dean Brunold. First, "the prior judicial finding addressed the witness's veracity" not in general, but **in this specific case**. Second, the two sets of testimony involve the **identical** subject matter. Third, the statement was made in an extremely formal context—a sworn affidavit submitted to a federal judge. Fourth, the affidavit was *significant to the proceeding* in that it had a direct bearing on the issuance of Rule 17(c) subpoena in a federal criminal case. Fifth, the statement on which Judge Kelley commented was recent—approximately two years ago. Sixth, the exact same motive exists for Brunold to mislead the jury at trial as he misled the Court in pre-trial proceedings—that is, his desire to protect his employer. And seventh, no reasonable explanation has been given for Dean Brunold's misleading testimony. In light of all seven of these factors, Judge Kelley's determination that Dean Brunold's affidavits were not credible is "plainly probative of [Dean Brunold's] veracity and could affect a jury's determination as to his willingness to lie" at trial. *See id.*

B. **The Adverse Credibility Determinations Are Admissible Under Rule 403**

Recognizing that cross-examination regarding Judge Kelley's credibility determination is permissible under Rule 608(b), the government argues that this Court should nevertheless use its discretion to exclude references to Judge Kelley's determination under Rule 403. Defendants

---

[1] The government states that it is "unclear that the Magistrate Court's statements constitute an adverse credibility finding at all." Dkt. 2007 at 4. Defendants disagree. Judge Kelley stated that Dean Brunold's affidavit was "misleading," and that "while each carefully-worded sentence may be true," the "message" was "belied by many facts." The statement that Brunold's affidavit was "misleading" is plainly a determination regarding credibility. *See White*, 692 F.3d at 249 ("A finding that a witness is not credible is not fundamentally different from a finding that the witness lied. It often just reflects a fact finder's desire to use more gentle language.").

disagree, and urge this Court not to use its discretion to restrict Defendants' constitutional right to cross examine Dean Brunold.

Evidence is inadmissible under Rule 403 "if its probative value is **substantially** outweighed by a danger of . . . **unfair** prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403 (emphasis added). "[E]xclusion under [Rule 403] is an extraordinary remedy [that] should be used sparingly." *Woodard*, 699 F.3d at 1196 (reversing conviction and holding that prior judicial credibility determination should not have been excluded under Rule 403). Dean Brunold's credibility—and specifically, his credibility regarding USC's admissions practices—is central to the jury's ultimate conclusion regarding Defendants' guilt in this case. Whatever prejudice that Dean Brunold will face from a question regarding a federal judge who found him not credible, it is certainly not an **unfair** prejudice. Dean Brunold will have an opportunity to explain himself to the jury and to state why he was telling the truth in his affidavit and why he is telling the truth at trial.

The government, however, is making every effort to be sure that the jury does not hear the truth about USC's admissions practices. The government has refused to grant immunity to witnesses from USC's Athletics Fundraising department, *see* Dkt. 1967, and has asked the Court to exclude all evidence about students who were admitted based on their family's donation potential. Dkt. 2001. The fact that the government has hamstrung Defendants' ability to refute Dean Brunold's testimony with other witnesses, *and is attempting to exclude the underlying evidence on which Judge Kelley based her credibility determination*, makes Judge Kelley's credibility determination all the more necessary as a topic for cross-examination. Given the crucial nature of Dean Brunold's testimony, and the government's continuing efforts to ensure that there are no other sources of evidence that could be introduced to undermine Dean

Brunold's testimony, any potential for jury confusion is simply beside the point. *See White*, 692 F.3d at 247-48.

In short, if Defendants are not allowed to make any reference to Judge Kelley's findings, they will effectively be barred from exercising their constitutional right to "confront" the witness testifying against them. This Court must give Defendants "a meaningful opportunity to present a complete defense" *see Crane v. Kentucky*, 476 U.S. 683, 690 (1986), and that includes putting Dean Brunold's believability to the test through cross-examination, *see Davis*, 415 U.S. at 315-16. To deny Defendants this right would constitute reversible error. *See Woodard*, 699 F. 3d at 1197 (concluding that "the district court's order precluding Defendant from cross-examining the inspector on the credibility determination violated his Sixth Amendment confrontation rights").

## CONCLUSION

For the reasons explained herein, Defendants respectfully request that this Court **deny** the government's motion *in limine* to preclude the introduction of judicial statements regarding credibility.

Dated: August 6, 2021                                          Respectfully submitted,

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109

617-367-3449

*Counsel for Gamal Abdelaziz*

/s/ Cory S. Flashner
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1605
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

*Counsel for Elisabeth Kimmel*

/s/ Michael K. Loucks
Michael K. Loucks (BBO # 305520)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
Emily Reitmeier (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com
allen.ruby@skadden.com

*Counsel for Marci Palatella*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)<br>
MCLAUGHLIN & STERN, LLP<br>
260 Madison Avenue<br>
New York, NY 10016<br>
(212) 448-1100<br>
atomback@mclaughlinstern.com

*Counsel for John Wilson*

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing was filed electronically on August 6, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua C. Sharp*

Joshua C. Sharp