UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING "TAKING" AN ADMISSIONS SPOT [DKT. 2002]**

In moving to dismiss the indictment in this case, the defendants argued that university "admissions slots" do not constitute property cognizable under the mail and wire fraud statutes. *See* Dkt. 1042 at 14. This Court rejected that argument, concluding that "the definition of 'property' extends readily to encompass admission slots." Dkt. 1334 at 17. The Court found that "[a]dmission slots at competitive universities, such as USC, are both limited and highly coveted," and noted that "admission slots "are valuable to a certain extent *because* they are limited." *Id*. at 18–19 (emphasis added).

Having failed to persuade the Court that admissions slots are not property, the defendants now seek to preclude the government from offering any evidence or argument that the defendants stole that property from other, more deserving students. *See* Dkt. 2002. They contend, remarkably, that such evidence is irrelevant, and would be more prejudicial than probative. *Id*. But as this Court previously concluded, "[t]*he object of the alleged conspiracy* in this case was to obtain those inherently limited 'admission slots.'" Dkt. 1334 at 18 (emphasis added). The defendants' motion seeks to prevent the government from introducing evidence about the object of the alleged scheme. That is absurd. For that reason, and the reasons set forth below, the defendants' motion should be denied.

ARGUMENT

Federal Rule of Evidence 401 provides that evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Here, the defendants argue that "[e]vidence as to whether there is a set number of admission 'spots' at a particular university is not relevant to any of the elements required to prove the charged offenses," and "will not help the jury determine whether the Defendants committed the crimes charged in the Indictment." Dkt. 2005 at 2–3. But that is not true. As the Court has already concluded, the object of the alleged scheme was to obtain admissions slots. And the evidence at trial will show that those slots were, in fact, limited, which is precisely why the defendants were so desperate to obtain them.

Indeed, the evidence will show that, while USC typically rejects close to 90 percent of students who apply – because there is only so much room in the entering class – it accepts the majority of athletes who are recruited by its athletic coaches. But those athletic recruitment slots are even more limited, and are reserved for some of the most elite student-athletes in the country. The same is true at Georgetown. The defendants conspired to secure the admission of their children to USC and Georgetown by pretending they had the qualifications of that elite few, and by making payments disguised as "donations" in order to induce corrupt coaches and athletics department officials into purporting to recruit them. Evidence concerning the limited number of admissions slots is thus directly relevant to the defendants' motive, and to the mechanism of the alleged scheme.

For the same reasons, such evidence is not substantially more prejudicial than probative. The government does not intend to argue that the defendants stole admissions slots from *particular*

2

students, as the defendants imply, and there is, accordingly, no basis to fear that it will "improperly call to the jury's sympathies." *Id*. at 4. But the government *does* intend to present evidence that the defendants' children were unqualified, because that evidence is probative of the charged fraud and the defendants' motive in committing it. It is also probative of the fact that, contrary to the defendants' contentions (*see*, *e.g.*, Dkt. 1967), USC and Georgetown have "a vested interest in admitting only those students who are qualified and equipped to contribute to the academic community and campus life," and "the integrity of their academic system. . . . begins with the probity of the admissions process." Dkt. 1334 at 18–19. It was this process that the defendants and their co-conspirators sought to corrupt.

One final point bears emphasis. In their motion, the defendants warn against "creating undue delay by introducing a series of mini-trials into the proceedings as to the qualifications of . . . other students, including the intangible factors how a university picks among many qualified candidates." Dkt. 2005 at 4. They argue that "[t]hese mini-trials would overshadow the facts in this case, and would mislead the jury as to the actual issues to be decided." *Id*. The government agrees. Yet, remarkably, it is *the defendants* who have marked close to 2,500 exhibits, roughly 90 percent of which relate to *other* applicants to USC and Georgetown. It is, accordingly, the defendants who threaten to create a series of mini-trials about the qualifications of other students, and who would thereby derail these proceedings, "overshadow the facts in this case, and . . . mislead the jury as to the actual issues to be decided." The defendants should be held to their word. This case should be about *this* conspiracy – and not about other applicants, and other parents who were not part of this scheme, and other USC athletics department officials who are not on trial.

## CONCLUSION

For the reasons set forth above, the defendants' motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Stephen E. Frank*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: August 6, 2021

*/s/ Stephen E. Frank*
STEPHEN E. FRANK