UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JOHN
WILSON'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT
OR EVIDENCE CONCERNING MONEY LAUNDERING [DKT. 1989]**

The government respectfully submits this response in opposition to defendant John Wilson's motion for an order precluding the government from offering argument or evidence that he asserts is contrary to law with respect to money laundering.[1]

Over a year ago, this Court denied the defendants' motion to dismiss Count Three of the Fourth Superseding Indictment ("FSI") on the basis of their contention that it did not properly allege monetary transactions involving the proceeds of specified unlawful activity. The Court found that the FSI properly alleged a money laundering conspiracy insofar as it alleged that the defendants made payments to Singer's entities in furtherance of their fraud scheme, agreed with Singer that he would use those funds to make subsequent payments to university and testing officials to effectuate the scheme, and structured the transactions to conceal the nature, location, source, ownership, and control of the fraud proceeds. *See* Dkt. 1334 at 32. The Court specifically held that once the defendants made payments to Singer's entities in furtherance of the scheme, those funds constituted proceeds of a discrete phase of the underlying, ongoing fraud, and that

---

[1] Defendants Elisabeth Kimmel, Gamal Abdelaziz, and Marci Palatella have joined in Wilson's motion, asserting that the same reasoning set forth therein applies to the money laundering charge and allegations against them.

subsequent payments from the Singer-controlled accounts to other co-conspirators to effectuate the scheme "were in fact money laundering transactions." *Id.* at 31. The Court further noted that the FSI alleged that the defendants structured their payments in that manner – that is, to entities controlled by Singer – in an attempt to conceal the scheme and that "[s]uch action is a hallmark of money laundering." *Id.* at 32.

Wilson now makes the same argument – that the monetary transactions at issue did not involve the proceeds of any crime – in support of his request that the government be precluded from offering evidence or argument at trial that certain payments were acts of money laundering. Once again, this argument is without merit. It is also moot in light of the government's motion, filed today, to dismiss Count Three of the FSI. However, to the extent Wilson's motion seeks to preclude altogether any argument that the defendants' payments to Singer's entities were intended to further their illicit *quid pro quo* scheme, and were structured, at least in part, to conceal the scheme, it should be denied. The government should be permitted to argue from the evidence, and the jury should be permitted to infer, that the defendants agreed with Singer to funnel money through Singer's entities at least in part to conceal the nature, purpose, and origin of the payments.

In addition to his already-rejected "no proceeds" argument, Wilson contends that one of the alleged money laundering transactions – The Key's purchase of a $100,000 cashier's check payable to the USC men's water polo team that identified the Wilson family as the remitter – "lacks the necessary predicate of concealment." Dkt. 1989-1 at 5. In light of its motion to dismiss Count Three, the government does not intend to argue that this transaction was an act of money laundering. But there is no basis to preclude the government from offering evidence or argument about why Wilson routed his payments through Singer's entities, as such evidence goes directly

to his intent. Further, in his myopic focus on the transactions relating specifically to him, Wilson disregards the fact that he is charged with participating in a conspiracy. He offers no reason, because there is none, that the government should be precluded from arguing that the defendants and their co-conspirators routed payments through Singer's for-profit entity and sham charitable organization at least in part to conceal their illegal activity.

## CONCLUSION

For the reasons set forth above, Wilson's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Leslie A. Wright*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: August 6, 2021

*/s/ Leslie A. Wright*
LESLIE A. WRIGHT