UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 19-10080-NMG |
| ) | |
| GAMAL ABDELAZIZ *et al.*, ) | |
| ) | |
| ) | |
| Defendants ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF THEIR INCOMES, WEALTH, SPENDING, AND LIFESTYLES [DKT. 1992]

In a fraud, bribery, and tax case in which the four defendants are alleged to have conspired to make millions of dollars in corrupt *quid pro quo* payments to secure their children's admission to college as fake athletic recruits and to obtain bought-for standardized test scores through cheating, they now ask this Court to bar introduction of any evidence about, *inter alia*, their incomes "from any source."  *See* Dkt. 1992; Dkt. 1994 at 1.  For the reasons set forth below, the government respectfully submits that the defendants' motion to preclude evidence of their incomes, wealth, spending, or lifestyles should be denied to the extent that such evidence is intertwined with and probative of their participation in the charged conspiracy.

### ARGUMENT

<u>First</u>, despite having the government's exhibit list for six weeks, the defendants' motion does not – because it cannot – identify a single exhibit that the government intends to introduce during trial that "appeals to class prejudice," focuses on "lavish parties," concentrates on the defendants' "affluent lifestyle[s]," or anything of the like.  Dkt. 1994 at 1–3.  Moreover, the government has already advised the defendants that it does not intend to argue that they must be guilty *because* they are rich.  Accordingly, it is unclear what relief the defendants' motion actually

seeks, and it should be denied as moot. *See, e.g.*, *United States v. Hart*, No. 01-10314-MLW, 2003 WL 24051690, at *1 (D. Mass. Jan. 14, 2003) (denying motion *in limine* as moot where there was no dispute between the parties).

Second, as the defendants concede, and their own cited authority makes clear, evidence regarding incomes and wealth can be "relevant to show participation in the crime alleged." Dkt. 1994; *see United States v. Bradley*, 644 F.3d 1213, 1271 (11th Cir. 2011) (affirming admission of evidence regarding the defendants' "assets . . . financial accounts, and other personal property"). Defendant Wilson, for example, is charged with tax fraud. He has not asserted a Rule 401 or 403 objection to his tax returns on the government's exhibit list, which show millions of dollars in annual income. It is therefore curious how the defendants can argue in their motion that "evidence of their incomes from any source" is "irrelevant to any issue at trial." Dkt. 1994 at 1. Rule 401 does not require the government to strip all references to money from otherwise relevant evidence that is intrinsic to, and inextricably intertwined with, the defendants' alleged crimes – including checks for hundreds of thousands of dollars in bribe payments, and emails and recorded conversations in which the defendants discuss, and readily agree to pay, six-figure "prices" for "side-doors." That is particularly the case where, as here, the defendants themselves have marked as exhibits evidence concerning, for example, their purported philanthropy and six-figure charitable gifts. *See, e.g.*, Exs. 1060, 1349, 3099, 3011, 3013, 3014, 3015, 3190, 3195, 3210, 3212.

Likewise, evidence regarding the defendants' status, financial sophistication, and corporate success is relevant to rebut their defenses in this case. *See, e.g.*, *United States v. Jackson-Randolph*, 282 F.3d 369, 377 (6th Cir. 2002) ("[B]usiness success has been held admissible to rebut a defense that a defendant is irrational in making business decisions."). For example, to the extent the defendants argue – as they already have – that they thought their payments were

2

legitimate "contributions," and that they believed it was legitimate to submit fabricated athletic credentials as part of their children's college applications, and to have them recruited as Division I athletes for sports they did not play, or play at that level, the jury should be free to consider that the defendants are highly educated, professionally successful, and sophisticated corporate executives – evidence of which is largely derived from their own recorded statements and emails – in weighing whether they acted in good faith, and whether they knew the difference between legitimate donations and bribes. *See United States v. Kessi*, 868 F.2d 1097, 1101, 1106–07 (9th Cir. 1989) (affirming admission of "wealth and lifestyle" evidence, including "value of [defendant's] home and yacht and of his financial success," where it was relevant to rebut defense that he did not have the sophistication necessary to "form[] the requisite intent to commit the crimes for which he was charged"). The wealth and status of the defendants – and of other co-conspirators who will testify during trial – is also relevant to proving the origin, development, and context of the charged conspiracy and the interrelationships among its participants. *Cf., e.g.*, *United States v. Santana*, 342 F.3d 60, 67 (1st Cir. 2003) (evidence that is otherwise inadmissible may have special relevance in establishing the "background, formation, and development" of the conspiracy and the "basis for the co-conspirators' relationship of mutual trust").

Such evidence is likewise relevant to the defendants' motive. Indeed, the defendants concede that evidence of wealth and lifestyle can be relevant to motive, but contend that this is true "*only* when 'the alleged motivation is financial.'" Dkt. 1994 at 3 (citing *United States v. Derman*, 211 F.3d 175, 180 (1st Cir. 2000)) (emphasis added). But the words "only when" do not appear in *Derman*. In fact, that case, and others, specifically contemplate that wealth or lifestyle may be relevant to non-financial motives, such as maintaining or improving a defendant's status in the community. *See* 211 F.3d at 179 ("It is especially difficult to draw [a line] when an accused's

3

motivation is at issue, and *when, as here, the alleged motivation is financial*.") (emphasis added); *United States v. Holmes*, 2021 WL 2044470, at *5 (N.D. Cal. May 22, 2021) (admitting general evidence of wealth, lifestyle, and spending where government argued that evidence "extend[ed] to non-tangible experiences that enhanced [defendant's] status in society" and "allowed her to associate with celebrities, dignitaries, and other wealthy and powerful individuals"). Here, the government does not seek to introduce evidence of specific purchases or extravagant lifestyles. But it should be permitted to argue from the evidence that the defendants – who could (and did) afford the best private schools, private tutors, private coaches, and private college counselors – were motivated to commit fraud and bribery because they wanted a *guarantee* of admission to the college of their choice, not merely for their children, but also for themselves: because they sought "whatever prestige and instant gratification . . . [came] from being able to show off the admission of [their children] to a preferred university." Dkt. 1684 at 23.

Third, the probative value of evidence that the government intends to introduce at trial, to the extent it alludes to the defendants' incomes, wealth, or lifestyles at all, is not "substantially outweighed" by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *Derman*, 211 F.3d at 180 (affirming admission of evidence regarding wealth under Rule 403); *see also Jackson-Randolph*, 282 F.3d at 380 (rejecting Rule 403 argument in affirming admission of "lifestyle evidence" in fraud case and finding "little prejudice to [the defendant] because the [spending] did not go to other crimes"); *Holmes*, 2021 WL 2044470, at *5 ("The Government may introduce evidence that [the defendant] enjoyed a lifestyle as [company's] CEO that is comparable to those of other tech company CEOs. This includes salary, travel, celebrity, and other perks and benefits commensurate with the position."). In citing the Ninth Circuit's decision in *Mitchell*, the defendants confuse the potential prejudice raised by evidence about *poverty* and its implications for motive, with evidence

4

regarding *wealth*, which does not raise the same issues. Dkt. 1994 at 2–3; *United States v. Mitchell*, 172 F.3d 1104, 1110 (9th Cir. 1999) (holding that evidence of a defendant's poverty was inadmissible to prove motive to commit a robbery). Indeed, Ninth Circuit courts have since repeatedly explained that *Mitchell* does not support "excluding evidence of wealth because wealth evidence, unlike poverty evidence, does not entail the same risk of unfair prejudice to a criminal defendant." *See, e.g.*, *United States v. Flores*, 510 F. App'x 594, 595 (9th Cir. 2013) (citing and distinguishing *Mitchell*); *Holmes*, 2021 WL 2044470, at *4 (allowing admission of wealth evidence and finding that *Mitchell* did not apply to wealth, as opposed to poverty, evidence); *see also United States v. Weygandt*, 681 F. App'x 630, 633 (9th Cir. 2017) (affirming admission of evidence and argument on defendant's "wealth and greed"); *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (affirming admission of wealth evidence).

For example, the potential prejudice of defendant Wilson's discussion of his lifestyle and his daughter's experience at "yacht club" during a consensually recorded call with Singer does not substantially outweigh the probative value of his statements about her ability to be recruited to the Stanford sailing team in exchange for a payment: "[She is] not even that good competitively at sailing. She just taught sailing and did sailing in, you know—yacht club." Dkt. 3-4 at ¶ 304. Courts in this Circuit and elsewhere have affirmed the admission of far more prejudicial evidence that is intrinsic and relevant to the crimes charged. *See, e.g.*, *Derman*, 211 F.3d at 179–80 (potential prejudice from evidence regarding vacations, real estate, and jewelry did not outweigh probative value); *Reyes*, 660 F.3d at 464 (evidence regarding income and wealth, including more than $100 million in stock options, "fell far short of meeting the level required to find unfair prejudice" under Rule 403); *Holmes*, 2021 WL 2044470, at *5 (rejecting argument that potential prejudice from evidence regarding "lifestyle" and "salary, travel, celebrity, and other perks and

5

benefits commensurate with [defendant's] position" outweighed probative value, but precluding evidence regarding specific purchases and "branding of clothing, hotels, or other personal items").

## CONCLUSION

For the foregoing reasons, the defendants' motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: August 6, 2021

*/s/ Ian J. Stearns*
IAN J. STEARNS