UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 19-10080-NMG |
| | ) |
| GAMAL ABDELAZIZ, *et al.*, | ) **REDACTED** |
| | ) **(Leave to file granted August 5, 2021)** |
| Defendants. | ) |
| | ) |

## GOVERNMENT'S OPPOSITION TO DEFENDANT JOHN WILSON'S MOTION *IN LIMINE* TO EXCLUDE MARITAL COMMUNICATIONS (Dkt. 1988)

The government respectfully submits this response in opposition to defendant John Wilson's motion to preclude the government from offering into evidence certain marital communications and the fruits of what Wilson calls the "illegal" seizure of his marital communications.[1]  Dkt. 1988.  Because the Court already ruled that there was nothing improper about the application and execution of the search warrant on Wilson's email, and because the spousal communications on the government's exhibit list do not fall within the marital communications privilege, Wilson's motion should be denied.

## ARGUMENT

**I.  The Court Has Already Rejected Wilson's Argument That the Application and Execution of the Search Warrant on Wilson's Emails Was Improper**

As an initial matter, this Court has already rejected Wilson's argument that the government "improperly" or "illegally" seized his spousal communications.  *See* Dkt. 1649.  Nearly a year ago, the Court denied Wilson's motion to suppress emails seized from his workplace account based on his claim that the government improperly searched and seized those emails.  *Id*.  In so holding, the

---

[1] Defendants Elisabeth Kimmel and Gamal Abdelaziz have joined in Wilson's motion, asserting that the same reasoning set forth therein applies to their marital communications.

Court rejected Wilson's claim that the affidavit in support of the warrant relied on materially false statements and found that "the totality of the circumstances alleged in the affidavits" established a "fair probability" that evidence of the fraudulent college admissions scheme would be found in Wilson's email. *Id.* at 10-11.  The Court further found that, "in executing the warrant, agents of the government implemented reasonable measures to ensure their compliance with the warrant to the best of their ability." *Id.* at 13.  Wilson's latest motion simply reiterates the same arguments this Court has already found to be meritless.  His contention that the Court should exclude all "fruits of the poisonous tree" is without merit for the same reason.

Nor has Wilson "specifically identified" any emails on the government's exhibit list that he contends fall outside the scope of the warrant.  *See id.* at 15 (permitting Wilson to move *in limine* to exclude emails he contends are unresponsive to the warrant).² That is because the emails the government has marked as exhibits are squarely within the warrant's scope.  For example, in Exhibit 48, ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████  In Exhibit 77, █████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

And in Exhibit 131, ███████████████████████████████████████

███████████████████████████████████████████████████████

---

² Wilson's motion references Exhibit 48, but does not contend it falls outside the warrant's scope.

■.[3] This Court has already concluded that these types of "spousal emails discussing the athletic and academic abilities of Wilson's children . . . are directly relevant to the fraudulent college admissions scheme purportedly used to secure the children's admission into elite universities through side door athletic recruitment." Dkt. 1649 at 14-15.

## II.     The Exhibits at Issue Do Not Fall Within the Marital Communications Privilege

Contrary to Wilson's assertion that "[n]o one disputes that the marital communications privilege's elements all apply here," the government *does* disputes that the privilege applies to the spousal communications on its exhibit list. *See* Dkt. 2004 (Government's Motion in *Limine* to Introduce Marital Communications). Wilson's emails are exempt from the marital communications privilege because they were not made in confidence, and because Wilson waived the privilege by disclosing spousal communications on the same subject matter on his exhibit list. *Id.* at 9-10. In addition, as set forth in detail in the government's motion, the spousal communications the government has marked pertaining to Wilson, Abdelaziz, and Kimmel are also subject to the joint participant exception to the marital communications privilege. *Id.* at 6-9.

Wilson's contention that the joint participant exception does not apply because his wife was at most "aware" of "financial discussions" with USC relating to a "spot" at the university is incorrect. Dkt. 1571 at 11. As the government's motion makes clear, Wilson's wife was more than just "aware" of the scheme. Instead, she actively furthered the scheme by, among other things, (1) encouraging her husband to contact Singer to avoid losing the "spot" for their son on the USC water polo team, which she understood involved a financial component, (2) sending photos to Singer for use in the athletic profile he used to secure the admission of the Wilson's son to USC

---

[3] Exhibits 48, 77, and 131 are attached to Dkt. 2004 (Government's Motion in *Limine* to Introduce Marital Communications) at Ex. A.

as a recruited athlete, (3) working to keep the scheme secret from her son and from others, (4) reaching out to defendant Marci Palatella to discuss "Rick & USC," but noting that she preferred to do so over the phone, rather than in writing over email, and (5) signing fraudulent tax returns in which the Wilsons falsely deducted their payments to Singer as both charitable contributions and business expenses under penalty of perjury. Dkt. 2004 at 8-9. These actions are not the "mundane incidents" of a marital relationship, but acts in furtherance of the charged conspiracy. *United States v. Bey*, 188 F.3d 1, 5-6 (1st Cir. 1999) (spouse's role "need not be particularly substantial," and knowing acceptance of proceeds of criminal activity, efforts to conceal nature of activity, and acting as a go-between sufficient to overcome the privilege).

## CONCLUSION

For the reasons set forth above, Wilson's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Kristen A. Kearney*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

Dated: August 6, 2021            */s/ Kristen A. Kearney*
                                 KRISTEN A. KEARNEY