UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No.: 19-10080-NMG |
| | ) |
| JOHN WILSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT
JOHN WILSON'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
CONCERNING INTERNAL REVENUE AGENT'S BELIEFS OR OPINIONS
AS TO WILSON'S STATE OF MIND OR QUESTIONS OF TAX LAW (Dkt. 1993)**

The government respectfully submits this response in opposition to defendant John Wilson's motion *in limine* to exclude testimony of the government's Internal Revenue Service ("IRS") Revenue Agent witness (a) concerning Wilson's mental state or intent connected to any crime or (b) explaining or opining on tax law.[1]  Dkt. 1993.  Because the government does not intend to elicit testimony from the Revenue Agent on either topic, Wilson's motion should be denied as moot.

It is well established that, "in a tax evasion case, a summary witness may be permitted to summarize and analyze the facts of record so long as the witness does not directly address the ultimate question of whether the accused did in fact intend to evade federal income taxes." *United States v. Stierhoff*, 549 F.3d 19, 28 (1st Cir. 2008) (citations omitted); *see id.* ("We have recognized as a general proposition that testimony by an IRS agent that allows the witness to apply the basic assumptions and principles of tax accounting to particular facts is appropriate in a tax evasion case. The key to admissibility is that the summary witness's testimony does no more than analyze facts

---

[1] The government's witness list identified IRS Revenue Agent Mark Degnan.  The government intends to substitute IRS Revenue Agent Colleen Ranahan for Agent Degnan, but the scope of her testimony will be the same.

already introduced into evidence and spell out the tax consequences that necessarily flow from those facts.") (citations omitted).

Here, the government intends to elicit testimony from the Revenue Agent regarding (a) her education, experience, and qualifications; (b) basic accounting and tax terminology to the extent it is helpful to understanding her testimony; (c) a summary of Wilson's relevant tax returns and deductions claimed; (d) her process for auditing Wilson's tax returns; (e) a summary of why the IRS determined that various deductions claimed on Wilson's tax returns were improper; and (f) her calculations regarding the tax due and owing, including the effects of any deduction limitations on those calculations and any assumptions that informed them. *See, e.g.*, *id.* (affirming admission of revenue agent's testimony concerning summary of evidence and conclusions regarding the defendant's tax liability); *United States v. Stierhoff*, 500 F. Supp. 2d 55, 66-67 (D. Mass. 2004) (summarizing agent's testimony in more detail, including testimony about witness's education, experience, and qualifications); *United States v. Powers*, 702 F.3d 1, 11 (1st Cir. 2012) (affirming admission of revenue agent's testimony that he calculated taxes based on assumption about payments, where assumption was supported by evidence at trial); *United States v. Mikutowicz*, 365 F.3d 65, 72 (1st Cir. 2004) (affirming admission of revenue agent's testimony, including "summary of why the IRS determined that deductions claimed by [defendant] and his companies were improper," the rationale that led the IRS to reach its conclusions, the process used to conduct the audit, the conclusions reached, and the tax deficiency computation).

The government does not intend to elicit testimony from the Revenue Agent beyond these kinds of permissible topics. There is, accordingly, no dispute between the parties and no need for a Court order. *See, e.g.*, *United States v. Hart*, No. 01-10314-MLW, 2003 WL 24051690, at *1

2

(D. Mass. Jan. 14, 2003) (denying motion *in limine* as moot where there was no dispute between the parties because government did not intend to introduce evidence that defendant sought to exclude); *see also RBS Citizens, Nat'l Ass'n v. Aresty*, No. 09-10116-LTS, 2011 WL 13250945, at *2 (D. Mass. Oct. 14, 2011) (same). For that reason, Wilson's motion should be denied as moot.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Kristen A. Kearney*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: August 6, 2021                         */s/ Kristen A. Kearney*
                                                                KRISTEN A. KEARNEY