# EXHIBIT A

PROPOSED FILING

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

**[PROPOSED] REPLY IN SUPPORT
OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OR REFERENCE TO DONNA HEINEL PERSONALLY
RECEIVING ANY MONEY FROM RICK SINGER (DKT. 2010) AND TO
<u>EXCLUDE EVIDENCE OF PRIVATE SCHOOL TUITION PAYMENTS (DKT. 1998)</u>**

The government is urging the Court to commit reversible error by requesting permission to introduce evidence of Singer's "side deals" with Heinel and Vavic.  The Heinel "side deal" resulted in personal payments to Heinel that **the government concedes the parents did not know about**.  *See* Dkt. 2010 at 4-5. Because the government's theory is that "Whether the payment went to Heinel personally or to USC is not legally relevant to whether it was a bribe," *id.* at 5, there is no valid reason for the government to present such evidence to the jury.

As part of its shifting explanations regarding the relevance of the "side deal," the government now argues that such evidence is "relevant to establish … how the defendants' co-conspirators breached their duty to USC." Dkt. 2039 at 5.  This makes no sense because the government has always argued that it was the unauthorized fundraising itself that constituted both the bribe and the breach of the employee's duty.  *See* Dkt. 2010 at 5 ("Whether the payment went to Heinel personally or to USC **is not legally relevant** to whether it was a bribe.")

The government's obfuscation about the "side deal" points to the simple fact which Judge Woodlock observed last year: "This is a case in search of a bribe or kickback."  *See id.* at 6 n.2. Whatever the government's fraud-based theories of criminal liability might be, its bribery theories are woefully under developed and legally deficient.  Because the primary purpose of the "side deal" evidence is to **unfairly** prejudice the defendants and confuse the jury (and the evidence would have that effect), admission of such evidence would constitute reversible error.[1]

The same arguments apply with equal force to evidence regarding private school tuition payments that Singer's foundation paid for former USC water polo coach Jovan Vavic.  *See* Dkt. 1998.  Singer's tuition payments for Vavic's children did not start until 18 months *after* the

---

[1] If need be, Defendants can certainly prove the government's factual concessions at trial through the government's brief (Dkt. 1104), the sworn affidavit of former AUSA Eric S. Rosen (Dkt. 1104-3), and the sworn affidavit of FBI Special Agent Laura Smith (USAO-LP-001472).  See *United States v. Kattar*, 840 F.2d 118, 131 (1st Cir. 1988) (concessions of government admissible at trial as statements of party-opponent).

admission of Wilson's son to USC.  And the government has never argued, including in its Opposition, that Wilson or the other defendants were aware of such payments.

For both the Heinel payments and Vavic tuition, because the parents did not know about them, and never agreed to any personal payment to any school official, such payments are beyond the scope of any agreement to conspire with Singer or others.  Any personal payments were not foreseeable to the parents.  Thus, the payments do not illustrate the scope or nature of the charged conspiracy.  The government is offering them to confuse the jury into thinking that the jury should convict the defendants for acts that are unrelated to the two charged conspiracies and the charged substantive counts.