**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　*v.*<br><br>GREGORY COLBURN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cr-10080-NMG |

**DEFENDANTS' RESPONSE TO**
**THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, this Court's Order dated June 21, 2021 (ECF No. 1917), and this Court's Order dated August 6, 2021 (ECF No. 2025), Defendants Gamal Abdelaziz, Marci Palatella, and John Wilson ("Defendants") hereby respond to the government's Proposed Jury Instructions filed on August 2, 2021 (ECF No. 2014).  Defendants' response to each of the government's Proposed Jury Instructions is attached as Exhibit A.  Defendants will be prepared to discuss the parties' proposed jury instructions and their objections to the government's proposed instructions in greater detail at the upcoming charge conference, and Defendants are also prepared to provide briefing in advance of the charge conference on any areas of disagreement between the parties to the extent the Court would find such briefing helpful.  The mere fact that Defendants have flagged particular issues for the Court herein should not be deemed to constitute a waiver as to any other objection or issue.

[remainder of page intentionally blank]

1

Respectfully submitted,

/s/ Brian T. Kelly
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

*Counsel for Gamal Abdelaziz*

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (*pro hac vice*)
MCLAUGHLIN & STERN
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

/s/ Michael K. Loucks
Michael K. Loucks (BBO #305520)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Counsel for Marci Palatella*

DATED: August 13, 2021

## CERTIFICATE OF SERVICE

I, Michael Kendall, hereby certify that on August 13, 2021, this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

*/s/ Michael Kendall*

# EXHIBIT A

### 1.  Duty of the Jury to Find Facts and Follow Law (P. 1)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instruction No. 1, titled "Duty of the Jury," which is more appropriate for this case and supported by the cited authority.

## 2.  Direct and Circumstantial Evidence (P. 2)

Defendants object to this proposed instruction and request that the Court instead give
Defendants' Proposed Instruction No. 9, titled "Kinds of Evidence: Direct and Circumstantial,"
which is more appropriate for this case and supported by the cited authority.

### 3.  Charts and Summaries (P. 3)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instruction No. 8, titled "What Is Evidence; What Is Not Evidence; Inferences," which is more appropriate for this case and supported by the cited authority.  In particular, the government's proposed instruction is one-sided rather than applying equally to both sides and is contrary to law.

**4.      Stipulations (P. 4)**

Defendants object to this proposed instruction and request that the Court instead give
Defendants' Proposed Instruction No. 13, titled "Stipulations," which is more appropriate for this
case and supported by the cited authority.

### 5.       Caution as to Cooperating Witnesses (P. 5)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instruction No. 18, titled "Testimony of Cooperating Witnesses," which is more appropriate for this case and supported by the cited authority.  The government's proposed instruction is misleading and not supported by any authority.

### 6. "On or About" – Explained (P. 6)

Defendants do not object to this proposed instruction.

### 7.      Motive (P. 7)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instructions No. 22, titled "Defense of Good Faith"; No. 29, titled "Conspiracy – Second Element: Willfulness"; and No. 68, titled "Count Thirteen: Filing a False Tax Return: Third Element – 'Willfully and Knowing It Was False.'"  These proposed instructions are more appropriate for this case and supported by the cited authority.  The government's proposed instruction is misleading and contrary to law.

In addition, to the extent the Court is inclined to give a standalone instruction on motive, Defendants request that the Court give the following instruction:

> As I have previously instructed, willfulness is a form of intent, and intent and motive are separate concepts.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done.  The government need not prove the Defendant's motive, but it must prove his or her intent.[1]

> Note, however, that if a person lacks a motive to do something, they are less likely to do it intentionally.  Thus, motive is relevant, and you may consider it in determining whether the government has proved intent beyond a reasonable doubt.[2]

---

[1]     *United States v. DeCicco*, Case No. 17-cr-10092-NMG, ECF No. 376, Jury Trial Transcript Day 7, at 92 (D. Mass. June 12, 2018).

[2]     *United States v. Wilson*, 887 F.2d 69, 74-76 (5th Cir. 1989) (approving of an instruction in a case involving alleged tax misstatements explaining the relationship between motive and intent).

### 8. Punishment (P. 8)

Defendants do not object to this proposed instruction.

### 9.        Specific Investigative Techniques; Proactive, Undercover, and Sting Investigations; and Consensual Recordings (P. 9)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instructions No. 10, titled "Spoliation"; No. 11, titled "Failure to Collect Evidence"; and No. 73, titled "Adverse Inference Concerning the Events of September 2018." Defendants' proposed instructions are more appropriate for this case and supported by the cited authority.  The government's proposed instruction is inappropriate, misleading, and contrary to law in numerous respects.

In addition, to the extent the Court is inclined to give a further instruction on government investigative techniques, Defendants request that the Court give the following instruction:

> In general, it is lawful for the government to obtain evidence through a court-authorized wiretap.[3]  It is also lawful for the government to use undercover agents, informants, and cooperators in its investigations.[4]  In addition, it is lawful for the government to record a conversation between a government agent, informant, or cooperator and another person—even though the other person does not realize that the conversation is being recorded—so long as the government agent, informant, or cooperator consents to the recording.[5]

> Note, however, that while these procedures are generally lawful, the credibility and reliability of the evidence gathered pursuant to these procedures is a question for you, the jury, to determine.[6]  As I have previously instructed, you are to consider all of the evidence in this case and give each item of evidence the weight you believe it deserves.[7]

---

[3]        Sand *et al., Modern Federal Jury Instructions: Criminal*, Instruction 5-11 (2021).
[4]        *Id.* at Instruction 5-23.
[5]        *Id.* at Instruction 5-10.
[6]        *United States v. Straach*, 987 F.2d 232, 238 (5th Cir. 1993) (stating that the jury was entitled to determine for itself the credibility of the tape recording presented as evidence of illegal participation).
[7]        First Circuit Pattern Criminal Jury Instruction 3.05 ("[I]t is for you to decide how much weight to give any evidence.").

9

### 10.     Tapes and Transcripts (P. 11)

Defendants object to this proposed instruction and request that the Court instead give
Defendants' Proposed Instruction No. 12, titled "Use of Tapes and Transcripts," which is more
appropriate for this case and supported by the cited authority.  The government's proposed
instruction improperly seeks to instruct the jury on a disputed factual issue.

### 11.    Persons Not on Trial (P. 12)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instruction No. 24, titled "Other Individuals Not Defendants in This Trial," which is more appropriate for this case and supported by the cited authority.

### 12.        Weighing the Testimony of an Expert Witness (P. 13)

Defendants object to this proposed instruction.  To the extent the Court is inclined to give an instruction on expert witness testimony, Defendants request that the Court instead give the following instruction, which is taken verbatim from First Circuit Pattern Criminal Jury Instruction 2.07:

> You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

> You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

> Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

### 13.     Overview of the Indictment and the Charges (P. 14)

Defendants object to this proposed instruction and request that the Court instead give
Defendants' Proposed Instruction No. 4, titled "Nature of the Indictment," which is more
appropriate for this case and supported by the cited authority.  The government's proposed
instruction is misleading, inappropriate, contrary to law, and not supported by any cited
authority.  The proposed instruction also should be adjusted to remove references to the now-
dismissed money laundering count (ECF No. 2057) and to remove references that solely relate to
a Defendant not part of the trial (e.g., references to Georgetown).

**14. Count One – Conspiracy to Commit Mail, Wire, and Honest Services
Mail/Wire Fraud (P. 17) and Subsections on Conspiracy – Generally (P. 17)
and Conspiracy – Count One (P. 18)**

Defendants object to this proposed instruction and request that the Court instead give
Defendants' Proposed Instructions No. 25, titled "Basic Elements: Conspiracy"; No. 26, titled
"Conspiracy – First Element: An Agreement"; No. 27, titled "Conspiracy – First Element: The
Conspiracies Alleged In The Indictment"; No. 28, titled "Conspiracy – First Element: Multiple
Conspiracies"; No. 29, titled "Conspiracy – Second Element: Willfulness"; No. 30, titled
"Conspiracy – Second Element: Good Faith"; No. 31, titled "Conspiracy – Second Element:
Intent"; and No. 32, titled "Conspiracy – Third Element: Overt Act."  Defendants' proposed
instructions are more appropriate for this case and supported by the cited authority.  The
government's proposed instruction is misleading, contrary to law, and not supported by cited
authority.

Note, however, that Defendants do not object to the portion of the government's proposed
instruction (at p. 18) that reads: "[Y]ou must unanimously agree on which [of the four] object
crime[s] that defendant agreed to commit."  Defendants agree with the government that the jury
instructions for Count One should expressly state that, in order to convict, the jury must
unanimously agree on which of the four object crimes the Defendant at issue agreed to commit.

15.     **Count One – Underlying Offenses (P. 22) and Subsection on Mail Fraud and Wire Fraud (P. 22)**

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instructions No. 33, titled "Count One: Conspiracy to Commit Mail and Wire Fraud: Introduction"; No. 34, titled "Mail and Wire Fraud – Elements"; No. 35, titled "Mail and Wire Fraud – Definitions: 'Scheme'"; No. 36, titled "Mail and Wire Fraud – Definitions: 'Materially False or Fraudulent Pretenses'"; No. 37, titled "Mail and Wire Fraud – Definitions: 'Material' or 'Materially'"; No. 38, titled "Mail and Wire Fraud – Definitions: 'Knowingly' and 'Willfully'"; and No. 39, titled "Mail and Wire Fraud – Definitions: 'Intent to Defraud.'"  These instructions are more appropriate for this case and supported by the cited authority.  The government's proposed instruction is misleading, inappropriate, contrary to law, and not supported by cited authority.

In addition, Defendant Wilson requests that the Court give his Proposed Instruction No. 40, titled "Mail and Wire Fraud – Definitions: 'Property': Admission to the Universities," which is more appropriate for this case and supported by controlling First Circuit and Supreme Court case law, including the authorities discussed in *United States v. Ernst*, 502 F. Supp. 3d 637, 647-53 (D. Mass. 2020).  To the extent the Court refuses to give this instruction, Defendant Wilson requests, in the alternative and without waiving any rights regarding Wilson's Proposed Instruction No. 40, which Wilson maintains is appropriate, legally correct, and should be given, that the Court give the following instruction:[8]

> Mail and wire fraud also require proof that a purpose of the scheme was to obtain money or "property."  It is not enough that the scheme involved, or may have caused, an incidental loss of money or property by the alleged victim.  The evidence must show, rather, that obtaining money or property was an object of the scheme.[9]  The government's allegation is that by submitting false information in connection with their children's applications to the universities, the Defendants committed the federal crime of mail or wire fraud because they intended to deprive the universities of their "property" in the form of an admissions slot.
>
> You must determine whether the admissions slots at issue in this case are in fact property of the alleged victims.  In other words, you must determine whether the admissions slots are property of the university at issue.
>
> In considering whether the admissions slots at issue in this case are in fact property of the university at issue, you may consider a number of factors.  These include:

---

[8]     In requesting the alternative instruction, Defendant Wilson does not waive, and expressly maintains, all arguments in his prior briefing, including that the admissions slots at issue under the government's theory cannot, as a matter of law, constitute "property" within the meaning of the mail or wire fraud statutes.  *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss Count One Insofar as It Alleges Conspiracy to Defraud Universities of Property (ECF No. 1042), which Defendant Wilson incorporates herein by reference; *see also United States v. Ernst*, 502 F. Supp. 3d 637, 647-53 (D. Mass. 2020).

[9]     *See Kelly v. United States*, 140 S.Ct. 1565, 1573-74 (2020).

First, whether the university at issue holds onto admissions slots in order to trade or sell admission to the universities in the ordinary commercial sense of the word.[10]  If the university does this, that suggests the admissions slots are property.  If the university does not do this, that suggests the admissions slots are not property.

Second, whether in offering students admission, the university at issue also conveyed to the students ownership over the universities' property rights, such as a trademark, brand name, business strategy, or other product that the admittees may trade or sell in the open market.[11]  If the university does this, that suggests the admissions slots are property.  If the university does not do this, that suggests the admissions slots are not property.

Third, whether a person who has gained an admissions slot from the university may transfer that slot to another person.[12]  If the admissions slots may be transferred, that suggests they are property.  If not, that suggests they are not property.

Moreover, interference with property, standing alone, does not rise to the level of a scheme to obtain property for purposes of the mail and wire fraud statutes.[13]  Not every misrepresentation that could affect one's decision of how to use assets is sufficient to support a mail or wire fraud conviction.  A property interest in the intangible right to control the use of one's assets may be injured *only* when the alleged scheme is intended to impact an *economic* decision or, in other words, to cause *tangible economic harm*.[14]  Thus, in order to prove that a defendant agreed and intended to defraud the universities here, the government must prove not only that admissions slots are property, but also that the defendant made a misrepresentation that caused, or was intended to cause, tangible

---

[10]     *United States v. Ernst*, 502 F. Supp. 3d 637, 650 (D. Mass. 2020) ("[T]here is no argument presented that the universities hold onto admission slots in order to trade or sell admission to the universities in the ordinary commercial sense of the word.").

[11]     *United States v. Ernst*, 502 F. Supp. 3d 637, 651 (D. Mass. 2020) ("Nor is there any argument that when the universities offered the students admission, they also conveyed to the students ownership over the universities' property rights, such as 'a trademark, brand name, business strategy, or other product that [the admittees] may trade or sell in the open market.'" (quoting *Cleveland v. United States*, 531 U.S. 12, 24 (2000)).

[12]     *See United States v. Frost*, 125 F.3d 346, 367 (6th Cir. 1997) ("[T]he concept of 'property' refers to a "bundle of rights" which includes the rights to . . . dispose."); Property, Black's Law Dictionary (11th ed. 2019) ("It is common to describe property as a 'bundle of rights.'  These rights include . . . the right to transfer.").

[13]     *See Kelly*, 140 S. Ct. at 1572 ("The State's 'intangible rights of allocation, exclusion, and control'—its prerogatives over who should get a benefit and who should not—do 'not create a property interest.'") (citing *Cleveland v. United States*, 531 U.S. 12, 23 (2000)).

[14]     *United States v. Finazzo*, 850 F.3d 94, 111-12 (2d Cir. 2017); *Ernst*, 502 F. Supp. 3d at 651 (quoting *Finazzo*, 850 F.3d at 111-12).

economic harm to the university.[15]  If the university received the full economic benefit of
its bargain, there is no property fraud for purposes of the mail and wire fraud statutes.[16]

Lastly, if the only actions taken by the university employees who allegedly were part of
the scheme was to do exactly the sorts of things the university normally expected or
wanted those employees to do, i.e., to recommend students for admission based on
various criteria, including fundraising considerations, then their actions cannot count as
the taking of property from the university, and hence there can be no scheme to commit
mail or wire fraud.[17]

Defendants Abdelaziz and Palatella renew their request that the Court instruct the jury that
admissions to universities do not constitute "property" for purposes of the mail and wire fraud
statutes.  To the extent the Court refuses to give such an instruction, these Defendants request
that the Court give their Proposed Instruction No. 40, titled "Mail and Wire Fraud – Definitions:
'Property': Admission to the Universities," which is more appropriate for this case and supported
by the cited authority.

In response to the government's proposed instruction regarding materiality (at pp. 25-26),
Defendants further request that the Court give the following instruction:

The government has alleged that Defendants did not disclose certain material information
to the universities.  Note, however, that Defendants were not under a legal duty to
disclose information simply because it is material.  Rather, a person is obligated to
disclose material information only if he or she is under a professional duty to do so or
was under a specific contractual obligation to disclose it.  Absent an obligation to
disclose material information, a person cannot be convicted of mail fraud or wire fraud
for simply failing to disclose material information.[18]

---

[15]     Adapted from *Finazzo*, 850 F.3d at 109-12; *United States v. Binday*, 804 F.3d 558, 570 (2d Cir. 2015); and
*United States v. Mittelstaedt*, 31 F.3d 1208, 1217 (2d Cir. 1994); *see also Kelly*, 140 S. Ct. at 1572 (a non-property
right cannot be transformed into property by the mere allegation that the victim was deprived of control); *Binday*,
804 F.3d at 570 (2d Cir. 2015) ("[W]e have repeatedly rejected application of the mail and wire fraud statutes where
the purported victim received the full economic benefit of its bargain."); *United States v. Wallach*, 935 F.2d 445,
462-63 (2d Cir. 1991) ("the right to control . . . theory is predicated on a showing that some person or entity has
been deprived of potentially valuable economic information"); *United States v. Shyres*, 898 F.2d 647, 653 (8th Cir.
1990) (upholding conviction because jury could have found defendant deprived victim of the right to control the
spending of its funds under several different theories, all of which would have resulted in actual or potential
economic harm); *United States v. Fagan*, 821 F.2d 1002, 1010, n.6 (5th Cir. 1987) (upholding conviction in part
because evidence demonstrated that defendant deprived victim of its right to control its money which resulted in or
could have resulted in tangible economic harm – i.e., paying less to the defendant for his services, among others).

[16]     *Binday*, 804 F.3d at 570.

[17]     *See Kelly*, 140 S.Ct. at 1571-73.

[18]     *United States v. Cassiere*, 4 F.3d 1006, 1022 (1st. Cir. 1993) (approving jury instructions stating failure to
disclose a material fact only constitutes fraud where defendant had a general professional or specific contractual
duty to disclose); *Bonilla v. Volvo Car Corp.*, 150 F.3d 62, 70 (1st Cir. 1998) (quoting 2 Sand *et al, Modern Federal
Jury Instructions*, P 44.01, at 44-11 (1997)) (stating failure to disclose information constitutes fraudulent
representation under the mail and wire fraud statutes only if the defendant was under a legal, profession or
contractual duty to make such disclosure); *see also United States v. Mubayyid*, 658 F.3d 35, 70 (1st Cir. 2011)

In this case, a duty to disclose material information would arise only if the Defendant at issue made a material statement to the university at issue that was technically true but deliberately misleading (that is, a "half-truth").[19]  In that circumstance, the Defendant would be obligated to disclose material information to the university to correct that half-truth.  But aside from that scenario, the Defendants would be under no obligation to disclose material information to the university.

Defendant Palatella also requests that the Court give her Proposed Instruction No. 41, titled "Mail and Wire Fraud – Definitions: 'Property': Standardized Test Scores," which is more appropriate for this case and supported by the cited authority.

In addition, Defendants object to the Court giving any willful blindness instruction in this case. As the First Circuit has repeatedly recognized, a willful blindness instruction should not be given in all cases "because of the possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known an illegal act was taking place."[20]  Such an instruction is appropriate only if, among other things, "'the evidence would support an inference that the defendant consciously engaged in a course of deliberate ignorance.'"[21]  "In determining whether the facts suggest the type of deliberate avoidance warranting a willful blindness instruction, '[courts] must consider whether the record evidence reveals "flags" of suspicion that, uninvestigated, suggest willful blindness.'"[22]  "[W]hat is needed are sufficient warning signs that call out for investigation or evidence of deliberate avoidance of knowledge."[23]  Absent such "separate and distinct evidence" of willful blindness, a willful blindness instruction is inappropriate.[24]  Here, the evidence does not contain any "flags" or "warning signs."  Rather, the evidence "present[s] . . . the jury with only a binary choice between actual knowledge and innocence."[25]  Accordingly, "a willful blindness instruction is inappropriate."[26]

Defendants also object to the government's proposed willful blindness instruction because it would inevitably confuse the jury on a key point: the intent required to join the conspiracies charged in Counts One and Two.  With respect to USC-related conduct, Defendants have been

---

(holding fraud by concealment against the government under 18 U.S.C. § 1001(a)(1) requires showing legal duty to disclose material fact).

[19] *Bonilla*, 150 F.3d at 69-70; s*ee also United States v. Autuori*, 212 F.3d 105, 119 (2d Cir. 2000) ("A duty to disclose can also arise in a situation where a defendant makes partial or ambiguous statements that require further disclosure in order to avoid being misleading."); *United States v. Townley*, 665 F.2d 579, 585 (5th Cir. 1982) (stating that the mail fraud statute only covers express misrepresentations, half-truths or omission of facts that render express representations misleading.).

[20]     *United States v. Littlefield*, 840 F.2d 143, 148 n.3 (1st Cir. 1988) (brackets and internal quotation marks omitted); *accord United States v. Brandon*, 17 F.3d 409, 453 (1st Cir. 1994).

[21]     First Circuit Pattern Criminal Jury Instruction 2.16, cmt 3 (quoting *United States v. Gabriele*, 63 F.3d 61, 66 (1st Cir. 1995)).

[22]     *United States v. Azubike*, 564 F.3d 59, 66 (1st Cir. 2009).

[23]     *Id.*

[24]     *Id.* at 67.

[25]     *Id.*

[26]     *Id.*

charged only with the conspiracies charged in Counts One and Two, and not with any substantive crimes.  "Although willful blindness is a way of proving knowledge of the existence of [a] conspiracy, the government may not prove a defendant's intent to agree to the conspiracy through willful blindness."[27]  Yet the government's proposed willful blindness instruction – which is part of the government's proposed instructions for Count One – is silent on this point. If the jury receives a willful blindness instruction while being instructed on the charged conspiracies, and the willful blindness instruction is silent on this point, the jury will erroneously conclude that willful blindness may be used to prove a Defendant's intent to join a conspiracy.

To the extent the Court decides to give a willful blindness instruction, and without waiving their arguments that a willful blindness instruction is inappropriate here, under the law and the facts, Defendants request in the alternative that the Court give the following instruction:

> Proof of intent to join a conspiracy cannot be established by willful blindness, so this instruction is not relevant to Counts One and Two.[28]  In order to convict on those counts, you must find that the Defendant at issue specifically intended to join the conspiracy at issue.  Accordingly, if you find that the Defendant at issue was willfully blind with respect to joining the conspiracy at issue, or willfully blind with respect to the underlying crime at issue, you must acquit the Defendant of that conspiracy charge.

> In deciding whether the Defendant at issue acted knowingly, other than for conspiracy, you may infer that the Defendant had knowledge of a fact if you find that he or she deliberately closed his or her eyes to a fact that otherwise would have been obvious to him or her.  In order to infer knowledge in this way, you must find that two things have been established.  First, that the Defendant was aware of a high probability of the fact in question.  Second, that the Defendant consciously and deliberately avoided learning of that fact, rather than merely recklessly failing to learn that fact.  That is to say, the Defendant willfully made himself or herself blind to that fact.  It is entirely up to you to determine whether he or she deliberately closed his or her eyes to the fact and, if so, what inference, if any, should be drawn.[29]

> You may not find that the Defendant at issue was willfully blind to a fact if you find that the Defendant actually believed that the relevant fact did not exist.  Also, you may not find that the Defendant knew of a fact if you find only that the Defendant consciously disregarded a risk that the fact existed, or that the Defendant should have known that the fact existed, or that a reasonable person would have known of a high probability that the fact existed.  It is not enough that the Defendant may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.[30]  Mere negligence,

---

27    *United States v. Lindley*, No. CRIM.A. 08-10121-GAO, 2010 U.S. Dist. LEXIS 128259, at *3-4 (D. Mass. Nov. 22, 2010) (citing *United States v. Lizardo*, 445 F.3d 73, 86 (1st Cir. 2006)).

28    First Circuit Pattern Criminal Jury Instruction 2.16, cmt 4 (citing *United States v. Lizardo*, 445 F.3d 73, 86 (1st Cir. 2006)).

29    First Circuit Pattern Criminal Jury Instruction 2.16; *see also id.*, cmt 2 (explaining that in light of the Supreme Court's decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), willful blindness instructions should expressly state that "recklessness . . . in failing to learn the fact is not sufficient").

30    Third Circuit Pattern Criminal Jury Instruction 5.06.

recklessness, or mistake in failing to learn the fact is not sufficient.[31]  Rather, you must find that the Defendant actually, subjectively believed there was a high probability of the existence of the fact, consciously took deliberate actions to avoid learning about it, and did not actually believe that it did not exist.[32]

Note that willful blindness has nothing to do with the requirement that a defendant act "willfully."  In other words, willful blindness cannot serve as a substitute for the requirement that the government prove beyond a reasonable doubt that the Defendant at issue acted "willfully."  Rather, willful blindness is only related to the requirement that a defendant act "knowingly."

---

[31]    First Circuit Pattern Criminal Jury Instruction 2.16.
[32]    Third Circuit Pattern Criminal Jury Instruction 5.06.

16.     **Count One – Underlying Offenses: Subsection on Honest Services Mail Fraud and Honest Services Wire Fraud (P. 28)**

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instructions No. 42, titled "Count One: Conspiracy to Commit Honest Services Mail and Wire Fraud: Introduction"; No. 43, titled "Honest Services Mail and Wire Fraud – First Element (Fiduciary Duty): University Employees"; No. 45, titled "Honest Services Mail and Wire Fraud – Second Element (Intent)"; No. 46, titled "Honest Services Mail and Wire Fraud – Third Element (Bribes and Kickbacks)"; No. 47, titled "Honest Services Fraud – Definition: 'Official Act'"; No. 48, titled "Honest Services Mail and Wire Fraud – Fourth Element (Misrepresentation)"; and No. 50, titled "Honest Services Mail and Wire Fraud – Sixth Element (Use of Mail or Wires)."  Defendants' proposed instructions are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, contrary to law, and not supported by cited authority.

Defendant Palatella also requests that the Court give her Proposed Instruction No. 44, titled "Honest Services Mail and Wire Fraud – First Element (Fiduciary Duty): Test Proctor," which is more appropriate for this case and supported by the cited authority.

In addition, Defendants Abdelaziz and Palatella request that the Court give their Proposed Instruction No. 49, titled "Honest Services Mail and Wire Fraud – Fifth Element (Foreseeable Harm)," which is more appropriate for this case and supported by the cited authority.  Defendant Wilson also requests that the Court give the version of Proposed Instruction No. 49 he proposed, which is more appropriate for this case, legally correct, and supported by the cited authority.

Defendants believe it is unnecessary to instruct the jury on the meaning of "anything of value," because such term is within the ordinary understanding of the jury.  However, without waiving their argument as to the necessity of such an instruction, to the extent the Court is inclined to provide an instruction on the meaning of "anything of value," the Court should instruct the jury as follows:

> The phrase "anything of value" means tangible property, intangible property, or services, of any dollar value, so long as it has financial value.[33]

> Note, however, that the phrase "anything of value" does not mean the same thing as the phrase "bribe or kickback."  These are different phrases with different meanings.  The phrase "bribe or kickback" has the specific meaning discussed above.  A person may give something of value to another person without there being a bribe or kickback or any violation of the honest services fraud statute.

---

[33]     Adapted from Third Circuit Pattern Criminal Jury Instruction 6.18.666A2-1.

21

### 17.    Count Two – Conspiracy to Commit Federal Programs Bribery (P. 35)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instructions No. 51, titled "Count Two: Conspiracy to Commit Federal Programs Bribery: Introduction"; No. 52, titled "Federal Programs Bribery – Definitions: 'Corrupt Intent'"; No. 53, titled "Federal Programs Bribery – Definitions: 'Bribe'"; and No. 54, titled "Federal Programs Bribery – Definitions: 'Official Act,'" which are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, contrary to law, and not supported by cited authority.

### 18.     Count Two – Underlying Offense (P. 36)

Defendants object to this proposed instruction and request that the Court instead give Defendants' Proposed Instructions No. 51, titled "Count Two: Conspiracy to Commit Federal Programs Bribery: Introduction"; No. 52, titled "Federal Programs Bribery – Definitions: 'Corrupt Intent'"; No. 53, titled "Federal Programs Bribery – Definitions: 'Bribe'"; and No. 54, titled "Federal Programs Bribery – Definitions: 'Official Act,'" which are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, contrary to law, and not supported by cited authority.

Defendants believe it is unnecessary to instruct the jury on the meaning of "thing of value," because such term is within the ordinary understanding of the jury.  However, without waiving their argument as to the necessity of such an instruction, to the extent the Court is inclined to provide an instruction on the meaning of "thing of value," the Court should instruct the jury as follows:

> The phrase "thing of value" means tangible property, intangible property, or services, of any dollar value, so long as it has financial value.[34]

> Note, however, that the phrase "thing of value" does not mean the same thing as "bribe." The term "bribe" has the specific meaning discussed above.  A person may give a thing of value to another person without there being a "bribe" or any violation of the federal programs bribery statute.

---

[34]     Adapted from Third Circuit Pattern Criminal Jury Instruction 6.18.666A2-1.

### 19.     Count Three – Conspiracy to Commit Money Laundering (P. 41)

Defendants object to this proposed instruction in light of the dismissal of Count Three of the Indictment (ECF No. 2057).

### 20.       Count Three – Underlying Offense (P. 42)

Defendants object to this proposed instruction in light of the dismissal of Count Three of the Indictment (ECF No. 2057).

**21.     Counts Six, Eight, and Nine – Wire Fraud and Honest Services Wire Fraud (P. 43)**

Defendant Wilson objects to this proposed instruction and requests that the Court instead give Defendant Wilson's Proposed Instructions No. 60, titled "Counts Six, Eight, and Nine: Wire Fraud and Honest Services Wire Fraud and Aiding and Abetting: Introduction"; No. 61, titled "Counts Six, Eight, and Nine: Wire Fraud and Honest Services Wire Fraud: Elements"; and No. 62, titled "Counts Six, Eight, and Nine: Aiding and Abetting."  Defendant Wilson's proposed instructions are more appropriate for this case and supported by the cited authority.  The government's proposed instruction is misleading, inappropriate, and contrary to law.  Notably, the government's proposed instruction is flawed because it would allow the jury to convict Defendant Wilson of aiding and abetting even if he did not act willfully.

### 22.     Counts Eleven and Twelve – Federal Programs Bribery (P. 45)

Defendant Wilson objects to this proposed instruction and requests that the Court instead give Defendant Wilson's Proposed Instructions No. 63, titled "Counts Eleven and Twelve: Federal Programs Bribery and Aiding and Abetting: Introduction"; No. 64, titled "Counts Eleven and Twelve: Federal Programs Bribery: Elements"; and No. 65, titled "Counts Eleven and Twelve: Aiding and Abetting."  Defendant Wilson's proposed instructions are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, contrary to law, and not supported by cited authority.

### 23.    Impossibility Not a Defense (P. 48)

Defendant Wilson objects to this proposed instruction and requests that the Court instead give Defendant Wilson's Proposed Instruction No. 72, titled "Factual Impossibility," which is more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading and legally incorrect and relies on inapposite case law.

### 24.    Count Thirteen – Filing a False Tax Return (P. 49)

Defendant Wilson objects to this proposed instruction and requests that the Court instead give Defendant Wilson's Proposed Instructions No. 66, titled "Count Thirteen: Filing a False Tax Return: Introduction"; No. 67, titled "Count Thirteen: Filing a False Tax Return: Second Element – 'False as to a Material Matter'"; No. 68, titled "Count Thirteen: Filing a False Tax Return: Third Element – 'Willfully and Knowing It Was False'"; No. 69, titled "Count Thirteen: Filing a False Tax Return: Proper Deductions"; No. 70, titled "Count Thirteen: Filing a False Tax Return: Tax Professionals"; and No. 71, titled "Count Thirteen: Filing a False Tax Return – Defense of Administrative Consistency."  Defendant Wilson's proposed instructions are more appropriate for this case, legally correct, and supported by the cited authority.  The government's proposed instruction is misleading, legally incorrect, and not supported by cited authority.