**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　*v.*<br><br>GREGORY COLBURN, et al.,<br><br>　　　　　　Defendants. | Case No. 1:19-cr-10080-NMG |

**<u>DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTION</u>**

      Pursuant to Fed. R. Crim. P. 30, Defendants Gamal Abdelaziz, Marci Palatella, and John Wilson ("Defendants") respectfully request that the Court give the jury instruction attached as Exhibit A.  Defendants reserve the right to submit additional supplemental requested jury instructions.  Further, Defendants reserve the right to supplement, modify, or withdraw the attached instruction in light of, among other things, the Court's rulings on the motions *in limine* and the evidence ultimately admitted at trial.


      [remainder of page intentionally blank]

Respectfully submitted,

/s/ Brian T. Kelly
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

*Counsel for Gamal Abdelaziz*

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (*pro hac vice*)
MCLAUGHLIN & STERN
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

/s/ Michael K. Loucks
Michael K. Loucks (BBO #305520)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800
michael.loucks@skadden.com

Jack P. DiCanio (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Counsel for Marci Palatella*

DATED: August 13, 2021

## CERTIFICATE OF SERVICE

I, Michael Kendall, hereby certify that on August 13, 2021, this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

*/s/ Michael Kendall*

# EXHIBIT A

## 1. Legitimate Giving[1]

The practice of giving money, including large amounts of money, to universities with the hope or expectation that those universities will admit the donor's children or other relatives is longstanding and pervasive.  You may believe that all such giving is not appropriate, or fair, or even wrong, and should be flatly prohibited by law, but that is not the law.  Giving or promising to give money to universities with the hope or expectation that those universities will admit the donor's children or other relatives, or in gratitude for those universities admitting the donor's children or other relatives, is not against the law.  Not all unappealing conduct is criminal.  Your job is to determine whether the government has proven beyond a reasonable doubt that the Defendants have violated the law as it is actually written, and not what you would prefer the law to be.

Accordingly, if the government fails to prove beyond a reasonable doubt that the Defendant at issue acted with the requisite corrupt intent to give or offer a bribe or to steal honest services, and to prove beyond a reasonable doubt that the Defendant did not act in good faith, you must acquit him or her.  It is simply not enough for the government to show that the Defendant at issue gave or offered money, even large amounts of money, to a university with the hope or expectation that the university would admit his or her children, or in gratitude for the university admitting his or her children.

---

[1] *See United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996), where the First Circuit held:

> **The practice of using hospitality, including lavish hospitality, to cultivate business or political relationships is longstanding and pervasive.** The government does not argue, and we do not believe, that payments for entertainment, lodging, golf, sports events, and the like would constitute violations of the Travel Act (or mail and wire fraud statutes) if the aim of the lobbyist were simply to cultivate a business or political "friendship" with the legislator.  **It may be that all such hospitality should be flatly prohibited by law**, but if Sawyer had this limited intent – to cultivate friendship rather than to influence an official act – the federal statutes here involved would not be violated. . . .

> [W]here the difference between lawful and unlawful turns primarily on intent, and the lawful conduct is itself most unattractive, we think the jury needs to be told specifically that the defendant has not violated the bribery component of the Travel Act (or committed honest services fraud) if his intent was limited to the cultivation of business or political friendship.  Only if instead or in addition there is an intent to cause the recipient to alter her official acts may the jury find a theft of honest services or the bribery predicate of the Travel Act.  **Absent some explicit explanation of this kind, the conventional charge will be slanted in favor of conviction.**

(Emphases added).  *See also United States v. Woodward*, 149 F.3d 46, 53-55 (1st Cir. 1998) (noting that in *Sawyer* the First Circuit "mandated a protective instruction to be used in cases such as this, which would help the jury understand the difference between 'reprehensible conduct' which is *not* a violation of federal law, and misconduct which does form the basis for a federal conviction" (quoting *Sawyer*, 85 F.3d at 741)).