UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    *v.*<br><br>GREGORY COLBURN, et al.,<br><br>    Defendants. | Case No. 1:19-cr-10080-NMG |

### DEFENDANT JOHN WILSON'S MOTION TO SEVER TAX COUNT

Defendant John Wilson moves the Court to sever the trial of Count XIII, 26 U.S.C. § 7206(1), Filing a False Tax Return, from the trial of the other counts scheduled for September 13, 2021. There are two reasons for severance:

1. Given the sharp upsurge in the Delta variant of the Coronavirus and related scheduling uncertainties, it is imperative that the parties and Court: (1) allow sufficient time for a full trial of the bribery and fraud counts, and (2) not unnecessarily spend a week together in court on an ancillary issue. U.S. District Court Judge Douglas Woodlock recently severed a tax charge in a trial scheduled for September under similar circumstances.

2. The Government is advancing novel theories of bribery and fraud that seek to criminalize behavior that is generally accepted as law abiding. Combining this effort with the tax count will create substantial confusion and unfair prejudice to the trial of the tax charge.

1. Delta Variant

The Government has revised its original estimate and now predicts it will need four weeks to try its case in chief. The defendants need at least two weeks to present their case. In addition, the

jury will need to deliberate for a period of time. Despite the need to try this case efficiently, the defendants need adequate time to fully present their defense and cannot have their case limited.

We believe Judge Woodlock's approach to a similar issue makes sense. He is currently scheduled to preside in September at a two-defendant trial in *United States v. Cromwell,* 1:20-cr-10271. The *Cromwell* case involves ten counts related to bribery and extortion, plus four tax counts against only one of the defendants. In order to ensure an efficient trial that would not require postponement amidst the COVID-related trial backlog, Judge Woodlock exercised judicial discretion and severed the tax counts for a later resolution. *See* Ex. A, C. Villani, "Trial Bribery Case Set for September Trial Minus Tax Counts," LAW360 (July 14, 2021) (Judge Woodlock allowing motion to sever tax charge and commenting, "I'm trying to respond to a legitimate request for a prompt trial for someone who is yoked to another defendant who, in turn, has been subject to [add-on tax charges in] the superseding indictment," and that the choice by prosecutors to add tax charges "should not be permitted to interfere with the well-founded desire to get the case promptly resolved on the part of [defendant not facing tax charges].").

The facts and issues in the present case are even more supportive of severance than those in *Cromwell*. Here there are three (not two) defendants scheduled to go to trial. Defendants Abdelaziz and Palatella are charged with two conspiracies (bribery and fraud). Wilson is charged with those two conspiracies plus five additional substantive counts (Counts Six, Eight, Nine, Eleven, and Twelve) related to bribery and fraud. Finally, he faces an eighth count for the tax charge, which was added in the Fourth Superseding Indictment.

If the Court allows a trial of the tax count now, this will add at least six witnesses to testify solely about the tax charge. The government has identified four witnesses who the defense

expects will testify solely on the tax charge.[1] In addition to those four, other witnesses will cover more than one issue, but their testimony will need to be substantially longer to cover the tax issues.[2] The defense has identified two witnesses to testify about tax issues.[3] In addition, the testimony of other potential defense witnesses will be longer if they need to address the tax count. To add an additional week of testimony adds little incremental value but greatly increases the risk of a Covid exposure and mistrial. If the court severs the tax count, it will be far easier to resolve it after the trial of the remaining counts.

    2.  <u>Risk of Prejudicial Confusion</u>

The Court should sever for the additional reason that the government intends to advance novel legal theories on the bribery and fraud counts, which will confuse the jury's consideration of the tax count. The government has multiple novel legal arguments that have no precedent in the case law and that blur the border between well-accepted practices and alleged criminal conduct.  For example:

    a)  The government contends that donating money to a charity can be a bribe and honest services violation if it makes an employee look successful.

    b)  The government contends that any misstatement about an applicant's credentials to a school can be a property fraud.

    c)  This is the first criminal prosecution Wilson is aware of in which the government has claimed it is illegal to take a charitable deduction for a donation that may have improved an applicant's chances of admission.

---

[1] These witnesses are:  James Nahmens, the tax preparer for HPC, a company owned by Wilson; Jeffrey DeMaio, Wilson's individual tax preparer; Roman Hernandez, IRS Service Center; and Colleen Ranahan, an IRS Revenue Agent whom the Government is substituting for Agent Mark Degnan.
[2] Such witnesses include Rick Singer and his bookkeeper, Steve Masera.
[3] Those witnesses are:  Paul White, tax summary witness and Deborah Rogers, Wilson's bookkeeper.

The courts recognize that tax cases must be tried with great deference to the complexity of the tax laws and that they require proof of violation of a known legal duty.  *See* First Circuit Pattern Jury Instructions § 4.26.7201 ("Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the 'willfulness' requirement."); *Cheek v. United States*, 498 U.S. 192 (1991) ("In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.").  Allowing the government to introduce evidence based on new and untested bribery and fraud theories will unfairly prejudice Wilson's defense of the tax counts.  It would be far less prejudicial—and more efficient—to first let a jury determine whether Wilson violated any known legal duty at all.

The Government also has indicated it intends to inject evidence that will inflame jurors against affluent defendants.  It intends to argue that the defendants diverted college admission offers from less affluent applicants and that they callously used their wealth to get preferential treatment at the expense of others, and it plans to highlight evidence of their wealth. Such trial strategies will highly prejudice any defense of a tax case, which homes in on a defendant's income and wealth.  The joint trial raises real concerns that the Government's appeal to emotion and prejudice will undercut the jury's ability to follow the Court's instructions both generally and, most dangerously, with respect to the tax count.

WHEREFORE, Wilson respectfully requests the Court to sever Count XIII from the trial of the remaining counts.

Dated: August 13, 2021
Boston, Mass.

Respectfully submitted,

*Counsel for John Wilson*,

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
atomback@mclaughlinstern.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues.

*/s/ Michael Kendall*

## CERTIFICATE OF SERVICE

I, Michael Kendall, hereby certify that on August 13, 2021, this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

*/s/ Michael Kendall*

# Exhibit A



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## Tribal Bribery Case Set For September Trial Minus Tax Counts

By **Chris Villani**

Law360 (July 14, 2021, 6:14 PM EDT) -- The former head of the Mashpee Wampanoag tribe and an architect accused of paying bribes to protect his role in a casino project will face a jury in September, as a federal judge said in a Wednesday hearing that tacked-on tax charges would have to wait.

Cedric Cromwell, the onetime head of the Massachusetts tribe, received nearly $60,000 in bribe payments from the firm of David DeQuattro, according to an indictment unveiled in November. Prosecutors subsequently accused Cromwell of committing tax fraud by failing to report the alleged payments in a March indictment.

The architect has been anxious to get the case before a jury, saying the charges and publicity have cost him business.

Prosecutors said they would go forth with a September trial only if all charges against both men were included, but U.S. District Judge Douglas P. Woodlock said Wednesday the bribery case could go forward without the tax charges, citing the backlog of trials created by the pandemic and a need to get cases in front of juries quickly.

"This may mean I have the opportunity to try a similar case a second time, but I am going to allow the motion to sever," Judge Woodlock said. "We are going to proceed on the initial complaint in this case."

The judge set the start of jury selection for Aug. 31, with the trial to run through the first two weeks of September.

If all counts could not go forward in September, prosecutors had **sought to delay the trial**, arguing DeQuattro's right to a speedy trial would not be at risk until at least 2022.

"I don't need to hold myself to the minimum necessary under the Speedy Trial Act, but I'm trying to respond to a legitimate request for a prompt trial for someone who is yoked to another defendant who, in turn, has been subject to the superseding indictment," Judge Woodlock said Wednesday.

The choice by prosecutors to make the case more complex, the judge added, "is something that I think should not be permitted to interfere with the well-founded desire to get the case promptly resolved on the part of Mr. DeQuattro."

The decision by Judge Woodlock resolves a back-and-forth between the two sides over the past few days.

In addition to arguing that trying the tax counts with the bribe counts would not substantially lengthen the trial, the government claimed the tax evidence overlaps with the bribery case. According to prosecutors, Cromwell's tax preparer is expected to testify at trial that Cromwell told him about an account that did not receive any alleged bribe money, but not about other accounts where illicit funds were

deposited.

The "selective reporting" shows evidence of concealment, the government alleged, "and evidence of concealment can be evidence of corrupt intent."

In a joint reply filed Monday night, attorneys for DeQuattro and Cromwell said that claim by the government "overlooks the fact that Cromwell is also alleged to have failed to pay taxes on other legally obtained funds."

According to the initial **November indictment**, Cromwell contracted with DeQuattro's firm in connection with plans for a Taunton, Massachusetts, casino. Between July 2014 and May 2017, the firm, through DeQuattro, funneled payments to Cromwell totaling $57,549, prosecutors said.

DeQuattro allegedly bought Cromwell a used Bowflex Revolution home gym and agreed to pay for Cromwell's weekend stay in Boston after he texted he wanted DeQuattro to "get me a nice hotel room at the Four Seasons or a suite at the Seaport Hotel" for his birthday weekend, adding, "I am going to have a special guest with me."

In past filings, the architect has said his ability to keep public contracts and bring in new business has been severely diminished by the charges. If the case drags on, he said **his business may not recover**.

Judge Woodlock hypothesized that including the tax counts might delay the trial until the winter and said having a high-profile defendant, Cromwell, also weighs toward trying the case sooner than later.

"Our cases that have people in custody take precedence, but there are cases that have a degree of public notoriety and interest and involve matters of larger public concern that require prompt attention as well, and that is what this case falls into," he said.

The government is represented by Christine J. Wichers of the U.S. Attorney's Office for the District of Massachusetts.

Cromwell is represented by Timothy R. Flaherty.

DeQuattro is represented by Martin G. Weinberg of Martin G. Weinberg Law PC.

The case is U.S. v. Cromwell et al., case number 1:20-cr-10271, in the U.S. District Court for the District of Massachusetts. Editing by Janice Carter Brown.

All Content © 2003-2021, Portfolio Media, Inc.