UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER [DKT. 2022]**

The government respectfully submits this response in opposition to the defendants' motion

for a protective order "to protect the identity of non-party college applicants and non-party college

students (other than the children of Defendants and indicted co-conspirators)." Dkt. 2022.

The Court has previously noted its concern regarding the privacy interests "of student

applicants for admission to USC who are entirely devoid of any involvement in this criminal case."

Dkt. 1067 at 3. The defendants' proposal does little to address those concerns and, to the contrary,

would permit the ready identification of dozens of students and their families who have nothing to

do with the charged conspiracy.

The defendants have marked as exhibits voluminous records concerning dozens of

applicants to USC and their families who are neither parties to this case nor even uncharged co-

conspirators. This evidence is irrelevant, misleading, and a distraction, for reasons the government

has previously explained. *See* Dkt. 2001. It would also lead to the easy identification of those

individuals regardless of the redactions the defendants propose. For example, the documents the

defendants have marked as exhibits identify the high schools the applicants attended, the sports

they played, teams they played on, accolades they earned, the dates they were admitted to USC,

and other biographical information that would render the students (and their parents) identifiable

with the most minimal investigation.  And that is precisely the defendants' purpose.  Defendant Wilson, for example, has marked numerous LinkedIn and athletics profiles and newspaper articles that he has found on the Internet, presumably in order to match non-party applicants to their parents and their parents' donations.[1]  And even if these documents, too, were redacted, such redactions would effectively do nothing to conceal the identities of the individuals involved.

The government further objects to the defendants' motion to the extent it seeks redactions of the names of uncharged co-conspirators or their children.  Although the number of exhibits reflecting statements by such individuals, or their names, is extremely limited, those individuals are differently situated than the non-parties whose information the defendants seek to introduce, because the government will introduce evidence of their involvement in the charged conspiracy. Redacting their identities would be inconsistent with standard practice in criminal cases.  *Cf. United States v. Ladd*, 218 F.3d 701, 705 (7th Cir. 2000) (ordering district court to release the name of unindicted co-conspirators whose statements were admitted into evidence).  While the government is prepared to discuss specific redactions if the defendants have particularized concerns, there is no need for a protective order for that limited purpose.

## CONCLUSION

For the foregoing reasons, the defendants' proposed protective order should be denied.

---

[1] *See, e.g.*, Exs. 7094, 7100, 7104, 7111, 7113, 7116, 7142, 7148, 7150, 7163, 7166, 7176, 7195, 7084, 7086, 7087, 7091, 7093, 7095, 7102, 7108, 7115, 7119, 7120, 7122, 7128, 7132, 7134, 7135, 7136, 7137, 7143, 7151, 7157, 7158, 7160, 7162, 7164, 7172, 7173, 7182, 7184, 7187, 7194, 7199, 8051.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney


By: */s/ Stephen E. Frank*
    JUSTIN D. O'CONNELL
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    STEPHEN E. FRANK
    IAN J. STEARNS
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen E. Frank*
STEPHEN E. FRANK
Assistant United States Attorney

3