**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>GAMAL ABDELAZIZ, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19cr10080-NMG-4<br><br>**REQUEST FOR ORAL AGRUMENT**<br><br>**FILED UNDER SEAL**<br>Motion for Leave to File Under Seal Granted<br>August 17, 2021 |

**MOTION TO INTERVENE AND QUASH TRIAL SUBPOENA**
**(REDACTED)**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, Pat Haden respectfully moves to intervene for the limited purpose of asking this Court to quash a trial subpoena for testimony served on approximately August 10, 2021 by counsel for defendants John Wilson, Marci Palatella, and Gamal Abdelaziz. Mr. Haden moves to quash the subpoena on the grounds that (1) it seeks irrelevant testimony; and (2) compliance with the subpoena will unduly burden him. As discussed below, Mr. Haden was not involved the admission process for any of the students at issue in this prosecution, has no firsthand knowledge of any of the alleged misrepresentations defendants made to the University of Southern California, and knows nothing about the defendants' purported illicit payments. On the other hand, the prospect of testifying [REDACTED]

**Background**

## I. CHARGES AGAINST DEFENDANTS, LACK OF CONNECTION TO MR. HADEN

Defendants have been charged in a Fourth Superseding Indictment with conspiring with William "Rick" Singer" and others to commit fraud, bribery, and money laundering. Defendant Wilson is also charged with two substantive counts of wire fraud, one substantive bribery count,

and one tax fraud count. The underlying allegations are that the defendants falsely presented their children to university admissions departments as legitimate athletes, and induced athletic department officials to recruit their children using *quid pro quo* payments. There is no allegation that Mr. Haden, who was athletic director at USC from August 2010 to June 2016, knew anything about any bribes to Singer, test takers, or USC officials. Similarly, there is nothing to suggest Mr. Haden was aware of any of Singer's or his clients' misrepresentations relating to the athletic abilities of any applicant in order to facilitate their admission to USC. Additionally, there is no evidence that Mr. Haden has any knowledge of defendant Wilson's purported tax fraud.

Defendant Abdelaziz's role in the conspiracy allegedly began in the summer of 2017 (one year after Mr. Haden's tenure as athletic director). Fourth Superseding Indictment ("FSI") at ¶ 114. Defendant Abdelaziz allegedly paid Singer $300,000 to facilitate his daughter's admission to USC as a purported basketball recruit and misrepresented her athletic accomplishments. FSI at ¶¶ 114, 117. The government alleges that defendant Abdelaziz's daughter did not even make her high school's varsity team. Gov. Mot. *in Limine* to Preclude Irrelevant Evidence at 3 ("Gov. Mot. *in Limine*"). Once admitted, defendant Abdelaziz allegedly agreed to have his daughter fake an injury that purportedly rendered her unable to play. FSI at ¶ 122. According to the indictment, the admission's process at USC for defendant Abdelaziz's daughter took place from approximately October of 2017 to March of 2018, well after Mr. Haden's tenure as athletic director ended. *Id*. at ¶¶ 118-20.

Defendant Palatella allegedly agreed to pay Singer $500,000 to facilitate her son's admission to USC as a football recruit. FSI at ¶ 210. Defendant Palatella purportedly sent Singer pictures for a fraudulent athletic profile for her son, who was not even on his high school's varsity football team. Gov. Mot. *in Limine* at 3. Similar to the allegations against defendant Abdelaziz,

the charges claim that the admissions process at USC for defendant Palatella's son took place well after Mr. Haden left USC, this time from November 2017 to May 2018.

Defendant Wilson allegedly agreed to pay Singer a total of $220,000 to facilitate his son's admission to USC in 2013 and his twin daughters' admission into Harvard and Stanford in 2018. FSI at ¶ 225.[1] In both scenarios, defendant Wilson purportedly misrepresented the athletic abilities of his children. Singer, defendant Wilson, and USC's former water polo coach allegedly falsified awards and athletic accomplishments of his son so that USC would consider accepting him as part of the team. FSI at ¶¶ 227-33.

## II. DEFENDANTS' SUBPOENA

On August 10, 2021, defendants served Mr. Haden with a subpoena purporting to command Mr. Haden's appearance to testify on September 13, 2021. During the meet and confer process, defense counsel did not dispute that Mr. Haden was not involved in and had no knowledge of the admission process for any of the defendants' children to USC. Indeed, defense counsel did not dispute that Mr. Haden has no connection to the factual allegations in the indictment whatsoever. Defense counsel proffered that they are seeking to elicit testimony from Mr. Haden regarding "issues on fundraising" but were "not equipped to discuss" any specifics of his purported testimony because they had yet to create Mr. Haden's "cross examination outline." Of course, as the subpoenaing parties, they are not seeking to cross examine Mr. Haden.

## III.



[1] Because Mr. Haden has never held a position at Harvard or Stanford, it is unclear how defendants could cobble together even a colorable argument for how there would be a basis to call Mr. Haden with respect to Mr. Wilson's twin daughters' admissions process. Accordingly, this Motion does not focus on those allegations.

[redacted]

[redacted]

[redacted]

[redacted]

**Legal Standard**

"Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest." *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) (citations omitted). Mr. Haden's interest in quashing the subpoena will not be adequately represented by either party in this criminal case. As of this filing, the defendants are refusing to withdraw the subpoena and the government is taking no position. While the defendants objected to Mr. Haden's request to intervene, the government has assented to it.

Subpoenas seeking testimony for use in a criminal trial are governed by Federal Rule of Criminal Procedure 17. *See also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The proponent of a Rule 17 subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity," as well as "that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon*, 418 U.S. 683, 700 (1974) (quotations omitted); *see also United States v. Khan*, No. 06-CR-255 (DLI), 2009 WL 152582, at *2 (E.D.N.Y.

Jan. 20, 2009) (applying the *Nixon* test to several subpoenas for trial testimony). Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, "courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000).

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g.*, *United States v. Henry*, 482 F.3d 27, 30-31 (1st Cir. 2007) (affirming trial court's decision to quash subpoenas pursuant to Fed. R. Crim. P. 17(c)(2)); *United States v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding district court order quashing subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)).

## Argument

### I. DEFENDANTS' SUBPOENA SEEKS IRRELEVANT TESTIMONY

Defendants have not and cannot meet their burden of showing that Mr. Haden's testimony is relevant. Mr. Haden believes that defendants must concede that he has no knowledge of the specific allegations against them. Indeed, his tenure as athletic director concluded prior to the admissions process for the children of two of the three defendants. Only defendant Wilson purportedly committed bribery and fraud while Mr. Haden was athletic director—the rest did so afterward. There is nothing indicating that Mr. Haden knew anything about defendant Wilson's alleged payments to Singer, misrepresentations of his son's athletic ability, or money laundering.

Evidence is relevant only "if it has any tendency to make a fact more or less probable" and "the fact is of consequence." Fed. R. Evid. 401. Therefore, courts consider "the relationship of the evidence sought to be admitted to the elements of the offense and to relevant defenses." *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

Here, defendants only proffered during the meet and confer process that they are seeking Mr. Haden's testimony concerning "issues on fundraising." Defendants presumably intend to elicit Mr. Haden's testimony pertaining to USC's athletic department's fundraising initiatives, specifically in an attempt to show that "receiving money for preferential admissions treatment was common practice at USC," which "will corroborate Defendants' statements that they had a good-faith basis for believing Rick Singer when he told them that the practice was legitimate . . . "[2] Defendants' Motion For an Order Of Witness Immunity at 3-4.

Defendants' argument fails for several reasons. First, whether or not USC gave preferential treatment to donors has no bearing on the allegations in the case. The charges against defendants are not based on the premise that these defendants committed crimes by simply donating money to USC. Instead, the government alleges that defendants committed fraud, bribery, and money laundering in lying about their children's athletic abilities and paying Singer, proctors, test takers, and school officials. The defense does not and cannot allege that Mr. Haden could help them establish a good faith defense to such allegations. There is simply no probative value to Mr. Haden's testimony.

Second, even if the donating money in exchange for preferential treatment is somehow the same as committing bribery and lying to gain admission, defendants cannot contest their guilt by proving that others committed crimes as well. *United States v. Sans*, 731 F.2d 1521, 1530 (11th Cir. 1984) ("Whether the [defendants] knew that other[s] . . . disobeyed the law was not relevant to whether [defendants] acted knowingly . . . .").

---

[2] Mr. Haden notes the corroboration they seek is of "Defendant's statements." Accordingly, even if the Court were to find a sliver of possible relevance to the potential testimony, the issue becomes moot if the defendants do not elect to testify, as there would be nothing to corroborate.

Third, to the extent that defendants seek to argue to the jury that USC's admissions process is arbitrary or unfair, this is not a defense. *United States v. June*, No. 10-CR-30021-MAP, 2012 WL 245243, at *2 (D. Mass. Jan 25, 2012); *United States v. Callipari*, 368 F.3d 22, 36 (1st Cir. 2004), *vacated on other grounds*, 543 U.S. 1098 (2005).

Indeed, these are the same defense arguments the government seeks to preclude in its Motion *in Limine* to Preclude Irrelevant Evidence. Should the Court grant the government's Motion *in Limine*, defendants will not even have a colorable argument of relevancy.[3] Even if the Court, however, were to allow the defense to introduce some evidence of other parents committing similar fraud or bribery to gain admission for their child at USC, Mr. Haden's testimony is still irrelevant. There is no allegation that he was aware of any bribery or fraud scheme, even outside of defendants' conduct. Accordingly, Mr. Haden's testimony is irrelevant, as it will not make any fact relevant to the essential charges or defenses more or less probable. *See United States v. Manghis*, 2010 WL 349583, at *1 (D. Mass. Jan. 22, 2010) ("it seems self-evident that [the defendant] should not be allowed to compel the appearance of a witness whose testimony would be irrelevant").

## II. DEFENDANTS' SUBPOENA UNDULY BURDENS MR. HADEN

Even if Mr. Haden did possess some relevant information—and he does not—appearing to testify imposes an impermissible burden on him. Under FRCP 45,[4] "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1).

---

[3] In the interest of judicial efficiency, Mr. Haden joins in and incorporates all of the arguments set forth in Government's Motion *In Limine* To Preclude Irrelevant Evidence Concerning Uncharged Third Parties, which was filed on July 31, 2021.

[4] In evaluating whether to enforce a witness subpoena pursuant to Federal Rule of Criminal Procedure 17, looking to precedent under Federal Rule of Civil Procedure 45 is advantageous, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

"[T]he test for 'undue burden' is a balancing test that pits the need of the party for the sought [testimony] against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007); *see also Behrend v. Comcast Corp.*, 248 F.R.D. 84, 85–86 (D. Mass. 2008) (citations omitted). As to the nature of the undue burden on a witness for complying with a subpoena, a witness must show there would be "a clearly defined and serious injury." *United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. 2019). Importantly, the unwanted burden imposed on non-parties is entitled to "special weight" in performing this balancing test. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

[redacted]

[redacted]

The unwanted burden and hardship to Mr. Haden in complying with defendants' subpoena could not be clearer and, given Mr. Haden's age [redacted], should be given particular weight by this Court. *United States v. Klubock*, 639 F. Supp. 117, 123 (D. Mass. 1986), *aff'd*, 832 F.2d 649 (1st Cir. 1987), *on reh'g*, 832 F.2d 664 (1st Cir. 1987) ("courts have repeatedly, when the interests of justice have so warranted, heard and granted (and denied) motions to quash subpoenas to compel testimony."). To the extent that there is any potential relevance to the general fundraising practice of USC, other potential witnesses without [redacted] could be subpoenaed by the defense. This is especially true given that Mr. Haden's tenure as USC's athletic director ended in 2016 and the vast majority of the allegations against these defendants arose in 2017.

Accordingly, when Defendants' nonexistent or tenuous interest in enforcing the subpoena is weighed against Mr. Haden's [redacted], the balance favors Mr. Haden.

**Conclusion**

For all the foregoing reasons, Mr. Haden respectfully requests that this Court allow Mr. Haden to intervene in this matter and asks the Court to quash Defendants' subpoena commanding Mr. Haden's appearance to testify on September 13, 2021.

Dated: August 17, 2021

Respectfully submitted,

/s/ William J. Lovett

William J. Lovett (BBO No. 643525)
Lovett O'Brien LLP
One Beacon Street
Suite 1320
Boston, MA 02108

/s/ Brandon D. Fox
Brandon D. Fox (Admitted *Pro Hac Vice*)
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071

**LOCAL RULE 7.1 CERTIFICATION**

I, Brandon D. Fox, certify that I conferred with AUSA Stephen Frank who takes no position on this motion. I further certified that I conferred with counsel for the defendants Gamal Abdelaziz, John Wilson and Marci Palatella who oppose this motion.

/s/ Brandon D. Fox

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on August 17, 2021.

/s/ William J. Lovett