UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

### MOTION FOR HEARING ON INVOCATION OF THE FIFTH AMENDMENT

Defendants Gamal Abdelaziz and John Wilson respectfully request that the Court hold a pre-trial hearing to adjudicate the invocation of the Fifth Amendment by witnesses Ron Orr, Steve Lopes, and Scott Jacobson.

When a witness invokes the Fifth Amendment, "a district court inquires into the reasons a witness is claiming the Fifth Amendment privilege to verify that the witness is not invoking the privilege on a blanket basis, and does in fact face substantial and real, and not merely trifling or imaginary, hazards of incrimination." *United States v. Ramos*, 763 F.3d 45, 55 (1st Cir. 2014). "Assessing the danger that witness faces is a determination for the court, not the witness, to make . . . ." *Id*.

As set forth in Defendants' Motion for Witness Immunity (Dkt. 1967), the government has never identified Messrs. Orr, Lopes, or Jacobson as co-conspirators. More important, there is no legitimate basis on which the government could possibly charge these witnesses. As fundraisers, their job was to raise money for the university, and even if the exact manner in which they were raising funds was not authorized by official policy (although it may very well have been), that cannot be a federal criminal offense. A "bribe" simply cannot be a payment to

1

the entity allegedly being deprived of its employee's honest services.  *See* Supplemental Objection to Government's Jury Instructions Regarding Meaning of Bribe (Dkt. 2077).  *See also United States v. Bizzack*, 19-cr-10222-DPW, Dkt. 34, Sentencing Tr. at 15-16 (Woodlock, J.: "That's not a bribe, is it?  It's received by USC.  Then we've got a faithless employee.  That's a different issue from bribery right? . . . . [T]his is a case in search of a bribe or kickback.  So now we're back to this question of what was the bribe that [Heinel] received?  Because it has to be to her, not some account that she controlled unless . . . she was going to toy with that account."); *United States v. Thompson*, 484 F.3d 877, 884 (7th Cir. 2007) (Easterbrook, J.) ("The United States has not cited, and we have not found, any appellate decision holding that an increase in official salary, or a psychic benefit such as basking in a superior's approbation (and thinking one's job more secure), is the sort of 'private gain' that makes an act criminal under § 1341 and § 1346.").

    Defendants do not object to accommodating the witnesses (all of whom are on the West Coast) by holding the hearing virtually.  The government takes no position on the relief requested in this Motion.

Dated: August 30, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109

(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

JOHN WILSON

By his attorneys:

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on August 30, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                                          */s/ Joshua C. Sharp*
                                                           Joshua C. Sharp