UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 19-10080-NMG |
| ) | |
| GAMAL ABDELAZIZ *et al.*, ) | **LEAVE TO FILE GRANTED ON AUGUST** |
| ) | **31, 2021 [DKT. 2126]** |
| Defendants ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF
NOTICE AND MOTION REGARDING AUTHENTICATION [DKT. 2099]**

This motion is about authenticity, *not* admissibility. There is no serious dispute in this case that the e-mails of John Wilson, Gamal Abdelaziz, and Rick Singer are what they are: their e-mails. Nor is there any dispute that their recorded calls *are* their calls.

In two-and-a-half-years of litigation, the defendants have never questioned this fact. They have done just the opposite. Defendant Wilson has repeatedly sought to suppress e-mails seized pursuant to a Court-authorized search of his e-mail account – the *very same* e-mails the government now seeks to authenticate, from the *very same* account – on the basis that the search violated his marital privilege, and that the e-mails reflected his "innermost thoughts" and provided "an unacceptably intimate window into [his] private li[f]e and thoughts." Dkt. 1437 at 17; *see also* Dkts. 1988, 2031. Wilson even attached e-mails from that account as exhibits to his motions. *See id*. His counsel submitted a declaration to this Court attesting, under penalty of perjury, that the e-mails were from "Wilson's e-mails server" and provided "specific and intangible insights into [Wilson's] mindset[]." Dkt. 1437-9 at ¶¶ 5, 13. And in filings just a few weeks ago, *both* defendants again identified the e-mails seized from their accounts as "e-mails [d]efendants sent to their respective spouses." Dkt. 2031 at 2. The defendants have even marked their own e-mails –

with signature blocks identifying themselves – as defense exhibits for trial.[1] And the Court has repeatedly adjudicated motions premised on the fact that those e-mails are the defendants' e-mails.[2]

Likewise, the defendants have previously represented to the Court that the e-mails the government seeks to authenticate from Singer's e-mail account are, in fact, "*Singer's* e-mails" "obtained via search warrant," Dkt. 1025 at 10 (emphasis in original), and they have marked as defense exhibits *dozens* of those e-mails.[3] Finally, the defendants have repeatedly conceded that the calls the government seeks to authenticate are what they are: calls obtained from consensual and Court-authorized "wiretapping of Singer's phone." Dkt. 1025 at 12; *see also id.* at 1, 2, 8. They have marked more than 90 of those calls on their exhibit list.[4] And they have marked as defense exhibits multiple versions of notes extracted from Singer's iPhone.[5]

The government's straight-forward seven-page motion seeks a pre-trial authentication order finding that those e-mails, calls, and the extract of Singer's phone are what they purport to be. This is utterly routine. Federal Rules of Evidence 901 and 902 do "not erect a particularly high hurdle," *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992), and are "relatively undemanding," *United States v. Appolon*, 715 F.3d 362, 371 (1st Cir. 2013). The authenticity standard is merely that there is a "reasonable likelihood" that the "evidence is what it purports to be" – with admissibility (*e.g.*, relevance and hearsay) and weight left to be determined by the Court and the jury, respectively, at trial. *United States v. Alicea-Cardoza*, 132 F.3d 1, 4 (1st Cir. 1997). Indeed, the proponent "need not rule out all possibilities inconsistent with authenticity," *Appolon*,

---

[1] *See, e.g.*, Exs. 1247, 7067, 7193, 7256, 7257, 7258.
[2] *See, e.g.*, Dkts. 1649, 2101.
[3] *See, e.g.*, Exs. 1000, 1001, 1002, 1004, 1005, 1031, 1032, 1185.
[4] *See, e.g.*, Exs. 1405–1411, 1413–1438.
[5] *See, e.g.*, Exs. 1441, 1442.

715 F.3d at 371, and "the direct testimony of a custodian or a percipient witness is not a *sine qua non* to the authentication of [evidence]," *United States v. Holmquist*, 36 F.3d 154, 167 (1st Cir. 1994).  Accordingly, the Federal Rules of Evidence explicitly permit parties to offer pre-trial certifications to authenticate e-mails, telephone calls, and extracts from digital devices.  *See* Fed. R. Evid. 902(11), 902(13), 902(14).  And, as the government highlighted in its motion, courts in the First Circuit and elsewhere have routinely authenticated similar records before trial pursuant to this procedure, in order to streamline proceedings for jurors, witnesses, the Court, and the parties.  *See, e.g.*, *United States v. Burgos-Montes*, 786 F.3d 92, 119 (1st Cir. 2015) (affirming use of phone provider records accompanied by a certification under Rule 902(11), even if the exhibits themselves were made to comply with a request from law enforcement); *United States v. Gal*, 606 F. App'x 868, 875 (9th Cir. 2015) (affirming the admission of "emails based on Yahoo's affidavit" pursuant to Fed. R. Evid. 902(11)); *United States v. Hassan*, 742 F.3d 104, 13 n.25 (4th Cir. 2014) (rejecting "appellants' contention that the Facebook and Google certification are insufficient because they were made for litigation purposes several years after the postings occurred" as "entirely unpersuasive").

       The government is pursuing authentication pursuant to this well-established procedure, not only because there is no legitimate dispute that the e-mails are the e-mails and the calls are the calls, but also to streamline the trial and avoid calling five or more authentication witnesses, most of whom reside outside of New England.

       Now, however, in a 14-page brief, the defendants accuse the government of "tr[ying] to make an end run around of the Federal Rules of Evidence and Defendants' constitutional rights" and "mock[ing] evidentiary rules." Dkt. 2118 at 1, 8.  Hyperbole aside, the defendants' opposition suffers from four flaws in its logic in trying to manufacture a dispute on the eve of trial.

First, the defendants argue – for the first time in this case – that because "e-mail messages can be sent by persons other than the named sender," there is not the requisite "reasonable likelihood" for authentication that "the persons associated with these e-mail accounts are in fact the individuals the [g]overnment purports." Dkt. 2118 at 6. If the defendants would like to argue to the jury that e-mails bearing their names, with their signature blocks, copying their spouses, and discussing their children by name with Rick Singer, are not actually their e-mails, and that some mystery sender authored them, that is their choice. But the business records certifications of Google and Microsoft attesting that the defendants' and Singer's e-mails were maintained in the ordinary course and were accurately produced to the government in executing a search warrant, combined with the obvious authenticating details discussed within the e-mails, are more than sufficient to establish a "reasonable likelihood" that the e-mails are "what [they] purport to be." *Alicea-Cardoza*, 132 F.3d at 4. And of course, the defendants have themselves argued that these are their e-mails in motion after motion. The Court is entitled to consider these sworn admissions in determining authenticity. *See, e.g.*, *United States v. Kilpatrick*, No. 10-20403, 2012 WL 3236727, at *5 (E.D. Mich. Aug. 7, 2012) ("This Court can consider the admissions made by Defendant . . . and his attorneys in other proceedings to determine whether the government has made a *prima facie* showing of authenticity.").

Second, in an attempt to confuse the issues, the defendants repeatedly conflate authenticity with admissibility. In just the first two pages of their opposition, they accuse the government of seeking the "wholesale *admission*" of evidence, and of asking the Court to "*admit* the bulk of the [g]overnment's evidence against [d]efendants" without laying a foundation. Dkt. 2118 at 1–2; *see also id.* ("The Government's attempt to *admit* . . ."; "establishing *admission*"). That is wrong. The government's motion does not seek the *admission* of any exhibit, and the defendants are

4

attempting to obfuscate the issues to avoid the "relatively undemanding" standards for authenticity. *Appolon*, 715 F.3d at 371. The e-mails of Singer and the defendants, the recorded calls of Singer and the defendants, and the extract of Singer's iPhone are *authentic* because, as the certificates submitted by the government and the details within the evidence demonstrate, they are what they purport to be. They will be *admissible* at trial for a host of other evidentiary reasons, but admissibility is not the subject of the government's motion.[6]

Third, the defendants incorrectly contend the government is seeking a "blanket authentication" and disingenuously assert that it is "not entirely clear what the [g]overnment is asking the Court to pre-authenticate." Dkt. 2118 at 3. The defendants have been in possession of the government's exhibit list – which includes summaries of each exhibit – for more than two months. The defendants know exactly which of their e-mails and calls, and which of Singer's e-mails and calls, the government intends to introduce at trial. Should the Court determine, for example, that it needs to review each of defendant Wilson's e-mails even though they were all seized from the same e-mail account in executing the same search warrant, the government can provide an exhibit-by-exhibit list.

Fourth, the defendants prematurely raise the Confrontation Clause in a dispute over authenticity. The government's motion noted that the use of business records certifications to pre-

---

[6] Further, the defendants resort to inapposite case law on authenticity. The one case they discuss in detail, *Shah*, from the Eastern District of North Carolina and which they contend involved the "exact issue," was a prosecution for computer hacking where the central defense was identity, and therefore the authenticity of the e-mails in question was the central issue in the case. *See United States v. Shah*, 125 F. Supp. 3d 570, 573 (E.D.N.C. 2015). And even there, the court cabined its ruling, noting that its "discussion should not be confused with an admonition that the documents may never be accepted into evidence as Google's business records," and that "the court's analysis is semantic in nature and, in practice, does not operate to the detriment of the government." *Id.* at 576.

authenticate evidence, without calling a keeper-of-records witness, does not violate the Confrontation Clause, because the certifications themselves are not the evidence and are therefore not testimonial. *See* Dkt. 2099 at 6–7 (collecting cases). The defendants do not dispute that. Instead, they once again seek to create a dispute over *admissibility*, contending that admitting the recorded calls between Singer and the defendants, without calling Singer as a witness, would violate the Confrontation Clause. The defendants' argument is premature because this motion concerns authenticity: whether the calls are the calls.

But the defendants' argument is also incorrect as a matter of law. It ignores well-established First Circuit precedent holding that the recorded admissions of defendants to cooperating witnesses or undercover agents are admissible, and that the cooperator's statements are likewise admissible to provide context for those admissions, among other reasons. *See, e.g.*, *United States v. Walter*, 434 F.3d 30, 35 (1st Cir. 2006) (holding that statements by non-testifying cooperator on recording "introduced solely to place a defendant's admissions into context are not hearsay, and as such, do not run afoul of the Confrontation Clause"); *see also United States v. Perez-Vasquez*, 6 F.4th 180, 197 (1st Cir. 2021) (explaining that statements by a non-testifying cooperating witness on a recording to provide context for a defendant's admissions and other co-conspirator statements are not offered for the truth of the matter asserted, and therefore do not violate the Confrontation Clause); *United States v. Sandoval*, 6 F.4th 63, 94 (1st Cir. 2021) (same); *United States v. Liriano*, 761 F.3d 131, 137 (1st Cir. 2014) (same). Accordingly, for example, Singer's ruse that he was being audited by the IRS (*i.e.*, which will not be offered for the truth of the matter asserted) and his *question* to Abdelaziz about whether he agreed that Singer should lie to the IRS about the fact that Abdelaziz's daughter was admitted to USC as a fake basketball recruit in exchange for a payment, is admissible to provide context for Abdelaziz's admission: "Of

course." And, of course, the Court may consider providing a limiting instruction about the appropriate use of such evidence when it is introduced.

For these reasons, and the reasons set forth in its opening brief, the government has easily satisfied its burden of proving, by a "reasonable likelihood," that the defendants' and Singer's e-mails are *their e-mails*, and that their calls are *their calls*. The government therefore respectfully requests that the Court make a *prima facie* finding that the (a) intercepted wire and electronic communications over the cellular telephone assigned the call number ending in 8802, used by Rick Singer; (b) e-mails obtained via searches of the e-mail accounts gamalaziz797@gmail.com; rickwsinger@gmail.com; rwsinger@gmail.com; and john@hyannisportcapital.com, and (c) a forensic extraction of Singer's iPhone, IMEI 353807081688088, including the extraction report and six voicemail messages extracted from the device, are authentic, that admission of certificates to authenticate the underlying records does not violate the Confrontation Clause, and that live witness testimony to authenticate these records is unnecessary.

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By: */s/ Ian J. Stearns*
        JUSTIN D. O'CONNELL
        KRISTEN A. KEARNEY
        LESLIE A. WRIGHT
        STEPHEN E. FRANK
        IAN J. STEARNS
        Assistant United States Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: August 31, 2021                  <u>/s/ *Ian J. Stearns*                    </u>
                                        IAN J. STEARNS