## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 19cr10080-NMG-4 |
| Plaintiff, | ) |
| v. | ) **REQUEST FOR ORAL AGRUMENT** |
| GAMAL ABDELAZIZ, et al, | ) **FILED UNDER SEAL** |
| Defendants. | ) Motion for Leave to File Under Seal Reply |
| | ) Granted on August 31, 2021 |

### REPLY IN SUPPORT OF MOTION TO INTERVENE AND QUASH
### TRIAL SUBPOENA (REDACTED)

Defendants' Opposition proves that they intend to do what the Court has ruled they cannot: make the trial be about USC's admissions policy and methods.  Even if the Court had been inclined to allow this irrelevant evidence at trial, defendants have chosen the wrong witness because there is no link between Mr. Haden and defendants.  Defendants' Opposition only proves this point.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████

Mr. Haden respectfully asks this Court to quash the subpoena.

## I.    MR. HADEN'S TESTIMONY IS IRRELEVANT AND NOT EXCULPATORY

Mr. Haden was not involved in USC's admission process for defendants' children, has no firsthand knowledge of defendants' misrepresentation, and knows nothing about their illicit payments.  Defendants do not contest these points.  Instead, they argue that his testimony is relevant to purportedly: (1) show that he instructed USC personnel to route donor's applicants through the athletics subcommittee ("Subco") even if they were not USC-caliber athletes; (2) establish that he instructed his subordinates to follow-up with Mr. Singer; and (3) define the honest

services his subordinates owed USC.  *Id.* at 1-2.  The Court already ruled that these subjects are off limits, finding that "this trial is not going to be about the general admissions policy of the [USC] or the method it uses to admit students."  August 8, 2021 Tr. at 6:11-13.

But this type of evidence is exactly what defendants seek to elicit from Mr. Haden.  This is so despite the fact that Mr. Haden's testimony would have no connection to defendants.  The Court ruled that to allow any evidence of USC's admissions practices or prior admissions of donors' children, there must first be evidence showing defendants: (1) were "misinformed with respect to the admissions policy"; or (2) "knew USC admitted a specific unqualified student whose parent made a large donation to the school before that defendant entered into the alleged conspiracy with Singer."  *Id.* at 6:14-19.  Defendants proffer no such evidence, and do not even argue they were aware of any action they attribute to Mr. Haden.  The testimony therefore "has no bearing on the defendants' state of mind and, thus, is irrelevant . . . ."  *Id.* at 6:20-22.

Defendants' failure to establish any relevance to Mr. Haden's innocuous actions is obvious by looking at the dates they entered the conspiracy and their children applied to USC.  Defendant Wilson agreed to pay Mr. Singer a total of $220,000 to facilitate his son's admission to USC in **2013**.  But it is undisputed that Mr. Haden was introduced to Mr. Singer for the first time two years later in **May 2015**. ███████████████████████████████████  Defendant Wilson does not (because he cannot) articulate how anything coming out of Mr. Haden's subsequent meeting with Mr. Singer could show defendant Wilson had been misinformed earlier about USC's admissions policy or knew USC admitted a specific unqualified student.[1]  Defendant Wilson's counsel acknowledged the need to tie this type of evidence to defendant's knowledge,

---

[1] The special interest spreadsheets attached as Exhibits C and E to the Opposition are not proof of an existing program within USC that defendants were using.  It is Mr. Haden's understanding that defendants and their children were not listed on any of these spreadsheets.

arguing that the probative value would be shown by Mr. Singer telling him, "I'm getting you into an existing USC program," which counsel claimed would be relevant "to the extent that [Singer] has represented that."  August 8, 2021 Tr. at 16:1-3.[2]  At the time of Mr. Singer's interactions with defendant Wilson about USC, Mr. Haden did not even know who Mr. Singer was.  Indeed, instead of Mr. Singer establishing his bona fides to defendant Wilson by promoting his affiliation with Mr. Haden, it was the exact opposite.  ██████████████████████████████████ ████████████████████████████████████████████████████████

Defendant Abdelaziz's timeline is just as telling and fatal to any claim of relevancy.  His role in the conspiracy allegedly began in the **summer of 2017**, with his daughter's admission process occurring in the months and year thereafter.  Mr. Haden was long gone by then, as his tenure as USC athletic director ended in **June 2016**.  Accordingly, defendant Abdelaziz has subpoenaed the wrong witness to discuss any facts related to the time of his alleged conspiracy.

Defendants proffer evidence that other students may have gone through an improper admissions process, but defendants do not argue they were aware of that process prior to entering the conspiracy.  Accordingly, the evidence is inadmissible.  Even if they had this simple knowledge, it would not be enough.  The evidence would have to show that defendants believed their own children's admissions processes were proper because they acted in good faith reliance on other applicants' processes, which they also thought were proper.  Defendants do nothing to contest this point from Mr. Haden's Motion.  They also fail to discuss or distinguish *United States v. Sans*, which held that "whether the [defendants] knew that other[s] . . . disobeyed the law was not relevant to whether [defendants] acted knowingly . . . ."  731 F.2d 1521, 1530 (11th Cir. 1984).

---

[2] Counsel was coy about who Mr. Singer was speaking with, describing them only as "members of the conspiracy" and "supposed conspirators."  Aug. 18, 2021 Tr. at 15:25-16:3.  To the extent Mr. Singer did not make these representations to defendant Wilson, it is hard to even articulate how this evidence would be relevant to his defense.

Defendants claim that Mr. Haden's testimony would be exculpatory in defining the honest services others owed to USC. This argument fails. ██████████████████████ Mr. Haden's testimony would be inculpatory and not exculpatory. If called as a witness, Mr. Haden would testify truthfully ████████████████████████████

- It was not appropriate to fake credentials on USC applications, and he would not support a fake athlete;

- He made it clear to USC staff during numerous staff meetings that they were not to link donation to the admissions decisions;

- He informed parents there was no quid pro quo between donations and admissions;

- Coaches were supposed to recruit real players in order to win games, not sell spots;

████████████████

Defendants suggest they have evidence to the contrary. If so, those witnesses—and not Mr. Haden—should testify for the defense.

Defendants repeatedly claim that Mr. Haden "set the tone at the top" with respect to fundraising and admissions. As shown above, any tone Mr. Haden set would be inculpatory, given that he told staff and parents not to link donations to admissions. But the fact is that Mr. Haden did not "set the tone" or otherwise control USC's Office of Admission, which is the only department responsible for admitting any student, including student-athletes.

Subco consisted entirely of employees in the Office of Admission. Defendants' claim that Mr. Haden "instructed USC personnel to weigh applicants' fundraising potential as part of USC's Subco admissions process" makes no sense because no employees reporting to Mr. Haden had any power to admit student athletes. No one in the Athletic Department was a member of Subco.

Defendants also claim that Mr. Haden "communicated to members of the Subco" to "engage in fundraising . . . without regard to applicants' actual athletic talent." This presumably

refers to Donna Heinel, who was not a member of Subco.  To the extent Mr. Haden ever communicated with the Office of Admission about applicants, it was not with respect to Subco. Mr. Haden did not attend Subco meetings.

**III.    THE SUBPOENA UNDULY BURDENS MR. HADEN**

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████

**<u>Conclusion</u>**

As his testimony is irrelevant and the subpoena is burdensome, Mr. Haden respectfully

asks this Court to: (a) allow him to intervene and (b) quash defendants' subpoena.

Dated:  August 31, 2021                                   Respectfully submitted,


                                                          /s/ William J. Lovett
                                                          William J. Lovett (BBO No. 643525)
                                                          Lovett O'Brien LLP
                                                          One Beacon Street
                                                          Suite 1320
                                                          Boston, MA 02108

                                                          /s/ Brandon D. Fox
                                                          Brandon D. Fox (Admitted *Pro Hac Vice*)
                                                          Jenner & Block LLP
                                                          633 West 5th Street
                                                          Suite 3600
                                                          Los Angeles, CA 90071

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on August 31, 2021.

<u>/s/ Brandon D. Fox</u>

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

GAMAL ABDELAZIZ, et al,

     Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. 19cr10080-NMG-4

**REQUEST FOR ORAL ARGUMENT**

**FILED UNDER SEAL**
Motion for Leave to File Under Seal Reply
Granted on August 31, 2021

1



