UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG<br>**REDACTED**<br>(Leave to file under seal granted on September 1, 2021) |

**DEFENDANT JOHN WILSON'S MOTION TO EXCLUDE
KNOWN FALSE EVIDENCE REGARDING JOVAN VAVIC**

Defendant John Wilson moves *in limine* for the Court to exclude evidence or testimony about USC men's water polo coach Jovan Vavic that the Government knows is false. Specifically, the Government appears prepared to introduce:

- The false email script that Rick Singer provided to Devin Sloane—the father of ▮ Sloane, a USC water polo recruit who did not actually play competitively—in April 2018 indicating that Vavic played a role in admitting ▮. *See* Ex. A, Gov. Trial Ex. 510 (falsely stating Vavic knew ▮ from European competition and had encouraged him to apply to USC as a water polo player). Singer provided this script to Devin when ▮'s high school began questioning ▮'s admission to USC. *See id.* Vavic had no role in ▮'s admission and did not know the Sloane family. Singer invented a false story for Donna Heinel to unknowingly transmit, without Vavic's knowledge or cooperation. The Government knows that Singer's script is false, having said as much to Judge Talwani and to Probation in connection with Devin Sloane's sentencing.

1

- Testimony from Rick Singer that his tuition payments to Vavic's children's school related in any way to Wilson's son's admission to USC.  The Court denied Wilson's motion to exclude the payments generally, but has <u>not</u> yet addressed whether the Government may falsely link them to Wilson.  Singer specifically told the Government that the tuition payments—first made after Wilson's son had already been admitted to USC and had played water polo as a freshman—were ███████████ ████████████ *See* Ex. B, ████████████████ ████████████.  Singer thus acknowledged that the purpose of these payments had nothing to do with Wilson's son's 18-months'-prior admission, and any testimony to the contrary would be false.[1]

The Court should exclude this false testimony and evidence pursuant to *Napue v. Illinois*, 360 U.S. 264, 265 (1959) (prohibition on prosecution presenting known false testimony), and FRE Rules 401, 402, and 403.

### A. Government Exhibit 510 Falsely Portrays Vavic as Involved with ███ Sloane's Admission, Which The Government Knows Is Untrue

Government Exhibit 510 is an email chain that relates to the admission of ███ Sloane, son of Devin Sloane, to USC as a water polo recruit through USC Senior Associate Athletic Director Donna Heinel.  After ███ was admitted, ███'s high school guidance counselor began questioning his acceptance as ███'s high school did not have a water polo team.  In the bottom email, dated April 11, 2018, Heinel emails Kirk Brennan (the USC Director of Admissions), who had been asking about ███'s admission.  *See* Ex. A.  In that email, Heinel claimed that Sloane's son was in fact a competitive water polo player.  *See id.*  In relevant part,

---

[1] Wilson expects the evidence will show that not a cent of Wilson's donation to USC went to Vavic; rather, the money went to USC's water polo program.

Heinel claimed that Sloane's son "participates in tournaments in Greece, Serbia (how he met Jovan [Vavic]) and Portugal." *See id.* at 00306334. Heinel then forwarded her email and Brennan's response to Singer. *See id.* Singer, in turn, forwarded the exchange to Devin Sloane along with a script for Devin to use if questioned by the high school. *See id.* The script states:

> I received a call from Coach Vavic last night asking why ▮ is pushing back on my decision to take ▮ as a member of my team - WHY?
>
> ▮ is strong enough student to compete as a student-athlete and be a positive role model for our program throughout USC - again WHY are they questioning??
>
> ------------------------------------------------------------------------------------
>
> Head Water Polo Coach-- Jovan Vavic and Lisa his wife have become family friend for several years since ▮ has participated in Water Polo in the summers while we were in Italy
>
> Coach Vavic goes to Serbia, Greece, Italy, Spain and Portugal with his college teams to train and recruit players to bring to the US; consequently, we have created a close relationship.
>
> Coach Vavic knows ▮ very well and realizes he is not at the National Level of USC as a water polo player but he encouraged us to have ▮ consider attending USC and being a part of his team
>
> Coach Vavic stated to us that he has 40-50 guys on his team annually. Only a couple handful play but he needs practice players and great teammates plus he knows we are a generous family.



*Id.* As the Government knows, this information was false. Coach Vavic did not know ▮ Sloane, did not encourage him to join USC's water polo team, and had no association of any kind with the Sloane family. Rather, Sloane's admission was executed entirely through Singer and Heinel.

The Government knows that Singer's script (and Heinel's statement) as they relate to Vavic are false, and the Court should exclude this email and any evidence that paints Vavic as part of ▮ Sloane's admission. The Government prosecuted Devin Sloane in part over the efforts

reflected in this email to deceive ▮▮▮'s high school. At Devin Sloane's sentencing hearing, AUSA Rosen's statement of the offense noted that Devin Sloane "developed a particular aptitude for lying. Lying to his son's high school in multiple occasions to defuse concerns about his use of Singer and to confirm that his son truly was a water polo player." *See* Tr. of Sentencing Hr'g, *United States v. Gregory Abbott et al.*, 1:19-cr-10117-IT (D. Mass. filed Sept. 27, 2019), ECF No. 491.

Similarly, the Government's written statement of the offense as memorialized in Probation's Pre-Sentence Report noted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. C, Pre-Sentence Investigation Report at ¶¶ 55-56 (rev. Sept 3, 2019). Moreover, the Government even relied on Sloane's participation in efforts to deceive the guidance counselor in arguing Sloane should receive a longer sentence than his co-defendants. *See* Gov.'s Consolidated Sentencing Mem., *United States v. Gregory Abbott et al.*, 1:19-cr-10117-IT (D. Mass. filed Sept. 6, 2019), ECF No. 423 ("Sloane, for example, merits a comparatively greater sentence because—rather than merely funneling bribe payments through Singer's purported charity—he took steps to affirmatively mislead USC, including by . . . lying to a high school guidance counselor about why his son was recruited as a water polo player.").

**B. The Government May Not Introduce Evidence that Singer's Unilateral Tuition Payments to Vavic's Children's High School Related to Wilson, Which the Government Knows Is Untrue**

As discussed in greater detail in Wilson's Motion in Limine to Exclude Evidence of Private School Tuition Payments (ECF No. 1998)—which the Court denied but has not addressed *how* the Government may use the evidence—Singer in August 2015 began unilaterally making tuition

4

payments to cover Vavic's son's high school tuition. By this time, Wilson's son had already been admitted to USC eighteen months earlier and had finished his freshman year, a year in which he played water polo on USC's team. No witness has ever told the Government that these payments related to Wilson's son, or that Wilson ever knew anything about them. He did not. Indeed, Singer has only ever said—and the Government has only ever alleged—that the tuition payments related to the potential admission of *future* candidates, not to any past act (which, in any event, would at best constitute an after-the-fact gratuity rather than an unlawful bribe). Most notably, in an interview with the Government on ███████████, Singer told the Government:



*See* Ex. B (emphasis added). ███████████ discussion with Vavic in the wiretapped recording that Defendants have sought to exclude from evidence, where the two men exclusively discuss the tuition payments relating to *future* recruits. *See* Ex. D, Gov. Trial Ex. 620 ("But *if I come across* somebody that's a water polo player . . . then, uh, uh, it's still OK for me to holler at you, because—essentially, what we've done in the past, with the scholarships for your boys."). The Government's indictment in Vavic's case similarly characterizes the tuition payments as relating to *future* recruits. *See* Second Superseding Indictment ¶ 47, *United States v. Gordon Ernst et al.*, 1:19-cr-10081-IT (D. Mass. filed Sept. 1, 2020), ECF No. 505 (in Jan. 2, 2019, recorded call reflected in Government Trial Exhibit 620, "Singer asked VAVIC if he would purport to recruit additional children of Singer's clients . . . because of 'essentially, what we've done in the past, with the scholarship for your boys.'"). The Court should exclude all evidence,

including Government Exhibit 620, that insinuates the tuition payments related in any way to Wilson.

Without in any way waiving the above, if the Court chooses to admit evidence of the tuition payments on the Government's theory (i.e., that even though Wilson knew nothing about them, the payments are relevant to show how the conspiracy "operated"), Wilson respectfully asks that the Court offer a limiting instruction that the evidence is to be considered only for that limited purpose and not as evidence to show Wilson violated any criminal statute and, in particular, not as proof of bribery, fraud or tax evasion.

WHEREFORE, Wilson respectfully requests the Court preclude the Government from introducing the evidence identified above, which the Government knows is false.

Dated: September 1, 2021
Boston, Mass.

Respectfully submitted,

*Counsel for John Wilson*,

<u>/s/ Michael Kendall</u>
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
atomback@mclaughlinstern.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1**

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues.

*/s/ Michael Kendall*

## **CERTIFICATE OF SERVICE**

I, Michael Kendall, hereby certify that on September 1, 2021, this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

*/s/ Michael Kendall*