UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

**[PROPOSED] DEFENDANTS' SUR-REPLY TO PAT HADEN'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND QUASH TRIAL SUBPOENA**

Defendants Gamal Abdelaziz and John Wilson seek the testimony of Pat Haden for a relevant, specific purpose: establishing the nature of the honest services that his subordinates owed to him and USC. Haden alone can provide this crucial testimony. ███████████████████████████████████████████████████████████████

### I. THE ACTUAL TESTIMONY THAT DEFENDANTS SEEK IS CRUCIAL, SPECIFIC, AND RELEVANT. ONLY HADEN CAN PROVIDE IT.

Haden has repeatedly argued that Defendants seek his testimony to attack USC's admissions process. They do not. Rather, Defendants agree with Haden that relevance turns on "the relationship of the evidence sought to be admitted to the elements of the offense and to relevant defenses." *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991). Defendants seek his testimony on the elements of the relevant offense—an honest services conspiracy. The government bears the burden of proving an honest services fraud occurred. And proof will turn on the elements of (1) what was expected from USC employees, and (2) what benefited USC. *See Skilling v. United States*, 561 U.S. 358, 376 (2010) (citation omitted). Haden was the head of the

1

Athletics Department when his department submitted the application of Wilson's son to the Subco in 2014. Defendants subpoenaed several Athletics Department supervisors, and they have all asserted the Fifth Amendment to block Defendants' efforts to elicit this crucial evidence. Haden is the appropriate person to describe the customs and practices of the Athletics Department.

Haden will testify about the customs and practices in place when Wilson's son applied to USC. He can also testify about his initial meeting with Singer, being informed that Singer was fundraising for USC from his clients (including Wilson), and condoning the practice. ▌

Singer's efforts to raise donations for the USC sports program complied with the customs and practices Haden had already put in place. Haden was the leader of the fundraising campaign. He can and should testify to the very relevant expectations that USC had of the employees in its athletics department, that is, the duties owed by the alleged co-conspirators. Parents of students seeking admission or who had been admitted were clear fundraising targets, fundraising was a significant part of Haden's job, and fundraising was a key factor on which Haden reviewed those who worked for him. Fundraising was a valid and key goal established from the top—that is, Haden.

His role as Athletics Director uniquely positions Haden to testify as to why fundraising was expected: it benefited USC. Considering donations as a factor in the admission of students

2

was neither illegal nor harmful to USC. Haden can testify to the fact that fundraising was often a valid factor in determining whether to advocate for a particular student's admission. Standing alone, it was just a routine, necessary part of supporting an athletics department and the University as a whole.

Haden has argued that his testimony will not be exculpatory because, while fundraising was expected and beneficial to USC, bribery and falsification of student applications were not. Relevance, not exculpation, is the standard. Moreover, Defendants are entitled to present their defense, that is, that they only agreed to make contributions to USC, not to pay any bribes, and that they had no role in, or knowledge of, any false information provided to USC regarding their children.

Further, Haden's arguments about the timing of his dealings with Singer and the duration of his tenure are disconnected from the purpose of the testimony Defendants seek. Defendants do not assert that there was a specific program to improperly admit students established between Singer and Haden at the time of the admission of Defendants' children. Defendants' contention is that Haden implemented a proper, expected, and beneficial practice for USC to consider fundraising potential when deciding whether to support a student's Subco admission. A family's actual or potential financial contribution was a consideration for both Haden and his subordinates, and sometimes resulted in Haden and others supporting a candidate who had lesser athletic abilities because of the importance of financial contributions to the USC athletics program's overall success. ▮

▮



The Athletics Department continued the customs and practices Haden implemented after his retirement, and they remained in place through 2018.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

## CONCLUSION

████████████████████████████████████████ Given the central and unique nature of his testimony, this Court should deny Haden's motion to quash.

Respectfully submitted,

By their counsel

| | |
|---|---|
| /s/ Michael Kendall<br>Michael Kendall (BBO #544866)<br>Lauren Papenhausen (BBO# 655527)<br>WHITE & CASE LLP<br>75 State Street<br>Boston, MA 02109-1814<br>Telephone: (617) 979-9310<br>michael.kendall@whitecase.com<br>lauren.papenhause@whitecase.com<br><br>Andrew Tomback (pro hac vice)<br>MCLAUGHLIN & STERN, LLP<br>260 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 448-1100<br>ATomback@mclaughlinstern.com<br><br>*Counsel for John Wilson* | /s/ Brian T. Kelly<br>Brian T. Kelly (BBO # 549566)<br>Joshua C. Sharp (BBO # 681439)<br>Lauren M. Maynard (BBO # 698742)<br>NIXON PEABODY LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 345-1000<br>bkelly@nixonpeabody.com<br>jsharp@nixonpeabody.com<br>lmaynard@nixonpeabody.com<br><br>Robert Sheketoff (BBO # 457340)<br>One McKinley Square<br>Boston, MA 02109<br>(617)-367-3449<br><br>*Counsel for Gamal Abdelaziz* |

Date: September 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall