UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-cr-10080-NMG |
| ) | |
| GAMAL ABDELAZIZ, *et al.*, ) | |
| ) | |
| Defendants ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT WILSON'S MOTION
TO EXCLUDE EVIDENCE REGARDING JOVAN VAVIC (Dkt. 2136)**

At the pretrial conference on August 18, 2021, the Court stated that it would "give short shrift to motions addressing the same issues that have already been decided over the past 2 years." Dkt. 2108 at 7:8-10.  Despite this warning, Defendant Wilson has moved again to exclude evidence of tuition payments William "Rick" Singer made for the children of former USC water polo coach Jovan Vavic—a motion the Court recently considered and rejected.  *See* Dkt. 1998 (Wilson's Motion *in Limine* to Exclude Evidence of Private School Tuition Payments); Dkt. 2108 (8/18/2021 Tr. of Pretrial Conf.).  The Court should do so again here.  Evidence of the tuition payments is probative of the charged conspiracy and the ways in which Vavic accepted bribes and violated his duty of honest services to USC.

The Court should also reject Wilson's frivolous argument that introducing an email from Singer instructing another parent on what lies to tell his son's high school—*i.e.*, evidence of fraud—would be presenting "false" or "untrue" evidence to the jury.  Evidence of fraud is, by definition, false.  The government intends to offer this evidence to establish how the conspiracy worked and how the USC admissions office was deceived, among other things, and *not* to establish that the parent *in fact* received a call from Vavic or that the student was truly a recruited water polo player.  Accordingly, Wilson's motion should be denied.

I.  **The Court Has Already Denied Wilson's Prior Motion
to Exclude Evidence of Tuition Payments for Vavic's Children**

Defendant Wilson previously moved to exclude "all evidence and argument concerning William 'Rick' Singer's unilateral decision to pay tuitions for the children of USC water polo coach Jovan Vavic." Dkt. 1998 at 1. As grounds for that motion, Wilson argued, among other things, that the evidence would "confuse and mislead the jury" because the tuition payments for Vavic's children "postdate the admission" of Wilson's son to USC. Dkt. 1998-1 at 1-2. Wilson further argued that it would be prejudicial "for the government to try to conjure a connection between the admission of Wilson's son in 2014 to the secret tuition payments evidence." *Id.* at 4. In denying Wilson's motion, the Court rejected these arguments, finding that "evidence as to how Heinel and Vavic were paid is relevant to how the conspiracy operated and need not be excluded on the basis that some of the defendants were unaware of the arrangements." Dkt. 2108 at 13:8-11.

In his instant motion, Wilson attempts to repackage these same arguments by suggesting that the Court has not yet ruled on whether the government may "falsely" link the tuition payment evidence to Wilson. Dkt. 2136 at 2. But that is exactly what the Court previously considered and rejected. *See* Dkt. 2108 at 13 (denying Wilson's prior motion to exclude, Dkt. 1998). As the Court has already held, Wilson was charged with engaging in a "single overarching conspiracy," and evidence of the tuition payments "is relevant to how the conspiracy operated," even if Wilson did "not know the details of the conspiracy or participate in every act in furtherance thereof." Dkt. 2108 at 13:5-18. There is nothing "false" about evidence that, as part of the single overarching conspiracy, Vavic received tuition payments for his children. Nor does the fact that Wilson did not specifically know about the tuition payments make it "false" or otherwise improper for the government to introduce evidence of how the conspiracy worked. What is more, evidence

2

of the timing of Wilson's son's admission to USC, Wilson's payments to USC, and the tuition payments for Vavic's children will all be before the jury, as will the January 2019 call between Singer and Vavic (Ex. 620)—the very evidence Wilson argues demonstrates that the evidence of the payments is "false"—further insulating the jury from confusion about when certain events occurred or who said what about the payments.

## II. Evidence of Another Student's Admission Through Water Polo Is Likewise Relevant to How the Conspiracy Operated

Wilson has also moved to exclude Ex. 510, a false email script that Singer provided to another parent when his son's high school began questioning his admission to USC through water polo. The government does not dispute that the script, which suggests the student was a competitive water polo player being legitimately recruited to USC, is false. That is exactly the point. The script is evidence of how the conspirators concealed their fraud scheme from students' high schools and USC; how conspirators, including Donna Heinel, deceived USC admissions; and how parents played an active role in this concealment and deception—all of which is probative of the charged conspiracy, how it worked, and the fact that it involved, among other things, "concealing the fraud to prevent the scheme from being discovered, including by the Universities." Dkt. 732 (Fourth Superseding Indictment) at ¶ 66(j).

Under Wilson's view, the government would never be able to introduce any evidence of fraud in any case, because it would involve presenting "false" evidence to the jury. In presenting evidence of fraud, the government does not adopt the information as true, but rather presents it for what it is—evidence of the lies and deceit used to commit a crime. The government will do the same here. As Wilson notes in his brief, the government has consistently presented the script as

false in connection with the plea and sentencing of the other parent, and will do the same in this trial.[1]

## CONLUSION

For the foregoing reasons, Defendant Wilson's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Kristen A. Kearney*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Date:  September 5, 2021          Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By: */s/ Kristen A. Kearney*
Kristen A. Kearney
Date:  September 5, 2021          Assistant United States Attorney

---

[1] The government submits that it is premature to consider a limiting instruction concerning any particular item of evidence.  Should the Court determine that an instruction is necessary, the government submits that it should follow the First Circuit Pattern Jury Instructions.