UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | No. 19-CR-10080-NMG<br><br>*Leave to File Sealed Exhibit Granted 9/3/21* |

**MOTION FOR RECONSIDERATION ON WITNESS IMMUNITY**

Defendants respectfully urge the Court to reconsider its denial of their Motion for Order of Witness Immunity for Ron Orr, Stephen Lopes, and Scott Jacobson (Dkt. 1967).

Defendants respectfully note that the government's Opposition to the Motion states:

> There [is an additional basis] for compelling witness immunity that [is] not at issue here . . . . [W]here the government 'intimidate[s] or harasse[s] potential defense witnesses to discourage them from testifying. *Anguilo*, 897 F.2d at 1192. The defendants do not, because they cannot, contend that it applies in this case.

Dkt. 2045 at 3 n.1. Although the government disclaims that there has been any misconduct with respect to witnesses in this case, the undersigned recently came into possession of an email showing that there has, in fact, been such misconduct. As the attached email demonstrates, an attorney for a third party witness in this case emailed the government on August 5, 2021, stating that she was "unsettled and uncomfortable" with her conversation with the Boston AUSA. The attorney further stated:

> On Tuesday, after interviewing a . . . witness, you asked me if I had been contacted by the defense. I told you I had. You inquired as to whether they sought to interview witnesses. I told you they had. **You then asked if I was going to allow the defense to interview witnesses. When I told you that I was going to provide equal access to the defense, you implied there was a conflict for me to do so and that I should not be allowing defense interviews.** I immediately told you that I was uncomfortable with where the conversation was going. . . . I respectfully request that you refrain from asking me such questions or suggesting that [client] not make witnesses available to the defense. This places me in a very uncomfortable position, especially since you represent and are an agent of the Federal government.

(emphasis added).

This is not the first time that the Court has had to dealt with misconduct issues in this case. *See* 2/28/20 Hearing at 22:3-4 ("[T]his is a very complicated situation and it's ugly"); Dkt. 1169 at 8 (noting the government's "irresponsible and misguided" failure to disclose *Brady* material).

The undersigned respectfully request that the Court reconsider its denial of the Motion for Order of Witness Immunity with respect to Ron Orr, Stephen Lopes, and Scott Jacobson.

Dated: September 7, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

JOHN WILSON

By his attorneys:

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com

    lauren.papenhausen@whitecase.com

    Andrew E. Tomback (pro hac vice)
    MCLAUGHLIN & STERN, LLP
    260 Madison Avenue
    New York, NY 10016
    (212) 448-1100
    atomback@mclaughlinstern.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for the United States on September 7, 2021.

    */s/ Brian T. Kelly*
    Brian T. Kelly

REDACTED VERSION OF SEALED EXHIBIT

**From:** ███████████████████
**Sent:** Thursday, August 5, 2021 1:14 PM
**To:** ████████ (USAMA) <████████████████
**Cc:** ████████████████████████████
**Subject:** ████████

Dear ███
I am writing to you because our last conversation, on Tuesday, left me feeling unsettled and uncomfortable. I want to clarify in writing ████████ position and my role.

On Tuesday, after interviewing a ███ witness, you asked me if I had been contacted by the defense. I told you I had. You inquired as to whether they sought to interview witnesses. I told you they had. You then asked if I was going to allow the defense to interview witnesses. When I told you that I was going to provide equal access to the defense, you implied there was a conflict for me to do so and that I should not be allowing defense interviews. I immediately told you that I was uncomfortable with where the conversation was going. I made clear our position, which is that ████████ has no stake in the outcome of the criminal proceedings. I reiterated I would be making witnesses equally available to each side for interviews and that I would not be sharing with either side who is being interviewed or any substantive content of the interviews. I believe sharing that information provides an unfair advantage and would be overstepping my bounds as ████████'s attorney. (It's also probably unethical.) I respectfully request that you refrain from asking me such questions or suggesting that ████████ not make witnesses available to the defense. This places me in a very uncomfortable position, especially since you represent and are an agent of the Federal government.

I am copying defense counsel on this email, so we are all clear on how ███ will proceed/participate during your respective trial preparation and through the trial date. As I have told you (both) from the beginning, ████████ will abide by all lawful court orders and I will be present to protect the ████/represented employees' interests. ████████ and its employees are percipient witnesses. ████ is not affiliated with either side—the defense or prosecution—and will continue to take a neutral position. ████████ cannot (and will not) show favoritism towards either side and will avoid any appearance of impropriety.

████████ will continue to cooperate with both sides. If either side has an interest in conducting interviews prior to trial, please continue to coordinate them with me. I am also authorized to accept service of trial subpoenas on behalf of the ████████ witnesses.

As always, I am available should you wish to further discuss this matter. Do not hesitate to contact me.

Best,
██████