# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

**[PROPOSED] DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO SEQUESTER WITNESSES**

The Defendants Gamal Abdelaziz and John Wilson have requested sequestration of witnesses at the upcoming trial.  ECF No. 2164.  Defendants are entitled to their requested sequestration as a matter of right under Federal Rule of Evidence 615.  In contrast, the Government has requested sequestration of Defendants' family members during opening statements, which is neither required by Rule 615 nor merited.  There is no good basis for the Government to single out the Wilson family for such unprecedented and harsh treatment.  Moreover, though Rule 615 does allow the Government to exempt a single case agent from Defendants' sequestration request, the Government is again not satisfied with what Rule 615 provides, and seeks the unsupported extension of the case agent exception to three case agents.  It offers no authority to rebut the case law that rejects its request.

**1. Mandatory Sequestration Under Rule 615 Does Not Apply to Opening Statements.**

Upon request, a party is entitled to sequestration of witnesses as a matter of right under Federal Rule of Evidence 615.  Fed. R. Evid. 615; *United States v. Machor*, 879 F.2d 945, 953 (1st Cir. 1989) ("Fed. R. Evid. 615 requires that the trial court sequester witnesses at the request of a

1

party."). The mandatory sequestration provided by Rule 615 is limited in its application, requiring the sequestration of witnesses only "so that they cannot hear other witnesses' **testimony**." Fed. R. Evid. 615 (emphasis added). A party's opening statement is not, in fact, testimony, or even evidence at all. Sequestration "is therefore not appropriate during . . . the opening arguments of counsel." 1 KENNETH S. BROWN, MCCORMICK ON EVIDENCE § 50 at 332 n.6 (7th ed. 2013) (quoting 6 WIGMORE, EVIDENCE § 1840 at 470 (Chadbourn rev. 1976)). The only Circuit Court to have considered the application of Rule 615 to opening statements held that "a party's request for the exclusion of witnesses prior to opposing counsel's opening statement" is **not** "within the purview of Rule 615." *United States v. Brown*, 547 F.2d 36, 37 (3d Cir. 1976), *cert. denied*, 431 U.S. 905 (1977) ("Rule 615 relates exclusively to the time testimony is being given by other witnesses."). The Government is not entitled to Rule 615 sequestration of the Wilson family during Defendants' opening statements.

2. **Extending Sequestration to Opening Statements Is an Extreme and Unjustified Response to the Government's Unfounded Concern That Defense Counsel Briefly Introducing Family Members Will Result in Jury Nullification.**

As Rule 615 does not provide mandatory sequestration during opening statements, whether to extend sequestration beyond the bounds of Rule 615 is entirely discretionary. *Brown*, 547 F.2d at 37 ("The decision as to whether witnesses should be excluded prior to counsel's opening statement is committed to the discretion of the district court.").[1] There is no merit to the Government's concerns about defense counsel introducing family members during opening statements, and thus no reason for this Court to exercise its discretion. Defense counsel for John Wilson will do nothing more than succinctly identify Wilson's wife and children and will offer no

---

[1] Indeed, the treatise cited by the Government in its Response is in agreement that the accepted practice is not to apply Rule 615 sequestration to opening statements, but to leave the issue to the discretion of the trial court.

commentary. Unembellished identification of family members by defense counsel is commonplace and unproblematic, and the Government has cited no authority for banning it. In attempting to make an issue of such a routine practice, the prosecution is singling the Defendants out in a way that is improper and unmerited. Defense counsel need not and should not be barred from briefly identifying family members during openings.

### 3. The Case Agent Exception to Rule 615 Allows the Government to Exempt Only One Case Agent—Not Three—From Sequestration.

There is no dispute by defense counsel that, in addition to providing for sequestration as of right, Rule 615 also provides exceptions to mandatory sequestration. One of these exceptions—the case agent exception—allows the Government to have a single case agent shielded from sequestration and seated at its counsel table. *United States v. Casas*, 356 F.3d 104, 126 (1st Cir. 2004). What defense counsel must dispute is the Government's request that this Court extend the case agent exception to permit the Government to have not one, but three, case agents. The text of Rule 615,[2] the committee notes,[3] and the cases cited by the Government in support of the use of this exception[4] are all at odds with the Government's request for multiple case agents. Though this has not been decided by the First Circuit, other Circuits have held that the plain, singular language of Rule 615 means that the Government may have only one case agent shielded from

---

[2] "[A]n officer or employee of a party that is not a natural person, after being designated as the party's **representative** by its attorney." Fed. R. Evid. 615(b) (emphasis added).

[3] "[G]overnment counsel is permitted 'to have **an investigative agent** at counsel table throughout the trial although the **agent** is or may be a witness.'" *United States v. Casas*, 356 F.3d 104, 126 (1st Cir. 2004) (quoting Notes of Committee on the Judiciary, Senate Report No. 93-1277) (emphasis added).

[4] *United States v. Machor*, 879 F.2d 945, 953 (1st Cir. 1989) (upholding the trial court's decision to permit one case agent under Rule 615); *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (approving of the case agent exception applying to a single case agent).

sequestration. *E.g., United States v. Farnham*, 791 F.2d 331, 334-35 (4th Cir. 1986). The Government provides no justification for its unprecedented request to extend the narrow and singular case agent exception to allow three witnesses to avoid sequestration.

It is likely that one or more case agents will testify at trial. Thus, there is a strong presumption that the Court should not deviate from the well-recognized rule that only one case agent can be exempted from sequestration.

Respectfully submitted:

*Counsel for John Wilson:*

/s/ *Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
atomback@mclaughlinstern.com

*Counsel for Gamal Abdelaziz,*

/s/ *Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA  02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA  02109
617-367-3449


Dated: September 8, 2021

## CERTIFICATE OF SERVICE

      This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

                                      /s/ *Michael Kendall*
                                      Michael Kendall