UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-CR-10080-NMG |
| GAMAL ABDELAZIZ, et al, | ) REQUEST FOR ORAL ARGUMENT |
| | ) |
| Defendants. | ) |

**MOTION TO INTERVENE AND QUASH TRIAL SUBPOENAS**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, Alex Garfio, Alexandra Reisman (nee Bitterlin), and Scott Wandzilak respectfully move to intervene for the limited purpose of asking this Court to quash trial subpoenas for their testimony served on August 25, 2021 by counsel for defendant John Wilson.  Garfio, Reisman, and Wandzilak move to quash the subpoenas on the grounds that they seek testimony that this court excluded in its pretrial rulings on August 18, 2021.  Final Pretrial Conference, DE #2101.  Specifically, the Court ruled that "[t]his trial is not going to be about the general admissions policy of the University of California or the method it uses to admit students. USC is not on trial here, and I will not have this case devolve into multiple side trials."  Transcript of DE #2101, DE #2108 at 6:11-22.

In the interest of judicial economy, Garfio, Reisman, and Wandzilak join in and incorporate the arguments set forth in Government's Motion In Limine To Preclude Irrelevant Evidence Concerning Uncharged Third Parties, which was filed on July 31, 2021 (DE #2101), as well as the legal arguments in Pat Haden's Motion to Intervene and Quash Trial Subpoena, filed on August 17, 2021 (DE #2094).

ME1 37424384v.2

**BACKGROUND**

**I.     THE CHARGES AGAINST THE DEFENDANTS**

Defendants have been charged in a Fourth Superseding Indictment ("FSI") with conspiring with William "Rick" Singer" and others to commit fraud, bribery, and money laundering. Defendant Wilson is also charged with two substantive counts of wire fraud, one substantive bribery count, and one tax fraud count. The underlying allegations are that the defendants falsely presented their children to university admissions departments as legitimate athletes, and induced athletic department officials to recruit their children using quid pro quo payments. The indictment does not allege that Garfio, Reisman or Wandzilak knew anything about any bribes to Singer, test takers, or University of Southern California ("USC") officials. Similarly, it does not allege that any of them were aware of any of Singer's or his clients' misrepresentations relating to the athletic abilities of any applicant in order to facilitate their admission to USC. Additionally, there is no suggestion that Garfio, Reisman or Wandzilak have any knowledge of defendant Wilson's purported tax fraud.

Defendant Abdelaziz's role in the conspiracy allegedly began in the summer of 2017. FSI, DE #732 at ¶ 114. Defendant Abdelaziz allegedly paid Singer $300,000 to facilitate his daughter's admission to USC as a purported basketball recruit and misrepresented her athletic accomplishments. FSI at ¶¶ 114, 117. According to the indictment, the admission's process at USC for defendant Abdelaziz's daughter took place from approximately October of 2017 to March of 2018. *Id.* at ¶¶ 118-20.

Defendant Wilson allegedly agreed to pay Singer a total of $220,000 to facilitate his son's admission to the USC in 2013. FSI at ¶ 225. Singer, defendant Wilson, and USC's former water polo coach allegedly falsified awards and athletic accomplishments of his son so that USC's subcommittee for athletics admissions ("Subco") would and did admit him as a purported

water polo recruit.  FSI at ¶¶ 227-34.

## II. DEFENDANTS' SUBPOENAS

On August 25, 2021, defendants served Garfio, Reisman, and Wandzilak with subpoenas purporting to command their appearance to testify on September 13, 2021.  During the meet and confer process, defense counsel conceded that neither Reisman nor Wandzilak had any contact with either defendant and were not involved in and had no knowledge of the admission process for the defendants' children to USC.  Following the meet and confer meeting, counsel for Garfio, Reisman, and Wandzilak requested that counsel for both of the defendants provide a summary of the expected testimony of Garfio, Reisman, and Wandzilak in order to adequately assess their Fifth Amendment rights and in light of the Court's pretrial ruling on August 18, 2021 limiting the scope of the issues at trial.  Initially, counsel for Wilson stated that with respect to Alex Garfio, he would seek testimony about the preparation and presentation of Wilson's son's application that was processed through Subco, and also about the general Subco process and USC fundraising.  More recently, counsel wrote that he expected to ask Garfio about his direct involvement with Johnny Wilson's application to USC and the SubCo approval, as well as "the Athletic Department's customs and practices for both SubCo and fundraising."  Lastly, counsel indicated that he would seek testimony from Garfio that bore upon the defense of the tax charge and suggested that the Court would have to assess during the trial on a question by question basis the admissibility of Garfio's testimony regarding the Athletic Department's customs and practices for both SubCo and fundraising and the tax charge.

Counsel also agreed that neither Wandzilak nor Reisman had any contact with Wilson or involvement in Wilson's son's application or admission to USC.  More recently, counsel offered that he expected to seek testimony from Reisman and Wandzilak concerning the Athletics

ME1 37424384v.2

Department's customs and practices for both SubCo and fundraising – which are the same topics about which they seek testimony from Garfio – and the expectation of honest services that USC employees should have met. Finally, counsel claimed that these witnesses' testimony was also relevant to the defense of the tax charge. These explanations are inaccurate, run afoul of the Court's ruling, and are not relevant.

## LEGAL STANDARD

"Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest." *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) (citations omitted). Garfio, Reisman, and Wandzilak's interests in quashing the subpoena will not be adequately represented by either party in this criminal case. As of this filing, the defendants oppose this motion, and the government is taking no position.

Subpoenas seeking testimony for use in a criminal trial are governed by Federal Rule of Criminal Procedure 17. *See also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The proponent of a Rule 17 subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity," as well as "that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon*, 418 U.S. 683, 700 (1974) (quotations omitted); *see also United States v. Khan*, No. 06-CR-255 (DLI), 2009 WL 152582, at *2 (E.D.N.Y. Jan. 20, 2009) (applying the Nixon test to several subpoenas for trial testimony). Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, "courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000).

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v.*

*Henry,* 482 F.3d 27, 30-31 (1st Cir. 2007) (affirming trial court's decision to quash subpoenas pursuant to Fed. R. Crim. P. 17(c)(2)); *United States v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding district court order quashing subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)).

## ARGUMENT

### I.   DEFENDANTS SEEK TESTIMONY THAT THE COURT HAS EXCLUDED

The defendants have not and cannot meet their burden of showing that the testimony of Garfio, Reisman or Wandzilak is relevant, admissible and specific, measured against the Court's pretrial rulings. *See United States v. Nixon, supra.* (setting forth the requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity,").

#### 1.   There is No Proper Testimony of Wandzilak and Reisman

Wandzilak and Reisman had nothing to do with either defendants' children's applications to USC and had no contact with defendants or their children.  They were merely fundraisers in the USC Athletics department and they did not solicit or have any involvement with any donations that the defendants are alleged to have made to USC.  In an attempt to get around this impediment, defense counsel expanded his proposed testimony from them to include questions concerning the Athletics Department's customs and practices for both SubCo and fundraising, and the expectation of honest services that employees should have met.  This is precisely the testimony that the Court sought to limit in its decision.  Moreover, it is the same testimony the defense is seeking from Garfio, and perhaps other witnesses, so it would be cumulative of them. Finally, defense counsel claimed that the testimony of Wandzilak and Reisman should be permitted on the tax charge defense.  This assertion is wholly unsupported by any explanation and is meritless.

The defendants have completely failed to identify any proper testimony that Wandzilak

and Reisman would provide. They were not involved in the defendants' children's applications or admissions processes and should not be compelled to appear and testify.

### 2.   **Garfio Would Not Provide Admissible Testimony**

The defendants have not identified any testimony Garfio can provide regarding Abdelaziz's child. And with good reason, Abdelaziz's child's application to USC occurred *after Garfio no longer worked for Donna Heinel,* the USC administrator who presented Abdelaziz and other applicants to Subco. FSI at ¶¶ 38, 118. Indeed, Garfio had no contact with either defendant or their children. Instead, Garfio, who was Heinel's assistant, merely received a few emails from the USC water polo coaching staff about Wilson's son, and put the information into Wilson's son's packet of materials. Heinel then presented it to Subco. As such, his testimony would be limited to describing that he placed information into a file. Such testimony is cumulative of the emails themselves. Moreover, it hardly merits the Court's and the jury's time. Subjecting Garfio to the hardship of appearing here for trial to simply provide that testimony is unwarranted. Importantly, the Court has also ruled such testimony is irrelevant:

> [T]his trial is not going to be about the general admissions policy of the University of California or the method it uses to admit students. USC is not on trial here, and I will not have this case devolve into multiple side trials. Unless there's evidence that [(1)] a defendant was misinformed with respect to the admission policy of the subject university and/or [(2)] knew that USC admitted a specific unqualified student whose parent made a large donation to the school before that defendant entered into the alleged conspiracy with Singer, evidence of what other unrelated students and parents did has no bearing on the defendants' state of mind and, thus, is irrelevant to the requisite scienter that the government must prove in this case.

(Transcript, DE #2108 at 6:11-22).

The defendants have failed to meet their burden of demonstrating "(1) relevancy; (2) admissibility; [and] (3) specificity," as well as "that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon, supra.* Permitting their

testimony would only result in the unnecessary mini-trials that the Court sought to avoid by its decision.

## CONCLUSION

For all the foregoing reasons, Garfio, Reisman, and Wandzilak respectfully request that this Court allow them to intervene in this matter and ask the Court to quash Defendants' subpoenas commanding each of the witnesses' appearances to testify at trial on September 13, 2021.

Respectfully submitted,

s/ Glenn A. MacKinlay
Glenn A. MacKinlay
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110

Dated: September 9, 2021

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I, Glenn A. MacKinlay, hereby certify that counsel for Garfio, Reisman, and Wandzilak has conferred with counsel for the government, and with counsel for the defendants, Gamal Abdelaziz and John Wilson, in good faith with respect to the instant motion and were unable to resolve or narrow the issues presented herein.

Date:  September 9, 2021

s/ Glenn A. MacKinlay
Glenn A. MacKinlay

## CERTIFICATE OF SERVICE

I hereby certify that on this date this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants.

s/ Glenn A. MacKinlay
Glenn A. MacKinlay
