# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | )  |
|---|---|
| v. | ) |
| Colburn et al. | ) Case No. 1:19-cr- 10080-NMG |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: The University of Southern California, The Keeper of the Records

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:
See Attachment A

| Place: | Date and Time: |
|---|---|
| By mail or email: White & Case, LLP<br>75 State Street, Boston, MA 02109<br>lauren.papenhausen@whitecase.com<br>or in person: Moakley Courthouse<br>1 Courthouse Way. Boston, MA 02210 | 09/08/2021 9:00 am |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: 07/26/2021

**ROBERT M. FARRELL**
CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* John Wilson
, who requests this subpoena, are:

Michael Kendall, White & Case LLP, 75 State Street, Boston, MA 02109, michael.kendall@whitecase.com, 617 979 9310

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 1:19-cr- 10080-NMG

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

## DOCUMENTS TO BE PRODUCED BY THE UNIVERSITY OF SOUTHERN CALIFORNIA ("USC")

### Requests

1. All documents prepared for and by USC's Athletic Admissions Review Committee (the "Subco") in connection with the applications of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, to the extent such documents exist and have not been previously produced.

2. All gift receipts issued by USC from 2007 to 2019 to any family member of or any foundation or other entity associated with a family member of: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ An example of a gift receipt is attached hereto as Attachment B.

3. Documents sufficient to show any fundraising quota, target, assessment or goal that USC and/or its President Max Nikias set for the Athletics Department for 2011 to 2018, including any amount set as part of USC's $6 billion campaign.

4. For donations that USC received from 2012 to 2018, documents sufficient to show every instance in which USC informed any donor that the tax deductibility of their donation was reduced because favorable admissions consideration given to an applicant for admission to USC was considered "goods or services" under 26 U.S. Code § 6115.

    a. For any such donations, please provide documents sufficient to identify the amount of the donation and the value placed on the admissions consideration.

5. For donations that USC received from 2012 to 2018, documents sufficient to show every instance in which the IRS assessed any penalties to USC under 26 U.S. Code § 6714 for violations of 26 U.S. Code § 6115 because USC failed to inform a donor of the value of "goods or services" in the form of favorable admissions consideration for admission to USC.

6. Please include with the document production a signed business record keeper certification, attached.

7. If there are no documents responsive to Request Nos. 4 and/or 5, please fill in and sign the no-responsive-documents certification, attached.

## CERTIFICATE REGARDING RECORDS OF A REGULARLY CONDUCTED ACTIVITY
### (RE: USC ADMISSIONS DOCUMENTS)

I, _____, certify as follows:

1. I work at the University of Southern California ("USC"). My current position is _____.

2. I have submitted documents pursuant to a subpoena by attorneys representing John Wilson in United States v. Colburn et al. (Case no. 1:19-cr- 10080-NMG). These documents are true and accurate copies of documents maintained by USC in the course of its business.

3. These documents consist of true and accurate copies of emails to and from Alejandro Garfio and documents relating to the Athletic Admissions Review Committee of USC, which are maintained as part of the regularly conducted business activities of USC.

4. In the course of my work at USC, I have regularly created, worked on, reviewed, emailed, or received by email either the same documents contained in the attached documents or similar documents recording similar information (together, "USC Athletic and Admissions Documents").

5. The USC employees who created, transmitted, and received USC Athletic and Admissions Documents did so at or near the time of the facts that the USC Athletic and Admissions Documents record.

6. The individuals who created and transmitted USC Athletic and Admissions Documents did so based on their own knowledge or based on information from other individuals with knowledge.

7. Collecting, analyzing, and relaying USC Athletic and Admissions Documents are part of USC's regularly conducted business activities.

8. Maintaining accurate USC Athletic and Admissions Documents, recording USC Athletic and Admissions Documents, updating USC Athletic and Admissions Documents, and transmitting USC Athletic and Admissions Documents to USC employees are also part of USC's regularly conducted business activities.

Signed under the penalty of perjury this _____ day of _____, 2021.

_____

# CERTIFICATE REGARDING THE LACK OF RESPONSIVE DOCUMENTS

I, _____, certify as follows:

1. I work at the University of Southern California ("USC"). My current position is _____.

2. I have received a subpoena to USC dated July 26, 2021, and by attorneys representing John Wilson in United States v. Colburn et al. (Case no. 1:19-cr-10080-NMG).

3. Upon search and review of USC's records, I found no documents responsive to Request No(s). _____ of Attachment A of the said subpoena.

Signed under the penalty of perjury this _____ day of _____, 2021.

_____

## ATTACHMENT B

## SAMPLE GIFT RECEIPT



FOIA Confidential Treatment Requested

USC-00007855
VB-RECORDS-00124116

7/23/2021 11:08
[5. 4th USC subpoena attachment B.docx]

# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2


 3
     UNITED STATES OF AMERICA,          )
 4                 Plaintiff            )
                                        )
 5   vs.                                ) No. 1-19-CR-10080
                                        )
 6   GAMAL ABDELAZIZ, MARCI             )
     PALATELLA, and JOHN WILSON,        )
 7                 Defendants.          )
                                        )
 8                                      )


 9


10
             BEFORE THE HONORABLE NATHANIEL M. GORTON
11                UNITED STATES DISTRICT JUDGE
                      PRETRIAL CONFERENCE
12


13


14


15       John Joseph Moakley United States Courthouse
                       Courtroom No. 4
16                   One Courthouse Way
                 Boston, Massachusetts 02210
17


18                     August 18, 2021
                         11:00 a.m.
19


20


21             Kristin M. Kelley, RPR, CRR
                   Official Court Reporter
22       John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 3209
23               Boston, Massachusetts 02210
                  E-mail: kmob929@gmail.com
24
             Mechanical Steno - Computer-Aided Transcript
25
```

          1  don't wear a mask when addressing the Court, but it's
          2  completely within your choice.
          3           We're going to start now with this final pretrial
          4  conference with respect to the September trial in the so-called
          5  "Varsity Blues" case.  Before we begin, I'm going to state my
          6  general attitude with this case, after which I will render my
          7  rulings on the pending motions in limine, hear the parties in
          8  response, and then discuss the empanelment process and the
          9  trial procedures.
    11:05 10           As a preliminary matter, counsel should understand
         11  that this trial is not going to be about the general admissions
         12  policy of the University of California or the method it uses to
         13  admit students.  USC is not on trial here, and I will not have
         14  this case devolve into multiple side trials.  Unless there's
         15  evidence that a defendant was misinformed with respect to the
         16  admission policy of the subject university and/or knew that USC
         17  admitted a specific unqualified student whose parent made a
         18  large donation to the school before that defendant entered into
         19  the alleged conspiracy with Singer, evidence of what other
    11:06 20  unrelated students and parents did has no bearing on the
         21  defendants' state of mind and, thus, is irrelevant to the
         22  requisite scienter that the government must prove in this case.
         23           Second, this case is almost two and a half years old,
         24  and we are now on the eve of trial.  Just yesterday, two of the
         25  three defendants moved to continue the trial for COVID-19

65

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS    )

I, Kristin M. Kelley, certify that the foregoing is a correct transcript from the record of proceedings taken August 18, 2021 in the above-entitled matter to the best of my skill and ability.

/s/ Kristin M. Kelley        August 18, 2021

Kristin M. Kelley, RPR, CRR        Date
Official Court Reporter

# EXHIBIT C
# FILED UNDER SEAL

# EXHIBIT D
# FILED UNDER SEAL

# EXHIBIT E
# FILED UNDER SEAL

# EXHIBIT F
# FILED UNDER SEAL