UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

**DEFENDANTS' MOTION TO EXCLUDE INADMISSIBLE
HEARSAY EVIDENCE PRESENTING FINDINGS FROM THE GOVERNMENT'S
INVESTIGATION AND USC'S SUBSEQUENT INTERNAL INVESTIGATION**

The Government is attempting to introduce the selective findings of its own criminal investigation and an internal investigation conducted by the University of Southern California. This is a direct violation of the prohibition against hearsay and the protections of Rule 403. Defendants Gamal Abdelaziz and John Wilson respectfully ask that this Court prevent the Government from violating the Federal Rules of Evidence by excluding Exhibit 709, which the Government added to its exhibit list on September 11, 2021 (Dkt. No. 2188).

Exhibit 709 is a page from USC's website addressing the college admissions scandal. The page details self-serving findings about USC's admissions practices and outlines steps taken by USC in response to those findings. The findings are drawn from two sources: (1) information USC learned "in the course of cooperating with the government's investigation," and (2) USC's subsequent internal review. Exhibit 709 is, essentially, a summary of findings from two out-of-court investigations. Exhibit 709 also serves as a USC press release, trying to shift blame for its own fundraising policies and providing self-affirming conclusions about its admission's practices.

1

Exhibit 709 squarely violates the prohibition against hearsay and is inadmissible for its truth.[1] "Out-of-court statements offered to prove the truth of the matter asserted are generally regarded as hearsay and, thus, inadmissible," unless they fall within a recognized exception to the prohibition on hearsay. *See United States v. Mehanna*, 735 F.3d 32, 55 (1st Cir. 2013); *see also United States v. Pelullo*, 964 F.2d 193, 197 (3d Cir. 1992) (finding reversible error when trial judge permitted the admission of hearsay evidence over defendant's objection when government "failed to satisfy any of the hearsay exceptions"). When a university is caught up in an admissions scandal, it may be a wise public relations practice to provide a summary of information selectively gleaned from various investigations and a promise of action. But there is no hearsay exception under the Federal Rules of Evidence that permits the Government to offer such a summary as admissible evidence.

The Federal Rules of Evidence contemplate the admissibility of evidence resulting from investigations and specifically preclude the sort of evidence contained in Exhibit 709. First, Rule 803(6) provides a hearsay exception for business records kept in the regular course of business where the circumstances indicate trustworthiness. Fed. R. Evid. 803(6). One-off investigations instigated in response to a legal crisis are not within the exception. *See* 2 KENNETH S. BROWN, MCCORMICK ON EVIDENCE § 288 at 438,440-41 (7th ed. 2013); *United States v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006) (finding that "[d]ocuments produced in a full-fledged, one-time internal investigation into alleged corporate malfeasance do not fall under" 803(6) because "they lack the hallmarks of reliability that justify the admission of run-of-the-mill business records"). USC's internal review was not record keeping in the regular course of business, as

---

[1] Though inadmissible for its truth, Exhibit 709 may well be admissible for the purpose of impeaching witnesses. Impeachment, however, is not the Government's purpose.

2

permitted by 803(6), but rather an isolated response born out of public scandal, a circumstance indicating a lack of trustworthiness.[2]

Second, Rule 803(8) permits the admission of public records, including "factual findings from a legally authorized investigation," but expressly excludes such findings when offered against a criminal defendant.  Fed. R. Evid. 803(8).  The Government is attempting to do something specifically prohibited—use USC's summary to admit the factual findings of its investigation against the Defendants.  The investigatory findings contained in Exhibit 709 are hearsay not allowed by any exception and must be excluded.

Moreover, admitting Exhibit 709 would violate Rule 403 and invade the province of the jury.  To be admissible, evidence must be relevant "and its probative value must not be substantially outweighed by its unfairly harmful or prejudicial effect upon the jury."  *United States v. St. Michael's Credit Union*, 880 F.2d 579, 599-00 (1st Cir. 1989) (reversing defendant's conviction where evidence was admitted in violation of Rule 403); *cf. United States v. Barnwell*, 2017 U.S. Dist. LEXIS 39767, at *12-13 (S.D.N.Y. Mar. 20, 2017) (citation omitted) (determining that documentary evidence using terms such a "'manipulation'" and "'fraud'" which are the "'subject of diverse judicial interpretations'" is improper because it "runs the risk of misleading the jury, unfairly prejudicing Defendant, and invading the province of the jury to decide the ultimate issues").  Defendants would be unfairly prejudiced and the jury would be

---

[2]   The self-interested findings and conclusions contained in Exhibit 709 are similar to those asserted in the declaration of Timothy Brunold, Dean of Admissions at USC, which Magistrate Judge Kelley found incredible: "I don't for a second believe Mr. Brunold's affidavit . . . . [Defendants' are] digging assiduously for documents showing that donations affected a person's chance of getting in, and U.S.C. is denying that's true. . . . I just think that's not credible." Transcript of Motion Hearing at 27-28, United States v. Colburn et al, No. 1:19-CR-10080-NMG (D. Mass. Nov. 26, 2019), ECF 673.  If admitted, the Defendants will be entitled to impeach the statements in Exhibit 709 with multiple specific admissions that directly contradict its conclusions.

misled if hearsay evidence providing USC's self-serving conclusions about its admissions practices was improperly admitted for its truth. Further, to the extent Exhibit 709 is relevant to the admissions practices of USC at the time of the admission of Defendants' children, it would be needlessly cumulative of other evidence.

Respectfully submitted:

*Counsel for John Wilson:*

/s/ *Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
atomback@mclaughlinstern.com

*Counsel for Gamal Abdelaziz,*

/s/ *Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA  02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA  02109
617-367-3449

Dated: September 13, 2021

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1**

The undersigned counsel hereby certifies that counsel for Defendants have attempted to meet and confer with the Government and attempted in good faith to resolve or narrow the issues raised by this motion. Defendants were unable to receive a response from the Government prior to filing.

*/s/ Michael Kendall*
Michael Kendall

**CERTIFICATE OF SERVICE**

This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

/s/ *Michael Kendall*
Michael Kendall