UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
---------------------------------------------------------x

RECEIVED IN CLERK'S OFFICE
DATE _9-13-21_____

UNITED STATES OF AMERICA,

-against-

Criminal No. 1:19-cr-10080-NMG

GREGORY COLBURN, ET AL,

     Defendants.
---------------------------------------------------------x

## MOTION OF NON-PARTY NEWS MEDIA TO INTERVENE AND FOR ACCESS TO PROCEEDINGS

Dow Jones & Company, Inc., publisher of *The Wall Street Journal*, Boston Globe Media Partners, LLC, The Associated Press, and Bloomberg LP (collectively, the "News Media Intervenors") move to intervene in this matter for the limited purpose of seeking public access to all proceedings and the immediate release of a full transcript of the portions of the trial that were conducted in a sealed courtroom, including *voir dire*.

### FACTUAL BACKGROUND

Earlier this week, the Court began jury empanelment for the criminal trial of John Wilson and Gamal Abdelaziz. The defendants are charged with various crimes in connection with a larger college admissions bribery scheme, known by its FBI code name "Varsity Blues."

The Court opened the proceedings and made initial remarks to prospective jurors in open court on September 8, 2021.[1] During these proceedings, jurors were given a *voir dire* questionnaire to fill out and return to the Court. *See* Dkt. 2169. On September 9th, on Jury Empanelment Day 2, the courtroom was sealed to the public and the press, and no Zoom access was provided. There

---

[1] During these proceedings, the physical courtroom was open to the public and the press, and the proceedings could also be accessed through a Zoom link.

was no prior notice that the courtroom would be sealed for the remainder of *voir dire* or that Zoom access would be unavailable. *See id.*

Reporters for News Media Intervenors sought to access the courtroom, and when they could not obtain access, they inquired with the Court's Public Information Specialist. The Public Information Specialist responded that:

> In all jury trials, the individual *voir dire* of prospective jurors is conducted at sidebar outside of the hearing of the general public and the press for the sake of juror privacy. This case requires a large number of prospective jurors to appear and be subjected to a lengthy jury selection process. Accordingly, the Court determined that limiting access to the individual *voir dire* procedure would best protect the privacy of prospective jurors and ensure an efficient jury selection process.
>
> After *voir dire* tomorrow, the pre-emptory challenges will become open/available on Zoom and in person (with limited seating).

A copy of the email exchange is attached as Exhibit A.

Additionally, on September 9th, the Government filed an assented-to motion for leave to file under seal a motion to strike a potential juror. The filing stated that the motion to strike would reference the potential juror's history and append his criminal history report. *See* Dkt. 2178. On September 10th, the Court granted the motion for leave to file this motion under seal without reasoning. See Dkt. 2179. Following that, the motion to strike the juror was granted. *See* Dkt. 2184. The order granting the motion appears to have been sealed. *Id.*

## ARGUMENT

### I.   THE NEWS MEDIA INTERVENORS HAVE A RECOGNIZED RIGHT TO INTERVENE FOR ACCESS TO THESE PROCEEDINGS.

The press has standing to assert the public's, and its own, rights of access to court records and proceedings. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25

(1982) ("representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from court proceedings) (internal citation omitted).

Non-parties like the News Media Intervenors are permitted to intervene in judicial proceedings for the purpose of obtaining access to judicial proceedings and records. *See, e.g. In re Providence J. Co., Inc.*, 293 F.3d 1, 8 (1st Cir. 2002)(recognizing right of press to seek access to evidence played at trial); *U.S. ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 258 (D. Mass. 2002)(same). Accordingly, the News Media Intervenors respectfully request that this Court grant their request to intervene in this action to challenge the sealing of the courtroom during *voir dire* and to seek public access to all remaining proceedings.

## II.    NEWS MEDIA INTERVENORS HAVE RIGHT OF ACCESS TO COURT PROCEEDINGS.

### A.    The Public Right of Access Is Protected Under The Constitution and Common Law.

Both the First Amendment and the common law protect the public's right of access to judicial proceedings and records. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 577 (1980) (Burger, J.) (the right of access is "assured by the amalgam of the First Amendment guarantees of speech and press" and their "affinity to the right of assembly"); *id.* at 585 (Brennan, J., concurring) (First Amendment secures "a public right of access"); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002)("Apart from the prerogatives attendant to the common-law right of access to judicial records, the public and the press enjoy a constitutional right of access to criminal proceedings under the First and Fourteenth Amendments."); *Globe Newspaper Co. v. Pokaski*, 86 F.2d 497, 502 (1st Cir. 1989) ("This circuit, along with other circuits, has established a First Amendment right of access to records submitted in connection with criminal proceedings. The basis for this right is that without access to documents the public often would not have a 'full

3

understanding' of the proceeding and therefore would not always be in a position to serve as an effective check on the system.")(internal citations omitted).

The First Amendment, as the U.S. Supreme Court has said time and again, requires open courts and court records to ensure the "appearance of fairness [that is] so essential to public confidence in the system.'" *Press-Enterprise Co. v. Superior Court (Press-Enterprise I)*, 464 U.S. 501, 508 (1984). The media's access to judicial proceedings and records keeps the public informed and helps instill public confidence in both the process and the results of trials. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559-60 (1976); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 609 (1978). "The press does not simply publish information about trials but guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 838-39 (1978). As the Supreme Court has said: "What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374, 67 S. Ct. 1249, 1254, 91 L. Ed. 1546 (1947).

**B.     The Right of Access Extends To *Voir Dire*.**

The First Amendment and common law presumptions of access extends to *voir dire*. In *Press-Enterprise I*, 464 U.S. 501 (1984), the Supreme Court specifically addressed the sealing of courtrooms during *voir dire* in a trial for the rape and murder of a teenage girl. There, the trial judge had sealed the individual *voir dire* proceedings and later refused to release transcripts of the proceedings based on general claims about juror privacy.

The Supreme Court held that the closure of *voir dire* to the public was unconstitutional, noting that the "'process of selection of jurors has presumptively been a public process" throughout Anglo-American history and that any "privacy interests of ... prospective juror[s] must be balanced against the historic values we have discussed and the need for openness of the process."

4

*Id.* at 505. In so ruling, the Supreme Court provided a roadmap for how trial courts should address certain substantial privacy concerns[2] that may be implicated by *voir dire*, while protecting the constitutional right of access.

> To preserve fairness and at the same time protect legitimate privacy, a trial judge must at all times maintain control of the process of jury selection and should inform the array of prospective jurors, once the general nature of sensitive questions is made known to them, that those individuals believing public questioning will prove damaging because of embarrassment, may properly request an opportunity to present the problem to the judge in camera but with counsel present and on the record.

> By requiring the prospective juror to make an affirmative request, the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest in privacy. This process will minimize the risk of unnecessary closure. The exercise of sound discretion by the court may lead to excusing such a person from jury service. When limited closure is ordered, the constitutional values sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available within a reasonable time, if the judge determines that disclosure can be accomplished while safeguarding the juror's valid privacy interests.

*Id. at 512.*

The First Circuit has repeatedly applied this reasoning in addressing concerns about juror privacy. *See United States v. Chin*, 913 F.3d 251, 261 (1st Cir. 2019)(vacating and remanding denial of motion to disclose juror names and addresses following verdict); *In re Globe Newspaper Co.*, 920 F.2d 88 (1st Cir. 1990)(holding that judges must release the names and home addresses of jurors after trial, absent exceptional circumstances). And, importantly, in *United States v. Chin*, the First Circuit specifically addressed these privacy concerns in today's technological environment. The district court had denied the request for juror names and addresses, reasoning that concerns that current technology and communications require greater protections for jury

---

[2] Notably, the Supreme Court recognized that not all individual questions will raise privacy concerns: Instead, the example provided concerned questions about a personal or family history with sexual assault.

#150568760_v1

privacy. The First Circuit rejected that approach, saying "We recognize, of course, that *In re Globe* was decided decades ago and thus well before the first tweet was tweeted.... But, these technological changes have by no means diminished the need for accountability and transparency in our system of justice..." *Id.* Generalized concerns about privacy -- like those stated by the Court here -- are insufficient to support sealing all of *voir dire.*

### C.      There Are No Compelling Circumstances In This Case That Support Sealing The Courtroom.

When the First Amendment is implicated, court proceedings cannot be closed "unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *See Press-Enter. Co. v. Superior Court* ("*Press-Enter. II*"), 478 U.S. 1, 14-15 (1986).

This case has garnered substantial public attention, raising important questions about access to higher education and how the defendants may have participated in a criminal scheme to secure college admissions for their children, including by making payments, directly or indirectly, to college coaches, administrators, test center employees, and others.

Generalized concerns about juror privacy are insufficient to warrant closing the courtroom for the *voir dire* process. And, there are no other compelling circumstances in this case that could support sealing the courtroom for the entirety of the *voir dire* process.

In light of this, the courtroom was improperly sealed on September 9th and 10th, and the Court should remedy the constitutional violation that has occurred. Further, briefing and Court orders regarding the striking of jurors have been improperly sealed without a sufficient basis.

The News Media Intervenors request that the Court immediately release all of the completed juror questionnaires and a full transcript of the proceedings from September 9 and 10, 2021. The News Media Intervenors also ask that the Court vacate its order sealing the

6

Government's motion to strike a potential jury and unseal both the Government's motion to strike a potential juror (and its order granting the same), subject to any narrow redactions that are appropriate under the law. The News Media Intervenors also ask the Court consider the constitutional obligations to provide public access to the remainder of the proceedings.

## CONCLUSION

For the reasons set forth above, the News Media Intervenors respectfully request (1) that they be granted leave to intervene in this matter for the limited purpose of filing this Motion; (2) that the Court release all the completed juror questionnaires and a full transcript of the proceedings from September 9 and 10, 2021, subject to any narrow redactions that are appropriate under the law, (3) vacate its sealing order and unseal the Government's motion to strike a potential juror (Dkt. 2180) and the order granting the same (Dkt. 2184), again subject to any narrow redactions that are appropriate under the law, and (4) conduct the remainder of the proceedings in open court.

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg (BBO #556566)
Gordon P. Katz (BBO #261080)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700
jeremy.sternberg@hklaw.com
gordon.katz@hklaw.com

Christine Walz
31 West 52nd Street
New York, NY 10019
Phone: (212) 513-3368
Fax: (212) 385-9010
Christine.walz@hkaw.com
*Pro Hac Vice* Motion to be filed
*Counsel for News Media Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2021, I filed a copy of the foregoing with the Clerk's Office and understand that it will be loaded into the Court's ECF system resulting in service to all registered parties.  In addition, I have today sent a copy of this motion via email to lead counsel for each of the lawyers currently representing a party in the pending trial, namely Stephen Frank on behalf of the government at stephen.frank@usdoj.gov; Michael Kendall on behalf of John Wilson at michael.kendall@whitecase.com; and Brian Kelly on behalf of Gamal Abdelaziz at bkelly@nixonpeabody.com.


/s/ Jeremy M. Sternberg
Jeremy M. Sternberg (BBO #556566)

#150568760_v1

8