United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>    v.<br><br>Gamal Abdelaziz and John Wilson,<br><br>    Defendants. | Criminal Action No.<br>19-10080-NMG |

## ORDER

**GORTON, J.**

1.  Third party Pat Haden's motion to intervene for the limited purpose of asking this Court to quash a trial subpoena for testimony served on August 10, 2021, by defense counsel (Docket No. 2094), is **DENIED**. The Court will allow defendants to conduct a Rule 15 deposition of Mr. Haden, not to exceed three hours of direct examination. The Court reminds counsel that Mr. Haden's testimony concerning the admissions policies of the University of Southern California ("USC") is subject to the Court's previously stated guideline that such evidence will be admissible at trial only if defendants show that they were aware of any alleged USC policy before the events which are the subject matter of indictment in this case.

2.  The government's motion regarding authentication (Docket No. 2099) is **DENIED as moot** as to emails and attachments

seized in response to search warrants executed on the email accounts gamalaziz797@gmail.com, rickwsinger@gmail.com, rwsinger@gmail.com and john@hyannisportcapital.com and extractions from William "Rick" Singer's ("Singer") iPhone. Because the parties have stipulated to the authenticity of those items of evidence (Docket No. 2163) the government's motion to authenticate them is moot.

With respect to the data intercepted pursuant to a wiretap of Singer's phone, the government's motion regarding authentication is **ALLOWED**.  Federal Rule of Evidence 902(14) provides for the authentication of

> [d]ata copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12).

The Advisory Committee Notes to Rule 902(14) make clear that Rule 902(14)'s reference to the certification requirements of Rule 902(11) refer only to the procedural requirements of that paragraph.  Authentication under Rule 902(14) does not require the proponent of evidence to satisfy the prerequisites of Rule 803(6).

The Court concludes that the government has met the requirements of Rule 902(14) and 902(11) as to the data intercepted pursuant to the wiretap of Singer's phone and

therefore that evidence has been authenticated pursuant to Rule 902(14).

The Court reminds the parties that its ruling pertains to authenticity only and not to admissibility.

3. Defendants' motion for a hearing on the invocation of the Fifth Amendment by witnesses Ron Orr, Steve Lopes, and Scott Jacobson is **DENIED without prejudice.**

4. Defendants' motion for reconsideration of the Court's decision with respect to witness immunity (Docket No. 2156) is **DENIED**.

5. Defendants' motion to preclude access to the trial via Zoom (Docket No. 2121) is **DENIED**. The Court will not depart from the procedure followed since the beginning of the pandemic.

6. Defendants' motion to suppress 13 "consensual wiretap" calls (Docket No. 2128) is **DENIED**. The deadline for motions to suppress was April 1, 2020. An untimely motion requires good cause for its delay. Fed. R. Crim. P. 12(c)(3). The First Circuit has interpreted Rule 12(c)(3) to require a showing of cause and prejudice. United States v. Santos Batista, 239 F.3d 16, 20 (1st Cir. 2001). Defendants have not shown good cause for their delay here.

Defendants' delay notwithstanding, their argument is insufficient as a matter of law. The First Circuit has held that 18 U.S.C. § 2511(2)(c) excludes consensually recorded

conversations from Title III's requirements. United States v. Font-Ramirez, 944 F.2d 42, 47 (1st Cir. 1991). Singer gave his consent to the recording of his conversations which defendants seek to suppress, and thus the recordings fall within that exception.

Nor must the wiretaps be suppressed because AT&T aided the government in their execution. Regardless of whether AT&T is covered by § 2511(2)(c), a wire provider such as AT&T is a "person" as that term is defined in 18 U.S.C. § 2510(6). Therefore, AT&T's assistance would be encompassed within the exception contained in § 2511(2)(d).

7. Defendant John Wilson's motion to exclude "known false evidence" concerning Jovan Vavic (Docket No. 2136), in particular, a false email script that Vavic provided to another parent and evidence of tuition payments made by Singer for Vavic's children, is **DENIED**.

The government has stated that it intends to offer the script to demonstrate how the alleged conspiracy worked and not for the truth of what is stated. Therefore, the script need not be excluded as false evidence provided the government makes it clear that it is not offered for the truth.

The Court has previously denied defendants' motion to exclude evidence of the tuition payments Singer made for Vavic's children. As this Court has explained, see Docket No. 1399, the

Fourth Superseding Indictment properly alleges a single, overarching conspiracy that continued after Singer began cooperating with the government. See United States v. Portela, 167 F.3d 687, 700 n.8 (1st Cir. 1999) (noting that "[t]he rule that government agents do not count as co-conspirators has relevance only in situations where the conspiracy involves only one defendant and a government informer."). To the extent that the government can establish a single conspiracy, evidence of how Vavic was paid is relevant to the operation of that conspiracy.

Further, the Court has previously stated that in the event that the government fails to establish a single overarching conspiracy, the Court will be compelled to give appropriate limiting instructions or declare a mistrial. The Court will consider any further limiting instructions with respect to the use of the evidence of tuition payments by Singer for Vavic's children at the appropriate time.

8. With respect to sequestration of witnesses, the Court orders that witnesses for all parties shall be sequestered at the trial until they have testified, with the following exceptions:

    1) during the opening statements;

    2) any expert witness who will be relying on trial testimony;

3) any summary witness who will be relying on trial testimony;

4) both defendants; and

5) pursuant to Fed. R. Evid. 615(b), a <u>single</u> officer or employee of the government, after being designated as its representative by counsel.

Counsel will not be permitted to "introduce" members of defendants' family but may refer to them in his opening.

Once a witness has completed his or her testimony, the witness may remain in the courtroom during the duration of the trial, space permitting, or may observe the proceedings via Zoom.

_____
Nathaniel M. Gorton
United States District Judge

Dated September 10, 2021