UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG<br>**Public Version of Sealed Filing**<br>Leave to File Under Seal Granted September 16, 2021, in ECF 2222 |

### DEFENDANT JOHN WILSON'S OPPOSITION TO NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S MOTION TO QUASH

Defendant John Wilson opposes the University of Southern California's Motion to Quash request 2 of his Rule 17 trial subpoena requesting gift receipts for donations made by the families of 18 USC students.[1] The burden of complying with this subpoena request should be minimal, as these gift receipts are single-page documents that USC almost certainly keeps in a central location. USC has not claimed otherwise. The gift receipts Wilson seeks also are wholly distinct from any prior subpoena request to USC.

The Government has charged Wilson with various counts, including filing a false tax return. *E.g.*, Fourth Superseding Indictment, Count Thirteen (D.E. 732) (hereinafter "FSI"). The Government alleges that Wilson committed tax fraud when he deducted $220,000 intended as a donation to USC because the value of Wilson's son's admission should have been offset from the donation. Federal law requires a charitable organization in receipt of a donation to alert the donor of any goods or services that the organization provided to the donor in exchange for the donation and the estimated value of those goods and services. 26 U.S.C. § 6115. This notification is required because if the donor claims the donation as a charitable deduction on his

---

[1] USC also moved to quash request 1 of the subpoena. Defendant Wilson drops that request, thus USC's motion regarding request 1 is now moot.

1

tax returns the donor must first offset the value of the goods or services from the donated amount.  For goods or services that have no set market value, such as the favorable admissions consideration the Government alleges here is an improper quid pro quo, the appropriate value for any offset is determined by reference to how the charitable organization treats similar situations.

The gift receipts that Wilson seeks are probative evidence that USC does not offset the value of a student's admission from a family's donation as a quid pro quo contribution, even when USC is well aware of the connection between the donation and a student's admission.  This evidence is critical for Wilson to establish his defense to the Government's tax charge.  It will prove that Wilson lacked the requisite state of mind to commit tax fraud, and support the alternate tax calculation that he is entitled to offer.  The proposed evidence thus satisfies Federal Rule of Criminal Procedure 17 and *United States v. Nixon*, 418 U.S. 683, 700 (1974).

## ARGUMENT

The FSI alleges that though individuals are permitted to "deduct contributions to 501(c)(3) entities from their taxable income," deductions are not allowed unless "substantiated by a written acknowledgement from the recipient organization indicating whether any goods or services were provided for the contribution" and "providing a good faith estimate" of any goods or services received.  FSI ¶ 62-63.  Wilson intended to donate $220,000 for USC, a charitable organization.  Wilson received a letter from USC acknowledging $100,000 of the donation (as well as a letter from Singer's Foundation acknowledging a separate $100,000 donation).  The USC acknowledgment lacked any notification that goods or services were provided for his donation.

As with any other charge he faces, Wilson is entitled to present his defense to the Government's charge of tax fraud.  *See Chambers v. Mississippi*, 410 U.S. 284, 289-90 (1973)

(reversing conviction because defendant was denied the opportunity to present certain evidence which inhibited the presentation of a full defense and violated due process). When an individual is charged with filing a false tax return, one of the elements that the Government must prove is willfulness. *Boulware v. United States*, 552 U.S. 421, 431 (2008) (confirming that "the substantive provisions defining . . . filing a false return expressly require" that the Government prove the element of willfulness at trial). A defendant is entitled to present his own evidence negating willfulness. *See Cheek v. United States*, 498 U.S. 192, (1991) ("Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. . . . [C]arrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws."). Further, when the government alleges, as it does here, that the defendant owes a tax deficiency, the defendant is entitled to present an alternative calculation of his tax liability for the jury to consider. *See Boulware v. United States*, 552 U.S. 421, 424, 426-28 (2008) (quoting *Sansone v. United States*, 380 U.S. 343, 351 (1965)) (vacating order affirming convictions where district court precluded defendant from proffering and presenting evidence of alternative tax calculation).

The evidence that Wilson seeks—gift receipts reflecting how USC treated the donations of the families of 18 USC students—is essential to Wilson's defense as it negates the element of willfulness and supports his alternative tax liability calculation. The evidence requested is probative of the fact that when USC is fully aware of the connection between a student's admission and a family's donation USC does not consider, acknowledge, or value the student's admission or similar benefits as an in-kind good or service to be offset from the donation. That

no value has historically been assigned to a student's admission by USC supports Wilson's defense that he was not violating an existing legal duty and lends credibility to his beliefs about any duties he owed. Further, how USC dealt with donations by other families is a valid[2]—and likely the only—basis for Wilson to calculate his alternative tax liability. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[2] The regulations accompanying 26 U.S.C. § 6115 provide for the estimation of value by referencing comparable (not identical) goods and services. 26 C.F.R. § 1.6115-1 ("A good faith estimate of the value of goods or services that are not generally available in a commercial transaction may be determined by reference to the fair market value of similar or comparable goods or services. Goods or services may be similar or comparable even though they do not have the unique qualities of the goods or services that are being valued.").

[3] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

[4] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉



How USC handled these families' donations—as a quid pro quo donations or not— and if quid pro quo donations what value USC ascribed to admissions and scholarships—is information necessary to determining the proper calculation of tax liability (if any) for donations like Wilson's.

The evidence requested is essential for Wilson to enjoy his right to present a full defense to the tax fraud charge that he faces. USC's arguments against providing it are meritless and risk great prejudice to Wilson's rights. First, contrary to USC's contentions (Mot. at 7-9), Wilson has never sought these documents before, that is, the gift receipts issued by USC. Thus, USC's hollow complaints about repeated subpoenas and purportedly negotiated resolutions of prior subpoenas are immaterial. As the procedural history USC itself cites establishes, there is nothing improper about serial document subpoenas. Second, USC complains that the information Wilson seeks concerning these 18 families is not comparable to Wilson's alleged conduct (Mot. at 7).



That is not a ground to quash a Rule 17 subpoena, and USC cites no authority to the contrary. For purposes of Wilson's defense, it does not matter whether the other students were admitted through Subco or a VIP process, or whether there were differences between their applications and that of Wilson's son. Rather, the key issue is the value USC placed on admission to USC. In any event, the issue of whether the circumstances of these 18 families are similar to that of Wilson's family, should the Government choose to raise this issue at trial, is one that the jury will resolve. Third, Wilson respects the privacy of the families whose records his subpoena seeks. And there are various mechanisms by which the parties may present this information at trial to minimize (if not eliminate) any infringement of those privacy records.[9] But Wilson's liberty interests are at stake and surely trump the privacy interests that USC attempts to raise on behalf of others.

## CONCLUSION

The 18 gift receipts that Wilson requests from USC are central to his ability to present a full defense to the Government's tax charge. USC's concerns are either mooted, meritless, or easily mitigated. Wilson respectfully requests that this Court deny USC's motion to quash.

---

[9] This Court has entered a protective order specifically tailored to provide adequate privacy protections for students, alumni, and their families.

Respectfully submitted,

*Counsel for John Wilson*

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com


Date: September 16, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall