UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG |

### DEFENDANTS' MOTION FOR CURATIVE INSTRUCTION

Defendants Gamal Abdelaziz and John Wilson (collectively "Defendants") move for a curative instruction regarding burden shifting. The prosecution made comments in front of the jury that improperly suggested Defendants should produce evidence of their innocence. It is well settled such comments are improper. "[A] prosecutor may cross the line [into impermissibility] by arguing to the jury that the defendant is obligated to present evidence of his innocence." *United States v. Diaz-Diaz*, 433 F.3d 128, 135 (1st Cir. 2005); *United States v. Roberts*, 119 F.3d 1006, 1015 (1st Cir. 1997).[1]

During cross examination on Friday, September 17, 2021, counsel for Mr. Abdelaziz questioned FBI Special Agent Brown regarding Rick Singer's iPhone extraction reports. Specifically, counsel asked questions about the approximately 1,300 iMessages that Mr. Singer had deleted from his phone. As part of his cooperation with the government, Mr. Singer was of

---

[1] This is not the first time during trial that the government has made inappropriate statements to the jury. During opening statements, AUSA Frank objected when counsel for Mr. Abdelaziz introduced a demonstrative that showed a "text exchange between two admissions officers regarding Sabrina, Gamal's daughter." AUSA Frank stated: "he's misstating what it is." After defense counsel explained "This is a chat between two admissions people at USC pertaining directly to Sabrina Abdelaziz," AUSA Frank again erroneously stated, in front of the jury, "it is not, your honor." *See* Dkt. 2201. Mr. Abdelaziz's request for a curative instruction with respect to that impropriety remains pending.

course not supposed to destroy evidence. Defense counsel's line of questioning regarding the fact that Mr. Singer—the government's critical cooperating witness—deleted evidence is classic impeachment.

On re-direct, AUSA Frank improperly engaged in burden shifting when he had the following exchange with Special Agent Brown regarding the iMessages:

> Q. Special Agent, you were just asked a series of questions about deleting iMessages.
> A. Yes.
> Q. Have you ever deleted a message on your phone?
> A. Sure.
> Q. When you did that –
> MR. KELLY: Objection, relevance.
> THE COURT: Overruled.
> **Q. When you did that, did it also delete off the phone of the person who received the message?**
> MR. KENDALL: Objection, your Honor.
> THE COURT: Overruled.
> MR. KENDALL: This may be a sidebar, your Honor.
> THE COURT: No. I will let him have the question.
> A. No. My understanding is that when you delete it on one device, it does not delete it on the other.

Trial Day 7 (Sept. 17, 2021) Tr. at 102:20-103:11 (emphasis added).

With this line of questioning, AUSA Frank was clearly suggesting to the jury that Defendants have the ability—and the burden—to produce any text messages between other witnesses (including the Defendants) and Mr. Singer. Of course, Defendants need not produce any evidence. As in *Diaz-Diaz*, where the prosecution improperly stated that the defendant **could** call an absent witness, the government's suggestion here that Defendants **could** produce missing evidence was entirely inappropriate. The jury must be given a curative instruction reminding them that, contrary to AUSA Frank's suggestion on Friday, the government bears the burden of proof in this case and Defendants are not required to produce any evidence.

Defendants propose the following instruction[2]:

Members of the jury, as I told you from the beginning of the case when we were selecting the jury, the burden of proof is on the government to prove every single element of the offenses charged. That burden has to be met as to each count and each defendant separately. Last Friday, the government suggested that Defendants could or should present evidence of their innocence. That is not the law. The Defendants have no obligation whatsoever to present evidence. The burden of proof lies on the government from beginning to end. Defendants do not have to prove anything.

For the reasons explained above, Defendants respectfully request that this Court read a curative instruction to the jury to immediately correct this burden shifting impropriety by AUSA Frank.

Dated: September 19, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren a. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

---

[2] This instruction is a modified version of the instruction given by the district court and cited with approval by the First Circuit in *United States v. Diaz-Diaz*. *See* 433 F.3d at 134 n.3

JOHN WILSON

By his attorneys:

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on September 19, 2021 by emailing the deputy clerk and copying counsel of record on that email.

*/s/ Joshua C. Sharp*
Joshua C. Sharp