UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' CONFRONTATION
CLAUSE OBJECTIONS AND PROPOSED LIMITING INSTRUCTION**

Several weeks ago, when the defendants were notified that the government may not call Rick Singer as a witness, they began raising Confrontation Clause objections to the admission of intercepted and consensually recorded calls between Singer and themselves. *See* Dkt. 2118. The government has previously explained why those objections are contrary to black-letter law. *See* Dkt. 2127 at 6–7. Nevertheless, because the defendants have continued to renew those objections during trial as to non-consensual calls obtained via a Court-authorized wiretap before Singer was approached by law enforcement agents in September 2018,[1] and because the government anticipates that the defendants will renew their Confrontation Clause objections to consensually recorded calls between Singer and the defendants (and other individuals), the government respectfully submits this response and proposed limiting instruction.

As to e-mails and Title III intercepted telephone calls between Singer, the defendants, or other co-conspirators before Singer was approached by agents, it is well-established that such statements are non-testimonial co-conspirator statements that do not implicate the Confrontation Clause. *See, e.g.*, *United States v. Rodas*, 523 F. App'x 731, 733 (1st Cir. 2013) (noting that "[w]e have recently held that coconspirator statements are, by their nature, not testimonial," and therefore

---

[1] *See, e.g.*, 9/14/2021 Trial Tr. at 122; 9/15/2021 Trial Tr. at 24, 30.

holding that because Title III intercepted "calls unambiguously contain statements made by [defendant's] co-conspirators in furtherance of the conspiracy . . . his Confrontation Clause argument is foreclosed"); *United States v. Ciresi*, 697 F.3d 19, 31 (1st Cir. 2012) (rejecting Confrontation Clause objection to recorded statements by non-testifying witness because, as co-conspirator statements, they "are, by their nature, not testimonial"); *United States v. Rivera-Donate*, 682 F.3d 120, 132 & n.11 (1st Cir. 2012) (finding Confrontation Clause objection "without merit because statements made during and in furtherance of a conspiracy are not testimonial and are, therefore, not subject to Sixth Amendment concerns").[2]

Accordingly, for example, during the September 15, 2018 call intercepted on the Court-authorized wiretap when defendant Wilson inquired about the side-door scheme for his twin daughters, his questions[3] – "what sports would be best for them?" and "or is that not gonna even matter?" – are both non-testimonial co-conspirator statements and party admissions. *See* Fed. R. Evid. 801(d)(2)(A), (E). Singer's response – "It doesn't matter. I, I'll make them a sailor or something. Because of where you live" – is a non-testimonial co-conspirator statement. Fed. R. Evid. 801(d)(2)(E). And the defendant's ensuing laughter and question whether he could have a "two for one special" is a non-testimonial co-conspirator statement and a party admission. Fed. R. Evid. 801(d)(2)(A), (E).

As to consensually recorded calls and other communications *after* Singer was approached by and began cooperating with law enforcement, there are no Confrontation Clause issues either. Statements made by other co-conspirators (*e.g.*, Donna Heinel or Jovan Vavic) to Singer, even after Singer began cooperating with law enforcement, are "clearly nontestimonial" co-conspirator

---

[2] Unless otherwise noted, all internal quotation marks, citations, and alterations are omitted.
[3] *See* Ex. 561 at 16:6–15.

statements, according to the Supreme Court and First Circuit. *See, e.g.*, *Ciresi*, 697 F.3d at 31 (quoting *Davis v. Washington*, 547 U.S. 813, 821 (2006)) ("The [Supreme] Court has also commented that statements made unwittingly to a government informant are 'clearly nontestimonial.'"). And statements of the defendants captured during the consensually recorded calls are both non-testimonial co-conspirator statements and party admissions.

As to statements by Singer to the defendants and other co-conspirators during the consensually recorded calls, the government is not offering his statements for their truth, and they are therefore not testimonial hearsay. Rather, Singer's statements, which are being offered "to place a defendant's admissions into context," are "not hearsay, and as such, do not run afoul of the Confrontation Clause." *United States v. Walter*, 434 F.3d 30, 35 (1st Cir. 2006) (affirming the admission of non-testifying informant's statements on recordings "as reciprocal and integrated utterances to put [the defendant's] statements into perspective and make them intelligible to the jury and recognizable as admissions"). This principle has been recently reaffirmed by the First Circuit over numerous Confrontation Clause objections during several trials before Chief Judge Saylor, in which the government introduced hours of recordings made by a non-testifying cooperating witness at the direction of law enforcement. *See United States v. Perez-Vasquez*, 6 F.4th 180, 197 (1st Cir. 2021) (explaining that statements by a non-testifying cooperating witness on a recording to provide context for a defendant's admissions and other co-conspirator statements are not offered for the truth of the matter asserted, and therefore do not violate the Confrontation Clause); *United States v. Sandoval*, 6 F.4th 63, 94–95 (1st Cir. 2021) (affirming admission of recordings made by the same non-testifying cooperating witness because his statements "can fairly be characterized as putting the conversation into context – that is, putting the defendants'


statements into the full context of the conversation so that their inculpatory nature could be properly understood").

Beyond this more recent precedent, decades of First Circuit law confirms the admissibility of Singer's statements – not for their truth, but to provide context for the defendants' admissions and statements of other co-conspirators. *See, e.g.*, *United States v. Liriano*, 761 F.3d 131, 136–37 (1st Cir. 2014) (affirming the admission of non-testifying cooperator's statements during recording that "provided context for [the defendant's] response"); *see also United States v. Occhiuto*, 784 F.3d 862, 866 (1st Cir. 2015) (holding that Confrontation Clause challenge to non-testifying cooperator's statements on recording "fails" because they "were not admitted to prove the truth of the matter asserted but rather to provide context for [defendant's] statements"); *United States v. Santiago*, 566 F.3d 65, 69 (1st Cir. 2009) (rejecting Confrontation Clause challenges to admission of recordings of two non-testifying informants discussing an upcoming drug transaction with the defendant); *United States v. Hicks*, 575 F.3d 130, 143 (1st Cir. 2009) (same); *United States v. Colon-Diaz*, 521 F.3d 29, 38 (1st Cir. 2008) (same); *United States v. Catano*, 65 F.3d 219, 225 (1st Cir. 1995) (same); *United States v. De la Cruz-Paulino*, 61 F.3d 986, 996 & n.8 (1st Cir. 1995) (same); *United States v. McDowell*, 918 F.2d 1004, 1007–08 (1st Cir. 1990) (same).[4]

---

[4] Decisions of other circuits are consistent with this First Circuit precedent. As then-Judge Kavanaugh explained in *United States v. Bostick*:

> [The non-testifying informant's] recorded statements were not introduced for their truth but rather to provide context for [defendant's] statements regarding the [sting] transaction. The Government could not have introduced [the informant's] statements for their truth, because, as Agent Sparks confirmed, [the informant] ***was lying*** to the defendant during these conversations. As the government points out, Daniels was not, as he represented on the tapes, actually arranging to sell drugs to [the defendant] . . . but rather acting as a [confidential informant] offering drugs actually supplied by law enforcement agents ***in a government sting operation***.

*United States v. Bostick*, 791 F.3d 127, 147–48 (D.C. Cir. 2015) (Kavanaugh, J.) (emphasis added); *see also United States v. Jordan*, 952 F.3d 160, 168 (4th Cir. 2020) ("We have made clear – along

4

For example, on October 25, 2018, Singer called defendant Abdelaziz with a ruse: that the IRS was auditing Singer's sham charity KWF.  *See* Ex. 587 (transcript attached hereto as Ex. A). Singer's statement to Abdelaziz that the IRS was auditing KWF was not true, and is not being offered for its truth; it is therefore not hearsay.  *See* Ex. A at 3–4.  Singer's further statement to Abdelaziz – "I'm not going to tell the IRS anything about the fact that your $300,000, um, was paid to Donna Heinel at USC to get Sabrina into school even though she wasn't a legitimate basketball player at that level" – is also not being offered for its truth, nor is Singer's *question* to Abdelaziz (which is not hearsay), "you're ok with that, right?"  Rather, Singer's statement is being offered to provide context for the defendant's admission in response and his agreement to lie to the IRS: "Of course."  *Id.* at 4.  Further, Singer's statement – telling Abdelaziz that Donna Heinel called him and said "Hey, Rick, that profile that you did for Sabrina, I loved it.  It was really well done and going forward, anybody who isn't a real basketball player that's a female, I want you to use that profile going forward" – is not being offered for its truth either; indeed, it too was false, and a continuation of the ruse.  *Id.* at 6.  Rather, Singer's statement is being offered to provide context for the defendant's admission in response: "I love it."  *Id.*

As another example, Singer's statements during an October 27, 2018 call with Wilson about the side door scheme through sailing at Stanford will be offered not for their truth – indeed, it was a sting operation – but to provide context for the defendant's admissions:

Singer:  So essentially if you're – um, I wanted you to have first dibs, like I told you.   So  if  you  want  I  can  provide  [Stanford  sailing  coach]  John

---

with several other circuits – that recorded statements of non-testifying informants . . . may be used at trial consistent with the Confrontation Clause so long as they are offered only to provide context for the defendants' own statements"); *United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017); *United States v. Augustin*, 661 F.3d 1105, 1128–29 (11th Cir. 2011); *United States v. Spencer*, 592 F.3d 866, 878–79 (8th Cir. 2010); *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006); *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005).

>Vandemoer, um, -- which I'm gonna essentially send John directly the check to the coach. I can send him your [$]500,000 that you wired into my account to secure the spot for one of your girls. Um, I asked him for a second spot in sailing and he said he can't do that because he has to actually recruit some real sailors so that Stanford doesn't—

Wilson:  [laughter]

Singer:  -- catch on.

Wilson:  Right.

Singer:  Ok.  So –

Wilson:  Yeah, no. He's got to . . . actually have some sailors. Yeah.

Singer:  Yeah. So that Stanford doesn't catch on to what he's doing.

Wilson:  Right.

*See* Ex. 591 at 2–3 (transcript attached hereto as Ex. B).

Should the defendants request a limiting instruction regarding Singer's statements during the consensually recorded phone calls, *see Sandoval*, 6 F.4th at 95, the government respectfully submits that the Court should give the following instruction:

>You have heard evidence of certain phone calls between Rick Singer and the defendants and others after September 21, 2018, which Mr. Singer made at the direction of law enforcement. While you may not consider Singer's statements during those calls for the truth of what they assert, you may consider them for the context that they provide in evaluating the defendants' statements. For example, if you were to find that a defendant agreed with a statement made by Mr. Singer, that statement could be considered against the defendant. Likewise, if a defendant responded to a statement made by Mr. Singer, you may consider Mr. Singer's statement in deciding what the defendant meant or intended by responding that way.

*See Walter*, 434 F.3d at 35.

## **CONCLUSION**

For the foregoing reasons, the defendants' Confrontation Clause objections should be overruled, and the Court should give the limiting instruction proposed by the government.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    STEPHEN E. FRANK
    IAN J. STEARNS
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 19, 2021          */s/ Ian J. Stearns*
                                                           IAN J. STEARNS