UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' REQUEST
FOR LIMITING INSTRUCTIONS REGARDING CO-CONSPIRATORS**

During the first four days of trial, the government has presented a limited collection of evidence about other co-conspirators, including other parents, to satisfy its burden to prove the existence, nature, and scope of the conspiracy charged. The government has also presented evidence that the defendants willfully joined that agreement, and it intends to introduce additional evidence on this subject. In response to evidence of the former, the defendants have requested that the Court give two limiting instructions to the jury. The first proposed instruction directs the jury, *inter alia*, that evidence regarding other co-conspirator parents "is NOT evidence of the defendants' intent." The second proposed instruction directs the jury that evidence of private school tuition that Rick Singer paid for Jovan Vavic's children "is being offered solely as it relates to an overall relationship between Rick Singer and Jovan Vavic." The defendants' requests should be denied.

First, the First Circuit has made clear that no limiting instructions are required in these circumstances. *See, e.g.*, *United States v. Campbell*, 268 F.3d 1, 6 (1st Cir. 2001) ("The district court did not commit error, plain or otherwise, when it ruled that the government had demonstrated the existence of a conspiracy by a preponderance of the evidence and allowed the jury to consider the statements of [] coconspirators without a limiting instruction."). The government is aware of

no case holding that when the government presents evidence regarding the nature, background, and scope of a charged conspiracy, the Court must give a limiting instruction that such evidence is not relevant to the defendants' intent. The government respectfully submits that evidence presented in this case does not require the Court to deviate from standard practice by giving mid-trial instructions.

<u>Second</u>, to the extent the Court is inclined to take the unusual step of giving mid-trial instructions before the jury has heard all the evidence, it should not give the defendants' proposed instructions, which more closely resemble closing arguments. Any instructions should be objective and complete, and provide guidance consistent with pattern instructions and First Circuit precedent, including the following:

- A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. It is not necessary to show that the participants directly by spoken or written words stated among themselves exactly what their object or purpose was or exactly what the details of the scheme were or exactly what means they would adopt to achieve their goals.[1]

- A conspiracy is, by its very nature, usually secret in its origin and in its execution. Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit. It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law. In addition, because a conspiracy by its very nature is often secret, neither the existence of the agreement nor the fact of the defendant's participation in it must be proved by direct evidence. They may be proved by circumstantial evidence.[2]

---

[1] *See* First Circuit Model Instructions, § 4.18.371; *see also United States v. Prange*, 11-cr-10415-NMG (D. Mass.), Dkt. 246 at 117–18.

[2] *See, e.g.*, *United States v. Nardozzi*, 2 F.4th 2, 7 (1st Cir. 2021) ("It is a well-established legal principle that a conspiracy may be based on a tacit agreement shown from an implicit working relationship."); *United States v. McDonough*, 727 F.3d 143, 156 (1st Cir. 2013) ("Further, an agreement to join a conspiracy may be express or tacit and may be proved by direct or circumstantial evidence."); *United States v. Rodriguez-Velez*, 597 F.3d 32, 39 (1st Cir. 2010) ("But the government need not offer proof of an express agreement; criminal conspiracies are by their

- A conspirator's guilt or innocence is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others may play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.[3]

- The government must prove two types of intent beyond a reasonable doubt before the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime or crimes be committed. Intent need not be proved directly and instead may be inferred from surrounding circumstances, the testimony of cooperating witnesses, and circumstantial evidence because, ordinarily, there is no way of directly scrutinizing the workings of the human mind. Proof that the defendants willfully joined in the agreement must be based upon evidence of their own actions and/or words. The government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.[4] While mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy, you may, however, consider such factors in deciding whether a conspiracy existed.[5]

- You need not find that the defendants agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator, or that a defendant participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.[6] Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he or she willfully joined the agreement later. In determining what a defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other evidence that may reflect his knowledge or intent. You may infer – although you are not

---

very nature clandestine, and a tacit agreement inferred from the surrounding circumstances can—and often does—suffice to ground a finding of willing participation.").

[3] *See, e.g.*, *United States v. Sutherland*, 929 F.2d 765, 778 (1st Cir. 1991).

[4] *See United States v. Prange*, 11-cr-10415-NMG (D. Mass.), Dkt. 246 at 125.

[5] *See* First Circuit Model Instructions, § 4.18.371; *United States v. Prange*, 11-cr-10415-NMG (D. Mass.), Dkt. 246 at 117; *see also United States v. Mullins*, 778 F.3d 37, 42 (1st Cir. 2015) (collecting cases affirming this instruction).

[6] *See, e.g.*, *United States v. Nueva*, 979 F.2d 880, 884 (1st Cir. 1992) ("[T]he government need not prove that the defendant knew all the details or all the members of the conspiracy. In the end, it is sufficient for the government to prove the essential nature of the plan and the defendant's connection with it."); *see also United States v. Rodriguez-Reyes*, 714 F.3d 1, 7 (1st Cir. 2013) ("[E]each coconspirator need not know of or have contact with all other members of the conspiracy, nor must they know all the details of the conspiracy or participate in every act[.]").

required to – that a person intends the natural and probable consequences of his acts when those acts are done knowingly.

- The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.[7]

Although the government does not believe that such instructions are necessary at this point in the proceedings, the alternatives proposed by the defendants would confuse and mislead the jury.

## CONCLUSION

For the foregoing reasons, the defendants' requests for limiting instructions should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Ian J. Stearns
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 19, 2021          /s/ Ian J. Stearns
                                   IAN J. STEARNS

---

[7] *See* First Circuit Model Instructions, § 4.18.371; *United States v. Prange*, 11-cr-10415-NMG (D. Mass.), Dkt. 246 at 119.