UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANTS' MOTION FOR CURATIVE INSTRUCTION

There has been no impermissible burden shifting in this case. The government has never suggested that the defendants have *any* burden, much less a burden of producing "evidence of their innocence," as they contend. Def. Mot. at 1. Indeed, the single question to which the defendants object did not even reference the defendants, either directly or indirectly. It was, instead, a proper, and invited response to the defense's suggestion that relevant evidence in this case was destroyed by a witness under the government's control.

## BACKGROUND

From the outset, the defense has argued to the jury that the government cannot meet its burden of proof without calling William "Rick" Singer as a witness. Indeed, within the first minute of his opening statement to the jury, counsel for defendant Abdelaziz argued: "Rick Singer is the center of this case. The case revolves around Rick Singer, the whole investigation. It's why we're here. And now, in opening statement, the government says, never mind, we're not calling him. Think about that when you eventually deliberate. *You're allowed to consider what evidence is presented and what evidence is not.*" 9.13.21 Trial Tr. 48:7–13 (emphasis added)[1]

---

[1] Counsel then went on, improperly, to advise the jury that Singer "was charged and convicted of obstruction of justice," *id.* at 59:6–8, despite previously moving to preclude the government from doing just that, *see* Dkt. 1997 at 1 (seeking to preclude government from

In questioning of FBI Special Agent Keith Brown, counsel for Abdelaziz returned to the theme of Singer's absence – over multiple sustained objections and the Court's admonition that it was beyond the scope of Special Agent Brown's testimony, which had nothing to do with Singer's cooperation – and linked it directly to the fact that Singer had deleted text messages from his phone:

> Q.     [H]andling cooperating witnesses and handling informants is tricky business, right?
>
> A.     It can be.
>
> Q.     I mean, the FBI can locate Mr. Singer if the prosecution team asked the FBI to do it, can't they?
>
> MR. FRANK: Your Honor.
>
> THE COURT: This is going beyond, I think, the scope of this witness' testimony.
>
> Q.     Well, are you aware of whether Mr. Singer is alive or not?
>
> MR. FRANK: I object.
>
> THE COURT: He can answer that question.
>
> A.     I have no reason to think he's not.
>
> Q.     And wasn't he recently here in Boston a month ago?
>
> A.      I understand that he was, but again, I wasn't involved in that.
>
> Q.     Okay. Did you understand he was interviewed here in Boston about a month ago--
>
> THE COURT: Sustained.
>
> Q.     And are you aware he's not being called as a witness in this case?
>
> THE COURT: Sustained.

---

introducing "evidence or testimony in any form showing that individuals have pled guilty in this or a related Varsity Blues prosecution (except for any individuals who will be testifying at trial as cooperating witnesses for the government)."

2

> Q.     Let me ask this. It's not you but it's the prosecution team who decides who the witnesses are for the government, correct?
>
> A.     Of course.
>
> Q.     All right. And are you aware that when Mr. Singer was cooperating with the government he deleted hundreds of texts on his phone?
>
> MR. FRANK: Objection.
>
> THE COURT: Sustained.

*Id.* at 66:13–67:17. Notwithstanding the sustained objection, counsel returned to the subject of Singer's cooperation and the deleted texts again, introducing an October 5, 2018 extraction of Singer's phone and asking Special Agent Brown:

> Q.     How about then, it does show, of these iMessages 1,342 deleted, right?
>
> A.     It appears to, yes.
>
> Q.     All right. And that's in October of 2018, shortly after Mr. Singer began to cooperate with the United States, right?
>
> A.     Shortly after he was approached. Again, I don't know details beyond that.

*Id.* at 101:14–20.

In response, the government asked Special Agent Brown a single question: whether Singer's deletion of text messages would cause that evidence to disappear altogether, or would simply remove those messages from his own phone. *Id.* at 103:10–11.

## **ARGUMENT**

The defendants' contention that the government's single question, in response to a prolonged defense inquiry concerning Singer's cooperation and deletion of text messages, "suggest[ed] to the jury that Defendants have the ability – and the burden – to produce any text

3

messages between other witnesses (including the Defendants) and Mr. Singer," Def. Mot. at 2, is without merit.

Impermissible burden-shifting encroaching upon the Fifth Amendment occurs only when the government's question or argument "'was manifestly intended or was of such a character that the jury would *naturally and necessarily* take it to be a comment on the failure of the accused to testify.'"  *United States v. Glover*, 558 F.3d 71, 77 (1st Cir. 2009) (quoting *United States v. Wilkerson*, 411 F.3d 1, 9 (1st Cir. 2005)) (emphasis added).  In other words, the government may not "argu[e] to the jury that the defendant is obligated to present evidence of his innocence." *United States v. Diaz-Diaz*, 433 F.3d 128, 135 (1st Cir. 2005).  But where a defendant opens the door to a theory either on cross-examination or through argument, "a prosecutor is not entirely forbidden from commenting on the defendant's failure to produce evidence supporting the defendant's stated theory," so long as the question or comment is rooted in the evidence that has been admitted.  *Id*.; *see also United States v. Harris*, No. CR 09-10243-MLW, 2012 WL 2402798, at *3 (D. Mass. June 26, 2012) (collecting cases finding no impermissible burden-shifting where government's statements were "directed at the evidence, and were not improper burden shifting"). In sum, there is a firm distinction between permissibly "dr[awing] attention to the lack of evidence" or holes in a defense theory or line of questioning, and impermissibly arguing that the defendant has "the burden to prove another set of facts."  *United States v. Salley*, 651 F.3d 159, 165 (1st Cir. 2011) (explaining that a defendant's burden-shifting objection "is without traction" unless the government's comment or question "specifically said that the defense had a burden to present evidence").

The defendants cite no case, and the government is aware of none, where a court found improper burden-shifting triggered by a single question on redirect examination aimed at poking

a hole in a defense theory raised on cross-examination.  Instead, they cite inapposite cases, for example, where the government argued to the jury during closing that when a defendant "go[es] forward," he "has the same responsibility as the government and that is to present a compelling case."  *United States v. Roberts*, 119 F.3d 1006, 1015 (1st Cir. 1997).  That is not close to what occurred here.  Indeed, neither the defendants' questions on cross-examination, nor the government's question on redirect, nor the witness's answers, even *mentioned* the defendants.  There was *no link* between the questions and answers concerning Singer's deleted texts and *any* witness or defendant.  Nor was there any suggestion, by the government or the witness, that the defendants have the burden of producing any evidence.  There was, accordingly, no possibility that the jury could take the government's single question, or the witness's response, to "naturally and necessarily" shift the burden to the defendants.

Rather, the government's question properly responded to the defense's suggestion that the government is withholding evidence, and that relevant evidence is missing because Singer, while cooperating, obstructed justice and caused it to disappear.  The defense having raised these inferences, the government was properly permitted to point out the holes in that theory by asking a common-sense question to elicit testimony supporting competing inferences.  Among these:  that Singer could not have caused relevant evidence to disappear simply by deleting it from his own phone, because that evidence continues to exist elsewhere; and that for the same reason, it would have made no logical sense for him to try to obstruct the government's investigation by deleting text messages from his phone, because he knew that evidence existed elsewhere.  These inferences have nothing to do with the defendants, or their purported burden.  They have everything to do with rebutting the defense's argument that the government's cooperator destroyed relevant evidence, and that the government cannot meet its burden of proof as a result, or without calling

5

Singer as a witness.  Additional evidence that has yet to be introduced will provide further support for the government's argument, including the fact that among the messages Singer appears to have deleted were messages that *he knew* were *already preserved* on government extractions of his phone.  Consistent with Agent Brown's testimony, Singer's deletion of text messages from his phone could not have deleted these previously preserved messages contained on images the government had already created.  In sum, the defendants cannot both raise an inference that relevant evidence is missing (or was destroyed), and then preclude the government from responding by offering evidence supporting the competing inference that it is not (and was not).

## **CONCLUSION**

For the foregoing reasons, there was no improper burden shifting, and the defendants' requests for a "curative" instruction should be denied.[2]

---

[2] To the extent the Court is inclined to give one, however, it should give a neutral instruction based on First Circuit precedent, and not the argumentative instruction the defendants request:

> Members of the jury, as I told you from the beginning of the case, the burden of proof is on the government to prove every element of the offenses charged.  That burden has to be met as to each count and each defendant separately.  The Defendants have no obligation whatsoever to present evidence. The burden of proof lies on the government from beginning to end.

*See, e.g.*, *Diaz-Diaz*, 433 F.3d at 134 n.3.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _/s/ Stephen E. Frank_____
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    STEPHEN E. FRANK
    IAN J. STEARNS
    Assistant United States Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed by emailing the deputy clerk and copying counsel of record on that email.  The document will also be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 20, 2021        _/s/ Stephen E. Frank_____
                          STEPHEN E. FRANK