UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | No. 1:19-CR-10080-NMG |

## OPPOSITION TO RON CRAWFORD'S MOTION TO QUASH

Defendants Gamal Abdelaziz and John Wilson oppose non-party Ron Crawford's motion to quash the trial subpoena, but support the alternative relief that Mr. Crawford has suggested: that he be permitted to offer his brief testimony by video. Defendants anticipate that Mr. Crawford is no more than a twenty-minute witness. In support thereof, Defendants state as follows:

1. Mr. Crawford's Motion to Quash buries the lead. **The defendants have already agreed to the alternative relief sought by Mr. Crawford—that he be permitted to offer his brief testimony by video so that he does not have to travel from Seattle to Boston during the pandemic. Defendants anticipate that Mr. Crawford's direct testimony will last no more than twenty minutes. Despite repeated requests, however, the government has refused to consent to Mr. Crawford testifying by video, instead insisting that he must be present for cross-examination.** The Court would not have been burdened with this ancillary litigation if the government had simply agreed to let this very brief witness testify by video.

2. The substance of Mr. Crawford's motion to *quash* (as opposed to the alternative

1

argument that he be permitted to testify by video) is meritless.  Mr. Crawford's argument boils down to the summary sentence set forth on the first page of his motion:

> Mr. Crawford's testimony would be limited to inadmissible character evidence concerning a potential *witness* to the case, William "Rick" Singer, who the government has indicated that it has no intention of calling.

(emphasis in original).

Of course, Mr. Singer is not a "potential *witness* to this case." (emphasis in original); he is an **indicted coconspirator, the government's primary cooperating witness, and the ringleader of the alleged nationwide conspiracy**.  Defendants will not use Mr. Crawford's testimony for "inadmissible character evidence," as Mr. Crawford suggests.  To the extent Mr. Crawford is arguing that Defendants must be muzzled from introducing any evidence of Singer's mode of operation, and that the jury can only hear how Singer spoke with parents on the calls that the prosecutors selected, the argument is absurd. "[T]he opportunity to present a complete defense is constitutionally guaranteed." *United States v. Ulloa*, 760 F.3d 113, 117 (1st Cir. 2014).  And "inasmuch as this evidence does not concern past criminal activity of [*Defendants*] Rule 404(b) is inapplicable." *United States v. Gonzalez-Sanchez*, 825 F.2d 572, 582 n.25 (1st Cir. 1987).  Further, whether Mr. Singer actually testifies or not is immaterial under Federal Rule of Evidence 806, which states that a "declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness."

3.  Mr. Crawford's testimony is needed to authenticate the video shown in the opening of Mr. Singer's speech to Starbucks employees, in which Mr. Singer describes his background and speaks directly to what the "side door" is.  Mr. Crawford is a high level Starbucks executive who invited Mr. Singer to speak to Starbucks employees and introduced his presentation.

4.  Mr. Crawford's references to Federal Rule of Civil Procedure 45 are irrelevant. This is a criminal matter in which the Defendants' liberty is at stake. The Federal Rules of Civil Procedure do not apply. Mr. Crawford does not cite any case showing why this Court should evaluate the matter under the Federal Rules of Civil Procedure.

5.  Mr. Crawford appears to have misread the subpoena insofar as he states that "defense counsel served Mr. Crawford with a subpoena purporting to command Mr. Crawford's appearance to testify on September 13, 2021 **regarding** "[a]ll communications with Rick Singer." Motion to Quash at 3 (emphasis added). The undersigned issued a standard criminal trial subpoena. The subpoena did not describe or otherwise limit the testimony sought from Mr. Crawford. Instead, below the line stating "You must also bring with you the following documents," the undersigned inserted "[a]ll communications with Rick Singer." Criminal subpoenas do not describe the nature of the testimony sought.

Dated: September 20, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109

617-367-3449

JOHN WILSON

By his attorneys:

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on September 20, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua C. Sharp*
Joshua C. Sharp