## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

GREGORY COLBURN, et al.,

Defendants.

Cr. No. 19-10080-NMG

## DEFENDANTS' RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' REQUESTS FOR LIMITING INSTRUCTIONS REGARDING ALLEGED CO-CONSPIRATORS

Defendants Gamal Abdelaziz and John Wilson ("Defendants") hereby submit this response in support of their proposed limiting instructions regarding alleged co-conspirators, attached hereto as **Exhibit A** and **Exhibit B**, and in opposition to the Government's proposed jury instruction set forth at ECF No. 2240 at 2-4. As explained below, (1) Defendants' proposed limiting instructions are necessary to prevent juror confusion and prejudice; (2) contrary to the Government's suggestion, it is common and appropriate to give such limiting instructions during trial, particularly where, as here, the evidence is admissible for one purpose but not another; and (3) the Government's proposed instruction is not the type of limiting instruction that courts customarily give during trial, but is instead a full-blown instruction on the law of conspiracy that is misleading, one-sided, contrary to law, and not supported by the cited authority, and would be disruptive to provide in the middle of trial. The First Circuit has made clear that in situations such as this, "[i]n the ordinary case, the district court should, if requested to do so by defense counsel, issue a limiting instruction." *United States v. Escobar-de Jesus*, 187 F.3d 148, 169 n.20 (1st Cir. 1999).

First, Defendants' proposed limiting instructions are necessary to prevent juror confusion and prejudice. Throughout the trial, the Government has submitted extensive evidence concerning

other parents and alleged co-conspirators—many of whom are complete strangers to the Defendants—and discussed this evidence at length in its opening statement. For instance, the Government elicited extensive testimony from Bruce Isackson concerning his interactions with Rick Singer and his wife's interactions with Rick Singer.[1]   In addition, the Government has submitted messages between Rick Singer and other parents and alleged co-conspirators, as well as recordings of conversations between Rick Singer and other parents and alleged co-conspirators.[2] Among other evidence, the Government has submitted messages showing that Rick Singer paid the high school tuition of Jovan Vavic's children—something the Government concedes:  that Defendant Wilson did not know, that Singer provided for the purpose of future favors rather than for any purpose connected with Defendant Wilson's son, and that happened years after USC admitted Defendant Wilson's son.[3]  The Government has also made clear that it intends to submit additional evidence concerning other parents and alleged co-conspirators.[4]

Even assuming the foregoing evidence is admissible because it lays out the context of the alleged conspiracy and bears on the nature and scope of the alleged conspiracy,[5] it is clearly *not*

---

[1]   Trial Tr. dated Sept. 13, 2021 at 88:9-164:4  (direct examination of Bruce Isackson); Trial Tr. dated Sept. 14, 2021 at 5:7-53:14, 101:23-110:21  (direct and re-direct examinations of Bruce Isackson); *see also* Trial Tr. dated Sept. 13, 2021 at 39:9-19  (previewing this evidence during the Government's opening statement).

[2]   *E.g.*, Trial Tr. dated Sept. 14, 2021 at 121:13-122:25, 123:19-22;  *see also, e.g.*, Trial Tr. dated Sept. 13, 2021 at 33:18-23, 34:12-14, 37:21-39:19, 39:20-40:14 (forecasting this evidence during the Government's opening statement).

[3]   Trial Tr. dated Sept. 15, 2021 at 102:12 (introducing evidence of tuition payments); Trial Tr. dated Sept. 13, 2021 at 33:18-25 (conceding in opening statement that Defendants did not know about tuition payments), and Trial Tr. dated Sept. 15, 2021 at 99:10-105:3 (conceding the same during sidebar).

[4]   Trial Tr. Dated Sept. 15, 2021 at 174:3-6 (advising that there will be other evidence relating to alleged co-conspirators).

[5]   Defendants do not concede this point.  Rather, they maintain that this evidence is inadmissible hearsay and that it should be excluded under Federal Rule of Evidence 403 because it is highly prejudicial, misleading, and will confuse the jury.

admissible to prove that Defendants willfully joined the alleged conspiracy. The First Circuit has held that proof a defendant willfully joined a conspiracy must be based upon evidence of the defendant's own words and actions, not those of others that are allegedly part of the charged conspiracy. *See United States v. Richardson*, 225 F.3d 46, 53 (1st Cir. 2000) ("Proof that defendant willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. . . . A conspiracy conviction requires that a defendant's membership in the conspiracy be proved on the basis of his own words and actions (not on the basis of mere association or knowledge of wrongdoing)." (brackets, citations, and internal quotation marks omitted)). Absent a limiting instruction from this Court, there is great risk that the jury will not understand this nuance, and will erroneously believe that the Government may prove Defendants' membership in the conspiracy on the basis of the words and actions of others. *Cf. United States v. Honneus*, 508 F.2d 566, 576-77 (1st Cir. 1974), *abrogated on other grounds by United States v. Christensen*, 732 F.2d 20, 23 n.5 (1st Cir. 1984) ("It is to be borne in mind that a jury has no experience in, or presumably knowledge of, the hearsay rule. Unguided, it would be most natural for the jury, in endeavoring to ascertain whether the defendants were in fact members of the conspiracy, to consider all evidence that apparently bore thereon. . . . [T]here is a 'minimum obligation on the trial judge in a conspiracy case in which extrajudicial statements of alleged co-conspirators are proffered to give a cautionary instruction on the limited uses of hearsay testimony, explaining clearly to the jury the requirement that the conspiracy itself and each defendant's participation in it must be established by independent nonhearsay evidence . . . ."). Limiting instructions are therefore necessary to prevent juror confusion and prejudice. *See United States v. Escobar-de Jesus*, 187 F.3d 148, 169 & n.20 (1st Cir. 1999) (explaining that evidence of the "background, formation, and development" of a conspiracy is "subject always to the requirements of Rule 403" and "[i]n the ordinary case, the

district court should, if requested to do so by defense counsel, issue a limiting instruction to the jury concerning the purpose of [evidence regarding co-conspirators] in order to further reduce the potential for prejudice flowing from its admission").[6]

Second, the Government's suggestion that it is somehow "unusual" to give limiting instructions during the course of a trial is a non-starter. ECF No. 2240 at 2. Limiting instructions are to be provided on a defendant's request under Federal Rule of Evidence 105, and "limiting instructions operate most effectively when given simultaneously with the relevant evidence." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5066 (April 2021 Update) (internal quotation marks omitted); *accord Honneus*, 508 F.2d at 576 (explaining that the limiting instruction "must be given either prior to the introduction of any evidence or immediately upon the first instance of such hearsay testimony"). Indeed, "[e]ven courts and writers who think that limiting instructions can properly be given at some other time agree that the best time to give them is contemporaneously with the introduction of the evidence to be limited." Federal Practice and Procedure § 5066. This is because the jury will

> better understand and therefor be more likely to heed limiting instructions given cheek-by-jowl with the evidence to which they apply. Giving instructions as the evidence comes in allows the jury to see how each brick can be fitted into the wall of evidence. By the time the charge is given, the jury may have already misused the evidence so that the passage of time and the other evidence in the case may have cemented the erroneous view in place.

---

[6]     In arguing that "no limiting instructions are required in these circumstances," ECF No. 2240 at 1, the Government cites to *United States v. Campbell*, 268 F.3d 1, 6 (1st Cir. 2001). But *Campbell* is inapposite because it concerned a different situation: whether the jury could consider the statements of co-conspirators for their truth pursuant to Federal Rule of Evidence 801(d)(2)(E). *Id*. at 4. In that case, the defendant sought a limiting instruction to the effect that the jury could not accept such statements as true, but the court rejected this request, having determined that the foundational requirements of Rule 801(d)(2)(E) were satisfied. *Id*. at 4-5. Here, by contrast, Defendants' proposed limiting instructions have nothing to do with whether the statements can be considered for their truth but relate only to the purpose for which those statements may be considered. Unlike in *Campbell*, Defendants here also request a limiting instruction based on the risk of prejudice and juror confusion.

*Id.* (footnotes omitted).   To ensure the jurors are not confused, misled, and prejudiced by the repeated and ongoing introduction of evidence of the words and actions of other parents and alleged co-conspirators, who are often complete strangers to the Defendants, the Court should give a limiting instruction on the proper scope of that evidence now.   An instruction at the end of trial would not unring the bell of prejudice and confusion.

Third, the Government's proposed instruction is not a limiting instruction.   It is instead a full-blown instruction on the law of conspiracy.   The time for presenting that kind of jury instruction is at a charging conference where there is sufficient time for the Court to hear objections and proposed instructions from both sides.   The Government is well aware of this and of the difference between a full-blown jury instruction and a Rule 105 limiting instruction.   Nonetheless, the Government is attempting to use a standard evidentiary request by Defendants as an opportunity to bootstrap their preferred jury instruction and force a charging conference in the middle of trial.   The Court should not condone this unorthodox attempt to obfuscate the issues, disrupt the trial, and deny Defendants the basic protections guaranteed by the Federal Rules of Evidence.   Though Defendants contend that it is wholly inappropriate to consider substantive jury instructions at this time, Defendants must object to the jury instruction presented by the Government.   The jury instruction is misleading, one-sided, contrary to law, and not supported by the cited authority.   For instance, the proposed instruction states "[t]he crime of conspiracy is complete upon the agreement to commit the underlying crime," ECF No. 2240 at 4, but the Government has previously admitted that "the conspiracy charged in Count Two does require an overt act." ECF No. 2079 at 13.[7]   Ultimately, the Government's proposed instruction suffers from

---

[7]       For the avoidance of doubt, Defendants maintain that an overt act is also required with respect to the conspiracy charged in Count One.

the same flaws as the proposed conspiracy instructions the Government has previously submitted. *See* ECF No. 2076, Ex. A at 7, 14-15, 18-19, 21-24. Defendants assert the appropriateness of the limiting instructions they have submitted and, alternatively, ask that the Court consider the conspiracy instructions that Defendants have previously proposed. *See* **Exhibits A** and **B**; *see also* ECF No. 2015, Ex. A at 29-37, 38, 51, 65-66, 71. The Government's attempt to submit this type of full-blown instruction on the law of conspiracy in the middle of the trial is unprecedented, confusing, and unnecessary. Defendants, in contrast, merely ask for the routine, fair, and essential protections established by the Federal Rules of Evidence and the First Circuit.

## CONCLUSION

For the foregoing reasons, the Court should give Defendants' proposed limiting instructions regarding evidence of the words and actions of other parents and alleged co-conspirators, and reject the Government's proposed jury instruction regarding the law of conspiracy.

Respectfully submitted:

By their counsel

/s/ *Lauren M. Papenhausen*
Lauren M. Papenhausen (BBO# 655527)
Michael Kendall (BBO # 544866)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

*Counsel for John Wilson*

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
atomback@mclaughlinstern.com

/s/ *Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA  02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA  02109
(617) 367-3449

*Counsel for Gamal Abdelaziz*

Dated: September 21, 2021

## CERTIFICATE OF SERVICE

This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

/s/ *Lauren M. Papenhausen*
Lauren M. Papenhausen