UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S [PROPOSED] REPLY IN OPPOSITION TO
DEFENDANTS' REQUESTS FOR LIMITING INSTRUCTIONS**

In their opposition brief, the defendants still fail to cite a single case offering the type of limiting instruction they seek. The sole authority they cite, a *footnote* in *United States v. Escobar-de Jesus*, 187 F.3d 148 (1st Cir. 1999), concerns a *different* circumstance: where the government offered evidence of the defendant's prior bad acts extrinsic to the conspiracy charged, pursuant to Fed. R. Evid. 404(b). That is not the situation here. The government has not offered other bad acts evidence. It has offered evidence concerning the nature, scope and operation of the very conspiracy in which the defendants are alleged to have participated.

The defendants' requested limiting instructions are little more than arguments that find no support in the law. Wilson, for example, seeks an instruction that the evidence of Loyola High School tuition payments "is being offered solely as it relates to an overall relationship between Rick Singer and Jovan Vavic." But that is not true. The evidence is offered as proof of the nature, scope and operation of a conspiracy that the defendants joined – and that Wilson re-engaged in a second time mere months after the final tuition payment was made. Likewise, Wilson's proposed instruction that the jury "should not in any way understand this evidence to suggest[] that John Wilson had any knowledge of any high school tuition payments made by Rick Singer in connection

with Jovan Vavic" is pure argument. Wilson does not, because he cannot, cite any law in support of such an instruction.

So, too, for the defendants' proposed instruction that evidence concerning "other parents or alleged co-conspirators . . . is NOT evidence of the Defendants' intent." As an initial matter, the government has not submitted evidence concerning other parents who are *not* alleged co-conspirators, and any effort by the defendants to do so should be rejected as irrelevant hearsay. The defendants cite not a single case that supports the remainder of their proposed instruction, which is in any event untrue as a matter of law. In reality, "while mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy," the jury may "consider such factors in deciding whether a conspiracy existed." *See* First Circuit Model Instructions, § 4.18.371; *United States v. Prange*, 11-cr-10415-NMG (D. Mass.), Dkt. 246 at 117; *see also United States v. Mullins*, 778 F.3d 37, 42 (1st Cir. 2015) (collecting cases affirming this instruction).

## CONCLUSION

For the foregoing reasons, the defendants' requests for limiting instructions should be denied. In the alternative, the Court should provide a complete instruction concerning the elements of conspiracy, and not the misleading partial instructions the defendants have offered.

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By: */s/ Stephen E. Frank*
        KRISTEN A. KEARNEY
        LESLIE A. WRIGHT
        STEPHEN E. FRANK
        IAN J. STEARNS
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 21, 2021                      */s/ Stephen E. Frank*
                                                              STEPHEN E. FRANK