# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
UNITED STATES OF AMERICA,,  :
:
:
:
    -against-  : Criminal No. 1:19-cr-10080-NMG
:
GAMA ABDELAZIZ, ET AL,  :
:
        Defendant.  :
:
:
------------------------------------------------------------x

### NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S REPLY IN SUPPORT OF MOTION TO QUASH

Defendant John Wilson's Opposition makes clear that he intends to put USC's admission practices—and the individual admission of innocent students who had nothing to do with the criminal conspiracy in this case—on trial, despite the Court's previous order that such evidence is inadmissible. Wilson claims the gift receipts USC issued to 18 other families—all of whom Wilson's counsel admitted that his client did not know prior to the indictment—will somehow "prove that Wilson lacked the requisite state of mind to commit tax fraud." Opp. at 2. This makes no sense. The Court already declared that evidence regarding unrelated students who were not known to Defendants at the time they entered the alleged conspiracy with Rick Singer "has no bearing on the defendants' state of mind and, thus, is irrelevant." Aug. 18, 2021 Tr. at p 6. Wilson is simply rehashing old arguments.[1]

---

[1] Wilson's attempt to introduce evidence of what other families did is directly inconsistent with other arguments that Defendants are actively making. For example, on September 20, 2021, counsel for Defendant Abdelaziz argued to the Court that "a central issue in this case is the intent of this defendant . . . all these other parents' activities, that such evidence is not evidence of the defendant's intent, and proof that the defendant joined a conspiracy must be based upon evidence of his words and actions, not these other parents . . . all this other evidence [about

Wilson's opposition further fails because it rests on the false premise that these 18 families made a "quid pro quo contribution" in exchange for admission to USC.  First, USC does not offer admission to any applicant in exchange for quid pro quo payments; indeed, USC would not have admitted Wilson's son had the Office of Admissions known the true circumstances of his application and payment to Singer.  Second, the emails regarding other students—whom Wilson did not know when his son applied to USC—that Wilson attaches to his opposition do *not* demonstrate quid pro quo payments in exchange for admission.  These exhibits are internal documents reflecting fundraising efforts by the Athletics Department.  These documents do not reflect any communications with any applicant's parents, nor do the documents involve a single employee from USC's Office of Admission, which is the only department at USC with the authority to admit prospective students, including prospective student-athletes.  The notion that employees in USC's Athletics Department may have hoped families would make donations does not at all establish that USC's Office of Admission admitted any students in exchange for any financial payments.

Moreover, introduction at trial of the fact that USC issued gift receipts to these families is of no probative value and will inevitably lead to 18 mini-trials about the circumstances of these students' admission to USC.  Not only has the Court declared that such mini-trials will not happen, Aug. 18, 2021 Tr. at p 6, but these mini-trials will also fail to show that these students were admitted through any quid pro quo agreement, as is alleged with respect to Wilson.

Wilson's quest to use gift receipts as some small portion of the mini-trials he desires to conduct related to other families is particularly unreasonable because Wilson does not claim he

---

other parents] that has nothing to do with [defendants'] intent, so the jury, as they hear it, should have the proper context, and it's not reflective of the defendants' intent." Sept. 20, 2021 Tr. at p. 209.

2

received a gift receipt from USC in connection with the $100,000 payment Singer made on Wilson's behalf (since Wilson did not make the payment to USC directly). Instead, Wilson asserts he received a "letter from USC acknowledging [the] donation." Opp at 2. But this acknowledgment letter is not a gift receipt, and it does not contain any language regarding taxes or "goods or services." Accordingly, Wilson's contention that the gift receipts USC issued to other families "supports his alternative tax liability calculation" is absurd because those gift receipts, which are not issued as part of any quid pro quo agreement, will not identify the value of anything but rather simply reflect the donation or donations made by these unrelated families.

Wilson's opposition also demonstrates further gamesmanship. Wilson claims he "has never sought these documents before, that is, the gift receipts issued by USC." Opp. at 5. But Wilson's March 20, 2020 subpoena sought "*documents sufficient to identify the details of any donations to USC*" from every student-athlete's family, and Wilson's November 25, 2020 subpoena sought "*documents sufficient to disclose each donation to USC*" of the families of thousands of VIP applicants. Asking for gift receipts is no different than asking for "documents sufficient to show the details of donations" because the gift receipt has no information other than the amount and timing of the donation. Wilson is simply trying to investigate the same donations by changing the wording of his request.

Finally, Wilson claims he "respects the privacy of the families whose records his subpoena seeks." Opp. at 6. But in apparent contravention of the Court's prior instructions, Wilson has asked questions about unrelated USC students and included gratuitous information such as the students' home state, their parents' occupation, their donation amount, and the year enrolled they enrolled at USC, all of which can easily be used to identify the innocent student being raised by Defendants. See Sept. 21, 2021 Tr. at p. 59-61, 65, 106. Wilson's assertion that he respects student

3

privacy is belied by his past actions. USC requests the Court quash Request 2 of Wilson's trial subpoena and instruct Wilson not to incorporate personally identifying information about unrelated students in his questions to witnesses.

>Respectfully submitted,
>
>UNIVERSITY OF SOUTHERN CALIFORNIA,
>
>By its attorneys,
>
>*/s/ Debra Wong Yang*
>Debra Wong Yang (Admitted *Pro Hac Vice*)
>Douglas M. Fuchs (Admitted *Pro Hac Vice*)
>GIBSON DUNN & CRUTCHER LLP
>333 South Grand Avenue
>Los Angeles, CA 90071-3197
>(213)229-7000
>dwongyang@gibsondunn.com
>dfuchs@gibsondunn.com
>
>
>*/s/ Anthony E. Fuller*
>Anthony E. Fuller (BBO #633246)
>William H. Kettlewell (BBO# 270320)
>Elizabeth C. Pignatelli (BBO #677923)
>HOGAN LOVELLS US LLP
>125 High St., Suite 2010
>Boston, MA  02110
>(617) 371-1000
>anthony.fuller@hoganlovells.com
>bill.kettlewell@hoganlovells.com
>elizabeth.pignatelli@hoganlovells.com

Dated: September 23, 2021

## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 23, 2021.

*/s/ Anthony E. Fuller*
Anthony E. Fuller