# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,           )
                  Plaintiff         )
                                    )
vs.                                 )  No. 1-19-CR-10080
                                    )
GAMAL ABDELAZIZ and JOHN            )
WILSON,                             )
                  Defendants.       )
                                    )
                                    )



          BEFORE THE HONORABLE NATHANIEL M. GORTON
                UNITED STATES DISTRICT JUDGE
                    JURY TRIAL - DAY 8



         John Joseph Moakley United States Courthouse
                      Courtroom No. 4
                    One Courthouse Way
                 Boston, Massachusetts 02210



                     September 20, 2021
                         9:15 a.m.




                 Kristin M. Kelley, RPR, CRR
                   Debra Joyce, RMR, CRR
                   Official Court Reporter
         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
                  Boston, Massachusetts 02210
                   E-mail: kmob929@gmail.com

         Mechanical Steno - Computer-Aided Transcript
```

1   put in a lot of evidence about other parents, ostensibly
2   because the nature, scope, and operation of conspiracy, but a
3   central issue in this case is the intent of this defendant,
4   Mr. Abdelaziz.  And the jury -- we respectfully request that
5   the jury be told now while it's all piling in, all these other
6   parents' activities, that such evidence is not evidence of the
7   defendant's intent, and proof that the defendant joined a
8   conspiracy must be based upon evidence of his words and
9   actions, not these other parents.
10           It's coming flying into the record.  Again,
11  ostensibly, for the nature, scope and operation of the
12  conspiracy, but as it's coming in now, it's unduly prejudicial
13  and forgery and we believe and we request that they should be
14  warned that this other parent evidence is for the nature and
15  scope of the conspiracy, not the intent of him.
16           THE COURT:  Mr. Frank?
17           MR. FRANK:  We briefed this issue, your Honor.  The
18  First Circuit law is clear that there's no limiting instruction
19  required in this situation.  I'd direct the Court to *US v.*
20  *Campbell* 268 F 3rd 1, a 2001 First Circuit case.  We are
21  proving the existence and the nature of the conspiracy.  We are
22  doing that in a limited way by putting in evidence about who
23  Rick Singer's other clients were that were engaged in the side
24  door scheme and what happened with their subcommittee
25  applications at or around the exact same time as these

1   individuals.  It's in limited evidence, but it is directly
2   relevant to our burden.
3           The First Circuit said there's no instruction required
4   in those circumstances, certainly not the kind of instruction
5   that the defense has requested, which brings up this issue of
6   intent.  We've not suggested anything -- that this evidence
7   suggests anything about intent.
8           If the Court were to give a mid trial instruction,
9   which we submit would be highly unusual in these circumstances,
10  we submit it should be a complete instruction on conspiracy,
11  such as the one that the Court will likely give at the end of
12  the case.  We think the kind of sort of excerpted instruction
13  with a couple of add-ons about intent that the defense has
14  requested would not be appropriate.
15          MR. KELLY:  I did not suggest it was required.  We're
16  requesting it out of fairness to the defendants because they
17  are shoveling in all this other evidence that has nothing to do
18  with his intent, so the jury, as they hear it, should have the
19  proper context, and it's not reflective of the defendants'
20  intent.  The reason it's a discrete instruction is because I'm
21  not asking for a long conspiracy instruction in the middle of
22  trial.  It's discrete, and that's an important issue in the
23  case.
24          THE COURT:  I will take the matter under advisement.
25  In fact, it's been under advisement for a couple of days now.

```
 1   C E R T I F I C A T E
 2
 3
 4   UNITED STATES DISTRICT COURT )
 5   DISTRICT OF MASSACHUSETTS    )
 6
 7
 8          We, Kristin M. Kelley and Debra Joyce, certify that
 9   the foregoing is a correct transcript from the record of
10   proceedings taken September 15, 2021 in the above-entitled
11   matter to the best of our skill and ability.
12
13
14       /s/ Kristin M. Kelley              September 20, 2021
15       /s/ Debra Joyce                    September 20, 2021
16       Kristin M. Kelley, RPR, CRR             Date
         Debra Joyce, RMR, CRR
17       Official Court Reporter
```