# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG |

**[PROPOSED] DEFENDANT JOHN WILSON'S SUR-REPLY TO NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S REPLY IN SUPPORT OF MOTION TO QUASH**

The Court should deny the University of Southern California's ("USC") motion to quash Defendant John Wilson's narrow request for limited documents. Wilson faces (among other charges) a tax-fraud charge. USC faces no charge of wrongdoing (by the Government or Wilson) or threat to its liberty. USC's practices are not at issue, and Wilson does not intend to say that USC did anything wrong. Accordingly, compared to Wilson's right to obtain evidence central to his defense, USC does not have the same rights or protections to justify withholding Wilson's request for 18 gift receipts. USC has a simple obligation: to produce documents Wilson requested pursuant to his Constitutional right of compulsory process, effectuated through his proper Rule 17 subpoena. In replying to Wilson's opposition to its motion to quash, USC raises inaccurate and irrelevant claims, unsupported by any authority. The Court should deny USC's attempts to avoid its obligation to Wilson for the reasons set forth in Wilson's opposition and herein.

*First*, USC repeats its argument that this Court's instruction that USC is not on trial precludes the admission of the evidence Wilson requests. Wilson agrees that USC is not on trial. That status does not relieve USC of its obligation to produce a handful of documents. Wilson is on trial and he needs these documents to defend himself. .USC ignores that this Court's pre-trial

order did not relate to the tax charge—the reason for Wilson's request—and that this Court has rejected such a strict interpretation of its order, even for the charges the order applies to.[1] Further, USC inaccurately claims that Wilson's request is "inconsistent with other arguments that Defendants are actively making." ECF No. 2262-1 at 1 n.1. USC's argument improperly conflates separate charges concerning an alleged conspiracy, honest-services fraud, and filing a false tax return. It is the last of these charges that compels production of the requested documents to establish whether USC *ever* has documented the value of an admissions spot relative to a donation that was a factor in offering that admissions spot. (USC also inaccurately conflates the two defendants in this case. Wilson has no obligation to ensure that his defense is consistent with that of Gamal Abdelaziz, who faces no tax charges.)

***Second***, the use of the term "quid pro quo" in Wilson's opposition did not imply any wrongdoing by USC or anyone else; it is a legal term of art in Section 6115 of the Tax Code. *See* 26 U.S.C. § 6115. Wilson has every right to argue the truth—that he intended only to make a charitable donation to USC, and that the Government errs in claiming that he should have deducted the value of his son's admission attributable to his donation when he deducted that donation from his taxes. *See Boulware v. United States*, 552 U.S. 421, 424, 426-28 (2008) (providing that a trial court should allow defendant to present evidence of alternative tax calculation). If, in fact, an admissions spot is property (which Wilson disputes), and that property has value, the only way to determine the value of such property (which has no established market) is to determine its value by looking at comparables. 26 C.F.R. § 1.6115-1; *see also* ECF No. 2149-1 at 6-7 (Wilson's proposed jury instruction on Tax-Exempt Organizations and Charitable Deductions). The only

---

[1]  Indeed, the Court recently denied Pat Haden's Motion to Intervene for the purpose of quashing Defendants' trial subpoena, which had raised the same argument. Dkt. 2211.

reasonable comparables here are the gift receipts of other families whose donations were a factor in their children's admission to USC.  To try to evade its clear legal obligations, USC contends that the actions of its athletics personnel cannot be attributed to USC and that the circumstances of admission (and patterns of philanthropy) corresponding to the 18 requested gift receipts might spawn mini-trials.  USC is not a party to this case, and these are not arguments that support quashing Wilson's subpoena.  These are arguments for the Government to raise.  The Government has not taken a position on these matters.  These also are matters for the jury to decide, if the Government were to parrot USC's arguments.  In any case, the Government has shown at trial how efficiently it can present evidence of alleged co-conspirators.  Wilson expects that the same will be true of these 18 gift receipts.

*Third*, the requests by Wilson are unique, and even if they were not, that is not a ground for quashing Wilson's subpoena.  Wilson previously issued requests to USC that allowed USC to exercise its discretion as to which donation-relation documents were "sufficient" to respond to Wilson's request.  Now, Wilson requests a small, clear, and non-discretionary pool of documents.

*Finally*, USC again raises the privacy concerns of the families to whom it issued the 18 gift receipts—and yet again ignores the protections that the protective order in this case affords this information.  USC's arguments fail to show how the protective order is inadequate to protect these families' privacy concerns.  USC lacks any basis, furthermore, to second guess how this Court has enforced the protective order during the ongoing trial.

Respectfully submitted,

*Counsel for John Wilson*

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com

Date: September 24, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

*/s/ Michael Kendall*
Michael Kendall