**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | Case No. 1:19-cr-10080-NMG |

**DEFENDANT JOHN WILSON'S MOTION CONCERNING**
**THE MODE AND ORDER OF WITNESS QUESTIONING IN THE**
**REMAINDER OF THE GOVERNMENT'S CASE-IN-CHIEF**
**OR, IN THE ALTERNATIVE , FOR WITNESS INSTRUCTION**

The government has stated its intent to call Steven Masera, James Nahmens, Jeff DeMaio, and Casey Moon as the next witnesses in its case in chief, which will focus on the charges pending against only Defendant John Wilson. Wilson expects that his cross-examination of each of these witnesses will be within the scope of the government's direct examinations and fully admissible in the government's case. *See* Fed. R. Evid. 402 (relevant evidence is generally admissible).

To the extent that the government objects to Wilson's questions on the ground that they are out of scope and should be in the defense's case, Wilson asks the Court to allow such questioning in his cross-examination and during the government's case-in-chief. Wilson does not anticipate that any allegedly out-of-scope testimony would be significant, and the presentation of such evidence during the government's case would save significant time rather than having to call each of these witnesses back to appear in the Defendants' case-in-chief. *See, e.g.*, Fed. R. Evid. 611(a)(1) (empowering the Court to "exercise reasonable control" over witness examinations "to . . . avoid wasting time"); Fed. R. Evid. 611(b) (permitting cross-examination "into additional matters as if on direct examination"). Messrs. Nahmens, DeMaio and Moon live in California.  Mr. Masera lives outside of Massachusetts. To force them to fly twice to Boston in

one week for a modest amount of testimony would be highly burdensome to the witnesses and jury.

Should the Court sustain objections that we anticipate, based on past practice, the government will make about the scope of the Wilson's cross-examinations of these witnesses, Wilson moves for alternative relief. Wilson respectfully asks the Court to order these witnesses to return to Court to appear in the Defendants' case-in-chief on Friday, October 1, 2021, and, if necessary, Monday, October 4, 2021, to provide brief testimony on any subject matter that the Court considers outside the scope of the government's examination. Wilson understands that this alternative relief likely will be inconvenient to the witnesses, but Wilson respectfully requests that the Court grant this requested relief to allow him the opportunity to present a complete defense efficiently and during a single appearance by each of these witnesses.

Respectfully submitted,

*Counsel to John Wilson,*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-0066
atomback@mclaughlinstern.com

Dated: September 26, 2021

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues. Defense counsel did not hear back from the government before filing.

/s/ Michael Kendall
Michael Kendall

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the forgoing was filed electronically on September 26, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Michael Kendall  
Michael Kendall
