# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

GREGORY COLBURN, et al.,

Defendants.

19-CR-10080-NMG

## DEFENDANTS' MOTION TO RECONSIDER EVIDENTIARY RULING ON EXHIBIT 1374A AND ORDER ON MOTION TO QUASH SUBPOENA TO RON CRAWFORD

Defendants Gamal Abdelaziz and John Wilson (collectively "Defendants") respectfully request that the Court reconsider its ruling preventing the Defendants from offering Exhibit 1374A (the "Starbucks video") (see 9/20/21 Tr. at 111:4-7 and 9/23/21 Tr. at 108:15) and its order allowing Ron Crawford's motion to quash (Dkt. 2265). If the Court allows the admission of the Starbucks video, which has already been sufficiently authenticated, the Court need not address the admissibility of Mr. Crawford's testimony, and the necessity of his appearance will be mooted.

The video is independently admissible either as: (1) impeachment evidence of a prior inconsistent statement of a hearsay declarant under Federal Rule of Evidence 806; or (2) relevant, non-hearsay evidence under Federal Rule of Evidence 401, both as evidence of Singer's "pitch," as well as evidence of Singer's non-criminal state of mind under Rule 803(3). The Court's recent Order (Dkt. 2265) stated that the video is inadmissible under Rule 404(a)(1) as "Evidence of a person's character or character trait" and/or Rule 608 as a specific instance of "a witness's character for truthfulness or untruthfulness." This is error, as the video is not offered for these purposes. In any case, Rule 404(a) does not apply to the Starbucks video. Rule 404(a)

evidence would consist, for instance, of direct testimony regarding Singer's *character*. *See, e.g.*, *Fecho v. Eli Lilly & Co*., 914 F. Supp. 2d 130, 138 (D. Mass. 2012) (testimony that physician was "one of the best and most caring doctors in the area" excluded). The Starbucks video certainly doesn't constitute such direct evidence of Singer's character.  If any provision of Rule 404 applies, it is Rule 404(b) regarding "evidence of any other . . . act."  But the First Circuit has clearly held that "Objections based on Rule 404(b) may be raised only by the person whose 'other crimes, wrongs, or acts' are attempted to be revealed." *United States v. David*, 940 F.2d 722, 736 (1st Cir. 1991). *See also United States v. Ulloa*, 760 F.3d 113 (1st Cir. 2014).  Here, that is Singer.  Rule 404, therefore, as a whole, is inapplicable to the Starbucks video under binding First Circuit precedent.

 "[T]he Constitution guarantees criminal defendants 'a **meaningful opportunity** to present a **complete defense**.'"  *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (emphasis added) (citations omitted).  The government has presented evidence that Singer's explanation of the term "side door" was per se illicit.  Defendants need to respond by putting on evidence that his use of that term was not illicit and that —in fact—he described the "side door" as a legitimate way to gain admission to college in presentations to large companies.  For this reason, and as further set for the below, Defendants respectfully request that the Court reconsider its decision to exclude the Starbucks video.

## ARGUMENT

### 1. The Starbucks video is authentic

The testimony of FBI Special Agent Elizabeth Keating and Mikela Sanford is sufficient to authenticate the Starbucks video.  To the extent the Court would like additional foundational testimony, the Defendants offer the testimony of Mr. Crawford, who hosted Mr. Singer at

Starbucks and witnessed the presentation recorded in the video that Mr. Singer gave to Starbucks corporate employees.

2. **The Starbucks video is independently admissible impeachment evidence under Rule 806**

The video is independently admissible (even if it constitutes hearsay, which it does not) under Rule 806 as a prior inconsistent statement. Since the government has chosen not to call Mr. Singer as a witness in their case, but is nonetheless introducing his hearsay statements, Defendants are permitted to impeach Mr. Singer under Fed. R. Evid. 806. Pursuant to Rule 806, a "declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness." The government introduced cherry-picked statements that Mr. Singer made to other parents in which he described the "side door" in a way consistent with the government's theory—as an illicit program. There is clear legal authority that Defendants should be permitted to offer the Starbucks presentation to impeach those statements. *See United States v. Graham*, 858 F.2d 986, 990 (5th Cir.1988) ("Under rule 806 . . . any prior or subsequent inconsistent statements by . . . the declarant, would be admissible to impeach [the declarant's] credibility.") (emphasis omitted); *see also United States v. Brainard*, 690 F.2d 1117, (4th Cir. 1982) (Widener, J. concurring) (stating that prior inconsistent statement was admissible under Rule 806 and failure to admit was reversible error).

The Starbucks video provides evidence of a prior inconsistent statement—specifically, a prior inconsistent explanation of the "side door." "[S]tatements need not be diametrically opposed to be inconsistent. . . . '[E]xplanations and denials run the gamut of human ingenuity, ranging from a flat denial, to an admitted excuse, to a slant, to a disputed explanation, or to a convincing explanation;' a statement could fall at any point on this spectrum and still be inconsistent." *United States v. Stewart*, 907 F.3d 677, 687 (2d Cir. 2018) (citations omitted). Mr.

Singer's explanation of the "side door" given in the Starbucks presentation is unquestionably inconsistent with the explanation he gave to parents when using the government's script.  To deny Defendants the opportunity to present this evidence to impeach Mr. Singer's credibility would constitute reversible error.  *See id.* at 691 (vacating conviction where the excluded impeachment material "might have undermined the [declarant's statement] in the eyes of the jury, . . . leaving the government 'with a substantially weaker case' as to [the defendant's] intent such that 'a guilty verdict would be far from assured'").

The jury must be given the opportunity to view this evidence.  It is up to the jury—not the Court—to decide whether Defendants' theory (that Mr. Singer's explanation to them was consistent with his explanation given to Starbucks employees) is believable.  *See Blake v. Pellegrino*, 329 F.3d 43, 47-48 (1st Cir. 2003) ("It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses . . . and draws the ultimate conclusions as to the facts." (citations omitted)).

### 3.  Even if Not Impeachment, the Video is Relevant Under Rule 401

In its Order (Dkt. 2265), the Court stated that Defendants have failed to address the relevance of Singer's statements in the Starbucks video.  Defendants respectfully disagree.  The "federal rules of evidence set a very low bar for relevance. . . . if the evidence has '*any* tendency' to make a material fact more or less likely, it is relevant."  *United States v. Rodriguez-Soler*, 773 F.3d 289, 293 (1st Cir. 2014) (emphasis in original); *see also Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010) ("A relevancy-based argument is usually a tough sell. The definition of relevance is quite expansive[.]").

Defendants have asserted repeatedly that when speaking with them, Rick Singer characterized the "side door" (without necessarily using that term) as a legitimate process

accepted by colleges and universities.  Evidence that Mr. Singer publicly described the "side door" as a legitimate process undoubtedly has a tendency to make it more likely that Mr. Singer described the "side door" process in the same way to Defendants—and that the Defendants reasonably believed Mr. Singer's "side door" process was legitimate, and that they did not have the requisite intent to commit the crimes with which they are charged.

This is not "character evidence"—it is not related to any personal character trait— but simply evidence of what Mr. Singer's "old pitch" was (a term used by Special Agent Keating at least five times during her testimony on Friday).  Agent Keating's repeated invocation that "He would go back to his old pitch because he was doing this for a number of years with many different parents.  We would keep reminding Mr. Signer to use 'payment to coach'" powerfully supports the fact that the Starbucks video not only is "a" description of how Singer described the "side door" but "the dominant" manner in which he described it.  *See* 9/24/21 Tr. at 56:12-15. Per Agent Keating, despite being a cooperator, and despite agents' repeated instructions to use language like "pay the coach" versus "contribute to the school," this was not enough for Mr. Singer to overcome his "old pitch" of describing the "side door" as "contribute to the school."

Moreover, the Starbucks video is relevant because it has a tendency to make it more likely that Defendants' belief was reasonable and held in good faith.  The fact that Mr. Singer's pitch regarding his services attracted high-level corporate officials—to the degree that they invited him to speak to a large group of their employees—is strong evidence that reasonable people would believe what Mr. Singer was telling them.  Such evidence is relevant on its own, but is made even more relevant given the fact that it directly refutes testimony from government witness Bruce Isackson that "only a fool" would fall for Mr. Singer's lies.  In short, the

Starbucks video provides the jury with a reliable view of what Singer habitually said—and therefore, of how Defendants were reasonably able to be deceived by Mr. Singer.

The Second Circuit considered a factually distinct but theoretically similar case where a drug courier proffered as his defense that he was "duped" by his handler, and sought to introduce evidence of other instances of the handler "duping" unsuspecting individuals to act as drug couriers.  The Second Circuit found that:

> The proffered evidence satisfies the liberal relevancy standard of the Federal Rules of Evidence: It tends to make the existence of a consequential fact, [Defendant's] knowledge, less probable. What [Defendant] sought to prove was that [handlers] had a ***plan*** to import narcotics from Lebanon into the United States using duped couriers. The existence of such a plan would lend some support to the inference that [Defendant] was duped and thereby bolster his defense of lack of knowledge.

*United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (emphasis added).  This was so even though Defendant proffered no evidence that he was aware of the other couriers. Defendants respectfully suggest, therefore, that there is no significance to whether or not the Defendants "had any knowledge of the [Starbucks] presentation," as this Court has suggested. Dkt. 2265 at 7.  *See also United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) ("This was reversible error . . . [I]n the case before us it was the defendant who sought to introduce evidence of the informant's scheme. His right to present a vigorous defense required the admission of the proffered testimony.").

Finally, the Starbucks video is evidence of Mr. Singer's state of mind—that is, he did not believe that the "side door" program was criminal and, in fact, conceived of it as a donation to the school, which it often was.[1]  Certainly the jury is entitled to see what Mr. Singer's state of mind was vis-à-vis the side door.  After all, the government has chosen to charge a conspiracy,

---

[1] As Mr. Singer told one parent, "[S]ide door is not improper nor is back door both are how all schools fund their special programs or needs."  Proposed Exhibit 1043.

which requires a meeting of the minds.  Therefore, not only is the Defendants' state of mind relevant, but their co-conspirators' states of mind are relevant as well.  *See, e.g., United States v. Sans*, 731 F.2d 1521, 1532 (11th Cir. 1984) ("Since Cohen was an alleged coconspirator , his state of mind was relevant."); *United States v. Mustafa*, 753 F. App'x 22, 36–37 (2d Cir. 2018) ("[B]ecause conspiracy requires a meeting of conspirators' minds on a common criminal objective, other-act evidence indicating a co -conspirator's state of mind may well be relevant 'to explain how a criminal enterprise developed,' 'to help the jury understand the basis for the co-conspirators' relationship of mutual trust,' or 'to complete the story" of the charged conspiracy." (citations omitted)).

### 4.  The Starbucks video is not impermissible character evidence

The Court ordered that the Starbucks video is inadmissible character evidence under Rule 404(a).  The Court's application of Rule 404(a) to the Starbucks video is erroneous.  Defendants do not seek to introduce the video as evidence of Mr. Singer's "**<u>character or character trait</u>**". Prototypical "**<u>character or character trait</u>**" evidence is, for instance, character for violence, peacefulness, or truthfulness.  Rule 404(a) evidence would consist, for example, of direct testimony regarding Mr. Singer's character.  No such evidence is offered in the Starbucks video. If anything, the Starbucks video may constitute "other act" evidence under Rule 404(b).  But under binding First Circuit law, the government cannot raise those objections here.  "Objections based on Rule 404(b) may be raised only by the person whose 'other crimes, wrongs, or acts' are attempted to be revealed." *United States v. David*, 940 F.2d 722, 736 (1st Cir. 1991).

### 5.  Mr. Singer's statements in the Starbucks video are not hearsay

The government has also objected to the Starbucks video on the basis of hearsay.  This video is not hearsay; it is not being offered for the truth of the matters asserted therein (in fact,

many of Mr. Singer's statements in the video are demonstrably false), but as evidence of what Mr. Singer was saying to other people—here, publicly—during the relevant time period. *See United States v. Figueroa*, 818 F.2d 1020, 1026 (1st Cir. 1987) ("Statements proffered to show something other than the accuracy of their contents-to show, say, the knowledge or state of mind of the declarant or one in conversation with him-are not considered hearsay."). The government has offered into evidence recorded conversations between Mr. Singer and other parents to support its own claims and theories as to how Mr. Singer described the "side door" process. The Defendants in this case were not parties to those conversations either. The Starbucks presentation provides additional evidence regarding how Mr. Singer pitched his services, and supports Defendants' position that Singer described his process to them in a similar way—that is, as a perfectly legitimate process. It is not the *truth* of Mr. Singer's assertions in the video for which Defendants offer the evidence; it is for the fact that he made these statements publicly, and that he was able to impress and deceive many people in the process. **By definition, this is not hearsay because it is not used for the truth of the matter asserted by the hearsay declarant.**

Further, even if the presentation were hearsay, it would be admissible under Rule 803's "state of mind" exception. *See United States v. Ouimette*, 753 F.2d 188, 191 (1st Cir. 1985) ("When a declaration is used to evidence a state of mind directly in issue, one encounters little difficulty in justifying the admission of the declaration. State of mind has to be proved in some way and frequently other evidence is nonexistent or inadequate."). The fact that Mr. Singer publicly talked about the "side door" using a description contrary to that which he gave in the calls made at the government's behest demonstrates Mr. Singer's state of mind with respect to the legitimacy of the side door. This "state of mind" evidence is admissible. *See United States v. DeSimone*, 488 F.3d 561, 568-69 (1st Cir. 2007) (out-of-court statements may be admissible as

"circumstantial evidence of [the speaker's] state of mind at the time"). Especially in light of the evidence introduced by the government, Mr. Singer's pre-cooperation state of mind, demonstrated through the pattern and practice of his behavior with others, is a "very essential element" of the defense going to the "core" of Defendants' case—that they reasonably believed Mr. Singer's process was legitimate because that is, in fact, what Mr. Singer himself expressed and appeared to believe.

## CONCLUSION

For the reasons explained herein, Defendants respectfully request that the Court reconsider its Order and permit the introduction of the Starbucks video and/or deny Mr. Crawford's motion to quash.

Dated: September 26, 2021

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren A. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

*Counsel for Gamal Abdelaziz*

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)

9

WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on September 26, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Brian T. Kelly*

Brian T. Kelly