UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | No. 19-CR-10080-NMG |

### DEFENDANTS' MOTION TO RECONSIDER ADMISSION OF EXHIBIT 1288

Defendants Gamal Abdelaziz and John Wilson respectfully request that the Court reconsider its denial of the Motion to Introduce Exhibit 1288, which constitutes legal error. In its Order denying the motion, the Court stated:

> The USC Admissions Department is an administrative entity of a university and as such does not have a 'state of mind'. To the extent the exhibit suggests a 'policy' of that department, its admission would be for the truth of the matter asserted, i.e. that the department's policy was nefarious, and would be hearsay not within an exception.

Dkt. 2265 at 11. The undersigned respectfully urge the Court to reconsider its decision. Of course Defendants are using the exchange to support assertions about USC. That is not forbidden under the hearsay rules. The hearsay rules are not concerned with the assertions of **litigants**—they are concerned with the assertions of **declarants**. *See* Fed. R. Evid. 801(c) (defining "hearsay" as a statement that a party offers "to prove the truth of the matter asserted *in the statement*" (emphasis added)). All **litigants** make assertions for their truth; the relevant question is whether the assertions of **declarants** are being used for the truth of the matter asserted. In this case they are not.

1

The Court's holding that state of mind evidence is inadmissible as to an entity is directly contrary to First Circuit law. For instance, in *Kassel v. Gannet Co.*, the First Circuit wrote:

> In our view, the extracts [of the Board of Inquiry Report] were not hearsay at all, for they were not offered to prove the truth of the matter asserted. [Plaintiff] offered the Board's report not to vouch for the conclusions reached, but simply to show the VA's state of mind. . . . Considering that, throughout the case, plaintiff sought to link the Vietnam retrospective to various actions taken against him by his employer, such state-of-mind evidence was admissible. Indeed, it strains credulity to suggest that insights into the VA's mindset were not crucial . . . . The Board's conclusions thus constituted strong evidence of … the VA's institutional beliefs . . . .

875 F.2d 936, 946 (1st Cir. 1989). *Cf. United States v. Bank of New* England, 821 F.2d 844 (1st Cir. 1987).

It is wholly proper for the jury to consider Exhibit 1288 for the state of mind (and knowledge) of the two USC admissions officers on this message. The two admissions officers appear to be joking around about Ms. Abdelaziz's basketball skills and/or the athletic admission process, using the terms "haha," "lol," "HA," "headbang," etc. That is classic state of mind evidence. Entities only act through their agents. Certainly Ms. Bradshaw and Mr. Alvendia have states of mind that are demonstrated in this email. And those states of mind tend to show knowledge on the part of the USC Admissions Department that is contrary to that portrayed by the government and by Ms. Chassin's testimony. There is nothing "nefarious" about accepting money in exchange for preferential admissions treatment for walk-on athletes, but Defendant Abdelaziz is entitled to admit the state of mind evidence in an attempt to show that such a practice existed. Again, only a declarant's assertion for the truth of the matter asserted is hearsay—certainly a litigant is entitled to make an assertion for the truth of the matter asserted. It is up to the jury to weigh the evidence and determine whether the evidence supports those arguments.

The only statements capable of being assertions in Exhibit 1288 are:

1. Sabrina Abdelaziz is a USC applicant who "actually plays the sport"
2. Sabrina Abdelaziz is "the best bball player in the Asian international school league"
3. Sabrina's counselor "reached out" to USC admissions and asked "what's up with this admit"
4. Sabrina was near the bottom of her class
5. Sabrina's school was a "top feeder" for USC
6. It was a "problem" that admissions cycle that a lot of students did not play the sport.

There are no other assertions anywhere in Exhibit 1288.

The Defendants are not introducing this Exhibit to prove any of these six assertions: as to point one, Defendants admit that Sabrina played only JV basketball in high school; as to point two, it is demonstrably false; as to point three, it is irrelevant (or perhaps even bad for Defendant Abdelaziz); as to point four, it is bad for Defendant Abdelaziz; as to point five, it is irrelevant; as to point six, it is what Ms. Chassin testified to.  If the government or the Court are concerned that a limiting instruction is necessary so that the jury does not consider Exhibit 1288 for any of these six points, Defendants have no objection.

Not only would it constitute clear legal error to keep this communication from the jury, it would cause great prejudice to Defendant Abdelaziz, who relied on this exhibit in opening and told the jury that it would be part of his case (and was, in fact, interrupted by AUSA Frank during opening who wrongly suggested to the jury that the undersigned was making false statements about this communication).  If the jury learns that this exhibit was not admitted and is instructed to disregard its mention in Defendant Abdelaziz's opening, the undersigned's credibility with the jury will be further harmed. Jurors may conclude that AUSA Frank's objection during the undersigned's opening had merit (when it admittedly did not), and that the undersigned was misrepresenting matters to the jury.

Exhibit 1288 has been pre-authenticated by stipulation of the parties.  It is clearly relevant because it is about Sabrina Abdelaziz.  And it is not hearsay as discussed above.

Therefore, the document is admissible. The document should have been admitted during the cross-examination of Ms. Chassin. Because the court erred in denying its admission, the undersigned respectfully request that the Court permit the document to be read into the record. There is no requirement anywhere in the federal rules that a pre-authenticated document be admitted only through a witness who is party to the document, or that state of mind evidence only be admitted through the testimony of the relevant declarant. *See, e.g., United States v. Fluker*, 698 F.3d 988, 999–1000 (7th Cir. 2012) (where neither author nor recipient of email testified, email authenticated through circumstantial evidence was admissible over hearsay objection because it was not offered for truth of matter asserted therein).

| | |
|---|---|
| Dated: September 26, 2021 | Respectfully submitted, |
| | GAMAL ABDELAZIZ |
| | By his attorneys, |
| | /s/ Brian T. Kelly |
| | Brian T. Kelly (BBO # 549566) |
| | Joshua C. Sharp (BBO # 681439) |
| | Lauren A. Maynard (BBO # 698742) |
| | NIXON PEABODY LLP |
| | 53 State Street |
| | Boston, MA 02109 |
| | (617) 345-1000 |
| | bkelly@nixonpeabody.com |
| | jsharp@nixonpeabody.com |
| | lmaynard@nixonpeabody.com |
| | |
| | Robert Sheketoff (BBO # 457340) |
| | One McKinley Square |
| | Boston, MA 02109 |
| | 617-367-3449 |
| | |
| | JOHN WILSON |
| | By his attorneys, |

4

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on September 26, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua C. Sharp*
Joshua C. Sharp
