UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | No. 19-CR-10080-NMG |

### DEFENDANTS' MOTION TO INTRODUCE EXHIBITS 1563A, 1478, 9025, 1381A, AND 8182

Defendants Gamal Abdelaziz and John Wilson respectfully move this Court for admission of Exhibits 1563A, 1478, 9025, 1381A, and 8182. The government is urging the Court to commit clear reversible error by excluding documents that are admissible and essential to Mr. Abdelaziz's and Mr. Wilson's constitutional right to defend themselves. The undersigned respectfully suggest that the government's objections are unwarranted and that the Exhibits must be admitted. The government continues to make baseless "hearsay" objections in this case that it knows will be reversed by the First Circuit in the event of any conviction and is simply banking on letting someone else deal with the eventual appeal. The Court should not permit this abuse of "hearsay" objections to continue. Defendants have already been severely prejudiced by not being able to use these admissible documents on cross-examination of Special Agent Keating.

**EXHIBIT 1563A.** Exhibit 1563A is a pleading from this case signed by AUSA Frank. Under binding First Circuit law, the pleading constitutes a party admission that is independently admissible. The government stated clearly and unequivocally in a brief submitted to this Court, "The government was not attempting to build a case that the parents understood Heinel to be

personally pocketing money, and the government has never alleged that." Dkt. 1104 at 8.  The government's statement is admissible—and vital—evidence for Defendants.

It is black letter law that in a criminal case, the federal government is a party opponent of the defendants.  *United States v. Kattar*, 840 F.2d 118, 130-31 (1st Cir. 1988); *see also Litif v. United States*, 682 F. Supp. 2d 60, 65 (D. Mass. 2010) ("[S]tatements of federal prosecutors can be treated as party admissions against the United States.").  In *Kattar*, the First Circuit held that statements made by the Justice Department were admissible as statements of a party opponent. 840 F.2d at 131 (stating that the "Justice Department here has, as clearly as possible, manifested its belief in the substance of the contested documents; it has submitted them to other federal courts to show the truth of the matter contained therein").  The First Circuit stated:

> We first must determine whether the government is a "party-opponent" for purposes of this rule in a criminal case. We agree with Judge Bazelon that "the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." *United States v. Morgan*, 581 F.2d 933, 937 n. 10 (D.C.Cir.1978). We can find no authority to the contrary or reason to think otherwise. Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, *cf. United States v. American Tel. & Tel.*, 498 F.Supp. 353, 356–58 (D.D.C.1980) (civil case), the Justice Department certainly should be considered such. *Cf. Giglio*, 405 U.S. at 154, 92 S.Ct. at 766.

**EXHIBIT 1478** is a script that AUSA Rosen wrote for Rick Singer to use with Defendant McGlashan (who the government alleges is part of the same conspiracy as Defendants).  The basis of the government's objection is hearsay.  *See* 9/23/21 Tr. at 80:1-4.  The document is not hearsay.  It is a script that former AUSA Rosen wrote for Mr. Singer to use with one of the Defendants' alleged co-conspirators.  It is absolutely not offered for the truth of the matter asserted— in fact, nothing in the script was true; it was made up out of whole cloth as part of a FBI ruse.  In other words, defendants could not possibly use the script for the truth of the matter asserted because the assertions therein are admittedly false.  The exhibit is clearly relevant to

showing the extent to which the FBI and AUSA Rosen were controlling and coaching Singer on the recorded calls.  *See United States v. Murphy*, 193 F.3d 1, 5 (1st Cir. 1999) (allowing the introduction of "instructions given to [one defendant] to falsify applications and withhold information" because they were not offered for the truth of the matter asserted "but rather to show that [others] gave such instructions").  The defendants are most certainly entitled to present such evidence to the jury, and the government is not able to cite any authority suggesting otherwise.

**EXHIBIT 9025** is the affidavit of Special Agent Laura Smith that was submitted under oath to the Court in support of a wiretap application.  In that application, Special Agent Smith stated:

> Up until the summer of 2018, I believe that all the money SINGER provided to HEINEL for her assistance went to USC athletic programs.  However, in July 2018, Heinel created a company called "Clear the Clearinghouse," and bank records (including records from bill.com) have shown that Singer has directed $40,000 to this company in the last two months, indicating that Heinel may now be receiving bribe payments herself.

The government again objected on the basis of hearsay.  The document is not hearsay.  Laura Smith is a Special Agent of the FBI, which is part of the United States Department of Justice.  In *Kattar*, the First Circuit specifically held that the Department of Justice is a party-opponent in a criminal case and that its statements are party-admissions.  In addition, Special Agent Smith's affidavit is a public record under Rule 803(8).  The rule specifically excludes from the definition of hearsay an assertion of "factual findings from a legally authorized investigation" if, in a criminal case, such findings are used against the government.  This is a criminal case and the Defendants are using these findings against the government.

**EXHIBIT 1381A** is a text message thread between Rick Singer and federal agents.  The text chain contains three text messages.  First, Rick Singer texts a picture of Donna Heinel's

phony invoice to Rick Singer.  Second, Singer writes "as requested."  Third, Agent Cedrone writes "thank you Rick."  Again, the government's hearsay objection is baseless.  The first text (sending a picture) is not an assertion capable of being hearsay.  The third text ("Thank you Rick") again is not an assertion capable of being hearsay.  The second text, "as requested," is admitted not for the truth (i.e., the fact that the agents actually requested the invoice—although Agent Keating admitted that she did), but to show the close interaction between the agents and Singer and also Singer's state of mind—that he believed that the agents had charged him with procuring this phony invoice on which the "Abdelaziz" name appears.  As has been argued many times to this Court, the phony invoice should have been excluded on multiple grounds—including because it is part of a separate conspiracy between Singer and Heinel, and also because it is unfairly prejudicial and confuses the jury under Rule 403.  But now that the invoice has been admitted (and without a limiting instruction as requested by Defendants), the Defendants are most certainly entitled to show that Mr. Singer thought he was following the direction of agents when he had Heinel create the invoice.

    ***EXHIBIT 8182 (transcript attached)*** is a recorded call between former AUSA Eric Rosen, Liz Keating, Rick Singer, and Rick Singer's attorney.  The government did not state the basis for its objection, but it was presumably hearsay.  However, there is no valid hearsay objection. The phone call consists of federal agents coaching Singer on how to make recorded calls with parents shortly before Mr. Singer wrote his October 2 diary entry regarding the "loud and abrasive call."  Nothing is offered for the truth of the matter—indeed, the agents are discussing a ruse which contained information that was *not true*.  The call is relevant to show the jury how Mr. Singer was pressured and coached by the government when he made the recorded calls and that such calls were contrived and meticulously coached.

4

For the reasons set forth above, the undersigned respectfully request that the Court admit Exhibits 1563A, 1478, 9025, 1381A, and 8182.

Dated: September 26, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren A. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically on September 26, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                                */s/ Joshua C. Sharp*
                                                Joshua C. Sharp