UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
UNITED STATES OF AMERICA,, :
:
:
: Criminal No. 1:19-cr-10080-NMG
:
-against- : *Redacted Version*
:
GAMA ABDELAZIZ, ET AL, : **LEAVE TO FILE GRANTED ON**
: **SEPTEMBER 27, 2021**
Defendant. :
:
:
------------------------------------------------------------x

### NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA'S
### MOTION TO QUASH DEFENDANTS' TRIAL SUBPOENAS

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, the University of Southern California ("USC") moves to intervene to quash trial subpoenas for purported record-keeper testimony served by counsel for Defendants John Wilson and Gamal Abdelaziz (collectively "Defendants"). Defendants have served trial subpoenas for testimony from various USC custodians of records: (1) "The Keeper of the Records, the Athletics Department of the University of Southern California," (2) "The Keeper of the Records, the Undergraduate Admissions Office of the University of Southern California," (3) "The Keeper of the Records, USC Website (usc.edu)," (4) "The Keeper of the Records, USC Trojans Website (usctrojans.com)," and (5) "The Keeper of the Records, the Tax Department of the University of Southern California."[1]

---

[1] The trial subpoena addressed to "The Keeper of the Records, the Tax Department" was served solely by Defendant Wilson.

1. **The Court Should Quash the Subpoenas for Record Keeper Testimony Because the Defendants Have Refused to Identify the Documents They Seek to Admit Under Fed. R. Evid. 803(6).**

As a threshold matter, the subpoenas should be quashed because the defendants have failed to provide USC with the records that they seek to admit through the various record-keepers.

Defendants claim that they simply seek to "establish the business records foundation" pursuant to Fed. R. Evid. 803(6) for certain USC documents that were produced in this matter, but fail to acknowledge that USC produced over 1 million pages of emails and other documents, the vast majority of which are not business records within the meaning of 803(6). USC asked Defendants to specify the documents at issue several times and made clear USC could not blindly certify that documents it produced were business records. USC has been repeatedly stonewalled. For instance, on September 6, 2021, when USC asked Defendants what documents they were asking USC to certify as business records, counsel for Defendant Wilson responded, "We can get you a copy of the documents once you confirm that someone will be able to certify." Exhibit A. USC simply cannot produce a record-keeper witness without knowing the records at issue, and Wilson's demand that USC do so is absurd.

Most recently, on September 22, 2021, Wilson's counsel renewed his demand that USC agree to certify unspecified documents as business records and threatened to call a live witness if USC did not provide an "acceptable" certification. Exhibit B. Again, Wilson's counsel did not provide USC with any specific documents or identify any Bates numbers, but simply informed USC he was seeking a "Keeper of Records" to certify various categories of documents are business

records, including, among other things, "emails and attachments from Garfio, Heinel, Fuller, Haden, Orr and Brunold." *Id.*[2]

USC cannot in good faith agree to produce an affidavit or a live witness to testify to the requirements of 803(6) unless the records have been specifically identified and they in fact meet the requirements of the stated rule:  (1) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (2) the record was kept in the course of a regularly conducted activity of a business; (3) making the record was a regular practice of that activity; and (4) all these conditions are shown by the testimony of the custodian or another qualified witness.  Fed. R. Evid. 803(6).  A USC records custodian could certify that the records are authentic, a fact that USC understands the parties have stipulated.   Yet, authenticity and admissibility are two entirely different things.  *See In re Grand Jury Proc.*, 473 F. Supp. 2d 201 (D. Mass. 2007).

Defendants appear to believe that any document or email produced by USC is per se a business record, even if it was not part of any retained files or otherwise memorialized as a business record utilized by the University.  Numerous courts have ruled that emails are not automatically business records within the meaning of 803(6).  *See United States v. Ferber*, 966 F.Supp. 90, 98 (D. Mass. 1997) (holding that emails are not admissible as business records because "there was no sufficient evidence that [the employer] required such records to be maintained."); *see also Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 701-02 (E.D. Va. 2004) (citation omitted).

---

[2]  During a meet and confer call on Sunday, September 26, 2021, at 5 pm ET, Defendants said they would send the documents to USC in the coming week.  But USC requested these documents weeks ago, and still does not have them.  USC filed this motion to present this issue to the Court in a timely fashion.

## 2. The Records At Issue Appear To Constitute Evidence that the Court Has Excluded.

The purpose of Defendants' subpoenas is clear: to facilitate the introduction of evidence related to non-party, innocent student applicants in violation of the Court's evidentiary ruling and protective order. This Court has ordered that "[u]nless there's evidence that a defendant . . . *knew* that USC admitted a specific unqualified student whose parent made a large donation to the school before that defendant entered into the alleged conspiracy with Singer, evidence of what other unrelated students and parents did has no bearing on the defendants' state of mind and, thus, is irrelevant to the requisite scienter that the government must prove in this case." (Dkt. #2108 at 6:11-22.) (emphasis added.) ▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████ It is obvious that Defendants' intent is to violate the Court's orders by putting USC's admissions practices on trial and questioning the admission of innocent students who have nothing to do with this case. The Court should not permit such a strategy.

For these reasons, USC respectfully request that this Court quash Defendants' subpoena commanding various unidentified "Keeper or Records" appear in Court to testify.

        Respectfully submitted,

        THE UNIVERSITY OF SOUTHERN CALIFORNIA

        By its attorneys,

        */s/ Debra Wong Yang*
        Debra Wong Yang (Admitted *Pro Hac Vice*)
        Douglas M. Fuchs (Admitted *Pro Hac Vice*)
        GIBSON DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        (213)229-7000
        dwongyang@gibsondunn.com
        dfuchs@gibsondunn.com

        */s/ Anthony E. Fuller*
        Anthony E. Fuller (BBO #633246)
        William H. Kettlewell (BBO# 270320)
        Elizabeth C. Pignatelli (BBO #677923)
        HOGAN LOVELLS US LLP
        125 High St., Suite 2010
        Boston, MA 02110
        (617) 371-1000
        anthony.fuller@hoganlovells.com
        bill.kettlewell@hoganlovells.com
        elizabeth.pignatelli@hoganlovells.com

Dated: September 27, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 27, 2021.

                                         */s/ Anthony E. Fuller*
                                         Anthony E. Fuller