**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 19cr10080-NMG-4; 9cr10080- |
| Plaintiff, | ) NMG-17 |
| v. | ) |
| | ) |
| GAMAL ABDELAZIZ, et al, | ) |
| | ) |
| Defendants. | ) |

## OPPOSITION OF NON-PARTY RON CRAWFORD TO DEFENDANTS' MOTION FOR RECONSIDERATION

Intervenor Ron Crawford opposes Defendants' motion for reconsideration (ECF No. 2273) ("Motion") and respectfully requests that this this Court affirm its order quashing a trial subpoena for testimony served on Mr. Crawford (ECF No. 2265) (the "Order").  As Defendants' motion makes clear, Mr. Crawford's testimony will be used purely to authenticate potentially inadmissible video evidence.  If the video is inadmissible for the reasons set forth in the Order, so too is Mr. Crawford's testimony. If the video is admissible, Mr. Crawford's testimony regarding the same speech that was videotaped and/or to authenticate it would be unnecessary and duplicative. Moreover, requiring Mr. Crawford to travel across the country during an ongoing global pandemic to provide brief, unnecessary testimony is unduly burdensome.

## ARGUMENT

### A.     Mr. Crawford's Testimony is Unnecessary & Duplicative

Defendants have now admitted that the only reason they sought to force Mr. Crawford—a non-party with no connection to the Defendants and no knowledge of either the Defendants' or Mr. Singer's alleged conduct in this case—to travel across the country was to authenticate a video that Defendants now argue has already been authenticated.  Motion at 1–2.  Therefore, even if the

video is admissible, Mr. Crawford's testimony is not needed to authenticate it.  Indeed,

Defendants agree that if the video is admissible, "the Court need not address the admissibility of

Mr. Crawford's testimony, and the necessity of his appearance will be mooted."  *Id.* at 1.  To the

extent the Court finds that the video is otherwise admissible, Mr. Crawford agrees that there is no

reason for him to be called to testify.

 If the video is not admissible, Defendants have offered no reason why Mr. Crawford's

testimony is relevant or necessary.  Nor could they; if the video is not admissible because Singer's

conduct towards Starbucks employees is generally not relevant, or because "evidence of Singer's

specific conduct during his Starbucks presentation [is not] admissible as it pertains to Singer's

truthfulness because that would be extrinsic evidence prohibited under Fed. R. Evid. 608(b),"

Order at 7, then the same reasoning would apply to any of Mr. Crawford's testimony regarding

Mr. Singer's Starbucks visit.

 Finally, contrary to Defendants' characterizations of the video in the Motion, Mr. Singer

did not "pitch" the "side door" process to Starbucks employees.  *See* Motion at 8.  Following Mr.

Crawford's Motion to Quash, Defendants' counsel provided a copy of the video to under-signed

counsel for review.  When viewed in context, the video makes evident that Mr. Singer's

presentation to Starbucks' employees was focused on what Mr. Singer described as the "front

door" approach to getting into college (i.e., students getting in on their own merits).  The "side

door" was referenced once during the video, obliquely and as a method that Mr. Singer used to

get some students from Harvard-Westlake School into college.   Mr. Singer did not offer that

approach to the Starbucks employees.  Mr. Crawford does not have any independent knowledge

or experience with Mr. Singer's "side door" approach.

**B.      The Subpoena Imposes an Undue Burden on Mr. Crawford.**

Additionally, as explained in his Motion to Quash, Mr. Crawford will face a significant burden if he is required to travel across the country during a global pandemic to testify in person in this ongoing federal trial.  Travelling from Seattle to Boston to provide brief and redundant testimony in this case imposes an undue burden on Mr. Crawford.  As the Court is well aware, the COVID-19 pandemic persists, and the Delta variant puts even vaccinated individuals at risk of breakthrough infections.  That risk is increased by activities such as cross-country travel, which would subject Mr. Crawford to airports, airplanes and other public spaces.

Should Mr. Crawford be required to testify in this case, he should be allowed to do so by remote means using two-way video technology such as Zoom.  The defendants agree that remote testimony would suffice and there is no reason that remote testimony would not be an effective substitute for in-person testimony. Thus, should the Court decide that the Starbucks video is admissible and that Mr. Crawford's testimony is somehow necessary to these proceedings, Mr. Crawford must be allowed to testify via Zoom or other remote means.

## CONCLUSION

For all the foregoing reasons, Mr. Crawford respectfully requests that this Court affirm its decision to grant his motion to intervene and quash the subpoena in its entirety.

Dated: September 27, 2021

Respectfully submitted,

_/s/_ Laura D. Gradel
Laura D. Gradel
Kristyn DeFilipp

Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
617-832-1000
KBunceDeFilipp@foleyhoag.com
lgradel@foleyhoag.com

*Counsel for Ron Crawford*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on September 27, 2021.

/s/ *Laura D. Gradel*