UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | No. 19-CR-10080-NMG |

# DEFENDANTS' MOTION TO RECONSIDER
# ADMISSION OF EXHIBITS 1254, 1255, AND 1540

Defendants Gamal Abdelaziz and John Wilson respectfully request that the Court reconsider its Order excluding Exhibits 1254, 1255, and 1540 from evidence. The undersigned respectfully submit that the government has misled the Court with respect to these exhibits in an attempt to prevent the jury from reviewing admissible and exculpatory evidence. Based on the government's misleading presentation, Defendants' constitutional rights have been violated, and the Court has committed clear and unambiguous legal error contrary to binding, century-old precedent from the United States Supreme Court. The undersigned sent a letter to the government on Saturday afternoon regarding the governments' baseless objections to Exhibit 1254, 1255, and 1540 and requested that the government withdraw its objection to the introduction of these Exhibits (see attached letter as Exhibit A). The government has declined to further engage on the issue and has suggested that Defendants file a motion for reconsideration. Thus, Defendants are filing this motion.

Although Exhibits 1540, 1254, and 1255 are attached hereto, as a reminder:

- Exhibit 1540 (attached as Exhibit B) is a January 5, 2018 email at 7:17 PM from Mikaela Sanford to Rick Singer. The email is blank. The subject line reads: "Please send Profile for Sabrina Aziz."

1

- Exhibit 1254 (attached as Exhibit C) is a January 5, 2018 email at 8:40 PM from Rick Singer to Mikaela Sanford.  The email simply *forwards* to Ms. Sanford an email that is dated August 7, 2017 and that the government has already introduced in evidence.  There is no text in the email—it is simply a forwarded message (that is already in evidence.)

- Exhibit 1255 (attached as Exhibit D) is a January 5, 2018 email at 8:43 PM from Mikaela Sanford to Rick Singer.  The only text in the email is: "Thanks. Will update her app and submit."

The government objected to the introduction of these Exhibits at trial. Of course, mistakes are often made in the heat of the moment at trial.  However, once Defendants filed a motion to introduce the exhibits (Dkt. 2247), the government should have realized (or did realize) that the hearsay objections were frivolous and contrary to binding law.  But instead of withdrawing the objection, the government filed an Opposition to Defendants' Motion that argued, among other things, that the three exhibits constitute inadmissible hearsay.  *See* Dkt. 2257.[1]

Based on the governments' briefs, the Court ruled on Friday that Exhibits 1540, 1254, and 1255 would be excluded from evidence.  The Court stated:

> The four emails at issue are pure hearsay because they are, in fact, offered for the truth of the matters asserted, specifically that Sanford requested and received Sabrina's athletic profile from Singer prior to Sanford's submission of her application to USC, and that Sanford intended to update Sabrina's application with the information provided by Singer.

The Court's ruling is contrary to clear and binding precedent from the United States Supreme Court.  As an initial matter, the hearsay rules are not concerned with the assertions of **litigants**—they are concerned with the assertions of **declarants**.  *See* Fed. R. Evid. 801(c) (defining "hearsay" as a statement that a party offers "to prove the truth of the matter asserted *in the statement*" (emphasis added)).  All **litigants** make assertions for their truth; the relevant question is whether the assertions of **declarants** are being used for the truth of the matter asserted.  In this

---

[1] The government also objected to the introduction of Exhibit 1541.  However, unlike the government's other hearsay objections, there is at least a non-frivolous argument that Exhibit 1541 constitutes hearsay.

case, as to Exhibit 1254, the forwarding (without any text) of an email that is already in evidence simply cannot constitute hearsay.  Second, as to Exhibit 1540, the request "Please send Profile for Sabrina Aziz" contains no assertion that is even capable of constituting hearsay.  There is simply no ambiguity.

With respect to Exhibit 1255, there is binding precedent from the United States Supreme Court—**that is over 100 years old**—that a statement of present intention is a recognized exception to hearsay, and is admissible not only to prove the intention of the declarant, but also that the declarant acted in conformance with that intention.  See *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285 (1892); *Shepard v. United States*, 290 U.S. 96, 105 (1933) ("[D]eclarations by an insured that he intends to go upon a journey with another may be evidence of a state of mind lending probability to the conclusion that the purpose was fulfilled . . . . Declarations of intention, casting light upon the future, have been sharply distinguished from declarations of memory, pointing backwards to the past.") (citing *Hillmon*); *Horton v. Allen*, 370 F.3d 75, 85 (1st Cir. 2004) ("The state-of-mind exception has been recognized by the Supreme Court and the SJC for over a century.") (quoting *Hillmon* and summarizing its holding as "admitting letter stating that declarant intended to travel to a certain destination with another"); According to the Advisory Committee Notes on Rule 803:

> The rule of *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892), allowing evidence of intention as tending to prove the doing of the act intended, is of course, left undisturbed.

As the First Circuit has stated, the "doctrine allows admission of a hearsay statement of intent for the purpose of showing that the declarant later acted in accordance with his or her expressed intention." *United States v. Diaz*, 597 F.3d 56, 66 (1st Cir. 2010).  *See also Minh Tu v. Mut. Life Ins. Co. of N.Y.*, 136 F.3d 77, 81 (1st Cir. 1998) ("An out-of-court statement by

3

[declarant] as to her intent is, of course, hearsay, but it is within the mental state exception and permits the further inference that she acted in accordance with her intent."). *See also* McCormick On Evid. § 275 (8th ed.) ("Statements of state of mind are now recognized as admissible to prove subsequent conduct."); *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) ("A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds. If relevant, such a statement may be introduced to prove that the declarant thereafter acted in accordance with the stated intent.").

For the reasons set forth above, the undersigned respectfully request that the Court admit Exhibits 1254, 1255, and 1540.

Dated: September 27, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren A. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

JOHN WILSON

4

By his attorenys,

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on September 27, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Brian T. Kelly*
Brian T. Kelly