# EXHIBIT A



Nixon Peabody LLP
Exchange Place
53 State Street
Boston, MA 02109-2835
**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Brian T. Kelly**
Partner

T / 617.345.1000
F / 844.854.0306
bkelly@nixonpeabody.com

September 25, 2021

**By Email**

Stephen Frank
Kristen Kearney
Assistant United States Attorneys

**RE:   United States v. Abdelaziz, No. 19-CR-10080**

Dear AUSAs Frank and Kearney:

I am writing regarding several of your recent hearsay objections to exhibits that I have sought to introduce at trial in the above-referenced case. Certain of your recent hearsay objections are contrary to binding precedent and black-letter law. It is difficult to believe that experienced counsel such as yourself are not familiar with the law in this area.

This appears to be an intentional attempt to keep admissible evidence from the jury. This win-at-all-costs approach is not only inappropriate for federal prosecutors but has the effect of denying Defendant Abdelaziz his constitutional right to a fair trial and constitutes a violation of MA Rule of Professional Conduct 3.3 (candor toward the tribunal). Among other things, that rule states that it is misconduct to "make a false statement… of law… to a tribunal or fail to correct a false statement of … law made to the tribunal."

First, on Tuesday I sought to introduce Exhibits 1254, 1255, and 1540.[1] At trial, AUSA Kearney objected to the introduction of all three exhibits, and all three objections were sustained. Thereafter, Defendants filed a motion (Dkt. 2247) arguing—among other things—that Exhibits 1254, 1255, and 1540 are not hearsay. As a reminder:

- Exhibit 1540 is a January 5, 2018 email at 7:17 PM from Mikaela Sanford to Rick Singer. The email is blank. The subject line reads: "Please send Profile for Sabrina Aziz."

- Exhibit 1254 is a January 5, 2018 email at 8:40 PM from Rick Singer to Mikaela Sanford. The email *forwards* to Ms. Sanford an email that is dated August 7, 2017 and that the government has already introduced in evidence. There is no text in the email—it is simply a forwarded message.

- Exhibit 1255 is January 5, 2018 email at 8:43 PM from Mikaela Sanford to Rick Singer. The only text in the email is: "Thanks. Will update her app and submit."

Mistakes are often made in the heat of the moment at trial. However, once Defendants filed the motion to introduce the exhibits, AUSA Kearney and the trial team should have realized (or did realize) that the hearsay objections were frivolous and contrary to binding law. But instead of withdrawing the objection, the government filed an Opposition to Defendants' Motion that argued, among other things, that the

---

[1] You have also objected to the introduction of Exhibit 1541. However, unlike your other hearsay objections, there is at least a non-frivolous argument that Exhibit 1541 constitutes hearsay.

September 25, 2021
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

three exhibits constitute inadmissible hearsay.  Among the false statements—contrary to binding law—in the government's brief, is that:

> Abdelaziz relies on Sanford's statement in one of the emails: "will update her app and submit." This is pure hearsay: an out-of-court statement introduced to prove the truth of the matter asserted – that Sanford *in fact* updated the application and submitted it.

Dkt. 2257 at 1.  Later in the brief, the government writes:

> It is not the fact that the emails were sent that Abdelaziz seeks to prove—Sanford admitted that on the stand.  Rather, Abdelaziz's counsel offered the emails for the explicit purpose of proving that Sanford *in fact* added information from Sabrina's fake profile to her USC application.  Because the emails are thus relevant only for the purpose of establishing the truth of their assertions, they are quintessential hearsay.  Abdelaziz's contention that proposed exhibit 1255 is admissible as a statement of intent under Rule 803(3) is incorrect.  As the Second Circuit has made clear "The exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule. This would be the result of allowing one's state of mind, proved by a hearsay statement, to provide an inference of the happening of an event that produced the state of mind." *United States v. Cardascia*, 951 F.2d 474, 487–88 (2d Cir. 1991). Here, Abdelaziz seeks to offer Sanford's asserted intent to "update the app and submit" to prove that she later did just that.  That is not permitted.

The substance of this brief is misleading, contrary to binding law, and violates the relevant Rules of Professional Conduct.  Based on this misleading brief, yesterday afternoon the Court denied Defendants' Motion to introduce Exhibits 1254, 1255, and 1540.

It is clear that Exhibits 1540 and 1254 are not hearsay.  First, as to Exhibit 1254, the *forwarding* (without any text) of an email that is already in evidence simply cannot constitute hearsay.  Second, as to Exhibit 1540, the request "Please send Profile for Sabrina Aziz" contains no assertion that is even capable of constituting hearsay.  There is simply no ambiguity.

The problem with AUSA Kearney's argument regarding Exhibit 1255 is even more serious.  There is binding precedent from the United States Supreme Court—that is over 100 years old— that a statement of present intention is a recognized exception to hearsay, and is admissible not only to prove the intention of the declarant, but also that the declarant acted in conformance with that intention.  See *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285 (1892); *Shepard v. United States*, 290 U.S. 96, 105 (1933) ("[D]eclarations by an insured that he intends to go upon a journey with another may be evidence of a state of mind lending probability to the conclusion that the purpose was fulfilled …. Declarations of intention, casting light upon the future, have been sharply distinguished from declarations of memory, pointing backwards to the past.") (citing *Hillmon*);  *Horton v. Allen*, 370 F.3d 75, 85 (1st Cir. 2004) ("The state-of-mind exception has been recognized by the Supreme Court and the SJC for over a century.") (quoting *Hillmon* and summarizing its holding as "admitting letter stating that declarant intended to travel to a certain destination with another");

 According to the Advisory Committee Notes on Rule 803:

> The rule of *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892), allowing evidence of intention as tending to prove the doing of the act intended, is of course, left undisturbed.

As the First Circuit has stated, the "doctrine allows admission of a hearsay statement of intent for the purpose of showing that the declarant later acted in accordance with his or her expressed intention."

September 25, 2021
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

*United States v. Diaz*, 597 F.3d 56, 66 (1st Cir. 2010). *See also Minh Tu v. Mut. Life Ins. Co. of New York*, 136 F.3d 77, 81 (1st Cir. 1998) ("An out-of-court statement by [declarant] as to her intent is, of course, hearsay, but it is within the mental state exception and permits the further inference that she acted in accordance with her intent."). *See also* McCormick On Evid. § 275 (8th ed.) ("Statements of state of mind are now recognized as admissible to prove subsequent conduct.").

AUSA Kearney's statement that: "*Here, Abdelaziz seeks to offer Sanford's asserted intent to 'update the app and submit' to prove that she later did just that. That is not permitted*" is a misstatement of law, pure and simple. *See United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) ("A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds. If relevant, such a statement may be introduced to prove that the declarant thereafter acted in accordance with the stated intent.").

Second, on Thursday, I sought to introduce Exhibit 1563A, which is an excerpt of a government brief submitted in this very case. The brief, states, in part, "The government was not attempting to build a case that the parents understood Heinel to be personally pocketing money, and the government has never alleged that." Dkt. 1104 at 8. I stated, "This is being offered as an admission of a party, the United States of America." AUSA Frank then stated, "We object to this, your Honor." I replied, "It's First Circuit law, *Qatar* [sic]." The Court sustained AUSA Frank's objection. AUSA Frank's objection was baseless and contrary to binding First Circuit law that I identified on the record. In *Kattar*, the First Circuit held that statements made by DOJ are admissible as statements of a party opponent in a criminal matter. The First Circuit stated:

> We first must determine whether the government is a "party-opponent" for purposes of this rule in a criminal case. We agree with Judge Bazelon that "the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." *United States v. Morgan*, 581 F.2d 933, 937 n. 10 (D.C.Cir.1978). We can find no authority to the contrary or reason to think otherwise. Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, *cf. United States v. American Tel. & Tel.*, 498 F.Supp. 353, 356–58 (D.D.C.1980) (civil case), the Justice Department certainly should be considered such. Cf. *Giglio*, 405 U.S. at 154, 92 S.Ct. at 766.

AUSA Frank's objection was contrary to binding First Circuit law and had the effect of misleading the Court on a matter of crucial importance to the defense.

***

We respectfully request that the United States Attorney's Office withdraw its objection to the admission of Exhibits 1254, 1255, and 1540, and 1563A. Please advise whether you will do so at your earliest convenience before Sunday, September 26 at 6:00 PM.

Sincerely,

Brian T. Kelly

CC:   Nathaniel R. Mendell, Acting United States Attorney
      Donald Lockhart, Chief of Appeals