UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Redacted Version of Sealed Filing**<br><br>Leave to File Under Seal Granted September 27, 2021, in ECF 2277 |

**DEFENDANTS' MOTION TO ADMIT EXTRINSIC EVIDENCE FOR IMPEACHMENT OF PAT HADEN, ALEX GARFIO, AND TIMOTHY BRUNOLD**

The Government presented Rebecca Chassin and her testimony included false statements, akin to the statements that Magistrate Kelley previously found false in the Declaration of Timothy Brunold.[1] Chassin testified, inter alia, that USC does not "offer admission in exchange for money" and that "[t]he work of the SUBCO was to consider students for athletic talent alone"[2] even though the government and defendants have numerous documents that directly

---

[1] Tr. of Motion Hearing at 27-28, United States v. Colburn et al, No. 1:19-CR-10080-NMG (D. Mass. Nov. 26, 2019), ECF 673.



[2] *E.g.*, Trial Tr. dated Sept. 20, 2021 at 127:2 ("Because we don't offer admission in exchange for money.") (emphasis added); Trial Tr. dated Sept. 21, 2021 at 100:20-22, 101:2-3 ("The work of the SUBCO was to consider students for athletic talent alone. . . . that is the

1

contradict this testimony. Most significantly, Chassin purported to speak for all of Subco, and specifically and repeatedly claimed to speak for Timothy Brunold. Brunold is Chassin's superior and the evidence clearly shows that he had far more awareness of and involvement in the consideration of contributions and the ability to contribute as part of the admissions process. The Government is exploiting the court's limitation on the use of evidence about USC's admissions policy to present false evidence that Defendants cannot rebut. This materially compromises the Defendants' ability to present a valid defense.

Defendants may call Pat Haden, Alex Garfio, and Timothy Brunold as witnesses, in part to rebut Chassin's false testimony. Defendants believe that provided they are required to testify consistent with the documentary records, these witnesses will provide relevant, exculpatory testimony on the policies and practices of USC's athletics department and Subco admissions, which are central to the material issue of the honest services owed to USC. Defendants also expect that these witnesses will testify consistent with their 302 interviews, and if they are given free rein to testify without regard to the documentary evidence, that they will repeat the false statements Chassin and Brunold have already made under oath. Defendants will only be able to secure the exculpatory evidence—that is, the truth—if they can impeach them with the documents described below.

Defendants will need to impeach these witnesses with their own emails and other USC documents. To streamline the presentation of Garfio's and Brunold's testimony at trial and to most efficiently use the deposition time allotted for Haden, Defendants ask for the opportunity to present oral argument and receive an advance ruling on the admissibility of the following

---

expectations that all of the members of the office of admission have around what happens at SUBCO.").

evidence.[3] This evidence includes documents and correspondence internal to USC, and is admissible for state of mind, as business records, and under Federal Rule of Evidence 807.

*First*, athletic talent was not the sole reason USC athletics routed students through Subco for admission. Frequently, the motivation was the ability of the students' families to donate. Further, to the extent Defendants, let alone the parents of any applicants were aware of the difference between VIP and Subco,[4] any line between VIP and Subco was at best blurry; there was significant overlap between these two categories of special interest.

Defendants seek a ruling on the admissibility of the following charts created by the USC athletic department and attached to correspondence sent in the regular course of business at USC:

- The cumulative special interest spreadsheet from 2012-2015 sent to Heinel, attached hereto as **Exhibit A**.[5] This chart indicates that athletics sometimes coded students as both VIP and Subco, that both categories were considered together as "special interest," and that Subco entries frequently noted donor commitments and potential, not athletic talent. Many such donor Subco candidates did not meet the skill level to be on a USC team and never joined a team.

- Correspondence and attachments from Heinel reinforcing the above-referenced pattern in athletics' special interest spreadsheets. Attached hereto as **Exhibit B**.[6]

---

[3] Should the government stipulate to the admission of this evidence, it may obviate Defendants' need for Garfio and Haden's testimony.

[4] Which Chassin's testimony makes clear is unlikely:

Does anyone on the outside of USC know the difference between the VIP list and SUBCO? . . . . Is that published USC information, the difference between the VIP list and SUBCO?
A. No, that's our internal process.

Trial Tr. dated Sept. 21, 2021 at 136:5-13.

[5] USAO-VB-01210807 – USAO-VB-01210808

[6] USAO-VB-01435576 – USAO-VB-01435579.

3



- The spreadsheet marked as Exhibit 7332 and attached hereto as **Exhibit C**, detailing the donation status or potential of nearly every entry, including students marked as Subco.

There was a pattern of referring students for Subco admission due to non-athletic considerations. Due to the voluminous nature of the evidence, Defendants have prepared a summary chart to demonstrate this pattern. The chart is attached to Defendants' Offer of Proof for Evidence Excluded in the Examination of Rebecca Chassin and Defendants incorporate by reference that chart and the entirety of their offer of proof. This evidence irrefutably contradicts Chassin's testimony: "Again, we were sometimes aware that there were students who were also of interest to other folks around the University, of interest to the Advancement Office, but in the Athletic Subcommittee, we were focused solely on the student's athletic talent."[7] Likewise, Brunold, Haden, and Garfio were all aware of this regular use of Subco to admit students based on considerations other than athletic capabilities.

In addition to the charts maintained by USC and compiled by Defendants, Defendants also seek the admission of the Subco packets[8] and internal correspondence for the following students[9]:

---

[7] Trial Tr. dated Sept. 20, 2021 at 127:2; Trial Tr. Sept. 21, 2021 at 63:6-10.

[8] The Government has stipulated to the admissibility of Subco packets and conceded that they are business records. Trial Tr. dated Sept. 21, 2021 at 92:24- ("Business records are things like subcommittee packets which are standardized in format, which are compiled in the ordinary course of business which are maintained in a file.").

[9] None of the students whose Subco packets are discussed *infra* were clients of Rick Singer.

4

- 

- 

- 



5



6



- [REDACTED]
- [REDACTED]
- [REDACTED]

---

- [REDACTED]
- [REDACTED]
- [REDACTED]

*Second*, the practices of the athletic department relating to the financial motivation for admitting students through Subco and the overlap between VIP and Subco was known to admissions, specifically to Brunold.  Defendants incorporate herein and seek the admissibility of all of the evidence referenced in Defendants' Offer of Proof for Evidence Excluded in the Examination of Rebecca Chassin.

*Third*, the evidence presented herein also impeaches the testimony provided by Rebecca Chassin—that admission was not offered for donations,[20] that athletic ability was the sole factor for Subco admission,[21] that VIP and Subco were entirely separate processes,[22] that students were never admitted through Subco for non-playing and managerial positions,[23] and that if athletics had any practices contrary to her understanding the entire admission department and Brunold were unaware.[24]  Thus, Defendants' also seek the admission of this evidence to impeach Chassin.

Respectfully submitted:

By their counsel

/s/ *Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
atomback@mclaughlinstern.com

---

[20]  Trial Tr. dated Sept. 20, 2021 at 127:2.
[21]  Trial Tr. dated Sept. 20, 2021 at 100:20-21 ("The work of the SUBCO was to consider students for athletic talent alone.").
[22]  Trial Tr. dated Sept. 21, 2021 at 121:18-25.
[23]  Trial Tr. dated Sept. 21, 2021 at 106:8-107:16.
[24]  Trial Tr. dated Sept. 21, 2021 at 54:2-55:5.

*Counsel for John Wilson*

/s/ *Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren M. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA  02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com
Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA  02109
(617) 367-3449

*Counsel for Gamal Abdelaziz*

Dated: September 27, 2021

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

      The undersigned counsel hereby certifies that counsel for Defendants have conferred with counsel for the government and attempted in good faith to resolve or narrow the issues raised by this motion.

                                        /s/ *Michael Kendall*
                                        Michael Kendall

## CERTIFICATE OF SERVICE

      This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

                                        /s/ *Michael Kendall*
                                        Michael Kendall