**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG |

**DEFENDANTS' MOTION TO EXCLUDE EVIDENCE**
**CONCERNING INTERNAL REVENUE AGENTS' BELIEFS OR OPINIONS**
**AS TO WILSON'S STATE OF MIND OR QUESTIONS OF LAW**

Defendant John Wilson renews his request to exclude testimony of IRS Agent Colleen Ranahan as a summary witness who will testify at trial about entries on Wilson's federal tax return. Wilson seeks to preclude Ranahan from offering any evidence that: (a) relates to Wilson's mental state or intent connected to any crime, which is inadmissible under Federal Rule of Evidence 704(b), and (b) purports to explain or opine on legal issues. Such testimony would be inadmissible, would mislead or confuse the jury, and has little probative value clearly outweighed by its prejudice. Fed. R. Evid. 403. Both Defendant Wilson and Defendant Gamal Abdelaziz also move the Court to strike IRS Agent Elizabeth Keating's testimony in which she impermissibly opined on these precise legal matters.

On July 30, 2021, Wilson moved to exclude in limine agent testimony about Wilson's mental state or intent connected to any crime as well as any agent opinions on matters of tax law. ECF No. 1993-1. Wilson expressly incorporates by reference here the arguments made in that motion.

The Court ruled from the bench that Wilson's motion was moot after **receiving assurances from the government** that agents would limit their testimony to qualifications, tax terminology, as well as summaries of Wilson's tax returns and IRS deduction determinations. 8/18/21 Hr'g Tr. at 11.

Despite these assurances, the government proceeded to elicit impermissible testimony concerning what the law is from Agent Keating, to which Defendants objected. First Circuit

1

precedent flatly prohibits testimony that provides the jury a view of what the law is, which only the Court may do. *See United States v. Stierhoff*, 549 F.3d 19, 28 (1st Cir. 2008) (an IRS agent "may not give legal opinions that purport to determine a defendant's guilt, nor may such a witness instruct the jury on controlling legal principles").

Namely, the government asked Agent Keating on redirect to define the legal term "quid pro quo," which the agent explained as "this for that," and subsequently elaborated as meaning, "You're going to get a benefit, and the family's going to get a benefit," 09/24/21 Trial Tr. at 93, —referring to a statement made by Rick Singer to Wilson in relation to Wilson's daughters' college applications, *id.* at 92. In other words, despite the government's assurances to the Court, the government improperly elicited from Agent Keating testimony as to whether some of the disputed facts concerning Wilson's actions qualified as "quid pro quo"—an issue which the government concedes is a matter on which only the Court may instruct the jury. *See, e.g.*, Gov't Proposed Jury Instruc. 31, ECF No. 2014 (asking that the jury be instructed that the breach of fiduciary duty element of the honest services mail and wire fraud charges must involve a "*quid pro quo*").[1] Defendants respectfully request the Court strike Agent Keating's testimony as to the meaning of "quid pro quo" and instruct the jury to disregard it. Specifically, Defendants request that the Court give the following instruction:

> Last week, you heard testimony from Special Agent Elizabeth Keating. You have heard Agent Keating testify about the term "quid pro quo" and what that meant in her view. I ask you to disregard that testimony, and not consider it as evidence in your deliberations. I will instruct the jury on the law, including the legal definition and any legal implications of a "quid pro quo," and you should follow the law as I describe it rather than any opinions any witness provides regarding a "quid pro quo."

Because the government failed to abide by the representations it made to the Court, and elicited impermissible testimony from Agent Keating, the Court should disregard the

---

[1] Defendants disagree that a showing of a *quid pro quo* is sufficient proof of crime. *See* Def. Wilson Proposed Jury Instruc. at 66, ECF No. 2015-1 ("A *quid pro quo* is not a crime if it is not performed with "corrupt intent."").

government's prior assurances as to the scope of the testimony of its IRS agents. Wilson respectfully requests the Court preclude the government from eliciting impermissible testimony from Agent Ranahan regarding Wilson's mental state and intent or purporting to opine on legal issues, including on the meaning of the term "quid pro quo." For example, Agent Ranahan should not be able to opine that Wilson's donations constituted *"quid pro quo"* and were not tax-deductible: the agent may not draw conclusions of law as to whether any of the deductions violated tax law.

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

*Counsel for Gamal Abdelaziz*


*/s/ Michael Kendall*
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (*pro hac vice*)
MCLAUGHLIN & STERN
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

DATED: September 27, 2021

3

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

The undersigned counsel hereby certifies that I have conferred with counsel for the government and attempted in good faith to resolve or narrow the issues raised by this motion.

/s/ Michael Kendall
Michael Kendall

**CERTIFICATE OF SERVICE**

I hereby certify that the above document will be filed on CM/ECF, which will send copies to attorneys of record.

/s/ Michael Kendall
Michael Kendall