```
                United States District Court
                  District of Massachusetts
_____
                                    )
United States of America,           )
                                    )
            v.                      )   Criminal Action No.
                                    )   19-10080-NMG
Gamal Abdelaziz and John Wilson,    )
                                    )
            Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On several occasions before and during trial, defense counsel has objected, or indicated their intent to object, to the introduction of wiretaps made of calls involving William "Rick" Singer on grounds that it violates the Confrontation Clause of the Sixth Amendment.  See U.S. Const. amend. VI.  The issue has not been fully briefed but the Court finds it appropriate at this time to address defendants' objections, as well as related pleadings by both parties.

    **I.  Background**

Defendants have included a Confrontation Clause objection among their continuing objections (Docket No. 2189, p. 2) and, during trial, have made several speaking objections on Confrontation Clause grounds.  On Sunday, September 19, 2021, the government filed a response to defendants' Confrontation

-1-

Clause objections (Docket No. 2239).  No antecedent motion has been filed.  In the government's response, it addresses various Confrontation Clause objections by defendants with respect to the Singer wiretaps raised before and during trial.  Defendants replied to the government's response on Wednesday, September 22, 2021 (Docket No. 2248).

During trial, the government has introduced wiretaps of telephone calls between Singer and defendant Wilson post-dating Singer's cooperation which began on September 21, 2018.  Defendants interposed their continuing objection again at the time of the introduction of the intercepted telephone calls.

**II.  Arguments of the Parties**

The government asserts that calls intercepted from the wiretaps of Singer's phone (both pursuant to 18 U.S.C. § 2510 et seq. and consensually) are admissible hearsay and that their admission does not violate the Confrontation Clause.  The government contends that statements made before Singer began to cooperate with the government are non-testimonial co-conspirator statements.  It argues that statements made at any relevant time by other alleged co-conspirators, such as Jovan Vavic and Donna Heinel, are likewise non-testimonial co-conspirator statements and, as such, do not contravene the Confrontation Clause.

Further, the government submits that defendants' statements are both non-testimonial, co-conspirator statements and party admissions. Finally, it asserts that Singer's post-cooperation statements are offered to provide context for defendants' statements, not for their truth, and thus are not testimonial hearsay of an absent declarant proscribed by the Confrontation Clause.

Defendants do not dispute that hearsay statements may nevertheless be admitted for context. They submit, however, that Singer's statements in the consensual wiretap calls ought not be admitted because the statements 1) are actually being used to prove the truth of the matter asserted, 2) do not relate to any genuine party admissions and 3) provide insufficient context for those alleged admissions.

**III. Legal Standard**

The Confrontation Clause forbids the admission of statements by an absent declarant when those statements are testimonial and the party against whom they are offered has not had a prior opportunity to cross-examine the declarant. Crawford v. Washington, 541 U.S. 36, 68 (2004). In determining when a declarant's statements are testimonial, courts look to all of the relevant circumstances, including the statements and actions of both parties to any conversation at issue. United

States v. Ciresi, 697 F.3d 19, 31 (1st Cir. 2012) (citing Michigan v. Bryant, 562 U.S. 344, 369 (2011)).

Co-conspirator statements are not testimonial by their very nature, United States v. Rodas, 523 F. App'x 731, 733 (1st Cir. 2013), because co-conspirator statements are made for a purpose other than later use in a prosecution, i.e. furtherance of the conspiracy. Ciresi, 697 F.3d at 31. Thus, the Confrontation Clause does not limit the admission of such statements.

Nor do statements not offered for the truth of the matter asserted abridge the protections of the Confrontation Clause. United States v. Walter, 434 F.3d 30, 34 (1st Cir. 2006). It is well-established First Circuit law that the admission of statements made by a non-testifying co-conspirator on a recording does not violate the Confrontation Clause when such statements are offered not for their truth but only to provide context for statements made by a party or other conspirators in the conversation and make them intelligible to the jury. Id., United States v. Perez-Vasquez, 6 F.4th 180, 197 (1st Cir. 2021) (holding that Confrontation Clause is not violated where statements are "admitted only to provide context for statements" made by other co-conspirators), United States v. Santiago, 556 F.3d 65, 69 (1st Cir. 2009) (holding that recordings of what two informants said are not hearsay in violation of the

Confrontation Clause because the statements are "essential to understand the context" of defendant's own recorded statements).

### IV. Application

Admission of statements pre-dating Singer's cooperation does not violate the Confrontation Clause because they are admitted de bene esse as co-conspirator statements. As such, they do not implicate the Confrontation Clause. See Ciresi, 697 F.3d at 31.

Nor does admission of Singer's recorded statements post-dating his cooperation violate the Confrontation Clause. Those statements provide necessary context to defendants' own statements, without which the latter would be incomprehensible. While the First Circuit has cautioned that district courts should not apply an overbroad application of the context exception to the rule against hearsay, it has consistently upheld the admission of statements such as those at issue here. In United States v. Sandoval, the First Circuit explained that the statements of cooperating witnesses were properly admitted because they could fairly be characterized as putting the conversation in context, i.e. putting the defendants statements in the full context of the conversation so that their inculpatory nature could be properly understood. 6 F.4th 63, 94-95 (1st Cir. 2021). Such is the case here. Defendants'

statements, purportedly inculpatory in context, cannot be generally understood out of context.  Admission of Singer's statements provides that context and is consistent with Supreme Court and First Circuit case law.

The Court's instant ruling aligns with its limiting instruction given to the jury at the beginning of the afternoon session on Tuesday, September 21, when the government began to introduce the wiretap recordings that post-dated Singer's cooperation with the government.  At that time, the Court informed the jury that they must not consider Singer's statements for their truth and may only consider them insofar as they provide context for the defendants' statements.  The Court further defined "context" as how Singer's statements give meaning to defendants' responses, if any.

Finally, the defendants' arguments are unavailing.  They contend that the government's purpose in introducing the consensual wiretap calls is to prove that the defendants bribed coaches.  That may be so but such proof will be dependent upon defendants' own admissions.  The Court has instructed the jury that those admissions may be explained by Singer's statements but Singer's statements themselves are not to be considered.

Defendants further assert that Singer's statements neither relate to admissions nor provide sufficient context therefor.

The Court disagrees and finds that defendants' statements are admissible under Federal Rule of Evidence 801(d) and, consequently, Singer's statements are admissible for context. While defendants submit that Singer's statements do not offer the full and complete context of their intentions or their relationship with Singer, the Confrontation Clause does not require so much.  See Sandoval, 6 F.4th at 54 (explaining that admitted cooperating witness statements put "defendants' statements in the full context of the conversation) (emphasis added).  To the extent defendants choose to proffer evidence of their prior dealings with Singer, they remain free to do so.

Therefore, defendants' continuing objection based upon the Confrontation Clause, which have not been reduced to a formal motion, are **OVERRULED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated September 27, 2021