UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>)<br>GAMAL ABDELAZIZ, *et al.*,            )<br>)<br>)<br>Defendants                  ) | Criminal No.: 19-10080-NMG |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
TO INTRODUCE EXHIBITS 1563A, 1478, 9025, 1381A AND 8182 [Dkt. 2276]**

The government respectfully submits this response in opposition to the defendants' motion to introduce proposed Exhibits 1563A, 1478, 9025, 1381A, and 8182. *See* Dkt. 2276. For the reasons set forth below, the motion should be denied.

As an initial matter, the defendants' motion is one for reconsideration because the Court has previously rejected the defendants' attempts to introduce these exhibits. *See, e.g.*, 9/23/2021 Trial Tr. at 76 ("[Exhibit 1563A] is not going to be admitted. It's a pleading in this case. It's clearly not admissible. The objection is sustained."). As this Court has held in denying prior motions for reconsideration in this case "[a] motion for reconsideration should be granted only if the court has patently misunderstood a party or there is a significant change in the law or facts since the submission of the issues to the court by the parties." *United States v. Sidoo*, 470 F. Supp. 3d 90, 93 (D. Mass. 2020). This is a "rigorous standard" that the defendants cannot satisfy. *Id.*

With respect to proposed Exhibit 1563A, a pleading in this case, the defendants argue that the pleading is admissible as a party admission. That brief includes the sentence, "The government was not attempting to build a case that the parents understood Heinel to be personally pocketing money, and the government has never alleged that." Dkt. 1104 at 8. But the government has at no time made an argument in this trial contrary to that contention. Indeed, the government's

opening statement made clear that Singer did not tell these defendants that he was paying Heinel (or Vavic) personally.  For that reason, the First Circuit's decision in *Kattar* is inapplicable, where the government took inconsistent positions in a pleading and then in argument to the jury.  *See United States v. Kattar*, 840 F.2d 118, 131 (1st Cir. 1988) (admitting statement in pleading because "[t]he *inconsistency* of the government's positions about the Church should have been made known to the jury.") (emphasis added); *United States v. Lopez-Ortiz*, 648 F. Supp. 2d 241, 247 (D.P.R. 2009) ("The First Circuit held that statements made in a government memorandum filed in a related case were admissible as party opponent admissions *because they contradicted* an earlier position taken by the government against defendant Kattar.") (emphasis added).  There has been no such contradiction to serve as a basis for the admission of Exhibit 1563A.  And, even assuming, *arguendo*, that the government's statements in pleadings are not hearsay, that does not require the Court to admit them.  Admissible evidence may properly be excluded on a variety of grounds, including "unfair prejudice . . . undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.  That is abundantly true here, where the document is cumulative, and the defendants seek to use it solely to inappropriately personalize these proceedings, and thereby to mislead the jury.  *See, e.g.*, Dkt. 2276 at 1 ("Exhibit 1563A is a pleading from this case signed by AUSA Frank.").

This is even more true of proposed Exhibit 9025, the affidavit of Special Agent Smith.  The defense first sought to use the affidavit to impeach two different agents, FBI Special Agent Keith Brown, who never saw it, and IRS-CI Special Agent Elizabeth Keating, who did not write or sign it.  The affidavit adds nothing to this case.  The government made clear in opening, and has made clear through the evidence, that the payments to Heinel started in July 2018, several months after Abdelaziz wired $300,000 to Singer's purported charity.  The proposed exhibit adds nothing to

this. Again, there is there is no "inconsistency" in the government's position justifying its admission. *See Kattar*, 840 F.2d at 131. Even assuming, *arguendo*, that the statement of a single FBI Agent is admissible as an admission of the Department of Justice – a proposition for which the defense provides no support – its admission here would be cumulative and a waste of time. Nor is the affidavit admissible under Fed. R. Evid. 803(8), as the defendants contend. That rule specifically *excludes* "in a criminal case, a matter observed by law-enforcement personnel." Special Agent Smith's affidavit summarizes what she observed – they are not the "factual findings" of an investigation. Indeed, the investigation was in its infancy at that point.

Proposed Exhibit 1478, a script prepared by a federal prosecutor to use in Singer's consensual call to another parent co-conspirator, is likewise irrelevant and its admission would be significantly more prejudicial than probative. *See* Fed. R. Evid. 401, 403. The defendants contend that the script is relevant to show "the extent to which the FBI and AUSA Rosen were controlling and coaching Singer on the recorded calls." Dkt. 2276 at 3. But the script of a call that was not introduced in this case cannot possibly be relevant to these defendants. Nor are the government's instructions to Singer relevant – what Singer said to these parents on the consensual calls cannot be disputed: it was recorded. Likewise, Agent Keating testified extensively on direct and cross-examination about the instructions that agents gave Singer. Again, the defendants seek to use the script to improperly prejudice and distract the jury and to personalize these proceedings.

So, too, for proposed Exhibit 8182, the partial call with Singer and federal agents and prosecutors that was inadvertently captured on the consensual wiretap. The defendants contend that the call "is relevant to show the jury how Mr. Singer was pressured and coached by the government when he made the recorded calls and that such calls were contrived and meticulously coaches." *Id*. at 4. But the fact that the calls were contrived is not disputed. The fact that agents

3

gave Singer instructions is likewise not disputed.  The defendants seek to introduce the call itself to mislead the jury into thinking that it is a *different* call Singer referred to in his notes, and because AUSA Rosen referred to a phone that the government provided Singer for calls to his attorney and agents as a "burner."  This has zero probative value.  The only purpose for the introduction of this call is to mislead and distort.

Finally, proposed Exhibit 1381A, the text message thread between Singer and federal agents in which Singer sends a photograph of an invoice received from Heinel together with the note "As requested," has no probative value.  *See* Fed. R. Evid. 401, 403.  Even assuming, *arguendo*, that the photograph of the invoice is admissible for the fact that Singer sent it to the agents, his statement "As requested" is not.  *See* Fed. R. Evid. 802.  The defendants contend they do not seek to offer the statement for its truth, but that is plainly what they do seek:  to mislead the jury that agents "charged [Singer] with procuring this phony invoice."  Dkt. 2276 at 4.  Nor does Agent Cedrone's response, "thank you Rick" have any probative value.  Finally, the fact that Singer was following agents directions in asking Heinel to create a more detailed invoice is not disputed, nor is the fact that agents did not direct Singer to tell Heinel *what to include* in that invoice (Abdelaziz's name).  Special Agent Keating testified that agents instructed Singer to request a more detailed invoice from Heinel, and the substance of what Singer said to Heinel is beyond dispute:  it was recorded, and the recording was introduced.  With the possible exception of the photograph itself – devoid of the text around it – the exhibit should be excluded as hearsay, and pursuant to Rules 401 and 403.

## CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration to introduce proposed Exhibits 1563A, 1478, 9025, 1381A, and 8182 should be denied.

4

          Respectfully submitted,

          NATHANIEL R. MENDELL
          Acting United States Attorney

By: */s/ Stephen E. Frank*
          KRISTEN A. KEARNEY
          LESLIE A. WRIGHT
          STEPHEN E. FRANK
          IAN J. STEARNS
          Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 28, 2021          */s/ Stephen E. Frank*
                                                                     STEPHEN E. FRANK
                                                                     Assistant United States Attorney