UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG |

### DEFENDANTS' THREE-PAGE REPLY IN SUPPORT OF MOTIONS FOR RECONSIDERATION

The government now admits that they got one of the most basic hearsay issues in the law wrong, and simply missed a century-old Supreme Court precedent when they filed their Opposition. They are now taking the extraordinary step of withdrawing their hearsay objections to Exhibits 1254, 1255, 1540. But in order to persuade the government to do so, the undersigned had to take the extraordinary (and time consuming) step of sending a letter to the AUSAs on this case as well as the Chief of Appeals, and the United States Attorney himself—and then prepare and file a motion for reconsideration. If defense counsel had not had the time to make those submissions, the government would have been content to mislead the Court into committing clear and unambiguous legal error.

**But the government's misleading and baseless hearsay objections do not stop with Exhibits 1254, 1255, and 1540 and all of their evidentiary objections must be viewed with deep skepticism.** Accordingly, Defendants file this brief reply in support of their Motion to Admit Exhibits 1374A and Exhibit 1288.

**As to Exhibit 1374A (the Starbucks video):**

1. The government makes the absolutely absurd suggestion that the Singer "never described the side door as 'illicit,'" Dkt. 2297, and therefore impeachment is not warranted under

1

Rule 806. But the entire purpose of the consensually recorded calls was to have the parents seem as if they had agreed to an "illicit" program. Therefore, the Starbucks video is absolutely impeachment of the non-testifying declarant under Rule 806. The government simply cherry-picks a wiretapped call (**prior** to Singer cooperating) to try to show that his pitch to Gordon Caplan was consistent with the Starbucks script. But Defendants also seek to impeach the **scripted** calls, not the wiretapped calls with Caplan.

2. The government does not substantively engage in any of the other independent bases for admission of the Starbucks video, but dismisses the lengthy motion with a back-of-the hand approach. The other bases for admission in Defendants' motion are compelling, even if the Court finds that the video is not impeachment.

**As to Exhibit 1288 (the admissions officer communication):**

1. All of the government's arguments go to the weight of the evidence; not its admissibility. It is the jury that decides the weight of the evidence, not the government or the Court. The government can argue the weight of the evidence to the jury, but it cannot prevent the jury from seeing the evidence because the government believes the jury should reach a different conclusion. **The government appears to have, more or less, withdrawn its hearsay objection and is now objecting based on relevance. But the relevance of the email is clear – it is about Sabrina Abdelaziz. It is not between mere "junior admissions officers," but one who is a member of SubCo, and one who is responsible for the Hong Kong International School.**

2. The government has made up a new objection that has no basis in the law. They now state that a relevant, pre-authenticated (pursuant to stipulation) and non-hearsay exhibit cannot be read into the record because doing so may be "grossly misleading." But that is **precisely** what the government did with Special Agent Brown; there is no distinction

whatsoever. The Rules of Evidence do not require that a pre-authenticated document be read into evidence with a witness who received or sent the document and it is reversible error to so hold. For instance, the government's objection yesterday that "It's hearsay as to this witness," is not found anywhere in the Federal Rules of Evidence. See 9/27/21 Transcript at 94:24. The government neglects to mention *United States v. Ouimette*, 754 F.2d 188 (1st Cir. 1985), which reversed a conviction. In that case, "Defense counsel did not follow the court's suggestion that he avoid the hearsay problem by calling the police as witnesses," and relied instead on the oral testimony of someone who had overheard the police. The First Circuit held:

> The prosecutor's insistence that the statements were hearsay misses the point; even though they were hearsay, they were admissible to show the existing state of mind of the police….The district court was correct that any hearsay problem could have been avoided if defense counsel had called the police as witnesses and asked them about the statements they allegedly made. **Although this may have avoided the hearsay hurdle, we do not think that defendant could be forced into taking that alternative.**
>
> The rule specifically states that "[a] statement of the declarant's then existing state of mind" is "not excluded by the hearsay rule, even though the declarant is available as a witness." … If the district court had excluded the evidence on the ground urged by the government, that it was hearsay, it would have been error. **We know of no case holding or even suggesting, and the government has cited none, that counsel must introduce testimony in a manner so as to avoid evidentiary problems. It is the essence of our adversary system that counsel, not the court, chooses how evidence is to be presented….**
>
> **Counsel offers the testimony; the court determines its admissibility based on the rules of evidence, not whether an alternative method of introducing it would be preferable.** Particularly in a criminal case, a defendant cannot be penalized by the exclusion of otherwise admissible testimony because his counsel has chosen to proceed in a manner which requires a difficult ruling by the court. Nor can counsel be deprived of that choice even if, as the judge suspected here, his purpose was to force a ruling by the court that might enhance his client's chances on appeal. That is not an unusual trial tactic. We also note that, given a choice, defense counsel in a criminal case might well want to avoid calling hostile police officers as witnesses even though rebuttal testimony is available.

(emphasis added). The First Circuit reversed the conviction and remanded for a new trial.

Dated: September 28, 2021                                    Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren A. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

JOHN WILSON

By his attorenys,

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on September 28, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

             */s/ Joshua C. Sharp*
             Joshua C. Sharp