UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
UNITED STATES OF AMERICA,  :
:
:
:
-against-  : Criminal No. 1:19-cr-10080-NMG
:
GAMA ABDELAZIZ, ET AL,  :
:
Defendants.  :
:
:
------------------------------------------------------------x

### REPLY IN SUPPORT OF MOTION TO QUASH ON BEHALF OF NON-PARTIES RAY GONZALES AND TRACEY VRANICH

On September 23, 2021, shortly after the USC Employees filed their motion to quash, the Court issued a written order declaring that (1) gift receipts issued by USC to unrelated families are not relevant to Wilson's intent when he submitted an allegedly false tax return, and (2) how USC evaluated applicants with "VIP" tags is not relevant to the charges against Defendants because their children did not have VIP tags and instead were admitted through Subco. Dkt. 2265. The two remaining USC Employees submit this short reply brief to address Defendants' Opposition,[1] which simply rehashes issues that have already been decided on multiple occasions.

**Tracey Vranich**

Defendants' Opposition makes clear they seek to cross-examine Ms. Vranich on whether USC "placed any value" on donations made by other families that Wilson alleges were made in exchange for "positive admissions consideration." Opp at 2. On September 23, 2021, shortly after

---

[1] Defendants' Opposition is signed by Brian Kelly, which is inconsistent with his representation to the Court that Nixon Peabody would not take adverse positions with respect to USC witnesses. Dkt. 444. For example, Defendants' Opposition submitted by Mr. Kelly claims that it is seeking testimony to impeach another USC witness. Opp at 1.

Ms. Vranich filed her motion to quash, the Court granted USC's motion to quash Wilson's request for gift receipts issued to other families and declared: "Because it is uncontested that Wilson knowingly filed his tax return, the only material issue at hand is his state of mind when doing so. A gift receipt which Wilson did not see before he filed his tax return (nor has yet seen) cannot possibly be material or relevant to this case." Dkt. 2265. The same rationale plainly applies here. Defendants' Opposition does not and cannot explain how Ms. Vranich's testimony regarding donations of other families could possibly have any bearing on Wilson's state of mind. Instead, Defendants simply ignore the Court's September 23, 2021 ruling and incredibly claim that USC's instructions to other taxpayers—whom Wilson admits he did not know—somehow "reinforces Wilson's good-faith believe [sic] and his lack of scienter." Opp at 5. Defendants' subpoena issued to Ms. Vranich for testimony should be quashed.

### Ray Gonzales

Defendants' justification for seeking testimony of Mr. Gonzales is also directly at odds with the Court's September 23, 2021 ruling. Defendants' sole purpose in calling Mr. Gonzales is to try to get into evidence a chart he compiled in response to defendant Zangrillo's subpoena concerning acceptance rates for students who received VIP tags. Defendants insist that "the acceptance rates for applicants on the VIP list is relevant." Opp. at 8. But the Court's September 23, 2021 order makes clear that although testimony regarding "how USC considered applicants marked 'special interest' or 'VIP' . . . might be relevant to an applicant such as Zangrillo' daughter, who was marked as 'special interest' or 'VIP', defendants' children were not so designated," it is not relevant to Defendants' children, who "were admitted through Subco as putative athletic recruits." Dkt. 2265.

Moreover, Defendants' claim that they seek Gonzales' testimony regarding the VIP chart in order to impeach Ms. Chassin's testimony is absurd. Defendants baldly assert that Ms. Chassin "made repeated claims seeking to deny and minimize the factor that fundraising played in USC's admissions process." Opp. at 1. This is completely false. Ms. Chassin repeatedly and consistently acknowledged that students with a VIP tag received "extra consideration in the admission process" and were "given a sort of second review by the Dean of Admission before final decision is made." Sept. 21, 2021 Tr. at 9:2-8, 16:18-20, 122:1-4. Defendants do not (and cannot) cite a single line of testimony from Ms. Chassin that they claim would be impeached by a statistical analysis of the admission rate of VIP applicants. Defendants' subpoena issued to Mr. Gonzales for testimony should be quashed.

        Respectfully submitted,

        UNIVERSITY OF SOUTHERN CALIFORNIA,

        By its attorneys,

        */s/ Debra Wong Yang*
        Debra Wong Yang (Admitted *Pro Hac Vice*)
        Douglas M. Fuchs (Admitted *Pro Hac Vice*)
        GIBSON DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        (213)229-7000
        dwongyang@gibsondunn.com
        dfuchs@gibsondunn.com

September 28, 2021

/s/ Anthony E. Fuller
Anthony E. Fuller (BBO #633246)
William H. Kettlewell (BBO# 270320)
Elizabeth C. Pignatelli (BBO #677923)
HOGAN LOVELLS US LLP
125 High St., Suite 2010
Boston, MA  02110
(617) 371-1000
anthony.fuller@hoganlovells.com
bill.kettlewell@hoganlovells.com
elizabeth.pignatelli@hoganlovells.com

Attorney for Tracey Vranich and Ray Gonzales

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 28, 2021.

/s/ Anthony E. Fuller
Anthony E. Fuller

4