UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
:
UNITED STATES OF AMERICA,                   :
:
:
:
 -against-                                  :    Criminal No. 1:19-cr-10080-NMG
:
GAMA ABDELAZIZ, ET AL,                      :
:
      Defendants.                           :
:
:
----------------------------------------------------------x

## MOTION TO INTERVENE AND QUASH TRIAL SUBPOENA ON BEHALF OF GIGI SHAPIRO AND THE UNIVERSITY OF SOUTHERN CALIFORNIA'S CUSTODIAN OF RECORD

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, Gigi Shapiro and the USC's Custodian of Record (collectively the "USC Employees") move to intervene to quash trial subpoenas for testimony served by counsel for Defendant Gamal Abdelaziz on September 27, 2021. The subpoenas are unreasonable and oppressive because: (1) they seek irrelevant testimony regarding unknown students, in direct contravention of the Court's order that students unknown to Defendants at the time they entered into the alleged conspiracy with Rick Singer are irrelevant, and (2) the USC Employees are not able to certify the "notes" section of the documents Defendants seek to introduce into evidence as business records.

In support of their motion, the USC Employees hereby incorporate by reference each and every argument made in Scott Simon's Opposition to Defendants' Motion to Compel, filed at Dkt 2034. Defendant Abdelaziz has now served a second and third trial subpoena on the USC Employees in an attempt to get into evidence *the same exact two documents* that Defendants Abdelaziz and Wilson are trying to get admitted through Scott Simon. For the same reasons

articulated in Mr. Simon's Opposition to Defendants' Motion to Compel, these subpoenas to the USC Employees should be quashed.

Moreover, Defendant Abdelaziz's decision to subpoena three different witnesses to admit the same two documents is duplicative, abusive, and harassing. This is particularly true given that Defendant Abdelaziz served Ms. Shapiro, an executive assistant at USC with absolutely nothing to do with this matter, in person without any prior warning or communication with USC, even though: (1) USC has accepted service for all other named USC employees on whom Defendants have requested to serve subpoenas; and (2) USC requested Defendants go through USC's outside counsel if they wished to subpoena specific USC employees. Defendant Abdelaziz's actions are unnecessary and inappropriate.

        Respectfully submitted,

        UNIVERSITY OF SOUTHERN CALIFORNIA,

        By its attorneys,

        */s/ Debra Wong Yang*
        Debra Wong Yang (Admitted *Pro Hac Vice*)
        Douglas M. Fuchs (Admitted *Pro Hac Vice*)
        GIBSON DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        (213)229-7000
        dwongyang@gibsondunn.com
        dfuchs@gibsondunn.com

September 29, 2021

        */s/ Anthony E. Fuller*
        Anthony E. Fuller (BBO #633246)
        William H. Kettlewell (BBO# 270320)
        Elizabeth C. Pignatelli (BBO #677923)
        HOGAN LOVELLS US LLP
        125 High St., Suite 2010
        Boston, MA  02110
        (617) 371-1000
        anthony.fuller@hoganlovells.com
        bill.kettlewell@hoganlovells.com
        elizabeth.pignatelli@hoganlovells.com

        Attorney for Gigi Shapiro

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 29, 2021.

        */s/ Anthony E. Fuller*
        Anthony E. Fuller