# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 1:19-cr-10080-NMG |
| vs. | : | |
| GAMAL ABDELAZIZ *et al.*, | : | |
| Defendants. | : | |

## NON-PARTY STEVEN MASERA'S OPPOSITION TO DEFENDANTS' MOTION FOR HEARING ON INVOCATION OF FIFTH AMENDMENT BY STEVEN MASERA

Steven Masera, through undersigned counsel, respectfully requests this Court deny the Defendants' Motion for a Hearing on Steven Masera's invocation of his Fifth Amendment privilege in the above-captioned matter. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Steven Masera

/s/ Philip Y. Kouyoumdjian
PHILIP Y. KOUYOUMDJIAN
Massachusetts Bar No. 633443
14 Penn Plaza
225 West 34th Street, Suite 2102
New York, NY 10122
P: (917) 534-7180
F: (312) 966-8555
pkouyoumdjian@taftlaw.com

Local Counsel for Steven Masera

## MEMORANDUM

Defendants Gamal Abdelaziz and John Wilson have subpoenaed Steven Masera in the above-captioned matter. Attached to this Memorandum in Opposition as Exhibit A is a copy of the subpoena, which counsel for Defendants sent to undersigned counsel. Undersigned counsel informed counsel for Defendants of Mr. Masera's intent to invoke his Fifth Amendment privilege and requested Mr. Masera be released from the subpoena. Counsel for Defendants expressed their ongoing intent to call Mr. Masera as a witness in the ongoing trial. Undersigned counsel subsequently became aware Defendants filed a Motion for Hearing with respect to Mr. Masera's invocation of his Fifth Amendment privilege and now request the Court deny this Motion without a hearing.

### I. Procedural Background

Steven Masera is pending sentencing in related case number 1:19-cr-10081-IT. On March 5, 2019, a federal grand jury indicted Mr. Masera on one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). On May 31, 2019, Mr. Masera and the United States filed an Assented to Motion for a Rule 11 Hearing with executed plea and cooperation agreements as exhibits. (Docs. 181, 181-1, 181-2 in 1:19-cr-10081-IT, May 31, 2019). The Court conducted a Rule 11 hearing on June 27, 2019 and the Court accepted Mr. Masera's guilty plea to the

2

single-count Indictment, which revolved around Mr. Masera's employment as a bookkeeper by Rick Singer and his entities The Key Worldwide Foundation and the Edge College and Career Network.  (Doc. 196 in 1:19-cr-10081-IT, June 27, 2019).  The Court has not yet sentenced Mr. Masera.

Mr. Masera's plea and cooperation agreements do not grant Mr. Masera blanket immunity, nor do the agreements bind other jurisdictions or the Court.  Indeed, the plea agreement expressly states the Court is not required to follow the sentencing guideline calculations agreed upon by the United States and Mr. Masera.  (Doc. 181-1 in 1:19-cr-10081-IT, pg. 2, May 31, 2019).  The plea agreement also expressly states the agreement is not binding upon "the Attorney General of the United States or any other federal, state, or local prosecuting authorities."  *Id.*, at pg. 5.

## II.    LAW AND ANALYSIS

To properly invoke the Fifth Amendment privilege, a witness need only show "some reasonable possibility that, by testifying, he may open himself to prosecution."  *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997) (citing *In re Kave*, 760 F.2d 343, 354 (1st Cir. 1985)). The standard of review of a district court's determination that a witness properly invoked the privilege against self-incrimination is abuse of discretion and appellate courts will only reverse when it is "perfectly clear . . . that the answers [sought from the witness] cannot possibly incriminate."  *United States v. De la Cruz*, 996 F.2d 1307, 1312 (1st Cir. 1993) (omission in original) (internal quotation marks omitted) (citing *United States v. Johnson*, 488 F.2d 1206, 1209 (1st Cir. 1973)).

Defendants do not allege Mr. Masera's testimony could not possibly incriminate him; rather, Defendants implicitly assert Mr. Masera waived his Fifth Amendment privilege by entering

a guilty plea "to a broad racketeering conspiracy charge." (Doc. 2294, pg. 1). Defendants provide no citation to authority to support this notion.

That a guilty plea is not a blanket waiver of the privilege against self-incrimination and the privilege survives through sentencing is well established. *Mitchell v. United States*, 526 U.S. 314, 325 (1999) ("Where a sentence has yet to be imposed, however, this Court has already rejected the proposition that 'incrimination is complete once guilt has been adjudicated,' *Estelle v. Smith*, 451 U.S. 454, 462, 68 L. Ed. 2d 359, 101 S. Ct. 1866 (1981), and we reject it again today."). As Defendants are well aware, the Court has not yet sentenced Mr. Masera. The agreements between Mr. Masera and the United States Attorney's Office for the District of Massachusetts do not bind any other parties, nor do the agreements bind the Court; indeed, the agreements explicitly indicate the Court maintains discretion over Mr. Masera's sentence and the Court is not bound by the parties' agreements or guideline calculations. *See, e.g.*, Doc. 181-1 in 1:19-cr-10081-IT, Plea Agreement, pg. 2 ("Defendant understands that the Court is not required to follow this [guideline] calculation . . .").

The First Circuit has upheld invocations of the Fifth Amendment privilege even in cases where a witness has pled guilty and been sentenced. *United States v. Castro*, 129 F.3d 226 (1st Cir. 1997). In *Castro*, Melvin "Bubba" Lagasse was convicted and sentenced before Castro's trial began. The First Circuit rejected Castro's argument that Lagasse's conviction and sentence meant Lagasse had no further possibility of self-incrimination. In rejecting this "overly simplistic" reasoning, the First Circuit noted Lagasse was still at risk of state prosecution, as Lagasse's plea bargain precluded only further federal prosecution for some substantive acts. The same is true here: Mr. Masera's agreement only binds the United States Attorney's Office for the District of Massachusetts for the conduct set forth in the Indictment pertaining to Mr. Masera.

4

Furthermore, a defendant who is awaiting sentencing "retains a legitimate protectable Fifth Amendment interest as to matters that could affect his sentence." *United States v. Ramos*, 763 F.3d 45, 54 (1st Cir. 2014) (quoting *De la Cruz*, 996 F.2d at 1312). Mr. Masera, therefore, retains a legitimate protectable Fifth Amendment interest, as if he were to testify in the matter at hand, his testimony could have adverse consequences at his upcoming sentencing hearing. Invocation of the Fifth Amendment privilege is permissible when testimony may affect the chances of any possible sentencing reduction or otherwise may expose an individual to sentencing enhancements. *United States v. Acevedo-Hernández*, 898 F.3d 150, 171 (1st Cir. 2018) (citing *De la Cruz*, 996 F.2d at 1313). Mr. Masera's sentence has not yet been determined. As the Mitchell Court stated: "The Fifth Amendment clearly prevents a person from being 'compelled in any criminal case to be a witness against himself.'" *Mitchell*, *supra*, at 327.

### III.  CONCLUSION

Mr. Masera's invocation of his Fifth Amendment privilege is entirely proper. Defendants have provided no factual or legal basis for a finding to the contrary. As such, Steven Masera, through undersigned counsel, respectfully requests this Court deny Defendants' Motion for Hearing on Invocation of Fifth Amendment by Steven Masera.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215

P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Steven Masera

**/s/ Philip Y. Kouyoumdjian**
PHILIP Y. KOUYOUMDJIAN
Massachusetts Bar No. 633443
14 Penn Plaza
225 West 34th Street, Suite 2102
New York, NY 10122
P: (917) 534-7180
F: (312) 966-8555
pkouyoumdjian@taftlaw.com

Local Counsel for Steven Masera

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Massachusetts using the CM/ECF system on September 29, 2021, which will send notification of such filings by electronic means to all registered participants as identified on the Notice of Electronic filing.

**/s/ David H. Thomas**
DAVID H. THOMAS