UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

GREGORY COLBURN et al.,

Defendants

Case No. 1:19-cr-10080-NMG

**DEFENDANT JOHN WILSON'S MOTION TO STRIKE TESTIMONY
OF IRS AGENT CONCERNING TAX CALCULATION**

The Fourth Superseding Indictment ("FSI") alleges, in part, that Defendant John Wilson, through his wholly controlled "S" Corporation Hyannis Port Capital, Inc. ("HPC"), included on his tax return "losses and gifts to charity based on payments from HPC based on payments to KWF [the Key Worldwide Foundation, a non-profit foundation], Singer, and The Key," (*i.e.*, the Edge College & Career Network, LLC). FSI ¶ 380; *id*. ¶¶ 16, 19. The FSI then alleges that Wilson thereby violated 26 U.S.C. Section 7206(1) by filing an allegedly false tax return. *Id*. As the government's proposed jury instructions concede,[1] the government must prove beyond a reasonable doubt that any alleged falsity in Wilson's tax return was willful and also "material":

> For you to find defendant Wilson guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt: . . . that the tax return was false as to a material matter . . . .
>
> A "material" matter is one that is likely to affect the calculation of tax due and payable, or to affect or influence the IRS in carrying out the functions committed to it by law, such as monitoring and verifying tax liability. A return that omits material items necessary to the computation of taxable income is not true and correct.

The government's witness IRS Agent Colleen Ranahan provided testimony on Wilson's tax return that purported to prove the elements of filing a false tax return beyond a reasonable doubt. But by Ranahan's own admission, her preparation and analysis for evaluating the materiality

---

[1] By noting the government's requested instruction, Wilson does not waive his preferred instructions on this and related matters.

element of Wilson's charge was contrary to the Tax Code and Internal Revenue Service Regulations. Ranahan testified that it is the obligation of a charitable entity to inform a donor if there are any goods or services that the donor should offset from their donation when claiming a deduction, and that it is the obligation of the charity to provide an estimate of that value. Further, she testified that when there is not an established fair market value, the appropriate procedure is to determine value by reference to comparables. Yet, Ranahan admitted that she had never examined whether the University of Southern California ("USC") had ever informed Wilson or another parent that they needed to offset the value of any positive admisison's consideration their child received related to a donation. Nor had she looked at any comparables to determine what an appropriate value would be for something like positive admission's consideration, which does not have a defined market. Ranahan's lack of legal support and diligence in making her determinations did not prevent her from providing specific and unequivocal testimony concerning the materiality of Wilson's alleged tax violation: he owed $88,000. Troublingly, the harm of this improper testimony was compounded when Wilson's counsel was not allowed to question Ranahan about an alternative calculation for Wilson's tax liability.[2] *United States v. Ouimette*, 753 F.2d 188, 192-93 (1st Cir. 1985) (finding reversible error when trial court excluded testimony that was "the core of the defendant's case" because "[i]t is the essence of our adversary system that counsel, not the court, chooses how evidence is to be presented . . . . [p]articularly in a criminal case"). The jury has now been provided with false and prejudicial information. Wilson requests that the Court strike Ranahan's testimony, which was deficient by her own standards.

---

[2]    Though Wilson has a right to present an alternative tax calculation as it goes to the element of materiality, he has been consistently denied in his attempts to present valid evidence. Wilson incorporates by reference his Opposition to USC's Motion to Quash, ECF No. 2226, and his Proposed Sur-Reply, ECF No. 2266-1.

*First*, taxpayers are generally permitted to take income tax deductions for their contributions to charitable organizations. *Strong v. Commissioner*, Docket No. 8861-90, 1994 Tax Ct. Memo LEXIS 358, at *14 (Jul. 14, 1994), *rev'd in part on other grounds*, No. 94-70818, 1996 U.S. App. LEXIS 6472 (9th Cir. Mar. 19, 1996); 26 U.S.C. §§ 170(a), (c)(2). The Tax Code also requires a charitable organization to provide the taxpayer a good-faith estimate of the value of goods or services (if any) provided in exchange for the charitable contribution. 26 U.S.C. § 6115.

Wilson is charged with filing a false tax return for not offsetting the value of any positive admission's consideration his son received from USC when he claimed his donation as a charitable deduction on his tax returns. Crucial to Wilson's defense to the government's tax charge is what value (if any) should have been offset. Whether the University of Southern California ("USC") provided information to donors (including Wilson) and whether the IRS has used that information (including in Wilson's case) to determine comparable value when calculating tax liability when the taxpayers' relatives have received favorable admissions consideration as a result of the taxpayers' donations.[3] The government has made this issue central by contending that Wilson's returns are false because he received a benefit in exchange for his donation that would not be deductible—namely, the value of an admissions spot at USC. *See* 9/24/21 Trial Tr. at 93 (testimony of Special Agent Elizabeth Keating). IRS Agent Colleen Ranahan offered similar testimony, under government questioning (to which Wilson objected), that Wilson should not have been able to deduct *any* of the amounts paid to KWF, Singer, or The Key because Wilson allegedly received a benefit corresponding to these payments.[4] (Some of this testimony was elicited at the very start of the government's re-direct questioning after the trial day's lunch break.)

---

3  *See also* ECF No. 2227 at 10 (opposing motion to quash trial subpoenas).
4  Wilson incorporates by reference his Rule 29 Motion and asks the Court to strike her testimony about 88,000 in taxes owed as contrary to IRS regulations and law.

The government's contentions as well as the evidence it already has elicited at trial necessarily open the door to how USC—as well as the IRS—values positive admissions consideration.[5] Indeed, by testifying that the entire amount of Wilson's donation was not deductible, Ranahan was assigning a value to the positive admissions' consideration of Wilson's son. And Ranahan admitted she had no proper basis for this value because she had not looked at how USC had ever treated this situation and had not looked at any comparables.[6] USC has already conceded (in briefing in this case), that it has "has no responsive documents reflecting that USC instructed a donor to reduce his or her tax deductibility in connection with an admissions decision . . . ." D.E. 2264, at 7. As a result, the IRS does not have this information, either, and would not have changed any taxpayer's tax liability—which goes directly to materiality, and motive, which bears on willfulness. Wilson incorporates by reference his jury instruction on this matter. ECF No. 2149-1 at 4-5.If, in fact, positive admissions consideration is property (which Wilson disputes), and that property has value, the only way to determine the value of such property (which has no established market) is to determine its value by looking at comparables. *See Boulware v. United States*, 552 U.S. at 424, 426-28 (2008); 26 C.F.R. § 1.6115-1.[7] This makes Ranahan's testimony about the deduction of that alleged benefit to Wilson false, unfairly prejudicial, and inadmissible. Thus, the government cannot and has not met its burden on this issue.

*Second*, if Wilsons had been allowed to probe the basis of Ranahan's calculation it would have reinforced Wilson's good-faith defense that he understood these contested amounts were

---

[5] Ranahan admitted that she had not looked at how USC had ever treated this situation and had not looked at fair market value or any comparable.

[7] *See also* 26 C.F.R. § 1.6115-1(a)(2):
> A good faith estimate of the value of goods or services that are not generally available in a commercial transaction may be determined by reference to the fair market value of similar or comparable goods or services. Goods or services may be similar or comparable even though they do not have the unique qualities of the goods or services that are being valued.

4

fully deductible. The government must prove beyond a reasonable doubt not just materiality, but also willfulness: "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). "Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax . . . should become a criminal by his mere failure to measure up to the prescribed standard of conduct." *Id.* at 200 (quoting *United States v. Murdock*, 290 U.S. 389, 396 (1933)).[8]

Wilson's questioning of Ranahan's would have been relevant on these issues, as explained *supra*. Moreover, the jury is entitled to hear testimony about whether the IRS *ever* factors in the benefit of an admissions slot in calculating the tax liability, if any, that arises from a donation to a university that results in a favorable admissions decision. This testimony is necessary to allow the jury to determine whether what was expected of Wilson was something wholly unique—and, thus, that he could not possibly have known—that he alone, among all donors to USC, should have offset the value of his son's positive admissions consideration attributable to his donation when he deducted the donation from his taxes. The testimony Wilson sought to elicit from Ranahan went to the reasonableness of Wilson's belief in *not* offsetting the value of his son's positive admissions consideration attributable to his donation when he deducted the donation from his taxes. The evidence would have demonstrated that USC instructed *no other taxpayer* to treat his or her donations to USC any differently than Wilson did—and that the IRS has treated no other taxpayer as Ranahan claims to treat Wilson's tax return—reinforces Wilsons's good-faith believe and his lack of scienter.

***Finally***, during proceedings today, the government orally contended that Wilson's rebuttal evidence is irrelevant because Wilson is not charged with tax evasion, but rather filing a false tax return. In *United States v. DiRico*, 78 F.3d 732 (1st Cir. 1996), the First Circuit reversed a defendant's conviction for filing a false tax return under 26 U.S.C. § 7206 because the trial

---

8      *See also* ECF No. 2279 at 4-5 (opposing motion to quash trial subpoenas).

judge improperly invaded the province of the jury on the materiality element of the offense. *United States v. DiRico*, 78 F.3d 732, 738 (1st Cir. 1996). The defendant had argued that his return was not false in a material respect because his calculation of the total amount of tax due was correct and there was no deficiency owed. *Id.* at 736. That the government had no burden of proving a deficiency under Section 7206 was insufficient to permit the trial judge to remove the consideration of the calculation from the jury, as it related to materiality. *Id.* Materiality was an element the government was required to prove, and the factual aspects of materiality—such as the defendant's tax calculation—were for the jury alone. *Id.* Whether the government is required to prove (or not) a precise tax liability that Wilson did not pay is irrelevant. Ranahan has testified that *none* of these payments were deductible—not even any part of $100,000 of a payment that USC acknowledged its received from Wilson.

## CONCLUSION

For the foregoing reasons—and based on the briefing cited and incorporated herein—the Court should deny the government's motion to exclude evidence of university practices.

Respectfully submitted,

By counsel for John Wilson

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com

*Counsel for John Wilson*

Date: September 29, 2021

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues.

/s/ Michael Kendall
Michael Kendall

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall