UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG |

### DEFENDANTS' TWO PAGE REPLY IN SUPPORT OF ADMISSION OF EXHIBITS 1219 AND 1249

The government's Opposition to Exhibits 1219 and 1249 is misleading and baseless. **It is literally hornbook law that the term "state of mind" is not only an exception to the hearsay rule—under 803(3)—but also a term used for non-hearsay evidence that is *not used for the truth of the matter asserted*.** This is sometimes known as "effect on listener" evidence.[1] Exhibits 1219 and 1249 can be used to establish the state of mind of Donna Heinel—**who the government chose to name as a co-conspirator (therefore making her state of mind relevant).** If it is used for the state of mind of a non-declarant, the evidence does not go in for the truth of the matter asserted. As the undersigned's Motion made clear, Defendants were proffering this exhibit not for the truth of the matter asserted, and it therefore can be admitted for a non-declarant's state-of-mind. As the First Circuit has clearly stated:

> Statements proffered to show something other than the accuracy of their contents-to show, say, the knowledge or **state of mind of the declarant or one in conversation with him-are not considered hearsay**. *E.g.,* VI *Wigmore on Evidence* § 1789 at 235 (3d ed. 1940) (utterance offered to demonstrate third person's state of mind in consequence of the utterance admits of "no assertive or testimonial use ... and ... is therefore admissible,

---

[1] "A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as receiving notice or having knowledge or motive, or to show the information which X had as bearing on the reasonableness, good faith, or voluntariness of subsequent conduct, or on the anxiety produced." 2 McCormick On Evid. § 249 (8th ed.)

1

so far as the Hearsay rule is concerned"). As the drafters of the Federal Rules aptly observed, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed.R.Evid. 801(c) advisory committee note.

*United States v. Figueroa*, 818 F.2d 1020, 1026 (1st Cir. 1987) (emphasis added).

Moreover, the government's statement that: "Nor has there has been any evidence introduced to date to suggest that either defendant was informed, by anyone, that their children could be 'practice players' at USC" is absurd. In the government's case-in-chief, there **was** evidence that Rick Signer told parents that their children could be practice players.

The rest of the government's arguments go to the weight of the evidence – not its admissibility. The jury can fulfill their constitutional obligations and determine the weight of the evidence for themselves. As to mini-trials, there is no need. If the evidence goes to state of mind only, then it is not for the truth of the matter asserted: it just shows what Heinel understood the practice and policy was at USC. Again, the jury can determine its weight.

Dated: September 29, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

/s/ Brian T. Kelly
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren A. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square

Boston, MA 02109
617-367-3449

JOHN WILSON

By his attorenys,


*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on September 29, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua C. Sharp*
Joshua C. Sharp

3