```
               United States District Court
                 District of Massachusetts
_____
                              )
United States of America,     )
                              )
             v.               )   Criminal Action No.
                              )   19-10080-NMG
Gamal Abdelaziz and John Wilson, )
                              )
         Defendants.          )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Defendants ask the Court to admit extrinsic evidence for the impeachment of Pat Haden, Alex Garfio and Tim Brunold (Docket No. 2293). The requested evidence, much of which is similar to materials that the defendants sought to introduce to impeach Rebecca Chassin, includes internal charts created by University of Southern California ("USC") employees, as well as materials reviewed by USC's Athletics Admissions Review Committee ("Subco") and internal correspondence concerning students unrelated to defendants.

The Court has previously ruled that such evidence will be admissible at trial only if defendants are able to show that they were aware of the alleged USC policy or practice prior to the events that are the subject matter of the indictment in this case. As a general matter, this evidence is irrelevant because

it does not relate to the crimes charged against defendants. There is no claim that the defendants had knowledge of the practices illustrated by the evidence.

Furthermore, even if the evidence were relevant, it is excludable under Fed. R. Evid. 403 and the collateral matter rule. The Court will "not have this case devolve into multiple side trials." See, e.g., United States v. George, 761 F.3d 42, 57 (1st Cir. 2014) ("[T]he judge could have ended up with a mini-trial about a side issue – [a third party's] innocence of charges not made – that might have confused the jury."); see also United States v. DeCologero, 530 F.3d 36, 60 (1st Cir. 2008) (explaining that the collateral matter rule is "a manifestation of the district court's general discretion to exclude" evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay or waste of time").

## ORDER

For the foregoing reasons, the defendants' motion is **DENIED**. **So ordered.**

           /s/ Nathaniel M. Gorton  
           Nathaniel M. Gorton  
           United States District Judge

Dated September 29, 2021