UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GAMAL ABDELAZIZ, *et al.*, )<br>)<br>)<br>Defendants ) | Criminal No.: 19-10080-NMG |

### GOVERNMENT'S OPPOSITION TO DEFENDANT JOHN WILSON'S MOTION TO STRIKE TESTIMONY OF IRS AGENT (Dkt. 2321)

The government respectfully submits this opposition to defendant John Wilson's motion to strike the testimony of IRS Revenue Agent Colleen Ranahan. Because no analysis of the value of the goods or services Wilson received in exchange for his $220,000 in bribe payments is required, and because his alternative tax calculation is inapplicable to the tax fraud charge here, Wilson's motion should be denied.

### BACKGROUND

Contrary to Wilson's contention, he is *not* charged with filing a false tax return "for not offsetting the value of any positive admission's consideration" from the $100,000 payment he claimed as a charitable donation on his 2014 tax returns. Dkt. 2321 at 3. Instead, Wilson was charged for deducting a bribe payment that he initially sought to deduct entirely as a business expense, *see, e.g.*, Exs. 710 & 109, but ultimately deducted as both a purported business expense and a purported charitable deduction, *see, e.g.*, Exs. 112, 134, 157A, 174A, 501A. Consistent with this evidence, Agent Ranahan testified to the tax consequences that flow from these facts—namely, the tax loss of $88,546. Because no part of Wilson's deductions is proper, no offset analysis is required or even relevant.

## ARGUMENT

### A. No Offset Analysis Is Required

Wilson is charged with filing a false tax return, in violation of 26 U.S.C. § 7206(1). "Section 7206 is a perjury statute that criminalizes lying on any document filed with the IRS. It does not require the prosecution to prove the existence of a tax deficiency, exact amounts of unreported receipts or income, or an intent to evade taxes." *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002). Here, the government contends—and the evidence shows—that Wilson falsely claimed $220,000 in business expenses and charitable deductions. The evidence shows that Wilson initially intended to deduct the entire payment as a fake business expense, but later split the deduction into two, as both a fake business expense and a fake charitable donation. The government has not charged Wilson with receiving what he calls "positive admissions consideration" in exchange for his payments, nor is that what the evidence shows. Rather, the government has charged Wilson with purchasing admission to USC by bribing Jovan Vavic, the coach of the USC Men's Water Polo team, to purport to recruit Wilson's son to the team. Because Wilson did not intend *any* part of his payments to be a charitable donation, Agent Ranahan was not required to calculate the value of the goods or services he received or offset that value from Wilson's deductions. *See id.* at 508 ("while the government bears the burden of proof throughout any criminal tax case, the government is not required to negate every possible source of nontaxable income, to track down all possible expenses, or to prove the absence [of] any off-setting costs or deductions"). Valuation of the goods or services received is relevant only where the payment was in fact intended to be a donation. Wilson's payment was not. Accordingly, there is no basis to

strike Agent Ranahan's testimony for not analyzing comparable offsets, where such an analysis is not required or even relevant given the nature of the charge.[1]

### B. Wilson's Alternative Tax Calculation Is Irrelevant

Because Section 7206(1) is concerned with whether there is a material falsity on the return, Wilson's secondary argument that he is entitled to present an alternative tax calculation is inapposite. "The real issue in prosecutions under the instant statute is defendant's state of mind" in claiming the deductions, not whether there was in fact a tax loss. *Silverstein v. United States*, 377 F.2d 269, 270 (1st Cir. 1967) (per curiam) (affirming conviction under § 7206(1) and rejecting defendant's argument that he "was not permitted to establish that even had he correctly reported his full income, the total amount of additional tax would have been only a few hundred dollars" because "the fact that the calculated tax may have been though[t] to be insubstantial casts no light on the question whether defendant innocently overlooked his gross receipts"); *see also* Dkt. 2265 at 2-3 ("Wilson's argument [that USC does not account for the value of a student's admission in its gift receipts] is not, however, relevant to the charge against him. . . . Because it is uncontested that Wilson knowingly filed his tax return, the only material issue at hand is his state of mind when doing so.").

Defendant's reliance on *Boulware v. United States*, 552 U.S. 421 (2008), for his contention that he is entitled to present an alternative tax calculation is misplaced, because that case concerned tax evasion under 26 U.S.C. § 7201, where the government must prove a tax deficiency as an element of the charge. His reliance on *United States v. DiRico*, 78 F.3d 732 (1st Cir. 1996), is equally unavailing. In *DiRico*, the First Circuit reversed the defendant's conviction under Section

---

[1] Nor are Wilson's bribe payments in exchange for his son's admission comparable to donations other parents might have given to USC or other universities in the hope that it might garner their child "positive admissions consideration."

3

7206(1) not, as Wilson suggests, because the defendant was prevented from presenting evidence that his tax calculation was correct, but because the court erroneously instructed the jury that the amount of gross sales reported on a corporate return was material as a matter of law.  Indeed, the *DiRico* court noted that the government could satisfy its burden by showing that an accurate statement of gross receipts was essential to a correct computation of taxable income, regardless of whether there was a tax deficiency (which the government was not required to prove). *Id.* at 736. Despite the "straightforward" nature of the evidence of materiality in *DiRico*, the First Circuit nevertheless remanded so the jury, and not the court, could apply the legal definition of materiality to the facts of the case. *Id.*

In any event, Wilson has been permitted to introduce evidence concerning his alternative tax calculation by suggesting that there were additional deductions Wilson could have taken for a home office.  He has also been permitted to elicit testimony that the difference in the tax due if all of his payments were legitimate charitable donations is $1,425.  While this evidence is irrelevant to whether the false deductions on his returns affected the calculation of tax due and owing, or otherwise affected or influenced the IRS in carrying out its functions, Wilson has nevertheless been permitted to cross-examine several witnesses—Agent Ranahan, Special Agent Keating, James Nahmens, and Jeffrey DeMaio—on these issues.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny defendant Wilson's motion to strike the testimony of Agent Ranahan.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 30, 2021                    */s/ Kristen A. Kearney*
                                            KRISTEN A. KEARNEY
                                            Assistant United States Attorney

5