UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG |

# **DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE (Dkt. 2324)**

Yesterday afternoon, the government filed a highly misleading brief regarding "state of mind" evidence (Dkt. 2320). The undersigned responded within hours, informing the Court that the government had once again erred in its application of the hearsay rules (Dkt. 2322). Despite the undersigned's brief, which cited a leading treatise as well as First Circuit law, this morning the government filed *another* brief repeating its incorrect argument. The Court should decline to credit the government's explanations of the hearsay rules. As stated in 12A *Federal Procedure* § 33:404:

> The exception in Fed. R. Evid. 803(3), concerned as it is with the declarant's state of mind, is distinct from the nonhearsay use of statements as bearing upon the state of mind of a person other than the declarant, in cases where evidence that the declarant has heard or read a statement may be relevant. Whereas the mere utterance of a statement, without regard to its truth, may indicate circumstantially the declarant's state of mind, and is not hearsay, the exception to the hearsay rule is invoked when a statement is offered for the truth of the matter asserted and shows the declarant's state of mind.

The distinction is also explained by the Second Circuit in *Smith v. Duncan*, 411 F.3d 340, 347 (2d Cir. 2005) (quotation marks and citations omitted):

> Offering evidence under the state of mind exception to the hearsay rule is different than offering it for a non-hearsay purpose-here, to show declarant's state of mind. The exception to the hearsay rule is invoked when the statement is offered for the truth of the

matter asserted and shows the declarant's state of mind (e.g., "I hate X."). In contrast, the mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the declarant and is not hearsay (e.g. "I am Napoleon.").

Dated: September 30, 2021

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)
Lauren A. Maynard (BBO # 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
(617) 345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO # 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

JOHN WILSON

By his attorenys,

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9300
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on September 30, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Joshua C. Sharp

Joshua C. Sharp