# EXHIBIT A

### 1. Count Thirteen: Willfully Filing a False Tax Return – The Government's Theory

During the trial, you have heard testimony concerning whether Mr. Wilson should have offset the value, if any, of goods or services that he allegedly received from USC when he claimed charitable deductions on his 2014 tax return. Note, however, that the government has not alleged that Mr. Wilson's 2014 tax return was false because he failed to offset the value of any goods or services that he might have received from USC. Thus, you cannot convict Mr. Wilson of willfully filing a false tax return on the basis that he failed to offset the value of any goods or services.

The government's theory is that Mr. Wilson's tax return was false because he purchased admission to USC by bribing Jovan Vavic, the coach of the USC Men's Water Polo team, to purport to recruit Mr. Wilson's son to the team. However, I instruct you that, as a matter of law, the $220,000 in payments that Mr. Wilson made in 2014 related to the USC Men's Water Polo Program do not constitute a bribe. Thus, these payments cannot serve as a basis for finding that Mr. Wilson willfully filed a false tax return.[1]

---

[1] In the alternative, to the extent the Court is unwilling to include the last two sentences of this paragraph in the instruction, the Court should replace those sentences with the following sentence: "Thus, if the government fails to prove beyond a reasonable doubt that Mr. Wilson bribed Mr. Vavic, you cannot find Mr. Wilson guilty of willfully filing a false tax return." In making this alternative proposal, Mr. Wilson does not waive, and expressly maintains, his request that the Court give the full instruction set forth above and his position that, as a matter of law, the government has not proven Mr. Wilson paid a bribe.