UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants | Case No. 1:19-CR-10080-NMG |

**DEFENDANT JOHN WILSON'S MOTION TO RECONSIDER ADMISSION OF
CONTEXTUAL EMAIL OR, IN THE ALTERNATIVE,
TO LIMIT MISLEADING ARGUMENT**

Defendant John Wilson respectfully urges the Court to reconsider its ruling sustaining the government's objections to Exhibits 9899, 9901, and 9902 on hearsay grounds.[1] The email messages contained in these Exhibits and the attached photographs are not hearsay because they do not contain assertive content and, to the extent they do, such statements are offered only for context and to show Mr. Wilson's state of mind, and not for the truth of the matter asserted.

Mr. Wilson submits the following facts in support of the Motion. On October 17, 2013, Debbie Rogers emailed Mr. Wilson and his wife, Leslie, saying that there is "no word limit" for Johnny's senior tribute page in the yearbook; Mr. Wilson replied that he knows nothing about a tribute page and requested an explanation; and Debbie explained that Johnny's school allows parents of seniors to purchase a half-page tribute containing up to five pictures and a written message. *See* Exhibit 9902. Debbie also advised Mr. Wilson that she had printed out examples for him to review when he returned to the office on October 19, 2013. *See id.* On October 19, 2013, Mr. Wilson flew from Amsterdam to San Francisco. That same day, he received an email

---

[1] For convenience, the Exhibits are attached.

from Leslie containing a picture of Johnny with a subject line indicating that they could use the picture for Johnny's yearbook tribute. *See* Exhibit 9899. Later on the same day, Mr. Wilson drafted text to put in Johnny's yearbook tribute, and he emailed the text to Leslie. *See* Exhibit 9901. That evening, Mr. Wilson received Johnny's USC athletic profile, which included a *cropped* photo of Johnny playing water polo, from Rick Singer. Later in the evening, Mr. Wilson emailed Leslie the *full, uncropped* photo used in Johnny's athletic profile, *see* Exhibit 712, which Mr. Wilson had previously sent to Mr. Singer in June of 2013, *see* Exhibit 65. However, Mr. Wilson did *not* send Leslie the athletic profile, nor could he or did he extract the photo from the profile in order to send it.[2]

The Court must allow Mr. Wilson to present Exhibits 9899, 9901, and 9902 to the jury to combat the government's highly misleading use of Exhibit 712 to suggest that Mr. Wilson opened Johnny's athletic profile and was therefore aware of the substantial false information therein, when in fact the Exhibits offered by Mr. Wilson reveal a far more plausible explanation: that Mr. Wilson sent Leslie the photograph shown in Exhibit 712 on October 19, 2013, in connection with their ongoing discussion of photographs to use in their son's high school yearbook.

Importantly, the government was aware of the back-and-forth between Mr. Wilson and Leslie on October 19, 2013, regarding Johnny's yearbook tribute. Yet, the government elected only to show the jury Exhibit 712, depriving the jury of context without which it cannot properly evaluate Mr. Wilson's state of mind. While it is for the jury to decide, rather clearly Mr.

---

[2] If Mr. Wilson had opened the profile, extracted the photo from there, and sent it to Leslie, he would have sent the cropped version of the photo depicted in the profile, not the full, uncropped version that appears in Exhibit 712. The government did not prove, or even attempt to prove, during its case-in-chief that Mr. Wilson extracted the photo at issue from the athletic profile and *somehow recovered the cropped portions of that photo* before sending it to Leslie. Further, the name of the image file sent on October 19, 2013, SHG_FF1A7905.JPG, indicates that it is an independent file that predated the profile, as that is the same file name as the identical uncropped photo emailed by Mr. Wilson to Mr. Singer four months prior.

Wilson's account of the sequence of email and photo exchanges makes far more sense than the government's. Why, if Mr. Wilson had in fact just viewed Johnny's athletic profile, would he have gone searching in his photos (on his phone) for the full, uncropped version of the photograph in Exhibit 712, rather than simply forwarding Leslie the entire profile?

For the reasons stated in this Motion, Mr. Wilson respectfully asks that the Court reconsider its ruling sustaining the government's hearsay objection to Exhibits 9899, 9901, and 9902 and allow Mr. Wilson to supply the jury with context needed to address the government's misleading use of Exhibit 712. If the Court does not admit Exhibits 9899, 9901, and 9902, Mr. Wilson respectfully requests, in the alternative, that the Court preclude the government from referencing Exhibit 712 during its closing argument. Any use, given the state of the true and complete record, would be highly misleading and prejudicial.

## ARGUMENT

The Exhibits at issue are not hearsay. Hearsay is a "statement" that (1) the declarant does not make while testifying at the current trial or proceeding; and (2) a party offers to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). A "statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if that person intended it as an assertion." Fed. R. Evid. 801(a). To "assert" something means "to say that [such] thing is so, e.g., that an event has happened or that a condition existed." 2 McCormick on Evidence § 246 (8th ed. 2020). The material portions of the emails in Exhibits 9899, 9901, and 9902 and the corresponding photographs do not "assert" any proposition and therefore cannot be hearsay. *See United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) (holding that an individual's actions—"making a phone call" and "driving the agents to the rendezvous"—were "non-assertive conduct and outside the scope of the hearsay rule."); 5 Weinstein's Federal Evidence

§ 801.10 (2021) ("In the context of the rule against hearsay, photographs do not qualify as assertions.") (citing *United States v. Turner*, 934 F.3d 794, 798-99 (8th Cir. 2019)). The government's hearsay objection should be overruled on this ground alone.

Furthermore, to the extent that the emails *do* contain assertions, **_which they clearly do not_**, any such assertions are admissible because they are "offered not for their truth, but 'offered only for context,'" *Bailey*, 270 F.3d at 87 (quoting *United States v. Catano*, 65 F.3d 219, 225 (1st Cir. 1995)); *see United States v. Murphy*, 193 F.3d 1, 5 n.2 (1st Cir. 1999) ([A]n out-of-court statement [may] be offered to show that the declarant had certain information, or entertained a specific belief . . . ."), and because such assertions are relevant to show Mr. Wilson's state of mind on October 19, 2013, *see* Fed. R. Evid. 803(3); *Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 90 (1st Cir. 2017). Accordingly, "the significance of [the statements in the emails] lies solely in the fact that [they] were [sent]"—that is, the emails are relevant to show that Mr. Wilson was thinking about photographs for his son's yearbook when he sent the photograph of Johnny playing water polo the evening of October 19, 2013—and therefore "no issue is raised as to the truth of anything asserted, and the statement[s] [are] not hearsay." *United States v. DeCologero*, 530 F.3d 36, 58 (1st Cir. 2008). Thus, the emails and photographs in Exhibits 9899, 9901, and 9902 are admissible, notwithstanding the government's objection, to show what Mr. Wilson was thinking—his state of mind—when he sent the photograph in Exhibit 712 to his wife, and not to prove the truth of any matter asserted in the emails.[3]

Finally, if the Court declines to reconsider its ruling on the government's hearsay objection, Mr. Wilson respectfully requests that the Court alternatively preclude the government from discussing Exhibit 712 during its closing argument because such Exhibit has been

---

[3] It is worth noting that no one disputes, nor can they, who is pictured in the photographs at issue. It is the Defendant's son, Johnny.

presented to the jury devoid of any and all context that shows Mr. Wilson's true state of mind on October 19, 2013. To allow the government to discuss this Exhibit during its closing argument would only confuse and mislead the jury by presenting them with an incomplete and false picture of Mr. Wilson's actions and state of mind. *See generally Herring v. New York*, 422 U.S. 853, 862 (1975) ("[The trial judge] may ensure that [closing] argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial."). To permit such argument would undercut the jury's ability to make an informed decision.

## **CONCLUSION**

For these reasons, the Court should reconsider its ruling sustaining the government's hearsay objection as to Exhibits 9899, 9901, and 9902. In the alternative, the Court should prohibit the government from discussing Exhibit 712 during its closing argument.

Respectfully submitted,

By counsel for John Wilson

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)           Andrew E. Tomback (pro hac vice)
Lauren M. Papenhausen (BBO# 655527)      MCLAUGHLIN & STERN, LLP
WHITE & CASE LLP                         260 Madison Avenue
75 State Street                          New York, NY 10016
Boston, MA 02109-1814                    Telephone: (212) 448-0066
Telephone: (617) 979-9310                ATomback@mclaughlinstern.com
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Dated: October 3, 2021

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues. The government does not agree to the relief requested.

*/s/ Michael Kendall*
Michael Kendall

## CERTIFICATE OF SERVICE

This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

*/s/ Michael Kendall*
Michael Kendall