## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>GREGORY COLBURN et al.,<br><br>    Defendants | Case No. 1:19-cr-10080-NMG |

### DEFENDANT JOHN WILSON'S MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL AREA OF QUESTIONING FOR TESTIMONY OF JAMES WALTERS

Defendant John Wilson will be calling James Walters to testify as his first witness on October 4, 2021. Mr. Wilson respectfully asks this Court to prohibit the government from asking irrelevant and prejudicial questions of Mr. Walters, that is, questions that describe, solicit, or reference the firing, arrest, indictment, or pending criminal charges against Jovan Vavic. Mr. Vavic is an alleged co-conspirator of Mr. Wilson, but is not a defendant at this trial and is not testifying before this court. Any questions concerning Mr. Vavic's firing, arrest, indictment, or pending charges are thus irrelevant to this trial and highly prejudicial to Mr. Wilson; they should be barred under Federal Rules of Evidence 401 and 403.

James Walters was a teammate of Johnny Wilson's on the University of Southern California water polo team, for which Mr. Vavic was the head coach. At a deposition of Mr. Walters this morning, the government asked Mr. Walters questions to probe his potential bias concerning the Wilson family.[1] Unsatisfied, they turned to questioning Mr. Walters about his relationship with Mr. Vavic, and explicitly and repeatedly asked Mr. Walters for his feelings and

---

[1] Transcript of Deposition of James Walters dated October 3, 2021 (excerpts attached as **Exhibit A**) at 54-55; *id.* at 56:3-8 ("A. . . . I'm here voluntarily. Q. Okay. Why? A. Just to give you my recollection of events. . . . [N]o one is forcing me to be here. I'm not, you know, particularly close with Johnny or anything like that.").

opinions related to Mr. Vavic's arrest and the charges that Mr. Vavic faces.[2]  Were these questions allowed at trial, the obvious result would be to advertise to the jury that an alleged co-conspirator of Mr. Wilson's faces criminal charges.  That is improperly suggestive of guilt for Mr. Wilson, and could have no proper impact on the jury.  Further, Mr. Walters' answers at his deposition made clear that these issues have no bearing on his motivations for testifying or any bias.  Indeed, his testimony was that his only relationship with Mr. Vavic was that of "coach and player,"[3] that he has not had extensive communications with Mr. Vavic since his graduation from USC,[4] and that he had no particular feelings about or knowledge of the charges Mr. Vavic is facing.[5]

Probing the bias of a witness is appropriate where it pertains to the witness's "like, dislike, or fear of a party" or "self-interest," but is not an unlimited license to probe into connections to non-parties who have no connection to the witness's self-interest.  *See United States v. Sabean*, 885 F.3d 27, 40 (1st Cir. 2018) (citation omitted).  And "[w]here the theory of bias is inherently speculative, the court may prohibit cross-examiners from mounting fishing expeditions."  *United States v. Martinez-Vives*, 475 F.3d 48, 53-54 (1st Cir. 2007) (citations omitted).  Questions to Mr. Walters about Mr. Vavic are irrelevant to this case, as Mr. Vavic is not a party to this case such that it might be relevant whether Mr. Walters may "like, dislike, or fear" him.  The line of

---

[2]  *E.g.*, Transcript of Deposition of James Walters dated October 3, 2021 at 63:20-64:1.  These questions are entirely different from questions the government might ask about Mr. Walters' relationship with Mr. Vavic during his time at USC, and up to (but not including or after) the time of Mr. Vavic's indictment.

[3]  Transcript of Deposition of James Walters dated October 3, 2021 at 58:3-4 ("Q. Tell me specifically about your relationship with Coach Vavich.  A. I don't have a -- a personal relationship with him. I mean, it's -- I wouldn't -- not a professional relationship, but like, from our sport, I have a coach and player relationship with him . . . .").

[4]  Transcript of Deposition of James Walters dated October 3, 2021 at 63:6-7.

[5]  Transcript of Deposition of James Walters dated October 3, 2021 at 65:4-15 ("I don't have an opinion on it. I haven't thought about it. . . . I mean, there's not much to think about. . . . I don't know what the charges are. . . . I'm busy with other things. . . . I'm not invested in it.").

questioning also lacks any link to Mr. Walters' self-interest.  There is no cognizable theory on which his testimony at this trial could impact Mr. Vavic, and no non-speculative grounds for claiming that an impact on Mr. Vavic would affect Mr. Walters' interests.[6]  The above-listed questions about Mr. Vavic lack relevance because they would fail to reflect any bias by Mr. Walters, and would instead be designed to suggest guilt of Mr. Wilson by reason of association with a non-testifying individual that the government has seen fit to bring criminal charges against.

Further, cross-examination concerning bias is subject to Federal Rule of Evidence 403, and questions should be barred if they are unfairly prejudicial to a party.  Fed. R. Evid. 403; *see also United States v. Martinez-Vives*, 475 F.3d 48, 53-54 (1st Cir. 2007) (noting that when the theory of bias is speculative, "unchecked cross-examination on a theory of bias may unfairly prejudice the opposing party's case and only bring forth 'marginally relevant' evidence." (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))).  Here, the risk of prejudice is particularly acute.  The questions the government asked this morning all related to legal and professional consequences that Mr. Vavic faces related to the alleged conspiracy at issue in this case.  It would be unfairly prejudicial for the jury to hear results of a government investigation or consequences faced by an alleged co-conspirator who has been heavily referenced in this trial.  There is no permissible inference the jury could make from this information, and the possible and likely impermissible inferences abound.  As there is no relevance to these questions because they do not bear on any bias of Mr. Walters, and the risk of prejudice is extremely high, they must be excluded under Rule 403.

---

[6] Mr. Walters no longer plays water polo, and does not have and has not had a relationship with Mr. Vavic since he left USC, *see* Transcript of Deposition of James Walters dated October 3, 2021 at 63:6-7. Any impact on Mr. Vavic from Mr. Walters' testimony (and there would be none) for good or ill would have no bearing on Mr. Walters' interests, and thus gives him no motivation in his testimony.

Respectfully submitted,

By counsel for John Wilson

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
ATomback@mclaughlinstern.com

Dated: October 4, 2021

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 112.1

I hereby certify that, before filing this motion, defense counsel attempted in good faith to confer with the government to resolve or narrow the issues. The government does not agree to the relief requested.

*/s/ Michael Kendall*
Michael Kendall

### CERTIFICATE OF SERVICE

This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

*/s/ Michael Kendall*
Michael Kendall