# EXHIBIT A

## 1.  The Conspiracy Counts: Falsified Athletic Profiles

***Both Defendants request that the Court give the following instruction:***

To convict either Defendant of conspiracy to commit honest services mail and wire fraud, the government must specifically show, beyond a reasonable doubt, that admitting students through Subco with falsified athletic profiles deprived USC of the honest services of its employees. In addition, with respect to the charge for conspiracy to commit honest services mail and wire fraud and the charge for conspiracy to commit federal programs bribery, the government must show, beyond a reasonable doubt, that the athletic profile at issue was actually false and that the Defendant at issue was aware of this falsified athletic profile. And, with respect to these charges, even if the Defendant at issue was aware of the athletic profile at issue, the government must show beyond a reasonable doubt that he recognized and intended that the profile contained false information.

Of course, these are not the only requirements that the government must satisfy in order for you to convict either Defendant of conspiracy to commit honest services mail and wire fraud or conspiracy to commit federal programs bribery. Rather, the government must also satisfy the other requirements on which I have already provided instruction.

### 2. The Honest Services Wire Fraud and Federal Programs Bribery Counts – Falsified Athletic Profiles

***Defendant John Wilson requests that the Court give the following instruction:***

To convict Defendant John Wilson of honest services wire fraud, the government must specifically show, beyond a reasonable doubt, that Harvard University and Stanford University have a process that is akin to USC's Subco process, and that admitting students through that process with falsified athletic profiles would have deprived Harvard and Stanford of the honest services of their employees. In addition, with respect to both the charges for honest services wire fraud and federal programs bribery, the government must show, beyond a reasonable doubt, that Mr. Wilson agreed that Rick Singer would create falsified athletic profiles for Mr. Wilson's daughters so that the relevant subcommittees at Harvard and Stanford would admit his daughters.

Of course, these are not the only requirements that the government must satisfy in order for you to convict Mr. Wilson of honest services wire fraud or federal programs bribery. Rather, the government must also satisfy the other requirements on which I have already provided instruction.

### 3.   The Conspiracy Counts – Employee's Knowledge of the Falsified Athletic Profiles

*Both Defendants request that the Court give the following instruction:*

With respect to the charges for conspiracy to commit honest services mail and wire fraud and conspiracy to commit federal programs bribery, the Indictment charges that Defendant Abdelaziz conspired with (among other people) Donna Heinel and that Defendant Wilson conspired with (among other people) Jovan Vavic. There can be honest services fraud or federal programs bribery only if, among other things, the employee at issue intentionally deceived his employer. Accordingly, to prove the conspiracy charges in this case, the government must prove, beyond a reasonable doubt, that the USC employee at issue knew that the athletic profile at issue was materially false. If the government fails to prove, beyond a reasonable doubt, that the USC employee at issue knew that the athletic profile at issue was materially false, then you cannot convict the Defendant at issue of these crimes.

### 4. Honest Services Wire Fraud and Conspiracy to Commit Honest Services Mail and Wire Fraud – The Relevant Customs, Practices, and Policies

***Both Defendants request that the Court give the following instruction:***

During the trial, you have heard testimony concerning the customs, practices, and policies of the USC admissions department or Subco. Note, however, that as I have previously instructed, for purposes of honest services fraud, the relevant customs, practices, and policies are those of the department or unit in which the employee at issue worked. With respect to the charge for conspiracy to commit honest services fraud against Defendant Abdelaziz, the relevant USC employee at issue is Donna Heinel. With respect to the charge for conspiracy to commit honest services fraud against Defendant Wilson, the relevant USC employee at issue is Jovan Vavic. Ms. Heinel and Mr. Vavic worked for the USC athletic department. Neither was part of Subco. Thus, for purposes of this charge, the relevant customs, practices, and policies are those of the USC athletic department, not the USC admissions department or Subco.

Similarly, for purposes of the honest services wire fraud charges brought against Defendant Wilson, the relevant employees are John Vandemoer or the senior women's administrator. Mr. Vandemoer worked for the Stanford athletic department, and the senior women's administrator—who did not actually exist—supposedly worked for the Harvard athletic department. Thus, for purposes of these charges, the relevant customs, practices, and policies are those of Stanford's athletic department or Harvard's athletic department. The customs, practices, and policies of Stanford's admissions department and Harvard's admissions department are irrelevant. And to the extent either of these schools had a subcommittee that was akin to Subco, its customs, practices, and policies are irrelevant.

### 5.  Rebecca Chassin's Testimony and the Issue of Materiality

***Defendant John Wilson requests that the Court give the following instruction:***

During the trial, you have heard testimony from Rebecca Chassin suggesting that Subco would not have admitted Johnny Wilson if it knew that Johnny's athletic profile contained lies. I hereby instruct you that this testimony has no bearing on whether the alleged misstatements at issue in Johnny Wilson's profile were material. To determine whether the alleged misstatements at issue were material, you should instead ask yourself the following question: If Subco had received an athletic profile for Johnny Wilson that did not include any false information but instead included only true information about Johnny Wilson's athletic qualifications, would USC still have admitted Johnny? Unless the government has proven beyond a reasonable doubt that the answer is "no," the alleged misstatements at issue cannot be material.