UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )  Criminal No.: 19-10080-NMG<br>)<br>GAMAL ABDELAZIZ *et al.*,  )<br>)<br>Defendants  ) | |

**GOVERNMENT'S MOTION FOR INSTRUCTION REGARDING INADMISSIBLE EVIDENCE INTRODUCED DURING OPENING STATEMENTS AND OPPOSITION TO DEFENDANTS' PROPOSED CURATIVE INSTRUCTION [Dkt. 2355]**

During the defendants' opening statements, they published to the jury several exhibits that the Court has ruled inadmissible, including *inter alia*: (i) a video of Rick Singer giving a presentation to Starbucks employees, by defendant Abdelaziz; (ii) an instant message chat between two USC employees who did not testify, by defendant Abdelaziz; (iii) a video of Singer speaking with Rudy Meredith, by defendant Wilson; and (iv) a phone call between Singer and an unindicted co-conspirator, by defendant Wilson. *See* 9/13/2021 Trial Tr. at 56–57, 61–63, 76, 84–85. Following the government's objection, the Court instructed the parties as follows:

> Let me say this: If counsel introduced matters in their opening which turns out is not admissible, I am going to make an instruction to the jurors to disregard what that particular counsel said at opening. I will entertain a short proposed instruction from the government as to what it wants me to say to the jury . . . and I'll reserve as to whether or not I will do it primarily on the basis of whether it turns out what he talked about was admissible or not admissible.

*Id.* at 65–66. During trial, none of these exhibits have been admitted into evidence, and the Court has sustained the government's objections numerous times.[1]

Accordingly, the government now requests that the Court give the following instruction to the jury:

---

[1] *See, e.g.*, Dkt. 2336 at 4 (denying motion for reconsideration to admit Starbucks video); *Id.* at 6 (denying motion for reconsideration to admit instant message chat).

> As I instructed you at the beginning of this case, statements, arguments, questions, and objections by lawyers are not evidence. That includes including opening statements. Opening statements by the attorneys are only predictions of what the parties expect the evidence to be and are not themselves evidence. To the extent items were shown to you, or recordings were played for you during opening statements, that were not admitted into evidence during trial, I am instructing you to not consider any of those items as evidence in this case.

*See, e.g.*, *United States v. Persfull*, 660 F.3d 286, 297 (7th Cir. 2011).

For similar reasons, the defendants' request for a "curative" instruction (Dkt. 2355) regarding the government's objection during Abdelaziz's opening statement to Exhibit 1288 – the instant message exchange between two non-testifying USC employees – is baseless and unnecessary. The Court *sustained the government's objections* to that exhibit and ruled it inadmissible, including in a written order. *See, e.g.*, 9/21/2021 Trial Tr. at 22 (sustaining objection twice); 10/1/2021 Trial Tr. at 19 (sustaining objection); Dkt. 2336 at 6 (denying motion for reconsideration to admit). There is no need for a curative instruction regarding an objection that has been sustained by this Court multiple times. And, in any event, the government's proposed instruction specifically reminds the jury that objections by lawyers are not evidence.

                              Respectfully submitted,

                              NATHANIEL R. MENDELL
                              Acting United States Attorney

                      By: */s/ Ian J. Stearns*
                              KRISTEN A. KEARNEY
                              LESLIE A. WRIGHT
                              STEPHEN E. FRANK
                              IAN J. STEARNS
                              Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: October 5, 2021               /s/ Ian J. Stearns
                                     IAN J. STEARNS