UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE**
**REGARDING 18 U.S.C. § 666 AND "OFFICIAL ACTS"**

The government has previously argued that federal programs bribery under 18 U.S.C. § 666(a)(2), as charged in the Fourth Superseding Indictment, does not require proof of an "official act." *See* Dkt. 2079 at 36–37. The government respectfully submits this supplemental notice in accordance with the Court's order during the October 5, 2021 charge conference to address *United States v. Martinez*, 994 F.3d 1 (1st Cir. 2021).

The government stands by its position that federal programs bribery does not require an official act. Consistent with the text of 18 U.S.C. § 666, every court of appeals to address the issue, in the wake of the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), has held that federal programs bribery under that statute, unlike 18 U.S.C. § 201, does not require an official act. *See, e.g.*, *United States v. Percoco*, -- F.4th --, 2021 WL 4076362, at *6 n.2 (2d Cir. Sept. 8, 2021) (Sullivan, J.) ("[A]s we have repeatedly explained, *McDonnell*'s 'official act' standard for the quo component of bribery as proscribed in § 201 does not apply to the more expansive language of § 666."); *accord United States v. Roberson*, 998 F.3d 1237, 1247 (11th Cir. 2021) ("Consistent with the views of our sister Circuits, we hold that *McDonnell* does not disturb this court's holding . . . and we do not read into section 666 limitations unsupported by the language of the statute."); *United States v. Ng Lap Seng*, 934 F.3d 110, 133 (2d Cir. 2019) (same

as *Percoco*); *United States v. Porter*, 886 F.3d 562, 565–66 (6th Cir. 2018) (holding that "[i]n *McDonnell*, the Supreme Court limited the interpretation of the term 'official act' as it appears in § 201, an entirely different statute than [§ 666]"); *cf. United States v. Maggio*, 862 F.3d 642, 646 n.8 (8th Cir. 2017) (explaining that *McDonnell* "had nothing to do with § 666").

For example, in the wake of the Second Circuit's decision in *Ng Lap Seng*, the defendant filed a petition for a writ of certiorari.  Responding in June 2020, the Office of the Solicitor General argued that Section 666 does not require an official act: "Unlike Section 201, neither Section 666 nor the FCPA specifically refers to an 'official act.'  Nor does a circuit conflict exist on whether either requires proof of one.  Rather, the courts of appeals that have addressed the issue have held that they do not." *Ng Lap Seng v. United States*, Brief of the United States, 2020 WL 3027671, at *13 (June 2020) (collecting cases).  The Solicitor General further noted that the Supreme Court "has previously denied petitions for writs of certiorari presenting the question whether Section 666 requires proof of an 'official act.'" *Id.* at *12.  Later in June 2020, the Supreme Court denied the petition. *See Ng Lap Seng v. United States*, 141 S. Ct. 161 (2020).

The First Circuit's decision in *Martinez*, a public corruption case arising out of Puerto Rico, does not hold to the contrary. *See Martinez*, 994 F.3d at 6.  In *Martinez*, the defendant was convicted of six counts, including conspiracy to commit honest services wire fraud and federal programs bribery, honest services wire fraud, and receipt of a bribe by an agent of an organization receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B). *Id.* at 4–5.  The court concluded that the evidence was sufficient to support her convictions, but vacated them in holding that the district court should have severed her trial from one of her codefendants. *Id.* at 4.  The defendant did not appeal her convictions on the basis that § 666 required proof of an official act, and the First Circuit did not address the legal issue whether § 666 incorporates the "official act" requirement of

2

§ 201 under *McDonnell*. The court stated, in dicta: "To convict [the defendant of] . . . federal programs bribery in violation of 18 U.S.C. § 666, the government was required to prove, among other things, that [she] accepted a thing of value while 'intending to be influenced' by it to perform an official act." *Id.* at 6–7 (quoting 18 U.S.C. § 666(a)(1)(B)).

The government respectfully submits that the First Circuit's statement regarding an "official act" in *Martinez*, which pre-dated the Solicitor General's brief and the Supreme Court's denial of certiorari in *Ng Lap Seng*, was dicta. For these reasons, the government requests that the Court instruct the jury on Counts Two, Eleven, and Twelve consistent with the government's proposed instructions.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
DONALD C. LOCKHART
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: October 5, 2021                    */s/ Ian J. Stearns*
                                          IAN J. STEARNS

3