UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE ARGUMENT REGARDING CONTROL OF FUNDS [Dkt. 2353]**

The defendants' motion – filed on the eve of closing arguments – to "exclude argument" regarding "control of funds" by Donna Heinel and Jovan Vavic should be denied. Dkt. 2353. As the Court explained 16 months ago, "the FSI alleges that the payments were made to designated accounts that were *either* controlled by the corrupt insiders *or that otherwise inured to their benefit professionally*." *United States v. Sidoo*, 468 F. Supp. 3d 428, 444 (D. Mass. 2020), Dkt. 1334 (emphasis added). "Those payments," the Court held, "therefore represent a 'thing of value' to those insiders, even if the payments were not deposited into personal accounts. As the government notes, in an honest services prosecution a 'thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received.'" *Id.* at 444–45 (quoting *United States v. Renzi*, 769 F.3d 731, 744 (9th Cir. 2014)).

During trial, there has been extensive testimony and other direct and circumstantial evidence establishing that the payments from the defendants and other co-conspirators were "made to designated accounts that were either controlled by the corrupt insiders or that otherwise inured to their benefit professionally," including, *inter alia*, evidence showing that (i) Vavic controlled and oversaw the USC men's water polo fund;[1] (ii) money in the men's water polo fund benefited

---

[1] *See, e.g.*, 9/28/2021 Trial Tr. at 98 (Casey Moon testifying that Vavic controlled the account).

Vavic, as the coach of the team;[2] (iii) Heinel controlled and oversaw the USC Women's Athletic Board fund;[3] (iv) Heinel directed Singer's side door clients to send bribe payments to that fund;[4] (v) Heinel's salary increased alongside a steady increase in payments to that fund, which consisted principally of payments from Singer's clients; and (vi) Heinel's annual performance reviews reflected that she was evaluated based, in part, on her fundraising.[5]  The defendants' motion ignores the Court's holding more than a year ago, as well as this mere sampling of evidence admitted during trial.  For the foregoing reasons, the defendants' motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: October 5, 2021         */s/ Ian J. Stearns*
                                IAN J. STEARNS

---

[2] *See, e.g., id.; see also, e.g., id.* at 183–84; 9/27/2021 Trial Tr. at 15, 72.

[3] *See, e.g.*, 9/27/2021 Trial Tr. at 20–21 (Laura Janke testifying that fund "was run by" Heinel); *see also id.* at 19 (Janke testifying that side door bribe payments "would go to Donna Heinel at USC to whatever program or funds she wanted them directed to"); *id.* at 22 (Janke testifying that the Women's Athletic Board fund "was a fund that [Heinel] oversaw").

[4] *See* Ex. 396 (voicemail from Heinel to Singer directing funds to Women's Athletic Board fund); 9/29/2021 Trial Tr. at 41 (Lauren George testifying about source of funds in Women's Athletic Foard fund).

[5] *See* Exs. 2, 722; *see also* 9/29/2021 Trial Tr. at 57–62 (Lauren George testifying, based on a review of financial and Heinel personnel records, about funds in Women's Athletic Board fund increasing over time, and Heinel's job performance being evaluated based on fundraising).