UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| GAMAL ABDELAZIZ *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'**
**OBJECTION TO PROPOSED VERDICT FORM [Dkt. 2362]**

The government respectfully submits this response to the defendants' objection to the Court's proposed verdict form.

The Court's proposal, which separates the four objects of the conspiracy charged in Count One, is appropriate and consistent with recent caselaw in which courts have charged juries on both pecuniary fraud and honest services fraud theories. *See, e.g.*, *United States v. Pelisamen*, 641 F.3d 399, 407 (9th Cir. 2011) ("In the wake of *Skilling*, several district courts have also considered cases involving special verdict forms providing for conviction on either a pecuniary fraud theory or an honest-services theory, similar to that used here. Those courts have concluded, as we do here, that convictions for mail or wire fraud remain valid, as long as the special verdict form shows that the jury found the defendant guilty on the pecuniary fraud theory." (citing *United States v. Muoghalu*, 2010 WL 3184178, at *11 n.3 (N.D. Ill. Aug. 9, 2010)); *United States v. Allen*, 2010 WL 2813767, at *2 (N.D. Ind. Jul. 15, 2010)); *United States v. Joshua*, 648 F.3d 547, 553 (7th Cir. 2011) (noting use of special verdict form); *United States v. Handakas*, 286 F.3d 92, 96 (2d Cir. 2002), overruled on other grounds by *United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) (same). As courts have noted, the use of a general verdict form in cases where multiple objects of a conspiracy are charged in a single count creates the risk of appellate ambiguity. *See, e.g.*, *United States v. Williams*, 441

F.3d 716, 718 (9th Cir. 2006) (defendant argued "that the absence of a special verdict makes it impossible to determine whether the jury found 'direct' fraud or 'intangible rights' fraud").

The defendants' concern with a special verdict form here, based on the First Circuit's 50-year-old decision in *Spock*, is misplaced. *See United States v. Spock*, 416 F.2d 165 (1st Cir. 1969). As the First Circuit has more recently explained, the issue with "special interrogatories" of the sort at issue in *Spock* is that they "have the jury focus on issues that assume[] guilt." *United States v. Alfonzo-Reyes*, 592 F.3d 280, 293 (1st Cir. 2010); *see also United States v. Fanfan*, 468 F.3d 7, 13 (1st Cir. 2006) (citing *Spock* for the proposition that "[i]n some situations, special interrogatories or special verdicts pose risks in criminal cases; for example, they can be asked in a form that suggests through progressive steps a particular outcome."). The plain vanilla special verdict form here, which simply separates the four objects of the conspiracy charged in Count One, presents no such risk. Nor does it parrot the government's factual theories or otherwise suggest an outcome. It simply asks the jury to clarify the basis for its verdict on Count One, if indeed it decides to convict on that count. This is no more suggestive or "prejudicial" than the substantive jury instructions that explained the legal principles underlying the distinct theories. And, of course, the verdict form proposed by the Court eliminates the risk of appellate ambiguity that the defendants' proposed general verdict form invites.

For the foregoing reasons, the government respectfully requests that the Court provides the jury with its proposed verdict form.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Ian J. Stearns*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: October 6, 2021              */s/ Ian J. Stearns*
                                    IAN J. STEARNS