UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY COLBURN et al.,<br><br>Defendants. | Case No. 1:19-cr-10080-NMG |

**RESPONSE TO GOVERNMENT'S SUPPLEMENTAL
NOTICE REGARDING 18 U.S.C. § 666 AND "OFFICIAL ACTS"**

Pursuant to Fed. R. Crim. P. 30, and in response to the Government's Supplemental Notice Regarding 18 U.S.C. § 666 and "Official Acts," ECF No. 2357 (the "Notice"), Defendants Gamal Abdelaziz and John Wilson ("Defendants") hereby reaffirm their position that § 666 requires proof of an official act. The First Circuit spoke directly on this issue in *United States v. Martinez*, holding as follows:

> To convict López on Count Eleven, which was for federal programs bribery in violation of 18 U.S.C. § 666, the government was required to prove, among other things, that López accepted a thing of value while 'intending to be influenced' by it **to perform an official act**.

*United States v. Martinez*, 994 F.3d 1, 6-7 (1st Cir. 2021) (emphasis added). This holding binds the Court. And, even assuming that this statement is dicta, it is "so direct and on point that a proper respect for the opinions of the First Circuit requires this Court to follow it." *Awuah v. Coverall N. Am., Inc.,* 985 F. Supp. 2d 185, 190 (D. Mass. 2013).

In addition, in the Notice, the government states that *Martinez* "pre-dated the Solicitor General's brief and the Supreme Court's denial of certiorari in *Ng Lap Seng*." Notice at 3. This is simply not correct. The Solicitor General filed this brief in June 2020, and the Supreme Court denied cert that same month. *See Ng Lap Seng v. United States*, 141 S. Ct. 161 (2020); *Ng Lap*

1

*Seng v. United States*, Brief of the United States, 2020 WL 3027671 (June 2020). The First Circuit decided *Martinez* on April 7, 2021, almost a year later.[1]

In any event, even before the First Circuit decided *Martinez*, this Court had already recognized that § 666 requires proof of an official act. *See, e.g.*, *United States v. Sidoo*, 468 F. Supp. 3d 428, 444 (D. Mass. 2020) (discussing federal programs bribery and conspiracy to commit federal programs bribery charges, and stating that "[f]or a payment to constitute a bribe, there must be a quid pro quo — a specific intent to give or receive something of value in exchange for an official act" (internal quotation marks omitted)); *accord United States v. Ernst*, 502 F. Supp. 3d 637, 665 (D. Mass. 2020). The Court should not change its position, particularly where the First Circuit has expressly recognized that § 666 requires proof of an official act.

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

*Counsel for Gamal Abdelaziz*

*/s/ Michael Kendall*
Michael Kendall (BBO #544866)
Lauren M. Papenhausen (BBO #655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (*pro hac vice*)
MCLAUGHLIN & STERN
260 Madison Avenue
New York, NY 10016
(212) 448-1100
atomback@mclaughlinstern.com

*Counsel for John Wilson*

DATED: October 6, 2021

---

[1] In any case, it is not clear to Defendants why the Court should follow a brief from the Solicitor General over the First Circuit.

2

**CERTIFICATE OF SERVICE**

I, Michael Kendall, hereby certify that on October 6, 2021 this document, filed through the CM/ECF system, will be sent electronically to all registered participants in this matter as identified on the Notice of Electronic Filing (NEF).

*/s/ Michael Kendall*