UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY COLBURN, et al.,<br><br>Defendants. | Cr. No. 19-10080-NMG |

### DEFENDANTS' MOTION FOR SUPPLEMENTAL JURY INSTRUCTIONS

In light of the government's closing argument, Defendants have renewed concerns regarding specific jury instructions.

First, during closing arguments, AUSA Frank referenced the "willful blindness" instruction and the fact that Defendants could not "bury their head in the sand" to ignore what was obvious. AUSA Frank did not make a distinction between willful blindness with respect to knowledge and willful blindness with respect to intent to join a conspiracy. Thus, it is necessary that the Court make clear in its instructions that willful blindness applies only to a defendant's *knowledge* of a conspiracy, and does not apply to *intent to join* a conspiracy. *See United States v. Lizardo*, 445 F.3d 73, 86 (1st Cir. 2006). Specifically, Defendants request that the Court read the following statement of law from the First Circuit: "**The third element requires an intent to join the conspiracy, and that is not established by willful blindness.**" *Id.* The Court should similarly make clear in any separate willful blindness instruction that the concept does not apply to intent to join the conspiracy.

Second, AUSA Frank suggested during closing arguments that *Mr. Singer's* conduct provided evidence of Defendants' knowledge and intent. Specifically, AUSA Frank stated that

because Mr. Singer **sent** the fake profile to Defendants, defendants must be guilty, whether or not the Defendants actually read or received the profiles.  It is imperative that the jury is given an explicit instruction that proof of intent to join a conspiracy must be based upon each defendant's *own* words and actions.  Specifically, Defendants request the following statement of law: "**Proof that the Defendant willfully joined in the agreement must be based upon evidence of his own words and actions.**"  *See United States v. DeNunzio*, Case No. 14-cr-10284-NMG, ECF No. 513, Jury Trial Transcript Vol. XIII, at 13-145 (D. Mass. Apr. 28, 2016).  In light of the closing argument, the Court should also instruct the jury—in particular—that "**evidence of someone else's actions, such as Rick Singer's actions, cannot prove that the Defendants willfully joined in the conspiracy**."

Third, AUSA Frank represented that two calls were made when Rick Singer was "in Boston."  This was presumably so that the jury could make a finding on venue.  The Court should specifically instruct the jury that Mr. Singer's statements on consensual calls (in which he almost always states that he is "in Boston") is not evidence, but is mere context.  This is necessary to avoid a confrontation clause issue.  In particular, the jury should be instructed that, "**For purposes of determining whether the government has proved venue by a preponderance of the evidence, you must disregard Mr. Singer's statements on any phone calls after 9/21/2018 that he is in Boston.  As I previously instructed you, Mr. Singer's statements on all phone calls after 9/21/18 are context only; they are not and cannot be evidence in this case.**"

Dated: October 6, 2021

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO # 549566)
Joshua C. Sharp (BBO # 681439)

        Lauren A. Maynard (BBO # 698742)
        NIXON PEABODY LLP
        53 State Street
        Boston, MA 02109
        (617) 345-1000
        bkelly@nixonpeabody.com
        jsharp@nixonpeabody.com
        lmaynard@nixonpeabody.com

        Robert Sheketoff (BBO # 457340)
        One McKinley Square
        Boston, MA 02109
        617-367-3449

        *Counsel for Gamal Abdelaziz*


        */s/ Michael Kendall*
        Michael Kendall (BBO # 544866)
        Lauren M. Papenhausen (BBO # 655527)
        WHITE & CASE LLP
        75 State Street
        Boston, MA 02109-1814
        (617) 979-9300
        michael.kendall@whitecase.com
        lauren.papenhausen@whitecase.com

        Andrew E. Tomback (pro hac vice)
        MCLAUGHLIN & STERN, LLP
        260 Madison Avenue
        New York, NY 10016
        (212) 448-1100
        atomback@mclaughlinstern.com

        *Counsel for John Wilson*


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed electronically on October 6, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

        */s/ Brian T. Kelly*
        Brian T. Kelly