```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,          )
                 Plaintiff         )
                                   )
vs.                                )  No. 1-19-CR-10080
                                   )
GAMAL ABDELAZIZ and JOHN            )
WILSON,                            )
                 Defendants.       )
                                   )
                                   )


         BEFORE THE HONORABLE NATHANIEL M. GORTON
               UNITED STATES DISTRICT JUDGE
                   JURY TRIAL - DAY 21


         John Joseph Moakley United States Courthouse
                       Courtroom No. 4
                      One Courthouse Way
                  Boston, Massachusetts 02210


                       October 8, 2021
                         9:08 a.m.



                 Kristin M. Kelley, RPR, CRR
                    Official Court Reporter
         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
                   Boston, Massachusetts 02210
                   E-mail: kmob929@gmail.com

           Mechanical Steno - Computer-Aided Transcript
```

```
 1     APPEARANCES:
 2
 3          Stephen E. Frank
 4          Ian J. Stearns
 5          Leslie Wright
 6          Kristen Kearney
 7          United States Attorney's Office
 8          1 Courthouse Way
 9          Suite 9200
10          Boston, MA 02210
11          617-748-3208
12          stephen.frank@usdoj.gov
13          for the Plaintiff.
14
15
16          Brian T. Kelly
17          Joshua C. Sharp
18          Lauren Maynard
19          Nixon Peabody LLP
20          100 Summer Street
21          Boston, MA 02110
22          617-345-1000
23          bkelly@nixonpeabody.com
24          for Gamal Abdelaziz.
25
```

```
 1   APPEARANCES:

 2

 3        Robert L. Sheketoff

 4        One McKinley Square

 5        Boston, MA 02109

 6        617-367-3449

 7        sheketoffr@aol.com

 8        for Gamal Abdelaziz.

 9

10

11        Michael Kendall

12        Lauren M. Papenhausen

13        White & Case, LLP

14        75 State Street

15        Boston, MA 02109

16        617-939-9310

17        michael.kendall@whitecase.com

18        for John Wilson.

19

20

21

22

23

24

25
```

```
 1   APPEARANCES:
 2
 3          Andrew E. Tomback
 4          McLaughlin & Stern, LLP
 5          260 Madison Avenue
 6          New York, NY 10016
 7          917-301-1285
 8          atomback@mclaughlinstern.com
 9          for John Wilson.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

P R O C E E D I N G S

THE CLERK: Thank you. You may be seated. Court so now in session.

THE COURT: Good morning, jurors. Welcome back. I want to commend you for your dedication and for your ability to get here on time and your willing to accept this very important responsibility that you have. I also want to remind you that the Court is here if you need us for any reason. I would ask you now to return to the jury room and continue with your deliberations.

Thank you.

Counsel, I am informed that the jury has a couple of questions. I'm going to ask counsel to stay. I will look at them and be back in about 15 minutes.

(Recess.)

THE CLERK: All rise.

Thank you. You may be seated.

THE COURT: Good morning, counsel. We've had a question from the jury. I will read the question, then my proposed response, and then hear counsel as to their proposals.

The question is, "Judge Gorton, do we need to return a verdict on all four objects of Count 1 or just the count itself? Thank you", signed the foreman.

My proposed response is you should consider all of the questions on the verdict form independently and return a

```
 1   verdict on all of those as to which you are unanimous.
 2           Mr. Kelly?
 3           MR. KELLY:  I think if they find not guilty on that
 4   Count 1, they don't have to find further.  That's why we had
 5   requested what we had before, that if you find somebody not
 6   guilty, they don't have to go through the four.  If they found
 7   somebody guilty on Count 1, they've got to tell us which one it
 8   is.
 9           THE COURT:  Why didn't you suggest that before now?
10           MR. KELLY:  Well, I did, your Honor.
11           THE COURT:  Well, you didn't say -- and if you said it
12   the way you're going to say it, you've got to have an
13   instruction after Question 1.
14           MR. KELLY:  I think our proposal that we cited, our
15   last proposal, made that clear.  We had originally objected to
16   not having a general verdict, but then when the Court rejected
17   that, we filed a request on Count 1 and then ABCD.  You don't
18   get to ABCD if they find not guilty for a defendant.
19           It's a First Circuit case, *USA v. Spock*, S-p-o-c-k.
20           MR. SHEKETOFF:  It was Dr. Spock.
21           THE COURT:  Actually, it was Dr. Spock.
22           MR. KELLY:  Who knew?  I think they have to be told
23   that.  They don't have to answer the four predicates if they
24   found one of these people not guilty.  The other case is *United
25   States versus Black*.  It's a Supreme Court case.
```

1         MR. FRANK:  We don't think the Dr. Spock case is
2    applicable for the reasons that we set forth in our briefing,
3    your Honor.  We do believe that they need to find on all four
4    objects of the conspiracy.  There are four different objects.
5    They need to find as to each one, otherwise there's going to be
6    a lack of clarity as to the verdict.
7         MR. KELLY:  They're only doing this four to avoid
8    appellate ambiguity.  If they found somebody not guilty, they
9    don't have to check off all four.  I think it suggests
10   something that should not be suggested to them if they found
11   not guilty.  They don't have to say not guilty five times for
12   one count.  They just have to say not guilty.  To avoid
13   appellate ambiguity, if they say guilty, they have to answer
14   the questions the Court has posed.
15        THE COURT:  Mr. Kendall?
16        MR. KENDALL:  We join in Mr. Gamal Aziz's position.
17        THE COURT:  So you're suggesting that if they answer
18   not guilty on question No. 1 with respect to mail fraud, that
19   they should not go on and consider the question of wire fraud
20   or?
21        MR. KELLY:  No.  I'm suggesting they should be told we
22   need to return a verdict on all four counts on Count 1.
23   They're looking at this because there's four questions about
24   one count.  I think they need to be told, if you've found one
25   of the defendants not guilty in Count 1, you don't need to

1  answer all four counts.  If they've concluded somebody's not
2  guilty of Count 1, they don't need to check off not guilty, not
3  guilty, not guilty, not guilty.  If they found somebody guilty,
4  they've got to check those off.  I think the short answer is,
5  under *Black*, the Supreme Court case, you say if you find
6  someone not guilty of Count 1, you don't need to go any further
7  on Count 1.
8          THE COURT:  Mr. Frank?
9          MR. FRANK:  Your Honor, we stand by our previous
10 position.  The verdict form that they have asks them whether
11 the defendants are not guilty or guilty of conspiracy to commit
12 mail fraud, conspiracy to commit honest services mail fraud,
13 conspiracy to commit wire fraud, and conspiracy to commit
14 honest services wire fraud.  They need to answer those
15 questions to be clarity about what the verdict is.  We don't
16 see any prejudice to anyone from having them answer those
17 questions as set forth by the Court.
18         MR. KELLY:  Respectfully, they do see a prejudice.
19 They obviously want further clarity on the form.  They have the
20 form and now they've asked a question.  If the Court were to
21 simply tell them no, you don't have to answer all four sections
22 of the question about Count 1 if you found someone not guilty.
23         THE COURT:  Give me a hypothetical, Mr. Frank, that if
24 they answered no on question No. 1, there was no mail fraud, as
25 to how they could then come back with a guilty verdict on any

1   of the remaining three counts, any of the remaining three
2   objects.
3           MR. FRANK:  They could come back on wire fraud, for
4   example.  They could come back on the honest services wire --
5           THE COURT:  Because there was no mailing and there was
6   an e-mail?
7           MR. FRANK:  Correct.  Or they could come back on
8   honest services fraud and not on property fraud, or they could
9   come back on property fraud and not on honest services fraud.
10  There's a number of different scenarios where they can come
11  back.
12          THE COURT:  Property fraud is not asked.
13          MR. FRANK:  The conspiracy to commit mail fraud as
14  opposed to the honest services mail fraud to get the admissions
15  slot as opposed to the private university of honest services.
16  There's a number of different scenarios where they could find.
17  That's why there's four different objects charged.  They could
18  come back with one and not another in any number of ways.
19          MR. KELLY:  Your Honor, respectfully, it's a single
20  count with multiple theories.  So if they've concluded they're
21  not guilty, they don't have to walk down the checklist.  It's
22  just being done to prejudice the defendant.
23          Under *Spock*, I think footnote -- it's the Supreme
24  Court case, the *Black* case, the footnote talks about how these
25  multiple instructions should be avoided in almost all cases.

1  So they clearly -- there's some confusion.  I think there's no
2  prejudice to the government.  They have their verdict form.  If
3  they found one of these defendants not guilty on Count 1, they
4  don't have to specify all the theories.  If they found them
5  guilty, they need to specify one of the four theories to avoid
6  appellate ambiguity.  That's the only reason they have to
7  specify.  It's one count, four theories.  If they're not
8  guilty, doesn't matter on these four theories.
9              MR. FRANK:  *Spock* isn't applicable because *Spock*
10 channeled them to a verdict because it channeled them to the
11 different elements of a charge.  Here they can't get to a
12 decision of not guilty or guilty without going through those
13 four objects.
14             THE COURT:  He's citing *Black* now, not *Spock*.
15             MR. FRANK:  *Black* is the same issue, your Honor.  They
16 can't get to a decision of not guilty unless they've eliminated
17 each of the different theories.  So there's no prejudice by
18 having them spell out what theories they've considered.
19             MR. KELLY:  We believe *Black* is the exact same issue.
20 There's no prejudice to the government.  If they found someone
21 guilty, they'll tell us which theory of the four theories.  If
22 they found the person not guilty, they don't have to specify
23 which of the four theories because they found them not guilty.
24             THE COURT:  I think the government's position is
25 correct and that my proposal is correct, but I'm going to take

1  a few more minutes to think about it.
2          Also, I have to add, yesterday the jury asked for
3  extra copies of the charge, which I gave them.  They now have
4  four copies of the charge.
5          This morning they've asked for extra copies of the
6  indictment.  They have one copy of the indictment, which is
7  redacted pursuant to an agreement of counsel.
8          What do you wand me to do with the request for
9  additional copies of the indictment?
09:31 10         MR. KELLY:  For Abdelaziz, we have no objection to
11  giving them extra copies.
12          MR. FRANK:  Agreed, your Honor.
13          THE COURT:  All right.  I'll be in recess or we'll be
14  in recess for about 5 minutes.
15          MR. KENDALL:  Your Honor, may we get a written copy of
16  the charge?
17          THE COURT:  Yes.  We will get you a written copy of
18  the charge.
19          THE CLERK:  All rise.
09:38 20         (Recess taken.)
21          THE CLERK:  All rise.
22          Thank you.  You may be seated.
23          THE COURT:  Good morning again, counsel.  What I did
24  in the intervening moments is I went back and looked at the
25  defendants' proposed alternate verdict form, the most recent,

1   that was docket 2370.  It says, after the introductory
2   statement "We the jury unanimously find", "the defendant under
3   consideration on the charge of conspiracy to commit mail fraud
4   and wire fraud and honest services mail and wire fraud", and
5   then it asks the jury to check off guilty or not guilty with
6   respect to that question.
7            That is an inappropriate question.  That requires them
8   to find all four objects at once or they will say not guilty.
9   That is inappropriate.  They need to address each object
10  separately the way that I have proposed instructing them and,
11  therefore, I am not going to give the requested answer that
12  Mr. Kelly proposes.
13           MR. KELLY:  Well, your Honor, I would suggest if the
14  Court would prefer to put it in the word "or" instead of "and".
15           THE COURT:  Then it will be the equivalent of what
16  I've already done.
17           MR. KELLY:  I respectfully suggest that that would be
18  more accurate to say -- it's a conspiracy charge.  It's one
19  count with four possible theories.  I think that's what they
20  may be getting at.  The way it's in front of them now with the
21  verdict form it looks like there's four different crimes when
22  there's really one.  So perhaps that should have been worded
23  better on our alternate proposal.  It's a conspiracy to commit
24  mail fraud or wire fraud or honest services fraud.
25           THE COURT:  That's not the way you propose it.

1       MR. KELLY:  I agree.  I'm suggesting the word "or"
2  should be substituted for "and" and then they can be found
3  either guilty or not guilty.  If it's guilty, they've got to
4  tell us which of the four to respond.
5       MR. FRANK:  We don't think there should be a brand new
6  verdict form in the middle of deliberations.  Your Honor's set
7  forth the four different ways.  They have to find on each of
8  those theories.
9       MR. KELLY:  You don't have to have a verdict form.
10 You can simply tell them.  They asked a question.  They're in
11 the middle of deliberations.  They asked a question.  The Court
12 could make it clear to them that it's really if they found a
13 person not guilty, they don't have to specify.  If they found
14 somebody guilty, they have to specify.
15      THE COURT:  Thank you, counsel.
16      Call the jury.
17      MR. KENDALL:  We join with Gamal Aziz, your Honor.
18 Thank you.
19      THE CLERK:  All rise for the jury.
20      (Jury enters.)
21      THE CLERK:  Thank you.  You may be seated.
22      THE COURT:  Good morning, jurors.  You have posed a
23 question to the Court.  I'll read it for the record an then
24 read my answer.
25      You've said "Judge Gorton, do we need to return a

```
 1    verdict on all four objects of Count 1 or just the count

 2    itself", and it's been signed by the foreman.

 3              Jurors, you should consider all of the questions on

 4    the verdict form independently and return a verdict on all of

 5    those as to which you are unanimous.

 6              Please return to the jury room and continue your

 7    deliberations.

 8              THE CLERK:  All rise for the jury.

 9              THE COURT:  Once again, counsel, you need to be within

10    10 minutes of the courthouse in case we get another question.

11              We're in recess.

12              (Recess taken.)

13              THE CLERK:  Thank you.  You may be seated.

14              Mr. Foreman, have the jury agreed upon a unanimous

15    verdict?

16              JURY FOREPERSON:  Yes.

17              THE CLERK:  Mr. Foreman, will you return your verdict

18    to the Court.

19              JURY FOREPERSON: Yes.

20              THE COURT:  The verdict form is in order and may be

21    recorded.

22              THE CLERK:  Mr. Foreman, members of the jury, harking

23    to your verdict as the Court has received it.

24              "We, the jury, unanimously find:  The defendant under

25    consideration on the charge of conspiracy to commit mail fraud
```

(Count One):

    Gamal Abdelaziz, guilty; John Wilson, guilty.

    2.  The defendant under consideration on the charge of conspiracy to commit <u>wire fraud</u> (Count One):

    Gamal Abdelaziz, guilty; John Wilson, guilty.

    3.  The defendant under consideration on the charge of conspiracy to commit <u>honest services mail fraud</u> (Count One):

    Gamalal Abdelaziz, guilty; John Wilson, guilty.

    4.  The defendant under consideration on the charge of conspiracy to <u>commit honest services wire fraud</u> (Count One):

    Gamal Abdelaziz, guilty; John Wilson, guilty.

    5.  The defendant under consideration on the charge of conspiracy to commit <u>federal programs bribery</u> (Count Two):

    Gamal Abdelaziz, guilty; John Wilson, guilty.

    6.  The defendant, John Wilson, on the charges of <u>wire fraud</u> and <u>honest services wire fraud</u> with respect to:

    a.  A $500,000 wire transfer to a bank account in the name of the Key Worldwide Foundation on or about October 17, 2018 (Count Six):

    Guilty.

    b.  A telephone call with William "Rick" Singer on or about October 27, 2018 (Count Eight):

    Guilty.

    c.  A $500,000 wire transfer to a bank account in the name of the Key Worldwide Foundation on or about December 11,

```
 1   2018 (Count Nine):
 2           Guilty.
 3           7.   The defendant, John Wilson, on the charge of
 4   federal programs bribery with respect to:
 5           a.   a $500,000 wire transfer to a bank account in the
 6   name of the Key Worldwide Foundation on or about October 17,
 7   2018 (Count Eleven):
 8           Guilty.
 9           b.   a $500,000 wire transfer to a bank account in the
10   name of the Key Worldwide Foundation on or about December 11,
11   2018 (Count 12):
12           Guilty.
13           8.   The defendant, John Wilson, on the charge of
14   willfully filing a false tax return (Count Thirteen):
15           Guilty.
16           So say you, Mr. Foreman, and so say you, all members
17   of the jury.
18           JURORS:  We do.
19           THE COURT:  Do counsel have anything for the Court
20   before I discharge the jury?
21           MR. KELLY:  No, your Honor.
22           MR. KENDALL:  No, your Honor.
23           MR. FRANK:  No, your Honor.  Thank you.
24           THE COURT:  All right.
25           Then, jurors, I want to thank you for your attention,
```

concern and care in performing your civic duty over these past 4 weeks, and because you have performed it, justice has been done regardless of the direction of your verdict.  I hope that you do feel a sense of pride in your service because you have performed one of the most fundamental duties of your citizenship and one that distinguishes your duties from those of citizens of most other countries because, uniquely in the United States, our citizens have the right to a trial by jury of their fellow citizens.

So you are excused from further jury duty and dismissed with the thanks of this Court.  I hope you will all return to your various walks of life with a better understanding and appreciation of what doing justice in this country is all about.  You are adjourned and -- we are adjourned and you are discharged.

THE CLERK:  All rise for the jury.

(Jury exits.)

THE COURT:  Be seated, counsel.  We need to schedule the sentencings.

We have the dates for Mr. Abdelaziz, Wednesday, February 16, 2022, at 3:00 p.m.

Any known conflicts Mr. Kelly?

MR. KELLY:  No, your Honor.

MR. FRANK:  No, your Honor.

THE COURT:  So that will be Wednesday, February 16,

1  3:00 p.m. in this courtroom.

2          For Mr. Wilson, it will be Thursday, February 17,

3  2022, at 3:00 p.m.

4          Mr. Kendall?

5          MR. KENDALL:  Let me check my calendar for one minute.

6  I doubt there's a conflict, your Honor.

7          THE COURT:  Yes.

8          MR. KENDALL:  None that I can see, your Honor.  Thank

9  you.

02:44 10          THE COURT:  The government?

11          MR. FRANK:  No, your Honor.  That's fine.

12          THE COURT:  Then that will be it for Mr. Wilson,

13  Thursday, February 17, 2022, at 3:00 p.m.

14          Is there anything else that needs to come to the

15  Court's attention before we adjourn this trial?

16          MR. KELLY:  No, your Honor.

17          MR. FRANK:  Not from the government, your Honor.

18  Thank you.

19          MR. KENDALL:  No, your Honor.

02:45 20          THE COURT:  Thank you.  Thank you, counsel, for a well

21  tried case.  We're adjourned.

22          (Whereupon, the proceedings adjourned at 2:45 p.m.)

23

24

25

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS    )

     I, Kristin M. Kelley, certify that the foregoing is a correct transcript from the record of proceedings taken October 8, 2021 in the above-entitled matter to the best of my skill and ability.

/s/ Kristin M. Kelley                October 8, 2021

Kristin M. Kelley, RPR, CRR          Date
Official Court Reporter