**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

v.

GREGORY COLBURN, et al.,

Defendants.

No. 19-CR-10080-NMG

**DEFENDANT JOHN WILSON'S OFFER OF PROOF CONCERNING TRIAL EVIDENCE OBTAINED FROM SEARCH WARRANT**

Prior to trial, Defendant John Wilson moved to suppress the fruits of the search warrant of Wilson's server, which the Court denied. ECF No. 1649. Wilson is filing this Offer of Proof to document a few examples of the government's extensive use at trial of the fruits of the search warrant. The purpose of this Offer of Proof is to clarify the record for any post-trial or appellate litigation and to show the government secured certain exhibits and information used (and relied upon) at trial from the challenged search. During its case-in-chief the government introduced multiple pieces of evidence that were fruits of the search executed pursuant to the Warrant. Similarly, during the cross-examination of defense witness Andrew Mericle, the government used information derived from emails obtained solely from the Warrant.

***I. The Government introduced evidence at trial that was highly prejudicial to Wilson and a product of the challenged warrant.***

Wilson suffered extreme prejudice at trial because the Warrant and its fruits were not suppressed. The government introduced several critical and damaging pieces of evidence at trial,

some of which violated the marital communications privilege. Absent the Warrant, the government would not have had access to the following evidence:[1]

- At trial, the government introduced and prominently featured an email chain between Wilson and Rick Singer, trial **Exhibit 83** (attached hereto), in which Singer advised, "Jovan has Johnny's stuff and asked me to embellish his profile more . . . ." This email was repeatedly used by the government, including multiple times in the government's opening, to allege that Wilson's son's athletic profile, which was sent to USC, contained false information, and that Wilson was aware of alleged false information.
- Correspondence between Wilson and his assistant concerning the characterization and description of the funds he donated to USC in 2014 was introduced by the government at trial. These emails, trial **Exhibits 109**, **110**, and **112** (attached hereto), were given significant emphasis by the government due to Wilson's instruction that the invoice could be made for "Business Consulting" expenses.
- The government introduced evidence concerning Wilson's son's compliance with his NCAA requirements once he was enrolled at USC. This evidence, trial **Exhibit 128** (attached hereto), was used by the government to attempt to discredit Wilson's son and misleadingly undercut the fact that he was a participating member of USC's water polo team when he enrolled at USC.
- A private, family email between Wilson and his wife, covered by the marital communications privilege, that contained a photograph of their son was admitted into evidence by the government. This email, attached, is trial **Exhibit 712**. The government

[1] Database searches run by the Defense indicate that the Warrant is the source of the emails referenced herein. Further, as Rick Singer is neither a sender nor recipient on many of these emails, the government could not have had alternative access to them through its searches of Singer's devices.

showed the photograph attached to the email to the jury and used it as circumstantial evidence to allege Wilson saw the athletic profile sent to USC by Singer.

Each of these pieces of evidence was used by the government to make a material and damaging argument against Wilson, and each piece of evidence was a fruit of the challenged warrant.

### *II. The Government made use of the illicit fruits of the Warrant to cross-examine a defense witness.*

In executing the warrant, the government exceeded the authorized scope of the search and seized far more emails than the warrant authorized. Defense counsel warned repeatedly that the vast amount of non-case related information improperly seized by the government would give the prosecution an unfair tactical advantage, both in presenting its own case and in cross-examining defense witnesses.[2] Defense counsel's concerns were well-founded. At trial, the Defense called Andrew Mericle, a former USC teammate of Wilson's son, as a witness. During the cross-examination of Mericle, the government used information derived from emails seized pursuant to the Warrant to attempt to impeach Mericle and prejudicially display Wilson's wealth to the jury. The government never should have gained possession of the emails, and it never should have been permitted to use them.

- From an email exchange between Mericle's mother and Wilson's wife, **Exhibit SW-1** attached hereto, the prosecution asked the following questions:
  - "And that wasn't just any spring break trip. That was a trip to Chamonix?"[3]
  - "And you went skiing in the Alps?"[4]

---

2 *E.g.,* Ex Parte Declaration of Michael Kendall in Support of Defendant John Wilson's Motion for Relief Based on The Government's Improper Search and Seizure of Emails at 7-8:

> We have spoken with teammates of Wilson's son from the USC water polo team. They have indicated that they are willing to testify, and would provide highly favorable testimony about the Wilson son's water polo abilities and participation on the team. The Wilson Marital Communications provide information to cross-examine these witnesses . . . . Even if these lines of cross-examination are only tangentially relevant, they will be highly prejudicial, will detract and distract from the focused facts to which the defense seeks to direct the jury. . . .

3 Trial Tr. dated October Oct. 1, 2021 at 82:21-22.

4 *Id.* at 82:8.

  - "And that was amazing skiing, correct?"[5]
  - "And you considered that one of the top vacation you've ever been on?"[6]
  - "Fabulous meals?"[7]
  - "And Johnny's sisters reminded you of your own sisters on that trip, correct?"[8]

- From emails exchanged between Wilson and the Mericle family the government obtained photographs of Mericle touring Amsterdam when he came to visit the Wilsons there, **Exhibits SW-2**, **SW-3**, and **SW-4** attached hereto, which it used to refine and prolong its questioning of Mericle regarding the wealth and lifestyle of the Wilsons and cement prejudice in the minds of the jury.

  - "And you went to the Rijksmuseum?"[9]
  - "Do you see that e-mail?"[10]
  - "You see who it's from?"[11]
  - "Okay. If we can go to the next page, you see the photograph?"[12]
  - "Mr. Wilson, the defendant took photographs of you with Johnny on that trip?"[13]
  - "And then he e-mailed you those photographs of you at the Rijksmuseum and inside the Rijksmuseum in Amsterdam?"[14]
  - "And the Wilson's paid for everything, correct?"[15]

- The government obtained emails between Wilson and his assistant, Exhibits **SW-5** and **SW-6**, attached hereto, which included the itinerary and guest list for Wilson's son's 21st birthday party. From these emails, the government was able to learn that Mericle attended the party, and several details about the event that it blatantly, repeatedly, and graphically used to emphasize the Wilson family's wealth and spending habits:[16]

---

5 *Id.* at 82:12.
6 *Id.* at 82:15-16.
7 *Id.* at 82:18.
8 *Id.* at 83:2-3.
9 *Id.* at 83:7.
10 *Id.* at 83:12.
11 *Id.* at 83:14.
12 *Id.* at 83:16-17.
13 *Id.* at 84:6-7.
14 *Id.* at 84:9-10.
15 *Id.* at 84:12.
16 The media reported on the details of Wilson's son's birthday party because of this questioning. *E.g.*, Chris Villani, *'Varsity Blues' Player Was On 'Belichick'-Level Team, Jury Told*, LAW360 (Oct. 1, 2021, 2:25 PM),

- "And then you also traveled with Johnny to Las Vegas for his 21st birthday in January of 2017, correct?"[17]
- "And you were picked up in a chauffeured car and driven from L.A. to Las Vegas?"[18]
- "And you had a thousand dollars per night for room incidentals?"[19]
- "There was a party at a place called Battlefield Vegas?"[20]
- "Well, you did more than see the tank, right, you crushed a car with a tank with an M1 Abrams tank?"[21]
- "You rode around in the tank and you crushed an actual car?"[22]
- "And you had dinner at Nobu, that's a very fancy sushi restaurant?"[23]
- "And then you went to a nightclub called Surrender?"[24]
- "VIP seating?"[25]
- "And you knew that there was a $3,000 per table minimum?"[26]
- "And all of that trip was paid for by Mr. Wilson, correct?"[27]

These emails, the government's questions—which piled appeals to prejudice on top of the violation of the marital privilege—and the witness's answers are all fruits of what the government seized pursuant to the challenged warrant.

This use of private emails unrelated to any issue in the case also illustrates another unfair prejudice resulting from the search warrant: an unfair chilling of Wilson's right to testify. The government's possession of the fruits of the search, including private and personal family emails—many of which should have been protected by the marital privilege—was a significant factor in Wilson's decision not to testify.

---

https://www.law360.com/articles/1427422. This is precisely the sort of privacy violation that the Wilson family justifiably feared would result from the government exceeding the scope of the Warrant.

17 Trial Tr. dated October Oct. 1, 2021 at 84:14-15.
18 *Id.* at 89:18-19.
19 *Id.* at 89:24-25.
20 *Id.* at 90:21.
21 *Id.* at 90:25-91:1.
22 *Id.* at 91:3.
23 *Id.* at 91:7-8.
24 *Id.* at 91:10.
25 *Id.* at 91:12.
26 *Id.* at 91:14.
27 *Id.* at 91:18.

Respectfully submitted,

By counsel for John Wilson

*/s/ Michael Kendall*
Michael Kendall (BBO # 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-0066
ATomback@mclaughlinstern.com

Dated: November 3, 2021

**CERTIFICATE OF SERVICE**

This document is being filed on the date appearing in the header through the ECF system, which will provide electronic copies to counsel of record.

*/s/ Michael Kendall*
Michael Kendall