UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>GREGORY COLBURN et al.,<br>Defendants | Case No. 1:19-cr-10080-NMG |

### DEFENDANT JOHN WILSON'S REQUEST FOR AN EVIDENTIARY HEARING

The government alleges that Defendant John Wilson obstructed justice by submitting an affidavit stating that he participated in part of a FaceTime call that his wife and two daughters had with Rick Singer on September 28, 2018.[1] The government speculates from circumstantial evidence that John Wilson was not on the call, but it offers no witness testimony or direct proof to contradict Wilson's account.  Meanwhile, Leslie Wilson, Mary Wilson, and Courtney Wilson all filed affidavits under oath confirming that Wilson was on part of the call.[2]  Further, Wilson has submitted, and attaches hereto as **Exhibit D,** the results of a polygraph examination where he was asked about his attendance on the September 28 call.  And while the government controls Singer, it tellingly makes no claim that Singer disputes Wilson's participation or that it has ever discussed the matter with Singer.

The government bears the burden of proof and must show by a preponderance of evidence the factual basis for its obstruction claim.  There is no evidence that rebuts the four affidavits from the Wilson family, and this alone conclusively establishes that Wilson did not

---

[1]     This affidavit was submitted as an attachment to Defs.' Mem. of Law in Support of their Mtn. to Dismiss Indictment with Prejudice or in the Alternative, for Suppression of Evid. Based on Gov't Misconduct and for Disc. and an Evidentiary Hr'g, ECF No. 972.  For the government's obstruction claim *see* Presentence Investigation Report ("PSR"), pp. 24-26, 48-51, 76.

[2]     These three affidavits are attached as **Exhibits A**, **B**, and **C**, respectively.

obstruct justice. If the Court agrees, the obstruction claim can be summarily rejected, and there is no need for an evidentiary hearing.

If the Court has any concern about the obstruction allegation, however, such that it could have an impact on its sentencing decision, then Wilson respectfully requests an evidentiary hearing pursuant to Section 10(a)(1)(c) of the Court's Amended Procedural Order, ECF No. 2379.

At an evidentiary hearing, Wilson would put on the following witnesses:

1. Leslie Wilson, his wife;
2. Mary Wilson, his daughter; and
3. Kendall W. Shull, a polygraph expert who has examined Wilson regarding his participation in the September 28, 2018 call.[3]

The government has not come close to meeting its burden to show the serious offense of obstruction of justice. Thus, its allegation that Wilson has obstructed justice should play no part in Wilson's sentencing. If, however, the Court is considering the allegation in making its sentencing decision, Wilson requests an evidentiary hearing.

---

[3] Mr. Shull's curriculum vitae is attached hereto as **Exhibit E**.

Respectfully submitted,

*Counsel for John Wilson*

/s/ Michael Kendall
Michael Kendall (BBO #544866)
Lauren Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhause@whitecase.com

Andrew Tomback (pro hac vice)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com

Date February 11, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being filed on the date appearing in the header through the ECF system, which will send true copies to the attorneys of record.

/s/ Michael Kendall
Michael Kendall