# Exhibit D



11167 Kingston Pike, Suite 3
Knoxville, TN 37934
865.966.1494

# Polygraph Report

| EXAMINEE: | John Wilson |
|---|---|
| DATE OF EXAMINATION: | 12/28/2021 |
| PURPOSE: | To determine if Wilson participated in the September 28, 2018 FaceTime call with Rick Singer. |
| LOCATION: | Knoxville, TN |
| EXAMINER: | Kendall W. Shull |
| EXAMINER'S CONCLUSION: | No Deception Indicated |

    This Forensic polygraph examination was conducted using a Comparison Question Format that meets United States Government standards as well as standards set forth by the American Polygraph Association. The data was collected using the state of the art Lafayette LX-4000 computerized polygraph system. The polygraph charts were evaluated numerically and globally using scoring techniques adopted and taught by the United States Government and generally accepted throughout the polygraph community. The examiner's conclusion is based on this examination and pertains only to the examinee's performance on the polygraph examination using the relevant questions listed in the Details section of this report. This opinion is applicable only to those questions, and should not be construed as an overall assessment of the examinee's truthfulness in other areas.

    The three possible conclusions that can be reached from a polygraph examination are: *No Deception Indicated* (no specific, consistent, and significant responses were observed at the relevant questions and the examinee essentially passed); *Deception Indicated* (specific, consistent, and significant responses were observed at the relevant questions and the examinee essentially failed); *No Opinion* (for some reason adequate data could not be collected or a conclusive opinion could not be reached by the examiner).

    Prior to this polygraph examination, the examinee was advised the examination was voluntary and could be terminated at any time if requested. The examinee read, acknowledged, and signed a *Consent to Polygraph* form, which was provided. The polygraph process was explained in full, and all questions were individually reviewed with the examinee.

*Kendall W. Shull*
Certified Forensic Polygraph Examiner

## **POLYGRAPH REPORT DETAILS**

The examinee in this polygraph examination was John Wilson.

On 12/28/2021, Wilson met this examiner at the office of Kendall Investigations in Knoxville, TN for a scheduled polygraph examination.

Wilson read, stated that he understood, and signed the appropriate consent to polygraph forms indicating his willingness to continue with the polygraph examination.

Wilson stated that he understood the nature of the interview and polygraph would be to determine if Wilson participated in the September 28, 2018 FaceTime call with Rick Singer and his wife and daughters.

Wilson was provided a polygraph examination utilizing the following relevant questions:

A. Did you participate in the September 28, 2018 FaceTime call with Rick Singer and your wife and daughters?
(Answer: Yes)

B. Were you, your wife and your daughters all participants in the September 28, 2018 phone call with Rick Singer?
(Answer: Yes)

C. Were you a participant with your wife and daughters in the phone call with Rick Singer on September 28, 2018?
(Answer: Yes)

Based on a review of the physiological responses recorded at the relevant questions during this polygraph examination, it was the opinion of this examiner that these responses were:

**No Deception Indicated.**

It should be noted that an independent quality control review was performed by Donald J. Krapohl of the Capital Center for Credibility Assessment who supported this examinee's opinion of No Deception Indicated. A copy of that review is attached.

In addition, a second independent quality control review was performed by Lori Warren at Warren Polygraph & Consulting Services LLC who also supported this examinee's opinion of No Deception Indicated. A copy of that review is also attached to this report.

## Lafayette Instrument Company
# Objective Scoring System - Version 3
By Raymond Nelson, Mark Handler and Donald Krapohl (2007)

| | |
|---|---|
| Result | **No Significant Reactions** |
| Description | **p-value: < 0.001 - Probability this result was produced by a deceptive person** |
| Exam Type | Event Specific/Single Issue (Zone) |
| Scoring Method | OSS-3 Two-stage (Senter 2003) |
| Test of Proportions | None - No significant differences in artifact distribution |
| PF Name | Wilson, John 12-28-21 4 |
| Report Date | Wednesday, December 29, 2021 |
| Subject | John Wilson |
| Examiner | |

| Spot Scores | | | Decision Alpha (1 tailed) Cumulative normal distribution (Barland 1985) | | Components | |
|---|---|---|---|---|---|---|
| ID | p-value | Result | Setting | Value | Component | Weight |
| R1 | < 0.001 | | NSR | 0.050 | Pneumo | 0.19 |
| R2 | < 0.001 | | SR | 0.050 | EDA | 0.53 |
| R3 | < 0.001 | | Bonferroni corrected alpha | 0.017 | Cardio | 0.28 |
| | | | Test of Proportions (1 tailed) | 0.050 | | |

### Relevant Questions

| ID | Question Text | Answer |
|---|---|---|
| R1 | Did you participate in the September 28, 2018 FaceTime call with Rick Singer and your wife and daughters? | Yes |
| R2 | Were you, your wife and your daughters all participants in the September 28, 2018 phone call with Rick Singer? | Yes |
| R3 | Were you a participant with your wife and daughters in the phone call with Rick Singer on September 28, 2018? | Yes |

### Charts Scored

| Exam | Chart | Date | Time |
|---|---|---|---|
| 1 | 1 | 12/28/2021 | 12:33 PM |
| 1 | 2 | 12/28/2021 | 12:40 PM |
| 1 | 3 | 12/28/2021 | 12:48 PM |

### Remarks

## Advanced Options - OSS-3 v1.9

### General Scoring Settings

| | |
|---|---|
| Delete all zero measurements | Yes |
| Zero Threshold value | 1 |
| Allow a single CQ to score result (not for DLST) | No |
| Replace missing values with mean values | No |
| Check Extreme Contributions | No |
| Allow SR Result when extreme contributions | Yes |

### Alpha Values (one-tailed)

| | |
|---|---|
| Kruskal-Wallis | 0.1 |
| Non-Significant Response (NSR) | 0.05 |
| Significant Response (SR) | 0.05 |

### Test of Proportions

| | |
|---|---|
| Test of Proportions alpha value (two-tailed) | 0.1 |
| Use Test of Proportions | Yes |
| Allow significant reaction result | Yes |
| Use all questions | No |
| Score neutral questions as control | No |

### Event Specific/Single Issue (Zone)

| | |
|---|---|
| Use Bonferroni | Yes |
| Use Kruskal-Wallis | No |
| Minimum number of useable presentations for RQs | 2 |

### Measurement Periods

| | |
|---|---|
| P1 | 15 |
| P2 | 15 |
| EDA | 15 |
| Cardio | 15 |
| All other | 15 |



# Capital Center for Credibility Assessment

# Independent Quality Control Review

This document is the complete report of an independent quality control review by Donald J. Krapohl of the Capital Center for Credibility Assessment ($C^3A$) for a polygraph examination conducted on Mr. John Wilson by Mr. Kendall Shull. Independent quality control of polygraph examinations is considered a best practice in the profession. The opinions expressed are those of the reviewer and offered within a reasonable degree of certainty in the field of polygraphy. The submission date of this quality control review is January 7, 2022.

**Executive Summary**
The undersigned performed an independent review of the polygraph examination of Mr. John Wilson conducted by Mr. Kendall Shull. The requestor of the review was the examinee, Mr. John Wilson. Mr. Wilson requested the examination to verify his assertion that he had been a participant on a FaceTime call with his wife, daughters, and Mr. William "Rick" Singer on September 28, 2018. The examination approach, therefore, was confirmatory, a method commonly used by police departments and government agencies in testing witnesses, victims and confidential sources. The present review of the polygraph examination of Mr. Wilson was to determine whether it had been conducted according to the standards promulgated in the Federal Examiner Handbook (2006). In addition, the polygraph data were subjected to independent analysis by both manual scoring and a validated polygraph algorithm. The decision of No Deception Indicated (NDI) can be supported.

**Background**
On December 28, 2021, Mr. Kendall Shull conducted a polygraph examination of Mr. John Wilson on a single issue: whether Mr. Wilson was on a FaceTime call along with his wife and daughters who were meeting with Mr. Singer. The test question topic was requested by Mr. Wilson. The polygraph technique used by Mr. Shull was the Utah Technique, a testing method that has the highest number of scientific peer-reviewed and published validity studies. Those studies converge on a finding the Utah Technique has a decision accuracy of about 90%. The relevant research is available upon request.

In the polygraph literature there is a hypothesis that an examinee tested by an examiner of their choosing and under the protection of the examinee's attorney privilege may not react to relevant topics even when they are deceptive. This is known as the Friendly Examiner Hypothesis (FEH). The evidence supporting this effect is scant, and countervailing evidence has been published. The FEH has remained an unsupported hypothesis since first proposed 47 years ago. Nonetheless, it appears that during the pretest interview of Mr. Wilson's examination Mr. Shull advised that the video recording and polygraph charts would be turned over to prosecutors in his case. As such, any protections Mr. Wilson might have assumed had been removed by Mr. Shull's advisement. Therefore, the FEH would not apply to the testing in this case, even if the hypothesis had been shown to have merit.

**Privileged and Confidential – Attorney Work Product**

**Material Available for Review**

Mr. Shull submitted an electronic copy of the polygraph data file of Mr. Wilson's examination for review. The file included the polygraph test questions, the examinee's answers, the physiological recordings, and a complete audio-visual recording of the session. The timestamp of the video recording showed the session began at 12:01 pm and ended at 12:55 pm. The video recording appeared to be continuous and without breaks. The polygraph software for this review was the LX5000 version 11.8.6.399. The reviewer was blind to the testing examiner's scores and decision before conducting the review.

**Technical Quality**

The instrumentation used by Mr. Shull in the polygraph examination of Mr. Wilson was made by the Lafayette Instrument Company. It included two channels of respiration, one of electrodermal data (momentary fluctuations in skin moisture), one of cardiovascular data, and one for motion detection. All are the conventional polygraph data channels. The quality of the physiological tracings was adequate.

The test questions closely followed the protocol for the Utah Technique. There were three observations the reviewer offers of non-fatal but noteworthy errors. The first regards one of the irrelevant questions. Labeled N3, the irrelevant question was worded: Is today Wednesday? The examinee answered "yes" during the pretest interview and during the testing. The date of the examination was timestamped in the software as taking place on December 28, 2021, a date confirmed during the recorded discussion between Mr. Shull and Mr. Wilson. However, December 28th was a Tuesday, not Wednesday. This is an innocent error, and because the question is not used for analysis purposes the error is inconsequential. It is documented here only for thoroughness.

The second observation concerns Mr. Wilson's breathing during testing. In watching the video recording it appeared Mr. Wilson's breathing rate was about 12 – 14 breaths per minute while not being tested, well within the normal range. During testing he slowed his rate to as low as 6 breaths per minute, well below normal. Mr. Shull advised Mr. Wilson before beginning the recording of the first of three test charts that Mr. Wilson should not try to control his breathing. The warning was without effect, however. Consequently, the breathing channel provided very little useful information during the test. The remaining channels were interpretable.

The third and final observation addresses what is called an Acquaintance Test, sometimes expressed among examiners as an ACQT. The ACQT is normally the first test given. Its primary purpose is to allow examinees with no experience with the polygraph to become accustomed to the sensors and procedure. In the present session no ACQT was conducted. Because the reviewer is aware Mr. Wilson was tested by Mr. Shull some months before this session, there was little need

Page 2

**Privileged and Confidential – Attorney Work Product**

to employ an ACQT to familiarize Mr. Wilson with the sensors and procedures. The lack of an ACQT in this session is a technical violation of the protocol, but with the present circumstances it is not a fatal error. It is merely noted for this report.

The relevant questions were direct, clear and unambiguous. Operationally, the question presentations had the proper spacing and were sequentially correct. There were no departures from standard testing practices evident in the data.

**Relevant Test Questions**
Consistent with the Utah Technique protocol Mr. Wilson was presented with three relevant questions, all covering the identical issue. They were:

- Did you participate in the September 28, 2018, FaceTime call with Rick Singer and your wife and daughters? Answer: Yes

- Were you, your wife and your daughters all participants on the September 28, 2018, phone call with Rick Singer? Answer: Yes

- Were you a participant with your wife and daughters in the phone call with Rick Singer on September 28, 2018? Answer: Yes

**Reviewer Decisions on Polygraph Results**
The reviewer conducted numerical analysis of the data using the Empirical Scoring System (ESS). This scoring method has the largest body of validation research. The ESS scores supported a decision of No Deception Indicated. The polygraph data were then subjected to a separate analysis by a validated polygraph algorithm, the OSS-3 (Nelson, Handler & Krapohl, 2008, version 1.9). The algorithm similarly concluded the examinee was truthful to the relevant questions. A copy of the algorithm results is attached.

**Summary**
The information submitted for review indicated the polygraph examination of Mr. John Wilson by Mr. Shull supported a test result of No Deception Indicated. There were no critical defects evident in the administration of the examination.

Respectfully submitted January 7, 2022

*[signature: Donald J. Krapohl]*
Donald J. Krapohl, C3A

**Attachment:** Results of the Objective Scoring System algorithm.

Page 3

**Privileged and Confidential – Attorney Work Product**

# Lafayette Instrument Company
# Objective Scoring System - Version 3
### By Raymond Nelson, Mark Handler and Donald Krapohl (2007)

| | |
|---|---|
| Result | **No Significant Reactions** |
| Description | p-value: < 0.001 - Probability this result was produced by a deceptive person |
| Exam Type | Event Specific/Single Issue (Zone) |
| Scoring Method | OSS-3 Two-stage (Senter 2003) |
| Test of Proportions | None - No significant differences in artifact distribution |
| PF Name | Wilson, John 12-28-21 4 |
| Report Date | Monday, January 03, 2022 |
| Subject | John Wilson |
| Examiner | |

| Spot Scores | | | Decision Alpha (1 tailed) Cumulative normal distribution (Barland 1985) | | Components | |
|---|---|---|---|---|---|---|
| ID | p-value | Result | Setting | Value | Component | Weight |
| R1 | < 0.001 | | NSR | 0.050 | Pneumo | 0.19 |
| R2 | < 0.001 | | SR | 0.050 | EDA | 0.53 |
| R3 | < 0.001 | | Bonferroni corrected alpha | 0.017 | Cardio | 0.28 |
| | | | Test of Proportions (1 tailed) | 0.050 | | |

| Relevant Questions | | |
|---|---|---|
| ID | Question Text | Answer |
| R1 | Did you participate in the September 28, 2018 FaceTime call with Rick Singer and your wife and daughters? | Yes |
| R2 | Were you, your wife and your daughters all participants in the September 28, 2018 phone call with Rick Singer? | Yes |
| R3 | Were you a participant with your wife and daughters in the phone call with Rick Singer on September 28, 2018? | Yes |

| Charts Scored | | | |
|---|---|---|---|
| Exam | Chart | Date | Time |
| 1 | 1 | 12/28/2021 | 12:33 PM |
| 1 | 2 | 12/28/2021 | 12:40 PM |
| 1 | 3 | 12/28/2021 | 12:48 PM |

**Remarks**