UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 19-10080-NMG |
| | ) |
| JOHN WILSON, | ) |
| | ) |
| | ) |
| Defendant | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING**

The defendant John Wilson has submitted a conditional "request" for an evidentiary hearing "if the Court has any concern" about the truth of his affidavit regarding a FaceTime call on September 28, 2018. Dkt. 2523. The government respectfully submits that an evidentiary hearing is unnecessary for at least two reasons.

First, the Court need not hold a hearing to consider evidence that the parties have already submitted in writing. The movant "has the obligation to justify holding an evidentiary hearing," and such "hearings cannot be convened at the whim of a suitor." *United States v. Romolo*, 937 F.2d 20, 25–26 (1st Cir. 1991) (affirming order denying defendant's request for evidentiary sentencing hearing). A defendant does not meet this burden when a hearing would produce merely "incremental information," *id.*, and "in many circumstances, the written statements of counsel or affidavits of witnesses are themselves sufficient to resolve the dispute." *United States v. Ibanez*, 924 F.2d 427, 430 (2d Cir. 1991); *see also* U.S.S.G. § 6A1.3 cmt. ("[L]engthy sentencing hearings seldom should be necessary" because "written statements of counsel or affidavits" are generally sufficient to obviate need for evidentiary hearings).

In his filing, Wilson makes clear that he simply intends to call the same witnesses – his wife, daughter, and a polygraph examiner – who have already submitted written affidavits or

reports to the Court. *See* Dkt. 2523 at 2. The government likewise would rely on the documentary evidence it has already submitted – principally exhibits admitted during the four-week trial that this Court presided over – that it submits satisfy its burden by a preponderance of the evidence. In such circumstances, Wilson has failed to meet his burden of demonstrating that a hearing is necessary.

<u>Second</u>, the issue is moot. *See, e.g.*, *United States v. Palacio*, 4 F.3d 150, 151 (2d Cir. 1993) (affirming decision of then-District Judge Raggi in concluding that disputed sentencing issue was moot where court was imposing sentence below Guidelines regardless of how calculated); *United States v. Eubanks*, 1997 WL 401667, at *7 (S.D.N.Y. July 16, 1997), *aff'd*, 8 F. App'x 32 (2d Cir. 2001) (affirming decision not to hold evidentiary sentencing hearing: "[T]he Court would have imposed the same sentence regardless of the enhancement, and therefore an evidentiary hearing would be moot."). The defendant's Guidelines range as calculated by Probation, which decided to <u>not</u> apply the two-level enhancement for obstruction of justice in the PSR, is 46 to 57 months. PSR ¶¶ 89, 163. The government's sentencing recommendation of 21 months is less than half of the low-end of the Guidelines range, as calculated by Probation, even if the enhancement does not apply.

Accordingly, because he has not directed the Court to any evidence to be considered at an evidentiary hearing beyond what the parties have submitted in writing, Wilson has not met his threshold burden to justify a hearing, and the Court can decide the issue on the documentary evidence submitted. Further, and in any event, the issue is moot given the government's recommendation of a significant downward variance from the lowest possible calculation of the Guidelines range.

Respectfully submitted,
RACHAEL S. ROLLINS
United States Attorney

By: */s/ Ian J. Stearns*
    KRISTEN A. KEARNEY
    LESLIE A. WRIGHT
    STEPHEN E. FRANK
    IAN J. STEARNS
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney