# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: (202) 879-5485
njfrancisco@jonesday.com

May 10, 2022

The Honorable Nathaniel M. Gorton
U.S. District Judge
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

      Re:    *United States v. Wilson*, No. 19-cr-10080-17
             *United States v. Abdelaziz*, No. 19-cr-10080-4

Dear Judge Gorton:

      In connection with the pending motions for release pending appeal (ECF 2565 and 2567), I write on behalf of Defendants Wilson and Abdelaziz to advise the Court of the Third Circuit's order on May 6, 2022, in *United States v. Porat*, No. 22-1560, a copy of which is enclosed.

      The defendant-appellant there, the former dean of Temple University's business school, was convicted of wire fraud and sentenced to 14 months in prison for a scheme involving lying to U.S. News & World Report to inflate the school's rankings in the U.S. News surveys. He intends to argue on appeal, like Wilson and Abdelaziz have done in this case, that those facts do not constitute a scheme to deprive anyone of "property" under the federal fraud statutes. Although the district court initially denied release pending appeal, the Third Circuit granted that relief just four days later, recognizing that this issue presented at least "a substantial question."

      This order is another example of a court granting release pending appeal in a case involving novel application of the federal fraud statutes—despite "[t]he absence of controlling authority" or a circuit split. Mem. at 2, *United States v. Porat*, No. 21-cr-170 (E.D. Pa. May 2, 2022); *see also* ECF 2565 at 6 (citing numerous examples); ECF 2615 at 4 (noting that these examples refute the Government's articulation of the legal standard).

                                      Sincerely,

                                        */s/ Noel J. Francisco*

                                        Noel J. Francisco

                                        *Counsel for Defendant John Wilson*

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Nathaniel M. Gorton
May 10, 2022
Page 2

Enclosure

cc:  Stephen E. Frank
     Kristen A. Kearney
     Ian J. Stearns
     Leslie Wright
     Brian T. Kelly
     Joshua C. Sharp

Attachment:

Order, *United States v. Porat*, No. 22-1560 (3d Cir. May 6, 2022)

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

ECO-040-E

No. 22-1560

UNITED STATES OF AMERICA

v.

MOSHE PORAT,
  Appellant

(E.D. Pa. No. 2-21-cr-00170-001)

Present:  KRAUSE and FISHER, Circuit Judges

1. Emergency Motion by Appellant for Stay of Surrender Date, Bail Pending Appeal, and Stay of Fine
2. Response by Appellee USA to Emergency Motion for Stay of Surrender Date, Bail Pending Appeal, and Stay of Fine;
3. Reply by Appellant Moshe Porat In Further Support of Emergency Motion for Stay of Surrender Date, Bail Pending Appeal, and Stay of Fine.

                               Respectfully,
                               Clerk/tmm

_____ORDER_____

The foregoing motion is granted.  While we give respectful consideration to the reasoning of the trial judge, "because of the crucial nature of the defendant's liberty interest and the clear public interest that is at stake," we are required to "independently determine" whether the defendant is entitled to bail pending appeal.  *United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985) (internal quotation omitted).

Here, the District Court provided a thoughtful and reasonable explanation for its conclusion that the defendant had failed to establish a "substantial question," 18 U.S.C. § 3143(b)(1)(B), such that bail pending appeal should be denied.  On appeal, however, with the benefit of far more substantial briefing, we are persuaded the question is at least "fairly debatable" by "jurists of reason."  *United States v. Smith*, 793 F.2d 85, 88-89 (3d Cir. 1986) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  We offer no position on the merits of that question or on Appellant's likelihood of success on appeal.

Because Appellant's appeal raises a substantial question, we also find that a stay of fine is "appropriate." Fed. R. Crim. P. 38(c). The above-referenced Emergency Motion is therefore granted. Appellant's surrender date and fine are hereby stayed, and the District Court is instructed to order Appellant's release pending appeal on conditions to be set pursuant to 18 U.S.C. §§ 3143(b)(1)(B) and 3142(b)-(c).

By the Court,

s/ Cheryl Ann Krause
Circuit Judge

Dated: May 6, 2022
Tmm/cc: Mark B. Dubnoff, Esq.
Nancy E. Potts, Esq.
Mary Teresa Soltis, Esq.
Theodore D. Sampsell-Jones, Esq.
Alexandra A.E. Shapiro, Esq.

A True Copy:

Patricia S. Dodszuweit, Clerk