### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 19-10080-NMG |
| v. | Hon. Nathaniel M. Gorton |
| JOHN WILSON, | |
| Defendant. | |

### DEFENDANT JOHN WILSON'S MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION FOR REASSIGNMENT UNDER LOCAL RULE 40.1(k)

Local Rule 40.1(k)(1) states that when an "appellate court remands a case to this court for a new trial, the case *shall be reassigned* to a district judge other than the judge before whom the first trial was held" (emphasis added). That rule harbors no exceptions. And it applies even when only part of a matter is remanded. *See, e.g.*, Order, *Bos. Gas. Co. v. Century Indem. Co.* No. 02-cv-12062 (D. Mass. Apr. 23, 2010), ECF No. 608 (Zobel, J.) (reassigning case under 40.1(k) where remand involved only subset of issues regarding damages and liability); *see also In re Dedham Water Co.*, 901 F.2d 3, 4 (1st Cir. 1990) (ordering reassignment under precursor rule where remand concerned different theory of liability).

Here, the First Circuit vacated the bulk of Defendants' convictions and remanded for a potential new trial. While affirming Wilson's tax conviction and holding his honest-services convictions failed as a matter of law, the First Circuit vacated and remanded for a potential new trial as to certain other counts. *United States v. Abdelaziz*, 68 F.4th 1, 74 (1st Cir. 2023). As a result, this case must be reassigned.

1

Even if Local Rule 40.1(k)(1) did not apply, reassignment would independently be required under Local Rule 40.1(k)(2). That rule applies to "all other cases" following remand, and reflects a strong "presumption" in favor of reassignment. Toby J. Heytens, *Reassignment*, 66 Stan L. Rev. 1, 12 & n.56 (2014). Specifically, the rule states that "such proceedings shall not be conducted before the district judge before whom the prior proceedings were conducted unless," as relevant here, "the judge determines that there will result a substantial saving in the time of the whole court *and* that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge" (emphasis added). The rule thus requires reassignment unless *both* prongs are met. But here, neither prong is satisfied.

As to the former, practical considerations do not overcome the presumption. Even if the only remaining proceedings turn out to be resentencing on the sole surviving tax count, there still will need to be a completely new pre-sentence report, guidelines calculation, and briefing focused on that count. Any new judge will thus become versed in both the record and case through those required steps; and in turn, there would be no "substantial saving" of time in this session retaining the case. Indeed, on a more general note, it is common course for far more complicated cases to be reassigned on remand, given the broader fairness considerations at stake. *See, e.g.*, *In re PHC, Inc. Shareholder Litig.*, 894 F.3d 419, 426 (1st Cir. 2018) (noting reassingment under Local Rule 40.1(k) for "intricate" and "entangled" shareholder class action).

As to the latter prong, it simply cannot be said that there is "*no* reason why, in the interest of justice, further proceedings should be conducted before another judge" (emphasis added). This standard is a purposefully high bar, *cf. In re United States*, 441 F.3d 44, 68 (1st Cir. 2006), and one this case does not clear. As the First Circuit has held, it is "difficult for a judge, having once made up his mind, to resentence a defendant." *Mawson v. United States*, 463 F.2d 29, 31 (1st Cir.

2

1972).  Especially so in extensive, contentious, or high-profile cases.  Accordingly, in such matters, the "appearance of justice" requires reassignment, *id.,* in order to "preserve the *appearance* of fairness," even without "reflecting in any way upon the fairness of the judge who presided over the first trial,"  *Maldano Santiago v. Valazques Garcia*, 821 F.2d 822, 832-33 (1st Cir. 1987) (emphasis added).  This reflects basic human nature not only with respect to the judge, but with respect to the defendant and public as well, who may perceive (rightly or wrongly) that it would be difficult for the original judge to cast aside his deep involvement in the original proceeding.  For this very reason, judges within this District have found it a best practice for all remands for resentencing to be reassigned to new judges.  *See, e.g.*, *Richardson v. United States*, 477 F.Supp.2d 392, 401 (D. Mass. 2007) (Young, J.) (describing his "invariable rule that any resentencing after appeal would be redrawn to another district judge unless the First Circuit specifically ordered me to conduct such resentencing").

Now that his case has been remanded, John Wilson wishes to move on to the next chapter of this litigation expeditiously.  He therefore requests that this Court promptly reassign this matter, consistent with Local Rule 40.1(k), so that additional proceedings may commence.

June 29, 2023

| | |
|---|---|
| Michael Kendall (BBO# 544866) | /s/ Noel J. Francisco |
| Lauren M. Papenhausen (BBO# 655527) | Noel J. Francisco (*pro hac vice*) |
| WHITE & CASE LLP | Yaakov M. Roth (*pro hac vice*) |
| 75 State Street | Harry S. Graver (*pro hac vice*) |
| Boston, MA 02109-1814 | JONES DAY |
| (617) 979-9310 | 51 Louisiana Ave. N.W. |
| | Washington, DC  20001 |
| Andrew E. Tomback (*pro hac vice*) | (202) 879-3939 |
| MCLAUGHLIN & STERN, LLP | njfrancisco@jonesday.com |
| 260 Madison Avenue | |
| New York, NY 10016 | |
| (212) 448-0066 | |

Henry W. Asbill (*pro hac vice forthcoming*)
ORRICK HERRINGTON &
SUTCLIFFE LLP
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 349-8000

*Counsel for Defendant John Wilson*

4

**<u>CERTIFICATE OF SERVICE</u>**

I, Noel J. Francisco, hereby certify that on this date I electronically filed the foregoing document with the CM/ECF system, which accomplishes service upon all parties to this action. The foregoing document is available for viewing and downloading from the ECF system.

June 29, 2023

/s/ Noel J. Francisco

Noel J. Francisco (*pro hac vice*)

*Counsel for John Wilson*