UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10080-NMG |
| | ) | |
| JOHN WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
REASSIGNMENT UNDER LOCAL RULE 40.1(k)**

The government opposes the defendant's motion for reassignment and respectfully requests that this Court set a date for the defendant's prompt resentencing. Contrary to the defendant's contention, Local Rule 40.1 leaves it to this Court's broad discretion to retain a case where, as here, no retrial is contemplated and retaining the case would be more efficient than reassigning it. Retaining this particular case is also in the interests of justice given that the Court is already familiar with the defendant and the complex factual history of his offense and all relevant conduct, and that the Court has presided over numerous other sentencings arising out of the Varsity Blues prosecutions.

Procedural Background

On May 10, 2023, the First Circuit Court of Appeals affirmed the defendant's conviction for filing a false tax return, in violation of 26 U.S.C. § 7206(1), while vacating his convictions on the remaining counts of the indictment and remanding the case for further proceedings. *United States v. Abdelaziz*, 68 F. 4th 1, 11 (1st Cir. 2023). On June 21, 2023, the First Circuit denied the defendant's petition for rehearing and rehearing *en banc*. *United States v. Wilson*, No. 22-1138 (1st Cir. June 21, 2023). On June 29, 2023, the government filed a notice dismissing the vacated counts and requesting that the Court set a date for resentencing on the tax count. Dkt. 2683. On

the same date, the defendant moved pursuant to Local Rule 40.1 to have the case reassigned to a different session of this Court for sentencing purposes.[1]  Dkt. 2684.

Argument

I.      The District Court Has Broad Discretion to Retain a Case
        On Remand in the Absence of a New Trial

"It has long been regarded as normal and proper for a judge to sit in the same case upon its remand." *Liteky v. United States*, 510 U.S. 540, 551 (1994).  As the Supreme Court has explained, even in instances where a trial judge is "exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person . . . the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings. . . ." *Id.* at 550–51.  Likewise, within the First Circuit, remanding a case to a different judge for resentencing "occurs now only in very unusual cases, and rightly so, for a new judge every time is wasteful; and the conduct of judges in remanded matters bears out the faith that citizens still retain in their judiciary." *United States v. Vazquez-Mendez*, 915 F.3d 85, 88 (1st Cir. 2019).  *See also United States v. Sevilla-Oyola*, 770 F.3d 1, 16, 24 & n.27 (1st Cir. 2014) (vacating and remanding for resentencing before same district court, and noting that "we see no reason for us to direct that a different judge handle the remand," despite dissenting judge's "emphatic urging" for reassignment because district court previously committed "litany of errors in the sentencing process").

Within the District of Massachusetts, Local Rule 40.1(k) provides that where a case is remanded for a new trial, it shall be reassigned to a different judge, but that it is otherwise within

---

[1] Although the defendant contends in his motion that he "wishes to move on to the next chapter of this litigation expeditiously," Dkt. 2684-1 at 3, defense counsel has advised the government that the defendant is still considering whether to petition the Supreme Court for certiorari.

the district court's discretion to retain a case on remand where doing so will result in "a substantial saving in the time of the whole court and . . . there is no reason why, in the interests of justice, further proceedings should be conducted before another judge."  The First Circuit has made clear that the district court's discretion in such cases is broad.  *See, e.g.*, *Rodi v. S. New England Sch. of Law*, 532 F.3d 11, 19 (1st Cir. 2008) (noting circuit's practice of giving deference to district court's reassignment policies and finding that district court "acted well within her discretion in declining to reassign case" where court "found that retaining the case would result in a substantial savings of time because the Court was familiar with the background and procedural history of the case and had already conducted a status conference with the parties") (further citation omitted).  *Cf. Yosd v. Mukasey*, 514 F.3d 74, 78 (1st Cir. 2008) (finding no fault in decision of Board of Immigration Appeals to remand case to the same immigration judge for further proceedings where judge's decision was not vacated due to misconduct by the judge).  Moreover, where the First Circuit believes a case should be reassigned, it has not hesitated to make that clear.  *See, e.g.*, *United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020) (vacating defendant's death sentences and ordering a new penalty-phase trial "consistent with this opinion and with Local Rule 40.1(k)(1)"); *DeCaire v. Mukasey*, 530 F.3d 1, 22 (1st Cir. 2008), as corrected (July 10, 2008) (vacating judgment and remanding case "for further proceedings consistent with this opinion, in accordance with Local Rule 40.1(K)(1) of the District of Massachusetts"); *United States v. Craven*, 239 F.3d 91, 103–04 (1st Cir. 2001) (vacating and remanding for resentencing before a different judge where court improperly relied on *ex parte* communications with court-appointed expert in imposing original sentence because "it would be surpassingly difficult for [district court] to disregard the guidance that [it] previously received from [expert]").

II.     This Court Should Retain the Case in the Interests of Efficiency and Justice

There can be no serious dispute that it would "result in a substantial saving in the time of the whole court," for this Court to retain this case for resentencing rather than return it to the clerk for reassignment.  That is because—having presided over more than two years of pre-trial proceedings and a month-long trial—this Court has developed extensive familiarity with the defendant, the offense of conviction, and the factual record.  Conversely, in order to impose sentence, a new session of the Court would need to review the extensive record of these proceedings to learn the facts underlying the offense of conviction and all relevant conduct, and to resolve any new factual disputes the defendant seeks to raise.

Indeed, even if a new judge were to ignore the more than 2,000 docket entries in this case and simply review the record of the month-long trial, that record alone spans more than 2,900 transcript pages.  And yet, as the First Circuit itself implied in affirming Wilson's tax conviction, there would be little alternative to conducting such a deep dive in light of the fact that Wilson continues even now to challenge the facts underlying his conviction, to contest his guilt, and to dispute the tax loss.  *See, e.g.*, *Abdelaziz*, 68 F.4th at 66 (noting that "a juror likely would—and should—have viewed some factual findings as relevant to multiple counts; for instance, whether Wilson understood himself to be entering a quid pro quo guaranteeing his son's admission in exchange for payment would bear both on the § 666 charge and on the legitimacy of his charitable deductions"); *id*. at 68 n.43 (noting Wilson's argument that "back-door and non-Singer side-door donations were . . . fully deductible") (internal quotation marks omitted); *id*. at 69 and n.44 (noting that Wilson's brief on appeal—"echo[ing] the position Wilson's counsel unsuccessfully presented to the jury during closing argument"—"downplays" the evidence underlying his tax conviction, "arguing that Wilson was living overseas at the time of [his tax] filing; could not have foreseen

4

'whether or how' classifying the payments as business expenses, rather than charitable donations, would affect his tax liability; and ultimately saved only $1,425, relative to his liability had he deducted the entire $220,000 as a charitable contribution"); *id.* at 73 (rejecting Wilson's argument that "evidence that USC did not instruct other donors to offset charitable deductions by the value of any admissions boost received would have made Wilson's belief that such an offset was not required appear more reasonable").  Wilson concedes as much in his motion, in which he promises new "briefing" on the tax count that would require a new judge to "become versed in both the record and case."[2]  Dkt. 2684-1 at 2.  But of course, this session of the Court is *already* versed in the record and the case.  It need not immerse itself in the record to get up to speed.  A different session of this Court should not be required to wade anew through the voluminous trial record to resolve (for a second time) disputed issues relevant to Wilson's tax crime, when this Court has already done so, and its decisions relevant to that conviction have been affirmed.

Local Rule 40.1(k) does not suggest otherwise.  Although that rule requires reassignment in the context of a new trial, it does not require reassignment where, as here, no new trial is contemplated because the vacated counts have been dismissed—a critical fact the defendant's brief simply ignores.  Nor is there a "strong presumption in favor of reassignment" in all other cases, as the defendant contends.  Dkt. 2684-1 at 2.  Rather, the rule specifically affords a district court the discretion to retain a case where doing so "will result in a substantial saving in the time of the whole court," and the interests of justice are not to the contrary.

---

[2] Puzzlingly, Wilson also contends that his resentencing will require "a completely new" pre-sentence report and guidelines calculation.  That is not true.  The pre-sentence report already includes a guidelines calculation for Count Thirteen, reflecting an offense level of 14 on that count.  *See* PSR ¶¶ 91–96.  That corresponds to a sentencing range of between 15 and 21 months.

In this case, all that is left on remand is for the defendant to be resentenced on a tax conviction that the First Circuit has affirmed, citing evidence it described as "very strong" and "powerful." *See Abdelaziz*, 68 F.4th at 68–69. The factors that support reassigning a case for new trial purposes are thus missing here. Nothing about the First Circuit's decision requires that this Court take new evidence or revisit the correctness of any decision concerning the tax count, much less a decision found to have involved error. *Cf. In re Dedham Water Co.*, 901 F.2d 3, 4 (1st Cir. 1990) (citing those factors in explaining reassignment order). As the First Circuit noted in remanding a case to this session *for a second time* for purposes of resentencing, "Ordinarily, district judges are free to keep or to reassign remanded cases in accordance with local rules and practice; nothing takes this case out of that category." *United States v. Bryant*, 643 F.3d 28, 35 (1st Cir. 2011) (rejecting defendant's "suggestion that this court should order the matter heard on remand by a different district judge"). *See also Vazquez-Mendez*, 915 F.3d at 88 (noting that remands to a different judge for resentencing "occur[] now only in very unusual cases, and rightly so, for a new judge every time is wasteful; and the conduct of judges in remanded matters bears out the faith that citizens still retain in their judiciary").

Contrary to the defendant's contention, it is the regular and customary practice of courts in this district to retain cases that have been remanded for resentencing—including cases that are "extensive, contentious, or high-profile," Dkt. 2684-1 at 3, such as the New England Compounding Center cases that were recently remanded to Judge Stearns for resentencing. *See United States v. Cadden,* 51 F.4th 32, 40 (1st Cir. 2022), *cert. denied*, 143 S. Ct. 983 (2023) (affirming sentence imposed by same district judge after prior sentence vacated and remanded); *United States v. Chin*, 41 F.4th 16, 29 (1st Cir.), *cert. denied*, 143 S. Ct. 338 (2022) (same). *See also United States v. Frazier*, 340 F.3d 5, 15 (1st Cir. 2003) (same, Gorton, J.); *United States v. Twitty*, 104 F.3d 1, 1

(1st Cir. 1997) (same, Gorton, J.); *United States v. Bryant*, 669 F. Supp. 2d 147, 150 (D. Mass. 2009), *vacated and remanded*, 643 F.3d 28 (1st Cir. 2011) (Gorton, J.) (reimposing same sentence on remand after prior sentence vacated); *United States vs. Taylor*, No. CR 14-10075-DJC, 2021 WL 76206, at *2 (D. Mass. Jan. 8, 2021) (noting that, on remand for resentencing, "this Court imposed the same sentence of 355 months").[3]

Nor is there any reason why, in the interests of justice, the resentencing in this case should be conducted before a different judge.  This session has previously presided over the sentencings of some 18 other defendants in the Varsity Blues cases, including a defendant who, like Wilson, was convicted of a single count of filing a false tax return.  Accordingly, this session is in the best position of any session of the Court to consider not just the history and characteristics of this particular defendant and the nature and circumstances of his offense, but also his culpability relative to other defendants who committed crimes arising out of their work with Rick Singer to secure their children's admission to college as recruited athletes.  The defendant's contention that the "appearance of justice" requires reassignment of his case is at odds with the First Circuit's view that "the conduct of judges in remanded matters bears out the faith that citizens still retain in their judiciary."  *Vazquez-Mendez*, 915 F.3d at 88.  High-profile or not, this case is no different than countless others in which the judges of this Court balance fairness and the appearance of justice in resentencing defendants on remand.  Granting the defendant's motion would upend this routine practice and encourage future defendants to pursue a course that is wasteful and disruptive.

---

[3] In support of his contention that "judges within this District have found it a best practice for all remands for resentencing to be reassigned to new judges," the defendant cites the personal practice of a single judge:  Judge Young.  Dkt. 2484-1 at 3.  As set forth above, however, Judge Young's preference for reassignment is unique.  The First Circuit's view is, as noted, that "a new judge every time is wasteful."  *Vazquez-Mendez*, 915 F.3d at 88.

The interests of justice therefore provide further support for retaining this case rather than reassigning it.

<u>Conclusion</u>

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion for reassignment and schedule a date for resentencing the defendant on Count Thirteen.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Stephen E. Frank*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen E. Frank*
STEPHEN E. FRANK
Assistant United States Attorney