# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN WILSON,<br><br>Defendant. | Crim. No. 19-10080-NMG<br><br>Hon. Nathaniel M. Gorton |

**DEFENDANT JOHN WILSON'S REPLY IN SUPPORT OF HIS MOTION FOR REASSIGNMENT UNDER LOCAL RULE 40.1(k)**

Under this Court's Local Rules, reassignment is plainly required. For one, the First Circuit remanded this matter for a new trial, making reassignment mandatory under Rule 40.1(k)(1). That the Government has tried to obviate a new trial by filing a unilateral "notice of dismissal" is irrelevant: What matters under the Rule is the First Circuit's *remand order*, not the Government's *post-remand decisions*. For another, even if the First Circuit had remanded only for resentencing, reassignment would *still* be required under Rule 40.1(k)(2). Any efficiency savings from retaining the case would be minimal at most. And it cannot be said that there is "no reason" why the interests of justice would not favor reassignment. Given the unique procedural history of this case and the nature of the Court of Appeals' ruling, quite the opposite is true.

Indeed, the Government has only confirmed the need for reassignment by its desperate efforts to forestall that remedy: hastily filing a unilateral dismissal "notice" in a bid to render Rule 40.1(k)(1) inapplicable, and then opposing Wilson's motion at lightning speed. The Government's transparent desire for this session to *retain* the case only illustrates why the interests of justice call for *reassigning* it, just as the Local Rules dictate.

Likewise, and contrary to the Government's overarching point in opposition, the fact that this session presided over a lengthy trial—the vast majority of which concerned charges that the Government has now sought to dismiss, and which turned on prejudicial evidence the First Circuit held should never have been admitted—is only added reason to reassign the case before further proceedings or resentencing, not a reason to retain it. The Government does not cite a single case rejecting reassignment under Rule 40.1(k)(2) under analogous circumstances, and instead only misleadingly cites cases from other jurisdictions with decidedly different local rules.

## ARGUMENT

### I. RULE 40.1(K)(1) REQUIRES REASSIGNMENT.

Local Rule 40.1(k)(1) has no qualifications or exceptions, and confers no discretion:

> When an appellate court remands a case to this court for a new trial, the case shall be reassigned to a district judge other than the judge before whom the first trial was held.

That Rule *requires* reassignment if the Court of Appeals remands for a new trial. The Government agrees, as it must, that a case "shall be reassigned" if it is "remanded for a new trial." Opp. 2.

As Wilson explained, this case *was* remanded for a new trial and is therefore controlled by the plain text of Rule 40.1(k)(1). The First Circuit held that the convictions on most charges (all but Count 13) could not stand, but also held that the case could be *retried*, as the evidence was not legally insufficient. The remand was thus presumptively for a new trial. That is exactly why the Government felt it had to file a notice of dismissal of the outstanding charges—because they were otherwise due to be retried pursuant to the remand order. Because the Court of Appeals' remand order contemplated a new trial, Rule 40.1(k)(1) governs and reassignment is mandatory.

The Government seems to assume—without explaining—that by unilaterally filing a notice of dismissal on all outstanding counts, it has forestalled application of the Rule. That is not correct. Again, Rule 40.1(k)(1) kicks in "[w]hen" the appellate court remands; the Government's post-

remand conduct is irrelevant. The Rule could have said the original judge cannot preside over a new trial, in which case obviating such trial would matter. Instead, the Rule requires reassignment based on the Court of Appeals' order, without regard to what happens thereafter.

In addition, even if post-remand developments were relevant, the Government's strategy to circumvent Rule 40.1(k)(1) through its notice of dismissal is doubly ineffective here. To start, the Government needs "leave of court" to dismiss a criminal charge, meaning it was obligated to file a motion to obtain that result—not a mere "notice." Fed. R. Crim. P. 48(a). And Wilson is entitled to *oppose* that motion—to insist, for instance, that any dismissal be with prejudice. *Cf. In re Flynn*, 973 F.3d 74, 79 (D.C. Cir. 2020) (en banc) (per curiam) (explaining that district court would adjudicate contested motion to dismiss criminal charges). At this time, therefore, a retrial remains on the table. Nor can this session adjudicate any motion to dismiss the outstanding charges, because reassignment is certainly mandatory so long as a retrial remains possible.

Further, the Government's notice apparently purported to dismiss the outstanding counts *without* prejudice. *See United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994) ("Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations."). Even in its opposition, the Government refuses to commit to not retrying Wilson—stating quite carefully only that "no new trial is *contemplated*" at this time. Opp. 5 (emphasis added). The Court should reject this gambit. The Government cannot stave off reassignment on the ground there will be no retrial without actually committing that there will be no retrial.

For both reasons, *even if* the Government's post-remand conduct could displace application of Rule 40.1(k)(1) after a remand order that contemplates a new trial, here the Government has not actually taken a retrial off the table. Reassignment thus remains mandatory under the Rules, and Wilson holds a clear and indisputable right to that relief.

## II.   IN ANY EVENT, RULE 40.1(K)(2) ALSO REQUIRES REASSIGNMENT.

Even if the governing provision here were Rule 40.1(k)(2), as the Government assumes, the result would be the same. Local Rule 40.1(k)(2) provides (emphases added):

> In all other cases in which the mandate of the appellate court requires further proceedings in this court, *such proceedings shall not be conducted before the district judge* before whom the prior proceedings were conducted … unless the judge determines that there will result a substantial saving in the time of the whole court *and* that there is *no reason why, in the interest of justice, further proceedings should be conducted before another judge*.

That Rule embodies a strong presumption in favor of reassignment for *any* further proceedings, including resentencing, to the point that some Judges in this District reassign as a matter of course. *Richardson v. United States*, 477 F. Supp. 2d 392, 401 (D. Mass. 2007) (Young, J.). But no categorical approach is needed to justify reassignment here, because the interests of both efficiency and justice each clearly point in that direction.

At the outset, however, the Government misstates the basic legal standard. Although it admits that Rule 40.1(k) applies, it cites cases applying the federal *recusal* statute, 28 U.S.C. § 455. *See, e.g.*, Opp. 2 (citing *Liteky v. United States*, 510 U.S. 540 (1994)). But this is not a recusal motion; it does not invoke that statute; and it does not involve the same analysis. Indeed, Rule 40.1(k) would serve no purpose if it only applied when federal statutory law already compelled recusal; the whole point of the Rule is to go *further* than those background requirements, and create a presumption in favor of reassignment.

The Government also misleads by citing two First Circuit cases denying requests to remand to new district judges. Opp. 2 (citing *United States v. Vazquez-Mendez*, 915 F.3d 85 (1st Cir. 2019); *United States v. Sevilla-Oyola*, 770 F.3d 1 (1st Cir. 2014)). The Government fails to disclose that those appeals were from the *District of Puerto Rico*, where the local rule is *precisely*

*the opposite* as that of the District of Massachusetts. *See* D.P.R. L.R. 107 (providing that cases "remanded for resentencing shall be assigned" to *original* judge absent specific contrary order).[1] On the matter of reassignment after remand, the First Circuit defers to "local rules and practice." *United States v. Bryant*, 643 F.3d 28, 35 (1st Cir. 2011). This Court should thus follow the District of *Massachusetts*'s rules and practice, namely Local Rule 40.1(k). That is also why no inference can be drawn from the First Circuit's decision not to direct reassignment *sua sponte*. *Cf.* Opp. 3. There was no need for the Circuit to direct what this Court's Local Rules already require.

Under the actual standard that applies to a remand *other than* for a new trial, reassignment is required. In stark contrast to the District of Puerto Rico's rule, this Court's Rule requires that "proceedings shall *not* be conducted before the district judge before whom the prior proceedings were conducted" unless two prongs are met: that (1) retaining the case would result in "*substantial*" savings of time, *and* (2) there is "*no* reason" for reassignment in light of the interests of justice. Local Rule 40.1(k)(2) (emphases added). In other words, the Government must meet *both* prongs. But here, the Government can satisfy neither.

As for substantial savings of time, the Government argues that a new judge would need to review the "voluminous" trial record and years of pretrial proceedings. Opp. 4-5. Nonsense. The overwhelming majority of the trial and pre-trial proceedings concerned the conspiracy, bribery, and fraud counts—not the tax count that would remain for resentencing if the other outstanding counts were dismissed. And Wilson can no longer "contest his guilt" on Count 13. Opp. 4. As such, all a new judge would need to do to learn the relevant facts is review the First Circuit's

[1] This latest bait-and-switch is unfortunately nothing new. As the First Circuit noted, the Government did not even "attempt to defend on appeal" many of the evidentiary rulings it successfully convinced this Court to adopt at trial. *United States v. Abdelaziz*, 68 F.4th 1, 62 (1st Cir. 2023). Again on remand, the Government obscures the law in an effort to persuade this Court to veer legally off course. This Court should not reward this latest attempt at misdirection.

decision, a revised pre-sentence report limited to the tax count, and any sentencing submissions—all things this session would be required to do regardless. Indeed, the Government admits the remaining tasks are narrow and discrete (Opp. 6), which itself reveals how no *substantial* savings would result from retention.

If anything, this session's familiarity with the non-tax charges and the voluminous trial record is a *downside* from the perspective of Rule 40.1(k)(2)'s other prong—the "interest of justice" considerations. For a court that presided over a lengthy trial deluged with prejudicial evidence that was later held inadmissible, it will be challenging—if not impossible—to provide genuine *de novo* consideration of the 18 U.S.C. § 3553(a) sentencing factors centered on the tax charge alone. *See, e.g.*, *Mawson v. United States*, 463 F.2d 29, 31 (1st Cir. 1972) (per curiam) (observing it is ordinarily "difficult for a judge, having once made up his mind, to resentence a defendant"). Indeed, as reflected by this Court's prior comments, it is evident that exposure to such evidence *did* influence Wilson's prior sentence. *See, e.g.*, Tr. of Feb. 16, 2021, at 37-39. That bell cannot be unrung. But a new judge would be unencumbered by that history, unaffected by that wrongly admitted prejudicial evidence, and thus would have no need to erase it from his mind. At minimum, on these facts, *appearances* call for reassignment as the prudent course to safeguard the integrity of further proceedings. After all, the touchstone here is fairness and its appearance—both of which counsel in favor of a new judge who can come to this matter unburdened by prior proceedings.

Notably, this scenario is fundamentally different from the one presented by all of the cases that the Government invokes on this point. *See* Opp. 6-7 (citing examples). In each of those cases, the Court of Appeals affirmed the convictions, and remanded merely for resentencing on the *same charges*. So none involved a scenario where the original judge presided over a trial on counts that are no longer part of the case, that exposed the judge to prejudicial evidence that the First Circuit

held was erroneous and improper, and that manifestly influenced the judge's initial sentencing. That alone is dispositive to whether there is *any reason* the interests of justice may warrant reassignment. There is, and that alone requires reassignment under Rule 40.1(k)(2).

Similarly, the fact this session has "presided over the sentencings of some 18 other defendants in the Varsity Blues cases" does not support retention. Opp. 7. Those cases almost all involved guilty pleas for bribery and/or fraud. Wilson, in contrast, has had those convictions overturned; he stands convicted of a single tax count. As a result, those cases are irrelevant to his sentencing. In any event, none of those cases involved reams of evidence later found inadmissible, prejudicial, and improper. Nor is this session by any means the only one to have handled Varsity Blues cases. A number of judges in this District are well familiar with these cases. And, in any event, as noted above, any judge would ultimately have to be guided on remand by the First Circuit's new decision, rather than any prior experience.

Last, it bears repeating that the Government's own litigation conduct illustrates why the interests of justice compel reassignment. Prior to filing the motion for reassignment, undersigned counsel asked the Government whether it would consent to reassignment and to dismissal of the remanded counts. The Government refused to answer the latter question, but then rushed to file a "notice" of dismissal. The apparent (albeit misguided) goal of that hasty "notice" was to attempt to avoid reassignment under Rule 40.1(k)(1). Then, the Government rushed to file an opposition to Wilson's reassignment motion within 24 hours, apparently worried this Court would grant relief without awaiting a response. The Government has exposed its desperation to keep this case in this session—and that is the best evidence that the interests of justice warrant reassignment.

**CONCLUSION**

This Court should promptly reassign this matter, as required under Local Rule 40.1(k).

July 3, 2023

/s/ Noel J. Francisco
Noel J. Francisco (*pro hac vice*)
Yaakov M. Roth (*pro hac vice*)
Harry S. Graver (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

Michael Kendall (BBO# 544866)
Lauren M. Papenhausen (BBO# 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
(617) 979-9310

Andrew E. Tomback (*pro hac vice*)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-0066

Henry W. Asbill (*pro hac vice forthcoming*)
ORRICK HERRINGTON &
SUTCLIFFE LLP
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 349-8000

*Counsel for Defendant John Wilson*

**CERTIFICATE OF SERVICE**

I, Noel J. Francisco, hereby certify that on this date I electronically filed the foregoing document with the CM/ECF system, which accomplishes service upon all parties to this action. The foregoing document is available for viewing and downloading from the ECF system.

July 3, 2023

/s/ Noel J. Francisco
Noel J. Francisco (*pro hac vice*)

*Counsel for John Wilson*