# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN B. WILSON,<br><br>Defendant. | No. 1:19-cr-10080-LTS |

**REPLY TO GOVERNMENT'S OPPOSITION TO EMERGENCY MOTION TO REVISE PRE-SENTENCING PROCESS AND SENTENCING SCHEDULE**

The Government's opposition mischaracterizes both the nature of Mr. Wilson's request, and the implications of the First Circuit's decision on the forthcoming sentencing process.

*First*, Mr. Wilson is not asking the Court to *preempt* the Probation Department's analysis of the Guidelines range for the remaining tax count. The problem is that Probation has advised Mr. Wilson's counsel that it *will not conduct* that analysis in view of the Court of Appeals' decision; Probation will not consider any impact of the First Circuit opinion unless this Court directs otherwise. In other words, the concern is not that Probation "is likely to disagree" with Mr. Wilson's view on the tax Guidelines (Opp. 4); the concern is that Probation is declining even to analyze the issue. That means the Court would receive an out-of-date Guidelines calculation that rests on stale premises and now-rejected legal theories. That is not an efficient way to proceed, which is why Mr. Wilson presented two alternative schedules that would allow for the appellate decision to be properly taken into account at the front end.

*Second*, the Government pretends that the determination of tax loss—which drives the Guidelines calculation on the remaining count—was already "rejected" by the First Circuit. Opp. 1. But, of course, the First Circuit had no need to address the amount of tax loss because the sole

issue before that court was the validity of the conviction; as the Government admits, there were no sentencing issues raised on appeal. Opp. 3. As Mr. Wilson's motion previewed, calculating the amount of tax loss presents a distinct question, one that looks very different now (with no bribery or fraud convictions remaining) than it did during the original sentencing (when the entire deducted sum was deemed illegal). For present purposes, the point is simply that this is a nuanced issue that warrants careful examination by the Probation Department and/or this Court. The schedule for sentencing should be amended to permit that examination to occur.

*Third*, contrary to the Government's assertion, there are significant changes that should occur to the PSR in light of changed circumstances following the appellate ruling and the Government's dismissal of the remaining counts. While there is a clear disagreement between the parties as to the scope of those changes, simply assuming that the original PSR stands in its current form, leading to a process whereby Probation and the Court consider only stale objections, and all areas of disagreement must be addressed on the back end, is not, Mr. Wilson submits, the most efficient way to proceed.

DATED: July 25, 2023

Respectfully submitted:

*Counsel for John Wilson*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com

lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above document is being filed on July 25, 2023 through the ECF system, which will send true copies to all counsel of record.

                        /s/ Michael Kendall
                        Michael Kendall