# EXHIBIT B

# Head, Carol (USAMA)

| | |
|---|---|
| **From:** | Frank, Stephen (USAMA) 1 |
| **Sent:** | Thursday, September 30, 2021 3:20 PM |
| **To:** | Kelly, Brian; Kearney, Kristen (USAMA); Wright, Leslie (USAMA); Stearns, Ian (USAMA) |
| **Cc:** | Sharp, Joshua; Maynard, Lauren; bob sheketoff (sheketoffr@aol.com); Kendall, Michael; Papenhausen, Lauren; Andrew Tomback |
| **Subject:** | RE: Singer money and the proposed curative instruction |

The curative instruction does not concern "how much money Rick Singer was allowed to keep once he became a cooperating witness." The curative instruction is to address Mike's suggestion that funds left over in the KWF accounts as set forth in Exhibit 716 went to Rick Singer's personal benefit. During cross examination yesterday, Mike asked Lauren George about "the last $6.1 million" in the KWF accounts and suggested that she had "not traced out the amount of monies that Mr. Singer might have used for his own personal benefit." That was misleading.

In fact, as you are aware, Singer forfeited all the remaining funds in the Bank of America and Wells Fargo accounts in 2019. *See U.S. v. Singer*, Dkt. 49 (final order of forfeiture); Dkt. 55 (Marshals Disposal Form). These funds totaled approximately $5.1 million. In addition, he has made voluntary payments toward the anticipated forfeiture money judgment that total more than $1.2 million to date. These recoveries do not include non-cash assets that the government has seized.

Finally, there is no foreign bank account. That was a mistake.

**From:** Kelly, Brian <bkelly@nixonpeabody.com>
**Sent:** Wednesday, September 29, 2021 8:58 PM
**To:** Frank, Stephen (USAMA) 1 <SFrank1@usa.doj.gov>; Kearney, Kristen (USAMA) <KKearney@usa.doj.gov>; Wright, Leslie (USAMA) <LWright4@usa.doj.gov>; Stearns, Ian (USAMA) <IStearns@usa.doj.gov>
**Cc:** Sharp, Joshua <jsharp@nixonpeabody.com>; Maynard, Lauren <lmaynard@nixonpeabody.com>; bob sheketoff (sheketoffr@aol.com) <sheketoffr@aol.com>; Kendall, Michael <michael.kendall@whitecase.com>; Papenhausen, Lauren <lauren.papenhausen@whitecase.com>; Andrew Tomback <atomback@mclaughlinstern.com>
**Subject:** [EXTERNAL] Singer money and the proposed curative instruction

Steve et al--In reviewing your proposed curative instruction about how much money Rick Singer was allowed to keep once he became a government cooperating witness, can you please advise whether he has any assets in a foreign bank account? His cooperation agreement references the need to assist the government on matters pertaining to Swiss law.

Also, his plea agreement shows an agreed upon forfeiture money judgment of approximately $3.4 million whereas Exhibit 716 reflects he had more deposits than withdrawals of approximately $9 million. The plea agreement also indicates Singer was supposed to forfeit all funds on deposit in BOA account ending in 0486 as of the date of the plea agreement (2/6/19) but it does not indicate how much that was.

Third, on September 30, 2019, Rick Singer had an account balance at Five Star Bank of $1.4 million. Page 6 of Singer's Financial Statement lists assets in all bank accounts as $1.1 million. If the $300,000 was turned into a physical asset or investment, no such physical asset or investment is listed anywhere on the Financial Statement. We note that Mr. Singer's plea agreement states that "Defendant agrees not to transfer, or authorize the transfer, of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for [ordinary expenses of less than $5,000 per month]." Please advise re: this 300K.

Separately, we also noticed that Mr. Singer's plea agreement states that "the gain or loss from the offense of conviction and related conduct is more than $25,000,000 but not less than $65,000,000" but the United States has not sought a

forfeiture judgement of anywhere near that amount despite its ability to do so under the RICO statute. Can you please explain this discrepancy.

Regards,
Brian

### Brian T. Kelly
**Partner**
bkelly@nixonpeabody.com

T/ 617.345.1065  M/ 617.880.9918  F/ 855.714.9513

Nixon Peabody LLP
Exchange Place, 53 State Street, Boston, MA 02109-2835
nixonpeabody.com  @NixonPeabodyLLP

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.