**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN B. WILSON,<br><br>Defendant. | No. 1:19-cr-10080-LTS |

**DEFENDANT JOHN WILSON'S MOTION FOR**
**ENTRY OF DISMISSAL WITH PREJUDICE**

On June 29, 2023, the government filed, purportedly under Federal Rule of Criminal Procedure 48(a), a "Notice of Dismissal" of Counts One, Two, Six, Eight, Nine, Eleven, and Twelve of the Fourth Superseding Indictment as to Defendant John Wilson. ECF No. 2683. The government further requested in the Notice of Dismissal that "the Court schedule a date for resentencing defendant John Wilson on Count Thirteen." ECF No. 2683. Mr. Wilson now asks the Court to (1) enter the dismissal that the government purports to have noticed,[1] and (2) to enter that dismissal *with prejudice*.

For reasons described below, even though Mr. Wilson has asked the government several times, he still does not know if the government favors a dismissal with or without prejudice. Thus, we have the situation that Rule 48(a) is designed to address. "The purpose of [Rule 48(a)] is to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy." *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). Thus, dismissal with prejudice is appropriate to prevent dismissals predicated on bad faith or prosecutorial

---

[1] A dismissal under Rule 48(a) requires leave of the Court. *See* Fed. R. Crim. P. 48(a) ("The government may, with leave of court, dismiss an indictment, information, or complaint.").

harassment. *See United States v. Doody*, No. 01-cr-1059, 2002 WL 562644, at \*2 (S.D.N.Y. Apr. 16, 2002) (stating that a court will dismiss a Rule 48(a) motion where "the prosecutor acted in 'bad faith,'" or "where dismissal followed by recharge would amount to 'prosecutorial harassment.'").

A dismissal with prejudice is required here to protect Mr. Wilson against undue harassment. Mr. Wilson was first indicted in this case over four years ago, ECF No. 314, and has since been through trial, sentencing, appeal, and soon faces a second sentencing. There is no legitimate reason for the government to dismiss the Counts at issue and to request that the Court set a sentencing hearing on the tax charge if the government has any intention of pursuing any of the dismissed Counts. The government's only purpose in such a course of action would be to punish and harass Mr. Wilson through unreasonably and unnecessarily prolonged criminal proceedings.

Mr. Wilson has reasonable cause for concern with how the government has proceeded given (1) its failure to state in the Notice of Dismissal any reason for the dismissal or whether the dismissal was with or without prejudice, and (2) counsel for the government's refusal to clarify whether the government is seeking a dismissal with or without prejudice. Undersigned counsel has received no answer after asking counsel for the government on three separate occasions whether the government's dismissal is with or without prejudice:

- First, on July 17, 2023, undersigned counsel asked the government to agree that the dismissal would be with prejudice. Counsel for the government responded on July 19, 2023, stating that it had filed the Notice of Dismissal and that the government "do[es] not believe anything further is necessary at this time." *See* Exhibit 1.

- Second, on July 20, 2023, in response to the exchange described above, undersigned counsel asked for clarification as to whether the dismissal would be with or without prejudice, among other questions unrelated to the instant motion. Although counsel for the parties exchanged further emails on those other issues, counsel for the government never responded to this email with an answer regarding the dismissal. *See* Exhibit 1.

- Third, on August 9, 2023, undersigned counsel asked counsel for the government to participate in a meet-and-confer on several issues, including whether the dismissal would be with prejudice. Counsel for the government responded the same day, declining the invitation and stating that the government "ha[s] previously advised you of [its] position with respect to the dismissal of the vacated counts." *See* Exhibit 2.

In sum, if the government wanted to pursue the charges at issue, it should have asked the Court to set a trial date, not asked the Court for a dismissal and allowed Mr. Wilson, the Court, and the public to believe that it was no longer pursuing the dismissed Counts. In light of the foregoing, Mr. Wilson respectfully asks that the Court enter a dismissal of Counts One, Two, Six, Eight, Nine, Eleven, and Twelve with prejudice.

DATED: August 10, 2023

Respectfully submitted:

*Counsel for John Wilson*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
ATomback@mclaughlinstern.com

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

Pursuant to Local Rule 7.1, undersigned counsel certifies that he conferred with counsel for the government in a good-faith attempt to resolve the issue presented by this motion. The government does not oppose entry of dismissal of the Counts at issue. As set forth in the motion and in Exhibits 1 and 2, the government has refused to take a position on whether the dismissal is with prejudice or without prejudice.

/s/ Mike Kendall_____
Mike Kendall

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document is being filed on August 10, 2023 through the ECF system, which will send true copies to all counsel of record.

/s/ Michael Kendall
Michael Kendall