# EXHIBIT 44

April 9, 2019

Honorable Patti B. Saris
Chief Judge, District of Massachusetts
John Joseph Moakley Federal Courthouse
One Courthouse Way
Boston, MA 02210

Re:   "Operation Varsity Blues" Prosecution

Dear Chief Judge Saris:

  This District uses "the wheel" to randomly assign criminal cases to its district judges. *See* L.R. 40.1(b)(3). The reason that criminal cases are randomly assigned is obvious. If a prosecutor were able to select the district judge that he or she prefers, it would erode the public's confidence in the fairness and integrity of the criminal justice process. We are writing because we are gravely concerned that the United States Attorney's Office is seeking to evade the District's random assignment process—and because we think Your Honor has the ability to deter it from happening.

  We represent parents who were arrested last month as part of "Operation Varsity Blues." Our clients are not among the thirteen parents who have agreed to plead guilty to a pre-indictment criminal information, and we expect that our clients may be indicted as early as this afternoon. The United States Attorney's Office has informed us that it intends to indict our clients together in a single indictment, charging them as disconnected "spokes" in a rimless wheel conspiracy that has Rick Singer as the "hub."

  Joining our clients together in a single conspiracy indictment, based on allegations that each of them participated in admissions-related activities with Singer, would violate well-established Supreme Court precedent. *See, e.g., Kotteakos v. United States*, 328 U.S. 750, 754 (1946). Far more troubling, however, is that the prosecutors apparently plan to charge our clients not through an original indictment that is then randomly assigned to a district judge, but rather by joining them into an indictment that was originally returned on March 5, 2019, against a single individual—a parent named David Sidoo—and assigned to Judge Nathaniel Gorton.[1] None of our clients has any connection to Mr. Sidoo. None of our clients has ever met, spoken with, or done business with Mr. Sidoo. We do not believe that any of our clients had even heard of Mr. Sidoo until a few weeks ago. Simply put, the prosecutors' plan to join our clients into the indictment against Mr. Sidoo is a clear form of judge shopping.

  A severance motion, based on misjoinder under Federal Rule of Criminal Procedure 8(b), is not a solution to any of this. Even after succeeding on motions to sever, our clients' cases would

---

[1] The case is *United States v. David Sidoo*, No. 19-cr-10080-NMG.

-2-

remain with the district judge who was assigned the *Sidoo* indictment into which the prosecutors plan to improperly join our clients—an outcome that would still reward the prosecutors for subversion of the District's process of randomly assigning criminal cases. Moreover, the notion that all of the indicted "Varsity Blues" parents should be assigned to a single district judge is contrary to Local Rule 40.1(b)(3)'s expressly stated goal of ensuring equal division of cases amongst the District's active judges.

The prosecutors' charging plan, if permitted, would do severe and lasting damage to the District's random assignment system. Prosecutors who seek to evade the District's assignment system by joining more than a dozen new defendants into a previously returned indictment that happened to be assigned to a district judge that the prosecutors prefer should not be rewarded. If such procedural manipulations are permitted to occur without consequence in this high profile case, prosecutors in the District will be encouraged to engage (or threaten to engage) in similar tactics in any future case where doing so might benefit them, to the detriment of all defendants who hope to be treated fairly and equally.

To be sure, we deeply respect Judge Gorton. Several of us have represented criminal defendants before Judge Gorton, including at trials where our clients have been acquitted. Our positive experiences with Judge Gorton, however, are beside the point. The District's process of randomly assigning criminal cases is essential to ensuring the overall integrity and fairness of the criminal process in this District. This is the principle we are seeking to protect. We therefore respectfully ask that Your Honor take action consistent with the spirit of Local Rule 40.1(b)(3), including (i) requesting the United States Attorney's Office to indict our clients in a manner that makes a good-faith effort to comply with Rule 8(b)'s requirements and the Supreme Court's decision in *Kotteakos*, and (ii) taking whatever available steps are necessary to ensure that any indictments returned against our clients are in fact randomly assigned. If, however, the United States Attorney's Office proceeds with its plan to join our clients into the *Sidoo* indictment, we respectfully request that the superseding indictment then be placed back on to the wheel and randomly assigned. This would be the only way to stamp out any perception that the prosecutors have manipulated the charging process in order to select the district judge before whom they prefer to try their case.

Sincerely,


Eoin Beirne (Mintz Levin)
Thomas Bienert (Bienert Katzman)
Walter Brown (Orrick, Herrington & Sutcliffe)
Reuben Cahn (Keller/Anderle)
Colleen Conry (Ropes & Gray)
Melinda Haag (Orrick, Herrington & Sutcliffe)
Laura Hoey (Ropes & Gray)
Aaron Katz (Ropes & Gray)

Brian Kelly (Nixon Peabody)
Michael Kendall (White & Case)
Jonathan Kotlier (Nutter, McLennan & Fish)
John Littrell (Bienert Katzman)
Joan McPhee (Ropes & Gray)
David Meier (Todd & Weld)
Tracy Miner (Miner Orkand Siddall)
Brien O'Connor (Ropes & Gray)
Robert Popeo (Mintz Levin)
Mark Robinson (Mintz Levin)
Matthew Schwartz (Boies Schiller Flexner)
Chase Scolnick (Keller/Anderle)
Joshua Sharp (Nixon Peabody)
Megan Siddall (Miner Orkand Siddall)
Steven Sutro (Duane Morris)
Nicholas Theodorou (Foley Hoag)
Andrew Tomback (White & Case)
Martin Weinberg

Cc:   Andrew Lelling
      Steven Frank
      Eric Rosen
      Justin O'Connell
      Leslie Wright
      Kristen Kearney
      Patric Hooper
      David Schumacher