# EXHIBIT 67

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN WILSON,<br><br>Defendant | Cr. No. 19-10080-LTS |

## DECLARATION OF MICHAEL KENDALL

I, Michael Kendall, declare the following:

1. I am an attorney with the law firm White & Case LLP. My office is at 75 State Street, Boston, Massachusetts. I am licensed to practice in Massachusetts and before this Court.

2. I represent John Wilson in this matter. I make this declaration in support of Mr. Wilson's Sentencing Memorandum.

3. As part of my representation of Mr. Wilson in this matter, I undertook an extensive effort to discover any IRS or university precedent relating to requiring a donor to a university to offset the charitable deduction for that donation as a result of receiving some admissions consideration in connection with the donation. I found none.

4. As part of this effort, I caused five separate requests to be served on the IRS under the Freedom of Information Act ("FOIA").

5. The IRS denied two of these FOIA requests, those seeking (a) any deductions of donations to the University of Southern California ("USC") that were disallowed or reduced because the school gave favorable admissions consideration to an applicant associated with the donor or donation, and such consideration was treated as goods or services given in return for the donation; and (b) any penalties the IRS had imposed on USC for failing to make the disclosures

the Internal Revenue Code requires charitable recipients to make regarding goods or services provided in exchange for a donation.

6.      As to three of the FOIA requests, the IRS responded that it had conducted a search and found no responsive records for:  (a) deductions of donations to a non-profit college or university within the United States, for 2010-2018, that were disallowed or reduced because the school gave favorable admissions consideration to an applicant associated with the donor or donation, and such consideration was treated as goods or services given in return for the donation; (b) any penalties the IRS had imposed, for 2010-2018, on any non-profit colleges and universities for failing to make the disclosures the Internal Revenue Code requires charitable recipients to make regarding goods or services provided in exchange for a donation; and (c) IRS guidance on whether a deduction of a donation to a non-profit college or university should be disallowed or reduced because the school gave favorable admissions consideration to an applicant associated with the donor or donation and such consideration was treated as goods or services given in return for the donation.

7.      I also conducted several interviews of knowledgeable individuals in support of this overall effort, including (a) former revenue agents of the IRS, including one who had been assigned to the IRS Exempt Organizations division responsible for non-profit colleges and universities; (b) certified public accountants who specialize in non-profit organizations; and (c) tax lawyers who specialize in non-profit organizations.  None of those individuals was aware of any precedent for the IRS taking the position that a charitable deduction to a non-profit college or university should be disallowed or reduced because the school gave favorable admissions consideration to an applicant associated with the donor or donation, and such consideration was

treated as goods or services given in return for the donation. Nor were they aware of any university taking that position or providing such disclosures.

8.  I also both conducted my own search, and directed others to search, for any guidance or ruling by the IRS on this issue, including on the IRS website, IRS advisory opinions, and other public sources. We were unable to find any guidance or ruling by the IRS on the question of whether a deduction of a donation to a non-profit college or university should be disallowed or reduced because the school gave favorable admissions consideration to an applicant associated with the donor or donation, and such consideration was treated as goods or services given in return for the donation.

This 14th day of August, 2023.

/s/ Michael Kendall
Michael Kendall