# EXHIBIT 80



August 13, 2023

**Declaration of Mark H. Allenbaugh,
Chief Research Officer, Sentencing Stats, LLC.**

I, Mark H. Allenbaugh, having personal knowledge of the matters set forth below, do declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Chief Research Officer and Co-Founder of SentencingStats.com, Inc. ("SSINC"), a research firm that provides statistical analysis of U.S. Sentencing Commission sentencing data and other pertinent data to legal professionals across the country. I am a former staffer in the Office of General Counsel to the U.S. Sentencing Commission. My biography is attached hereto.

2. SSINC was retained by White & Case LLP with regard to the matter of *United States v. John Wilson*, 1:19-cr-10080 (D. Mass.), to analyze the U.S. Sentencing Commission's publicly available datafiles[1] for similarly situated defendants

---

[1] The Commission's public datafiles are available at https://www.ussc.gov/research/datafiles/commission-datafiles. Courts may independently run limited statistical analyses of the same data, but only back to FY 2017. *See* U.S. Sentencing Comm'n, *Judiciary Sentencing Information*, at https://www.ussc.gov/guidelines/judiciary-sentencing-information.

John Wilson  
Sentencing Data Analyses                                           Page **2** of **14**  
August 13, 2023

matching the following criteria:

    a. sentenced under USSG § 2T1.1,

    b. primarily with a Total Offense Level ("TOL") of 14,

    c. in Criminal History Category I,

    d. not subject to any mandatory minimum or consecutive sentence,

    e. did not receive a government-sponsored motion for a downward departure pursuant to USSG §5K1.1, and

    f. was sentenced during the last five fiscal years for which Commission datafiles are available, i.e., FY 2018 through and including 2022.

3. SSINC utilized the SPSS version of the Commission's datafiles, which contain sentencing data on over four hundred thousand individuals sentenced under the U.S. Sentencing Guidelines from fiscal years 2018 through and including 2022, the latest datafile currently available.

4. Each individual sentence reported in the datafiles is assigned hundreds of variables reporting a variety of relevant information including the actual sentence imposed, the final applicable sentencing guideline as determined by the court, the final (i.e., total) offense level, the criminal history category, and whether the sentence was the result of a government motion for a departure or a court-initiated downward variance, among many other factors.

John Wilson  
Sentencing Data Analyses  
August 13, 2023

Page **3** of **14**

5. All the variables reported in the datafiles are defined in the U.S. Sentencing Commission's Variable Codebook for Individual Offenders (1999-2022) (revised Apr. 27, 2023).[2] The relevant variables SSINC generally utilizes and analyzes are listed and defined below, although not all may have been utilized for the instant analyses. Some of the variables are proprietary to SSINC and are indicated by italics, meaning they are variables generated by SSINC based on data otherwise contained within the Commission's datafiles.

| **Variable** | **Definition** | **Note** |
|---|---|---|
| *Year* | Datafile in which sentence was found. | For example, if variable reports 2008, the sentence was found in the U.S. Sentencing Commission's datafile for fiscal year 2008. |
| *Guideline* (GDLINEHI) | Final sentencing guideline utilized after all grouping performed. | |
| DISTRICT | The federal district where the sentence was imposed. | |
| STATMAX | The total statutory maximum term of imprisonment for all counts | |

---

[2] The Codebook is available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/datafiles/USSC_Public_Release_Codebook_FY99_FY22.pdf.

John Wilson  
Sentencing Data Analyses  
August 13, 2023  
Page **4** of **14**

| Variable | Definition | Note |
|---|---|---|
|  | of conviction. |  |
| STATMIN | The statutory minimum term of imprisonment for all counts of conviction. | If there was no applicable minimum, the value is 0. |
| FIREMIN | The statutory minimum term of imprisonment due to a 924(c) conviction. |  |
| GLMIN | The bottom of the applicable guidelines sentencing range in months. |  |
| GLMAX | The top of the applicable guidelines sentencing range in months. |  |
| CRIMHIST | Whether the defendant had any criminal history. | 1 means some criminal history including criminal history that otherwise may not be scoreable. 0 means none. |
| USSCIDN | The unique serial number assigned to this defendant by the U.S. Sentencing Commission. |  |
| CRIMPTS | The total number of criminal history points | Not to be confused with the criminal history category. |

```
John Wilson
Sentencing Data Analyses                                     Page 5 of 14
August 13, 2023
```

| Variable | Definition | Note |
|---|---|---|
|  | determined by the Court. |  |
| DISPOSIT | The manner of conviction (disposition) whether by trial or plea. | 1 means plea. 2 means nolo contendere. 3 means jury trial. 4 means bench trial. |
| BOOKERCD[3] | Determines whether and nature of any departure or variance. | 0 = Within Range<br>1 = Upward Departure<br>2 = Upward Departure w/Booker<br>3 = Above Range w/Booker<br>4 = Remaining Above Range<br>5 = 5K1.1/Substantial Assistance<br>6 = Early Disposition/5K3.1<br>7 = Government Sponsored - Below Range<br>8 = Downward Departure<br>9 = Downward Departure w/Booker<br>10 = Below Range w/Booker<br>11 = Remaining Below Range |
| SENTYR | Fiscal year sentence was imposed. |  |
| NWSTAT1-NWSTAT5 | The offenses of |  |

---

[3] The Commission renamed this variable to SENTRNGE in FY 2018 and changed the values. For consistency purposes and to allow for comparison to earlier fiscal years' datafiles, SSINC has recreated this variable by translating the new values reported at SENTRNGE to old values reported at BOOKERCD. Some minor fidelity in the data necessarily was reduced as a result.

```
John Wilson
Sentencing Data Analyses                                Page 6 of 14
August 13, 2023
```

| Variable | Definition | Note |
|---|---|---|
|  | conviction. |  |
| XFOLSOR | The final (or total) offense level as found by the Court. |  |
| XCRHISSR | The final criminal history category as found by the Court |  |
| AMENDYR | The version of the Guidelines Manual applied by the Court as identified by its year of publication. |  |
| DSPLEA | The type of disposition, i.e., specific manner of conviction. | 0 = Not Received<br>1 = Received<br>2 = Received Alternate Document<br>3 = Oral Plea Agreement<br>5 = Straight up Plea, No Agreement<br>8 = Trial<br>9 = Guilty Plea, Type Indeterminable |
| MWEIGHT | The marijuana weight equivalency, in grams, of all the drug types coded. |  |

John Wilson  
Sentencing Data Analyses  
August 13, 2023

Page **7** of **14**

## **Statistical Analyses of Sentencing Data**

6.   The Federal Judicial Center in conjunction with the U.S. Sentencing Commission recently created a "Judicial Sentencing INformation" [sic] Platform (JSIN).[4]  The JSIN "provides five years of cumulative data for people who were convicted of a similar or the same crime, have a similar criminal history, and have been convicted of an offense that falls under the same sentencing guideline."[5]   Several districts across the country have begun routinely incorporating the results of JSIN runs into PSRs including the District of Massachusetts.[6]

7.   Prior to the Court's resolution of objections to the PSR, Mr. Wilson's single count of conviction for violating 26 U.S.C. § 7206(1) is to be sentenced under USSG §2T1.1, with a Total Offense Level (TOL) of 14 in Criminal History Category (CHC) I with zero Criminal History Points. Mr. Wilson is not subject to any mandatory minimum or consecutive sentence.

---

[4] https://www.uscourts.gov/news/2023/01/25/judiciary-studies-use-online-tool-presentence-reports.

[5] *Id.*

[6] *Id.*

8. Running the JSIN for those sentenced under 2T1.1 with a TOL of 14 in CHC I who were not subject to a consecutive 24-month sentence pursuant to 18 U.S.C. § 1028A, resulted in the following textual output: "During the last five fiscal years (FY2018-2022), there were 14 defendants whose primary guideline was §2T1.1, with a Final Offense Level of 14 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. . . . For all 14 defendants in the cell, the average sentence imposed was 6 month(s) and the median sentence imposed was 0 month(s)." Additionally, the JSIN reports that only 13% received a within-range sentence, and 73% received a downward departure or variance.[7]

9. SSINC independently searched the Commission's datafiles from fiscal years 2018 through 2022 under the same parameters and identified 14 cases nationwide matching the criteria indicated in Paragraph 8. The bar chart immediately following

---

[7] These percentages are *inclusive* of offenders receiving departures pursuant to USSG §5K1.1.

John Wilson  
Sentencing Data Analyses  
August 13, 2023  
Page **9** of **14**

illustrates the number of sentences that fell within the specified ranges. For example, 8 (57.1%) of the 14 defendants received a sentence of a day (0.03 months) or less. Two (14.3%) defendants received a sentence greater than two months but not greater than six months, and so on. The average tax loss for these 14 defendants was $148,785. The average tax loss for the eight defendants who were sentenced to a day or less was $125,691.



John Wilson  
Sentencing Data Analyses  
August 13, 2023
Page **10** of **14**

10. The three highest sentences imposed on this group of defendants were two for 15 months and one for 36 months. The Commission does not publish case identifiers such as the name of the defendant.  Nevertheless, SSINC was able to cross-reference the case data for these three cases with publicly available dockets and identified these cases as follows:[8]

| USSCIDN | Def's Name | U.S. District Court | Docket No. | Date Sentenced | Sentence Imposed | USSG | CHC | TOL | Restitution/ Tax Loss |
|---|---|---|---|---|---|---|---|---|---|
| 2445811 | Robert Banos | New Mexico | 1:16cr1423 | 2/6/2018 | 15 mos. | 2T1.1 | 1 | 14 | $182,771.00 |
| 2462386 | Warren Gregory Belcher | Maryland | 1:17cr134 | 5/1/2018 | 15 mos. | 2T1.1 | 1 | 14 | $63,763.00 |
| 2504733 | Misty West | Western Tenn. | 2:17cr20132 | 11/27/2018 | 36 mos. | 2T1.1 | 1 | 14 | $490,974.00 |

11. As JSIN does not filter for the number of counts of conviction, the tax loss, nor the Criminal History Points assigned to the defendant, SSINC performed an additional analysis using the following criteria:

    a.   sentenced   nationwide   from   2018 through and including 2022,

    b.   under USSG §2T1.1,

---

[8] Exhibit A attached hereto contains additional information about each case as reported in the Commission's datafiles.

   c. convicted of a single tax fraud count,

   d. with a tax loss greater than $40,000 but not greater than $100,000,

   e. with zero criminal history points,

   f. not subject to any mandatory minimum or consecutive sentence, and

   g. who did not receive a 5K1.1.

12. There were 79 such individuals regardless of Total Offense Level (2 were at TOL 10, none at TOL 11, 55 at TOL 12, 16 at TOL 13, 1 at TOL 14, and 5 at TOL 15). The average sentence was 3.7 months and the median was zero months. As illustrated in the bar chart immediately following, the majority (43 or 54.4%) received a sentence of a day or less, and over 73% received a sentence of six months or less. The average tax loss for these 79 defendants was $72,489; the highest tax loss amount was $99,737. The average tax loss for those 43 defendants who received a sentence of a single day or less was $70,118; the highest tax loss amount remained $99,737.

```
John Wilson
Sentencing Data Analyses                                    Page 12 of 14
August 13, 2023
```



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 13, 2023

Mark H. Allenbaugh,
Chief Research Officer & Co-Founder
SentencingStats.com, Inc.

**Exhibit A**

| USSCIDN | Defendant Name | U.S. District Court | Docket No. | Date Sentenced | Sentence Imposed | No. of Counts | Guideline | Guideline Min. | Guideline Max | CHC | TOL | Any Crim History? | Crim. Hist. Points | Type of Variance | Citizen? | AGE | Race | Gender | Restitution/ Tax Loss | Fine | Primary Statute of Conviction | Term of Sup. Rel. | Stat. Max. | Stat. Min. | Acc. Resp. | Plea or Trial |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2445811 | Robert Banos | New Mexico | 1:16cr1423 | 2/6/2018 | 15 | 1 | 2T1.1 | 15 | 21 | 1 | 14 | No | 0 | No Variance | Yes | 46 | White | Male | $182,771.00 | $ - | 26 USC 7206(1) | 12 | 36 | 0 | -2 | Plea |
| 2462386 | Warren Gregory Belcher | Maryland | 1:17cr134 | 5/1/2018 | 15 | 7 | 2T1.1 | 15 | 21 | 1 | 14 | Yes | 0 | No Variance | Yes | 60 | White | Male | $ 63,763.00 | $ - | 26 USC 7212(a) | 12 | 252 | 0 | 0 | Trial |
| 2504733 | Misty West | Western Tenn. | 2:17cr20132 | 11/27/2018 | 36 | 3 | 2T1.1 | 15 | 21 | 1 | 14 | Yes | 0 | Upward Variance | Yes | 40 | White | Female | $490,974.00 | $ - | 26 USC 7206(1) | 36 | 108 | 0 | -2 | Plea |

```
John Wilson
Sentencing Data Analyses                         Page 13 of 14
August 13, 2023
```

## ALLENBAUGH BIOGRAPHY

Mark H. Allenbaugh, a sentencing and mitigation consultant, is a nationally recognized expert on federal sentencing matters.  He is a co-founder of SentencingStats.com, Inc., which provides attorneys and their clients with expert statistical analyses of data and trends reported by the U.S. Sentencing Commission, the Bureau of Prisons, the Bureau of Justice Statistics and other entities. Sentencing Stats, LLC has access to the U.S. Sentencing Commission's sentencing datafiles from 2002 to the present.  These datafiles contain thousands of variables for every defendant sentenced under the U.S. Sentencing Guidelines nationwide, which report pertinent information regarding the offender and the sentence imposed.  These data allow him to provide precise statistical and trend analyses for clients and counsel.

Mr. Allenbaugh holds three B.A.s from the University of Southern California in Philosophy, English, and Religion; an M.A. in Philosophy from Ohio University; and a J.D. from American University's Washington College of Law, where he served as an editor on the Law Review.  Mr. Allenbaugh also has completed coursework toward a Ph.D. in the History and Philosophy of Science at the University of Maryland, College Park.

Prior to entering the private sector, Mr. Allenbaugh served as a Staff Attorney for the U.S. Sentencing Commission.  He has published numerous articles on sentencing policy and criminal justice, which have been cited over 100 times in top U.S. law reviews and journals, and over a dozen times in published federal district and appellate opinions.  His published articles include:

*Supreme Court Must End Acquitted Conduct Sentencing*, Law360, July 19, 2023, https://www.law360.com/articles/1700307/supreme-court-must-end-acquitted-conduct-sentencing (co-author).

*Sentencing in Chaos: How Statistics Can Harmonize the "Discordant Symphony,"* 32 Fed. Sent. R. 128 (Feb. 2020)

```
John Wilson
Sentencing Data Analyses                              Page **14** of **14**
August 13, 2023
```

*Unwarranted Disparity: Effectively Using Statistics in Federal Sentencing*, The Criminal Law Reporter, 101 Cr.L. 71, (2017) (co-author)

<u>Caught in the Web of the Criminal Justice System</u>, "Tilting At Windmills, The Misplaced War on Child Pornography," ch. 6, 151-174 (2017) (Dubin, Lawrence J., & Horowitz, Emily eds.)(contributed chapter)

*Plea Bargain vs. Open Pleas: What the Data Reveal*, 31 White Collar Crime Rpt. 1 (2017) (co-author)

*The U.S. Sentencing Commission's 2017 Amendment Cycle: Acceptance of Responsibility and Relevant Conduct*, 12 White Collar Crime Rpt. 288 (2017) (co-author)

*"Drawn from Nowhere": A Review of the U.S. Sentencing Commission's White-Collar Sentencing Guidelines and Loss Data*, 26 Fed. Sent. R. 19 (2013)(cited as authority in *United States v. Musgrave*, 647 Fed. Appx. 529, 538 (6th Cir. 2016)).

*Federal Sentencing Tips*, 37 Champion 40 (2013)(co-author)

*Trends and Practice Tips for Representing Child Pornography Offenders at Sentencing*, 27 Crim. Justice 29 (2012)(co-author)

*At a "Loss" for Justice: Federal Sentencing for Economic Offices*, 25 Crim. Justice 22 (Winter 2011)(co-author)

<u>Sentencing, Sanctions, and Corrections: Federal and State Law, Policy, and Practice</u>, 2nd ed., Foundation Press (2002).