UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )  Criminal No.: 19-10080-LTS<br>)<br>JOHN WILSON,                 )<br>)<br>)<br>Defendant              ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR ENTRY OF DISMISSAL WITH PREJUDICE**

The government respectfully submits this opposition to defendant John Wilson's motion for entry of dismissal with prejudice. *See* Dkt. 2712. For the reasons set forth below, Wilson's motion should be denied, and the Court should grant leave for the government to dismiss the vacated counts without prejudice, as is customary, under Fed. R. Crim. P. 48(a). *See* Dkt. 2683.

**I.    BACKGROUND**

In October 2021, a jury convicted Wilson of conspiracy to commit mail fraud, wire fraud, and honest services mail and wire fraud (Count One); conspiracy to commit federal programs bribery (Count Two); wire fraud and honest services wire fraud (Counts Six, Eight, and Nine); federal programs bribery (Counts Eleven and Twelve); and tax fraud (Count Thirteen). Dkt. 2376. In February 2022, the district court imposed a 15-month sentence to run concurrently on all counts of conviction. Dkt. 2536.

In May 2023, the First Circuit Court of Appeals affirmed Wilson's conviction for tax fraud, and vacated and remanded his convictions on the remaining counts. Dkt. 2679. In June 2023, the government sought leave, pursuant to Fed. R. Crim. P. 48(a), to dismiss the vacated counts, and to proceed to re-sentencing on Wilson's conviction for tax fraud. Dkt. 2683. Wilson is scheduled to

be sentenced on September 14, 2023, and the applicable Guidelines Sentencing Range (as calculated by Probation and the government) is 15 to 21 months. *See* PSR at 93–95.

## II. APPLICABLE LAW

Federal Rule of Criminal Procedure 48(a) provides that the government may, "with leave of court," dismiss charges in an indictment. Fed. R. Crim. P. 48(a). As the First Circuit has explained, "[c]ustomarily[,] Rule 48(a) dismissals are without prejudice." *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994); *accord United States v. Flemmi*, 283 F. Supp. 2d 400, 409 (D. Mass. 2003) ("Dismissals sought by the government under Rule 48(a) are customarily without prejudice.").[1] "In most of the cases in which a trial court has [ordered] dismissal of an indictment with prejudice as a sanction for perceived prosecutorial misconduct or to achieve an outcome deemed just, the decision has been reversed on appeal." *Flemmi*, 283 F. Supp. 2d at 409. *See also United States v. Walsh*, 7 F.3d 1064, 1067 (1st Cir. 1993) (vacating dismissal of charges with prejudice and ordering that they be dismissed without prejudice).

Against that backdrop, a motion to dismiss without prejudice under Rule 48(a) "must" be granted "unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) (explaining that courts' discretion under Rule 48(a) is "not broad" and "revers[ing] the district court's order dismissing the indictment with prejudice and remand[ing] with instructions to modify the order to dismiss without prejudice")

---

[1] In addition to the First Circuit, "[s]everal circuits . . . have recognized that a dismissal pursuant to Rule 48(a) is generally without prejudice." *United States v. Rosenberg*, 108 F. Supp. 2d 191, 207 (S.D.N.Y. 2000) (collecting cases). *See also, e.g., United States v. Abdush-Shakur*, 314 F. App'x 97, 99 (10th Cir. 2008); *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974); *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973); *United States v. Chase*, 372 F.2d 453, 463–64 (4th Cir. 1967).

(citing *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)).  *See also United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995) ("In light of the history and purposes of Rule 48(a), we have closely scrutinized decisions to deny leave to dismiss [without prejudice] and have required district judges entertaining such requests to grant considerable deference to the prosecutor.").  Denials of Rule 48(a) motions to dismiss are exceedingly rare, and they are reserved for instances of prosecutorial bad faith, such as attempting to dismiss without prejudice based on dissatisfaction with an empaneled jury, or attempting to do so based on a prosecutor's acceptance of a bribe.  *See United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995); *United States v. Salinas*, 693 F.2d 348, 352–53 (5th Cir. 1982) (ordering dismissal with prejudice where government attempted to dismiss without prejudice following jury empanelment "in order to get a 'better' jury, a jury more to its liking").

Accordingly, absent "sufficient evidence to overcome the presumption that the government made the motion to dismiss the indictment in good faith," Rule 48(a) motions should be granted without prejudice.  *Salinas*, 693 F.2d at 353.  *See also United States v. Henderson*, 951 F. Supp. 2d 228, 231 & n.2 (D. Mass. 2013) (Woodlock, J.) (ordering indictment dismissed without prejudice and explaining that any arguments regarding government bad faith "can be addressed if necessary when and if the case is renewed").  Indeed, "the Supreme Court [has] explained that a defendant is not injured by the dismissal of an indictment without prejudice pursuant to Fed. R. Crim. P. 48(a)."  *United States v. Moller-Butcher*, 723 F.2d 189, 190–91 (1st Cir. 1983) (holding that "absent extraordinary circumstances, a defendant has no standing to appeal the dismissal of an indictment") (citing *Parr v. United States*, 351 U.S. 513, 517 (1956)).

### III. ARGUMENT

The Court should grant the government leave to dismiss the vacated counts without prejudice, as is customary for dismissals pursuant to Rule 48(a).  *See Raineri*, 42 F.3d at 43.  *See*

3

*also Walsh*, 7 F.3d at 1067 (vacating dismissal with prejudice and ordering that charges be dismissed without prejudice).

This Office seeks to dismiss the vacated counts against Wilson without prejudice after consideration of, among other factors, prosecutorial resources and an appropriate resolution of this case. Notably, the government's recommended sentence at re-sentencing (as well as its recommended sentence during his initial sentencing) is within the applicable Guidelines Sentencing Range for Count Thirteen. And Wilson's conduct underlying that count—which is appropriately considered at re-sentencing pursuant to Section 3553(a)—likewise gave rise to the vacated counts. *See, e.g.*, 18 U.S.C. § 3553(a)(1) (providing that "[t]he court, in determining the particular sentence to be imposed, shall consider--(1) the nature and circumstances of the offense and the history and characteristics of the defendant"); *see also* U.S.S.G. § 1B1.4 (providing that "the court may consider, without limitation, any information concerning the . . . conduct of the defendant"). Accordingly, this Office does not intend to re-try Wilson on the vacated counts. Further, there simply is no legal reason for the dismissal to be with prejudice. Indeed, the dismissal of counts recently entered with respect to Wilson's co-defendant, Gamal Abdelaziz, was identical to the dismissal the government seeks leave to enter here. *See United States v. Abdelaziz*, 19-cr-10080-NMG, Dkts. 2683, 2697.

Wilson, for his part, does not—because he cannot—offer *any* evidence of "bad faith" to "overcome the presumption that the government made the motion to dismiss [] in good faith." *Salinas*, 693 F.2d at 353. Indeed, his motion fails to identify a single specific fact suggesting that the government's actions are improper. Nor does he cite a single case in the First Circuit in which a court denied a government motion to dismiss without prejudice under Rule 48(a) and instead found bad faith justifying dismissal with prejudice. *See Flemmi*, 283 F. Supp. 2d at 411 (discussing

4

"reasons militating against such dismissals [with prejudice]"); *Henderson*, 951 F. Supp. 2d at 231 & n.2 (ordering indictment dismissed without prejudice and noting that an indictment "might" be dismissed with prejudice only where "prosecutorial misconduct is apparent when leave to dismiss is sought").

Instead, Wilson asserts only that he has "cause for concern with how the government has proceeded," purportedly because the government declined his invitation to provide a "reason for the dismissal." Dkt. 2712 at 2. But that is not evidence of anything, much less of bad faith—particularly where the case law is clear (and Wilson's counsel is plainly aware) that dismissals under Rule 48(a) are customarily without prejudice. Wilson's motion cites just two cases—one of which is inapposite, and the second of which supports dismissal *without* prejudice. In the first, *United States v. Cox*, the Fifth Circuit vacated an order by the district court holding the U.S. Attorney in contempt and ordering him jailed because he declined to return indictments authorized by the grand jury. *See* 342 F.2d 167, 171–72 (5th Cir. 1965). In so doing, the court compared courts' discretion to review a prosecutor's decision whether to sign an indictment (none) to courts' discretion to review a prosecutor's decision to dismiss charges under Rule 48(a) (limited to bad faith). *See id.* In the second case, *Doody*, the court granted the government's motion to dismiss charges without prejudice and rejected the defendant's request to dismiss them with prejudice. *See United States v. Doody*, 2002 WL 562644, at *5 (S.D.N.Y. Apr. 16, 2002). The court noted, among other things, the following:

> Although [Rule 48(a)] requires "leave of court," a court is generally required to grant a prosecutor's Rule 48(a) motion unless dismissal is clearly contrary to manifest public interest. The rationale behind this general rule is that the Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated.
>
> Dismissal pursuant to Rule 48(a) is generally without prejudice. Courts dismiss cases under Rule 48(a) with prejudice or deny such motions only where the

>prosecutor acted in "bad faith," or where dismissal followed by recharge would amount to prosecutorial harassment. In determining whether either of these factors are present, there is a presumption of good faith on the part of the prosecutor. . . .
>
>[But] there is no evidence of prosecutorial harassment. . . . *[T]here is no indication that the government has acted in bad faith. [Even] [d]ismissal followed by renewed prosecution, in and of itself, is not an indication of prosecutorial harassment. . . .*
>
>*In sum, defendant has produced no evidence that the government's Rule 48(a) motion was made in "bad faith" or is intended to harass the defendant.* Accordingly, the government's motion is granted and the Indictment is dismissed without prejudice.

*Id.* at *3–5 (citations omitted) (emphasis added). As in *Doody*—a case Wilson himself cites—Wilson has "produced no evidence" that the government's notice of dismissal was "in bad faith," *id.* Nor has he pointed to any bad faith conduct even approaching that which courts have found necessary to justify entering a dismissal with prejudice. *See Salinas*, 693 F.2d at 352–53 (ordering dismissal with prejudice where "reflection of the record is specific and dramatic" that government sought leave to dismiss because it "was simply displeased with the selected jury").

### IV.   CONCLUSION

For the foregoing reasons, the Court should grant leave for the government to dismiss the vacated charges without prejudice, *see* Dkt. 2683, and the defendant's motion to dismiss the charges with prejudice should be denied, *see* Dkt. 2712.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Ian J. Stearns*
    STEPHEN E. FRANK
    KRISTEN A. KEARNEY
    IAN J. STEARNS
    LESLIE A. WRIGHT
    Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                      */s/ Ian J. Stearns*
                                      IAN J. STEARNS
                                      Assistant United States Attorney