# Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN B. WILSON,<br><br>Defendant. | No. 1:19-cr-10080-LTS |

### DEFENDANT JOHN WILSON'S [PROPOSED] REPLY IN SUPPORT OF MOTION FOR ENTRY OF DISMISSAL WITH PREJUDICE

In its Opposition to Defendant John Wilson's Motion for Entry of Dismissal with Prejudice ("Opp'n"), the government represents to the Court that it "does not intend to re-try Wilson on the vacated counts." Opp'n at 4. But in the same breath, it opposes the motion and requests a dismissal of these counts without prejudice. *Id.* at 3-6. The government does not and cannot explain this incongruity. To state the obvious, there is simply no reason for the government to insist on a dismissal without prejudice if it is not going to re-try the case.

But the government's true intentions are transparent. Contrary to its representation that it will not re-try the case, it is clear that the government wants to play out Mr. Wilson's upcoming sentencing first, and *only then* decide whether to pursue a new trial on the vacated counts. Indeed, the government acknowledges that its decision to seek dismissal was based on its "consideration of . . . prosecutorial resources and an appropriate resolution of this case." Opp'n at 4.

Translation: the government will not re-try the vacated counts if Mr. Wilson's sentencing results in what it deems an "appropriate resolution of the case," i.e., a sentence it likes, and the government reserves the right to re-try the vacated counts if it is not satisfied with the Court's sentencing decision. At the very least, the government will allow the specter of a new indictment

to hang over the heads of Mr. Wilson and his family for an indefinite period. The reason (improper as it is) for this tactic is simple: the government wants to assess the Court's sentencing on the tax count before committing to re-trying the vacated counts because it knows how weak its case would be following the First Circuit's overwhelming rejection of the legal theories the government posited at Mr. Wilson's first trial. The fact that, after this four-plus-year case, the lingering uncertainty will create a disruptive threat and future source of anxiety to the Wilson family, is of no consequence to the government.[1]

As Judge Talwani observed at a prior Varsity Blues sentencing, this is not the first time the government has had the impudence to use or threaten a charging decision to countermand a court's sentencing decision:

> I think what you're saying here is the Government has a view of what the sentence should be. And so rather than saying, "This is the crime we're charging and this is—now, Judge, what do you think is the appropriate sentence?" what it sort of feels like has happened in this case is that the Government says, "We're the ones who are getting to decide what the appropriate sentencing range is. And if you won't agree with our calculation of it, we're not going to appeal you to the First Circuit," which you certainly had every right to do every step of the way. Instead, what you're saying is, "We'll just keep charging it differently."

*United States v. Salcedo*, No. 19-CR-10081-IT (D. Mass. Mar. 19, 2021), ECF No. 562, Sentencing Tr. at 24.

This Court should put an immediate end to these harassing and gratuitous tactics. In a case the government cites repeatedly, *United States v. Salinas*, 693 F.2d 348 (5th Cir. 1982), the court held that a Rule 48(a) dismissal should have been with prejudice where the government dismissed the case after jury selection, but before the jury was sworn, because the prosecutor was unhappy with the makeup of the jury. Although the government cites this case as an example of

---

[1] Mr. Wilson has sought leave to file under seal a statement concerning the effect of the government's unreasonable conduct with respect to this motion and the vacated counts.

prosecutorial bad faith not present here, Opp'n at 6, *Salinas* actually supports Mr. Wilson's position. The court there found the dismissal without prejudice "inadequate and improper" because "the Government used Rule 48(a) to gain a position of advantage or 'to escape from a position of less advantage in which the Government found itself as the result of its own election.'" *Salinas*, 693 F.2d at 353 (quoting *Parr v. United States*, 225 F.2d 329, 337 (5th Cir. 1955) (Cameron, J., dissenting)). This is exactly what the government is doing here: it wants a dismissal without prejudice to improperly "gain a position of advantage or to escape from a position of less advantage," *id.* (quotation marks omitted), specifically, to reserve a second bite at the apple if it fails to obtain the punishment it wants at sentencing. Thus, as in *Salinas*, the government seeks to unfairly leverage Rule 48(a) in order to get a do-over *after* it sees the outcome of court proceedings (here, sentencing; in *Salinas*, jury selection). Only a dismissal with prejudice will protect Mr. Wilson from this abuse of Rule 48(a).

The government's citation to *United States v. Raineri*, 42 F.3d 36 (1st Cir. 1994), is similarly puzzling. In that case, the defendant pleaded guilty to counts 14, 24, and 28 of an indictment. *Id.* at 38. The defendant thereafter sought to withdraw his plea on several grounds, including that the court misstated the penalties for count 28 during the Rule 11 hearing. *Id.* at 39. The government sought a dismissal of count 28 to "remedy any possible defects." *Id.* The court dismissed count 28 under Rule 48(a) and denied the motion to withdraw plea. *Id.*

The defendant argued on appeal that the court lacked authority to dismiss a count to which he had pleaded guilty, and further contended that "the wrongful dismissal undercut the plea agreement and that he was entitled on that ground to withdraw his guilty plea." *Id.* at 42. The First Circuit expressed concern that the dismissal of count 28 did not specify that it was *with* prejudice:

> Surprisingly, Raineri's counsel does not urge this defect, possibly for fear of conceding that Raineri could be reprosecuted on count 28. *But we think that the*

3

> *issue is so patent, and the threat of unfairness to Raineri is so severe, that the matter would raise a "plain error" issue, even if it were not intimately related to the Rule 48(a) issue raised by Raineri.*

*Id.* at 43 (citation omitted) (emphasis added). The court ultimately vacated the judgment and remanded for the government to make a choice: either consent to a dismissal with prejudice of count 28, or allow the defendant to withdraw his guilty plea. *Id.* at 45.

Mr. Wilson seeks to avoid a similar "unfairness," *id.* at 43, in which the government here seeks to litigate this case to completion before deciding whether to re-try the dismissed counts. The Court should not acquiesce in the government's harassing and unfair tactics when the government had every opportunity to re-try the dismissed charges if it wanted to following the First Circuit's remand, and instead invoked Rule 48(a) to try to gain an improper and unjust advantage. *See Salinas*, 693 F.2d at 353. Additionally, the government's position would leave this case open for retrial for a prolonged period even after sentencing. After four and a half years, it is time to bring this case to a conclusion.

DATED: August 28, 2023

Respectfully submitted:

*Counsel for John Wilson*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Lauren Papenhausen (BBO # 655527)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
lauren.papenhausen@whitecase.com

Andrew E. Tomback (pro hac vice)
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100

5